KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>  Plaintiffs,<br><br>  vs.<br><br>UNIVERSAL CITY STUDIOS LLC,<br><br>  Defendant. | Case No. 22-cv-00459-SVW-AGR<br><br>**DECLARATION OF KELLY M. KLAUS IN SUPPORT OF STIPULATION RE: TIME FOR DEFENDANT TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>Judge:   Hon. Stephen V. Wilson<br><br>First Am. Compl Filed:  March 24, 2022<br>Current Response Date:  April 7, 2022<br>Requested Response Date:  May 5, 2022<br><br>[Filed concurrently:  Stipulation; [Proposed] Order |

I, Kelly M. Klaus, hereby declare:

1. I am admitted to practice before all of the Federal and State courts in the State of California, including the United States District Court for the Central District of California. I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel for Defendant Universal City Studios LLC ("Universal" or "Defendant") in the above-captioned matter. I submit this declaration in support of the parties' Stipulation Re: Time for Defendant to Respond to First Amended Complaint. The contents of this declaration are based on my personal knowledge. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. Plaintiffs filed their Complaint in this Court on January 21, 2022. ECF No. 1.

3. On March 16, 2022, pursuant to an agreement with Plaintiffs' counsel, I accepted service of the Complaint on behalf of Defendant. ECF No. 16. During our discussion about accepting service of the Complaint, Plaintiffs' counsel informed me that they intended to file a First Amendment Complaint and would likely do so before the time for Defendant to answer or otherwise respond to the original Complaint. I told Plaintiffs' counsel that I would accept service of the original Complaint, but asked for their agreement that once they had filed a First Amendment Complaint, Plaintiffs would agree that Defendant would have at least 30 days to respond to that complaint; or, if Defendant believed they needed a short amount of time beyond that, to such additional extension of time. Plaintiffs' counsel told me they would agree to a minimum of 30 days and would also consider a request for a reasonable extension of time beyond that if Defendant believed that was necessary.

4. Plaintiffs filed their First Amended Complaint on March 24, 2022.

5. Under the provisions of Fed. R. Civ. P. 15(a)(3), the time for Defendant to answer or otherwise respond to the First Amended Complaint is April 7, 2022.

6. Thirty days from service of the First Amended Complaint would put Defendant's response date at April 25, 2022.

7. Upon reviewing the First Amended Complaint and checking the schedules of other lawyers working on this case with me, I requested that Plaintiffs agree to stipulate to give Defendant 10 days beyond the April 25, 2022 date, i.e., through and including May 5, 2022, within which to answer or otherwise respond to the First Amended Complaint. I based that request on the following facts, which I believe establish good cause for Defendant's requested extension of the response deadline.

8. First, the First Amended Complaint is a lengthy pleading, with 93 paragraphs of factual allegations and seven different causes of action, arising under various statutes and common law doctrines under the laws of the States of California and Maryland. Defendant needs additional time to analyze all of these matters, determine whether to file a motion at the pleading stage, and fully research and draft its response.

9. Second, I and other of my colleagues have conflicts that would make it difficult to finalize and file Defendant's response before May 5, 2022. I will be out of the office for a previously scheduled trip with my family during the immediately preceding week of April 18, 2022. One of my colleagues who will be working on Defendant's response, Benjamin G. Barokh, will be out of the office most of the week of April 25, 2022. And another of my colleagues on this matter, Bethany Kristovich, has preexisting work travel and conflicting case engagements the week of April 18, 2022, and is preparing for a trial that starts May 4, 2022.

10. The extension that Defendant has requested through the Stipulation and [Proposed] Order will not affect any other case management dates or deadlines.

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the United States that the |
| 2 | foregoing is true and correct and that I executed this declaration this fifth day of |
| 3 | April 2022 at San Francisco, California. |

                                        */s/ Kelly M. Klaus*
                                        Kelly M. Klaus