1  CODY R. LEJEUNE (CSB No. 249242)
2  cody@lejeunelawfirm.com
   **LEJEUNE LAW, P.C.**
3  445 S. Figueroa St.
   Suite 3100
4  Los Angeles, CA 90071
5  Telephone: (985) 713-4964

6  MATTHEW A. PEQUIGNOT (admitted pro hac vice)
7  mpequignot@mpiplaw.com
   **PEQUIGNOT + MYERS**
8  2585 Ala Namahana Pkwy, #1007
9  Kilauea, HI 96754
   Telephone: 202-328-1200
10
11 Attorneys for Plaintiffs
   CONOR WOULFE, an individual, and PETER
12 MICHAEL ROSZA, an individual
13

14            **UNITED STATES DISTRICT COURT**

15            **CENTRAL DISTRICT OF CALIFORNIA**

16

17 CONOR WOULFE, an individual, and          Case No.:  2:22-cv-00459-SVW-AGR
   PETER MICHAEL ROSZA, an
18 individual,                                **EX PARTE APPLICATION FOR
                                              LEAVE TO FILE A SECOND
19            Plaintiff,                       AMENDED COMPLAINT**

20      v.

21 UNIVERSAL CITY STUDIOS LLC,
   d.b.a., UNIVERSAL PICTURES, a
22 California limited liability company; and
   DOES 1-20, inclusive,
23

24
             Defendant,
25

26

27

28

**TO THIS HONORABLE COURT, THE PARTIES, AND THE ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT,** Plaintiffs Conor Woulfe and Peter Michael Rosza ("Plaintiffs") submit this *ex parte* application to grant Plaintiffs leave to file a Second Amended Complaint ("SAC"), which would result in the continued deadline for Defendant Universal City Studios LLC, d.b.a. Universal Pictures ("Defendant") to respond to Plaintiffs' First Amended Complaint ("FAC") and for Plaintiffs to respond to any motion(s) by Defendant that addresses the FAC.

Pursuant to Civil L.R. 7-3, the parties held a telephonic meet and confer on Wednesday, April 28, 2022, and also exchanged several emails from April 22 – May 3, to discuss Defendant's response to the FAC. *See* Declaration of Cody R. LeJeune in Support of Plaintiffs' Ex Parte Application for Leave to File a Second Amended Complaint ("LeJeune Decl."), ¶ 2, Ex. A.

On May 2, in response to issues raised during the parties' meet and confer discussions, Plaintiffs' counsel sought consent from Defendant's counsel to file a SAC. LeJeune Decl., ¶ 2, Ex. A, at 5-6. Plaintiff's counsel reasoned that the SAC would address the alleged deficiencies in the FAC raised by Defendant's counsel during the parties' meet-and-confer discussions. *Id*. In the same email communication on May 2, Plaintiff's counsel also informed Defendant's counsel that, if Defendant did not consent to Plaintiff filing a SAC, then Plaintiffs would file an *ex parte* application with the Court requesting leave to file a SAC given the time restraints and Plaintiff's inability to comply with the motion rules. *Id*.

On May 3, Plaintiffs' counsel also attempted to meet and confer telephonically with Defendant's counsel, but did not receive calls responsive to Plaintiffs' counsel's voicemails. LeJeune Decl., ¶ 3. However, Defendant's counsel communicated via email that it did not consent to Plaintiffs filing a SAC and that it would oppose this *ex parte*

1    application. LeJeune Decl., ¶ 2, Ex. A, at 1-3.

2

3                                    Respectfully submitted,
                                     **LEJEUNE LAW, P.C.**
4
     Dated: May 4, 2022              By:    /s/ Cody R. LeJeune
5
6                                    Cody R. LeJeune
                                     445 S. Figueroa St.
7                                    Suite 3100
                                     Los Angeles, CA 90071
8                                    Telephone: (985) 713-4964
9
10
                                     **PEQUIGNOT + MYERS**
11                                   Matthew A. Pequignot
                                     PEQUIGNOT + MYERS
12                                   2585 Ala Namahana Pkwy, #1007
                                     Kilauea, HI 96754
13                                   Telephone: 202-328-1200
14
15
16
17                                   Attorneys for Plaintiffs
18                                   CONOR WOULFE, an individual, and PETER
                                     MICHAEL ROSZA, an individual
19
20
21
22
23
24
25
26
27                                            2
                      EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
28                                                                      2:22-cv-00459-SVW-AGR

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs seek to amend their FAC, which Defendant opposes. Defendant's response to the FAC is due on May 5, and a regularly noticed Motion for leave to file a SAC would be heard in 28-35 days. As such, this *ex parte* application is necessary.

