# Exhibit A

| | |
|---|---|
| **Subject:** | Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR |
| **Date:** | Tuesday, May 3, 2022 at 1:18:18 PM Pacific Daylight Time |
| **From:** | Matthew Pequignot |
| **To:** | Klaus, Kelly |
| **CC:** | Davis Fisher, Grace, Cody LeJeune, Kristovich, Bethany, Barokh, Benjamin |
| **Attachments:** | image001.png, image002.png |

Hi Kelly –

I only have a moment right now, but I will simply remind that the entire purpose of Rule 7-3 is to attempt to obviate unnecessary motions (e.g., by giving a plaintiff a chance, outside of motion practice, to address alleged deficiencies in a pleading). We are attempting to do that, and Universal's failure to consent is ensuring wasted effort on behalf of both of the parties (and the Court). It is also necessitating the ex parte application, since the relief cannot be timely obtained using another rule.

We will follow up about the rest. Obviously there are new issues presented here which will take some consideration and require consultation with our clients.

Matthew A. Pequignot
Pequignot + Myers
t. 202.328.1200
f. 202.328.2219
[www.pmiplaw.com](www.pmiplaw.com)

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

---

**From:** "Klaus, Kelly" <Kelly.Klaus@mto.com>
**Date:** Tuesday, May 3, 2022 at 9:40 AM
**To:** Matthew Pequignot <mpequignot@pmiplaw.com>
**Cc:** "Davis Fisher, Grace" <Grace.DavisFisher@mto.com>, Cody LeJeune <cody@lejeunelawfirm.com>, "Kristovich, Bethany" <Bethany.Kristovich@mto.com>, "Barokh, Benjamin" <Benjamin.Barokh@mto.com>
**Subject:** RE: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Matt –

Thanks for getting back to me. I have had the chance to discuss with my client Plaintiffs' request that Universal consent to the filing of a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). Universal does not consent to the filing of a second amended complaint.

Plaintiffs of course have the right to file a motion for leave to file a second amended complaint.  In the circumstances here, Universal does not believe such a motion would be well-taken.  Universal's positon is that briefing and consideration of any such motion should be deferred, at a minimum, until after the Court resolves Universal's (1) special motion, pursuant to the anti-SLAPP statute, to strike and (2) motion to dismiss the first amended complaint.  That motion is due by this Thursday, May 5, 2022.  Universal believes that its combined motion will show that any amendment would be futile and that Plaintiffs should not be granted leave to amend.  If the Court agrees with Universal's position, that would moot Plaintiffs' motion for leave to file a second amended complaint.

I understand from your email below that Plaintiffs intend to allege that statements made on the VUDU platform represent that Ana de Armas appears in the final cut of *Yesterday*.  We are looking into that assertion, but we do not see how that allegation can assist Plaintiffs.  Plaintiffs already have filed two versions of their complaint, and they have never alleged that they saw such a statement on VUDU before allegedly paying to watch the movie on an entirely different platform for streaming movies, namely, Amazon Prime.  Indeed, it appears that the first time Plaintiffs made any such contention about VUDU was after the Civil L.R. 7-3 email and telephonic conference of counsel in which we explained to you the basis for Universal's motion, including the fact that Plaintiffs do not and cannot allege the trailer that they say they viewed and that caused them to pay to watch *Yesterday* on Amazon Prime represented that de Armas was in *Yesterday*.  First Am. Compl. ¶¶ 7, 10.  An allegation that there is such a statement on a different platform, when it appears Plaintiffs never viewed such a statement (and, it appears, their lawyers say they did not view the statement until within the last several days) would not assist Plaintiffs.  In order to have Article III standing to assert a claim based on an alleged misrepresentation, a plaintiff must plausibly allege they actually relied on the allegedly misleading statement in making their purchasing decision.  Without such an allegation, the plaintiff cannot show, as Article III requires, that the plaintiff's alleged injury was caused by the allegedly misleading statement.  *See, e.g., Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1005 (N.D. Cal. 2020).  Given the background as to how this new allegation has come to light, we have serious doubts whether such an allegation could be made consistent with the requirements of Rule 11.

