KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>  Plaintiffs,<br><br>  vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>  Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Stephen V. Wilson<br>First Am. Compl. Filed:  March 24, 2022 |

## I. INTRODUCTION

Invoking a procedure this Court expressly reserves "solely for extraordinary relief,"[1] Plaintiffs ask the Court for leave to immediately file a Second Amended Complaint ("SAC") before having to respond to Universal's Motions to Strike and to Dismiss the First Amended Complaint ("FAC"), filed this day. But Plaintiffs do not explain how they will be "irreparably prejudiced" if their request is heard according to regularly noticed motion procedures. *Rosen v. United States*, 2018 WL 11311849, at *1 (C.D. Cal. June 14, 2018) (denying *ex parte* application for leave to file amended complaint). The mere fact that Plaintiffs have to oppose Universal's Motions regarding a complaint that Plaintiffs already have amended once does not justify *ex parte* relief. *Id.*

Plaintiffs establish no cause for requiring the Court to analyze the question of amendment now, on short notice, without substantive briefing, and completely divorced from Universal's arguments on the merits of Plaintiffs' claims. Universal's Motions, in turn, demonstrate that any amendment to the FAC would be futile because Plaintiffs cannot allege the required elements of their claims for relief. Plaintiffs may oppose Universal's Motions and make whatever arguments they like about how they would amend. This application should be denied.

## II. BACKGROUND

Plaintiffs filed their original Complaint on January 21, 2022. Dkt. 1. The Complaint asserted a series of claims under California and Maryland law based on Plaintiffs' allegation that Universal misled them into paying to stream a motion picture, *Yesterday*, on Amazon Prime. *Id.* In particular, Plaintiffs claim to have been misled by a seconds-long scene in a trailer for *Yesterday* that included images of the actor Ana de Armas and a pun-type play on the Beatles' song "Something,"

---

[1] *Honorable Stephen V. Wilson*, U.S.D.C. C.D. Cal., https://www.cacd.uscourts.gov/honorable-stephen-v-wilson (last visited May 5, 2022).

neither of which were in the film's final cut. *Id.* On March 24, 2022, Plaintiffs exercised their right to amend once as of right. Dkt. 17. The parties thereafter stipulated, and the Court ordered, that Universal's response to the FAC is due on May 5, 2022. Dkt. 26.

Pursuant to Local Rule 7-3, the parties conferred on April 28, 2022, about Universal's intention to file a Motion to Strike the FAC under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, and a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6). On Monday, May 2, Plaintiffs told Universal they wanted to amend their complaint once more, claiming "the SAC would address the alleged deficiencies" that Universal's counsel said would be the basis for the Motions. Dkt. 28 at 1. Plaintiffs said the SAC would add new allegations concerning statements allegedly made on the digital video store VUDU—which is *not* where Plaintiffs allege they saw the trailer or watched the movie—and allegations that DVDs (which Plaintiffs did not buy) are "goods" covered by the California Consumer Legal Remedies Act. Dkt. 28-2 at 6; *see, e.g.*, Dkt. 28-3 at ¶¶ 22-30, 199-200.

In response, Universal explained that because Plaintiffs neither saw the alleged statements on VUDU nor purchased copies of the movie on DVD, they lacked Article III standing to base their claims on those allegations, and that this would make any amendment futile. Dkt. 28-2 at 1-2 (citing *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1005 (N.D. Cal. 2020)).

Universal further explained that "there are [no] extraordinary circumstances, as the Court's rules require, for requesting leave to file an amended complaint by way of an ex parte motion." Dkt. 28-2 at 3. Universal said "it would be more appropriate for Plaintiffs to review Universal's forthcoming motion[s] and make any arguments Plaintiffs have about how they could further amend their complaint in opposition to Universal's motion[s]." *Id.* at 2-3. On May 4, Plaintiffs filed the instant *ex parte* application, attaching a redline version of their proposed SAC.

## III. PLAINTIFFS HAVE NOT MET THE HIGH STANDARDS FOR OBTAINING *EX PARTE* RELIEF

This Court has made clear that *ex parte* applications will be granted "solely for extraordinary relief."[2] This is in accord with the "well-settled" rule that a party seeking *ex parte* relief must demonstrate "(1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Rosen*, 2018 WL 11311849, at *1.

