# Exhibit B

# PEQUIGNOT + MYERS
INTELLECTUAL PROPERTY COUNSELORS

San Diego

New York

Pennsylvania

February 9, 2022

VIA CERTIFIED MAIL
(copy to christopher.c.miller@nbcuni.com)

Christopher Miller, Esq., General Counsel
Universal City Studios LLC
100 Universal City Plaza
Universal City, California 91608

   Re: Conor Woulfe, *et al. v.* Universal City Studios LLC
      Case No. 2:22-cv-00459-SVW-AGR
      <u>United States District Court, Central District of California</u>

Dear Mr. Miller:

  My law firm, along with the law firm of LeJeune Law, P.C., represents Conor Woulfe and Peter Michael Rosza, and all other similarly situated California and Maryland Residents, in an action against Universal City Studios LLC ("Universal") arising out of, *inter alia,* Universal's false advertising and promotion of the 2019 movie *Yesterday*.

  More specifically, as the attached courtesy Complaint copy explains in more detail, Universal's multi-year advertising and promotion of the movie *Yesterday* (between 2019 and 2022) represents that the actress Ana De Armas is in the film, even though Universal has always known that she is not. Evincing that this deception was intentional, director Danny Boyle and screenwriter Richard Curtis gave an interview with Collider on or about June 19, 2019, where they indicated that they knew Ana De Armas was *already* cut from the film.[1] But – in spite of this knowledge – Mr. Boyle made a national television appearance on *CBS This Morning* on June 25, 2019, during which the scene which included Ana De Armas was used to promote viewership of the movie:

---

[1] Ms. De Armas was not mentioned by name during the little seen interview, but her identity is clear from other evidence in this case.

t. 202.328.1200 • f. 202.328.2219



(screen capture from June 25, 2019 CBS This Morning interview)

Likewise, and furthering its deception, Universal continued to use the same trailer featuring Ana De Armas for three years, resulting in movie ticket and online rental and sales of approximately one-hundred fifty million dollars ($150,000,000). This includes using the trailer to solicit movie rentals and purchases from "impulse purchase" consumers on online entertainment platforms including, for example, on Amazon Prime®.[2]

Universal's *Yesterday* trailer advertisements are unequivocally false and misleading. Moreover, plaintiffs Woulfe and Rosza contend that the trailers were intentionally utilized by Universal for the purpose of gaining unlawful ticket sales and rentals. Indeed, Director Boyle has described the trailer scenes with Ms. De Armas as "fantastic" and Ms. De Armas as "radiant" and "brilliant." These interview admissions undoubtedly support plaintiffs' contentions that the scenes were useful for enticing unsuspecting movie viewers.

Universal's conduct, described more fully in the attached Complaint copy, constitutes a violation of California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5) Representing that goods or services … have … characteristics, ingredients, [and] benefits … which [they do] not have ….

---

[2] Intent to deceive is not a required element of a CLRA claim. Plaintiffs must only prove reliance or materiality. In this type of case, we believe – of course – that the cast of a film is a material factor that a reasonable consumer would consider when determining whether to attend, rent, or purchase a movie.

PEQUIGNOT + MYERS

>(7)   Representing that goods … are of a particular standard, quality or grade … if they are of another.
>
>(9)   Advertising goods or services …with intent not to sell them as advertised.
>
>(16)   Representing that [goods or services] have been supplied in accordance with a previous representation when [they have] not.

California Civil Code § 1770(a)(5), (7), (9) and (16)

Universal's false promotions also constitute violations of California Business and Professions Code §17200, *et seq.,* and a breach of express warranties.

While our Class Action Complaint constitutes sufficient notice of the claims asserted, we hereby demand (on behalf of plaintiffs and the relevant class), pursuant to California Civil Code §1782, that Universal immediately correct and rectify its violations of §1770. Among other things, Universal should discontinue its deceptive advertising and offer to refund the purchase (or rental) price for the movie *Yesterday* to all consumers, including with a reimbursement for interest, costs, and fees. If Universal does not comply with these demands within the thirty-day notice period, plaintiffs will amend the Complaint, as permitted by California Civil Code §1782, to add claims for actual and punitive damages (as may be appropriate) under California Civil Code § 1770.

To be clear, Universal must undertake at least all of the following actions to satisfy the requirements of California Civil Code §1782(c):

>1.   Identify or make a reasonable attempt to identify all purchasers or renters of the movie *Yesterday* who reside in California;
>
>2.   Notify all such purchasers and renters so identified that, upon their request, Universal will supply a full refund of the purchase or rental price paid for such Product, plus interest, costs and fees;
>
>3.   Discontinue Universal's false representations that the actress Ana De Armas (and other deleted subject matter) is in the movie *Yesterday*, including by removing all deceptive *Yesterday* trailers from circulation and publication.

PEQUIGNOT + MYERS

If you would like to discuss resolution of plaintiffs' claims prior to the service or filing of the amended complaint, please contact our offices well ahead of the expiration of the thirty-day notice period.

We thank you for your kind attention to this important matter.

          Sincerely,

          s/Matthew A. Pequignot

          Matthew A. Pequignot

          Email: mpequignot@pmiplaw.com