KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>         Plaintiffs,<br><br>    vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>         Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**DEFENDANT'S *EX PARTE* APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS**<br><br>Judge:  Hon. Stephen V. Wilson<br><br>Filed Concurrently:  Declaration of Kelly M. Klaus; [Proposed] Order |

**TO THE COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Universal City Studios, LLC ("Universal") hereby applies *ex parte* for an Order:

1. Striking Plaintiffs' Second Amended Complaint ("Filed SAC"), filed June 7, 2022, Dkt. No. 36;

2. Directing Plaintiffs to file, in conformance with Civil L.R. 15-1, a clean version of their Proposed Second Amended Complaint ("Proposed SAC"), which was attached to Plaintiffs' *Ex Parte* Application for Leave to File Second Amended Complaint, Dkt. No. 28-3, and which the Court authorized Plaintiffs to file in its May 26, 2022 Order granting that *Ex Parte* Application, Dkt. No. 35;

3. Sanctioning Plaintiffs' counsel for recklessly disregarding Local Rule 15-1; and

4. Setting Universal's deadline to respond to whatever version of the SAC the Court ultimately deems filed to 21 days from the date on which the Court enters its Order resolving this *Ex Parte* Application.

As set forth in the accompanying Memorandum of Points and Authorities, Plaintiffs' Filed SAC makes significant edits to the Proposed SAC that this Court granted Plaintiffs leave to file and that Plaintiffs represented they would file. *See* Dkt. No. 35 (Order granting Plaintiffs leave to file SAC). The SAC that Plaintiffs filed is a clear violation of Civil L.R. 15-1. *Ex parte* relief is necessary because, under Civil L.R. 15-3 and Fed. R. Civ. P. 15(a)(3), Universal's response to the Proposed SAC, had Plaintiffs filed it in accordance with the Rules, would otherwise be June 9, 2022. As a result of Plaintiffs filing not the Proposed SAC but the substantially different Filed SAC, Universal now does not know what SAC it is responsible for responding to or when that response is due. Proceeding with the relief requested herein by way of noticed Motion threatens to prejudice Universal by

having its response to some version of the SAC due before the time in which a regularly noticed motion could be briefed and resolved.

This Application is based on this Notice of Application, the attached Memorandum of Points and Authorities, the accompanying Declaration of Kelly M. Klaus, all other papers and records on file in this matter, and any other materials or argument the Court may receive.

Universal tried to resolve this issue without Court intervention. Universal met and conferred with Plaintiffs through an email exchange on June 7, 2022. Klaus Decl. Ex. 1. Universal asked Plaintiffs to withdraw the Filed SAC, to file the Proposed SAC in conformance with Civil L.R. 15-1, and to enter into a stipulation to extend Universal's time to respond to the Proposed SAC (an extension to which Plaintiffs had previously indicated they would stipulate). *Id*. This Application is made following the conference of counsel, pursuant to Civil L.R. 7-3, which took place by email on June 7, 2022. On June 7, 2022, the undersigned counsel for Universal notified Plaintiffs of their violation of the Local Rules and requested that Plaintiffs withdraw their Filed SAC, *see* Dkt. No. 36, and file the Proposed SAC, *see* Dkt. No. 28-3, as the operative complaint. Universal also informed Plaintiffs that if they would not do this, Universal would file an *ex parte* application with this Court requesting that relief and sanctions. Plaintiffs refused to withdraw the Filed SAC and instead proposed that Universal take the stipulation for the extension of the briefing schedule for a motion directed to the Filed SAC. Plaintiffs' counsel stated that Plaintiffs will oppose this *ex parte* application. *See* Civ. L.R. 7-19.1. Pursuant to this Court's standing order, Universal notified Plaintiffs' counsel "that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte application was served." Klaus Decl. Ex. 1.

As required by Civ. L.R. 7-19, the names, addresses, telephone numbers, and e-mail addresses of counsel for Plaintiffs are:

1  Cody R. Lejeune
2  LEJEUNE LAW, P.C.
   445 S. Figueroa Street, Suite 3100
3  Los Angeles, CA 90071
4  Email: cody@lejeunelawfirm.com
   Tel: (985) 713-4964
5
6  Matthew A. Pequignot
   PEQUIGNOT + MYERS
7  2585 Ala Namahana Pkwy, #1007
   Kilauea, HI 96754
8  Email: mpequignot@mpiplaw.com
9  Tel: (202) 328-1200

10

11 DATED: June 8, 2022           Respectfully submitted,

12                               MUNGER, TOLLES & OLSON LLP

13

14

15                               By:    */s/ Kelly M. Klaus*[1]
                                       KELLY M. KLAUS
16                               Attorneys for Defendant
                                 UNIVERSAL CITY STUDIOS LLC
17

---

[1] This document is electronically signed and filed by Benjamin G. Barokh on behalf of Kelly M. Klaus with Mr. Klaus' authorization.

