CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT (admitted pro hac vice)
mpequignot@mpiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual, | Case No.:  2:22-cv-00459-SVW-AGR |
| Plaintiff, | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS** |
| v. | |
| UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive, | |
| Defendant, | |

# I.    INTRODUCTION

The Court should deny Defendant's *Ex Parte* Application to Strike Second Amended Complaint [Dkt. No. 36] for Violation of Civ. L.R. 15-1 and for Sanctions ("Defendant's *Ex Parte*") for several reasons. First, Defendant does not explain need for *ex parte* procedures; specifically Defendant does not explain how it will be "irreparably prejudiced" if their request is heard according to regularly noticed motion procedures. *Rosen v. United States*, 2018 WL 11311849, at *1 (C.D. Cal. June 14, 2018). Plaintiffs offered to extend the deadlines for Defendant to respond to the SAC, but Defendant refused. Doing so would have eliminated the need for Defendant to request emergency relief.

Second, the Court should substantively deny Defendant's *Ex Parte*. As a Court in this District recently held, "***once a district court has granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad***.'" *Rowell v. Sony Pictures TV, Inc.,* LACV1502442JAKAGRX, 2016 WL 10644537, at *4–5 (C.D. Cal. June 24, 2016), *aff'd,* 743 Fed. Appx. 852 (9th Cir. 2018)(unpublished) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)) (denying motion to strike amended complaint that added additional cause of action to approved version of amended complaint). Here, the Court has already granted Plaintiffs' *ex parte* application for leave to amend the complaint (Dkt. No. 35). Thus, the Court should use its particularly broad discretion to apply Rule 15's extreme liberality standard by denying Defendant's *Ex Parte*, thereby allowing Plaintiffs' filed SAC to stand.

Another case from a district court in the 9th Circuit provides sound reasoning that is applicable here. In *Gardner,* the Court denied defendants' motion to strike where plaintiffs filed an amended complaint that was modified from its proposed amended complaint.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

*Gardner v. Nationstar Mortg., LLC*, 2:13-CV-1641-HRH, 2015 WL 4716507, at *2 (D. Ariz. Aug. 7, 2015). The Court's reasoning in *Gardner* is instructive:

> The court considers the lack of prejudice in connection with this motion for two reasons. First, the court has an obligation under Rule 1 to facilitate the just, speedy, and inexpensive determination of cases. The instant motion to strike has not been shown to advance the case in any respect. Second, Rule 15(a)(2), while limiting the availability of amendments procedurally, clearly signals that leave to amend should be freely given. It would have been far better had plaintiffs discussed in advance with defendants the need for some modifications to the proposed fourth amended complaint or, absent an agreement, sought leave of court.
>
> Technically, the fourth amended complaint as filed does not comport with the court's order authorizing a fourth amended complaint. But in furtherance of Rule 1, and in exercise of the court's case management authority under Rule 16, Federal Rules of Civil Procedure, the court will overlook plaintiffs' technical failure to adhere to Rule 15(a)(2).

*Gardner*, 2015 WL 4716507, at *2.

The same can be said here. Plaintiffs' additional amendments clarified certain allegations based on alleged deficiencies raised in Defendant's Motions. Because of this and the infant stage of this matter, Defendants will suffer no prejudice if the Court denies this *Ex Parte*. Further, this *Ex Parte* impedes the speedy determination of this matter Accordingly, the Court should deny Defendant's *Ex Parte* in its entirety.

## II.    FACTUAL BACKGROUND

Plaintiffs Conor Woulfe and Peter Michael Rosza (herein after "Plaintiffs") filed this case on behalf of themselves and the Maryland and California classes, on January 21, 2022. For the express purpose of not burdening Defendant with responding to a version of the

2

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

complaint that Plaintiffs knew that they would amend, Plaintiffs met with Defendant's counsel and consented to Defendant's March 16, 2022 request that Plaintiffs would file their First Amended Complaint ("FAC") by a date certain and that "Universal [would] have at least 30 days" to respond and that Plaintiffs would consent to up to 30 additional days if requested by Defendant.[1] Declaration of Cody R. LeJeune in Support of Plaintiffs' Opposition to Defendant's Ex Parte Application to Strike Second Amended Complaint [Dkt. No. 36] for Violation of Civ. L.R. 15-1 and for Sanctions ("LeJeune Decl."), Exhibit A. Honoring this agreement, Plaintiffs filed their FAC on March 24, 2022 and executed a stipulation with Defendant that was filed with the Court on April 5, 2022. See Dkt. Nos. 17, 21.

