CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT (admitted pro hac vice)
mpequignot@mpiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive,<br><br>　　　　　Defendant, | Case No.: 2:22-cv-00459-SVW-AGR<br><br>**DECLARATION OF CODY R. LEJEUNE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STRIKE SECOND AMENDED COMPLAINT [DKT. NO. 36] FOR VIOLATION OF CIV. L.R. 15-1 AND FOR SANCTIONS** |

I, Cody R. LeJeune, declare as follows:

1. I am an attorney licensed to practice in the State of California and before this Court. I am counsel for Plaintiffs in this matter. If called as a witness, I could and would testify competently as to the facts set forth herein, as I know each to be true based upon my own personal knowledge or upon my review of the files and records maintained in the regular course of its representation of Plaintiffs. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Ex Parte Application to Strike Second Amended Complaint [Dkt. No. 36] for Violation of Civ. L.R. 15-1 and For Sanctions.

2. Attached as Exhibit A are true and correct email communications from counsel for both parties in connection with this filing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 9, 2022                  /s/Cody R. LeJeune
                                     Cody R. LeJeune

# Exhibit A

**Subject:** RE: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR
**Date:** Wednesday, June 8, 2022 at 5:10:48 PM Pacific Daylight Time
**From:** Klaus, Kelly
**To:** Matthew Pequignot, Barokh, Benjamin, Davis Fisher, Grace, Cody LeJeune
**CC:** Kristovich, Bethany

Hi Matt:

I appreciate you getting back to me, but I am sorry that Plaintiffs still will not remedy the indisputable violation of Local Rule 15-1. We will be filing our ex parte application via the ECF system, and we will let the Court know that Plaintiffs intend to oppose it.

Pursuant to Judge Wilson's Standing Order, please be advised that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte application was served.

Regards,
Kelly

---

**From:** Matthew Pequignot <mpequignot@pmiplaw.com>
**Sent:** Wednesday, June 08, 2022 3:23 PM
**To:** Klaus, Kelly <Kelly.Klaus@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** Kristovich, Bethany <Bethany.Kristovich@mto.com>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Kelly –

As you're aware, I live in Hawaii which is 3 hours earlier, so 10am (I presume PST) would have been 7am for me. I am also working on a genuine emergency matter just requested by a Canadian client this morning for a deadline set by statute and international treaty (in other words, it is not extendible for any reason, absent Congressional amendment of the relevant statute, and international action.). Though you've seen my preliminary thoughts on this matter, given these circumstances, it was essentially impossible for me to consult with my clients (that live in different areas of the country and may or may not be available today) to get you a concrete answer by a "deadline" you set well after business hours last evening (nearly 10PM PST, despite obviously being aware of the issue that morning).

Moreover, I will parrot your relatively recent email to me (pertaining to my clients' *ex parte* application, which actually was an emergency, given the anti-SLAPP rules): I don't see how your desire to file a motion to strike is an emergency (warranting an *ex parte* application) under the circumstances. Among other issues:

- Though you may have been preparing a motion to dismiss based on the SAC attached to the *ex parte* application, all of that content remains in the SAC as filed. You've also had knowledge of Plaintiffs' claims, including the lion's share of their particular detail, since at least March 4th.

- Many of the additional words in the SAC are simply clarifying details already alleged; are making more explicit what was (at least) already implicit; or are addressing Defendant's arguments and purported evidence improperly raised in Defendant's prior motions.

- June 30th is a generous enlargement of time under any circumstance, and especially under these.

- There is no scheduling order issued in this case yet, thus a deadline for amending the pleadings has not even been set (and therefore could not have been missed).

- There is no credible claim of prejudice that Universal can advance in support of opposing Plaintiffs' SAC filing.

Although you complain that you have been working on a motion directed to the SAC attached to the *ex parte* application (which is unfounded as I've already explained), we were forced to prepare nearly a full opposition to your dual-motions (while dealing with illnesses and their attendant issues) which was only necessitated by Universal's refusal to consent to the SAC, which was wasteful and burdensome to us, and not well-taken particularly in view of the "extreme liberality" standard for amending pleadings in the 9th Circuit, so that cases can be decided on their merits and not based on technicalities. DCD Programs, Ltd., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). If you file your own *ex parte* application on this issue, the issue could repeat itself, and this time also again due to Universal's actions, and not Plaintiffs.

