KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF [1] SPECIAL MOTION TO STRIKE UNDER CAL. CIV. PROC. CODE § 425.16 AND [2] MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), (6)**<br><br>**Filed Concurrently:** Notice of Motions and [1] Special Motion to Strike Under Cal. Civ. Proc. Code § 425.16; and [2] Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (6); Memorandum of Points and Authorities; [Proposed] Order<br><br>Date: September 12, 2022<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A |

Defendant Universal City Studios LLC ("Universal" or "Defendant") respectfully submits this request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the YouTube videos accessible via the links below and screenshots of which appear in Exhibits 1–3 attached hereto; the content of the websites accessible via the links below and reprinted in Exhibits 4–5 attached hereto; and the DVD designated as Exhibit 6 hereto. This Request for Judicial Notice is filed in support of Defendant's Motions (1) to Strike Plaintiffs' Second Amended Complaint ("SAC") in Its Entirety Under California's Anti-SLAPP Statute, Cal. Civ. Proc. Code § 425.16, and (2) to Dismiss the SAC Under Fed. R. Civ. P. 12(b)(1), (6).[1]

| EXHIBIT | DESCRIPTION |
| --- | --- |
| 1 | YouTube video entitled "Yesterday - In Theaters June 28 (HD)," posted on Feb. 12, 2019. <br> https://www.youtube.com/watch?v=qD6FDkUXSZQ (last visited July 15, 2022) |
| 2 | YouTube video entitled "Psycho (1960) Theatrical Trailer - Alfred Hitchcock Movie," posted on Nov. 12, 2013. <br> https://www.youtube.com/watch?v=DTJQfFQ40lI (last visited July 15, 2022) |
| 3 | YouTube video entitled "Jurassic Park (1993) Teaser Trailer," posted on Nov. 12, 2018. <br> https://www.youtube.com/watch?v=zjPFyINVxW0 (last visited July 15, 2022) |
| 4 | *CinemaBlend* article entitled "Yesterday Cut An Entire Character From The Film That Would Have Changed The Plot," posted on June 26, 2019. <br> https://www.cinemablend.com/news/2475654/yesterday-cut-an-entire-character-from-the-film-that-would-have-changed-the-plot (last visited July 15, 2022) |

---

[1] Although motions to strike under California's anti-SLAPP statute may rely on extrinsic evidence, Defendant's anti-SLAPP motion, filed jointly with Defendant's Rule 12 motion, does not do so and therefore is governed by Rule 12 standards. *Choyce v. SF Bay Area Indep. Media Ctr.*, 2013 WL 6234628, at *5 (N.D. Cal. Dec. 2, 2013); *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 980 (C.D. Cal. 1999).

| EXHIBIT | DESCRIPTION |
|---|---|
| 5 | Amazon Prime Video Terms of Use, last updated on May 4, 2021. https://web.archive.org/web/20210711221406/https://www.primevideo.com/help?nodeId=202095490&view-type=content-only (last visited July 15, 2022) |
| 6 | Official DVD recording of *Yesterday*. |

Federal Rule of Evidence 201 provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  At the dismissal stage, a court may consider "materials incorporated into the complaint [and] matters of public record" without converting the motion into one for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

I. **THE CONTENTS OF THE WEBSITES IDENTIFIED IN EXHIBITS 1–5 ARE SUBJECT TO JUDICIAL NOTICE**

Universal respectfully requests that the Court take judicial notice of the contents of the websites identified in Exhibits 1–5.  "[A] court may take judicial notice of publicly available … web pages that 'indicate what was in the public realm at the time, not whether the contents of those articles [or web pages] were in fact true.'" *Tarantino v. Gawker Media, LLC*, 2014 WL 2434647, at *1 n.1 (C.D. Cal. Apr. 22, 2014) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)); *see O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.").

Universal does not ask the Court to take judicial notice of the truth of any statement in the Exhibits.  Rather, Universal respectfully requests that the Court take judicial notice that the content of the Exhibits "was in the public realm at the time" of the relevant events. *Tarantino*, 2014 WL 2434647, at *1 n.1 (citation omitted).

The content of the websites and the public availability of this content on the internet "is not subject to reasonable dispute" because the Court can go to these websites and readily determine the same. *See* Fed. R. Evid. 201(b); *see, e.g.*, *Hendrickson v. eBay Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) ("[T]he Court takes judicial notice of www.eBay.com and the information contained therein pursuant to Federal Rule of Evidence 201.").

### A. The YouTube Videos Identified In Exhibits 1–3 Are Subject To Judicial Notice

Exhibits 1–3 consist of three separate movie trailers on YouTube, accessible via the links above and screenshots of which are attached hereto. The video in Exhibit 1 is a trailer for the movie *Yesterday*, while the videos in Exhibits 2–3 are trailers for the well-known feature films *Psycho* and *Jurassic Park*. The videos are all subject to judicial notice because they "indicate what was in the public realm at the time" of the alleged events, *Tarantino*, 2014 WL 2434647, at *1 n.1 (citation omitted), and both their content and public availability are "not subject to reasonable dispute," Fed. R. Evid. 201(b).

