# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION—LOS ANGELES

| | |
|---|---|
| DENIECE WAIDHOFER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; THOTHUB.TV; and JOHN DOES 1-21,<br><br>Defendants. | **Case No. 2:20-cv-06979-FMO-AS**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CLOUDFLARE, INC.'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM [RULE 12(b)(6)]** |

1

[PROPOSED] ORDER GRANTING DEFENDANT CLOUDFLARE, INC.'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM [RULE (12)(B)(6)]

# [PROPOSED] ORDER

Before the Court is the Motion of Defendant Cloudflare, Inc. ("Cloudflare") to Dismiss the Complaint of Plaintiff Deniece Waidhofer ("Plaintiff") for failure to state a claim upon which relief can be granted. The Court has considered the Motion to Dismiss and finds that good cause exists to grant the requested relief for the reasons stated in the Motion and this Order.

The Court finds that the Complaint fails to state a claim upon which relief can be granted against Cloudflare. **First**, Plaintiff fails to state a civil RICO claim. Plaintiff lacks standing to bring her RICO claims. Plaintiff's allegations that Cloudflare's alleged actions harmed her by "damaging her reputation, devaluing her commercial content, and diverting customers who would otherwise purchase access to her accounts on the Licensed Sites," Compl. ¶ 254, are insufficient for purposes of standing under 18 U.S.C. § 1964(c). *See Cobb v. JPMorgan Chase Bank, N.A.*, 2012 WL 5335309, at *5 (N.D. Cal. 2012) ("[A]llegations of injury to [] reputation or goodwill are personal injuries that are unconnected to a business or property interest recognized under state law and, thus, are insufficient to show injury to a business of property interest."); *see also C&M Café v. Kinetic Farm, Inc.*, 2016 WL 6822071, at *8 (N.D. Cal. 2016) ("[H]arm to reputation is generally not considered an injury to 'business or property' under RICO."). Any attempt by this Court to calculate Plaintiff's actual damages would be entirely speculative, and apportioning the amount of Plaintiff's injury attributable to Cloudflare's alleged misconduct would be futile. *See e.g.*, *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1148 (9th Cir. 2008) (affirming dismissal of RICO claims under § 1962(c) because "the court would have to engage in a speculative and complicated analysis to determine what percentage of [Plaintiff's] decreased sales, if any, were attributable to [other factors], instead of to acts of copyright infringement or mail and wire fraud"); *see also Ozeran v. Jacobs*, 2018 WL 1989525, at *9 (C.D. Cal. Apr. 25, 2018), *aff'd*, 798 F. App'x 120 (9th Cir. 2020) (dismissing a legal service provider's civil RICO claim against a rival because

2

[PROPOSED] ORDER GRANTING DEFENDANT CLOUDFLARE, INC.'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM [RULE (12)(B)(6)]

the plaintiff's "alleged injury—the devaluation of his advertisement and loss of potential customers—[wa]s too attenuated to satisfy the civil RICO proximate cause requirement.").

Nor has Plaintiff adequately alleged that Cloudflare was the "but for" or proximate cause of her injuries. Any harm to Plaintiff was caused by her subscribers "leaking" her copyrighted works, and Defendant Thothub and its users posting them online; Cloudflare did not cause these acts, and even if it had not provided services to Thothub, Plaintiff's alleged injury would still have occurred. *See Scoggins v. HSBC Bank USA*, 2015 WL 12670410, at *3 (C.D. Cal. Oct. 8, 2015) (dismissing RICO claim against provider of banking services for lack of "but for" and proximate causation because "even if [Defendant] were not in the picture, the gang members may still have stolen from Plaintiffs and then deposited the proceeds … elsewhere"); *see also Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 774 (9th Cir. 2002) (rejecting RICO claim for failure to establish "but for" or proximate causation where Defendant's acts took place after the alleged conspiracy stole Plaintiff's property, and thus were not the cause of the injury).

Even if this Court were to determine that Plaintiff had standing, her claim nevertheless fails because she fails to plead that Cloudflare was part of a RICO "enterprise" or that Cloudflare participated in the conduct of the alleged enterprise's affairs. The ordinary business relationship that exists between Cloudflare and Thothub is insufficient to plead the existence of an enterprise for purposes of RICO. *See Gomez v. Guthy-Renker, LLC*, 2015 WL 4270042, at *11 (C.D. Cal. July 13, 2015) ("[T]he statutory requirements of RICO 'cannot be circumvented by attempting to characterize a routine contractual relationship for services as an independent enterprise.'") (citation omitted). Even if this Court were to find such an enterprise, Plaintiff pleads ordinary business conduct by Cloudflare, rather than enterprise conduct as required for a civil RICO claim. *See Wimo Labs LLC v. eBay Inc.*, 2016 WL 11507382, at *3 ("Plaintiff must set forth sufficient allegations to distinguish ordinary conduct from unlawful

conduct, but its allegations as to PayPal and eBay are wholly consistent with ordinary business conduct and an ordinary business purpose.' (internal quotation marks and alterations omitted)).

Finally, Plaintiff's RICO claims under §§1962(a) and 1962(d) are equally deficient. Plaintiff fails to allege that she was injured by Cloudflare's use of any income received by Thothub. And Plaintiff's failure to establish Cloudflare's liability under §§ 1962(a), (b), or (c) preclude a finding that she has successfully pleaded a conspiracy under § 1962(d). *Spotlight Ticket Mgmt., Inc. v. StubHub, Inc.*, 2020 WL 4342260, at *6 (C.D. Cal. May 22, 2020). For these reasons, Plaintiff's civil RICO claim must be dismissed.

***Second***, Plaintiff fails to state a claim for copyright infringement. As a preliminary matter, Plaintiff has failed to identify the works allegedly at issue, and has failed to plead that such works were actually registered at the time she filed her Complaint. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019); *TVB Holdings USA Inc. v. Enom Inc.*, 2014 WL 12581778, at *3 (C.D. Cal. Jan. 6, 2014).

Plaintiff has also failed to sufficiently allege that Cloudflare directly infringed her copyrights because she fails to allege that Cloudflare, whose systems performed automatically, acted with volition. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) ("[A]utomatic copying, storage, and transmission of copyrighted materials, when instigated by others, does not render an Internet service provider strictly liable for copyright infringement.") (alterations omitted; quoting *CoStar v. Loopnet*, 373 F.3d 544, 555 (4th Cir. 2004)). Indeed, Plaintiff's allegations are inconsistent with volitional conduct by Cloudflare. *See, e.g.*, Compl. ¶¶ 8, 169, 171, 173.

Plaintiff has also failed to adequately allege that Cloudflare engaged in contributory infringement of her copyrights because she fails to allege that Cloudflare acted with the requisite "culpable intent." *Metro–Goldwyn–Mayer Studios Inc. v.*

4

[Proposed] Order Granting Defendant Cloudflare, Inc.'s Motion to Dismiss Complaint for Failure to State a Claim [Rule (12)(b)(6)]

*Grokster, Ltd.*, 545 U.S. 913, 934 (2005); *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1148 (9th Cir. 2018) ("Nothing in [the] complaint alleges, or even suggests, that [defendant] actively induced or materially contributed to the infringement through purposeful, culpable expression and conduct.") (internal quotation marks and citation omitted). Specifically, she fails to allege either that Cloudflare could have taken simple measures, or that it failed to take available simple measures, to "prevent further damage to [Plaintiff's] copyrighted works." *Perfect 10, Inc. v. Amazon. Com, Inc.*, 508 F. 3d 1146, 1172 (9th Cir. 2007). Cloudflare also took the simple measure available to it. *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 Fed. App'x 522, 524 (9th Cir. 2020).

Finally, Plaintiff fails to state a negligence claim against Cloudflare. Plaintiff's negligence claim is preempted by the Copyright Act, 17 U.S.C. § 301(a) ("all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright … are governed exclusively by this title … [and] no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."). Cloudflare is also immunized from Plaintiff's state law claim by Section 230 of the Communications Decency Act, which provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C § 230(c)(1). Even if her state law negligence claim were not preempted by two federal statutes, Plaintiff has failed to plead the claim's elements of duty, breach, and causation. *Our House Films, LLC v. Tunnel, Inc.*, 2018 WL 7348847, at *2 (C.D. Cal. Dec. 11, 2018) (Wilson, J.). Plaintiff fails to allege that any of the six factors indicating the existence of a duty under California law are in her favor. *See Biakanja v. Irving*, 49 Cal. 2d 647, 650 (Cal. 1958). Even if Cloudflare did owe Plaintiff a duty of care, the fact that it did not own or control Thothub and lacked power to control content on Thothub's website indicates that Cloudflare did not breach such duty. Finally, Plaintiff cannot adequately allege that Cloudflare proximately caused any

5

[Proposed] Order Granting Defendant Cloudflare, Inc.'s Motion to Dismiss Complaint for Failure to State A Claim [Rule (12)(b)(6)]

harm to her, since it lacked the ability to either prevent Plaintiff's photographs from being posted anywhere, including Thothub, or remove them after they were posted.

In light of the foregoing and Plaintiff's existing allegations, any attempt to amend the Complaint would be futile.

Accordingly, **IT IS HEREBY ORDERED THAT** Cloudflare's motion is **GRANTED**, and Plaintiff's Complaint is dismissed in its entirety as to Cloudflare, with prejudice.

DATED: November ___, 2020

Hon. Fernando M. Olguin
United States District Judge

6

[PROPOSED] ORDER GRANTING DEFENDANT CLOUDFLARE, INC.'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM [RULE (12)(B)(6)]