1
2
3
4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

5
6

Attorneys for Defendants
BangBros.com Inc. and
Multi Media, LLC

7

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| DENIECE WAIDHOFER, an individual<br><br>                Plaintiff,<br><br>        vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; THOTHUB.TV; and JOHN DOES 1-21,<br><br>                Defendants. | Case No. 2:20-cv-06979<br><br>**DEFENDANTS BANGBROS.COM INC. AND MULTI MEDIA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:       November 12, 2020<br>Time:       10:00 a.m.<br>Judge:      Fernando M. Olguin<br>Courtroom:  6d |

20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 12, 2020 at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 6D of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, defendants Multi Media, LLC and BangBros.com Inc. (erroneously sued as BangBros, Inc.) (collectively the "Advertiser Defendants") will and hereby do move for an order dismissing this action in its entirety as to the Advertiser Defendants under Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 7, 2020.

Advertiser Defendants' Motion is and will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the records and file herein, and upon such other oral and documentary evidence as may be presented at the hearing on this motion.

DATED:  October 14, 2020          QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By
                                     _____
                                     Michael Zeller
                                     Attorneys for Defendants
                                     BangBros.com Inc. and Multi Media, LLC

1
2

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

BACKGROUND ............................................................................................. 2

    A.    Allegations Against Thothub And The "Member" Defendants ............ 2

    B.    The Alleged Copyrighted Works ...................................................... 3

    C.    Plaintiff's Allegations Of Infringement ........................................... 3

    D.    Allegations Against The Advertiser Defendants ................................ 4

    E.    The Purported RICO Enterprise ....................................................... 5

LEGAL STANDARD ..................................................................................... 5

ARGUMENT .................................................................................................. 6

I.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS FAIL ................. 6

    A.    Plaintiff's Claims Fail For Lack Of Copyright Registration ................. 6

    B.    Plaintiff Fails To Properly Plead Contributory Infringement ................ 7

        1.    Plaintiff Fails To Plead Requisite Knowledge ........................... 8

        2.    Plaintiff Fails To Properly Plead Any Material
            Contribution ...................................................................... 11

        3.    Plaintiff's Inducement Theory Fails As A Matter of Law ......... 12

II.    PLAINTIFF'S RICO CLAIMS MUST BE DISMISSED ............................. 14

    A.    Plaintiff Lacks Standing To Assert Any RICO Claim......................... 15

    B.    Plaintiff Fails To State A Claim Pursuant To § 1962(c) (Count 1)...... 17

        1.    Plaintiff Alleges No Facts Showing A Common Purpose ......... 17

        2.    Plaintiff Fails To Allege A Continuing Unit As Required........ 19

    C.    Plaintiff Fails To State A Claim Under § 1962(a) (Count 3) .............. 20

    D.    Plaintiff's RICO Conspiracy Claim Fails Under §1962(d) (Count
        2)............................................................................................ 21

III.    PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED ............ 22

    A.    Plaintiff's Misappropriation Of Likeness Claim Fails......................... 22

    B.    Plaintiff's Unfair Competition Claims Should Be Dismissed .............. 22

CONCLUSION .......................................................................................................... 23

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ..................................................................9, 13

*ALS Scan, Inc. v. Steadfast Networks, LLC*,
   819 Fed. App'x 522 (9th Cir. 2020) ..................................................................8

*ALS Scan, Inc. v. CloudFlare, Inc.*,
   2017 WL 1520444 (C.D. Cal. Feb. 16, 2017) ..............................................11

*Anza v. Ideal Steel Supply Corp.*,
   547 U.S. 451 (2006) .........................................................................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................5, 6, 10, 11

*Baumer v. Pachl*,
   8 F.3d 1341 (9th Cir. 1993) ..............................................................................21

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................5, 6, 11

*Boyle v. U.S.*,
   556 U.S. 938 (2009) .........................................................................................19

*British Broad. Corp. v. Stander*,
   2017 WL 1807592 (C.D. Cal. Mar. 18, 2017) .................................................6

*Bryant v. Mattel*,
   573 F. Supp. 2d 1254 (C.D. Cal. 2007) .........................................................20

*Capitol Records, Inc. v. MP3tunes, LLC*,
   2009 WL 3364036 (S.D.N.Y. Oct. 16, 2009) ..................................................8

*Chagby v. Target Corp.*,
   2008 WL 5686105 (C.D. Cal. Oct. 27, 2008),
   *aff'd*, 358 F. App'x 805 (9th Cir. 2009) .......................................................18

*U.S. v. Christensen*,
   828 F.3d 763 (9th Cir. 2015) ...........................................................................17

*Columbia Pictures Indus., Inc. v. Fung*,
   710 F.3d 1020 (9th Cir. 2013) .........................................................................13

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*,
   235 F. Supp. 3d 1132 (E.D. Cal. 2017) .........................................................20

*David v. CBS Interactive, Inc.*
   2012 WL 12884914 (C.D. Cal. July 13, 2012) ................................................9

*Diaz v. Gates*,
   420 F.3d 897 (9th Cir. 2005) ................................................................16

*Elsevier Ltd. v. Chitika, Inc.*,
   826 F. Supp. 2d 398 (D. Mass. 2011)................................................10, 12

*Emery v. Visa International Service Association*,
   116 Cal. Rptr.2d 25 (Cal. Ct. App. 2002).............................................23

*Fireman's Fund Ins. Co v. Stites*,
   258 F.3d 1016 (9th Cir. 2001) ..............................................................15

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
   76 F.3d 259 (9th Cir. 1996) ..................................................................12

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019)...........................................................................6, 7

*Gomez v. Guthy-Renker, LLC*,
   2015 WL 4270042 (C.D. Cal. July 13, 2015).......................................18

*H.J. Inc. v. Nw. Bell Tel. Co.*,
   492 U.S. 229 (1989)..............................................................................19

*Hamid v. Price Waterhouse*,
   51 F.3d 1411 (9th Cir. 1995) ................................................................16

*Holmes v. Securities Investor Protection Corp.*,
   503 U.S. 258 (1992)..............................................................................16

*Howard v. America Online, Inc.*,
   208 F.3d 741 (9th Cir. 2006) ................................................................21

*Izmo, Inc. v. Roadster, Inc.*,
   2019 WL 2359228 (N.D. Cal. June 4, 2019)..........................................7

*In re Jamster Mktg. Litig.*
   2009 WL 1456632 (S.D.Cal. May 22, 2009) .......................................18

*Jubelirer v. MasterCard Int'l, Inc.*,
   68 F. Supp. 2d 1049 (W.D. Wis. 1999) ................................................18

*Kodadek v. MTV Networks, Inc.*,
   152 F.3d 1209 (9th Cir. 1998) ..............................................................23

*Korea Supply Co. v. Lockheed Martin Corp.*,
   63 P.3d 937 (2003)................................................................................23

*Lauter v. Anoufrieva*,
   642 F. Supp. 2d 1060 (C.D. Cal. 2009) ................................................17

*Laws v. Sony Music Entm't, Inc.*,
   448 F.3d 1134 (9th Cir. 2006) ..............................................................22

*Livnat v. Lavi*,
  1998 WL 43221 (S.D.N.Y. Feb. 2, 1998) ............................................. 12

*Luvdarts, LLC v. AT & T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) ................................................. 8, 9, 10, 11

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ............................................................. 6

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd. (Grokster)*,
  545 U.S. 913 (2005) ................................................... 7, 12, 13, 14

*Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*,
  981 F.2d 429 (9th Cir. 1992) ............................................................. 20

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ..................................................... 17, 20

*Parks v. Diaz*,
  546 U.S. 1131 (2006) ...................................................................... 16

*Perfect 10 v. Google*,
  2010 WL 9479060 (C.D. Cal. July 30, 2010) ..................................... 22

*Perfect 10, Inc. v. Amazon.com, Inc. (Amazon.com)*,
  508 F.3d 1146 (9th Cir. 2007) ............................................................. 8

*Perfect 10, Inc. v. CCBill LLC*,
  488 F.3d 1102 (9th Cir. 2007) ............................................................. 9

*Perfect 10, Inc. v .Giganews, Inc. (Giganews)* (9th Cir. 2017),
  847 F.3d 657 .......................................................................... 13

*Perfect 10, Inc. v. Visa Int'l Servs. Ass'n (Visa Int'l Servs.)* (9th Cir. 2007),
  494 F.3d 788 ...................................................... 7, 8, 11, 12, 13, 14, 22

*Pillsbury, Madison & Sutro v. Lerner*,
  31. F.3d 924 (9th Cir. 1994) ........................................................... 16

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993) ................................................................ 18, 19

*Shaw v. Nissan N. Am., Inc.*,
  220 F. Supp. 3d 1046 (C.D. Cal. 2016) ............................................. 17

*Staff Holdings, Inc. v. Raygoza*,
  2017 WL 7410981  at *3 (C.D. Cal. Sept. 27, 2017) ........................... 19

*Sybersound Records, Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) ..................................................... 16, 20

*People v. Toomey*,
  203 Cal.Rptr. 642 (Cal. Ct. App. 1984) ............................................. 23

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices,*
   *& Prod. Liab. Litig.*,
   826 F. Supp. 2d 1180 (C.D. Cal. 2011) ........................................................ 18, 20

*United States v. Turkette*,
   452 U.S. 576 (1981)............................................................................................. 17

*Turner v. Cook*,
   362 F.3d 1219 (9th Cir. 2004) ............................................................................ 19

*TVB Holdings USA Inc. v. Enom Inc.*,
   2014 WL 12581778 (C.D. Cal. Jan. 6, 2014)....................................................... 7

*Walter v. Drayson*,
   538 F.3d 1244 (9th Cir. 2008) ...................................................................... 18, 19

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
   903 F. Supp. 2d 880 (C.D. Cal. 2012) .......................................................... 18, 19

**Rules / Statutes**

17 U.S.C. § 106.................................................................................................... 23

17 U.S.C. § 411(a) ................................................................................................. 6

17 U.S.C. § 506(a)(1) .......................................................................................... 21

18 U.S.C. §1961(4) .............................................................................................. 17

18 U.S.C. § 1962(a) ................................................................................... 14, 20, 21

18 U.S.C. § 1962(c) ....................................................................... 14, 17, 19, 20, 21

18 U.S.C. § 1962(d) .................................................................................... 15, 21

18 U.S.C. § 1964(c) .................................................................................... 15, 16

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 2, 5

Case No. 2:20-cv-06979
ADVERTISER DEFENDANTS' MOTION TO DISMISS

**PRELIMINARY STATEMENT**

Plaintiff's Complaint pleads no legally cognizable claim as to either defendant Multi Media, LLC or defendant BangBros.com Inc. (together, the "Advertiser Defendants") and should be dismissed.

Although plaintiff's Complaint is prolix, repetitive, and conclusory, she essentially asserts that some unknown, third-party individuals uploaded images of her to a website called thothub.tv without her permission.   On that basis, plaintiff alleges a veritable laundry list of groundless causes of action against others, no matter how attenuated their connection to thothub.tv has been.   This includes the Advertiser Defendants, whose ads to promote their own sites have been displayed in a multitude of channels, one of which was thothub.tv.  The Advertiser Defendants do not own, operate or otherwise control thothub.tv, nor do they have any connection to the alleged uploaders of plaintiff's images.  Plaintiff does not even attempt to claim otherwise. Nor does she assert the Advertiser Defendants directly infringed any of her rights.

Plaintiff's claims as to the Advertiser Defendants fail to meet the most basic federal pleading standards.  She asserts contributory copyright infringement based on works ostensibly posted by third parties to thothub.tv, but fails to allege that those works are actually the subject of an issued copyright registration, which is fatal under Supreme Court precedent.  Plaintiff's copyright claims also fail because she does not plead facts showing knowledge of, or material contribution to, any alleged specific infringement on the thothub.tv site by the Advertiser Defendants as required by binding precedent.  She also asserts, quite absurdly, multiple RICO violations against the Advertiser Defendants.   Indeed, in doing so, plaintiff gets the law exactly backward.  The Advertiser Defendants were not promoting or encouraging acts that infringed her rights on thothub.tv or anywhere else.   Rather, the Advertiser Defendants advertised *their own websites*, on which plaintiff did *not* appear and which plainly constitutes an ordinary business activity that is entirely legal.

Plaintiff's state law claims, which rotely rehash the same allegations of her federal claims, fare no better.  Her cause of action for misappropriation of likeness fails because the law has rejected her theory of secondary liability on such claims and furthermore is preempted by the federal Copyright Act.  Plaintiff's claims under the common law of unfair competition and under Section 17200 of the California Business and Professions Code fail for the same reasons.

The entirety of plaintiff's Complaint as to the Advertiser Defendants should be dismissed under Rule 12(b)(6).

## **BACKGROUND**[1]

Plaintiff alleges she is a content creator on www.onlyfans.com ("Only Fans") and www.patreon.com ("Patreon"), which she defines as the "Licensed Sites" in the Complaint.  These two social media platforms allow content creators to sell access to their digital content to paid subscribers.  Compl. ¶¶ 2, 25.  Plaintiff claims her published content consists of artistic, non-nude photographs of herself.  *Id.*

### A. Allegations Against Thothub And The "Member" Defendants

According to plaintiff, defendant Thothub.tv ("Thothub" or "thothub.tv") is a pirate website available at https://thothub.tv.  *Id.* ¶ 16.  She claims the true identity of Thothub, including its corporate structure or registration, is unknown (*id.*) and that John Does 1–21 (the "Members") are unidentified persons managing and otherwise controlling Thothub.  *Id.* ¶¶ 17, 107.  She claims the thothub.tv site "bills itself as 'the home of daily free leaked nudes'" (*id.* ¶¶ 5, 89) and looks for "leaked" content that is "not easily available to the public," such as that available on the Licensed Sites.  *Id.* ¶¶ 5, 128.[2]  Plaintiff alleges thothub.tv knowingly acquired such stolen content from

---

[1]  As required and solely for purposes of this motion to dismiss, the Advertiser Defendants assume the truth of the well-pled allegations of the Complaint as described herein, even though the Complaint is riddled with frivolous allegations and elementary errors as to the Advertiser Defendants and their operations.

[2]  Plaintiff apparently assumes the term "leaked" is interchangeable with "stolen" content from the Licensed Sites.  *Id.* ¶ 90.

the Licensed Sites by pressuring, and even extorting, other users to provide stolen content from those sites in order to be granted access to additional content and features on the thothub.tv site. *Id.* ¶ 122.

## B. The Alleged Copyrighted Works

Plaintiff generically claims to own "valid copyrights in certain photographic and audiovisual works that appeared on Thothub." *Id.* ¶ 266. According to plaintiff, she has two registrations for her works issued by the Copyright Office, namely, Registration No. VAu001393201 for certain unpublished content, and VA0002201440 for certain published content, and that "[a]dditional applications" for her alleged works "remain pending." *Id.* ¶ 69; Dkt. No. 4 (Register of Copyrights). Although plaintiff filed a document to ECF showing the aforementioned registration numbers (Register of Copyrights), it does not identify which works are registered with the Copyright Office and which are pending. Plaintiff alleges users have uploaded her unpublished photographs to thothub.tv (Compl. ¶¶ 3, 58-68, 81), but nowhere states those particular photographs are actually registered with the Copyright Office. *Id.* ¶ 69. Thus, while plaintiff asserts Thothub stole both her published and unpublished works (*id.* ¶¶ 58-73), the Complaint does not allege facts to show her *registered* works have appeared on thothub.tv. For example, plaintiff includes a screenshot of allegedly infringing content on thothub.tv as of July 13, 2020 (*id.* ¶ 193), but the Complaint does not assert this particular work is the subject of a registration issued by the Copyright Office.

## C. Plaintiff's Allegations Of Infringement

Plaintiff alleges that in or around 2019, she learned some of her works from the Licensed Sites appeared on thothub.tv. *Id.* ¶ 58. The name "NIECE WAIDHOFER" appeared on an A-Z glossary on thothub.tv, according to the Complaint. *Id.* ¶ 59. She asserts that as of July 2020, clicking on that name in the glossary led to a page

featuring two separate posts of her unverified content under the heading #NEICE WAIDHOFER NUDE.  *Id.* ¶ 59.[3]

Plaintiff further alleges that stolen content appears on thothub.tv's publicly available pages.[4]  *Id.* ¶ 60.  She asserts a "first set" of her content was featured on thothub.tv's publicly available pages entitled "NEICE WAIDHOFER NUDE ONLYFANS LEAKED VIDEO AND PHOTOS."  *Id.* ¶ 60.  The page purportedly included a composite video and 64 images of plaintiff, which she alleges is her proprietary content.  *Id.*.  Plaintiff claims a "second set" of her content that included 50 images was featured on Thothub's website.  *Id.* ¶ 61.  She further alleges her content appeared in a discussion forum on thothub.tv (*id.* ¶¶ 62-68) and that the Members posted links to her content in various discussion forum posts from May 26, 2019 through December 30, 2019.  *Id.* ¶¶ 58-68.

### D.    Allegations Against The Advertiser Defendants

The Advertiser Defendants are companies operating in the adult entertainment industry.  *Id.* ¶¶ 19-20.  Nowhere does the Complaint allege that thothub.tv is owned or operated by the Advertiser Defendants.  Instead, the Complaint asserts, in entirely conclusory, factually unsupported fashion, that the Advertiser Defendants induced, caused or materially contributed to the infringing conduct on thothub.tv and supposedly induced thothub.tv to steal content as a means of undermining their business competition.  *Id.* ¶¶ 275, 278.  She further asserts the Advertiser Defendants provided advertising revenue "critical to helping Thothub provide infringing content to a high volume of users."  *Id.* ¶ 205.  The Complaint describes a single, random post from someone called "Teller," who purportedly wrote: "I know ads are a love and I'm

---

[3]   In a footnote to the Complaint, plaintiff alleges in threadbare fashion that unverified means thothub.tv had not verified that those depicted in the content have authorized use of the content on Thothub's website.  *Id.* ¶ 59 n. 3.

[4]   The Complaint does not make clear whether the A-Z glossary is publicly available.

sorry but I don't know any other way." *Id.* ¶¶ 206, 208.  Plaintiff thus asserts that the Advertiser Defendants' revenue was required for thothub.tv to operate.  *Id.* ¶ 213.

### E.    The Purported RICO Enterprise

According to plaintiff's Complaint, "Thothub, by and through its Members and other participants, constitutes an association-in-fact enterprise." *Id.* ¶ 247.  With no supporting facts, plaintiff claims the "enterprise" had a common purpose to "unlawfully steal, use, distribute and profit from digital content from the Licensed Site" with a "detailed structure or organization," and functioned as a "continuing unit with membership, rank, privileges and access constantly being maintained by the Members." *Id.*  Plaintiff alleges the Advertiser Defendants were part of this racketeering scheme because, she says, they engaged in predicate acts of criminal copyright infringement (*id.* ¶ 259), namely, contributory copyright infringement by "knowingly providing funds that are necessary to support infringing activity [on Thothub's website] through the purchase of expensive webhosting and content-delivery services." *Id.* ¶ 275.

According to plaintiff, also without factual elaboration, the ostensible acts of racketeering have damaged her reputation, devalued her commercial content and diverted customers who would otherwise have purchased access to her accounts on the Licensed Sites. *Id.* at ¶ 254.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.*  Thus, although a court must generally accept all factual allegations as true on a motion to dismiss, the court does not accept all legal conclusions as true.  *Id.*; *see also Twombly*, 550 U.S. at 555 (courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Dismissal for failure to state a claim is "warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory."  *British Broad. Corp. v. Stander*, 2017 WL 1807592, at *4 (C.D. Cal. Mar. 18, 2017) (Olguin, J.) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

## **ARGUMENT**

## I.   **PLAINTIFF'S SECONDARY THEORIES OF COPYRIGHT INFRINGEMENT CLAIMS IN COUNTS 6 AND 7 FAIL**

Plaintiff's claims of secondary copyright infringement in Counts 6 and 7 against the Advertiser Defendants should be dismissed.  Nowhere does she allege the Advertiser Defendants themselves reproduced, distributed or took other actions otherwise that *directly* infringed any of her claimed rights. Instead, she alleges only secondary theories of liability.  But those claims fail because the Complaint does not allege the infringement of registered copyright works as required under black-letter law and, additionally, fails to plead facts showing a proper claim of contributory infringement against the Advertiser Defendants.

### A.   **Both Of Plaintiff's Copyright Claims Fail For Lack Of Registration**

17 U.S.C. § 411(a) provides "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title."  As the Supreme Court has held, this requirement is met "not when an application for registration is filed," but only "when the Register has registered a copyright after examining a properly filed application."  *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct.

881, 892 (2019).  A complaint cannot be amended to include subsequently registered works but instead must be dismissed.  *See Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019).  Moreover, a plaintiff must identify with specificity which work or works were copied without permission. *TVB Holdings USA Inc. v. Enom Inc.*, 2014 WL 12581778, at *3 (C.D. Cal. Jan. 6, 2014).

Plaintiff fails to meet these fundamental pleading requirements.  The Complaint alleges Thothub directly infringed plaintiff's copyrighted works (*see* Compl. ¶¶ 3, 58-73, 81), for which she claims the Advertiser Defendants are secondarily liable. Nowhere in the Complaint, however, does she plead that any allegedly infringed works are among those that have been actually registered with the Copyright Office. For example, plaintiff includes a screenshot of allegedly infringing content that appeared on Thothub as of July 13, 2020.  *Id.* ¶ 193.  The image is described as infringed, but nowhere does plaintiff allege it is the subject of an issued registration. Indeed, plaintiff expressly concedes that some registration applications remain "pending."  *Id.* ¶ 69.  Because plaintiff has failed to allege that each allegedly infringed work is the subject of a validly *issued* copyright registration, her copyright claims must be dismissed for this reason alone.  *Fourth Estate Pub. Benefit Corp.*, 139 S.Ct. at 887, 892.

## B.   Plaintiff Fails To Properly Plead Contributory Infringement

As a separate basis for dismissal, plaintiff nowhere pleads any sufficient factual basis to support her claims of contributory copyright infringement and induced copyright infringement as to the Advertiser Defendants.   Compl. ¶¶ 271-79. Contributory copyright infringement is a form of secondary liability that is predicated on conduct which encourages or assists direct copyright infringement.  *Perfect 10, Inc. v. Visa Int'l Servs. Ass'n* (*Visa Int'l Servs.*), 494 F.3d 788, 794-95 (9th Cir. 2007) (citation omitted); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* (*Grokster*), 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentional¶y inducing or encouraging direct infringement . . . .").   The Ninth Circuit has

synthesized the contributory infringement tests to explain that "one contributorily infringes when he (1) has knowledge of another's infringement[,] and (2) either (a) materially contributes to or (b) induces that infringement." *Visa Int'l Servs.*, 494 F.3d at 794-95.

Plaintiff's infringement allegations against the Advertiser Defendants are based on the theory that, by virtue of having their advertisements for their own sites appear on another site—thothub.tv, which again the Advertiser Defendants do not own or operate—they provided advertising revenue "critical to helping Thothub provide infringing content to a high volume of users" (Compl. ¶ 205), and supposedly "induced Thothub to steal content from the Licensed Sites, in particular, as a means of undermining their business competition." (*id.* ¶ 278).

These allegations fail on their face against the Advertiser Defendants. As a preliminary matter, "induced copyright infringement" is not a distinct cause of action for secondary liability for copyright infringement—rather, under settled Ninth Circuit law, inducement is merely a theory of contributory liability. *See Perfect 10, Inc. v. Amazon.com, Inc.* (*Amazon.com*), 508 F.3d 1146, 1170 (9th Cir. 2007) (describing inducement as a "category" of contributory liability). Accordingly, Count 7 should be dismissed for this reason alone. *See, e.g.*, *Capitol Records, Inc. v. MP3tunes, LLC*, 2009 WL 3364036, at *4 (S.D.N.Y. Oct. 16, 2009) (dismissing separate inducement claim). Regardless of how they are formulated, however, neither of plaintiff's contributory or inducement theories in Counts 6 or 7 pass muster.

### 1.    Plaintiff Fails To Plead Requisite Knowledge

Plaintiff has not adequately pleaded the knowledge prong of contributory liability. She instead resorts to vague, conclusory statements that fail as a matter of law. "To be liable for contributory copyright infringement, the knowledge required is 'more than a generalized knowledge . . . of the possibility of infringement.'" *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 Fed. App'x 522, 524 (9th Cir. 2020) (quoting *Luvdarts, LLC v. AT & T Mobility, LLC* (*Luvdarts*), 710 F.3d 1068, 1072

(9th Cir. 2013)).  Indeed, "'actual knowledge of *specific* acts of infringement' is required for contributory infringement liability.'" *Luvdarts*, 710 F.3d at 1071 (quoting *A&M Records, Inc. v. Napster, Inc. (Napster)*, 239 F.3d 1004, 1021 (9th Cir. 2001) (emphasis added).

Plaintiff here fails to allege that the Advertiser Defendants knew of the specific alleged infringements at issue.  Instead, she only generically alleges that "[a]s major players in the online adult content industry . . . , Advertiser Defendants know, and cannot reasonably avoid knowing, that Thothub is a pirate site."  Compl. ¶ 12.  But binding Ninth Circuit precedent holds knowledge is not properly alleged simply because a system or website permits the exchange of copyright material, and instead requires actual knowledge of the specific acts of infringement.  *Luvdarts*, 710 F.3d at 1072 (citing *Napster*, 239 F.3d at 1021); *David v. CBS Interactive, Inc.*, 2012 WL 12884914, at *3 (C.D. Cal. July 13 2012) (same).  Thus, contrary to plaintiff's apparent assumption, knowledge cannot be imputed to the Advertiser Defendants through alleged statements by Thothub to be "the home of daily free leaked nudes" (Compl. ¶¶ 5, 89); through Thothub members' forum postings (*Id.* ¶¶ 58-68); or through Thothub members' oblique references to copyrighted content (*Id.* ¶¶ 128-29).

Plaintiff's allegations fall far short of pleading knowledge of *specific acts* of infringement known to the Advertiser Defendants.  Indeed, thothub.tv's banner statement does not reference specific acts of copyright infringement of the particular works at issue here, and amounts to nothing more than puffery from a website (like virtually all other websites) that apparently required user traffic to survive.  *See, e.g.*, *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1113-14 (9th Cir. 2007) (reasoning, in the course of analyzing whether a defendant claiming a § 512 safe harbor had "red flag" knowledge of infringing activity, "[w]hen a website traffics in pictures that are titillating by nature, describing photographs as 'illegal' or 'stolen' may be an attempt to increase their salacious appeal, rather than an admission that the photographs are actually illegal or stolen").  Sporadic references to plaintiff in Thothub's user forum

likewise cannot not amount to actual knowledge by the Advertiser Defendants, especially since they do not even reference the purportedly copyrighted works at issue here.  Nor do plaintiff's allegations of free content on thothub.tv suffice.  *See* Compl. ¶¶ 91-93; 215-16.  Notably, these allegations do not specify that the free content is infringing—let alone that any such infringement concerns the specific, ostensibly copyrighted works at issue here.

In sum, as in this case, "conclusory allegations that the [defendant] had the required knowledge of infringement are plainly insufficient." *Luvdarts*, 710 F.3d at 1072; *see also Elsevier Ltd. v. Chitika Inc.*, 826 F. Supp. 2d 398, 405 (D. Mass. 2011) ("[Plaintiff] fail[s] to support with plausible facts [the] conclusory allegations that [defendant] 'must have had knowledge' of the alleged infringement . . . ." ).[5]

Plaintiff's even more oblique, conclusory willful blindness allegations likewise fail to satisfy the knowledge requirement.  In the absence of actual knowledge, a plaintiff can plead willful blindness to specific acts of infringement, if the defendant took active steps to avoid knowledge of infringement. *Luvdarts*, 710 F.3d at 1073. "[T]o allege willful blindness, [plaintiff] must allege that [defendant] (1) subjectively believed that infringement was likely occurring on their networks and that they (2) took deliberate actions to avoid learning about the infringement." *Id.*  Here, plaintiff merely claims that "[t]he Advertiser Defendants know, or are willfully blind to the fact, that Thothub is a pirate site . . . . Each of the Advertiser Defendants is a major player in the adult entertainment industry . . . . [I]t is widely known in the industry

---

[5]   Plaintiff indirectly (and frivolously) pleads knowledge through a pay-to-play allegation: "In exchange for their financial support, the Advertiser Defendants also receive a form of immunity or protection from Thothub against having their own digital content stolen and illegally distributed by Thothub and its associates." Compl. ¶ 190.  For the reasons already recited, this generic statement, devoid of any facts, cannot sufficiently allege knowledge. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (quotation and citation omitted).

that Thothub specializes in providing stolen content." Compl. ¶ 214. This rote parroting of the elements is precisely the type of conclusory allegation that fails to meet federal pleading standards. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Nor is willful blindness to the existence of pirated material ***in general*** sufficient to meet the willful blindness requirements as set forth by the Ninth Circuit. *See Luvdarts*, 710 F.3d at 1073 (requiring willful blindness of "specific acts"). Plaintiff's theory on this score thus fails as a matter of law.

### 2. Plaintiff Fails To Properly Plead Any Material Contribution

As an independent basis for dismissal, plaintiff fails to allege facts showing the Advertiser Defendants materially contributed to the underlying infringing conduct. *See Visa Int'l Servs.*, 494 F.3d at 796. Notably, she does not assert the Advertiser Defendants manage the thothub.tv website where infringement allegedly occurred, nor the advertising platform serving ads on the website where infringement allegedly occurred, nor the payment system used by the website where infringement allegedly occurred. But even if plaintiff had alleged a contribution to that degree, her claims would still fail to plead a material contribution.

In *Perfect 10, Inc. v. Visa Int'l Servs. Ass'n*, the Ninth Circuit held that credit card companies cannot be contributorily liable for processing payments for access to websites that had displayed the plaintiff's claimed copyrighted images. 494 F.3d at 796-800. Evaluating the defendants' alleged material contribution, the court explained that "the issue here is reproduction, alteration, display and distribution, which can occur without payment. Even if infringing images were not paid for, there would still be infringement." *Id.* at 796 (citation omitted).

Here, too, the alleged infringement on thothub.tv would still have occurred even if the Advertiser Defendants' ads had not allegedly appeared near those images. In fact, the connection here is far more attenuated than in *Visa Int'l Servs.*, where the credit card companies had allegedly processed payments of website users for access to infringing content. *See id.* at 794; *see also ALS Scan, Inc. v. CloudFlare, Inc.*, 2017

-11-

WL 1520444, at *1, *6 (C.D. Cal. Feb. 16, 2017) (dismissing claim against advertising broker for contributory infringement).  Nor, as in *Visa Int'l Servs.*, are the Advertiser Defendants' ads the "'site and facilities' for the infringing activity."  494 F.3d at 798 (quoting *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996)).

In *Elsevier Ltd. v. Chitika, Inc.*, the court reached a similar conclusion in a case where Elsevier sued an advertising platform that had placed ads on a allegedly infringing site.  826 F. Supp. 2d at 399-400.  As the court concluded, "the materiality standard has not been met" under such circumstances and dismissed the action against the advertising platform.  *Id.* at 406.  Here, as well, the claimed material contribution by the Advertiser Defendants is even more attenuated than in *Elsevier*.  Plaintiff in this case alleges the advertiser—not the advertising platform—is contributorily liable.  *See* Compl. ¶ 221 (alleging the Advertiser Defendants purchased ad space on thothub.tv); *see also Livnat v. Lavi*, 1998 WL 43221, at *4 (S.D.N.Y. Feb. 2, 1998) ("Merely advertising in an issue which carries an article containing infringing photographs cannot constitute a material contribution to that infringement.").

Plaintiff fails to plead sufficient facts to support the material contribution prong of contributory liability as to the Advertiser Defendants, which requires dismissal of her copyright claims against them.

### 3.    Plaintiff's Inducement Theory Fails As A Matter of Law

The Complaint further alleges secondary copyright liability based on an inducement theory of contributory liability.[6]  This fails because plaintiff has not adequately pled facts demonstrating the requisite elements of inducement liability required by *Grokster*.  The Ninth Circuit has explained any such inducement theory requires four elements: "(1) the distribution of a device or product, (2) acts of

---

[6]   As noted above, claim seven of the Complaint improperly alleges a separate cause of action and should be dismissed.

infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Perfect 10, Inc. v .Giganews, Inc.* (*Giganews*), 847 F.3d 657, 672 (quoting *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013)). None of these elements is properly alleged here.

*First*, plaintiff cannot point to any relevant device or product the Advertiser Defendants have distributed. The Advertiser Defendants did not manage or control the thothub.tv site.[7] Unlike the platforms analyzed in the seminal inducement cases such as *Napster* and *Grokster*, the Advertiser Defendants here have distributed no device or product that was "engineered, disseminated, and promoted explicitly for the purpose of facilitating piracy [] and reducing legitimate sales." *Visa Int'l Servs.*, 494 F.3d at 801 (analyzing *Napster* and *Grokster*).

*Second*, as noted above, plaintiff does not allege any specific acts of direct infringement of works registered with the Copyright Office.

*Third*, plaintiff proffers no factual allegations suggesting the Advertiser Defendants had an objective of promoting infringement of her allegedly copyrighted works on thothub.tv. Indeed, the Advertiser Defendants were not promoting the thothub.tv site on other websites or anywhere else—they were advertising *their own websites* on thothub.tv. Plaintiff thus gets it exactly backward by failing to allege that the Advertiser Defendants "communicated an inducing message to their . . . users." *Visa Int'l Servs.*, 494 F.3d at 801 (quoting *Grokster*, 545 U.S. at 937) ("The classic example of [an inducing message] is an 'advertisement or solicitation that broadcasts

---

[7] Plaintiff's allegations that the Advertiser Defendants supposedly exerted "control" over their advertisements on the site (and not the site itself) and that the connection with thothub.tv is "dynamic, continuous, and updated in real time" do not salvage her claim. *See* Compl. ¶¶ 193-98. She also does not claim Advertiser Defendants run an advertising platform, but merely purchased ad space. *Id.* ¶ 221. Not only are her conclusory statements devoid of the required factual allegations, but advertisements rich in content do not somehow control the website they appear on, let alone any allegedly infringing content thereon.

a message designed to stimulate others to commit violations.'"). Plaintiff appears to assert financial support through advertising revenue promoted thothub.tv by keeping its servers running and thothub.tv's sole purpose was infringement. Compl. ¶ 205. But "[m]ere knowledge of infringing potential or actual infringing uses would not be enough here to subject [a defendant] to liability. … [I]nducement 'premises liability on purposeful, culpable expression and conduct.'" *Visa Int'l Servs.*, 494 F.3d at 801 (citing *Grokster*, 545 U.S. at 937). As previously explained, knowledge is not sufficiently pleaded here, let alone purposeful, culpable conduct as to plaintiff.

*Lastly*, plaintiff cannot show causation because, similar to *Visa Int'l Services*, the Advertiser Defendants' ads do "not facilitate access to [infringing] websites; infringers do not use it to copy, alter, distribute or display infringing material; and consumers do not use it to locate, view or download the infringing images." 494 F.3d at 802 (citation and internal quotation marks omitted). Nowhere does plaintiff allege any facts otherwise.

Because plaintiff has failed to properly plead contributory copyright infringement under any theory of material contribution or inducement, those claims should be dismissed.

## II. PLAINTIFF'S RICO CLAIMS IN COUNTS 1-3 MUST BE DISMISSED

Plaintiff purports, even more frivolously, to seek relief against the Advertiser Defendants pursuant to three provisions of RICO, namely, 18 U.S.C. § 1962(a), (c) and (d) in Counts 1-3 of the Complaint.

18 U.S.C. §1962(a) prohibits a person who receives "any income derived, directly or indirectly, from a pattern of racketeering activity" from "us[ing] or invest[ing], directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise" engaged in interstate commerce. 18 U.S.C. § 1962(c) prohibits a person employed by or associated with any enterprise engaged in interstate commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs

through a pattern of racketeering activity." 18 U.S.C. §1962(d) makes it unlawful for "any person to conspire to violate" the provisions of the statute.

RICO provides a private right of action for "[a]ny person injured in his business or property" by a RICO violation. 18 U.S.C. § 1964(c). The elements of a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, (5) causing injury to the plaintiff's business or property. *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001) (citation omitted). The fifth element further requires that the plaintiff (1) show the injury was proximately caused by the fraudulent conduct and (2) show concrete financial loss by documenting the amount of damages. *Id.* (citation omitted).

Each of plaintiff's RICO claims fails for multiple independent reasons. Indeed, the claims are replete with fundamental legal errors—including by flying directly in the face of binding Supreme Court and Ninth Circuit law—and do not meet basic federal pleading standards as discussed below. They should be dismissed.

**A.     Plaintiff Lacks Standing To Assert Any RICO Claim in Counts 1-3**

Plaintiff fails to properly plead either of the two required elements for RICO standing: (1) proximate cause and (2) a cognizable injury.

*First*, plaintiff fails to sufficiently allege that the Advertiser Defendants were the proximate cause of her only purported injuries, which she claims in conclusory fashion has consisted of "damaging her reputation, devaluing her commercial content, and diverting customers who would other purchase access to her accounts on the Licensed Sites." Complaint, ¶ 254. The closest the Complaint comes to alleging any facts on this score is a single, random post from someone called "Teller"—who plaintiff asserts is with Thothub, and not either of the Advertiser Defendants—that purportedly says: "I know ads are a love and I'm sorry but I don't know any other way." *Id.* ¶¶ 206, 208. Plaintiff extrapolates from that statement the Advertiser Defendants' revenue is required for Thothub to operate. *See id.*, ¶ 208. This comes nowhere close to the required pleading standards for any of plaintiff's RICO claims.

In order to plead a civil RICO claim, a plaintiff must show that a defendant's violation of § 1962 was the proximate cause of the alleged injury. *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1419 (9th Cir. 1995) (citing *Holmes v. Secs. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992) and *Pillsbury, Madison & Sutro v. Lerner*, 31. F.3d 924, 928 (9th Cir. 1994)); *see also Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1148 (9th Cir. 2008) (concluding that "harm" cannot be "attenuated"). As the Supreme Court explained in *Anza* v. *Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006): "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to plaintiff's injuries."

Here, because there are no alleged facts showing actions by the Advertiser Defendants led directly to plaintiff's asserted injuries, her RICO claims fail. Advertising on a website does not establish that the Advertiser Defendants engaged in any sort of conduct that induced or encouraged infringement, let alone directly. The supposed harm to plaintiff—alleged infringement of her works by Thothub—is far too attenuated and too remote from the Advertiser Defendants' conduct to confer RICO standing on plaintiff. *Sybersound Records, Inc.,* 517 F.3d at 1148. To the contrary, RICO disallows plaintiffs, such as the one here, from relying on such a "speculative and complicated analysis" to connect an action by a defendant to damages suffered by a plaintiff. *Id.* at 1148; *Anza*, 547 U.S. at 459-460. The Complaint's vague allegations about unspecified, unquantified damage to her reputation, the devaluation of her commercial content and diversion of customers (Compl. ¶ 254) are the very definition of the remote, speculative harms that are not actionable under RICO.

*Second*, plaintiff's alleged injuries are not cognizable as a matter of law. Ostensible injury to her personal reputation does not constitute injury to a "business or property interest" under 18 U.S.C. § 1964(c). *Diaz v. Gates,* 420 F.3d 897, 900 (9th Cir. 2005) (en banc), *cert. denied*, *Parks v. Diaz*, 546 U.S. 1131(2006) (plaintiff cannot recover under RICO for pecuniary losses most properly understood as part of

a personal injury claim); *Lauter v. Anoufrieva*, 642 F.Supp. 2d 1060, 1086 (C.D. Cal. 2009) ("To the extent the loss of future income is alleged to be attributed to the damage to plaintiff's reputation, such losses are not compensable under RICO.") (citing cases).

Each of plaintiff's RICO claims should be dismissed for lack of standing.

**B.      Plaintiff Fails To State A Claim In Count 1 Pursuant To § 1962(c)**

Even if plaintiff had standing to assert a RICO claim (and she does not), her claim under § 1962(c) in Count 1 fails for several additional, independent reasons. To properly allege a claim under § 1962(c), a plaintiff must allege facts establishing the existence of a RICO "enterprise." An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals, associated in fact although not a legal entity." 18 U.S.C. §1961(4).  An associated-in-fact enterprise under RICO has three elements: "(1) common purpose, (2) an ongoing organization, and a (3) continuing unit." *U.S. v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015) (citation omitted).  *See also U.S. v. Turkette*, 452 U.S. 576, 583 (1981); *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc), *cert. denied*, 552 U.S. 464.

**1.      Plaintiff Alleges No Facts Showing A Common Purpose**

Plaintiff asserts in conclusory fashion that the Advertiser Defendants had a common purpose in stealing Plaintiff's content, but that fails as a matter of law because the Advertiser Defendants are not and cannot be held liable for any alleged copyright infringement on the Thothub site for the reasons set forth above.  *See* Section II, *supra*.

Moreover, and independently, plaintiff fails to plead facts showing a connection to any enterprise beyond the arrangements the Advertiser Defendants made leading to the placement of advertisements on Thothub's website.  That is the type of routine, ordinary business conduct that cannot support this required element. *Shaw v. Nissan N. Am., Inc.*, 220 F. Supp. 3d 1046, 1057 (C.D. Cal. 2016) ("At best,

the allegations here only demonstrate that the parties 'are associated in a manner directly related to their own primary business activities.'" (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig*., 826 F. Supp. 2d 1180, 1202 (C.D. Cal. 2011)).   Thus, for example, in *Gomez v. Guthy-Renker, LLC*, the court granted a motion to dismiss on the grounds that plaintiff "has done no more than describe the ordinary operation of a garden-variety marketing arrangement" and that "that RICO liability must be predicated on a relationship more substantial than a routine contract between a service provider and its client."  2015 WL 4270042, at *8-11 (C.D. Cal. July 13, 2015); *see also Chagby v. Target Corp.* 2008 WL 5686105 at *2 (C.D. Cal. Oct. 27, 2008) ("Plaintiff alleges no facts that could lead someone to believe that Defendants' relationship with its advertising agency was anything more than a typical client of the advertising agency."), *aff'd*, 358 F. App'x 805 (9th Cir. 2009); *Jubelirer v. MasterCard Int'l, Inc.,* 68 F. Supp. 2d 1049, 1053 (W.D. Wis. 1999) ("Accepting plaintiff's allegations as sufficient to allege a RICO enterprise would lead to the absurd conclusion that each of the many million combinations of merchant, MasterCard and lender is a RICO enterprise."); *In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *5-6 (S.D. Cal. May 22, 2009) (finding RICO claims not adequately pleaded because, after plaintiff's legal conclusions were set aside, all that remained was "conduct consistent with ordinary business conduct and an ordinary business purpose").

Plaintiff further fails to allege any facts showing how the Advertiser Defendants purportedly have "directed the affairs" of the purported RICO enterprise. "Liability for participating in the 'conduct' of a RICO enterprise extends only to those who 'have some part in directing [the enterprise's] affairs.'" *In re WellPoint, Inc. Out-of-Network UCR Rates Litig*., 903 F. Supp. 2d 880, 910 (C.D. Cal. 2012) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)).  "[S]imply being involved," and "[s]imply performing services for the enterprise does not rise to the level of direction." *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008).  Similarly, it "is not enough

that [a defendant] failed to stop illegal activity." *Id.* at 1248.  Indeed, RICO liability requires a "'showing that the defendants conducted or participated in the conduct of the 'enterprise's* affairs,' not just their *own* affairs.'"  *In re WellPoint, Inc., 903 F. Supp. 2d. at* 910 (quoting *Reves*, 507 U.S. at 185) (emphasis in original).

Here, plaintiff offers only vague, conclusory assertions, with none of the requisite facts showing the Advertiser Defendants directed Thothub or the Members in any kind of illegal activity.   At best, the allegations show the Advertiser Defendants' participation in their own affairs, not the affairs of a RICO enterprise.[8]

## 2.   Plaintiff Fails To Allege A Continuing Unit As Required

Plaintiff's claim under § 1962(c) in Count 1 fails for additional, separate reasons.  She nowhere properly alleges facts showing the Advertiser Defendants operated as a continuing unit with Thothub and the Members over a sufficient period of time.  *See, e.g., Boyle v. U.S.*, 556 U.S. 938, 946  (2009) ("The concept of 'associat[ion]' requires both interpersonal relationships and a common interest.") (citation omitted); *Staff Holdings, Inc. v. Raygoza*, 2017 WL 7410981,  at *3 (C.D. Cal. Sept. 27, 2017) ("All that [p]laintiffs have alleged here is a pattern of activity. A pattern of activity, without any facts indicating interpersonal relationships between the participants, is not enough to allege a violation of the RICO statute."); *see also H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989) ("Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement."); *Turner v. Cook,* 362 F.3d 1219, 1229 (9th Cir. 2004).

Plaintiff has not alleged the Advertiser Defendants had the type of interpersonal relationships over an extended period of time as required to operate as a "continuing

---

[8]   Plaintiff does not allege any interaction between the Advertiser Defendants and Defendant Cloudflare, nor any link between thothub.tv and the these three defendants collectively.  Thus, to the extent the Court dismisses Plaintiff's RICO claims as to Cloudflare, it should do so with respect to the Advertiser Defendants as well for the same reasons.

1  unit" with Thothub or the Members.  She does not allege facts showing the Advertiser
2  Defendants encouraged the other Defendants to place stolen content on Thothub.  Nor
3  does she allege facts showing, for example, any type of relationship with the other
4  Defendants such as Cloudflare, let alone for a sufficient period of time.  Plaintiff
5  instead offers only (erroneous) legal conclusions and vague assertions unsupported
6  by factual allegations and thus fails to properly state a claim under § 1962(c).  *Odom,*
7  486 F.3d at 552 (RICO requires facts showing a "continuing unit" and an
8  "associat[ion]-in-fact" with a "common illegal purpose"); *see also Comm. to Protect*
9  *our Agric. Water v. Occidental Oil & Gas Corp.,* 235 F. Supp. 3d 1132, 1176 (E.D.
10  Cal. 2017) ("[I]solated incidents each involving some but not all of the named
11  defendants" fails to meet the "continuing unit" requirement); *Bryant v. Mattel, Inc.*,
12  573 F. Supp. 2d 1254, 1263 (C.D. Cal. 2007) (continuing unit requirement "is related
13  to the duration of the racketeering activities," as well as to "the notion that RICO was
14  not meant to address discrete instances of fraud or criminal conduct").

15  　　　Plaintiff's RICO claim in Count 1 should be dismissed.

16  **C.   Plaintiff Fails To State A Claim In Count 3 Under § 1962(a)**

17  　　　Plaintiff additionally has not and cannot properly allege a violation of § 1962(a)
18  by the Advertiser Defendants.  A "plaintiff seeking civil damages for violation of [§]
19  1962(a) must allege facts tending to show that he or she was directly injured by the
20  use or investment of racketeering income."  *Sybersound Records, Inc.*, 517 F.3d at
21  1149 (quoting *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 437
22  (9th Cir. 1992)).  The "investment" of racketeering income must be the proximate
23  cause of the injury.  *Id.*  It is not enough to allege that the reinvestment of proceeds
24  from the alleged racketeering activity went back into the enterprise to continue the
25  racketeering activity.  *Id.*  "Otherwise, almost every pattern of racketeering activity
26  by a corporation would be actionable under § 1962(a), and the distinction between §
27  1962(a) and § 1962(c) would become meaningless."  *In re Toyota Motor Corp.*, 785
28  F. Supp. 2d at 920 (internal citations and quotation marks omitted).

Here, Plaintiff alleges only the *same* purported injury under both § 1962(c) and § 1962(a). Compl. ¶ 260 ("All of the preceding allegations are incorporated as if fully set forth herein, including those allegations set forth above regarding the criminal enterprise, acts of racketeering, pattern of racketeering activity, and harm caused to Waidhofer by reason of the acts of racketeering."). Nowhere does she identify any supposed injury that is "separate and distinct" from the economic loss she claims flowed from the predicate acts themselves. Plaintiff instead merely, and expressly, rehashes that she has suffered the same purported racketeering injury (*id.*), which is legally improper under black-letter Ninth Circuit law. On this basis, Count 3 fails as a matter of law and must be dismissed.

### D. Plaintiff's Conspiracy Claim in Count 2 Fails Under §1962(d)

To establish a violation of section 1962(d), "Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2006) (citation omitted). Under § 1962(d), while a defendant need not have personally committed a predicate act, or even an overt act in furtherance of the RICO conspiracy, the defendant must be "aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) (citation omitted).

Here, Plaintiff does not properly allege a substantive violation of RICO under § 1962(a) or § 1962(c) for the reasons explained above. Plaintiff does not meet the pleading standards for criminal copyright infringement under 17 U.S.C. § 506(a)(1) or any other predicate acts. Nowhere does she allege any *facts*—as opposed to deficient, conclusory generalizations—that Defendants knowingly participated in Thothub's claimed infringement of her rights, or that the Advertiser Defendants undertook any other acts with the awareness of the nature or scope of the purported enterprise, or any intent to participate in it.

Plaintiff's improper conspiracy claim under § 1962(d) should be dismissed.

## III.   PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

### A.   Plaintiff's Misappropriation Of Likeness Claim Fails

Plaintiff claims misappropriation of likeness in Count 8.  Both the common law elements and statutory elements of misappropriation require a *direct* misuse of plaintiff's identity.  *See, e.g., Perfect 10 v. Google, Inc.*, 2010 WL 9479060, at *13-14 (C.D. Cal. July 30, 2010) ("'Contributing' to someone's violation of something is not the same as actually 'violating' it.").  Here, plaintiff  fails to satisfy the required elements of this claim.  She does not allege the Advertiser Defendants have directly used her likeness.  Nor could she, because plaintiff's image has not appeared in any of the Advertiser Defendants' advertisements on Thothub's website.  Plaintiff instead has asserted only secondary theories of liability, which fail as a matter of law.  *Id.*

Plaintiff's right of publicity claim is also preempted by federal copyright law.  *See Laws* v. *Sony Music Entm't, Inc.*, 448 F.3d 1134, 1146 (9th Cir. 2006) (Copyright Act preempted common law right of publicity claim because  plaintiff's cause of action was within the subject matter of copyright and the rights she asserted under California law were equivalent under the federal act).  Here plaintiff's allegations regarding the use of her identity mirror her copyright infringement claim and the rights she asserts are equivalent under the Copyright Act.  Thus, as a matter of law, her state claim is preempted by federal law.

### B.   Plaintiff's Unfair Competition Claims Should Be Dismissed

Plaintiff alleges unfair competition both under the common law and under California's Business & Professional Code section 17200 *et seq.* in Counts 9 and 10, respectively.  Both claims should be dismissed.

At the outset, these claims are little more than a regurgitation of the same legally erroneous and factually deficient allegations asserted in plaintiff's other causes of action.  They accordingly fail for the same reasons as previously set forth.

Moreover, California law precludes unfair competition liability under secondary liability and aiding and abetting theories.  *Visa Int'l Servs.*, 494 F.3d at 800.

1   Rather, a defendant's liability must be based on its own "personal participation in the

2   unlawful practices and unbridled control over the practices that are found to violate

3   section 17200 or 17500." *Emery v. Visa Int'l Serv. Ass'n*, 116 Cal. Rptr.2d 25, 33

4   (Cal. Ct. App. 2002) (citing *People v. Toomey,* 203 Cal.Rptr. 642, 651 (Cal. Ct. App.

5   1984) (internal quotation marks omitted).   Plaintiff here asserts only secondary

6   theories of liability and on this ground, as well, her claims fail as a matter of law.

7   Indeed, flying directly in the face of controlling precedent, plaintiff even improperly

8   seeks damages.   "While the scope of conduct covered by the UCL is broad, its

9   remedies are limited. A UCL action is equitable in nature; damages cannot be

10  recover*ed." Korea Supply Co. v. Lockheed Martin Corp.,* 63 P.3d 937, 943 (2003)

11  (citation omitted).

12        Lastly, plaintiff's unfair competition claims are preempted by the Copyright

13  Act. The Copyright Act grants rights "to reproduce the copyrighted work in copies,"

14  "to prepare derivative works based upon the copyrighted work," "to distribute copies

15  . . . to the public," and "to display the copyrighted work publicly." 17 U.S.C. § 106.

16  Thus, plaintiff's state law unfair competition claims assert rights equivalent to those

17  protected by the federal copyright laws and must be dismissed as a result.   *See*

18  *Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1213 (9th Cir. 1998).

19  <u>**CONCLUSION**</u>

20        For the foregoing reasons, Plaintiff's claims as to the Advertiser Defendants

21  should be dismissed.

22  DATED:  October 14, 2020        QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP

23

24

25  By                            

26              Michael T. Zeller

27              Attorneys for Defendants
            BangBros.com Inc. and Multi Media, LLC

28