**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENIECE WAIDHOFER<br><br>Plaintiff(s),<br><br>v.<br><br>CLOUDFLARE, INC., et al.<br><br>Defendant(s). | Case No.<br>2:20–cv–06979–FMO–AS<br><br>**ORDER SETTING SCHEDULING CONFERENCE** |

**PLEASE READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

**The term "Counsel," as used in this Order, includes parties appearing pro se**.

In an effort to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and inexpensive determination of every action[,]" IT IS ORDERED as follows:

1. Counsel for the parties shall attend a scheduling conference on **December 3, 2020, at 10:00 AM**, in Courtroom 6D of the 1st Street Courthouse. Lead trial counsel **must** attend the scheduling conference, unless excused by the court for good cause shown in advance of the scheduling conference. When seeking permission not to attend, lead counsel must identify the person who will

appear by name and bar number and specify that person's involvement in the case. The court may choose to postpone the scheduling conference rather than to permit counsel other than lead counsel to attend.  Local counsel may not appear at a scheduling conference in place of lead counsel.  Counsel should not purport to be "co-lead" counsel as a means of avoiding this requirement.

2. No later than **November 12, 2020**, counsel for all appearing parties and all unrepresented appearing parties, if any, shall meet, in person, telephonically or via video conference, and discuss the matters set forth in Fed. R. Civ. P. 26(f) ("Rule 26(f)") as well as those items identified in paragraph 4, below.

3. No later than **November 19, 2020**, counsel for all appearing parties, and all unrepresented appearing parties, if any, shall file a Joint Rule 26(f) Report. **A mandatory chambers copy** of the Joint Rule 26(f) Report shall be delivered to the chambers drop box at the Clerk's Office, 4th Floor of the First Street Courthouse **by 12:00 p.m. on the business day following the e-filing of the Joint Rule 26(f) Report**.

4. The Joint Rule 26(f) Report shall be drafted by plaintiff (unless the parties agree otherwise) but shall be submitted and signed jointly.  "Jointly" contemplates a single report, regardless of how many separately represented parties there are.  The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page.  It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26-1:

    a. Statement of the Case:  A short synopsis (not to exceed two pages) of the main claims, counterclaims and affirmative defenses.

    b. Subject Matter Jurisdiction:  A statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.

    c. Legal Issues:  A brief description of the **key legal issues**, including any unusual substantive, procedural or evidentiary

      issues.

    d.    <u>Parties, Evidence, etc.</u>:  A list of parties, percipient witnesses and key documents on the main issues in the case.  For conflict purposes, corporate parties must identify all subsidiaries all subsidiaries, parents and affiliates.

    e.    <u>Insurance</u>:  Whether there is insurance coverage and the extent of such coverage.

    f.    <u>Magistrate Judge</u>:  Whether the parties consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

    g.    <u>Discovery</u>:  A detailed discovery plan and a proposed discovery cut-off date.  If the parties anticipate calling expert witnesses, they must propose a schedule for expert witness disclosures (initial and rebuttal) and expert discovery cut–off under Fed. R. Civ. P. 26(a)(2).

    h.    <u>Motions</u>:  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

    i.    <u>Class Certification</u>:  A proposed deadline for the filing of a class certification motion, if applicable.

    j.    <u>Dispositive Motions</u>:  A proposed cut-off date for dispositive motions and a description of the issues or claims that any party believes may be determined by such motions.

    k.    <u>Settlement/Alternative Dispute Resolution (ADR)</u>: A statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed).  Even if the parties receive a Notice to Parties of Court-Directed ADR Program, the parties shall

indicate their settlement preference - private mediation, the assigned Magistrate Judge or an attorney from the court's ADR Panel - in the Rule 26(f) report. No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of each corporate party, have appeared personally at an ADR proceeding.

l. <u>Pretrial Conference and Trial</u>:  The proposed dates for the pretrial conference and trial.

m. <u>Trial Estimate</u>:  A realistic estimate of the time required for trial and whether trial will be by jury or by court.  Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel shall be prepared to discuss in detail the estimate.

n. <u>Trial Counsel</u>:  The name(s) of the attorney(s) who will try the case.

o. <u>Independent Expert or Master</u>:  Whether this is a case where the court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.  (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy <u>Daubert</u> hearing,  a resolution of a difficult computation of damages, etc.)

p. <u>Other Issues</u>:  A statement of any other issues affecting the status or management of the case (<u>e.g.</u>, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production,

non-English-speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

5. Discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules of the court. Pro se litigants are entitled to discovery to the same extent as are litigants represented by counsel. The court allows discovery to commence as soon as the first answer or motion to dismiss is filed. The parties should note that **discovery shall not be stayed** while any motion is pending, including any motion to dismiss and/or motion for protective order. **The parties are directed to conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extensions of the discovery or other case-related deadlines.**

6. Plaintiff's counsel or, if plaintiff is appearing pro se, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

7. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules or the Federal Rules of Civil Procedure may result in sanctions being imposed.

Dated The 16th of October 2020            /s/
Fernando M. Olguin
United States District Judge