UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER,<br><br>    Plaintiff,<br><br>  v.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; THOTHUB.TV; and JOHN DOES 1-21,<br><br>    Defendants. | Case No. 2:20-cv-06979<br><br>JOINT RULE 26(f) REPORT<br><br>**Date**: October 21, 2020<br><br>**Judge:** Hon. Fernando M. Olguin<br>**Magistrate Judge:** Hon. Alka Sagar<br><br>Complaint Filed: August 3, 2020 |

This Joint Rule 26(f) report is submitted by Plaintiff Deniece Waidhofer ("Plaintiff"), Defendant Cloudflare, Inc. ("Cloudflare"), and Defendants BangBros.com Inc. (erroneously sued as BangBros, Inc. and hereinafter referred to as "BangBros") and Multi Media, LLC ("Multi Media") (together the "Advertiser Defendants"). Plaintiff and the foregoing defendants (the "Identified Defendants") met and conferred on October 7, 2020 pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order.

**A. Statement of the Case**

*Plaintiff's Statement*

Plaintiff alleges that she owns valid copyrights in certain works depicting her person (the "Works") that have unlawfully appeared on the alleged piracy website Thothub.tv ("Thothub"). Waidhofer asserts various claims under the Copyright Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state law for the allegedly unauthorized use of her Works, name, likeness, and reputation against

the Identified Defendants, Thothub, and 21 as-yet unidentified individuals that are allegedly associated with Thothub ("John Does 1-21," and together with the Identified Defendants and Thothub, "Defendants").

In particular, Plaintiff's original complaint (the "Complaint") asserts the following claims. Count One alleges that all Defendants engaged in conduct of a RICO enterprise under 18 U.S.C. § 1962(c). Count Two alleges that all Defendants participated in a RICO conspiracy under 18 U.S.C. § 1962(d). Count Three alleges that all Defendants received income from a pattern of racketeering activity in violation of 18 U.S.C. § 1962(a). Count IV alleges that John Does 1-21 maintained control over a RICO enterprise in violation of 18 U.S.C. § 1962(b). Count Five alleges that Thothub, John Does 1-21, and Cloudflare committed direct infringement of Plaintiff's copyrights. Count Six alleges that the Defendants contributorily infringed Plaintiff's copyrights. Count Seven alleges that BangBros and Multi Media induced others to infringe Plaintiff's copyrights. Count Eight alleges that Thothub, John Does 1-21, BangBros, and Multi Media misappropriated Plaintiff's name and likeness. Count Nine alleges that Thothub, John Does 1-21, BangBros, and Multi Media engaged in unfair competition against Plaintiff. Count Ten alleges that Thothub, John Does 1-21, BangBros, and Multi Media violated Section 17200 of the California Business & Professions Code in relation to Plaintiff. Count Eleven alleges that Cloudflare injured Plaintiff through its negligence and/or gross negligence.

The Identified Defendants deny all claims asserted in the Complaint and have filed motions to dismiss the claims in their entirety. Plaintiff believes the Identified Defendants' argumentative screeds below are inappropriate for a Rule 26(f) joint report. Plaintiff will address the Identified Defendants' various legal arguments at the appropriate time in future briefing regarding their motions to dismiss.

*Identified Defendants' Statement*

The Identified Defendants deny all claims asserted by Plaintiff and have filed motions to dismiss Plaintiff's claims against them in their entirety. In particular, as

set forth in its pending motion to dismiss, Defendant Cloudflare believes each of the claims directed against it (Counts One, Two, Three, Five, Six, and Eleven) fails to state a claim, lacks merit, and should be dismissed with prejudice as the failures of Plaintiff's complaint reflect fundamental misapprehensions of the law and cannot be corrected through amendment. Plaintiff's claims in this litigation stem from her allegations that the adult-oriented photographs that she made available to users on pay sites, and unpublished "semi-nude" photographs that she separately emailed to individual users, were copied by those users and put up on the website thothub.tv without her permission. Rather than focus her litigation efforts on the individuals who did the allegedly unauthorized copying, and the thothub.tv website itself, Plaintiff seeks to hold Cloudflare and the Advertiser Defendants liable for copyright infringement, along with a slew of other far-fetched claims that she asserts against Cloudflare based upon her subscribers' alleged actions. Cloudflare is an Internet service provider that provides infrastructure support and security services that protect millions of websites around the world, including Patreon.com, one of the so-called "Licensed Sites" that Plaintiff herself relies on for her business. Cloudflare had nothing to do with the alleged copying of the photographs Plaintiff made available online, and the photographs would have remained fully available on thothub.tv even if Cloudflare had terminated its services to thothub.tv. Cloudflare's services have an even more attenuated relationship to the alleged direct infringement than the payment processing services at issue in *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F. 3d 788 (9th Cir. 2007), where the plaintiff's contributory infringement claim was dismissed with prejudice. There is no basis to hold Cloudflare liable for the alleged copying in this case, and Plaintiff's RICO and negligence claims against Cloudflare are frivolous.

As set forth in their pending motion to dismiss, the Advertiser Defendants likewise believe that Plaintiff has failed to state a claim in each of the counts against

them (Counts 1, 2, 3, 6, 7, 8, 9, and 10) such that the Complaint should be dismissed with prejudice as to them. Dkt No. 59.

The Advertiser Defendants are media companies that operate adult websites. The Advertiser Defendants do not own, operate, or otherwise control the allegedly infringing website at issue in the Complaint -- thothub.tv -- nor do they have any connection to the alleged uploaders of Plaintiff's images. Plaintiff asserts contributory copyright infringement based on works ostensibly posted by these unrelated third parties to thothub.tv, but fails to allege those works are actually the subject of an issued copyright registration, which is fatal under Supreme Court precedent. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct., 881, 892 (2019). Plaintiff's copyright claims also fail because she does not plead facts showing knowledge of, or material contribution to, any alleged specific infringement on thothub.tv site by the Advertiser Defendants as required by binding precedent. *Perfect 10 Inc*., 494 F.3d at 788. Plaintiff asserts, even more groundlessly, multiple RICO claims against the Advertiser Defendants in spite of the fact that the Advertiser Defendants were not promoting or encouraging acts that infringed upon her rights on thothub.tv or anywhere else. Rather, the Advertiser Defendants advertised their own websites, on which Plaintiff did not appear and which constitutes an ordinary business activity that is entirely legal. In addition, Plaintiff has failed to show that the Advertiser Defendants' alleged RICO violations were a proximate cause of her injury or that her injuries to her personal reputation are cognizable as a matter of law. *E.g.*, *Sybersound Records, Inc. v. UAV Corp*., 517 F.3d 1137, 1148 (9th Cir. 2008).

On October 16, 2020, in response to the Identified Defendants' pending motions to dismiss, Plaintiff's counsel announced that she would be amending her complaint. The Identified Defendants believe the deficiencies in Plaintiff's complaint ultimately are uncurable, and thus Identified Defendants anticipate filing further motions to dismiss in response to the soon to be filed Amended Complaint.

- 4 -
JOINT RULE 26(f) REPORT
*Waidhofer v. Cloudflare, Inc., et. al.*, Case No. 2:20-cv-06979

**B. Jurisdiction and Venue**

Plaintiff contends this Court has original jurisdiction over the RICO and Copyright Act claims under 28 U.S.C. § 1331 because these claims arise under the laws of the United States.

Plaintiff contends this Court has original jurisdiction over the state-law claims under 28 U.S.C. § 1332 because Plaintiff is a citizen of a different State from each Identified Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Plaintiff contends this Court also has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because those claims are so related to claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiff contends that Defendants are each subject to personal jurisdiction in this Court because they have purposefully directed relevant conduct to the State of California. In addition, Cloudflare and Multi Media are subject to general jurisdiction because they have their principal places of business in this State.

Plaintiff contends that venue is proper in this Court because (a) a substantial portion of the events giving rise to the claims occurred in this District and (b) one of the Identified Defendants has its principal place of business in this District.

Identified Defendants have not moved to dismiss Plaintiff's claims on jurisdictional or venue grounds.

**C. Legal Issues**

Some of the legal issues discussed by the Parties to date include:

   i. Whether Plaintiff has statutory standing to bring claims for any or certain of the Works;

   ii. Whether the Complaint adequately identifies the Works that are at issue in this litigation;

    iii. Whether the Complaint adequately alleges that the Identified Defendants committed direct, contributory, and/or induced infringement with respect to the Works and whether inducement is a separate cognizable claim or a theory of contributory liability;

    iv. Whether the Complaint adequately alleges an enterprise, pattern of racketeering activity, and proximate cause under RICO;

    v. Whether Plaintiff has Article III and/or statutory standing to bring the RICO claims;

    vi. Whether the Complaint adequately alleges claims under state law and whether Plaintiff's state law claims are preempted by the Copyright Act or prohibited by Section 230 of the Communications Decency Act; and

    vii. Whether the Complaint seeks relief that is permissible under the federal- and state-law claims asserted, and whether Plaintiff is entitled to seek statutory damages under the Copyright Act.

**D. Damages**

Plaintiff seeks to recover actual and/or statutory damages as a result of the Defendants' allegedly unlawful conduct. Identified Defendants disagree that Plaintiff is entitled to seek statutory or any other damages for copyright infringement.

Plaintiff seeks treble damages for injuries to her business or property that resulted from Defendants' alleged racketeering activity, pursuant to RICO. Identified Defendants have moved to dismiss Plaintiff's RICO claims against them in their entirety, and assert that Plaintiff has failed to allege injury cognizable under the RICO statute.

Plaintiff seeks disgorgement of any profits or other ill-gotten gains obtained by Defendants as a result of their allegedly unlawful conduct.

Plaintiff seeks punitive or exemplary damages in an amount sufficient to deter Defendants from (allegedly) committing further unlawful acts. Cloudflare asserts

that such damages are available only as to Plaintiff's state-law negligence claim against it, which is preempted by the Copyright Act, barred by Section 230 of the CDA, and inadequately pleaded. The Advertiser Defendants likewise assert that punitive damages are unavailable for any of the claims against them.

Plaintiff seeks her reasonable attorneys' fees and costs of suit. Both Cloudflare and the Advertiser Defendants intend to seek their reasonable attorneys' fees and costs of suit.

### E. Forthcoming Motions

Identified Defendants have filed motions to dismiss all of Plaintiff's claims against them, and in response, Plaintiff indicated she will amend her complaint in accordance with Rule 15(a)(1)(B). Identified Defendants anticipate filing further motions to dismiss the soon to be filed amended complaint. Identified Defendants have also reserved the right to seek a stay of discovery. The Parties will confer about a motion to stay in the event that any of the Identified Defendants decides to bring such motion. Cloudflare intends to file summary judgment with respect to any of Plaintiff's claims that survive Cloudflare's motion(s) to dismiss. The Advertiser Defendants similarly intend to file a motion for summary judgment with respect to any of Plaintiff's claims that survive their motion(s) to dismiss.

### F. Status of Discovery

The Parties agreed that initial disclosures under Federal Rule of Civil Procedure 26(a) will be made on or before November 6, 2020. However, as noted above, Identified Defendants have reserved the right to seek a stay of all discovery, which may include a request to stay initial disclosures. Plaintiff served an initial set of discovery on the Identified Defendants on October 15, 2020. The Identified Defendants have not yet served discovery.

### G. Preservation of Discoverable Information

The Parties discussed the following information that they request be preserved in relation to this litigation:

i. Plaintiff's Preservation Requests to Identified Defendants[1]

   a) All server logs for U.S. servers used to store, transmit, or distribute data related to Thothub (Cloudflare);

   b) All copies of Thothub-related files from U.S. servers (Cloudflare);

   c) All communications with Thothub or John Does 1-21;

   d) All communications with CrakRevenue or CrakMedia (BangBros and Multi Media);

   e) All agreements or draft agreements with Thothub or John Does 1-21;

   f) All agreements or draft agreements with CrakRevenue or CrakMedia (BangBros and Multi Media);

   g) Copies of all advertisements that appeared on Thothub (BangBros and Multi Media);

   h) All documents preserved pursuant to Plaintiff's litigation hold letter dated and delivered to Cloudflare in July 2020 (Cloudflare);

   i) All web traffic reports regarding Thothub or traffic from Thothub;

   j) All documents regarding sales made off user traffic derived from Thothub (BangBros and Multi Media);

   k) All financial records showing payments made or received from Thothub and/or John Does 1-21, including any payments made to or from these persons via CrakRevenue or CrakMedia;

   l) All communications regarding alleged copyright infringement on Thothub, including all DMCA notices and responses;

   m) All communications between any Identified Defendant and any other person regarding Plaintiff or this lawsuit;

   n) All written policies regarding copyright-infringement/DMCA notices and/or regarding termination of alleged repeat infringers; and

---

[1] Requests that relate only to particular defendants are noted in parentheses after the line item.

      o) All documents that include the term "Thothub," "Thot Hub," or "Thothub.tv."

ii. Cloudflare and the Advertiser Defendants believe that at least some of Plaintiff's preservation requests are overbroad, and disagree that the requests are reasonably tailored or proportional to the needs of this case. Both counsel for Cloudflare and the Advertiser Defendants will meet and confer with Plaintiff's counsel with respect to the scope of the preservation requests. Specifically, the Advertiser Defendants believe Plaintiff's requests for categories relating CrakRevenue or CrakMedia untethered to Plaintiff are likely overbroad and include materials not relevant to the case. Plaintiff disagrees with these characterizations of the requests.

iii. Identified Defendants' Preservation Requests to Plaintiff

    a) All documents related to copyright registration of the Works;

    b) All documents regarding creation of the Works;

    c) All documents regarding publication of the Works;

    d) Documents sufficient to show any reproduction, distribution, or display of the Works, including any unpublished Works, by Plaintiff or any third party;

    e) All documents regarding the value of the Works or similar works owned by Plaintiff, whether or not asserted in this litigation, including any licensing or sales agreements or proposals, and financial records;

    f) All documents regarding the value of Plaintiff's name, reputation, and/or likeness, including any modeling contracts, licensing or sales agreements or proposals, and financial records;

    g) All documents regarding Plaintiff's alleged injuries;

    h) All documents regarding Plaintiff's efforts to investigate alleged infringement or unauthorized use of Plaintiff's Works;

i) All documents regarding Plaintiff's efforts to prevent or limit infringement of the Works;

j) All documents referenced in or relied upon by the Complaint, or that Plaintiff otherwise contends support her claims;

k) All documents regarding Plaintiff's relationship to any third party to which Plaintiff's Works have been licensed, whether by express license, implied license, or otherwise; and

l) All communications with third parties regarding any private distribution of any of Plaintiff's Works.

*Plaintiff's Statement*

Plaintiff asserts that the time period for which information should be preserved by Identified Defendants runs from the beginning of May 2018 to the present. Plaintiff explained to the Identified Defendants at the 26(f) conference that the relevant date (May 2018) for Plaintiff's requested document preservation is based on the date when Thothub apparently began its piracy operations.

*Identified Defendants' Statement*

The Identified Defendants disagree Plaintiff has adequately justified the date from which the Identified Defendants' documents should be preserved and intend to further meet and confer with Plaintiff's counsel in an effort to resolve that issue if possible. Plaintiff bears the burden of explaining her selected date and indeed was obligated to properly investigate her claims before bringing them. Plaintiff instead offers the date of the supposed start of thothub.tv – a third-party site not owned or controlled by the Identified Defendants. But that date is irrelevant because Plaintiff has no evidence or other basis for asserting any of her claimed Works were infringed, directly or indirectly, by any of the Identified Defendants as of that time. In contrast, the time period for which information should be preserved by Plaintiff runs from the earlier of (1) the date Plaintiff created her Patreon account in 2017, or (2) the creation

of the earliest-created of the Works, since she has purported to put those directly at issue.

### H. Discovery Plan

The Court's standing order provides for opening discovery on the date that Identified Defendants filed motions to dismiss. However, as noted above, Identified Defendants reserve the right to seek a stay of discovery based on their respective motions to dismiss all claims against them and abundant infirmities with the Complaint (Plaintiff disagrees with these characterizations of the Complaint). Identified Defendants will meet and confer with Plaintiff prior to filing any such motion as required under the Local Rules and the Court's Orders.

The Parties do not propose any changes to the disclosures under Rule 26(a).

The Parties do not propose phasing discovery.

The Parties do not propose other limitations or orders at this time.

### I. Case Schedule

Counsel for the Parties discussed the following tentative timeline for discovery and other proceedings in this case, subject to each reserving the right to request a different schedule after conferring with their respective clients.

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Fact discovery begins | October 14, 2020 | [Oct. 14, 2020 pending motions to stay] |
| Fact discovery closes | October 30, 2021 | June 10, 2021 |
| Initial expert designations | November 2, 2021 | June 14, 2021 |
| Initial expert reports due | November 23, 2021 | July 1, 2021 |
| Expert discovery opens | November 23, 2021 | July 1, 2021 |
| Expert counter-designations | December 15, 2021 | July 31, 2021 |
| Expert rebuttal reports due | January 15, 2022 | August 26, 2021 |
| Expert discovery closes | February 5, 2022 | Sept. 17, 2021 |

| Dispositive motions due | February 19, 2022 | Oct. 14, 2021 (opening briefs) |
|---|---|---|
| Trial begins | June 14, 2022 | Feb. 24, 2022 |

*Plaintiff's Statement*

Plaintiff explained to the Identified Defendants at the conference that its proposed schedule is based on several considerations. First, given the ongoing pandemic, it will be difficult to complete fact discovery in the period allotted under the Identified Defendants' proposal. Second, this case will likely require potentially time-consuming international discovery because BangBros's and Multi Media's owners are believed to be overseas; BangBros and Multi Media use a third-party advertising agent, CrakRevenue or CrakMedia, located in Canada; and some of the Thothub Members may reside overseas. Third, Plaintiff's proposed schedule is consistent with the average approximately 22-month timeframe from complaint to trial for civil cases in this District, according to Federal Court Management Statistics. Fourth, Plaintiff's lead counsel Brett Rosenthal's wife is pregnant with their second child and due to give birth on December 17, 2020, thus making it difficult for Plaintiff to undertake discovery during the early part of the year.

*Identified Defendants' Statement*

Identified Defendants believe their proposed schedule is reasonable in light of Plaintiff's claims, and that Plaintiff's arguments to the contrary are unpersuasive. First, the ongoing pandemic is unlikely to delay discovery: the situation is no longer emergent, and law firms have had ample time to adjust to any necessary limitations. If anything, conducting discovery remotely is likely to streamline the discovery process to the extent it will be unnecessary to travel for depositions, hearings, or other purposes. Second, Identified Defendants believe it is premature to expand the schedule based the mere "potential[]" for "time-consuming international discovery." Identified Defendants are prepared to meet and confer with Plaintiff in good faith to adjust the discovery schedule, should any need actually arise. In addition, the need

to conduct discovery remotely is likely to streamline any international discovery that may be necessary, for the reasons already discussed. Third, the *average* time to trial of other, unrelated litigation in the Central District does not govern in this particular case. Fourth, and finally, Identified Defendants believe their proposed schedule—which sets the close of fact discovery nearly six months after the mid-December due date of Mr. Rosenthal's child—is reasonable. Among other things, Plaintiff currently has six attorneys appearing for her in this case, including four from Mr. Rosenthal's firm.

### J. Settlement/Alternative Dispute Resolution (ADR)

The Parties have stated they are open to discussing settlement at an appropriate juncture. The Parties tentatively agreed that a settlement conference before a federal magistrate judge would be preferable to other alternatives.

### K. Trial Estimate

Plaintiff currently anticipates a two- to three-week jury trial (assuming full days reserved for trial), subject to revision based on the outcome of motions to dismiss and dispositive motions and the Court's availability. Cloudflare anticipates a one or two week jury trial, depending on what claims survive Cloudflare's motion to dismiss and anticipated summary judgment motion. The Advertiser Defendants also anticipate a one or two week jury trial, depending on what claims survive motion practice.

### L. Trial Counsel

Trial counsel for Plaintiff and the Identified Defendants, respectively, in this matter are expected to consist of the undersigned counsel.

### M. Independent Expert or Master

The Parties do not currently believe that this case requires appointment of a special master or independent scientific expert. Each party reserves the right to make such request in the future, if necessary and appropriate.

### N. Complexity of the Case

The Parties discussed the complexity of the incident case. At this time, the Parties do not believe it is necessary to utilize the procedures of the Manual for Complex Litigation (current edition).

### O. Additional Parties

Plaintiff believes that additional parties are likely to appear in this case. For example, since filing the Complaint, Plaintiff has learned that there is a different corporate entity that may need to be substituted for the BangBros defendant. Plaintiff has also learned that BangBros and Multi Media contracted with a third-party advertiser, CrakRevenue or CrakMedia, to place the advertisements on Thothub. Plaintiff may elect to join this third party as a defendant. Additional plaintiffs may also appear. Both the Advertiser Defendants and Cloudflare reserve the right to object to any such joinder of additional parties.

### P. Timetable for Further Case Management Reports

The Parties propose to provide the Court an updated proposed timetable after the Court's ruling on motions to dismiss. At that time, the Parties will also provide proposals for additional pretrial deadlines, such as exchange of pretrial exhibits and witness lists, *Daubert* motions, and motions *in limine*. All suggested dates are subject to the Court's availability and confirmation from the respective clients.

- 14 -
JOINT RULE 26(f) REPORT
*Waidhofer v. Cloudflare, Inc., et. al.*, Case No. 2:20-cv-06979

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

Respectfully submitted on October 21, 2020.

By: _____/s/_____

Brett S. Rosenthal *(pro hac vice)*
Sean F. Gallagher *(pro hac vice)*
Joel W. Reese *(pro hac vice)*
Joshua M. Russ *(pro hac vice)*
Reese Marketos LLP
750 N. Saint Paul Street, Suite 600
Dallas, Texas 75201-3202
Telephone: (214) 382-9810
Fax: (214) 501-0731

Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
Reiter Gruber LLP
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799

***ATTORNEYS FOR PLAINTIFF DENIECE WAIDHOFER***

By: __[with authorization]_____

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
 (212) 294-6700 (telephone)
melkin@winston.com

Jennifer A. Golinveaux

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

Thomas J. Kearney
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1000 (telephone)
jgolinveaux@winston.com
tkearney@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1700 (telephone)
eranahan@winston.com

Attorneys for Defendant
CLOUDFLARE, INC

By:    [with authorization]

Michael T. Zeller
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000 (telephone)
michaelzeller@quinnemanuel.com

Attorneys for Defendants
BangBros.com Inc. and Multi Media, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel of record in this case via the Court's ECF filing system.

/s/
_____

Charles D. Reiter