QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorney for Defendants
BangBros.com Inc. and Multi Media, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company;<br><br>          Plaintiffs,<br><br>     vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,<br><br>          Defendants. | Case No. 2:20-cv-06979<br><br>**DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF DEFENDANTS MULTI MEDIA LLC AND BANGBROS.COM INC.'S OPPOSED *EX PARTE* APPLICATION FOR ORDER COMPELLING PRODUCTION OF COPYRIGHT REGISTRATIONS**<br><br>**[DISCOVERY MATTER]**<br><br>Complaint Filed:   August 3, 2020<br>FAC Filed:             November 4, 2020<br>Trial Date:             None<br><br>Judge:   Hon. Alka Sagar |

# DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, hereby declare and state as follows:

1. I am an attorney licensed to practice before this Court and admitted to the State Bars of California, New York and Illinois. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for Defendants Multi Media LLC and BangBros.com Inc. (collectively the "Advertiser Defendants") in this matter. I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath. I submit this declaration in support of the Advertiser Defendants' Opposed *Ex Parte* Application for Order Compelling Production of Copyright Registrations and Deposit Materials (the "Application").

2. Plaintiff Deniece Waidhofer filed her Complaint on August 3, 2020 (Dkt. 1). The Complaint alleged, among other things, copyright infringement. The Advertiser Defendants moved to dismiss on October 14, 2020 (Dkt. 59) because, among other deficiencies, Ms. Waidhofer failed to properly allege that she had been issued the copyrights on which she claimed to base her infringement case and indeed alleged they were "pending." Dkt. 1 at 21-22.

3. While the Advertiser Defendants' motion to dismiss was pending, plaintiffs filed their First Amended Complaint ("FAC") on November 4, 2020 (Dkt. 68). The FAC purported to add two new plaintiffs and asserted that plaintiffs owned various copyright registrations, but did not attach any of those registrations or any of the deposit materials. The Advertiser Defendants' motion to dismiss the FAC is due on November 18, 2020 under the current schedule.

4. On November 5, 2020, I emailed Brett Rosenthal, counsel for plaintiffs, to request that plaintiffs produce the copyright registrations and associated documents plaintiffs are asserting in this action. Attached hereto as Exhibit A is a true and correct copy of email correspondence between plaintiffs' counsel and me from November 3-8, 2020. Attached hereto as Exhibit B is a true and correct copy of email and letter correspondence between plaintiffs' counsel and me from November 9, 2020. In this

1 series of emails, plaintiffs' counsel Joel Reese repeatedly refused to produce the copyright registrations and deposit materials on which plaintiffs purport to base their copyright case, telling me they would produce the copyright registrations and related documents only with a formal discovery request (with an attendant delay of at least 30 days).  Ex. A at 9-13.

5. When I pointed out that Rule 26 required production of the registrations and deposit materials and thus did not require a discovery request (Ex. A at 8), plaintiffs' counsel eventually seemed to backtrack, stating that plaintiffs would in fact produce the copyright registrations at issue with their initial disclosures on November 13, 2020 if the Advertiser Defendants also produced documents on that date.  *Id.* at 6-7.  In fact, the initial disclosure date originally had been November 6, 2020, but plaintiffs' delays in waiting to file the FAC until November 4, 2020 required that the initial disclosure deadline be moved to November 13, 2020.  Although plaintiffs' demand was extraneous at best to the issue of the plaintiffs' registrations and deposit materials, the Advertiser Defendants nevertheless agreed to it in the hopes of avoiding motion practice.  I requested that the exchange happen sooner, given the Advertiser Defendants' need for the purported registrations in order to assess a possible motion to dismiss, propound document discovery, take and defend depositions, and otherwise prepare to defend the case.  *Id.* at 6.  After plaintiffs' counsel told me that plaintiffs would produce the registrations "on whatever date [I] want," I suggested Monday, November 9.  *Id.* at 2.

6. Plaintiffs' counsel then reneged on this agreement, stating that they would provide the purported copyright registrations and deposit materials only if *a separate, unrelated* defendant—Cloudflare—agreed to plaintiffs' unrelated demand for discovery from Cloudflare on topics having nothing to do with the subject of our negotiations to that point.  This was the first time plaintiffs' counsel mentioned any conditions involving Cloudflare.  Thus, at this point, despite the Advertiser Defendants' repeated attempts to resolve this issue, plaintiffs have refused to provide the registrations and

deposit materials by a date certain, let alone prior to the time that the Advertiser Defendants' motion to dismiss the FAC is currently due on November 18, 2020.

7. I notified plaintiffs' counsel in the email correspondence attached as Exhibit A and further by telephone voicemail messages left with plaintiffs' counsel (who did not answer their phones) on Tuesday, November 10, 2020 that the Advertiser Defendants would be seeking ex parte relief by way of this Application to compel the production of plaintiffs' copyright registrations and deposit materials. Plaintiffs have stated that they will oppose the Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of November, 2020, at Los Angeles, California.

By  */s/ Michael T. Zeller*

Michael T. Zeller