# EXHIBIT A

**From:** Brett Rosenthal [mailto:brett.rosenthal@rm-firm.com]
**Sent:** Sunday, November 8, 2020 6:43 PM
**To:** Michael T Zeller <michaelzeller@quinnemanuel.com>
**Cc:** Joel Reese <joel.reese@rm-firm.com>; Meredith Mandell <meredithmandell@quinnemanuel.com>; Kearney, Thomas <TKearney@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Romm, Leah <LRomm@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Josh Russ <josh.russ@rm-firm.com>; Sean Gallagher <sean.gallagher@rm-firm.com>; Robert Gruber <rgruber@reitergruber.com>; Charlie Reiter <creiter@reitergruber.com>; Moskowitz, Adam <APMoskowitz@winston.com>
**Subject:** Re: Waidhofer et al v. Cloudflare et al: deposition dates

We disagree. Please make whatever motions you feel are appropriate and we will respond. The suggestion that you need discovery to draft a motion to dismiss is frivolous. The issue you've raised is plainly not jurisdictional. See Reed Elsevier v. Muchnick, 559 U.S. 154 (2010).

**Brett S. Rosenthal**

Reese Marketos LLP

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 8, 2020, at 6:29 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

This is not, and never has been, about an ex parte by Cloudflare. It is an ex parte by my clients to compel copyright plaintiff clients to turn over the registrations and deposit materials they are relying upon in this case but, instead of turning them over, you have chosen to play multiple games. Are you taking the position that plaintiffs are refusing to resolve my clients' ex parte unless another, unrelated party (here, Cloudflare) capitulates to your unrelated discovery demands? That is plainly improper if that is your latest purported condition before you comply with your most basic obligations.

As for the depositions, we will take them when you provide your basic documents.  Indeed, as you were told, you are delaying the depositions by your simultaneous refusal to produce the registrations and deposit materials.

Finally, your suggestions of delay are false.  You first advised us that you were adding entirely new plaintiffs with new works on Weds, the day we then first received the amended complaint that conspicuously failed to attach the registrations and deposit materials.  We immediately asked for them, but plaintiffs have just dragged their feet.  In fact, you have not even done what you agreed to do during that Weds call either.

On Nov 8, 2020, at 3:53 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 Will all of the parties be making initial disclosures tomorrow? Mike, please confirm for Advertisers. Jennifer, please confirm for Cloudflare. If all the parties agree to exchange disclosures, we are happy to do so. Discovery is a two-way street.

I would note, Mike, that discovery has been open for nearly a month. You have not served any document requests. In fact, I don't recall you ever having said a word about the documents that you now claim to need so urgently before last Thursday. You also didn't mention them during our call last Wednesday or during our prior conferences. You also already filed a motion to dismiss without them despite claiming to need them for that. You're wasting everyone's time and churning up legal bills for your client.

On another note, please send dates for those four depositions I requested. I don't see any reason why you shouldn't be able to provide dates by the end of this week. I would also expect at least some dates offered in November.

Thanks.


**Brett S. Rosenthal**

Reese Marketos LLP

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 8, 2020, at 5:39 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

You will produce the copyright registrations and deposit materials your clients purport to rely upon tomorrow?

Your claim about the date being our request is false but is beside the point.

On Nov 8, 2020, at 3:32 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 We will exchange initial disclosures on whatever date you want. We previously agreed to extend the deadline one week at your request.

**Brett S. Rosenthal**

Reese Marketos LLP

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 8, 2020, at 5:11 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:
 That's what you claim, without any explanation as to why you are improperly dragging your feet another week. When are you able to produce the registrations and deposit materials?  Tomorrow?
Sent from my mobile device.

On Nov 8, 2020, at 3:02 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 Mike, we have already offered to exchange documents on November 13 as discussed last week. Would you prefer a different date?

**Brett S. Rosenthal**

Reese Marketos LLP

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 8, 2020, at 2:37 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

I have yet to receive a response to this email. My clients continue to stand ready to produce documents and proceed with discovery.  Your clients, in stark contrast, apparently are unwilling or unable to produce the very registrations and deposit materials they were required by federal law to have before bringing their claims in this case — and indeed cannot even proffer a justification as to why they refuse to do so now.  I ask now for the third time:  What is the reason for your clients' delay as part of this supposed proposal you are making, other than your obvious game playing and attempts to prejudice our ability to move forward with the case?  Your failures to answer that simple question suggests that it because plaintiffs' last minute proposal is nothing but another frivolous attempt at deflection.  Otherwise, you'd readily agree to produce them now or at least explain your ongoing delays.

Given this, we will inform the Court in the ex parte that even after my clients agreed to produce documents with the initial disclosures in order to moot plaintiffs' latest, ever evolving and quite irrelevant excuses for their own refusals to provide their required documents, plaintiffs then still refused to agree to produce them by a date certain and indeed have repeatedly refused to provide any explanation for why they have not produced them by now and will not commit to a date certain.

On Nov 7, 2020, at 10:55 AM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

So under your purported deal, what's your explanation for waiting another week to turn over the registrations and deposit materials instead of doing it now, since you know that delay so cuts further into our time to prepare our motion to dismiss and well as take your clients' depositions?  And telling us that you are willing to extend the due date of the motion etc is no excuse either.  That just rewards your continued delays.  If you have an explanation, please provide it.

On Nov 7, 2020, at 10:37 AM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Just so there is no confusion, 1 includes the registration materials.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 7, 2020, at 10:48 AM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

We are under no obligation to include such a false statement as set forth in your proposed paragraph 1, and you apparently are omitting the registration deposit materials in your supposed proposal.

Furthermore, if you actually have those materials, why are dragging your feet another week to provide them when you know that cuts into our time to prepare our motion to dismiss and delay our ability to propound discovery? Or do you have any reason other than just to cause delay and gin up expense?

On Nov 7, 2020, at 5:24 AM, Joel Reese <joel.reese@rm-firm.com> wrote:
 For certificate of conference purposes, please advise the court:

1.  Plaintiffs will agree to produce documents (including the registrations) with the Rule 26 disclosures, as long as the agreement to produce documents is mutual. If defendants do not want this agreement, Plaintiffs have also offered to produce them in response to requests for production.

2. Plaintiffs will agree to provide the Rule 26 disclosures on Nov 13 (per the email from Cloudflare's counsel) or any other reasonable date proposed by defendants.

Please send us the motion as soon as you file it so we can immediately respond.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 5:17 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

You can continue to take snippets of statements out of context in your efforts to deflect and harass (such as your irrelevant points about sanctions at later times that we will be pursuing but have nothing to do with the particular ex parte we will be filing).

As I have said time and time again to you now, our requested relief on the ex parte will be a Court order requiring plaintiffs to immediately produce any and all copyright registrations and deposit materials they are relying upon or intend to rely upon in this suit.  You have refused to commit unambiguously to provide those documents by a date certain.  There is nothing unclear about that.

On Nov 6, 2020, at 3:03 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 No, it is your position that Rule 26 requires the production of documents.  In fact, in the initial email that started this long discussion, you stated the following:

please let us know when we can expect plaintiffs' full production of copies of all documents required under Rule 26(a)(1), including without limitation all copyright registrations and associated documents and all other documents on which plaintiffs are relying upon for their claims.

We do not agree with that interpretation of Rule 26, but we are willing to agree to produce documents with the Rule 26 disclosure, as long as the agreement is mutual.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 4:59 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

You continue to misrepresent our position.  We have asked for the registrations and deposit materials that plaintiffs are relying upon.  Period.

On Nov 6, 2020, at 2:55 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

You want the plaintiff to agree to produce the documents referenced in Rule 26.  We will agree to that proposal if the agreement is mutual for all parties.  If you don't want to make this agreement, then that's fine too.  Just send us a request.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 4:51 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

That is not your position, as this long thread amply demonstrates, particularly given your belated attempts to create a false equivalency.  And you still have not answered my question about what documents you are asking for.

On Nov 6, 2020, at 2:47 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

Mr. Zeller:

We just want fair and mutual agreements.  If all parties want to agree to produce documents with the initial disclosures on November 13 (or whatever other reasonable date that the defendants propose), we will agree to that proposal and produce the registrations at that time.  Do you want to agree to this?

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 4:44 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

To state the obvious, yes, we will be seeking those sanctions against your clients and your firm on those and other grounds at the appropriate time.  My comment dealt with the ex parte, which you misrepresented and is the subject at hand.  At no time did I say that our ex parte would seek sanctions, although again they would be well deserved in this situation.  Your deflection here is just more of the same.

As the substance of my question, you dodge that as well.  It is simple.  Are you committing to produce all registrations and deposit materials next Friday?  Your attempt to equate the core documents that form the basis of plaintiffs' suit — and indeed are legal prerequisites to those claims under Supreme Court precedent — is false equivalency.  Please identify what particular documents you require from my clients that are necessary to allow you to prepare a motion to dismiss, prepare initial disclosures, propound discovery or otherwise proceed with the litigation without further delay of the type you are creating.

Absent your concrete, unambiguous confirmation otherwise, I will take your email here to mean that you will not be producing those registrations and deposit materials by a date certain and that this means the Court will need to order you to do so by way of our ex parte.

On Nov 6, 2020, at 2:28 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

First, I disagree.  From the start of this case, you and your firm have repeatedly threatened sanctions.  In fact, you called our firm and/or our client a "TROLL" and threatened to seek Rule 11 sanctions.

Oct. 1:  Meredith Mandell, your associate, stated that "we will proceed against plaintiff and her counsel with a sanctions motion that fully complies with the Court rules."

Oct. 21:  You stated that the "Advertiser Defendants [will] seek fees against your client for her frivolous claims, including those in violation of Rule 11."

Nov. 5:  You accused us of "gamesmanship and bad faith."

These are just a few of the many examples.

Second, why don't all of the parties agree to produce the initial disclosures on November 13 and we can produce them at that time. But, let me be very clear, so we avoid any further disputes, you have been very clear that Rule 26 requires the production of documents, which means I would expect to receive documents from the Defendants as well. If this is not correct, please advise.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 4:05 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

One, I have not threatened sanctions, although they certainly would be warranted against you and your clients. Two, by what specific date will you provide the registrations and deposit materials on which plaintiffs purport to rely on this case?

On Nov 6, 2020, at 2:02 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

One other point, just so there is no confusion, we have agreed that the plaintiff will produce the registrations. No one is claiming that any relevant documents, including registrations, will not be produced. You have taken the position that Rule 26 requires the immediate production of the registrations and have threatened sanctions if we did not "immediately" provide you with the registrations. We don't like those types of unnecessary threats. We also disagree with your interpretation of Rule 26. I have reviewed your cases and they do not support your interpretation of Rule 26. To the extent that you include a certificate of conference, please advise the Court of this fact.

As noted by defense counsel for Cloudflare, the parties agreed to extend the deadline for initial disclosures in the call from this week. So, I don't think the disputed issue is ripe. But, once again, I can't stop you from doing whatever you want to do. I just think it is a waste of time and fees.

Finally, if you think that your clients are somehow prejudiced by having to request documents through a formal process, we are also willing to agree to a mutual informal production of documents in order to streamline the case for all parties.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 3:25 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

As we have explained, we disagree with your interpretation of the law and the rules.

Reese Marketos LLP

**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 3:20 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

That too is incorrect. I have fully explained the rationale as to why your refusals to provide the copyright registrations — which blackletter law requires as a prerequisite to suit and which you do not deny you can easily provide — is impeding our ability to prepare our initial disclosures, prepare our motion to dismiss and otherwise defend the case. By your lights, we have to propound document requests to obtain the registrations, allow 30 days for you to respond and then, apparently, await your production of the registrations at your leisure. It thus means as a practical matter weeks or months will pass before we can fairly bring a motion to dismiss for plaintiffs' evident failures to have proper copyright registrations as required by Supreme Court precedent, proceed with depositions or take virtually any other meaningful actions to defend this case. Your refusals to provide the purported registrations are particularly frivolous given that they are the entire foundation of the amended complaint. Your stonewalling in such circumstances is improper (and just more of the mounting evidence that you and your clients brought this suit for vexatious purposes), so we will ask the Court to order plaintiffs to immediately produce any and all registrations and their deposit materials that plaintiffs purport or plan to rely upon in this case.

Moreover, contrary to your suggestion, Rule 26 requires you to provide these registrations plaintiffs are relying upon without awaiting a discovery request . And even though plaintiffs in some circumstances may be entitled to merely describe "categories" of documents, the law still requires that they be made available without a discovery request, which you likewise expressly are refusing to do. *BWP Media USA Inc. v. Urbanity, LLC*, 696 Fed. App'x 795, 796 (9th Cir. 2017) (finding that "[a]t a minimum, [Defendant's] communications alerted [Plaintiff] that, if it intended to rely on evidence not attached to the complaint, its initial disclosures were incomplete and Rule 26(e) required a supplemental description of the relevant documents. The district court thus did not err in concluding that [Plaintiff] violated Federal Rule of Civil Procedure 26 when it waited to produce or even reveal the existence of additional evidence supporting its claims."); *Shame On You Productions, Inc. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018) (affirming district court ruling that found a plaintiff acted in bad faith by failing to share the copyrighted material that was the basis of its claim in the required initial disclosures and engaged in obstructionist conduct. This was sufficient evidence to affirm that the district court's finding that plaintiff's "primary motivation was not receipt of the documents in question, but rather draining Defendants' resources in order to force a settlement" and uphold the district court's award of fees.); *Kilroy v. L.A. Unified School District Bd. Of Ed.*, No. CV 16-09068-DMG (JDE), 2017 WL 10544624, at *3 (C.D. Cal. Oct. 5, 2017).

Indeed, your unsupported position that we need to propound document requests to obtain the registrations would eviscerate the express terms and purpose of Rule 26, which states such materials must be provided without a discovery request. In particular, if a copyright plaintiff is free to refuse to provide the very registrations that form the basis of suit — as is your explicitly stated argument — then Rule 26 would be rendered meaningless.

Accordingly, plaintiffs have left us no choice but to seek relief from the Court through an ex parte, and we will inform the Court that plaintiffs are opposing it based on the meritless arguments you have stated here.

On Nov 5, 2020, at 6:46 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

You claimed that these documents had to be produced under Rule 26. That is incorrect. We asked if you had any other authority and you have provided none. You have just berated and threatened us. If you have authority for your position, please provide it and we will review it.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 8:40 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

As usual, we will ignore your trolling and snide comments.  They are nothing but failed attempts to deflect from the substance of plaintiffs' refusals to comply with such basic, fundamental disclosure obligations as providing their purported copyright registrations that form the basis of this case so that we can prepare our initial disclosures.  Tellingly, you dispute none of that.  I again urge you to provide them, if they exist.

On Nov 5, 2020, at 6:34 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 I can't make you follow the rules or act in a professional manner, but I'm hopeful that the court will.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 8:28 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

There is nothing more to discuss.  You have flatly refused — repeatedly now — to provide us with the copyright registrations plaintiffs claim to assert in this action, including those for entirely new plaintiffs who you waited to disclose until only two days before the initial disclosure date.  I repeat:  your hiding of those registrations impede our ability to prepare initial disclosures, propound discovery and otherwise defend this case.  On top of this, you play further games by suggesting you will provide them only after discovery requests, which is exactly the type of delay and bad faith gamesmanship Rule 26 was designed to end.  As these facts also make clear, your suggestion that moving the deadline a week or two for the initial disclosures is disingenuous, since we will be in exactly the same position one or two weeks from now, with plaintiffs still refusing to provide the registrations that purportedly form the basis of this case and still impeding our ability to prepare the initial disclosures.  In short, your offer to extend the deadline is utterly hollow, and deliberately so.  We therefore have no alternative but to seek relief from the Court on an ex parte basis.  If you change your mind before we file, please let us know.

On Nov 5, 2020, at 6:15 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

Mr. Zeller:

Please answer my question so we know whether you wanted the extension or not.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 8:12 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

What I want and expect is that you stop playing games.  This means that you provide the basic information plaintiffs indisputably will have to provide — such as any supposed copyright registrations they are asserting — so that we can properly prepare initial disclosures, propound our own discovery and otherwise defend the case.  You have now repeatedly refused to do so. As a result, we will be filing an ex parte with the Court to compel them.  There is nothing confusing about it.  You are deliberately withholding of basic information you are required to disclose, undoubtedly because you have sought to cause delay at every turn and because that information is unfavorable to your case.

On Nov 5, 2020, at 6:05 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 I am confused. When you raised a timing issue, we offered to extend the deadline. In the call, you stated that you wanted to extend the deadline. Then, today, you claimed the parties didn't discuss an extension in the call and that you didn't want to extend the deadline. Now, you are complaining that you have to respond within the deadline?  Do you want the parties to extend the deadline or not?
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 7:57 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

Of course you are fine "either way," having purposefully delayed so that the defendants have only two days to provide initial disclosures after a new complaint with new plaintiffs based on new purported registrations.  That is the definition of gamesmanship and bad faith, along with your refusal to provide the very registrations that plaintiffs claim allow them to proceed with copyright claims or would allow us to provide proper initial disclosures.  Since you are refusing to provide those, we will be filing an ex parte with the Court to require your production of them.  It is beyond absurd that you believe you can hide those.

On Nov 5, 2020, at 5:48 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 So now the parties are not exchanging initial disclosures tomorrow?  We are fine either way.  Based on the email today, we thought you didn't want to extend the deadline. Please advise.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600

Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 7:34 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

No, you are incorrect.  But if you want to insist on it, I'm happy to raise this additional nonsense and game playing by you with the Court in our ex parte.

On Nov 5, 2020, at 4:47 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

I assume we will be receiving the Defendants' initial disclosures tomorrow.  Please advise if I am incorrect.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 6:36 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

Mr. Zeller:

Attached is the authority that you requested (and it is out of the CD of Calif).  Maybe this will help clear up our disagreement and get back to more productive discussions.

Although PBA does not **attach** or identify any particular copyright **registrations** to its **complaint**, PBA does allege that it possesses valid registered copyrights to the work or works it claims to be at issue. See Compl. ¶ 5. That allegation, while threadbare, satisfies the ownership element at the pleading stage. See Masterson v. Walt Disney Co., No. 18-CV-5966 MWF (PLAx), 2019 WL 1581400, at *5 (C.D. Cal. Jan. 29, 2019) (concluding that plaintiff "adequately alleged ownership of a valid copyright" by simply asserting that she possessed an "existing and valid copyright" in the work at issue since "[t]o conclude otherwise would require the Court to resolve inferences against Plaintiff") (citing Iqbal, 556 U.S. at 679).

Of course, our complaint is more detailed than even the one referenced in the attached opinion.
<Patel Burica And Associates Inc v Lin.doc>


Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 6:25 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

Again, Mr. Zeller, we disagree.  I urge you to review the cases on subject matter jurisdiction and the prerequisite for registration.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810

www.rm-firm.com

On Nov 5, 2020, at 5:22 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

This is not discovery. This has to do with the Court's subject matter jurisdiction at this point. If you fail to provide any and all registrations your clients purport to rely upon immediately so that we can assess whether there was at the time of filing such jurisdiction, we will seek relief from the Court. And if you are looking for authority, please cite a case where the plaintiffs such as your clients deliberately refuse to attach their supposed registrations to the complaint and otherwise flatly refuse to provide them. If they existed and were in proper form, you would readily provide them.

On Nov 5, 2020, at 3:12 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 We disagree. We have sent you a request for production of documents. If you want certain documents, including the registrations, please send us a request. We intend to produce all relevant documents and do not wish to waste time on unnecessary discovery fights. If there is a particular rule or case that requires the immediate production of registrations, then please identify the rule or the case. In the absence of such authority, we will produce the documents in accordance with the rules. We would expect the same courtesy from BANGBROS. Thanks.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 5:04 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

Your answer does not include any explanation was to why you are refusing to to produce copyright registrations that purportedly exist and, if they did, you would readily provide.

On Nov 5, 2020, at 3:01 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 See answer below.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 5:00 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

That is no answer. You were required to establish subject matter jurisdiction and compliance with the Copyright Act when you filed. You are refusing to do so, and we will submit this email chain showing your refusal to the Court as a basis for dismissal. You can choose to provide the registrations now or have any purported evidence you submit on our motion to dismiss stricken. Regardless, it is obvious the only reason your clients would refuse to provide such basic materials as copyright registrations in a purported copyright suit is because they (and your firm) are hiding evidence that is detrimental to them.

On Nov 5, 2020, at 2:53 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 As I said before, we will comply with Rule 26 on the deadline and we expect you to do the same.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 4:49 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

I will take this as confirmation you are refusing to produce, without excuse or justification, even such basic documents as the purported copyright registrations your clients are relying on. If I'm wrong, produce them immediately. Otherwise, we will move the court on that basis.

On Nov 5, 2020, at 2:24 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

You keep making accusations that are not productive or professional.

1. You asked for deposition dates yesterday, which we provided today. No depositions have been scheduled.

2. The "RULES" do not require the production of documents of documents before "the [yet to be scheduled] depositions." Rule 26(a)(1)(A)(ii) allows parties to produce a copy—or a description by category and location—of certain documents. If you want documents other than those provided by Rule 26, we have not seen any request for documents. Please identify what documents are at issue.

3. We understood that the parties were going to agree to extend the initial disclosure deadline for all parties. You apparently do not want to do that. So, ALL PARTIES should serve their initial disclosures—as you are requesting—by the deadline. If you change your mind, please let us know.


Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 3:58 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

That wasn't part of the discussion of when you'd be providing documents. Are you saying you can't or won't produce the documents required by the Rules before the depositions? Unlike us, who only saw your amended complaint yesterday, you've known your own claims etc for some time so I'm not understanding why you can't produce the documents the Rules require immediately so that depositions can proceed.

On Nov 5, 2020, at 1:04 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 I thought we talked yesterday about agreeing to new dates for initial disclosures. Did I misunderstand?


Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 5, 2020, at 3:01 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

So that we can assess these dates, but you unfortunately fail to provide, please let us know when we can expect plaintiffs' full production of copies of all documents required under Rule 26(a)(1), including without limitation all copyright registrations and associated documents and all other documents on which plaintiffs are relying upon for their claims.

On Nov 5, 2020, at 12:18 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:

[EXTERNAL EMAIL]

Mr. Zeller,

Regarding your requests during our call yesterday for Plaintiffs' depositions, I can offer the following dates:

Waidhofer: November 17, November 24, December 1, December 8-10

McGehee: November 24, November 25, December 8-10

Please let me know if you want to lock in any of these dates for Waidhofer and/or McGehee. I am still working on identifying dates for Ryuu Lavitz.

On a related note, please provide potential deposition dates for Andrew Hendrixson (BangBros), Jeffrey Greenberg (BangBros), Natasha Pierson (MultiMedia), and John LeBlanc (MultiMedia).

Thanks,
Brett

Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024


Visit us at www.rm-firm.com

On Nov 5, 2020, at 11:29 AM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:

Counsel,

Thank you for speaking with me yesterday about the case. I just want to briefly confirm our agreement to extend the deadline for each parties' initial disclosures. My understanding is that we agreed to discuss a revised case schedule (including new dates for initial disclosures) sometime in the next couple of weeks after you've had a chance to review the amended complaint on file.

Please confirm that you agree to extend the deadline for initial disclosures.

Thanks,
Brett



Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024


Visit us at www.rm-firm.com

On Nov 3, 2020, at 6:46 PM, Meredith Mandell <meredithmandell@quinnemanuel.com> wrote:

Hello Brett,

I will send a dial-in for 1 pm Pacific.

Meredith

**From:** Brett Rosenthal [mailto:brett.rosenthal@rm-firm.com]
**Sent:** Tuesday, November 3, 2020 9:44 AM
**To:** Meredith Mandell <meredithmandell@quinnemanuel.com>
**Cc:** Kearney, Thomas <TKearney@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Romm, Leah <LRomm@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Meredith Mandell oel Reese <joel.reese@rm-firm.com>; Josh Russ <josh.russ@rm-firm.com>; Sean Gallagher <sean.gallagher@rm-firm.com>; Robert Gruber <rgruber@reitergruber.com>; Charlie Reiter <creiter@reitergruber.com>; Moskowitz, Adam <APMoskowitz@winston.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>
**Subject:** Re: letter 11.02.2020

**[EXTERNAL EMAIL]**

---

Ms. Mandell,

Thank you for sending the letter. I can speak with you all tomorrow (Wednesday) afternoon between 11am and 3pm Pacific. Regarding the initial disclosures, I'm okay with a one-week extension on the parties' deadlines if that would be helpful.

Please let me know if you want to confer tomorrow and what time.

Thanks,
Brett


Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420

Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 2, 2020, at 9:53 PM, Meredith Mandell <meredithmandell@quinnemanuel.com> wrote:

<Letter Response November 02 2020.pdf>

November 2, 2020

**V**IA **E-M**AIL

| | |
|---|---|
| Charles Reiter, Esq. | Brett Rosenthal, Esq. |
| Robert Gruber, Esq. | Joel W. Reese, Esq. |
| 100 Wilshire Blvd, Suite 700 | Reese Marketos LLP |
| Santa Monica, California 90401-3602 | 750 N. Saint Paul Ste., Suite 600 |
| (310) 496-7799 | Dallas, Texas 75201 |
| creiter@reitergruber.com | (214)-382-9810 |
| | Brett.rosenthal@rm-firm.com |

Re: *Waidhofer v. Cloudfare et. al.*, No. 2:20-cv-06979

Dear Counsel:

We are in receipt of your email responding to our letter of earlier today, November 2, 2020.

Your response fails to address – either entirely or in substance – the issues we have raised. First, while plaintiff as a technical matter has 21 days to file an amended complaint, that ignores the realities of plaintiff's delays, which still remain unexplained, and the undue prejudice they have caused and continue to cause to the Advertiser Defendants. We cannot be expected to prepare initial disclosures or propound discovery without an operative pleading, let alone do so only once you have tactically decided to run out the clock on the schedule that was agreed upon.

This is part and parcel of plaintiff's other tactical delays in litigating this case for which the Court has already issued an order to show cause against plaintiff. Since you refuse to state when plaintiff will be serving an amended complaint, please let us know when you are available for a meet and confer in advance of motion practice to re-set the schedule and for other proper relief due to plaintiff's improper delays.

Second, despite our now repeated requests, you still refuse to provide any factual basis for your demand that the Advertising Defendants preserve documents, let alone for the overbroad categories that plaintiff claims, from the time you allege thothub.tv began operations. Indeed, you provide no factual basis as to when the supposed infringement of plaintiff's rights began on that site. Nor do you even attempt to defend the other improper, baseless aspects of plaintiff's preservation demands identified in our letter. Please let us know when you are available for a meet and confer on those issues in advance of our motion to Court.

We propose tomorrow afternoon Pacific time for the meet and confer. Please let us know promptly.

Very truly yours,

Michael T. Zeller