# EXHIBIT B

**From:** Brett Rosenthal <brett.rosenthal@rm-firm.com>
**Date:** November 9, 2020 at 11:55:24 AM PST
**To:** Michael T Zeller <michaelzeller@quinnemanuel.com>
**Cc:** Meredith Mandell <meredithmandell@quinnemanuel.com>, "Kearney, Thomas" <TKearney@winston.com>, "Golinveaux, Jennifer" <JGolinveaux@winston.com>, "Ranahan, Erin" <ERanahan@winston.com>, "Elkin, Michael" <MElkin@winston.com>, "Romm, Leah" <LRomm@winston.com>, "Moskowitz, Adam" <APMoskowitz@winston.com>, "Steinberg, Ying Lin" <YSteinberg@winston.com>, Joel Reese <joel.reese@rm-firm.com>, Josh Russ <josh.russ@rm-firm.com>, Sean Gallagher <sean.gallagher@rm-firm.com>, Robert Gruber <rgruber@reitergruber.com>, Charlie Reiter <creiter@reitergruber.com>
**Subject: Re: Waidhofer et al v. Cloudflare et al: discovery**

All parties that have appeared in this case, in accordance with the Federal Rules of Civil Procedure. The Rules provide separate treatment for parties that are served or join later. See Rule 26(a)(1)(D).


Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024


Visit us at www.rm-firm.com




On Nov 9, 2020, at 1:51 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

Who do you mean by "all parties." That is scarcely a frivolous request. Are you including Cloudflare? CrakRevenue? The Does?

1

On Nov 9, 2020, at 11:49 AM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 Our position is clear. We have already wasted more than enough time on your frivolous objections. Thanks.

Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com


On Nov 9, 2020, at 1:47 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

And you are including parties other than my clients such as Cloudflare as the basis for your refusals otherwise to produce the registrations and deposit materials, right?

On Nov 9, 2020, at 11:45 AM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 Mr. Zeller:

1.  Plaintiffs will produce documents with the Rule 26(a) disclosures, if the agreement is mutual by all parties.  The production will include proof of copyright registrations and the deposit materials.  The parties will need to agree to a protective order.  We are fine with the Court's standard protective order form.

2.  Plaintiffs will produce the Rule 26(a) disclosures on November 13, if the parties agree to mutually exchange them on that date.  Plaintiffs are also willing to agree to other reasonable dates, if Defendants want a sooner or later date.

3.  Please provide dates for the requested depositions by Friday, November 13.

Thanks.

Brett

2

Reese Marketos LLP
**Brett S. Rosenthal**

<u>Main Office</u>
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

<u>Eastern District Office</u>
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 9, 2020, at 1:32 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

We will respond to this in due course, but to be clear, plaintiffs position is that we are to produce our witnesses for deposition *before* your clients produce the copyright registrations and deposit materials that they are relying upon this case? I

On Nov 9, 2020, at 11:07 AM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:

**[EXTERNAL EMAIL]**

Counsel,

Please see the attached correspondence regarding discovery issues that were discussed during our telephonic conference last Wednesday.

Regards,
Brett

Reese Marketos LLP
**Brett S. Rosenthal**

<u>Main Office</u>
750 N. Saint Paul St., Suite 600

3

Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

<u>Eastern District Office</u>
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at [www.rm-firm.com](www.rm-firm.com)

<2020_11_09 ltr to Defs counsel.pdf>

4

Page 4

**RM REESE · MARKETOS**

Brett S. Rosenthal

brett.rosenthal@rm-firm.com
p (214) 382-3057
f (214) 501-0731

November 9, 2020

**VIA E-MAIL**

Michael T. Zeller, Esq.
Meredith Mandell, Esq.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Email: michaelzeller@quinnemanuel.com
  meredithmandell@quinnemanuel.com

Jennifer A. Golinveaux, Esq.
Michael S. Elkin, Esq.
101 California Street, 35th Floor
San Francisco, California 94111
Email: jgolinveaux@winston.com
  melkin@winston.com

Re: *Waidhofer* et al. *v. Cloudflare, Inc.* et al., No. 2:20-cv-06979

Counsel,

During our conference last week, we discussed several items related to discovery in the above-referenced case. This is a brief note to follow up on those discussions.

One subject that we discussed was the date for initial disclosures. In response to Defendants' concerns about their ability to make initial disclosures on November 6 as previously agreed, Plaintiffs offered to extend the deadline for initial disclosures until at least November 13, provided that the extension would be mutual for all sides. All parties agreed that the extension would be mutual. The parties agreed to confer about a new date for initial disclosures after Defendants had an opportunity to review the First Amended Complaint.

We also discussed Defendants' objections to Plaintiffs' document-preservation requests, which are stated in the Rule 26(f) Report previously submitted to the Court. To address the concerns that Defendants have raised, Plaintiffs offered to clarify some of the document-preservation requests. In particular, Plaintiffs now offer the following clarifications:

- Regarding items (c) and (k) in the Rule 26(f) Report, which relate to communications with the so-called John Does 1-21 and financial records concerning John Does 1-21, Plaintiffs offer to clarify these requests as follows: Defendants should preserve any communications or financial records during the relevant period (i.e. since May 2018) related to Thothub or involving any of the persons listed below:

    - Any person who is identified in communications with Defendants using one of the pseudonyms for John Does 1-21 stated in the First Amended Complaint (see ¶ 23, 151);
    - Benjamin (aka "Jelle") Samaey;
    - Michael Hughes;
    - Linus Malmberg;
    - Andrew Rubio;

Page 5

- o Francisco Dias or his company Frantech Solutions;

- Regarding items (l) and (m), which relate to DMCA notices and responses and well as documents regarding DMCA policies, Plaintiffs offer to clarify these requests as follows: Defendants should preserve any copyright-infringement notices, responses, or other communications related to Thothub or any of the Plaintiffs. In addition, Cloudflare should preserve copies of its DMCA and/or infringement-notice policies.

- Regarding item (d), which relates to communications with third parties, Plaintiffs offer to clarify this request as follows: Defendants should preserve all communications with third parties related to Thothub, affiliate marketing, or affiliate management.

- Regarding objections to the requested preservation dates (i.e. from May 2018 to the present), Plaintiffs explained once again that the date relates to the date when Thothub is believed to have begun operating. Plaintiffs explained that this date is relevant to the case because, among other reasons, the claims turn in part on Defendants' knowledge or awareness of Thothub's alleged RICO and copyright-infringing activities.

- Regarding Plaintiffs' request that Cloudflare preserve certain server documents, Plaintiffs understand that Cloudflare will provide a written letter outlining the nature of these objections. Plaintiffs will consider any objections made by Cloudflare and, if appropriate, may offer to clarify the scope of these preservation requests.

Plaintiffs also explained during the conference that all relevant documents within the possession, custody, or control of Defendants must be preserved, including documents held by the Defendants' agents. In particular, Plaintiffs advised that the Advertisers (BangBros, Sonesta, and Multi Media LLC) must ensure that all relevant documents held by the Advertisers' agent CrakMedia (doing business as CrakRevenue) will be properly preserved.

Finally, during the conference, the Advertisers' counsel requested deposition dates for the Plaintiffs and asked that dates be provided no later than Friday, November 6. Counsel for the Advertisers also requested that at least some dates be offered for November 2020. On November 5, by email, Plaintiffs' counsel offered the following potential dates for depositions:

- Waidhofer: Nov. 17, Nov. 24, Dec. 1, Dec. 8-10
- McGehee: Nov.24, Nov. 25, Dec. 8-10
- Lavitz: Counsel advised that he is still working on confirming these dates.

In the same email, Plaintiffs' counsel also requested dates for depositions of the following witnesses: Andrew Hendrixson (BangBros), Jeffrey Greenberg (BangBros), Natasha Pierson (Multi Media), and John LeBlanc (Multi Media). Plaintiffs have requested that dates for these depositions be provided by the Advertisers no later than Friday, November 13.

2

Thank you for your attention to these matters. Please advise promptly if the above does not reflect your recollection of our discussions, or if you have any questions.

Best regards,

Brett S. Rosenthal

*Counsel for Plaintiffs Deniece Waidhofer, Margaret McGehee, and Ryuu Lavitz LLC*

BSR:alh

3