# Exhibit C

**From:** **Meredith Mandell** meredithmandell@quinnemanuel.com 🖉
**Subject:** Ex Parte Application in Waidhofer v. Cloudfare et. al.
**Date:** November 10, 2020 at 11:41 PM
**To:** brett.rosenthal@rm-firm.com
**Cc:** Kearney, Thomas TKearney@winston.com, Ranahan, Erin ERanahan@winston.com, Elkin, Michael MElkin@winston.com,
Romm, Leah LRomm@winston.com, Moskowitz, Adam APMoskowitz@winston.com, Steinberg, Ying Lin
YSteinberg@winston.com, Michael T Zeller michaelzeller@quinnemanuel.com, Joel Reese joel.reese@rm-firm.com, Josh Russ
josh.Russ@rm-firm.com, Sean Gallagher sean.gallagher@rm-firm.com, Charlie Reiter creiter@reitergruber.com, Robert Gruber
rgruber@reitergruber.com, Golinveaux, Jennifer JGolinveaux@winston.com

Counsel,

Please find attached the Ex Parte Application that was filed with the court tonight.

Meredith Mandell

        

2020-11-10 Ex    2020-11-10 Ex    2020-11-10 Ex    2020-11-10 Ex    2020-11-10 Ex
Parte A..._0].pdf   Parte A..._1].pdf   Parte A..._2].pdf   Parte A..._3].pdf   Parte A..._4].pdf

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100


Attorney for Defendants
BangBros.com Inc. and Multi Media, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company;<br><br>            Plaintiffs,<br><br>      vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,<br><br>            Defendants. | Case No. 2:20-cv-06979<br><br>**DEFENDANTS MULTI MEDIA LLC AND BANGBROS.COM INC.'S OPPOSED *EX PARTE* APPLICATION FOR ORDER COMPELLING PRODUCTION OF COPYRIGHT REGISTRATIONS AND DEPOSIT MATERIALS**<br><br>**[DISCOVERY MATTER]**<br><br>Complaint Filed:   August 3, 2020<br>FAC Filed:          November 4, 2020<br>Trial Date:          None<br><br>Judge:   Hon. Alka Sagar |

TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Multi Media LLC and BangBros.com Inc. (collectively the "Advertiser Defendants") will, and hereby do, apply *ex parte* (the "Application") for an order compelling plaintiffs Deniece Waidhofer, Margaret McGehee, and Ryuu Lavitz LLC (collectively "plaintiffs") to produce the copyright registrations on which they purport to base their claims of copyright infringement.

The Application is based on this Notice of *Ex Parte* Application, the Memorandum of Points and Authorities attached hereto, the Declaration of Michael T. Zeller filed concurrently herewith, all materials incorporated or relied upon in it, matters of which this Court may take judicial notice, and any and all other materials the Court deems proper.

Pursuant to Local Rule 7-19, after extensive unsuccessful efforts to resolve the issue raised by this *ex parte*, the Advertiser Defendants' counsel contacted plaintiffs' counsel by email communications and then by telephone voicemails on November 10, 2020 to advise counsel of the date and substance of the proposed ex parte application, as set forth in the Declaration of Michael T. Zeller, filed herewith. Plaintiffs have stated that they intend to oppose the application.

DATED:  November 10, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By      */s/ Michael T. Zeller*
   Michael T. Zeller
   Attorney for Defendants Multi Media
   LLC and BangBros.com Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Plaintiffs have sued the Advertiser Defendants for copyright infringement. Black letter law *requires* dismissal of a copyright suit by a plaintiff who had not properly registered the allegedly infringed works *before* filing suit. Yet, remarkably, plaintiffs here both failed to attach their purported copyright registrations and associated deposit materials to their complaint and now refuse to turn them over by a date certain. Indeed, plaintiffs have given various conflicting, evolving excuses for their stonewalling, but none of them justifies their withholding of these central documents. Plaintiffs' dilatory tactics are unfairly prejudicing the Advertiser Defendants in multiple respects, including their ability to prepare their motion to dismiss, which is currently due on November 18, 2020, to formulate document requests and other written discovery, to take and defend depositions, and to otherwise prepare their defenses in this action.

As a result, the Advertiser Defendants have been left with no choice but to seek relief on an *ex parte* basis. Absent an Order promptly compelling the production of the registrations and deposit materials, the Advertiser Defendants will be denied their rightful ability to use them in their motion to dismiss, which is due on November 18, 2020. Also absent the requested Order, the Advertiser Defendants will not have these indispensable documents to proceed with discovery and otherwise defend this case. Indeed, underscoring the bad faith of their delay tactics here, plaintiffs are demanding that the Advertiser Defendants produce witnesses for deposition while simultaneously refusing to turn over the copyright registrations and deposit materials that are necessary for those depositions to even proceed.

The Advertiser Defendants respectfully ask that the Court order plaintiffs to immediately produce all purported copyright registration certificates and all deposit materials on which they purport to rely in this litigation.

### **Background**

On August 3, 2020, plaintiff Deniece Waidhofer filed her complaint ("Complaint") against the Advertiser Defendants, among others.  Dkt. 1.  Ms. Waidhofer sued the Advertiser Defendants for alleged copyright infringement, RICO violations, and a grab bag of other alleged torts.  *Id.*  As the Advertiser Defendants' October 14, 2020 Motion to Dismiss (Dkt. 59) made clear, the Complaint was fatally defective.  Among other deficiencies, Ms. Waidhofer had "failed to meet the basic pleading requirement[]" of alleging that she had registered the copyrights on which she purported to base her claims.  *Id.* at 6-7; *see also Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (plaintiff must have been *issued*, not merely applied for, copyright registration before bringing suit).  Indeed, Ms. Waidhofer conceded in her pleading that some of her purported registration applications were merely "pending."  Dkt. 59 at 6-7; *see also* Dkt. 1 ¶ 69.

In response to the Advertiser Defendants' Motion to Dismiss, Ms. Waidhofer – along with two entirely new plaintiffs—filed a First Amended Complaint ("FAC") on November 4, 2020.  Dkt. 68.  In the FAC, plaintiffs allege (among other things) copyright infringement.  This time, plaintiffs allege that they have been issued numerous copyright registrations.  *Id.* ¶¶ 81-82, 99-100, and 116-117.[1]  But plaintiffs fail to attach <u>any</u> of their purported registrations or deposit materials to the FAC.

The Advertiser Defendants' counsel contacted plaintiffs' counsel to request they provide the purported registration certificates and deposit materials that plaintiffs purport to rely upon in this case and that are prerequisites to suit.  Zeller Decl., Ex. A; *Fourth Estate*, 139 S. Ct. at 887.  Counsel for the Advertiser Defendants pointed out that Rule 26 requires plaintiffs to produce, without a discovery request, documents on which plaintiffs intend to rely to sustain their claims, which necessarily would include

---

[1]  According to their allegations, the new plaintiffs' purported registrations were allegedly issued ***after*** the original Complaint was filed.  *Id.* ¶¶ 100, 117.

1 the copyright registrations plaintiffs allege have been issued and the underlying deposit
2 materials. Zeller Decl., Ex. A at 8-9. Plaintiffs' counsel refused, asserting that the
3 Advertiser Defendants could propound discovery requests asking for the purported
4 registrations. *Id.* at 7. After the Advertiser Defendants pointed out that this was both
5 incorrect under the Rules and in any event would deny the Advertiser Defendants the
6 ability to fully prepare the motion to dismiss by the Court's deadline and cause other
7 delays, plaintiffs shifted to a new position—insisting that the Advertiser Defendants
8 agree to produce documents with their initial disclosures on November 13, 2020.
9 Although plaintiffs' arguments were replete with irrelevancies and false equivalences—
10 plaintiffs have no motion to dismiss coming due soon, for example—the Advertiser
11 Defendants nevertheless agreed to produce their documents. *Id.* at 3. Plaintiffs then
12 reneged on that agreement by announcing that they would comply only if a separate,
13 *unrelated* defendant—Cloudflare—produced all of its documents. *Id.* at 2.

14    Thus, despite the extensive efforts by the Advertiser Defendants to resolve this
15 matter without motion practice, plaintiffs still refuse to provide their registrations and
16 deposit materials (or even commit to a date certain as to when they will provide them)
17 and necessitated this Application.

18    <u>**Argument**</u>

19 **I.    *EX PARTE* RELIEF IS NECESSARY TO ENSURE THAT THE**
20    **ADVERTISER DEFENDANTS CAN TIMELY FILE THEIR MOTION TO**
21    **DISMISS.**

22    *Ex parte* relief is appropriate when "the ultimate relief requested cannot be
23 calendared in the usual manner." *Z Best Body & Paint Shops, Inc. v. Sherwin-Williams*
24 *Co.*, No. EDCV 16–2398–SVW (KKx), 2017 WL 3730515, at *2 (C.D. Cal. Aug. 29,
25 2017). The moving party must show its "case will be irreparably prejudiced if the
26 underlying motion is heard according to regular noticed motion procedures" and it "is
27 without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred
28 as a result of excusable neglect." *Id*. (internal citations and quotation marks omitted).

1    The Advertiser Defendants bring this *ex parte* Application because there is not

2    enough time before their November 18, 2020 deadline to move to dismiss the FAC to

3    bring a motion under the procedures set forth in Local Rule 37-3, which would permit a

4    hearing before the Court no earlier than December 1, 2020.  Without the plaintiffs'

5    purported copyright registrations and deposit materials (if they exist), the Advertiser

6    Defendants and the Court will be denied essential information to assess whether

7    plaintiffs properly registered their claimed works before filing suit as required.  *See*

8    *Fourth Estate*, 139 S.Ct. at 892 (plaintiff does not meet the Copyright Act's registration

9    requirement "when an application for registration is filed," but only "when the Register

10   has registered a copyright after examining a properly filed application.").

11   Further, the parties had agreed to a schedule under which initial disclosures were

12   due this week.  Zeller Decl., Ex. A at 14-15.  Without the purported registrations, the

13   Advertiser Defendants will also be prejudiced in their ability to prepare their initial

14   disclosures and otherwise defend the case.  The Advertiser Defendants are not at fault

15   for their inability to bring a normally calendared motion: plaintiffs filed their FAC on

16   November 4, 2020, by which time it would already have been impossible for the

17   Advertiser Defendants to obtain a court order that plaintiffs produce the purported

18   registration materials in time to move to dismiss by the November 18, 2020 deadline to

19   do so (*see* Fed. R. Civ. P. 15(a)(3)) or prepare their initial disclosures in accordance

20   with the agreed-upon schedule.

21   **II.   PLAINTIFFS' REFUSALS TO PRODUCE THE PURPORTED**

22   **REGISTRATIONS ARE BASELESS**

23   Plaintiffs' refusal to produce their purported copyright registrations and deposit

24   materials contradicts both the letter and the spirit of Rule 26.  The very purpose of Rule

25   26 is to require parties to provide certain information and produce certain documents

26   "without awaiting a discovery request."  Fed. R. Civ. P. 26(a)(1)(A).  Among the

27   categories of required disclosures is "a copy—or a description by category and

28   location—of all documents … that the disclosing party has in its possession, custody, or

1  control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii).
2  And, under binding Supreme Court authority, there can be no copyright lawsuit without
3  an *issued* copyright registration *before* that suit is filed. *Fourth Estate,* 139 S.Ct. at
4  892.   The plaintiffs' purported copyright registrations and deposit materials are
5  accordingly directly relevant to the Advertiser Defendants' motion to dismiss for failure
6  to properly state a claim, which is due shortly.[2]

7       Plaintiffs have no colorable basis for refusing to produce documents so
8  foundational to their case.[3]   Indeed, there is ample reason to believe plaintiffs are
9  hiding these documents (to the extent they exist) because they will conclusively show
10 that they were not properly obtained prior to the filing of the FAC. *See* Dkt. 68, ¶¶ 100,
11 117 (suggesting that plaintiffs are relying upon untimely copyright registrations).  And
12 if plaintiffs can refuse to provide such basic materials, or insist they will provide them
13 only if an entirely unrelated defendant such as Cloudflare must agree to plaintiffs' also
14 entirely unrelated discovery demands (Zeller Decl., ¶ 7; Ex. A at 1-2), plaintiffs will be

15 _____

16 [2]  Plaintiffs will likely argue the Advertiser Defendants may not or do not need
17 such evidence to prepare a motion to dismiss.  *See* Zeller Decl., Ex. A at 2, 7.  Any
   such contention fails: under the incorporation by reference doctrine, a court
18 analyzing a Rule 12(b)(6) motion may consider a document not attached to the
19 complaint "if the plaintiff refers extensively to the document or the document forms
   the basis of the plaintiff's claim."  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).
20 As is indisputable here, the purported registrations that plaintiffs refuse to turn over
21 are repeatedly referred to and relied upon in plaintiffs' FAC.  Dkt. 68, ¶¶ 1, 7, 9, 12,
   22-23, 73, 81-84, 87-98, 100-11, 117-20, 124-26, 134, 186, 194-95, 224-25, 232,
22 302, 305, 319-29.

23 [3]  In correspondence (Zeller Decl., Ex. A at 11), plaintiffs attempted to rely on
24 *Masterson v. Walt Disney Co.*, No. 18-CV-5966 MWF (PLAx), 2019 WL 1581400,
   at *5 (C.D. Cal. Jan. 29, 2019), for the idea that a plaintiff need not provide copies
25 of its purported copyright registrations, but that case pre-dates *Fourth Estate.*
26 Plaintiffs also ignore the subsequent history of the same case, in which the court
   (post-*Fourth Estate)* allowed the plaintiff to proceed only because she had by that
27 point filed copies of her registrations.  *Masterson v. Walt Disney Co.*, No. CV 18-
28 5966-MWF (PLAx), 2019 WL 2879877, at *5 (C.D. Cal. May 8, 2019).

rewarded here for tying up this case and disregarding their basic obligations by simply demanding whatever conditions they can contrive, no matter how irrelevant or improper those conditions are.  Taken alone, and certainly taken together, plaintiffs' refusals and shifting, baseless excuses amount to bad faith.  *See Shame On You Productions, Inc. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018) (affirming district court ruling that plaintiff acted in bad faith by failing to produce copyrighted material in required initial disclosures and concluding that plaintiff's "primary motivation" was  "draining Defendants' resources in order to force a settlement.").

## Conclusion

    For the foregoing reasons, the Advertiser Defendants respectfully request that the Court order plaintiffs to immediately produce the copyright registrations and underlying deposit materials referenced in their First Amended Complaint.


DATED:  November 10, 2020          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP

                                   By       */s/ Michael T. Zeller*
                                   _____
                                      Michael T. Zeller
                                      Attorney for Defendants Multi Media
                                      LLC and BangBros.com Inc.

1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7 CENTRAL DISTRICT OF CALIFORNIA

8 | DENIECE WAIDHOFER, an individual; | Case No. 2:20-cv-06979
MARGARET MCGEHEE, an individual; and
9 | RYUU LAVITZ, LLC, a Massachusetts | **[PROPOSED] ORDER GRANTING
limited liability company; | DEFENDANTS MULTI MEDIA LLC AND
10 | | BANGBROS.COM INC.'S OPPOSED *EX
Plaintiffs, | *PARTE* APPLICATION TO COMPEL
11 | | PRODUCTION OF COPYRIGHT
vs. | REGISTRATIONS AND DEPOSIT
12 | | MATERIALS**

13 | CLOUDFLARE, INC., a Delaware
corporation; BANGBROS.COM, INC., a
14 | Florida corporation; SONESTA
TECHNOLOGIES, INC., a Florida
corporation; MULTI MEDIA LLC, a | Judge:   Hon. Alka Sagar
15 | California limited liability company;
CRAKMEDIA INC., a Canadian
16 | corporation; and JOHN DOES 1-21, as-yet
unidentified individuals,

17

18 | Defendants.

19

20

21

22

23

24

25

26

27

28

APP. 016

**[PROPOSED] ORDER**

Having considered Defendants Multi Media LLC and BangBros.com Inc.'s Opposed *Ex Parte* Application to Compel Production of Copyright Registrations and Deposit Materials (the "Application") and supporting papers, the Court, finding good cause, hereby GRANTS the Application and ORDERS plaintiffs to produce all copyright registrations and deposit materials referenced in their First Amended Complaint ("FAC") or that plaintiffs otherwise are relying upon in this action within twenty-four hours of this order.

IT IS SO ORDERED.

DATED: _____, 2020

_____
Hon. Alka Sagar
United States Magistrate Judge

-2-                                                    Case No. 2:20-cv-06979
[PROPOSED] ORDER GRANTING ADVERTISER DEFENDANTS' OPPOSED *EX PARTE* APPLICATION TO
COMPEL PRODUCTION

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorney for Defendants
BangBros.com Inc. and Multi Media, LLC

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company;<br><br>        Plaintiffs,<br><br>     vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,<br><br>        Defendants. | Case No. 2:20-cv-06979<br><br>**DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF DEFENDANTS MULTI MEDIA LLC AND BANGBROS.COM INC.'S OPPOSED *EX PARTE* APPLICATION FOR ORDER COMPELLING PRODUCTION OF COPYRIGHT REGISTRATIONS**<br><br>**[DISCOVERY MATTER]**<br><br>Complaint Filed:  August 3, 2020<br>FAC Filed:      November 4, 2020<br>Trial Date:      None<br><br>Judge:   Hon. Alka Sagar |

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, hereby declare and state as follows:

1.     I am an attorney licensed to practice before this Court and admitted to the State Bars of California, New York and Illinois.  I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for Defendants Multi Media LLC and BangBros.com Inc. (collectively the "Advertiser Defendants") in this matter.  I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.  I submit this declaration in support of the Advertiser Defendants' Opposed *Ex Parte* Application for Order Compelling Production of Copyright Registrations and Deposit Materials (the "Application").

2.     Plaintiff Deniece Waidhofer filed her Complaint on August 3, 2020 (Dkt. 1).  The Complaint alleged, among other things, copyright infringement.  The Advertiser Defendants moved to dismiss on October 14, 2020 (Dkt. 59) because, among other deficiencies, Ms. Waidhofer failed to properly allege that she had been issued the copyrights on which she claimed to base her infringement case and indeed alleged they were "pending."  Dkt. 1 at 21-22.

3.     While the Advertiser Defendants' motion to dismiss was pending, plaintiffs filed their First Amended Complaint ("FAC") on November 4, 2020 (Dkt. 68).  The FAC purported to add two new plaintiffs and asserted that plaintiffs owned various copyright registrations, but did not attach any of those registrations or any of the deposit materials.  The Advertiser Defendants' motion to dismiss the FAC is due on November 18, 2020 under the current schedule.

4.     On November 5, 2020, I emailed Brett Rosenthal, counsel for plaintiffs, to request that plaintiffs produce the copyright registrations and associated documents plaintiffs are asserting in this action.  Attached hereto as Exhibit A is a true and correct copy of email correspondence between plaintiffs' counsel and me from November 3-8, 2020.  Attached hereto as Exhibit B is a true and correct copy of email and letter correspondence between plaintiffs' counsel and me from November 9, 2020.  In this

1   series of emails, plaintiffs' counsel Joel Reese repeatedly refused to produce the

2   copyright registrations and deposit materials on which plaintiffs purport to base their

3   copyright case, telling me they would produce the copyright registrations and related

4   documents only with a formal discovery request (with an attendant delay of at least 30

5   days).  Ex. A at 9-13.

6         5.     When I pointed out that Rule 26 required production of the registrations

7   and deposit materials and thus did not require a discovery request (Ex. A at 8),

8   plaintiffs' counsel eventually seemed to backtrack, stating that plaintiffs would in fact

9   produce the copyright registrations at issue with their initial disclosures on November

10  13, 2020 if the Advertiser Defendants also produced documents on that date.  *Id.* at 6-

11  7.  In fact, the initial disclosure date originally had been November 6, 2020, but

12  plaintiffs' delays in waiting to file the FAC until November 4, 2020 required that the

13  initial disclosure deadline be moved to November 13, 2020.  Although plaintiffs'

14  demand was extraneous at best to the issue of the plaintiffs' registrations and deposit

15  materials, the Advertiser Defendants nevertheless agreed to it in the hopes of avoiding

16  motion practice.  I requested that the exchange happen sooner, given the Advertiser

17  Defendants' need for the purported registrations in order to assess a possible motion to

18  dismiss, propound document discovery, take and defend depositions, and otherwise

19  prepare to defend the case.  *Id.* at 6.  After plaintiffs' counsel told me that plaintiffs

20  would produce the registrations "on whatever date [I] want," I suggested Monday,

21  November 9.  *Id.* at 2.

22        6.     Plaintiffs' counsel then reneged on this agreement, stating that they would

23  provide the purported copyright registrations and deposit materials only if *a separate,*

24  *unrelated* defendant—Cloudflare—agreed to plaintiffs' unrelated demand for discovery

25  from Cloudflare on topics having nothing to do with the subject of our negotiations to

26  that point.  This was the first time plaintiffs' counsel mentioned any conditions

27  involving Cloudflare.  Thus, at this point, despite the Advertiser Defendants' repeated

28  attempts to resolve this issue, plaintiffs have refused to provide the registrations and

deposit materials by a date certain, let alone prior to the time that the Advertiser Defendants' motion to dismiss the FAC is currently due on November 18, 2020.

7.     I notified plaintiffs' counsel in the email correspondence attached as Exhibit A and further by telephone voicemail messages left with plaintiffs' counsel (who did not answer their phones) on Tuesday, November 10, 2020 that the Advertiser Defendants would be seeking ex parte relief by way of this Application to compel the production of plaintiffs' copyright registrations and deposit materials.  Plaintiffs have stated that they will oppose the Application.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of November, 2020, at Los Angeles, California.


By  /s/ Michael T. Zeller

Michael T. Zeller

# EXHIBIT A

**From:** Brett Rosenthal [mailto:brett.rosenthal@rm-firm.com]
**Sent:** Sunday, November 8, 2020 6:43 PM
**To:** Michael T Zeller <michaelzeller@quinnemanuel.com>
**Cc:** Joel Reese <joel.reese@rm-firm.com>; Meredith Mandell <meredithmandell@quinnemanuel.com>; Kearney, Thomas <TKearney@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Romm, Leah <LRomm@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Josh Russ <josh.russ@rm-firm.com>; Sean Gallagher <sean.gallagher@rm-firm.com>; Robert Gruber <rgruber@reitergruber.com>; Charlie Reiter <creiter@reitergruber.com>; Moskowitz, Adam <APMoskowitz@winston.com>
**Subject:** Re: Waidhofer et al v. Cloudflare et al: deposition dates

We disagree. Please make whatever motions you feel are appropriate and we will respond. The suggestion that you need discovery to draft a motion to dismiss is frivolous. The issue you've raised is plainly not jurisdictional. See Reed Elsevier v. Muchnick, 559 U.S. 154 (2010).

**Brett S. Rosenthal**

Reese Marketos LLP

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 8, 2020, at 6:29 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

This is not, and never has been, about an ex parte by Cloudflare.  It is an ex parte by my clients to compel copyright plaintiff clients to turn over the registrations and deposit materials they are relying upon in this case but, instead of turning them over, you have chosen to play multiple games.  Are you taking the position that plaintiffs are refusing to resolve my clients' ex parte unless another, unrelated party (here, Cloudflare) capitulates to your unrelated discovery demands?  That is plainly improper if that is your latest purported condition before you comply with your most basic obligations.

APP. 023

As for the depositions, we will take them when you provide your basic documents.  Indeed, as you were told, you are delaying the depositions by your simultaneous refusal to produce the registrations and deposit materials.

Finally, your suggestions of delay are false.  You first advised us that you were adding entirely new plaintiffs with new works on Weds, the day we then first received the amended complaint that conspicuously failed to attach the registrations and deposit materials.  We immediately asked for them, but plaintiffs have just dragged their feet.  In fact, you have not even done what you agreed to do during that Weds call either.

On Nov 8, 2020, at 3:53 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 Will all of the parties be making initial disclosures tomorrow? Mike, please confirm for Advertisers. Jennifer, please confirm for Cloudflare. If all the parties agree to exchange disclosures, we are happy to do so. Discovery is a two-way street.

I would note, Mike, that discovery has been open for nearly a month. You have not served any document requests. In fact, I don't recall you ever having said a word about the documents that you now claim to need so urgently before last Thursday. You also didn't mention them during our call last Wednesday or during our prior conferences. You also already filed a motion to dismiss without them despite claiming to need them for that. You're wasting everyone's time and churning up legal bills for your client.

On another note, please send dates for those four depositions I requested. I don't see any reason why you shouldn't be able to provide dates by the end of this week. I would also expect at least some dates offered in November.

Thanks.


**Brett S. Rosenthal**

Reese Marketos LLP

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 8, 2020, at 5:39 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

You will produce the copyright registrations and deposit materials your clients purport to rely upon tomorrow?

Your claim about the date being our request is false but is beside the point.

On Nov 8, 2020, at 3:32 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 We will exchange initial disclosures on whatever date you want. We previously agreed to extend the deadline one week at your request.

APP. 024

**Brett S. Rosenthal**

Reese Marketos LLP

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 8, 2020, at 5:11 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:
 That's what you claim, without any explanation as to why you are improperly dragging your feet another week.
When are you able to produce the registrations and deposit materials?  Tomorrow?
Sent from my mobile device.

On Nov 8, 2020, at 3:02 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 Mike, we have already offered to exchange documents on November 13 as discussed last week. Would you prefer a different date?

**Brett S. Rosenthal**

Reese Marketos LLP

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 8, 2020, at 2:37 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

I have yet to receive a response to this email. My clients continue to stand ready to produce documents and proceed with discovery.  Your clients, in stark contrast, apparently are unwilling or unable to produce the very registrations and deposit materials they were required by federal law to have before bringing their claims in this case — and indeed cannot even proffer a justification as to why they refuse to do so now.  I ask now for the third time:  What is the reason for your clients' delay as part of this supposed proposal you are making, other than your obvious game playing and attempts to prejudice our ability to move forward with the case?  Your failures to answer that simple question suggests that it because plaintiffs' last minute proposal is nothing but another frivolous attempt at deflection.  Otherwise, you'd readily agree to produce them now or at least explain your ongoing delays.

Given this, we will inform the Court in the ex parte that even after my clients agreed to produce documents with the initial disclosures in order to moot plaintiffs' latest, ever evolving and quite irrelevant excuses for their own refusals to provide their required documents, plaintiffs then still refused to agree to produce them by a date certain and indeed have repeatedly refused to provide any explanation for why they have not produced them by now and will not commit to a date certain.

On Nov 7, 2020, at 10:55 AM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

So under your purported deal, what's your explanation for waiting another week to turn over the registrations and deposit materials instead of doing it now, since you know that delay so cuts further into our time to prepare our motion to dismiss and well as take your clients' depositions?  And telling us that you are willing to extend the due date of the motion etc is no excuse either.  That just rewards your continued delays.  If you have an explanation, please provide it.

On Nov 7, 2020, at 10:37 AM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Just so there is no confusion, 1 includes the registration materials.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 7, 2020, at 10:48 AM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

We are under no obligation to include such a false statement as set forth in your proposed paragraph 1, and you apparently are omitting the registration deposit materials in your supposed proposal.

Furthermore, if you actually have those materials, why are dragging your feet another week to provide them when you know that cuts into our time to prepare our motion to dismiss and delay our ability to propound discovery? Or do you have any reason other than just to cause delay and gin up expense?

On Nov 7, 2020, at 5:24 AM, Joel Reese <joel.reese@rm-firm.com> wrote:
 For certificate of conference purposes, please advise the court:

1.  Plaintiffs will agree to produce documents (including the registrations) with the Rule 26 disclosures, as long as the agreement to produce documents is mutual. If defendants do not want this agreement, Plaintiffs have also offered to produce them in response to requests for production.

2. Plaintiffs will agree to provide the Rule 26 disclosures on Nov 13 (per the email from Cloudflare's counsel) or any other reasonable date proposed by defendants.

Please send us the motion as soon as you file it so we can immediately respond.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 5:17 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

You can continue to take snippets of statements out of context in your efforts to deflect and harass (such as your irrelevant points about sanctions at later times that we will be pursuing but have nothing to do with the particular ex parte we will be filing).

As I have said time and time again to you now, our requested relief on the ex parte will be a Court order requiring plaintiffs to immediately produce any and all copyright registrations and deposit materials they are relying upon or intend to rely upon in this suit.  You have refused to commit unambiguously to provide those documents by a date certain.  There is nothing unclear about that.

On Nov 6, 2020, at 3:03 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 No, it is your position that Rule 26 requires the production of documents.  In fact, in the initial email that started this long discussion, you stated the following:

please let us know when we can expect plaintiffs' full production of copies of all documents required under Rule 26(a)(1), including without limitation all copyright registrations and associated documents and all other documents on which plaintiffs are relying upon for their claims.

We do not agree with that interpretation of Rule 26, but we are willing to agree to produce documents with the Rule 26 disclosure, as long as the agreement is mutual.

## Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 4:59 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

You continue to misrepresent our position.  We have asked for the registrations and deposit materials that plaintiffs are relying upon.  Period.

On Nov 6, 2020, at 2:55 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

You want the plaintiff to agree to produce the documents referenced in Rule 26.  We will agree to that proposal if the agreement is mutual for all parties.  If you don't want to make this agreement, then that's fine too.  Just send us a request.

## Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 4:51 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

That is not your position, as this long thread amply demonstrates, particularly given your belated attempts to create a false equivalency.  And you still have not answered my question about what documents you are asking for.

On Nov 6, 2020, at 2:47 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

Mr. Zeller:

We just want fair and mutual agreements.  If all parties want to agree to produce documents with the initial disclosures on November 13 (or whatever other reasonable date that the defendants propose), we will agree to that proposal and produce the registrations at that time.  Do you want to agree to this?

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 4:44 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

To state the obvious, yes, we will be seeking those sanctions against your clients and your firm on those and other grounds at the appropriate time.  My comment dealt with the ex parte, which you misrepresented and is the subject at hand.  At no time did I say that our ex parte would seek sanctions, although again they would be well deserved in this situation.  Your deflection here is just more of the same.

As the substance of my question, you dodge that as well.  It is simple.  Are you committing to produce all registrations and deposit materials next Friday?  Your attempt to equate the core documents that form the basis of plaintiffs' suit — and indeed are legal prerequisites to those claims under Supreme Court precedent — is false equivalency.  Please identify what particular documents you require from my clients that are necessary to allow you to prepare a motion to dismiss, prepare initial disclosures, propound discovery or otherwise proceed with the litigation without further delay of the type you are creating.

Absent your concrete, unambiguous confirmation otherwise, I will take your email here to mean that you will not be producing those registrations and deposit materials by a date certain and that this means the Court will need to order you to do so by way of our ex parte.

On Nov 6, 2020, at 2:28 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

First, I disagree.  From the start of this case, you and your firm have repeatedly threatened sanctions.  In fact, you called our firm and/or our client a "TROLL" and threatened to seek Rule 11 sanctions.

Oct. 1:  Meredith Mandell, your associate, stated that "we will proceed against plaintiff and her counsel with a sanctions motion that fully complies with the Court rules."

Oct. 21:  You stated that the "Advertiser Defendants [will] seek fees against your client for her frivolous claims, including those in violation of Rule 11."

Nov. 5:  You accused us of "gamesmanship and bad faith."

These are just a few of the many examples.

Second, why don't all of the parties agree to produce the initial disclosures on November 13 and we can produce them at that time.  But, let me be very clear, so we avoid any further disputes, you have been very clear that Rule 26 requires the production of documents, which means I would expect to receive documents from the Defendants as well.  If this is not correct, please advise.


## Reese Marketos LLP

**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 4:05 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

One, I have not threatened sanctions, although they certainly would be warranted against you and your clients.  Two, by what specific date will you provide the registrations and deposit materials on which plaintiffs purport to rely on this case?

On Nov 6, 2020, at 2:02 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

One other point, just so there is no confusion, we have agreed that the plaintiff will produce the registrations.  No one is claiming that any relevant documents, including registrations, will not be produced.  You have taken the position that Rule 26 requires the immediate production of the registrations and have threatened sanctions if we did not "immediately" provide you with the registrations.  We don't like those types of unnecessary threats.  We also disagree with your interpretation of Rule 26.  I have reviewed your cases and they do not support your interpretation of Rule 26.  To the extent that you include a certificate of conference, please advise the Court of this fact.

As noted by defense counsel for Cloudflare, the parties agreed to extend the deadline for initial disclosures in the call from this week.  So, I don't think the disputed issue is ripe.  But, once again, I can't stop you from doing whatever you want to do.  I just think it is a waste of time and fees.

Finally, if you think that your clients are somehow prejudiced by having to request documents through a formal process, we are also willing to agree to a mutual informal production of documents in order to streamline the case for all parties.

## Reese Marketos LLP

**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 3:25 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

As we have explained, we disagree with your interpretation of the law and the rules.

## Reese Marketos LLP

**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 6, 2020, at 3:20 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

That too is incorrect.  I have fully explained the rationale as to why your refusals to provide the copyright registrations — which blackletter law requires as a prerequisite to suit and which you do not deny you can easily provide — is impeding our ability to prepare our initial disclosures, prepare our motion to dismiss and otherwise defend the case.  By your lights, we have to propound document requests to obtain the registrations, allow 30 days for you to respond and then, apparently, await your production of the registrations at your leisure.  It thus means as a practical matter weeks or months will pass before we can fairly bring a motion to dismiss for plaintiffs' evident failures to have proper copyright registrations as required by Supreme Court precedent, proceed with depositions or take virtually any other meaningful actions to defend this case.  Your refusals to provide the purported registrations are particularly frivolous given that they are the entire foundation of the amended complaint.  Your stonewalling in such circumstances is improper (and just more of the mounting evidence that you and your clients brought this suit for vexatious purposes), so we will ask the Court to order plaintiffs to immediately produce any and all registrations and their deposit materials that plaintiffs purport or plan to rely upon in this case.

Moreover, contrary to your suggestion, Rule 26 requires you to provide these registrations plaintiffs are relying upon without awaiting a discovery request .  And even though plaintiffs in some circumstances may be entitled to merely describe "categories" of documents, the law still requires that they be made available without a discovery request, which you likewise expressly are refusing to do.  *BWP Media USA Inc. v. Urbanity, LLC*, 696 Fed. App'x 795, 796 (9th Cir. 2017) (finding that "[a]t a minimum, [Defendant's] communications alerted [Plaintiff] that, if it intended to rely on evidence not attached to the complaint, its initial disclosures were incomplete and Rule 26(e) required a supplemental description of the relevant documents. The district court thus did not err in concluding that [Plaintiff] violated Federal Rule of Civil Procedure 26 when it waited to produce or even reveal the existence of additional evidence supporting its claims."); *Shame On You Productions, Inc. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018) (affirming district court ruling that found a plaintiff acted in bad faith by failing to share the copyrighted material that was the basis of its claim in the required initial disclosures and engaged in obstructionist conduct. This was sufficient evidence to affirm that the district court's finding that plaintiff's "primary motivation was not receipt of the documents in question, but rather draining Defendants' resources in order to force a settlement" and uphold the district court's award of fees.); *Kilroy v. L.A. Unified School District Bd. Of Ed.*, No. CV 16-09068-DMG (JDE), 2017 WL 10544624, at *3 (C.D. Cal. Oct. 5, 2017).

Indeed, your unsupported position that we need to propound document requests to obtain the registrations would eviscerate the express terms and purpose of Rule 26, which states such materials must be provided without a discovery request.  In particular, if a copyright plaintiff is free to refuse to provide the very registrations that form the basis of suit — as is your explicitly stated argument — then Rule 26 would be rendered meaningless.

APP. 030

Accordingly, plaintiffs have left us no choice but to seek relief from the Court through an ex parte, and we will inform the Court that plaintiffs are opposing it based on the meritless arguments you have stated here.

On Nov 5, 2020, at 6:46 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

You claimed that these documents had to be produced under Rule 26. That is incorrect. We asked if you had any other authority and you have provided none. You have just berated and threatened us. If you have authority for your position, please provide it and we will review it.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 8:40 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

As usual, we will ignore your trolling and snide comments.  They are nothing but failed attempts to deflect from the substance of plaintiffs' refusals to comply with such basic, fundamental disclosure obligations as providing their purported copyright registrations that form the basis of this case so that we can prepare our initial disclosures.  Tellingly, you dispute none of that.  I again urge you to provide them, if they exist.

On Nov 5, 2020, at 6:34 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 I can't make you follow the rules or act in a professional manner, but I'm hopeful that the court will.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 8:28 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

There is nothing more to discuss.  You have flatly refused — repeatedly now — to provide us with the copyright registrations plaintiffs claim to assert in this action, including those for entirely new plaintiffs who you waited to disclose until only two days before the initial disclosure date.  I repeat:  your hiding of those registrations impede our ability to prepare initial disclosures, propound discovery and otherwise defend this case.  On top of this, you play further games by suggesting you will provide them only after discovery requests, which is exactly the type of delay and bad faith gamesmanship Rule 26 was designed to end.  As these facts also make clear, your suggestion that moving the deadline a week or two for the initial disclosures is disingenuous, since we will be in exactly the same position one or two weeks from now, with plaintiffs still refusing to provide the registrations that purportedly form the basis of this case and still impeding our ability to prepare the initial disclosures.  In short, your offer to extend the deadline is utterly hollow, and deliberately so.  We therefore have no alternative but to seek relief from the Court on an ex parte basis.  If you change your mind before we file, please let us know.

On Nov 5, 2020, at 6:15 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

Mr. Zeller:

Please answer my question so we know whether you wanted the extension or not.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 8:12 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

What I want and expect is that you stop playing games.  This means that you provide the basic information plaintiffs indisputably will have to provide — such as any supposed copyright registrations they are asserting — so that we can properly prepare initial disclosures, propound our own discovery and otherwise defend the case.  You have now repeatedly refused to do so. As a result, we will be filing an ex parte with the Court to compel them.  There is nothing confusing about it.  You are deliberately withholding of basic information you are required to disclose, undoubtedly because you have sought to cause delay at every turn and because that information is unfavorable to your case.

On Nov 5, 2020, at 6:05 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 I am confused. When you raised a timing issue, we offered to extend the deadline. In the call, you stated that you wanted to extend the deadline. Then, today, you claimed the parties didn't discuss an extension in the call and that you didn't want to extend the deadline. Now, you are complaining that you have to respond within the deadline?  Do you want the parties to extend the deadline or not?
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 7:57 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

Of course you are fine "either way," having purposefully delayed so that the defendants have only two days to provide initial disclosures after a new complaint with new plaintiffs based on new purported registrations.  That is the definition of gamesmanship and bad faith, along with your refusal to provide the very registrations that plaintiffs claim allow them to proceed with copyright claims or would allow us to provide proper initial disclosures.  Since you are refusing to provide those, we will be filing an ex parte with the Court to require your production of them.  It is beyond absurd that you believe you can hide those.

On Nov 5, 2020, at 5:48 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 So now the parties are not exchanging initial disclosures tomorrow?  We are fine either way.  Based on the email today, we thought you didn't want to extend the deadline. Please advise.
Sent from my iPhone

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600

Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 7:34 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

No, you are incorrect.  But if you want to insist on it, I'm happy to raise this additional nonsense and game playing by you with the Court in our ex parte.

On Nov 5, 2020, at 4:47 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

I assume we will be receiving the Defendants' initial disclosures tomorrow.  Please advise if I am incorrect.

## Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 6:36 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

Mr. Zeller:

Attached is the authority that you requested (and it is out of the CD of Calif).  Maybe this will help clear up our disagreement and get back to more productive discussions.

Although PBA does not attach or identify any particular copyright registrations to its complaint, PBA does allege that it possesses valid registered copyrights to the work or works it claims to be at issue. See Compl. ¶ 5. That allegation, while threadbare, satisfies the ownership element at the pleading stage. See Masterson v. Walt Disney Co., No. 18-CV-5966 MWF (PLAx), 2019 WL 1581400, at *5 (C.D. Cal. Jan. 29, 2019) (concluding that plaintiff "adequately alleged ownership of a valid copyright" by simply asserting that she possessed an "existing and valid copyright" in the work at issue since "[t]o conclude otherwise would require the Court to resolve inferences against Plaintiff") (citing Iqbal, 556 U.S. at 679).

Of course, our complaint is more detailed than even the one referenced in the attached opinion.
<Patel Burica And Associates Inc v Lin.doc>

## Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 6:25 PM, Joel Reese <joel.reese@rm-firm.com> wrote:

Again, Mr. Zeller, we disagree.  I urge you to review the cases on subject matter jurisdiction and the prerequisite for registration.

## Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810

www.rm-firm.com

On Nov 5, 2020, at 5:22 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

This is not discovery.  This has to do with the Court's subject matter jurisdiction at this point.  If you fail to provide any and all registrations your clients purport to rely upon immediately so that we can assess whether there was at the time of filing such jurisdiction, we will seek relief from the Court.  And if you are looking for authority, please cite a case where the plaintiffs such as your clients deliberately refuse to attach their supposed registrations to the complaint and otherwise flatly refuse to provide them.  If they existed and were in proper form, you would readily provide them.

On Nov 5, 2020, at 3:12 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 We disagree.  We have sent you a request for production of documents.  If you want certain documents, including the registrations, please send us a request.  We intend to produce all relevant documents and do not wish to waste time on unnecessary discovery fights.  If there is a particular rule or case that requires the immediate production of registrations, then please identify the rule or the case.  In the absence of such authority, we will produce the documents in accordance with the rules.  We would expect the same courtesy from BANGBROS.  Thanks.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 5:04 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

Your answer does not include any explanation was to why you are refusing to to produce copyright registrations that purportedly exist and, if they did, you would readily provide.

On Nov 5, 2020, at 3:01 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 See answer below.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 5:00 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

That is no answer.  You were required to establish subject matter jurisdiction and compliance with the Copyright Act when you filed.  You are refusing to do so, and we will submit this email chain showing your refusal to the Court as a basis for dismissal.  You can choose to provide the registrations now or have any purported evidence you submit on our motion to dismiss stricken.  Regardless, it is obvious the only reason your clients would refuse to provide such basic materials as copyright registrations in a purported copyright suit is because they (and your firm) are hiding evidence that is detrimental to them.

On Nov 5, 2020, at 2:53 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 As I said before, we will comply with Rule 26 on the deadline and we expect you to do the same.

Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 4:49 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

I will take this as confirmation you are refusing to produce, without excuse or justification, even such basic documents as the purported copyright registrations your clients are relying on.  If I'm wrong, produce them immediately.  Otherwise, we will move the court on that basis.

On Nov 5, 2020, at 2:24 PM, Joel Reese <joel.reese@rm-firm.com> wrote:
 Mr. Zeller:

You keep making accusations that are not productive or professional.

1.  You asked for deposition dates yesterday, which we provided today.  No depositions have been scheduled.

2.  The "RULES" do not require the production of documents of documents before "the [yet to be scheduled] depositions."  Rule 26(a)(1)(A)(ii) allows parties to produce a copy—or a description by category and location—of certain documents.  If you want documents other than those provided by Rule 26, we have not seen any request for documents.  Please identify what documents are at issue.

3.  We understood that the parties were going to agree to extend the initial disclosure deadline for all parties.  You apparently do not want to do that.  So, ALL PARTIES should serve their initial disclosures—as you are requesting—by the deadline.  If you change your mind, please let us know.


Reese Marketos LLP
**Joel W. Reese**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201 | Direct: (214) 382-9801 | Main: (214) 382-9810
www.rm-firm.com

On Nov 5, 2020, at 3:58 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

That wasn't part of the discussion of when you'd be providing documents.  Are you saying you can't or won't produce the documents required by the Rules before the depositions?  Unlike us, who only saw your amended complaint yesterday, you've known your own claims etc for some time so I'm not understanding why you can't produce the documents the Rules require immediately so that depositions can proceed.

On Nov 5, 2020, at 1:04 PM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 I thought we talked yesterday about agreeing to new dates for initial disclosures. Did I misunderstand?


Reese Marketos LLP
**Brett S. Rosenthal**

APP. 035

<u>Main Office</u>
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

<u>Eastern District Office</u>
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at <u>www.rm-firm.com</u>

On Nov 5, 2020, at 3:01 PM, Michael T Zeller <<u>michaelzeller@quinnemanuel.com</u>> wrote:

So that we can assess these dates, but you unfortunately fail to provide, please let us know when we can expect plaintiffs' full production of copies of all documents required under Rule 26(a)(1), including without limitation all copyright registrations and associated documents and all other documents on which plaintiffs are relying upon for their claims.

On Nov 5, 2020, at 12:18 PM, Brett Rosenthal <<u>brett.rosenthal@rm-firm.com</u>> wrote:

**[EXTERNAL EMAIL]**

Mr. Zeller,

Regarding your requests during our call yesterday for Plaintiffs' depositions, I can offer the following dates:

<u>Waidhofer</u>: November 17, November 24, December 1, December 8-10

<u>McGehee</u>: November 24, November 25, December 8-10

Please let me know if you want to lock in any of these dates for Waidhofer and/or McGehee. I am still working on identifying dates for Ryuu Lavitz.

On a related note, please provide potential deposition dates for Andrew Hendrixson (BangBros), Jeffrey Greenberg (BangBros), Natasha Pierson (MultiMedia), and John LeBlanc (MultiMedia).

Thanks,
Brett

Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024


Visit us at www.rm-firm.com




On Nov 5, 2020, at 11:29 AM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:

Counsel,

Thank you for speaking with me yesterday about the case. I just want to briefly confirm our agreement to extend the deadline for each parties' initial disclosures. My understanding is that we agreed to discuss a revised case schedule (including new dates for initial disclosures) sometime in the next couple of weeks after you've had a chance to review the amended complaint on file.

Please confirm that you agree to extend the deadline for initial disclosures.

Thanks,
Brett



Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420
Plano, Texas 75024


Visit us at www.rm-firm.com

APP. 037

On Nov 3, 2020, at 6:46 PM, Meredith Mandell <meredithmandell@quinnemanuel.com> wrote:

Hello Brett,

I will send a dial-in for 1 pm Pacific.

Meredith

**From:** Brett Rosenthal [mailto:brett.rosenthal@rm-firm.com]
**Sent:** Tuesday, November 3, 2020 9:44 AM
**To:** Meredith Mandell <meredithmandell@quinnemanuel.com>
**Cc:** Kearney, Thomas <TKearney@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Romm, Leah <LRomm@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Meredith Mandell oel Reese <joel.reese@rm-firm.com>; Josh Russ <josh.russ@rm-firm.com>; Sean Gallagher <sean.gallagher@rm-firm.com>; Robert Gruber <rgruber@reitergruber.com>; Charlie Reiter <creiter@reitergruber.com>; Moskowitz, Adam <APMoskowitz@winston.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>
**Subject:** Re: letter 11.02.2020

**[EXTERNAL EMAIL]**

Ms. Mandell,

Thank you for sending the letter. I can speak with you all tomorrow (Wednesday) afternoon between 11am and 3pm Pacific. Regarding the initial disclosures, I'm okay with a one-week extension on the parties' deadlines if that would be helpful.

Please let me know if you want to confer tomorrow and what time.

Thanks,
Brett

Reese Marketos LLP
**Brett S. Rosenthal**

Main Office
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

Eastern District Office
5601 Granite Pkwy, Suite 420

APP. 038

Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 2, 2020, at 9:53 PM, Meredith Mandell <meredithmandell@quinnemanuel.com> wrote:

<Letter Response November 02 2020.pdf>

APP. 039

November 2, 2020

**V̲ɪ̲ᴀ̲ ̲E̲-̲M̲ᴀɪʟ**

Charles Reiter, Esq.                         Brett Rosenthal, Esq.
Robert Gruber, Esq.                          Joel W. Reese, Esq.
100 Wilshire Blvd, Suite 700                 Reese Marketos LLP
Santa Monica, California 90401-3602          750 N. Saint Paul Ste., Suite 600
(310) 496-7799                               Dallas, Texas 75201
creiter@reitergruber.com                     (214)-382-9810
                                             Brett.rosenthal@rm-firm.com


Re:     *Waidhofer v. Cloudfare et. al.*, No. 2:20-cv-06979

Dear Counsel:

We are in receipt of your email responding to our letter of earlier today, November 2, 2020.

Your response fails to address – either entirely or in substance – the issues we have raised.  First, while plaintiff as a technical matter has 21 days to file an amended complaint, that ignores the realities of plaintiff's delays, which still remain unexplained, and the undue prejudice they have caused and continue to cause to the Advertiser Defendants.  We cannot be expected to prepare initial disclosures or propound discovery without an operative pleading, let alone do so only once you have tactically decided to run out the clock on the schedule that was agreed upon.

This is part and parcel of plaintiff's other tactical delays in litigating this case for which the Court has already issued an order to show cause against plaintiff.  Since you refuse to state when plaintiff will be serving an amended complaint, please let us know when you are available for a meet and confer in advance of motion practice to re-set the schedule and for other proper relief due to plaintiff's improper delays.

Second, despite our now repeated requests, you still refuse to provide any factual basis for your demand that the Advertising Defendants preserve documents, let alone for the overbroad categories that plaintiff claims, from the time you allege thothub.tv began operations.  Indeed, you provide no factual basis as to when the supposed infringement of plaintiff's rights began on that site.  Nor do you even attempt to defend the other improper, baseless aspects of plaintiff's preservation demands identified in our letter.  Please let us know when you are available for a meet and confer on those issues in advance of our motion to Court.

We propose tomorrow afternoon Pacific time for the meet and confer. Please let us know promptly.


Very truly yours,


Michael T. Zeller

# EXHIBIT B

**From:** Brett Rosenthal <brett.rosenthal@rm-firm.com>
**Date:** November 9, 2020 at 11:55:24 AM PST
**To:** Michael T Zeller <michaelzeller@quinnemanuel.com>
**Cc:** Meredith Mandell <meredithmandell@quinnemanuel.com>, "Kearney, Thomas" <TKearney@winston.com>, "Golinveaux, Jennifer" <JGolinveaux@winston.com>, "Ranahan, Erin" <ERanahan@winston.com>, "Elkin, Michael" <MElkin@winston.com>, "Romm, Leah" <LRomm@winston.com>, "Moskowitz, Adam" <APMoskowitz@winston.com>, "Steinberg, Ying Lin" <YSteinberg@winston.com>, Joel Reese <joel.reese@rm-firm.com>, Josh Russ <josh.russ@rm-firm.com>, Sean Gallagher <sean.gallagher@rm-firm.com>, Robert Gruber <rgruber@reitergruber.com>, Charlie Reiter <creiter@reitergruber.com>
**Subject: Re: Waidhofer et al v. Cloudflare et al: discovery**
 All parties that have appeared in this case, in accordance with the Federal Rules of Civil Procedure. The Rules provide separate treatment for parties that are served or join later. See Rule 26(a)(1)(D).




Reese Marketos LLP
**Brett S. Rosenthal**

<u>Main Office</u>
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

<u>Eastern District Office</u>
5601 Granite Pkwy, Suite 420
Plano, Texas 75024


Visit us at www.rm-firm.com




On Nov 9, 2020, at 1:51 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

Who do you mean by "all parties." That is scarcely a frivolous request. Are you including Cloudflare? CrakRevenue? The Does?

1

On Nov 9, 2020, at 11:49 AM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 Our position is clear. We have already wasted more than enough time on your frivolous objections. Thanks.

Reese Marketos LLP
**Brett S. Rosenthal**

<u>Main Office</u>
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

<u>Eastern District Office</u>
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at www.rm-firm.com

On Nov 9, 2020, at 1:47 PM, Michael T Zeller <michaelzeller@quinnemanuel.com> wrote:

And you are including parties other than my clients such as Cloudflare as the basis for your refusals otherwise to produce the registrations and deposit materials, right?

On Nov 9, 2020, at 11:45 AM, Brett Rosenthal <brett.rosenthal@rm-firm.com> wrote:
 Mr. Zeller:

1.  Plaintiffs will produce documents with the Rule 26(a) disclosures, if the agreement is mutual by all parties.  The production will include proof of copyright registrations and the deposit materials.  The parties will need to agree to a protective order.  We are fine with the Court's standard protective order form.

2.  Plaintiffs will produce the Rule 26(a) disclosures on November 13, if the parties agree to mutually exchange them on that date.  Plaintiffs are also willing to agree to other reasonable dates, if Defendants want a sooner or later date.

3.  Please provide dates for the requested depositions by Friday, November 13.

Thanks.

Brett

2

APP. 044

Reese Marketos LLP
**Brett S. Rosenthal**

<u>Main Office</u>
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

<u>Eastern District Office</u>
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at <u>www.rm-firm.com</u>

On Nov 9, 2020, at 1:32 PM, Michael T Zeller <<u>michaelzeller@quinnemanuel.com</u>> wrote:

We will respond to this in due course, but to be clear, plaintiffs position is that we are to produce our witnesses for deposition *before* your clients produce the copyright registrations and deposit materials that they are relying upon this case? I

On Nov 9, 2020, at 11:07 AM, Brett Rosenthal <<u>brett.rosenthal@rm-firm.com</u>> wrote:

**[EXTERNAL EMAIL]**

Counsel,

Please see the attached correspondence regarding discovery issues that were discussed during our telephonic conference last Wednesday.

Regards,
Brett

Reese Marketos LLP
**Brett S. Rosenthal**

<u>Main Office</u>
750 N. Saint Paul St., Suite 600

3

**APP. 045**

Dallas, Texas 75201
Direct: (214) 382-3057 | Main: (214) 382-9810

<u>Eastern District Office</u>
5601 Granite Pkwy, Suite 420
Plano, Texas 75024

Visit us at <u>www.rm-firm.com</u>

<2020_11_09 ltr to Defs counsel.pdf>

4

**APP. 046**

**RM** | **REESE · MARKETOS**

Brett S. Rosenthal

brett.rosenthal@rm-firm.com
p (214) 382-3057
f (214) 501-0731

November 9, 2020

**VIA E-MAIL**

Michael T. Zeller, Esq.                          Jennifer A. Golinveaux, Esq.
Meredith Mandell, Esq.                          Michael S. Elkin, Esq.
865 S. Figueroa Street, 10th Floor              101 California Street, 35th Floor
Los Angeles, California 90017                    San Francisco, California 94111
Email: michaelzeller@quinnemanuel.com            Email: jgolinveaux@winston.com
      meredithmandell@quinnemanuel.com                       melkin@winston.com

Re:    *Waidhofer* et al. *v. Cloudflare, Inc.* et al., No. 2:20-cv-06979

Counsel,

    During our conference last week, we discussed several items related to discovery in the above-referenced case. This is a brief note to follow up on those discussions.

    One subject that we discussed was the date for initial disclosures. In response to Defendants' concerns about their ability to make initial disclosures on November 6 as previously agreed, Plaintiffs offered to extend the deadline for initial disclosures until at least November 13, provided that the extension would be mutual for all sides. All parties agreed that the extension would be mutual. The parties agreed to confer about a new date for initial disclosures after Defendants had an opportunity to review the First Amended Complaint.

    We also discussed Defendants' objections to Plaintiffs' document-preservation requests, which are stated in the Rule 26(f) Report previously submitted to the Court. To address the concerns that Defendants have raised, Plaintiffs offered to clarify some of the document-preservation requests. In particular, Plaintiffs now offer the following clarifications:

- Regarding items (c) and (k) in the Rule 26(f) Report, which relate to communications with the so-called John Does 1-21 and financial records concerning John Does 1-21, Plaintiffs offer to clarify these requests as follows: Defendants should preserve any communications or financial records during the relevant period (i.e. since May 2018) related to Thothub or involving any of the persons listed below:

  - Any person who is identified in communications with Defendants using one of the pseudonyms for John Does 1-21 stated in the First Amended Complaint (see ¶ 23, 151);
  - Benjamin (aka "Jelle") Samaey;
  - Michael Hughes;
  - Linus Malmberg;
  - Andrew Rubio;

- o   Francisco Dias or his company Frantech Solutions;

- Regarding items (l) and (m), which relate to DMCA notices and responses and well as documents regarding DMCA policies, Plaintiffs offer to clarify these requests as follows: Defendants should preserve any copyright-infringement notices, responses, or other communications related to Thothub or any of the Plaintiffs. In addition, Cloudflare should preserve copies of its DMCA and/or infringement-notice policies.

- Regarding item (d), which relates to communications with third parties, Plaintiffs offer to clarify this request as follows: Defendants should preserve all communications with third parties related to Thothub, affiliate marketing, or affiliate management.

- Regarding objections to the requested preservation dates (i.e. from May 2018 to the present), Plaintiffs explained once again that the date relates to the date when Thothub is believed to have begun operating. Plaintiffs explained that this date is relevant to the case because, among other reasons, the claims turn in part on Defendants' knowledge or awareness of Thothub's alleged RICO and copyright-infringing activities.

- Regarding Plaintiffs' request that Cloudflare preserve certain server documents, Plaintiffs understand that Cloudflare will provide a written letter outlining the nature of these objections. Plaintiffs will consider any objections made by Cloudflare and, if appropriate, may offer to clarify the scope of these preservation requests.

Plaintiffs also explained during the conference that all relevant documents within the possession, custody, or control of Defendants must be preserved, including documents held by the Defendants' agents. In particular, Plaintiffs advised that the Advertisers (BangBros, Sonesta, and Multi Media LLC) must ensure that all relevant documents held by the Advertisers' agent CrakMedia (doing business as CrakRevenue) will be properly preserved.

Finally, during the conference, the Advertisers' counsel requested deposition dates for the Plaintiffs and asked that dates be provided no later than Friday, November 6. Counsel for the Advertisers also requested that at least some dates be offered for November 2020. On November 5, by email, Plaintiffs' counsel offered the following potential dates for depositions:

- Waidhofer: Nov. 17, Nov. 24, Dec. 1, Dec. 8-10
- McGehee: Nov.24, Nov. 25, Dec. 8-10
- Lavitz: Counsel advised that he is still working on confirming these dates.

In the same email, Plaintiffs' counsel also requested dates for depositions of the following witnesses: Andrew Hendrixson (BangBros), Jeffrey Greenberg (BangBros), Natasha Pierson (Multi Media), and John LeBlanc (Multi Media). Plaintiffs have requested that dates for these depositions be provided by the Advertisers no later than Friday, November 13.

2

APP. 048

Thank you for your attention to these matters. Please advise promptly if the above does not reflect your recollection of our discussions, or if you have any questions.

Best regards,

Brett S. Rosenthal

*Counsel for Plaintiffs Deniece Waidhofer, Margaret McGehee, and Ryuu Lavitz LLC*

BSR:alh

3

APP. 049