UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-6979 FMO (ASx) | Date | November 12, 2020 |
|---|---|---|---|
| Title | *Deniece Waidhofer, et al. v. Cloudflare, Inc., et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     **Order DENYING Defendants Multi Media LLC and BangBros.com, Inc.'s Opposed *Ex Parte* Application for Order Compelling Production of Copyright Registrations and Deposit Materials (Dkt. Nos. 79-81)**

      On November 10, 2020, Defendants Multi Media LLC and BangBros.com, Inc. ("Defendants") filed an opposed *ex parte* application for an order compelling Plaintiffs to produce copyright registration certificates and deposit materials for their subject works. (Dkt. No. 79.) In their application, Defendants argue that they need copies of the registration certificates and deposit materials to file their motion to dismiss, which is due on November 18, 2020. (See id. at 6.) They further contend that Plaintiffs are required to produce the registration certificates and deposit materials in their initial disclosures pursuant to Federal Rule of Civil Procedure ("Rule") 26. (See id. at 6-8.) On November 11, 2020, Plaintiffs filed a response to Defendants' *ex parte* application, in which they contend that the *ex parte* application is procedurally improper and meritless under Rule 26. (Dkt. No. 80.) On November 12, 2020, Defendants filed a reply in support of their *ex parte* application. (Dkt. No 81.)

      After reviewing the filings, the Court finds that Defendants are not entitled to production of these documents at this time. As an initial matter, it does not appear that Plaintiffs were required to attach the copyright registration certificates and deposit materials to plead copyright infringement in their First Amended Complaint, in which they alleged they owned copyrights for the subject works and provided copyright registration numbers and dates. See generally Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946, 951-52 (9th Cir. 2019) (a plaintiff "plausibly allege[d] it owns a valid copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-6979 FMO (ASx) | Date | November 12, 2020 |
|---|---|---|---|
| Title | *Deniece Waidhofer, et al. v. Cloudflare, Inc., et al.* | | |

registration for its work" where it alleged it owned two subject works that were copyrighted and provided the registration numbers but did not provide registration materials); Nintendo of America, Inc. v. Storman, 2020 WL 2463374, at *2 (C.D. Cal. Jan. 15, 2020) ("the Complaint adequately alleges ownership by alleging Plaintiff holds registered copyrights for the subject works and identifying the copyright registration number and date for those works").

Moreover, it appears that all parties met and conferred on November 4, 2020, at which time they agreed to submit their Rule 26 initial disclosures on November 13, 2020. (Dkt. No. 79-3 at 28-34, 40.) Plaintiffs' counsel indicated via email that they would provide Defendants with the copyright registration certificates and the deposit materials as part of their initial disclosures on November 13, 2020. (Dkt. No. 79-3 at 16-22, 27-29, 36-38.) The parties disagree about whether Plaintiffs are required under Rule 26 to produce documents, even though Plaintiffs indicated they would produce these documents as part of their initial disclosures. The Court is inclined to find that under case law and the plain language of Rule 26(a)(1)(A)(ii), Plaintiffs must disclose copies of documents *or* a description by category and location of documents, and therefore Plaintiffs are not affirmatively required to produce the documents as part of their initial disclosures. The Court, however, need not discuss this issue further here. In advance of November 13, 2020 – the parties' agreed-upon date to provide documents as part of their initial disclosures – the Court finds that it would be premature to grant Defendants' *ex parte* application and compel Plaintiffs to produce the copyright registration certificates and deposit materials.

Accordingly, Defendants' *ex parte* application to compel production of Plaintiffs' copyright registration certificates and deposit materials [79] is **DENIED**. If the copyright registration certificates and deposit materials are not produced in the initial disclosures on November 13, 2020, Defendants may seek an immediate informal discovery conference to further address this issue.

IT IS SO ORDERED.

cc:  Fernando M. Olguin
     United States District Judge

|  | 0 : 00 |
|---|---|
| Initials of Preparer | AF |