1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION—LOS ANGELES

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21,<br><br>Defendants. | **Case No. 2:20-cv-06979-FMO-AS**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CLOUDFLARE, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [RULE 12(b)(6)]** |

# [PROPOSED] ORDER

Before the Court is the Motion of Defendant Cloudflare, Inc. ("Cloudflare") to Dismiss the First Amended Complaint of Plaintiffs Deniece Waidhofer, Margaret McGeehee, and Ryuu Lavitz, LLC ("Plaintiffs") for failure to state a claim upon which relief can be granted. The Court has considered the Motion to Dismiss and finds that good cause exists to grant the requested relief for the reasons stated in the Motion and this Order.

The Court finds that the First Amended Complaint ("FAC") fails to state a claim upon which relief can be granted against Cloudflare. Plaintiffs fail to state a claim for copyright infringement. **First**, Plaintiffs have failed to sufficiently allege that Cloudflare directly infringed their copyrights because they fail to allege that Cloudflare, whose systems performed automatically, acted with volition. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) ("[A]utomatic copying, storage, and transmission of copyrighted materials, when instigated by others, does not render an Internet service provider strictly liable for copyright infringement.") (alterations omitted; quoting *CoStar v. Loopnet*, 373 F.3d 544, 555 (4th Cir. 2004)). Such "automated, non-volitional conduct … in response to a user's request does not constitute direct infringement under the Copyright Act." *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1115 (D. Nev. 2006). Plaintiffs' allegations are inconsistent with volitional conduct by Cloudflare. *See, e.g.*, FAC ¶¶ 195, 200-201.

**Second**, Plaintiffs have failed to adequately allege that Cloudflare engaged in contributory infringement of their copyrights because they fail to allege that Cloudflare acted with the requisite "culpable intent." *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 934 (2005); *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1148 (9th Cir. 2018) ("Nothing in [the] complaint alleges, or even suggests, that [defendant] actively induced or materially contributed to the infringement through purposeful, culpable expression and conduct.") (internal quotation marks and citation omitted). Specifically, they fail to allege either that

1 | Cloudflare could have taken simple measures, or that it failed to take available simple
2 | measures, to "prevent further damage to [Plaintiff's] copyrighted works." *Perfect 10,*
3 | *Inc. v. Amazon. Com, Inc.*, 508 F. 3d 1146, 1172 (9th Cir. 2007). Cloudflare also took
4 | the simple measure available to it. *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819
5 | Fed. App'x 522, 524 (9th Cir. 2020).

In light of the foregoing and Plaintiffs' allegations, any attempt to amend the FAC would be futile.

Accordingly, **IT IS HEREBY ORDERED THAT** Cloudflare's motion is **GRANTED**, and Plaintiffs' FAC is dismissed in its entirety as to Cloudflare, with prejudice.

DATED: _____, 2020

                                                   Hon. Fernando M. Olguin
                                                   United States District Judge