UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company;

Plaintiffs,

v.

CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,

Defendants.

Case No. 2:20-cv-06979-FMO-AS

**PLAINTIFFS' RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION TO MODIFY BRIEFING SCHEDULE AND CROSS-APPLICATION TO MODIFY SAME**

*Ex Parte* Application Filed: Nov. 19, 2020 at 12:05 AM PST

Magistrate Judge: Hon. Alka Sagar

Plaintiffs hereby respond to Defendants' *Ex Parte* Application to Modify Briefing Schedule for Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (Dkt 86) ("Defendant's Application"). Plaintiffs ask the Court to deny Defendants' Application and, instead, modify the existing briefing schedule consistent with Plaintiffs' proposal during the parties' conferences on these issues.

## MEMORANDUM OF POINTS AND AUTHORITIES

As the email correspondence attached to the Declaration of Jennifer A. Golinveaux (Dkt 86-1) demonstrates, the parties exchanged proposals regarding extensions of time to brief and argue Defendants' motions to dismiss around the upcoming holidays. The essence of the scheduling dispute in its current form boils

down to two core issues: (1) Plaintiffs seek 21 days instead of 14 days to file their oppositions to Defendants' motions to dismiss, but Defendants do not want Plaintiffs to have that extra week despite the intervening Thanksgiving holiday and Plaintiffs' counsel's scheduling conflicts as the result of other matters; and (2) Plaintiffs seek to reschedule the hearing date to January 21, 2021 (instead of January 7, as Defendants now propose), which Defendants previously seemed willing to accommodate but then abruptly backtracked on.

The parties exchanged several emails regarding the briefing schedule, as shown in attachments to Defendants' Application. *See also* Rosenthal Decl. ¶¶ 3-6. After the parties exchanged an initial round of proposals, in a November 15, 2020 email, Cloudflare's counsel proposed to extend the hearing date on Defendants' motions to dismiss to January 21, 2021. Dkt. 86-1 at 7. Mr. Kearney proposed that Defendants' replies would be due on December 23, 2020. *Id.* And, he even stated that Defendants would agree to extend Plaintiffs' deadline to file briefs in opposition to Defendant's motions to dismiss to December 8, 2020. *Id.*; *see also* Rosenthal Decl. ¶ 5.

However, Defendants conditioned these reasonable extensions on Plaintiffs agreeing that Defendants could extend their deadline to file motions to dismiss. Dkt. 86-1 at 7. Plaintiffs' counsel explained that Defendants' request for a continuance of a November 18, 2020 deadline three days before that deadline would be untimely under Judge Olguin's Initial Standing Order. *Id.* at 6; *see also* Rosenthal Decl. ¶ 6. Plaintiffs explained that the Court's Initial Standing Order requires continuance requests to be submitted "no later than five (5) court days prior to the expiration of the scheduled date." Dkt. 86-1 at 6; *see also* Rosenthal Decl. ¶ 6. Defendants subsequently opted not to seek an extension to the motion to dismiss deadline, filing their motions on November 18, 2020. Dkt 84, 85.

*Now*, however, Defendants walk away from agreeing to extend the motion to dismiss hearing date to January 21, 2021, which they were previously willing to

accommodate. Defendants take this position notwithstanding Plaintiffs' lead counsel explaining that pushing the hearing date to January 21, 2021 would be especially helpful because his daughter is due to be born on or around December 17. Dkt. 86-1 at 8; *see also* Rosenthal Decl. ¶ 4. On November 15, 2020, Defendants acknowledged that "the urgency of filing is lessened with the motion now going into next year" and proposed January 21, 2021 as the hearing date. Dkt. 86-1 at 7.

Yet, Defendants now claim that they "explained their concern that Plaintiffs' proposed briefing schedule pushes the hearing on the Motions to Dismiss out too far, particularly with Plaintiffs simultaneously pursuing discovery."[1] Dkt 86 at 5. Further, in explaining the need for the extra seven days for their opposition briefs, Plaintiffs' lead counsel explained, multiple times, that the Thanksgiving holiday fell in the middle of Plaintiffs' response period and that he and his colleagues have several additional briefs due in late November and early December. Dkt. 86-1 at 6, 8; *see also* Rosenthal Decl. ¶ 6. Furthermore, Plaintiffs are responding to two sets of Defendants' briefs. Defendants are unreasonably backtracking on dates that seemed fine only days earlier—for reasons that are apparently unrelated to any prejudice that Defendants would suffer by extending the schedule by a few weeks.

[1] Plaintiffs have propounded discovery consistent with this Court's Initial Standing Order directing the parties to "**conduct any necessary discovery as soon as possible**." Standing Order, at 2. This Court's Initial Standing Order also provides that "**discovery shall not be stayed** while any motion is pending, including any motion to dismiss," so Plaintiffs do not believe ongoing discovery has any bearing on extending the hearing date (which Defendants were agreeable to until they later were not). *Id.* Plaintiffs' conducting discovery according to the Federal Rules of Civil Procedure and this Court's rules certainly does not prejudice Defendants and is not a basis to refuse to accommodate opposing counsel's reasonable scheduling request. Notably, Defendants have not produced any documents or witnesses and issued boilerplate objections to Plaintiffs' discovery requests.

**CONCLUSION**

Given these circumstances, Plaintiffs' proposal will not unduly delay this case and will better accommodate the parties' holiday, work, and family schedules. Accordingly, Plaintiffs ask the Court to enter their proposed order setting the briefing and hearing schedule on Defendants' motions to dismiss as follows:

- Plaintiffs shall file any Oppositions to the Motions to Dismiss the First Amended Complaint on or before Wednesday, December 9, 2020.
- Defendants shall file any Replies to the Plaintiffs' Oppositions on or before Wednesday, December 30, 2020.
- The Motions shall be noticed for Thursday, January 21, 2021 at 10:00 a.m.

Respectfully submitted,

Dated: November 19, 2020

REESE MARKETOS LLP

*/s/ Brett S. Rosenthal*

Brett S. Rosenthal (*pro hac vice*)
Texas Bar No. 24080096
brett.rosenthal@rm-firm.com
Joel W. Reese (*pro hac vice*)
Texas Bar No. 00788258
joel.reese@rm-firm.com
Josh M. Russ (*pro hac vice*)
Texas Bar No. 24074990
josh.russ@rm-firm.com
Sean F. Gallagher (*pro hac vice*)
Texas Bar No. 24101781
sean.gallagher@rm-firm.com
750 N. Saint Paul Street, Ste. 600
Dallas, Texas 75201-3201
Telephone: (214) 382-9810
Facsimile: (214) 501-0731

Dated: November 19, 2020

REITER GRUBER LLP

*/s/ Charles Reiter*

Charles Reiter
100 Wilshire Blvd, Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 19, 2020, a true and correct copy of this document was electronically filed via the Court's CM/ECF system, which will serve notice upon all parties and counsel of record herein.

*/s/ Charles Reiter*
Charles Reiter