Plaintiffs' proposed SAC is attached in redline format. *See* LeJeune Decl., ¶ 4, Ex. B. Upon the Court granting Plaintiffs leave to amend, Plaintiffs will promptly file a clean, non-redlined version of the SAC.

## I.    LEGAL STANDARD

Filing an *ex parte* application is justified when, as applicable here, a party seeks a procedural order that cannot reasonably be obtained through a regularly  noticed motion. See *Horne v. Wells Fargo Bank, N.A.*, 969 F.Supp.2d 1203, 1205 (C.D. Cal. 2013). Plaintiffs will be "irreparably prejudiced" if its motion to amend the Complaint were to be heard according to regular noticed motion procedures since a motion to amend would not be heard until after the Cross-Motion briefing had already taken place. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). The need for this *ex parte* relief is not through any fault of Plaintiffs. *Id.* One of the purposes of Local Rule 7-3 is so that a party can choose to amend the pleadings, rather than burden the Court with motion practice, to address alleged deficiencies in the factual or legal allegations. Indeed, after consideration of the issues raised by Defendant during the April 28th conference,  Plaintiffs sought a stipulation to this effect so as to avoid the need for motion practice, which Defendant refused. LeJeune Decl., ¶ 2, Ex. A, at 1-3.

"The Supreme Court and the Ninth Circuit have repeatedly reaffirmed that leave to amend is to be granted with 'extreme liberality.'" *Martinez v. Optimus Properties, LLC*,

217CV03581SVWMRW, 2018 WL 6039860, at *3 (C.D. Cal. Mar. 7, 2018); quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

## II. PLAINTIFFS' REQUEST FOR LEAVE TO FILE THE SAC SHOULD BE GRANTED

Absent written consent from the opposing party, which Defendant refused to give, Rule 15(a)(2) instructs the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality"); *see also Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (same).

Under Fed. R. Civ. P. 15(a), the Court considers five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether a plaintiff has already amended the complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Ultimately, the decision to grant leave to amend is within the sound discretion of the court. *See Rich v. Shrader*, 23 F.3d 1205, 1208 (9th Cir. 2016). The court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987).

Though Defendant did not consent to Plaintiffs' request to file a SAC, they were unable to provide a justification – only that their client did not consent. Indeed, Defendant did not allege that Plaintiffs were acting in bad faith, that their actions were the result of

undue delay, or that they would suffer any prejudice by allowing Plaintiffs to file their SAC. Instead, Defendant simply stated that a forthcoming motion would show that amendment would be futile. Defendant's conclusion, however, was not supported by facts or law.

Accordingly, the Court should grant Plaintiffs leave to file a SAC.

**A. There has Been No Delay by Plaintiffs in Seeking to Amend the Complaint**

In this case, Defendant has not yet responded to Plaintiffs' FAC, there is no court schedule, and discovery has not begun. Defendant only recently communicated alleged deficiencies regarding the FAC to Plaintiffs – on April 22 via a short email and crystallized in a telephonic meet and confer on April 28. Even during the telephonic conference, Defendant's proposal to combine anti-SLAPP and Rule 12(b)(6) motions, with differing and potentially conflicting legal standards, was the primary topic of discussion. Nevertheless, after the conference call was concluded, Plaintiffs diligently explored Defendant's remaining allegations independently, and on May 2, Plaintiffs acted further diligently by requesting consent from Defendant to file a SAC that would alleviate some, if not all, of Defendant's alleged deficiencies with the FAC.

Nevertheless, and despite the "extreme liberality" with which courts review requests to amend pleadings, Defendant refused to stipulate to Plaintiffs' SAC on May 3, making this application necessary. Thus, Plaintiffs filed this *ex parte* application only one (1) day after learning that Defendants would not consent to Plaintiffs filing the SAC.

Because there has been no undue delay, this factor weighs heavily in favor of allowing Plaintiffs leave to amend.

**B. Plaintiffs' Request to Amend the Complaint is Not Made in Bad Faith and Is Not Prejudicial to Defendant**

Under Rule 15(a), "absent prejudice, or a strong showing of any of the remaining factors," there is a presumption in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice must be substantial

to justify denial of leave to amend. *Morongo Band of Mission Indians*, *supra*, 893 F.2d at 1079 (9th Cir. 1990). The consideration of prejudice to the opposing party "carries the greatest weight." *Eminence Capital*, *supra*, 316 F.3d at 1052. The party opposing amendment bears the burden of showing prejudice, which is the "touchstone of the inquiry under Rule 15(a)." *Eminence Capital, supra*, 316 F.3d at 1052.

Defendant has not contended that Plaintiffs seek to amend the complaint in bad faith, or that Defendant will be prejudiced if it is permitted. And for good reason - Defendant has no reasonable basis to assert prejudice, particularly when the SAC does not add any new theories of liability, and Defendant has not yet even responded to the FAC – much less conducted discovery. Further, Plaintiffs would normally be permitted to amend the complaint as a matter of right, and only lost this right by amending the original complaint for the sole purpose of complying with the California Consumers Legal Remedies Act ("CLRA") notice provisions, which required that Plaintiffs' CLRA claims be added no earlier than 30 days after written notice. *See* Cal. Civ. Code § 1782(a).

Defendant will not suffer any prejudice if Plaintiffs are allowed to file the SAC so this factor too weighs heavily in favor of allowing Plaintiffs leave to amend their FAC.

**C. Plaintiff's Proposed Amendment to the Complaint is Not Futile**

A proposed amendment "is futile only if no set of facts can be proved under the amendment that would constitute a valid claim." *In re Circuit Breaker Litigation,* 175 F.R.D. 547, 551 (C.D. Cal. 1997). In responding to Plaintiffs' request for consent to amend, Defendant only alleges that amendment would be futile. Defendant's conclusory statement, made without access to Plaintiffs' proposed amended pleading, is not supported by factual or legal analysis.

Here, Plaintiffs' amendments in the SAC address Defendants' alleged deficiencies contained in the FAC and decrease the amount of work to be done by the Court in deciding any forthcoming motions. If the facts underlying Plaintiffs' claims are shown, then

Plaintiffs' claims would be valid, which directly rebuts Defendant's claim that amendment would be futile.

As but one example, Defendants allege that Plaintiffs' claims for violations under California's consumer protection statutes fail because, "the Yesterday trailer is noncommercial speech[.]" LeJeune Decl.,  ¶ 2, Ex. A, at 9-10. To address Defendant's allegation, Plaintiffs added factual detail to the SAC showing that Defendant's trailer advertisements of the movie *Yesterday* are used on Defendant's website to solicit ticket sales; are used by affiliated and co-owned digital video store VUDU to solicit electronic movie sales; that the Federal Trade Commission ("FTC"), Congress, and movie studios view trailers as commercial advertising (as evinced by FTC reports and Congressional testimony); and to include the definition of advertising, which includes movie trailers, as published by the Motion Picture Association, Inc. (of which Defendant is a member). LeJeune Decl., ¶ 4, Ex. B, at ¶25, 91-95.

Accordingly, because Plaintiffs' amendments, if proved, would constitute a valid claim, Plaintiffs' amendments are not futile.

**D. Plaintiffs' Have Only Amended Once**

Though Plaintiffs have already amended their complaint, they only did so to add claims for violation of the California Consumer Legal Remedies Act ("CLRA"). Plaintiffs did so on their own and not in response to any alleged deficiencies by Defendant. The SAC is the first attempt by Plaintiffs to address Defendant's alleged deficiencies, and Plaintiffs do so in a good faith effort to reduce the burden on Defendant and the Court.

**III.   CONCLUSION**

Based on the foregoing reasons, the Court should grant the *ex parte* application and allow Plaintiffs to file their SAC. As a result, the Court should continue the deadline for Defendant to respond to the FAC and for Plaintiffs to respond to any motion(s) by

EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
2:22-cv-00459-SVW-AGR

Defendant that addresses the FAC.

Pursuant to Civ. L.R. 7-19, counsel for the opposing party is set forth below:

Kelly M. Klaus
Kelly.klaus@mto.com
Munger, Tolles & Olson LLP
560 Mission Street
San Francisco, CA 94105
Tel: 415-512-4017

Respectfully submitted,

**LEJEUNE LAW, P.C.**

Dated: May 4, 2022

By:   /s/ Cody R. LeJeune

Cody R. LeJeune

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

**PEQUIGNOT + MYERS**
Matthew A. Pequignot
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, I filed the foregoing using the Court's ECF system, which served a copy of the foregoing to all counsel of record.

Dated: May 4, 2022

*/s/Cody R. LeJeune*
Cody R. LeJeune

EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

2:22-cv-00459-SVW-AGR