As I said above, we do not contest Plaintiffs' right to file a motion for leave to file a second amended complaint.  We respectfully suggest that it would be more appropriate for Plaintiffs to review Universal's forthcoming motion and make any arguments Plaintiffs have about how they could further amend their complaint in

opposition to Universal's motion. In all events, we do not believe that there are extraordinary circumstances, as the Court's rules require, for requesting leave to file an amended complaint by way of an ex parte motion. *See* Judge Wilson's Rules on Law and Motion ¶ 5 https://www.cacd.uscourts.gov/honorable-stephen-v-wilson. If Plaintiffs proceed to file an ex parte application, we would appreciate it if you would inform the Court that Universal will file a written opposition and that you attach this email to your papers.

Two other matters I would like to call to your attention:

1. You have not responded to our request to enter into a stipulation on the page limits for Universal's combined motion and a briefing schedule on that motion. Grace sent the proposed documents on this stipulation to you last Friday, and I am re-attaching them to this email. I understand that Plaintiffs do not want to enter into a stipulation that waives their right to file a motion for leave to amend. If you would like, we would be pleased to add to the papers a statement that nothing in the stipulation or proposed order affects Plaintiffs' right to file a motion for leave to amend. We would prefer to have a stipulation on the page limits. If Plaintiffs will not agree to stipulate to the page-limits extension, we will have to file an ex parte application seeking that relief from the Court. That application will have to explain all of the circumstances that necessitate seeking such relief, which we believe parties should agree to as a matter of course where there is no prejudice to Plaintiffs. Please let us know your position on this as soon as possible.

2. Your email below states that Plaintiffs believe they will need to name Comcast as a defendant in their proposed second amended complaint, based on the view that Comcast is a part owner of Fandango. Please be advised that it is NBCUniversal Media, LLC, not Comcast, that is the part owner of Fandango. To be clear, we do not believe there is any basis to name NBC Universal Media, LLC as a defendant in this case, but I wanted you to know the correct entity information.

Thank you for your courtesy in connection with this matter.

Best,
Kelly

---

**From:** Matthew Pequignot <mpequignot@pmiplaw.com>
**Sent:** Tuesday, May 03, 2022 10:40 AM
**To:** Klaus, Kelly <Kelly.Klaus@mto.com>

**Cc:** Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Cody LeJeune <cody@lejeunelawfirm.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Kelly -

We would be asking for leave to file an amended complaint.

Sent from my iPhone

> On May 3, 2022, at 7:25 AM, Klaus, Kelly <Kelly.Klaus@mto.com> wrote:
>
> Hi Matt –
>
> I am checking with my clients and will get back to you as soon as I can. I want to be sure I understand the ex parte you are describing: if Universal does not stipulate that Plaintiffs may file a second amended complaint, what relief would you be asking the Court to order?
>
> As I said, I will get back to you with Universal's response as soon as I'm able to do so.
>
> Best,
> Kelly
>
>
> **From:** Matthew Pequignot <mpequignot@pmiplaw.com>
> **Sent:** Monday, May 02, 2022 8:54 PM
> **To:** Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Cody LeJeune <cody@lejeunelawfirm.com>
> **Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
> **Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR
>
> Counsel –
>
> As a follow-up to below, please let us know by noon PST on May 3rd if Defendant consents. Although we would strongly prefer to file the amended complaint with defendant's consent, we are writing to let you know that if we can't reach agreement, we plan to file with an ex parte application for leave given the time constraints, and corresponding inability to comply with the normal motion rules. I'm still verifying the local rule requirements, but that may mean that we file as early as tomorrow but at least no later than May 4th.
>
> One of us will also attempt to call you in the morning (unless you write back earlier to signify consent).
>
> Thanks!
>
> Matt

Matthew A. Pequignot
Pequignot + Myers
t. 202.328.1200
f. 202.328.2219
[www.pmiplaw.com](www.pmiplaw.com)

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

---

**From:** Matthew Pequignot <[mpequignot@pmiplaw.com](mpequignot@pmiplaw.com)>
**Date:** Monday, May 2, 2022 at 11:38 AM
**To:** "Davis Fisher, Grace" <[Grace.DavisFisher@mto.com](Grace.DavisFisher@mto.com)>, Cody LeJeune <[cody@lejeunelawfirm.com](cody@lejeunelawfirm.com)>
**Cc:** "Klaus, Kelly" <[Kelly.Klaus@mto.com](Kelly.Klaus@mto.com)>, "Kristovich, Bethany" <[Bethany.Kristovich@mto.com](Bethany.Kristovich@mto.com)>, "Barokh, Benjamin" <[Benjamin.Barokh@mto.com](Benjamin.Barokh@mto.com)>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Grace and Bethany –

Thank you for the email below. Once again, it was nice meeting you both during the Rule 7-3 conference. Moreover, thank you for the agreement below pertaining to a proposed briefing schedule.

Having considered all of the issues discussed in our call further (and also as presented in Kelly's email, as best as we understand it), Plaintiffs would like Universal's agreement that Plaintiffs will file an amended complaint now (instead of waiting and burdening the court with two motions). Although we do not agree on many issues, such as the commercial purpose of the trailer, Plaintiffs would like to amend the complaint to include additional factual allegations so that the issues in question are more clear for the Court to consider. For example, Universal's webpage featuring the trailer offers (or offered) tickets to the movie for sale on Fandango (which is owned by Universal's parent Comcast). Touching on the issue of affirmative representations (also discussed in our call), the VUDU platform expressly states that Ana De Armas is in the movie as well as produces the movie Yesterday as a search result when searching for Ana De Arma's name. VUDU, like Fandango, is also owned by Comcast (and sells and rents the movie to consumers). On the issue of goods, Plaintiffs would like to add factual detail pertaining to Defendant's DVD sales, in addition to likely pleading any other recited goods/services with greater particularity. For sake of clarity, this is not an exhaustive list, and Plaintiffs are also considering whether Comcast itself need be named as a co-defendant.

This proposal is by no means a concession that Plaintiff's current pleadings are deficient in any way. However, particularly because Plaintiffs likely need to add Comcast to the case, it seems most efficient for Plaintiffs to address all of these issues now, rather than later. Normally plaintiffs can file an amended complaint as a matter of right, and we don't believe that Plaintiffs' earlier amendment – at least in concept – exhausted that right as it mostly addressed the notice issue period for CLRA claims. Nevertheless, we are hopeful that the parties can reach an amicable agreement on this point despite any rule questions that might exist.

In answer to your question below, we would likely append the FTC and related documents to any new complaint, but if we don't, we will simply send them over.

Lastly, just so that there is a clear record, I am also writing to memorialize that, during the Rule 7-3 conference, Plaintiffs contended that combining an anti-SLAPP motion and MTD was possibly improper or prejudicial. Defendant disagreed while also contending that any anti-SLAPP issues raised would be legal and not factual (with Plaintiffs contending that some of the issues identified were instead factual). In short, Plaintiffs have not

waived any right to oppose the motion for these reasons, despite any agreement about page limits (which is hopefully a moot point for now in view of above).

Please let us know as soon as possible if Defendant will agree to Plaintiffs' filing of an amended complaint in lieu of Defendant's currently planned motion.

Thanks and let me know if you have questions.

Matt

Matthew A. Pequignot
Pequignot + Myers
t. 202.328.1200
f. 202.328.2219
[www.pmiplaw.com](www.pmiplaw.com)

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

---

**From:** "Davis Fisher, Grace" <Grace.DavisFisher@mto.com>
**Date:** Friday, April 29, 2022 at 2:20 PM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>, Matthew Pequignot <mpequignot@pmiplaw.com>
**Cc:** "Klaus, Kelly" <Kelly.Klaus@mto.com>, "Kristovich, Bethany" <Bethany.Kristovich@mto.com>, "Barokh, Benjamin" <Benjamin.Barokh@mto.com>
**Subject:** RE: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Cody,

Thanks for getting back to us.  We can agree to a June 9 deadline for Plaintiffs' opposition as part of the following proposed schedule:

May 5 – Motion
June 9 – Opposition
June 30 – Reply
July 18 – Hearing

We have attached a stipulation and proposed order reflecting the above dates and agreed-upon page limits for the associated briefing.  As discussed yesterday, the parties agree that Universal will have up to 35 pages for its combined memorandum of points and authorities and 17 pages for its reply brief and that Plaintiffs will have up to 35 pages for their opposition.

As we also discussed yesterday, here is the definition of "goods" under the CLRA:

"'Goods' means tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not they are severable from the real property."

Cal. Civ. Code § 1761(a).

Finally, if you could send us the MPA documents, FTC records, and other documents you mentioned yesterday to support Plaintiffs' position that (1) movies qualify as "goods" for purposes of Plaintiffs' asserted consumer protection statutes and (2) trailers are "advertisements," that would be appreciated.

Thanks,

**Grace Davis Fisher (she, her, hers)** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4083 | Grace.DavisFisher@mto.coml www.mto.com

---

**From:** Cody LeJeune <cody@lejeunelawfirm.com>
**Sent:** Thursday, April 28, 2022 4:39 PM
**To:** Matthew Pequignot <mpequignot@pmiplaw.com>; Klaus, Kelly <Kelly.Klaus@mto.com>
**Cc:** Kristovich, Bethany <Bethany.Kristovich@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Bethany & Grace –

As promised on our call, here's a proposed briefing schedule that accounts for plaintiffs' counsel's May travel plans and the combined motions:

May 5 – Motion
June 9 – Opposition
June 23 – Reply
July 11 – Hearing


If agreeable, please send a stipulation for our review.

Regards,

Cody R. LeJeune



985.713.4964
www.lejeunelawfirm.com

2801 Camino Del Rio S
Suite 200A
San Diego, CA 92108

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071



This email constitutes an electronic communication protected by state and federal laws. This communication may contain confidential and privileged material for the sole use of the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the email or information therein, and delete all copies of this communication. Thank you.

---

**From:** Matthew Pequignot <mpequignot@pmiplaw.com>
**Date:** Wednesday, April 27, 2022 at 6:12 PM
**To:** Klaus, Kelly <Kelly.Klaus@mto.com>, Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** Kristovich, Bethany <Bethany.Kristovich@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>, Davis Fisher, Grace <Grace.DavisFisher@mto.com>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Kelly –

Further to below, and in preparation for the call tomorrow, I wanted to identify a couple of issues for focus in the discussion.

First, though we have not yet vetted the issue exhaustively, we are concerned that combining the proposed anti-SLAPP and 12(b)(6) motions is inappropriate or at least prejudicial to plaintiffs. Among other issues, if Plaintiffs are required to present evidence to defeat the anti-SLAPP motion there is a danger that – since addressed in the same opposition – the motion to dismiss will self-convert into a motion for summary judgment under Rule 12(d). Please be prepared to discuss this issue tomorrow.

Also, depending on the expected content of Universal's anti-SLAPP motion, plaintiffs may need a period of special discovery. Please also be prepared to discuss this issue, including perhaps the character of evidence which Universal intends to rely on (if any) and whether Universal would stipulate to a discovery and anti-SLAPP briefing schedule (which may need to be separate from the motion to dismiss schedule).

We're happy to discuss any other issues tomorrow as well.

Thanks and speak to you tomorrow.

Matt

Matthew A. Pequignot
Pequignot + Myers
t. 202.328.1200
f. 202.328.2219
www.pmiplaw.com

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the

intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

---

**From:** "Klaus, Kelly" <Kelly.Klaus@mto.com>
**Date:** Friday, April 22, 2022 at 3:39 AM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>, Matthew Pequignot <mpequignot@pmiplaw.com>
**Cc:** "Kristovich, Bethany" <Bethany.Kristovich@mto.com>, "Barokh, Benjamin" <Benjamin.Barokh@mto.com>, "Davis Fisher, Grace" <Grace.DavisFisher@mto.com>
**Subject:** Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Cody and Matt –

I write pursuant to Civil L.R. 7-3 to meet and confer regarding Defendant Universal Studios LLC's ("Universal") anticipated motion to strike and/or dismiss Plaintiffs' first amended complaint ("FAC").

Universal intends to file a special motion to strike the FAC pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, on the grounds that (1) Plaintiffs' claims seek to hold Universal liable for actions in furtherance of its free speech rights in connection with a public issue or issue of public interest, and (2) Plaintiffs have not plausibly alleged, and cannot plausibly allege, any of their claims for relief.

The consumer-protection statutes underlying Plaintiffs' claims apply only to commercial speech, see *Rezec v. Sony Pictures Ent., Inc.*, 116 Cal. App. 4th 135, 145 (2004), but the *Yesterday* trailer is noncommercial speech fully protected by the First Amendment. In addition, Plaintiffs' claims are premised on Universal's having made an affirmative misrepresentation of fact, but the challenged *Yesterday* trailer makes no representation that Ana de Armas or the song "Something" are in the final released version of *Yesterday*. *See, e.g., Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1186-88 (N.D. Cal. 2021) (dismissing UCL, FAL, CLRA, and unjust enrichment claims "because plaintiff alleges no facts showing an affirmative misrepresentation"). Plaintiffs' claims also fail for multiple reasons specific to each statute or common law doctrine on which they are based. Thus, Plaintiffs' claims under the "unlawful" prong of the UCL fail because Plaintiffs have not plausibly alleged a violation of any of the statutes underlying that claim. Their claims under the "fraud" prong fail based on

the absence of an affirmative misrepresentation. Their claims under the "unfair" prong fail along with their claims under the other two prongs. The CLRA claim fails because that statute applies only to allegedly unfair acts or practices resulting in the sale or lease of "goods" or "services," Cal. Civ. Code § 1770(a), but Plaintiffs allege they purchased the right to receive a stream of a movie, which is neither a good nor a service. Plaintiffs' breach warranty claims fail for multiple reasons, including that express warranty claims arise only in connection with transactions in "goods," which is not alleged here; Plaintiffs do not and cannot allege Universal is a "seller"; and Plaintiffs do not and cannot allege they were in privity with Universal. The implied warranty claim fails because Plaintiffs do not and cannot allege the stream of a movie is a "good," there was no sale, and Plaintiff Woulfe did not inform Universal of the alleged breach, the particular goods impaired, or the nature of the alleged nonconformity. *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 542 (D. Md. 2011)

In addition, most of Plaintiffs' claims seek equitable relief in the form of restitution or an injunction, but such relief is unavailable here. Under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), Plaintiffs cannot recover restitution if they have an adequate remedy at law, and here, Plaintiffs claim to have such a remedy under the CLRA. In addition, Plaintiffs are not entitled to restitution because they received what they paid for, namely, the right to watch the full-length movie, and Universal did not receive any money to which it was not entitled.

In the alternative to its special motion to strike, Universal will ask the Court to dismiss Plaintiffs' claims for failure to state a claim on which relief may be granted for the reasons described above. *See* Fed. R. Civ. P. 12(b)(6). Universal also intends to ask the Court to dismiss Plaintiffs' claims for injunctive relief on the further alternative ground that Plaintiffs lack standing to seek an injunction because, as Plaintiffs allege, they know that de Armas and "Something" are not in the released version of *Yesterday*, and they would not pay to watch the movie again. There is therefore no risk of Plaintiffs again being misled by the conduct about which they complain, and Plaintiffs lack standing to seek injunctive relief. *See id.* R. 12(b)(1); *Armstrong v. Davis*, 275 F.3d 849, 860–61 (9th Cir. 2001).

To maximize efficiency and conserve the Court's resources, we would like to present all our motions in a single filing with a combined memorandum of points and authorities. We ask that Plaintiffs stipulate that Universal have

up to 35 pages for its combined memorandum of points and authorities and 17 pages for its reply brief.  In return, we will of course agree that Plaintiffs may have up to 35 pages for their opposition.  We also will stipulate to a request for a reasonable extension of time for Plaintiffs to file their opposition.

We welcome the opportunity to meet and confer with you by phone or videoconference if you would like to discuss Universal's motion further.  If Plaintiffs will not agree to dismiss the FAC with prejudice, we will file our motion on May 5, 2022, as per the Court's Order.  If you would like to meet and confer in real time, please let us know when you are available to do so between now and next Thursday, April 28.

Thanks, and regards,
Kelly

**Kelly M. Klaus** I **Munger, Tolles & Olson LLP**
560 Mission Street I San Francisco, CA 94105
Tel:  415.512.4017 I kelly.klaus@mto.com I www.mto.com

*\*\*\*NOTICE\*\*\**
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it.  Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected.  Thank you.*