Plaintiffs' last-minute request to again amend their complaint does not meet these stringent requirements. Plaintiffs will not be prejudiced by filing a motion to amend in the ordinary course. Plaintiffs can follow the Rules and file such a motion. If and when they do, Universal will argue that the motion should be deferred pending resolution of Universal's Motions, which expressly address whether the proposed amendments in the SAC would be futile. Nor have Plaintiffs demonstrated that they are without fault in creating the (nonexistent) crisis they claim justifies their *ex parte* application.

*Rosen* is on all fours with Plaintiffs' instant request and shows why the Court should deny the *ex parte* application. In that case, the plaintiff applied *ex parte* for leave to amend to "'address[] and cure[]' the issues" in his complaint. 2018 WL 11311849, at *1 (quoting pleading). Although the plaintiff insisted he could not "file a regularly noticed motion because 'there is insufficient time' and he will be 'prejudiced by having to file opposition responses' to Defendants' motions," the court denied the request. *Id.* (quoting pleading). The court held that the plaintiff had "not established how opposing Defendants' motions will prejudice him," and

---

[2] https://www.cacd.uscourts.gov/honorable-stephen-v-wilson, at ¶ 5.

that in any event, the plaintiff's desire to fix deficiencies in his complaint to which he was "alerted" by the defendants "is not a basis to grant him ex parte relief." *Id.*

Plaintiffs here assert that "Defendant's response to the FAC is due on May 5, and a regularly noticed Motion for leave to file a SAC would be heard in 28-35 days." Dkt. 28 at 3. But Plaintiffs have not shown that opposing Universal's Motions will prejudice them even if they have "insufficient time" to amend their complaint before the Court considers the Motions. *Rosen*, 2018 WL 11311849, at *1 (quoting pleading). That Universal alerted Plaintiffs to deficiencies in their FAC during the parties' April 28 conference is not a basis to grant them *ex parte* relief to amend. *See id.*

Moreover, Plaintiffs' eleventh-hour request for leave to preempt Universal's Motions runs counter to the anti-SLAPP statute's express purpose, which is "to allow for early dismissal of meritless First Amendment cases aimed at chilling expression through costly, time-consuming litigation." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021) (alterations omitted). The robust protections of the anti-SLAPP statute would be undermined by allowing plaintiffs to make their complaint a moving target, such that defendants have to repeatedly file motions directed at new complaints claimed to cure their predecessors' deficiencies.

It would be far more efficient for the Court to consider Plaintiffs' arguments about what they claim to be able to allege in the course of resolving Universal's argument, in the Motions, that any amendment would be futile. Plaintiffs claim the SAC would "address the alleged deficiencies in the FAC," and that all relevant factors support allowing amendment. Dkt. 28 at 2, 5-7. As Universal shows in its Motions, the amendments Plaintiffs propose in the SAC are futile. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (if "amendment would be futile, there is no need to prolong the litigation by permitting further amendment"); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Among other things, Plaintiffs do not have standing to complain about alleged statements on VUDU, because Plaintiffs do not, even in the SAC, allege that *they* saw any such statements or that those statements caused them to pay to see *Yesterday*. "If a defendant makes a misrepresentation and the plaintiff, without knowing of that misrepresentation, coincidentally purchases the product in question, her injury is not traceable to the misrepresentation." *Anderson*, 500 F. Supp. 3d at 1005.

## IV.  CONCLUSION

While Plaintiffs are free to file a motion for leave to amend, they have not justified their request for such relief on an "extraordinary" *ex parte* basis. *See Rosen*, 2018 WL 11311849, at *1. If Plaintiffs do file a noticed motion, Universal will ask that the motion be deferred pending resolution of Universal's Motions to Strike and to Dismiss, through which the parties will have a full opportunity to address whether Plaintiffs' proposed amendments are futile.

DATED:  May 5, 2022                      Respectfully submitted,

                                          MUNGER, TOLLES & OLSON LLP


                                          By:  ____/s/ Kelly M. Klaus____
                                               KELLY M. KLAUS
                                          Attorneys for Defendant
                                          UNIVERSAL CITY STUDIOS LLC