# MEMORANDUM OF POINTS AND AUTHORITIES

On May 26, this Court granted Plaintiffs leave to file the Proposed SAC attached to their *Ex Parte* Application for Leave to File Second Amended Complaint. *See* Dkt. Nos. 28, 28-3, 35. Pursuant to Civil L.R. 15-1, Plaintiffs were required to "promptly thereafter file the pleading approved by the Court as a separate document in the Court's CM/ECF System." Plaintiffs had attached to their application a redline version of the Proposed SAC, showing changes against Plaintiffs' First Amended Complaint ("FAC"). Dkt. 28-3. Plaintiffs did not promptly file a clean version of the Proposed SAC, as Rule 15-1 requires. Instead, on June 7,[2] 12 days after the Court granted their application, Plaintiffs filed a *different* SAC containing *dozens* of new allegations and *two entirely new claims*. Plaintiffs' SAC diverges substantially from the Proposed SAC that this Court granted them leave to file, that Local Rule 15-1 required they file, and that Plaintiffs represented they would file.

Universal respectfully requests that the Court strike the Filed SAC, direct Plaintiffs to file the Proposed SAC as the operative complaint, and sanction Plaintiffs' counsel for recklessly disregarding this Court's rules. In addition, regardless of which complaint the Court deems filed—the Proposed SAC or Filed SAC—Universal requests that the Court Order that Universal have up to 21 days from the entry of the Order on this Application to respond to the operative SAC.

**I.    Plaintiffs Violated Local Rule 15-1 By Filing The Filed SAC, Which Should Be Stricken**

Plaintiffs filed their original Complaint on January 21, 2022. Dkt. No. 1. Plaintiffs filed their First Amended Complaint ("FAC") as a matter of right, Fed. R. Civ. P. 15(a)(1). Dkt. No. 17.

---

[2] The docket entry lists June 6 as the filing date for Plaintiffs' Filed SAC, but the CM/ECF service email (and the "Entered" date on the docket) shows that Plaintiffs filed the SAC after midnight on June 7. Klaus Decl. ¶ 8.

Universal notified Plaintiffs of its intention to file Motions to Strike and to Dismiss the FAC and met and conferred with Plaintiffs' counsel pursuant to Civil L.R. 7-3.  On May 4, one day before Universal was set to file its Motions, Plaintiffs applied *ex parte* for leave to file a second amended complaint, ostensibly to add allegations to rebut Universal's Motions.  Dkt. No. 28.  As required by the Local Rules, Plaintiffs attached to their application a Proposed SAC that, in redline format, showed all the changes they intended to make to their FAC.  Dkt. No. 28-3; *see* Civ. L.R. 15-1 ("Any proposed amended pleading must be filed as an attachment to the related motion").  Plaintiffs represented that "[u]pon the Court granting Plaintiffs leave to amend, Plaintiffs will promptly file a clean, non-redlined version of the SAC" attached to their Application.  Dkt. 28 at 4.

On May 5, Universal filed its motions directed to the FAC.  Dkt. No. 31.  Universal also opposed Plaintiffs' *Ex Parte* application for leave to file the Proposed SAC.  Dkt. No. 30.

On May 26, the Court granted Plaintiffs' *Ex Parte* Application.  Dkt. No. 35.  Having at that point "obtain[ed] leave of Court to file an amended pleading," Plaintiffs were required to "promptly thereafter file *the pleading approved by the Court* as a separate document in the Court's CM/ECF System."  Civ. L.R. 15-1 (emphasis added).  Plaintiffs did not do that.  Plaintiffs waited nearly 12 days, until June 7, to file a *different* SAC that added dozens of new allegations and two new claims that were not in the Proposed SAC the Court had approved.  Dkt. No. 36.

Plaintiffs' filing followed outreach by Universal's counsel, on June 1, inquiring about why Plaintiffs had not yet filed the Proposed SAC and requesting Plaintiffs' agreement to a briefing schedule for Universal's renewed Motions to Strike and Dismiss that pleading.  Klaus Decl. ¶ 4.  Universal's counsel also specifically referenced and quoted the language from Local Rule 15-1 that required Plaintiffs, upon the Court's Order, to "promptly thereafter file the pleading approved by the Court as a separate document in the Court's CM/ECF System."  Klaus Decl.

Ex. 1 (quoting Civ. L.R. 15-1).  In response to a further inquiry from Universal's counsel, one of Plaintiffs' two lawyers responded that the delay in filing a standalone SAC was attributable to health issues affecting his family, which Universal of course understands and sympathizes with.  Klaus Decl. ¶ 6.  Neither of Plaintiffs' counsel said anything by email or otherwise indicating Plaintiffs planned to make changes to the Proposed SAC.  On the assumption that Plaintiffs would be filing the Proposed SAC, Universal agreed with Plaintiffs that Universal's response deadline would move from June 9[3] to June 30, and that Plaintiffs would have a corresponding extension for their opposition—just as the parties had agreed to a briefing schedule for the motions directed to the FAC.  See Dkt. No. 29.

Even excusing Plaintiffs' delay in "promptly" filing a standalone SAC, Civ. L.R. 15-1 required Plaintiffs to file *only* the Proposed SAC "approved by the Court"—not a materially different complaint with novel allegations and causes of action.  See *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (local rules carry "the force of law").

Courts regularly strike amended complaints that differ from the proposed amendment approved by the Court, under both the Local Rules and Fed. R. Civ. P. 15(a)(2).  See, e.g., *Lin v. Chi. Title Ins. Co.*, 2010 WL 11549337, at *1–2 (C.D. Cal. Sept. 2, 2010), *aff'd,* 501 F. App'x 655 (9th Cir. 2012).[4]  In *Lin*, the court applied Local Rule 15-1 to strike an amended complaint that added three pages and five

---

[3] Civ. L.R. 15-3 deems an amended pleading served "on the date the motion to amend is granted," or May 26 in this case.  Dkt. No. 35.  Under Fed. R. Civ. P. 15(a)(3), if the Proposed SAC were deemed the operative complaint, Universal's deadline to respond would be June 9, 14 days after May 26.

[4] *See also, e.g.*, *Hadel v. Willis Roof Consulting, Inc.*, 2010 WL 3239015, at *1 (D. Nev. Aug. 13, 2010); *Hamstead v. Walker*, 2019 WL 12313459, at *3–4 (N.D.W. Va. June 7, 2019); *Bogdan v. Hous. Auth. of the City of Winston-Salem*, 2006 WL 3848693, at *3 (M.D.N.C. Dec. 29, 2006); *Art Attacks Ink, LLC v. MGA Ent., Inc.*, 2006 WL 8439887, at *4 (S.D. Cal. June 21, 2006).

paragraphs to the amended complaint allowed by the court, 2010 WL 11549337, at *1—far fewer changes than the dozens of alterations Plaintiffs made to their Proposed SAC.  As the Court explained in *Lin*, the plaintiffs' unauthorized filing was "in violation of the Local Rules, the Federal Rules of Civil Procedure, and this Court's order" granting leave to amend.  *Id*.  The same is true here.

Plaintiffs' conduct is prejudicial, especially at this stage.  Plaintiffs' unilateral filing of an unauthorized amended complaint deprived Universal of an opportunity to show why Plaintiffs' new allegations and claims were futile or otherwise unsuitable for amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Moreover, in the 12 days since this Court authorized Plaintiffs to file the Proposed SAC, Universal has been preparing a response to that pleading on the assumption that it had become the operative complaint.  Yet now, after negotiating a briefing schedule for Universal's forthcoming motions to dismiss and to strike the Proposed SAC, Plaintiffs have filed a substantially revised and expanded complaint.

A redline attached to the accompanying declaration shows that Plaintiffs have added dozens of new allegations (many of them in lengthy paragraphs) and two new claims—all of which Universal will have to research, analyze, and respond to.  Klaus Decl. ¶ 9 & Ex. 2; *compare, e.g.*, Dkt. 28-3 at ¶ 155 *with* Dkt. 36 at ¶ 157 (adding implied warranty claims under the California Commercial Code and the Song-Beverly Act).

When Universal raised and objected to this patent violation of Local Rule 15-1, Plaintiffs did not deny that they violated the Rule by filing the Filed SAC.  Plaintiffs instead attempted to justify their filing as "merely address[ing] issues raised in Defendant's motion" to strike and to dismiss the FAC, which Plaintiffs had not yet seen when they filed the Proposed SAC.  Klaus Decl. ¶ 11 & Ex. 1; *see* Dkt. Nos. 28, 31.  But it is irrelevant that Plaintiffs simply wanted to "add[] language to the existing allegations for the purpose of curing deficiencies in the existing claims'"; "[a]llowing parties to file amended documents that are not identical *in all*

*material aspects* goes against the spirit and purpose of Rule 15 and undermine[s] a court's discretion." *Hamstead*, 2019 WL 12313459, at *2–3 (emphasis in original). And as noted, Universal negotiated a June 30 response deadline on the understanding that it would move to strike and to dismiss the Proposed SAC, not a different complaint with dozens of allegations that purport to cure deficiencies in the Proposed SAC, as well as two new claims for relief.

Pursuant to Local Rule 15-1, the Court should strike Plaintiffs' SAC and direct Plaintiffs to file a clean version of their Proposed SAC as the operative complaint. *See Bogdan*, 2006 WL 3848693, at *3 ("This court, therefore, finds that Plaintiff's filed First Amended Complaint violates Rule 15 and will adopt the proposed version.").

## II. Plaintiffs' Counsel Should Be Sanctioned For Recklessly Disregarding Local Rule 15-1

Universal does not lightly ask for sanctions, but in this case the violation of the Court's Local Rules is manifest, and Plaintiffs have refused the opportunity to correct their error.

"The failure to file the same amended complaint as the one proposed is not only a violation of Rule 15," but can also "be grounds for sanctions." *Bogdan*, 2006 WL 3848693, at *3; *Hamstead*, 2019 WL 12313459, at *3; *see, e.g.*, *Hadel*, 2010 WL 3239015, at *1 (imposing $2,000 in sanctions for filing a different amended complaint). "The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to . . . monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless." Civ. L.R. 83-7(a). The Court may also impose "such other sanctions as the Court may deem appropriate under the circumstances" for any willful, grossly negligent, or reckless conduct. Civ. L.R. 83-7(c).

Plaintiffs' counsel's violation of Local Rule 15-1 is no technical oversight. Universal's counsel specifically quoted Rule 15-1 to Plaintiffs' counsel on June 1—

six days before Plaintiffs' counsel submitted the Filed SAC in direct violation of that Rule. Klaus Decl. Ex. 1. Moreover, it appears that counsel were otherwise well aware of the provisions of the Rule: they attached the Proposed SAC to their Application for leave and promised to "promptly file a clean, non-redlined version of the SAC" once the Court granted their motion. Dkt. 28 at 4. In addition, Universal immediately notified Plaintiffs' counsel of the Rule upon discovering that the Filed SAC diverged from the Proposed SAC, even sending Plaintiffs' counsel authority showing "[c]ourts have stricken complaints where plaintiffs have done exactly what plaintiffs have done." Klaus Decl. Ex. 1. Universal also offered "to resolve this matter without Court intervention" by allowing Plaintiffs to "file a notice of withdrawal of the SAC" and "file a corrected SAC, which is a clean version of the redlined SAC [Plaintiffs] filed with [their] ex parte application." *Id.* Plaintiffs' counsel refused without addressing the Local Rules. *Id.*

In light of these circumstances, sanctions are appropriate "to reimburse [Universal's] counsel for the costs associated with preparing and filing" this *Ex Parte* Application. *Vargas v. City of Los Angeles*, 2018 WL 10231166, at *3–4 (C.D. Cal. Nov. 14, 2018) (Wilson, J.) ("Given the plain text of L.R. 7-18, the case law discussed above, and the fact that Defendants' counsel had prior notice of her motion's deficiencies, the Court finds that Defendants' counsel's conduct was at least reckless and grossly negligent."); *see also, e.g.*, *Guru Denim, Inc. v. Hayes*, 2010 WL 1854020, at *10 (C.D. Cal. May 6, 2010) (Wilson, J.) (sanctioning plaintiffs' counsel for costs the defendant would not have incurred had counsel "been diligent in complying with this Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure").[5]

---

[5] At the Court's request, Defendant's counsel will submit a detailed computation of such fees. *See Vargas*, 2018 WL 10231166, at *4.

### III. Conclusion

The Court should strike the Filed SAC, direct Plaintiffs to file the Proposed SAC as the operative complaint, and sanction Plaintiffs' counsel for recklessly disregarding this Court's Local Rules. In addition, regardless which complaint the Court deems filed—the Filed SAC or Proposed SAC—the Court should allow Universal 21 days after a ruling on this *Ex Parte* Application to respond.

DATED: June 8, 2022

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:     */s/ Kelly M. Klaus*[6]
     KELLY M. KLAUS
Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

---

[6] This document is electronically signed and filed by Benjamin G. Barokh on behalf of Kelly M. Klaus with Mr. Klaus' authorization.