On April 22, 2022, Defendant requested a meet-and-confer with Plaintiffs, pursuant to Civ. L.R. 7-3, to discuss Defendants' proposed motions to dismiss and strike Plaintiffs' FAC. In Defendant counsel's email request, Defendant included a terse summary of the issues it proposed to raise in its motions. *See* Dkt. No. 28-2, at 10-12. After Defendant proposed a day late in the week for the Civ. L.R. 7-3 telephone conference, the parties conferred telephonically pertaining to Defendant's forthcoming motions. During the telephone conference, the primary issue that was discussed pertained to Plaintiffs' expressed concern that Defendant planned to combine its anti-SLAPP motion with its motion to dismiss which – as explained by Plaintiffs – posed the danger of converting Defendant's motion into a motion for summary judgment under FRCP 12(d).[2] *Id.* To

---

[1] The CLRA mandates a thirty-day waiting period before claims for damages under the Act can be made. *See* Cal. Civ. Code §1782.

[2] Under California law, anti-SLAPP movants often file evidence, which is prejudicial to Plaintiffs who have not had the benefit of discovery, and the use of evidence in a motion to dismiss tilts the scales to the benefit of the Defendant. Complicating things further, if Plaintiffs attempt to submit their own

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

alleviate Plaintiffs' concerns, and gain Plaintiffs' consent to Defendant's request to combine its motions, Defendant assured Plaintiffs that it would only raise legal issues (and not fact) issues in its motion. Though a dispute remained pertaining to Defendant's representation that it would file a copy of the *Yesterday* trailer advertisement as evidence, Plaintiffs nevertheless agreed once again to stipulate to Defendant's request for leave of the local rules so that it could file its excess page brief(s) in a combined motion format. *Id*. Plaintiffs agreed to this stipulation based primarily on Defendant's representation that no other evidence would be filed with its motions, as well as simply to be courteous.

Although no other substantive issues were discussed in the meet-and-confer, subsequent to the call, Plaintiffs' counsel researched the issues raised in Defendant's email independently and ultimately decided that to avoid burdening the parties and the Court with motion practice, Plaintiffs would file an amended complaint.[3] Although normally Plaintiffs could have filed an amended complaint as a matter of right, the addition of CLRA claims in the FAC, and the extensions of time granted as a courtesy to Defendant, arguably foreclosed this right.[4] Taking advantage of this development, when Plaintiffs requested Defendant's consent to file the SAC, Defendant refused. Complicating issues further, California anti-SLAPP procedural rules – though arguably conflicting with the Federal

---

evidence, they risk converting a motion to dismiss into a motion for summary judgment, despite not having the benefit of discovery. *See* FRCP 12(d). The parties also briefly discussed the issue of "goods" and "services" under the CLRA.

[3] This, it is apparent, is the reason for Local Rule 7-3. By requiring pre-motion conferences, the parties can potentially resolve disputes, thereby avoiding unnecessary motions.

[4] FRCP 15(a) allows amendments as a matter or right within 21 days or service or with 21 days of service of a responsive pleading. Defendant's answer extension was 30 days, however, and some interpretations of the anti-SLAPP statute itself purport to prohibit amendments after an anti-SLAPP motion is filed. Nevertheless, arguably since the anti-SLAPP statute provides for amendment as a matter of right, as does FRCP 15(a), it is reasonable to argue that Plaintiffs' first amended complaint did not foreclose later amendment as a matter of right.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

Rules of Civil Procedure – purport to foreclose the filing of an amended complaint, once an anti-SLAPP motion is filed. Accordingly, without Defendant's consent, and knowing that Defendant planned to file an anti-SLAPP motion, Plaintiffs were forced to prepare and file an ex parte application to amend the FAC and file the SAC, on May 4, 2022, in an extraordinarily condensed time period, in what amounted to a race to the courthouse. *See* Dkt. No. 28

One day later, on May 5, 2022, Defendant filed its stipulation and proposed motions to dismiss and strike Plaintiffs' FAC ("Motions"). *See* Dkt. Nos. 29, 30. Contradicting Defendant's representations made to gain Plaintiffs' consent to the excess page stipulation and briefing schedule, Defendant's motion was filed with six (6) requests for judicial notice, asking the court to consider as purported evidence a legion of unauthenticated or hearsay material nowhere referenced in Plaintiff's FAC. *See*, e.g., Dkt. No. 32-5 (Amazon Terms of Service, which are indisputably not mentioned let alone incorporated by reference into the FAC).[5] Defendant also included discussions of Alfred Hitchcock and numerous internet links. *See* Dkt. No. 32. In other words, Defendant's Motions resembled a motion for summary judgment more than a motion to dismiss.

Defendants' Motions also, ironically, included many legal arguments and grounds for dismissal or to strike never identified in Defendant's Civ. L.R. 7-3 conference - a violation of this Court's local rules. For example, Defendant's Motions sought to subject Plaintiff Woulfe – a Maryland resident asserting Maryland state law claims based on diversity jurisdiction – to California's anti-SLAPP law, with potential great prejudice. *See,*

---

[5] Although Defendant also filed *a version* of the *Yesterday* trailer as anticipated (Dkt. Nos. 31, 32), it was not the version viewed by Plaintiffs, as Defendant well knows. Nevertheless, Defendant's motion asked the Court to strike the FAC based on the content of the trailer. *See* Dkt. No. 31, at 4, 14.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

*e.g.,* compare Civ. L.R. 7-3 Email exchange (Dkt. No. 28-2) with Dkt. No. 31. Of primary concern, once an anti-SLAPP motion is filed, a party cannot withdraw its pleadings and is susceptible to sanctions if its claims are dismissed. Since Defendant did not put Plaintiff Woulfe on notice that he would be the target of an anti-SLAPP motion, Mr. Woulfe was deprived of any opportunity to evaluate the merits of Defendant's motion allegations so that he could take action (if needed or desired) before it was too late.

Moreover, while Plaintiffs' *ex parte* application to file the SAC and Defendant's proposed excess page stipulation and motions were pending, the family of Plaintiffs' counsel became infected with Covid-19 (verified by antigen tests). Consequently, when Plaintiffs' *ex parte* application was granted, Plaintiffs' counsel was not able to practice at full capacity (or any capacity on some days). *See* LeJeune Decl., Ex. A. This infirmity, as was explained to Defendant's counsel, was exacerbated by his need to care for his infected family members, while also meeting federal patent deadlines, without the support of another staff member that recently began chemotherapy. *Id*. While Defendant's Motion claims that Plaintiffs intentionally and unduly delayed filing the SAC, and attaches emails amongst counsel in support, Defendant tactically redacted the portions of counsel Pequignot's email explaining that his 8 year old son found his wife collapsed and unconscious in their home's entry, appearing to be dying or dead. *Id.* Defendant also hides with those redactions the references to his staff member's cancer (also an unanticipated development), and need to care for his infected 4 year old and 8 year old children during the relevant time periods. *Id*. In short, there was no intentional delay. Plaintiffs' counsel was either ill or caring for family members or taking on extra workload and deadlines due to unforeseen and, indeed, unforeseeable circumstances. *Id*.

One thing that Defendant alleges is true: yes, the SAC (Dkt. No. 36) does not exactly match the proposed SAC attached to Plaintiff's *ex parte* application, but Plaintiffs did not

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

believe that Civ. L.R. 15-1 was being violated when the SAC was filed (see discussion *infra*); Plaintiffs' delay in filing was due almost entirely to Plaintiffs' counsel's family illness; and Plaintiffs' supplementation to the SAC was either necessitated by Defendant's own violation of Civ. L.R. 7-3 or was otherwise non-prejudicial or harmless.[6]

What is also true is that Defendant has not been and cannot be prejudiced by Plaintiffs' SAC. This case is in its infancy. No scheduling order has issued and therefore no deadline has been set to amend the pleadings. No discovery has taken place. There has been no decision dismissing any prior version of Plaintiffs' complaint, and ***the only reason Defendant seeks to strike the SAC is because it's not futile***. Indeed, the majority of resources spent "litigating" this case so far have been spent negotiating stipulations to either provide Defendant with extra time or extra pages. *See* Dkt. Nos. 21, 29.

Defendant's only claims of prejudice are that Plaintiffs' filing of the SAC "deprived Universal of an opportunity to show why Plaintiff's allegations are futile[.]" Defendants' *Ex Parte*, at 8. But determination of whether an amendment is futile is the precise purpose of a motion to dismiss, not a motion to strike which is limited to "an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Defendant's complaint that it "has been preparing a response…on the assumption that it has become the operative complaint" (Defendant's *Ex Parte* at 8) also cannot be

─────────────────

[6] Defendant's purported redline of Plaintiff's SAC is confusing and appears to incorrectly mark original material as new, when it already existed in the SAC attached to Plaintiffs' *ex parte* application. Moreover, the actual SAC is 59 pages, not 107. For example, many images appear to be marked in either red or blue (or both), yet *no images* were added to the SAC. Compare Dkt. No. 36 with Dkt. No. 37-2. While other defects appear to exist in Defendant's purported redline, the short time provided to oppose this motion did not allow Plaintiffs to investigate the issue fully. Counsel for Plaintiffs were addressing statutory and international treaty deadlines (i.e., unextendible deadlines) in another matter when Defendant put Plaintiffs on notice of this motion well after business hours.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

taken seriously. First, the SAC as filed is nearly substantively identical to the SAC attached to Plaintiffs' *ex parte* application. The allegations remain the same, and the clarified claims in the supplemented SAC arise from the same conduct alleged in the *ex parte* SAC. For example, Plaintiffs have always alleged that the *Yesterday* trailer had a commercial purpose, yet added a factual allegation that Defendant includes a link at the end of the trailer to purchase the *Yesterday* movie directly from Defendant, to counter Defendant's allegations to the contrary. *See* Dkt. No. 31 (Motions), at 4. Similarly, Defendant's Motions claimed that digital movie stores don't provide services, so Plaintiffs added factual allegations – including quotations from Defendant's affiliated entity VUDU's press release – that describes VUDU as a service provider, and which describes the services provided.[7] *See* Dkt. No. 36 (SAC), at ¶¶ 86, 97-98. Given that both the trailer and VUDU (co-owned with Defendant) are already undoubtedly familiar to Universal, it cannot be prejudicial for Defendant to "investigate" these supplemented allegations. Further, Defendant asked for an enlargement of time to respond to the SAC until June 30, 2022, and Plaintiffs agreed. When Defendant *later* complained that the SAC had new allegations, and that it needed more time, Plaintiffs' offered more time, and Defendant declined and filed this motion anyway.[8]

_____

[7] Defendant similarly argued that the public was on notice that Ana de Armas was not in the movie because of a public interview, so Plaintiffs added factual detail showing that only 1,439 people have seen that interview since its publication in 2019. Contrast this to more than 32 million people that have watched Defendant's trailer on Youtube. *See* Dkt. No. 36, SAC ¶83.

[8] Plaintiffs' willingness to provide Defendant with any extension that it needed also belies its claim that emergency *ex parte* relief was necessary. Unfortunately, despite this willingness to provide an extension, Defendant filed its *ex parte* application, ironically with an agreed stipulation to enlarge its response time already in hand, despite knowing that Plaintiffs' counsel had unextendible deadlines to attend to. *See* LeJeune Decl., Ex. A, at 2.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

Defendant may not have a meritorious defense to the allegations in the SAC, but its efforts to prevail based on technicalities at the expense of merits should not be rewarded. Its *Ex Parte* should be denied, as further explained below.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides for amendment to a party's pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *DCD Programs, Ltd., v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits rather than on pleadings or technicalities"). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); see also *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining ... factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."). In this context, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). In other words, "[t]he court can deny the motion to amend on the basis of futility either if the amended complaint would be dismissed under Rule 12(b)(6), or if plaintiff fails to plead with requisite specificity under Rule 9(b)." *In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1111 (N.D. Cal. 2003) (citations omitted); see also *Miller*, 845 F.2d at 214 (" '[The] proper test to be applied when determining the legal sufficiency

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).' ") (quoting 3 James Wm. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may, (1) act on its own, or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are generally disfavored, however, and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, 2004 WL 2075445, at *12 (N.D. Cal. Sept. 15, 2004) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)); see also *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("That Rule 12(f) is to be applied sparingly buttresses this conclusion. Courts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegation") (citing *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 869 (9th Cir. 1962)).

## IV.   ARGUMENT

### A.   Rule 15(a) and Civ. L.R. 15-1 Should Not be So Narrowly Construed

Defendant urges an interpretation of Fed. R. Civ. P. 15(a) and Civ. L.R. 15-1 which would mandate that the precise amended complaint approved in an *ex parte* application be filed, regardless of whether the complaint violated Fed. R. Civ. P. 11, as well as in contravention of Fed. R. Civ. P. 1. This overly narrow interpretation should not be adopted, particularly in view of the liberal standards which control under Fed. R. Civ. P. 15(a)(2).

10

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

*See Gardner v. Nationstar Mortg., LLC*, 2:13-CV-1641-HRH, 2015 WL 4716507, at *2 (D. Ariz. Aug. 7, 2015) ("Fed. R. Civ. P. 15(a)(2)…clearly signals that leave to amend should be freely given.").

In *Gardner,* the Court denied defendants' motion to strike where plaintiffs filed an amended complaint that was modified from its proposed amended complaint. Defendants moved to strike on that basis. *See Gardner*, 2015 WL 4716507, at *1. The Court reasoned that Rule 12(f), which makes provisions for motions to strike, authorizes the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*., quoting Fed. R. Civ. P. 12(f). There, like here, plaintiffs' modifications did not include any of the type of material covered by Rule 12(f). *Id.*

Similarly, in *Gardner*, plaintiffs did not have defendants' consent, nor did plaintiffs seek leave of court to modify the filed version of the amended complaint, the Court noted that "Rule 15(a)(2) goes on to provide that '[t]he court should freely give leave when justice so requires.'" *Id*. Interpreting the rules liberally in the context of facts like in this case, the Court concluded that "the changes made by plaintiffs…***do not substantially alter plaintiffs' claims***, ***and in some instances address changes in facts occurring between preparation of the proposed [] amended complaint and the filing of the [] amended complaint***." *Id* (emphasis added). The same can be said here.

Addressing LR 15-1's tension with the Federal Rules, Plaintiffs' SAC approved with the *ex parte* application alleged that "NBC Universal's VUDU platform" was "currently" advertising that Ana de Armas appears in the movie *Yesterday*. Dkt. No. 28-3, at ¶86. Given that, subsequent to the filing of Plaintiffs' complaint, entities like Amazon.com have replaced the original trailer for the movie *Yesterday*, Plaintiffs amended the SAC – as a precaution – to read as follows:

> NBC Universal's VUDU platform, co-owned with
> Defendant, was affirmatively advertising Ana De Armas

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

as appearing in the movie Yesterday, which is for sale and
rent on the platform, **at least as recently as May 3, 2022**.

SAC, Dkt. No. 36-1, at ¶86 (emphasis added)

More specifically, in order to make sure the SAC would be accurate, Plaintiffs removed the "currently" language and replaced it with an allegation tied to a date that Plaintiffs' knew would be truthful when the SAC was filed. While Plaintiffs' precautionary amendment was obviously well-intended, and followed the guidance of Fed. R. Civ. P. 11, Defendant's interpretation of Fed. R. Civ. P. 15(a) and Civ. L.R. 15-1 would require Plaintiffs to file the SAC with the "currently" language, even if Defendant had stopped the complained of advertising, and even if Plaintiffs knew this. This interpretation, which would mandate that Plaintiffs subject themselves to the severe sanctions of Fed. R. Civ. P. 11, cannot be correct. And, for at least the sake of consistency, if the rule must be construed broadly to comport with Rule 11 under those circumstances, it should also be construed liberally to also take into account Rule 1's guidance to facilitate the just, speedy, and inexpensive determination of this case, as well as other factors of fairness and justice. *See* Fed. R. Civ. P. 1.

Plaintiffs other amendments to the complaint were either grammatical, or fixed readability issues, fixed the spelling of a plaintiff's name, or populated language already existing in the SAC for consistency. For example, SAC paragraph 109 (and similar paragraphs) merely added the words "deceitful, fraudulent, [and] unfair" – words and allegations already contained elsewhere in the pleadings, including in Plaintiffs' claims under CLRA and UCL. Although Plaintiffs did actual factual detail to address the newly raised issues in Defendant's motions, this was to save the parties and the Court the trouble of potentially litigating the same claims twice, by disproving Defendant's arguments made in its "summary judgment" motion, disguised as a motion to dismiss. Even where Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

added California to its implied warranty claims, the original omission was an oversight, and the claim added with Plaintiffs' supplementation obviates Defendant's motion to dismiss arguments pertaining to alleged lack of privity.[9] It is otherwise essentially the same as prior legal claims asserted, and therefore cannot seriously burden the Defendant.

While Defendant claims that the SAC is a burden, Defendant's proposed solution was that Defendant brief the earlier version of the SAC, and if Plaintiffs' complaint was dismissed, Plaintiffs should only then file the current version of the SAC.[10] This proposed "solution", however, would be far more burdensome on the Court and the parties, would insert considerable delay, and therefore itself would violate Fed. R. Civ. P. 1.[11] *See Gardner*, 2015 WL 4716507, at *2, citing Fed. R. Civ. P. 1. ("[T]he Court has an obligation under Rule 1 to facilitate the just, speedy, and inexpensive determination of cases.") Here, Defendant's "motion to strike has not been shown to [propose to] advance the case in any respect." *Id*.

Rejecting the very remedy urged by Defendant, the Northern District of California recently ruled that it would be inefficient to strike a claim and direct a party to seek leave to amend considering that courts grant such leave "freely" when "justice so requires." *Pruitt v. Bayer U.S. LLC*, 19-CV-07951-RS, 2020 WL 10981897, at *4 (N.D. Cal. Sept. 8, 2020), quoting Fed. R. Civ. P. 15(a)(2). The Court in *Pruitt* reasoned that Motions to strike

---

[9] Such argument is inapposite to many of the movie products regardless, since Universal is a direct seller, despite its claims otherwise.

[10] Defendant's motions, under such circumstances, would have undoubtedly argued that Plaintiffs were provided with the opportunity to amend the SAC further but that Plaintiffs' sat on their hands, with the benefit of Defendant's earlier briefing, and therefore should not be provided with further opportunity for amendment.

[11] This is particularly true since Plaintiffs' SAC moots many if not all of Defendant's bases for dismissal, as explained in its original motion to dismiss (which, again, Plaintiffs did not have access to before filing its *ex parte* application).

should be granted if it will "eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Pruitt v. Bayer U.S. LLC*, 19-CV-07951-RS, 2020 WL 10981897, at *4 (N.D. Cal. Sept. 8, 2020).

Given the evident tension between LR 15-1 and the Federal Rules, at least under the construction advanced by Defendant, Plaintiffs urge the Court to apply the same reasoning that courts consider when the constitutionality of a statute is at issue. That is - as is true here - if the Local Rule is susceptible to multiple interpretations, the interpretation which does not conflict with the Federal Rules should be chosen. *See* Ashwander v. Tennessee Valley Auth., 297 U.S. 288, 348 (1936) ("When the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided."). Conversely, if LR 15-1 is not susceptible to multiple interpretations, yet conflicts with Federal Rules 1 and 11 regardless, it should be held void, at least under the facts "as applied" here.

Because granting Defendant's Motion will not advance the case, but will instead impede the "just, speedy, and inexpensive determination of cases," the Court should deny Defendant's *Ex Parte*.

## B.    Defendant Will Not Be Prejudiced

Most importantly, Defendant has not shown (because it cannot show) that it will be prejudiced if the Court denies its *Ex Parte*. Motions to strike should be granted if it will "eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Pruitt v. Bayer U.S. LLC*, 19-CV-07951-RS, 2020 WL 10981897, at *4 (N.D. Cal. Sept. 8, 2020); *see also In re Ford Tailgate Litig.*, 11-CV-2953-RS, 2014 WL 3899545, at *7 (N.D. Cal. Aug. 8, 2014) (Court denied motion to strike  on the basis that there would be "no

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

prejudice to defendants" where "leave was not formally sought to add new plaintiffs to the complaint."). Defendant cannot satisfy this standard.

In a recent case in this District, the Court denied a defendant's motion to strike where certain new claims were added because allegations were tied to existing claims. Thus, even though plaintiff added new claims without leave or permission from defendant, the Court denied defendants' motion to strike because the additional causes of action were not "entirely new" and because there would be "no prejudice to Defendants." *Rowell v. Sony Pictures TV, Inc.*, LACV1502442JAKAGRX, 2016 WL 10644537, at *4–5 (C.D. Cal. June 24, 2016), *aff'd*, 743 Fed. Appx. 852 (9th Cir. 2018)(unpublished).

To support its decision to deny defendant's motion to strike, the Court in *Rowell* reasoned that no prejudice would occur to defendant because the case was at a "relatively early stage," discovery had just begun, and the "controlling legal standards 'permit amendment with extreme liberality.'" *Rowell*, 2016 WL 10644537, at *4 (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotations omitted).

Here, where the case has only barely begun, Defendant's only claimed prejudice is that the SAC "deprived Universal of an opportunity to show why Plaintiffs' new allegations and claims were futile or otherwise unsuitable for amendment" and that it needs more time. Defendant's *Ex Parte*, at 8. Addressing the former issue, Defendant still has that opportunity. If the Court denies this *ex parte* application, Defendant will undoubtedly file a motion seeking to dismiss or strike the SAC, as permitted by Fed. R. Civ. P. 12(b)(6). In short, just as other courts have decided this very issue, Defendant's remedy is with a motion to dismiss, and not a motion under Fed. R. Civ. P. 12(f).[12] *See Gardner*, 2015 WL 4716507,

---

[12] To the extent that Defendant alleges that it seeks to remedy a naked violation of the Local Rule (which is not conceded for reasons explained herein), without being able to support its arguments with

at *1; *Advanced Microtherm, Inc.*, 2004 WL 2075445, at *12. Likewise, addressing the latter issue, Defendant's insinuation that it needs more time is disproved by Plaintiffs' agreement to give it until June 30th to respond, or even later if Plaintiff needed. *See* LeJeune Decl., Ex. A, at 2. Any effort Defendant claims it has made to date is not wasted, of course, because the claims and allegations in both the original and filed SAC are essentially the same.[13]

As set forth above, "once a district court has granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Rowell,* 2016 WL 10644537, at *4 (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)). Here, the Court has already granted Plaintiffs' *ex parte* application for leave to amend the complaint (Dkt. No. 35). Thus, given the particular circumstances here where Plaintiffs' supplementation does not materially alter the characer of this case, or otherwise prejudice Defendant, the Court should use its particularly broad discretion to allow Plaintiffs' SAC and deny Defendant's Motion.

## C.    Plaintiffs' Counsel Should Not Be Sanctioned

Regardless of how it decides this Motion, the Court should not award sanctions. Sanctions are "'an extraordinary remedy, one to be exercised with extreme caution.'" *C.Q. v. River Springs Charter Schools*, CV1801017SJOSHKX, 2019 WL 6331402, at *14 (C.D. Cal. Oct. 21, 2019), quoting *Operating Eng'rs Pension Trust v. A-C Co.,* 859 F.2d 1336,

---

actual prejudice, it was within Defendant's power at any time to consent to Plaintiffs' supplementations, which would have mooted the issue entirely. *See* Fed. R. Civ. P. 15(a) (permitting to parties to stipulate to amendments).

[13] Notably, Defendant opposed Plaintiffs' *ex parte* application for leave to file the SAC in a similar vein, based on purported analogous prejudice, but then included an entire section addressing the proposed SAC in its motions anyway. See Dkt. No. 31, at 30-31.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

1345 (9th Cir. 1998). As explained herein, Plaintiffs' counsel's conduct was not willful, grossly negligent or reckless. Instead, Plaintiffs' counsel acted in good faith, and in an efficient manner supported by case law. *See supra.* Plaintiffs' liberal interpretation of Civ. LR 15-1 is consistent with the strictures of Fed. R. Civ. P. 1 and 11, and the totality of their conduct – addressing the issues raised in Defendant's motion now rather than later – sought to introduce efficiency to this case, and not burden or prejudice. This is particularly true given that Defendant's own violations of LR 7-3 necessitated many of Plaintiffs' SAC supplementations.

Defendant cites to no case where sanctions were awarded when a Court in this District found that a plaintiff violated Civ. L.R. 15-1. Instead, Defendant relies on several inapposite cases to support its claim that sanctions should be awarded. For example, in *Bogdan,* a case from the Middle District of North Carolina, the Court did not award sanctions. *See Bogdan v. Hous. Auth. Of the City of Winston-Salem,* 1:05CV00568, 2006 WL 3848693 (M.D.N.C. Dec. 29, 2006).

In *Hadel,* the only case cited by Defendant where a court awarded sanctions for failure to file the exact version of a proposed amended complaint, plaintiffs' amended complaint added seventeen (17) companies as defendants, and plaintiffs admitted that "they were disingenuous in not presenting the actual amended complaint they intended to file when they filed the motion to amend." *Hadel v. Willis Roof Consulting, Inc.*, 2:06-CV-01032-RLH, 2010 WL 3239015, at *2 (D. Nev. Aug. 13, 2010).

The facts in *Hadel,* however*,* are easily distinguishable from the facts here. As set forth above, Plaintiffs filed their *ex parte* application seeking leave to file a SAC on May 4 – prior to viewing Defendants' Motions on May 5. Plaintiffs supplemented the SAC only after viewing Defendants' Motions, which differed greatly from Defendant's representations during the parties' Civ. L.R. 7-3 meet-and-confer proceedings.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

Defendant also cites to *Vargas* in support of its claim for sanctions, but those facts and circumstances are far different from these facts. While Plaintiffs have cited numerous cases where courts (including this District) denied motions to strike where the filed amended complaint differed from the proposed amended complaint (*see supra),* the defendants in *Vargas* brought a motion for reconsideration with no legal support and in violation of the only grounds on which a motion for reconsideration may be brought in this District. *See Lorenzo Vargas v. City of Los Angeles*, 216CV08684SVWAFM, 2018 WL 10231166, at *1 (C.D. Cal. Nov. 14, 2018). Conversely, Plaintiffs have cited several cases that support the Court using its "particularly broad" discretion to apply the "extreme liberality" standard set forth in Rule 15 discretion to deny this Motion based on the lack of prejudice to Defendants and that the SAC simply clarified Plaintiffs' causes of action and corrected a few factual allegations that had changed since the prior complaint.

Defendants' citation to *Guru Denim* is also inapposite to the current facts and proceedings. The plaintiff there "repeatedly displayed dilatory conduct throughout [the] litigation," "made no effort to prosecute [the] case for nearly sixteen months after filing the Complaint," "made no effort to…compel Defendant to comply with…discovery requests," violated a multitude of" local rules and Court orders, violated numerous local rules regarding required pretrial filings, and "violated numerous clear Court directives." *Guru Denim, Inc. v. Hayes*, CV 08-4493 SCW (RC), 2010 WL 1854020, at *3–4 (C.D. Cal. May 6, 2010). Plaintiffs' counsel's actions do not compare with the numerous violations by counsel in *Guru Denim.* In stark contrast, Plaintiffs have granted every request of Defendant pertaining to time or pages – the only dispute between the parties being Plaintiffs' *bona fide* efforts to seek justice through reasonable amendment of their pleadings.

The Court should deny Defendant's request for sanctions.

18

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

# V. CONCLUSION

Based on the foregoing reasons, the Court should deny Defendant's *ex parte* application in its entirety.

Respectfully submitted,
**LEJEUNE LAW, P.C.**

Dated: June 9, 2022      By:   */s/* Cody R. LeJeune

Cody R. LeJeune

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

**PEQUIGNOT + MYERS**
Matthew A. Pequignot
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

19

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2022, I filed the foregoing using the Court's ECF system, which served a copy of the foregoing to all counsel of record.

Dated: June 9, 2022

*/s/Cody R. LeJeune*
Cody R. LeJeune

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS

2:22-cv-00459-SVW-AGR