Although we disagree that Plaintiffs violated any rule, as you well know, your client can consent to the amendment of any pleading. See FRCP Rule 15(a)(2). Therefore, I will ask (without conceding that any allegation of Universal is correct) that Universal signify its consent by simply briefing the SAC as filed using normal motion procedure. If the issue is only that you need more time (as your email seems to suggest), please let me know how much more time you need, and if your request is reasonable, I'm sure we can accommodate you. We've already agreed to an earlier generous extension (agreed to, even before you raised these issues), but since the stipulation is not yet on file, it is a simple matter to change dates.

Conversely, if you intend to proceed with your *ex parte* application, please advise us immediately. If that is the case, be reminded that Plaintiffs will likely file their own precautionary *ex parte* application to preserve their rights. Therefore, please also indicate if Universal will oppose Plaintiffs' own *ex parte* application. Again, we are available for a telephone call to discuss the issue of Plaintiffs' application as needed.

All of that said, at the current juncture, our current posture is that Plaintiffs will oppose Universal's motion (if brought), even though we have not yet had the opportunity to consult our clients.

We could all spend our time more productively focusing on the merits of this case. Therefore, I am hopeful that we can reach an agreement that gives Universal the time it perceives that it needs to oppose the SAC using normal motion practice (thereby avoiding wasteful *ex parte* practice).

Sincerely,

Matt Pequignot

Matthew A. Pequignot
Pequignot + Myers
t. 202.328.1200
f. 202.328.2219

www.pmiplaw.com

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

---

**From:** "Klaus, Kelly" <Kelly.Klaus@mto.com>
**Date:** Tuesday, June 7, 2022 at 6:43 PM
**To:** Matthew Pequignot <mpequignot@pmiplaw.com>, "Barokh, Benjamin" <Benjamin.Barokh@mto.com>, "Davis Fisher, Grace" <Grace.DavisFisher@mto.com>, Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** "Kristovich, Bethany" <Bethany.Kristovich@mto.com>
**Subject:** RE: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Matt –

I did not in any way suggest or state that you had been dishonest regarding the significant health issues you and your family have endured over the last few weeks. I believed you when you told us your family was experiencing those difficulties, and I believe you now. I am very sorry for everything you, your wife, and your children have had to go through. And as I said in my email below, I am glad to know that things have gotten better for your family.

Respectfully, however, the issue is not whether you were being honest about your family's significant health problems. The issue is that plaintiffs clearly violated Local Rule 15-1 by filing a *different* SAC than the "*the pleading approved by the Court*." The new SAC includes dozens of new factual allegations, spanning multiple pages, and two entirely new claims for relief. Plaintiffs did not inform us they intended to do this. And plaintiffs did not seek, much less receive, Court approval to do this. Local Rule 15-1 is clear and unambiguous, and plaintiffs violated it. The point is beyond dispute, and your email conspicuously does not deny the violation. Courts have stricken complaints where plaintiffs have done exactly what plaintiffs have done. *See, e.g., Lin v. Chicago Title Ins. Co.*, 2010 WL 11549337, at *1–2 (C.D. Cal. Sept. 2, 2010), *aff'd*, 501 F. App'x 655 (9th Cir. 2012) (striking an amended complaint because it added 5 paragraphs and 3 pages to the proposed amended complaint and concluding that the plaintiff's actions were "in violation of the Local Rules, the Federal Rules of Civil Procedure, and this Court's order" granting leave to amend); *see also* Local Rule 83-7 (providing for sanctions for violations of the Local Rules).

Since the Court granted leave to amend on May 27, we have been preparing a response based on the SAC plaintiffs attached to their ex parte application. It was on the basis of that SAC that we asked, and you agreed, we could have until June 30 for our response. We have not been preparing a response to a new complaint that adds many pages of new allegations and new claims for relief.

You say plaintiffs' new allegations and claims are intended to address the motions to strike and dismiss the first amended complaint (FAC). The Rules provide a mechanism for plaintiffs to seek that relief, namely, a motion to amend. We are in the situation where we have a motion on file and the SAC the Court approved because plaintiffs did not wait to see our motion and then move to amend in response to that. Plaintiffs instead went in ex parte and asked for leave to file an SAC that plaintiffs attached to their ex parte application. The Court granted your request, but Court did not say that plaintiffs could amend their pleading to respond to the brief that we had already filed. Under the Court's Order and Local Rule 15-1, plaintiffs were required to file the SAC they submitted with their application. If plaintiffs want to amend once again, they should file the SAC that complies with the Local Rules and then meet and confer with us and, if we cannot reach agreement, file a motion to amend.

I reiterate our request that plaintiffs withdraw the new SAC and file the pleading attached to your ex parte application as the Local Rule requires. Please let us know by 10 am tomorrow if plaintiffs will comply with Rule 15-1 and honor their agreement to stipulate that we may have until June 30 to respond to that SAC. If plaintiffs will not do that, we will proceed with our ex parte application.

Thanks,
Kelly

---

**From:** Matthew Pequignot <mpequignot@pmiplaw.com>
**Sent:** Tuesday, June 07, 2022 2:05 PM
**To:** Klaus, Kelly <Kelly.Klaus@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** Kristovich, Bethany <Bethany.Kristovich@mto.com>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Kelly –

We have prepared proposed revisions to the stipulation which are mostly formal in nature, but which otherwise essentially agree to your proposed answer/response deadline enlargement and briefing schedule. Cody should be sending that to you shortly. In other words, we are agreeing that Universal will have until June 30, 2022 to respond to the SAC.

I'm otherwise frankly disappointed at the suggestion that I would be dishonest about either covid (including the involvement of my children) and cancer. Point in fact, my 8 year old son found my wife cold and unconscious in our home's entry (when I found her, as a result of his screaming, I thought she might be dead), and that was before I contracted it myself along with my oldest son (my 4 year old had it earlier). The suggestion that I would be dishonest is particularly surprising given that we have tried to be amicable and accommodating in virtually all respects when Universal asks for reasonable accommodation. At this point, for example, I think we have accommodated every request of Universal.

Conversely, Universal has refused even the most basic of requests – burdening everyone as a result – our request for Universal's consent that Plaintiffs would file an amended complaint to avoid motion practice as contemplated by LR 7-3. Prior to that, Plaintiffs had avoided serving the original complaint for the express purpose of not burdening Universal, when Plaintiffs knew that an FAC was forthcoming (after compliance with the notice provisions of the CLRA was complete). In other words, under the spirit of the rule, a new amended complaint should have been allowed a matter of right, with no leave required. But Universal opposed anyway.

When Universal would not agree to an SAC, that decision forced Plaintiffs to rush to file an *ex parte* application seeking leave, which was basically a race to the courthouse necessitated by Universal's refusal to consent (viewed at least in the context of the anti-slapp procedural rules). Unfortunately, it was only after we filed the *ex parte* application for leave that we gained the benefit of Universal's motion which, itself, violated LR 7-3. That is, the motion raised many issues never discussed in the required pre-motion meet and confer, in addition to also raising many issues of fact, which Universal expressly represented that it would not do. These new issues raised by Universal, in turn, counseled that Plaintiffs address them.

Of course, at this juncture, we expect that Universal would have complained either way. If Plaintiffs didn't address all of the arguments in Universal's motions, Universal would have claimed that we sat on our hands and gave up the right. And now where we have addressed them, Universal also objects.

All of the above said, given the liberal pleading standards and background facts here - the fact that Plaintiffs' SAC merely addresses issues raised in Defendant's motion and the fact that Plaintiffs are agreeing to provide Universal with a liberal enlargement of time to respond (despite nearly all the legal issues being the same) - we respectfully request that you not file the proposed *ex parte* application. Alternatively, we suggest that you address the SAC in normal motion practice, with any Universal motion being due on or before June 30th. Alternatively, if Universal will not so agree, please take this as notice that Plaintiffs may file – as a precaution – their own *ex parte* application explaining the above facts and requesting approval of the SAC. To be clear, we don't think this should be required under the circumstances, but Universal's current posture is (possibly) forcing this precautionary extra step. Indeed, any extra burden which has been incurred by any party during the last couple of months has been necessitated by Universal, and not Plaintiffs, which we believe will be readily apparent if forced to address the issue. If you would like a call to discuss Plaintiffs' proposed *ex parte* application (which, again, we think should be unnecessary), please let us know.

Sincerely,

Matt Pequignot

Matthew A. Pequignot
Pequignot + Myers
t. 202.328.1200
f. 202.328.2219
www.pmiplaw.com

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

---

**From:** "Klaus, Kelly" <Kelly.Klaus@mto.com>
**Date:** Tuesday, June 7, 2022 at 8:44 AM
**To:** Matthew Pequignot <mpequignot@pmiplaw.com>, "Barokh, Benjamin" <Benjamin.Barokh@mto.com>, "Davis Fisher, Grace" <Grace.DavisFisher@mto.com>, Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** "Kristovich, Bethany" <Bethany.Kristovich@mto.com>
**Subject:** RE: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Matt –

Glad you and your family are feeling better. I need to raise a serious issue with you. We have reviewed the second amended complaint (SAC) that you filed very early this morning. It is not the version of the SAC you asked for leave to file or that the Court approved when it granted your application. You have added numerous additional material and two new causes of action.

This is a flat-out violation of Local Rule 15-1, which provides:

> L.R. 15-1 Separate Document. Any proposed amended pleading must be filed as an attachment to the related motion or stipulation. In addition, unless exempted from electronic filing by L.R. 5-4.2(a)(1), <u>a party who obtains leave of Court to file an amended pleading must promptly thereafter file the pleading approved by the Court as a separate document in the Court's CM/ECF System</u>.

Plaintiffs failed to file the SAC promptly. Based on your representations to us, we thought this was because you were dealing with health issues, which we could understand and of course accommodate. But it now appears plaintiffs used the time to rewrite the SAC, including adding new claims. It is hard to conceive of a more flagrant violation of the Local Rule.

I do not know if you and Cody had read the Local Rule when you prepared and filed a rewritten version of the SAC. Regardless, you are charged with knowing and complying with the Local Rules.

Our preference would be to resolve this matter without Court intervention. By this

email, I request that you immediately file a notice of withdrawal of the SAC that you filed this morning, and that you immediately file a corrected SAC, which is a clean version of the redlined SAC you filed with your ex parte application.  In addition, we need to get the stipulated briefing schedule on file with the Court today.  Under Local Rule 15-3, the prior SAC was deemed served on May 27, and we need to extend our response deadline as agreed.  Therefore, I also request that you immediately approve and authorize us to file the stipulation and proposed order we sent you last week.

We need your immediate response to these requests.  If plaintiffs will not agree, or we do not hear from you, we will have no choice but to file an ex parte application asking the Court to strike the SAC, extend our response time to the SAC filed with your ex parte application, and award sanctions for the costs we will have incurred in dealing with your violation of Local Rule 15-1.  I really hope that will not be necessary.

Thanks,
Kelly

---

**From:** Matthew Pequignot <mpequignot@pmiplaw.com>
**Sent:** Tuesday, June 07, 2022 1:38 AM
**To:** Barokh, Benjamin <Benjamin.Barokh@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Ben –

Apologies. I'm told by Cody that the dates seem fine.

One of us will confirm in the morning.

Thanks!

Matthew A. Pequignot
Pequignot + Myers
t. 202.328.1200
f. 202.328.2219
www.pmiplaw.com

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

**From:** "Barokh, Benjamin" <Benjamin.Barokh@mto.com>
**Date:** Monday, June 6, 2022 at 5:04 PM
**To:** Matthew Pequignot <mpequignot@pmiplaw.com>, "Davis Fisher, Grace" <Grace.DavisFisher@mto.com>, Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** "Klaus, Kelly" <Kelly.Klaus@mto.com>, "Kristovich, Bethany" <Bethany.Kristovich@mto.com>
**Subject:** RE: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Matt –

Just checking in to see if you've had a chance to review the stipulation. We'd like to get it on file tomorrow.

Thanks,
Ben

**From:** Barokh, Benjamin
**Sent:** Friday, June 3, 2022 3:40 PM
**To:** Matthew Pequignot <mpequignot@pmiplaw.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>
**Subject:** RE: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Thanks, Matt. I hope you, your family, and staff feel better. Have a nice weekend.

**From:** Matthew Pequignot <mpequignot@pmiplaw.com>
**Sent:** Friday, June 3, 2022 3:37 PM
**To:** Barokh, Benjamin <Benjamin.Barokh@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Ben –

Thanks for preparing this. I've only skimmed it briefly (I've been dealing with another court deadline, among other matters), but if the dates parallel our earlier agreement, I'm sure we will have no problem finalizing mutually acceptable dates. That said, Cody is out for the day I think, and I'm still playing an awful game of catch-up with other matters. Apart from my own covid experience (which was more difficult on my wife than me, but tough with two infected kids at home), another staff member has been out for chemotherapy.

All of that said, we'll get you an answer on dates by Monday (which I need to run by Cody). We should also have the SAC filed by then.

Thanks for your patience and have a good weekend.

Matt

Matthew A. Pequignot
Pequignot + Myers

t. 202.328.1200
f. 202.328.2219

www.pmiplaw.com

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

---

**From:** "Barokh, Benjamin" <Benjamin.Barokh@mto.com>
**Date:** Friday, June 3, 2022 at 7:35 AM
**To:** Matthew Pequignot <mpequignot@pmiplaw.com>, "Davis Fisher, Grace" <Grace.DavisFisher@mto.com>, Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** "Klaus, Kelly" <Kelly.Klaus@mto.com>, "Kristovich, Bethany" <Bethany.Kristovich@mto.com>
**Subject:** RE: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Matt, attached are a stipulation and proposed order addressing the briefing schedule for our motions to strike and dismiss the SAC. We suggested opposition and reply dates that parallel the dates in our first stipulation, so that each of us has the same amount of time as we would have had with respect to the FAC. Will you please let me know if we have your authorization to sign and file?

Thanks,
Ben

---

**From:** Matthew Pequignot <mpequignot@pmiplaw.com>
**Sent:** Wednesday, June 1, 2022 5:34 PM
**To:** Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Grace –

Thanks for your email. I've been recovering/playing catch-up after a covid infection, but, yes, we do intend to file a clean copy soon. One of us will also circle back soon about the briefing schedule.

Thanks - Matt

Matthew A. Pequignot
Pequignot + Myers
t. 202.328.1200
f. 202.328.2219

www.pmiplaw.com

This transmission contains confidential and/or legally privileged information from PEQUIGNOT + MYERS intended only for the use of the individual(s) to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any

action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately.

---

**From:** "Davis Fisher, Grace" <Grace.DavisFisher@mto.com>
**Date:** Wednesday, June 1, 2022 at 2:07 PM
**To:** Matthew Pequignot <mpequignot@pmiplaw.com>, Cody LeJeune <cody@lejeunelawfirm.com>
**Cc:** "Klaus, Kelly" <Kelly.Klaus@mto.com>, "Kristovich, Bethany" <Bethany.Kristovich@mto.com>, "Barokh, Benjamin" <Benjamin.Barokh@mto.com>
**Subject:** Woulfe v. Universal City Studios LLC, No. 2:22-cv-00459-SVW-AGR

Hi Matt and Cody,

Hope you both had a great holiday weekend. We are reaching out because we assume that you will be filing a clean version of Plaintiffs' Second Amended Complaint in light of the Court's recent order on your ex parte application. *See* L.R. 15-1 ("[A] party who obtains leave of Court to file an amended pleading must promptly thereafter file the pleading approved by the Court as a separate document in the Court's CM/ECF System.") Do you have a sense of when you plan to file the Second Amended Complaint? We'd also like to discuss a briefing schedule for our anticipated Motion to Strike and to Dismiss the Second Amended Complaint when you are available.

Thanks,

**Grace Davis Fisher (she, her, hers)** **|** Munger, Tolles & Olson LLP
560 Mission Street **|** San Francisco, CA 94105
Tel:  415.512.4083. **|** Grace.DavisFisher@mto.coml www.mto.com

***NOTICE***
This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.