The YouTube video identified in Exhibit 1 is also independently subject to judicial notice because Plaintiffs incorporated it by reference into the SAC. *See Eisenberg*, 593 F.3d at 1038; SAC ¶¶ 82–83 (incorporating screenshots from "Defendant's official trailer for the movie *Yesterday*," which was "published by Defendant on YouTube"). Courts regularly take judicial notice of such videos at the dismissal stage. *See, e.g.*, *Jones v. Twentieth Century Studios, Inc.*, 2021 WL 6752228, at *3 (C.D. Cal. Dec. 7, 2021) (taking "judicial notice of a DVD of the film Ad Astra and two official Ad Astra trailers" because plaintiff's complaint "relies upon [their] contents"); *Deus ex Machina Motorcycles Pty. Ltd. v. Metro-Goldwyn-Mayer Inc.*, 2020 WL 6875178, at *4 (C.D. Cal. Oct. 23, 2020) (taking judicial notice of "[t]he Film [*The Sun Is Also A Star*] and [its] Trailer" because they "are specifically referenced in the Complaint [and] form the basis of plaintiff's

causes of action"); *Fillmore v. Blumhouse Prods., LLC*, 2017 WL 4708018, at *3 (C.D. Cal. July 7, 2017) (taking judicial notice of DVD of film referenced in plaintiff's complaint), *aff'd*, 771 F. App'x 756 (9th Cir. 2019); *Lacoste v. Keem*, 2020 WL 5239110, at *3 n.3 (C.D. Cal. June 23, 2020) (taking judicial notice of YouTube video referenced in plaintiff's complaint); *City of Inglewood v. Teixeira*, 2015 WL 5025839, at *2 (C.D. Cal. Aug. 20, 2015) (taking judicial notice of six YouTube videos referenced in plaintiff's complaint).

### B. The Article Identified In Exhibit 4 Is Subject To Judicial Notice

Exhibit 4 consists of a June 26, 2019 *CinemaBlend* piece entitled "Yesterday Cut An Entire Character From The Film That Would Have Changed The Plot." https://www.cinemablend.com/news/2475654/yesterday-cut-an-entire-character-from-the-film-that-would-have-changed-the-plot (last visited July 15, 2022). *CinemaBlend* describes itself as "a constantly updated hub for fans to explore and discuss movies, TV shows and the best streaming has to offer." https://www.cinemablend.com/about.html (last visited July 15, 2022). The article is subject to judicial notice because it is a "publicly available … web page[]" that is offered not for its truth, but to show that the content of the article "was in the public realm at the time" of the relevant events. *Tarantino*, 2014 WL 2434647, at *1 n.1 (citation omitted); *United States v. Isaacs*, 359 F. App'x 875, 877 (9th Cir. 2009) (affirming district court order taking judicial notice of articles offered to show what was in public realm).

In addition, Exhibit 4 is independently subject to judicial notice because Plaintiffs' SAC incorporates its content by reference. *Eisenberg*, 593 F.3d at 1038; SAC ¶¶ 41–42, 45 (allegations quoting from *CinemaBlend* article). Courts routinely take judicial notice of news articles quoted in the complaint. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007); *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012).

      C.    **The Amazon Prime Video Terms Of Use Identified In Exhibit 5 Are Subject To Judicial Notice**

Exhibit 5 consists of the Amazon Prime Video Terms of Use in effect when Plaintiffs streamed *Yesterday* on Amazon Prime.  https://web.archive.org/web/20210711221406/https://www.primevideo.com/help?nodeId=202095490&viewtype=content-only (last visited July 15, 2022).  Exhibit 5 is properly subject to judicial notice because it is offered not for the truth of any statement contained in the Terms of Use, but rather to show that the Terms of Use are "in the public realm."  *Tarantino*, 2014 WL 2434647, at *1 n.1 (citation omitted).  Courts regularly take judicial notice of online terms of use at the dismissal stage.  *See, e.g.*, *Lacoste*, 2020 WL 5239110, at *2 n.2  (taking judicial notice of "Terms of Service" pages of YouTube, Twitter, Instagram, and Snapchat); *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1207 n.2 (N.D. Cal. 2014) (taking judicial notice of Adobe's end user license agreement because it was "publicly available on Adobe's website").

## II.    THE *YESTERDAY* DVD IDENTIFIED IN EXHIBIT 6 IS SUBJECT TO JUDICIAL NOTICE

Exhibit 6 consists of a DVD of the movie *Yesterday*, distributed by Universal Pictures Home Entertainment.  The DVD is subject to judicial notice because Plaintiffs' SAC incorporates its content by reference.  *Eisenberg*, 593 F.3d at 1038; *see, e.g.*, SAC ¶¶ 4, 7, 10, 39–40, 47–51, 75–78 (allegations concerning content of *Yesterday*).  Courts have repeatedly taken judicial notice of similar DVDs at the dismissal stage when, as here, the DVD's contents are at issue.  *See, e.g.*, *CI Games S.A. v. Destination Films*, 2016 WL 9185391, at *7 n.16 (C.D. Cal. Oct. 25, 2016) (Wilson, J.) ("As the Plaintiff clearly relies on the Defendants' movie in the Complaint, as it is the subject of the infringement action, the Court takes judicial notice of the DVD cover and the movie itself."); *Jones*, 2021 WL 6752228, at *3 (taking "judicial notice of a DVD of the film Ad Astra" because plaintiff's complaint "relies upon the contents of the film"); *Griffin v. Peele*, 2018 WL

5117555, at *4 (C.D. Cal. Jan. 18, 2018) ("The Court takes judicial notice of … the DVD of the Film 'Get Out.'"); *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010) (taking judicial notice of movie "Cars" where "Plaintiff refers to the contents of the motion picture 'Cars' … in the Complaint but does not attach [it] as an exhibit").

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court take judicial notice of the contents of (1) the YouTube videos in Exhibits 1–3; (2) the *CinemaBlend* article identified in Exhibit 4; (3) the Amazon Prime Video Terms of Use identified in Exhibit 5; and (4) the *Yesterday* DVD identified in Exhibit 6.

DATED:  July 15, 2022

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:  /s/ Kelly M. Klaus
KELLY M. KLAUS
Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC