1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>           Plaintiffs,<br><br>    v.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21, as-yet unidentified individuals,<br><br>           Defendants. | Case No. 2:20-cv-06979-FMO-AS<br><br>AMENDED JOINT RULE 26(f) REPORT<br><br>**Scheduling Conference Date**: December 3, 2020<br><br>**Judge:** Hon. Fernando M. Olguin<br>**Magistrate Judge:** Hon. Alka Sagar<br><br>**Original Complaint Filed**: August 3, 2020<br><br>**Amended Complaint Filed**: November 4, 2020 |

This Amended Joint Rule 26(f) report is submitted by Plaintiffs Deniece Waidhofer ("Waidhofer"), Margaret McGehee ("McGehee"), and Ryuu Lavitz, LLC ("Lavitz") (collectively, "Plaintiffs"), Defendant Cloudflare, Inc. ("Cloudflare"), and Defendants Multi Media, LLC ("Multi Media") and Sonesta Technologies, Inc. (f/k/a BangBros.com Inc.) ("Sonesta") (the latter two, together, the "Advertiser Defendants" or the "Advertisers"). Plaintiffs and the foregoing defendants (the "Appearing Defendants") have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and this Court's orders.

## A.    Statement of the Case

*Plaintiffs' Statement*

Plaintiffs allege that they each own valid copyrights in certain photographic works (the "Works") that unlawfully appeared on the alleged piracy website Thothub.tv ("Thothub"), a now-defunct website that was allegedly devoted to infringing works from certain licensed sites (the "Licensed Sites") on which all three Plaintiffs published their Works. Plaintiffs assert various claims under the Copyright Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state law for the allegedly unauthorized use of their Works, alleged acts of racketeering, and certain alleged acts of unfair competition, against the Appearing Defendants, an additional Defendant that is allegedly closely associated with the Advertisers (Defendant CrakMedia, Inc. ["CrakMedia"]), and 21 as-yet unidentified individuals that allegedly operated Thothub under pseudonyms ("the Operators" and together with the other defendants, "Defendants").

Plaintiff's First Amended Complaint (the "FAC") asserts the following claims. Count One alleges that the Operators, through their operation of an association-in-fact enterprise (the "Thothub Enterprise") whose purpose was to commit criminal copyright infringement against creators from the Licensed Sites, engaged in conduct of a RICO enterprise under 18 U.S.C. § 1962(c). Count Two alleges that the Operators, Advertisers, and CrakMedia participated in and knowingly facilitated a RICO conspiracy under 18 U.S.C. § 1962(d) with respect to the Thothub Enterprise. Count Three alleges that the Advertisers and CrakMedia received income from a pattern of racketeering activity and invested that income into the Thothub Enterprise through surreptitious cryptocurrency payments, in violation of 18 U.S.C. § 1962(a). Count Four alleges that the Operators and Cloudflare committed direct infringement of Plaintiffs' copyrights in the Works in relation to Thothub. Count Five alleges that all Defendants contributorily infringed Plaintiffs' copyrights in the Works by providing material assistance with respect to the

infringements on Thothub. Counts Six and Seven allege that the Advertisers engaged in unfair competition against Plaintiff under the common law and Section 17200 of the California Business & Professions Code, respectively.

Plaintiffs have served the Appearing Defendants (including Sonesta), each of whom has made an appearance in this case. Plaintiffs are also attempting to serve process on CrakMedia, which is complicated by the fact that CrakMedia is located outside of the United States. Plaintiffs will also attempt to serve process on the Operators if and when it confirms their true identities. Plaintiffs will address the Identified Defendants' various legal arguments below at the appropriate time in future briefing regarding their motions to dismiss.

*Appearing Defendants' Statement*

The Appearing Defendants deny all claims asserted by Plaintiff and have filed motions to dismiss Plaintiffs' claims against them in their entirety. In particular, as set forth in its pending motion to dismiss, Defendant Cloudflare believes each of the claims directed against it (Counts Four and Five) fails to state a claim, lacks merit, and should be dismissed with prejudice as the failures of Plaintiffs' FAC reflect fundamental misapprehensions of the law and cannot be corrected through amendment. Plaintiffs' claims in this litigation stem from their allegations that the adult-oriented photographs that each of them separately made available to users on pay sites, and unpublished "semi-nude" photographs that Plaintiff Waidhofer separately emailed to at least one individual user, were copied by those users and put up on the website thothub.tv without Plaintiffs' permission. Rather than focus their litigation efforts on the individuals who engaged in the allegedly unauthorized copying or even on the owners or operators of the accused thothub.tv website itself, plaintiffs strain to hold remote parties such as Cloudflare and the Advertisers liable for copyright infringement, based upon plaintiffs' *own* subscribers' alleged improper actions. Cloudflare is an Internet service provider that provides infrastructure support and security services that protect millions of websites around the world,

including both Plaintiff Ryuu Lavitz LLC and Patreon.com, one of the so-called "Licensed Sites" that Plaintiffs themselves rely on for their business and livelihood. Cloudflare had nothing to do with the alleged copying of the photographs Plaintiffs made available online, and the photographs would have remained fully available on thothub.tv even if Cloudflare had terminated its services to thothub.tv. Cloudflare's services have an even more attenuated relationship to the alleged direct infringement than the payment processing services at issue in *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F. 3d 788 (9th Cir. 2007), where the plaintiff's contributory infringement claim was dismissed with prejudice. There is no basis to hold Cloudflare liable for the alleged copying in this case.

The Advertiser Defendants[1] are similarly remote from the misconduct alleged to have been perpetrated on thothub.tv. The Advertiser Defendants are media companies that have operated adult websites. Plaintiffs do not assert infringement of their rights occurred on any of the Advertiser Defendants' own sites. Rather, they allege separate third-party Internet marketing companies such as CrakRevenue fed *advertisements* to promote the Advertiser Defendants' websites that appeared on a separate website, thothub.tv, which plaintiffs allege infringed their copyrights. To be clear, plaintiffs do not allege the Advertiser Defendants have ever owned or operated the accused thothub.tv website or that they otherwise controlled the allegedly infringing conduct on the accused thothub.tv website. Nor do plaintiffs allege that the Advertiser Defendants have had any connection to the alleged uploaders of Plaintiff's' images. Plaintiffs instead assert contributory copyright infringement based on works ostensibly posted by these unrelated third parties to thothub.tv, but that theory fails for multiple reasons. The two new plaintiffs who

---

[1]   Although plaintiffs have named Sonesta Technologies, Inc. and BangBros.com Inc. as purportedly different defendants, they are the same entity. BangBros.com Inc., a Florida corporation formed on December 13, 2002, changed its name to Sonesta Technologies, Inc. pursuant to Articles of Amendment filed with the Florida Secretary of State on October 7, 2014.

were added to the FAC registered their works only *after* the original Complaint was filed, which is fatal to their claims under Supreme Court precedent and other authority. *E.g.*, *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 892 (2019). Untimely registrations aside, plaintiffs' copyright claims also fail because they do not plead facts showing knowledge of, or material contribution to, any alleged specific infringement of plaintiffs' copyrights on thothub.tv site by the Advertiser Defendants, as binding precedent requires. *Perfect 10 Inc*., 494 F.3d at 788. Plaintiffs assert, even more groundlessly, two RICO claims against the Advertiser Defendants in spite of the fact that the Advertiser Defendants were not promoting or encouraging acts that infringed upon their rights on the thothub.tv website or anywhere else. These claims persist in the FAC, even though Plaintiffs have unceremoniously abandoned any claims against thothub.tv, the site where the infringement allegedly occurred, and indeed even though Plaintiffs essentially base their claims against the Advertiser Defendants on ordinary, entirely legal Internet marketing activities.. In addition, Plaintiffs have failed to show that the Advertiser Defendants' alleged RICO violations were the direct cause of their injuries. *E.g.*, *Sybersound Records, Inc. v. UAV Corp*., 517 F.3d 1137, 1148 (9th Cir. 2008). Finally, Plaintiffs' state law unfair competition claims fail because state law has rejected theories of secondary liability, and the claims are preempted by the federal Copyright Act.

The Appearing Defendants separately filed motions to dismiss Plaintiff Waidhofer's Original Complaint on October 14, 2020. On October 16, 2020, in response to the Appearing Defendants' pending motions to dismiss the Original Complaint, Plaintiffs' counsel announced that Waidhofer would be amending her complaint. Plaintiff allowed the October 22, 2020 deadline for opposing the Appearing Defendants' motions to dismiss the Original Complaint to pass without filing a response. On October 27, 2020, the Court *sua sponte* issued an Order to Show Cause why Plaintiff's action should not be dismissed against Thothub.tv for

failure to effect service. Plaintiff responded on November 3, 2020, representing to the Court that Thothub did not appear to be a legal person that could be served with process and instead was merely a web domain. Plaintiffs filed the FAC on November 4, 2020, adding new Plaintiffs McGehee and Ryuu Lavitz LLC, adding two new Defendants, and dropping Thothub.tv as a named defendant.

The Appearing Defendants believe the deficiencies in Plaintiffs' FAC ultimately are uncurable, and Cloudflare and the Advertiser Defendants have separately filed motions to dismiss the FAC.

**B.   Subject-Matter Jurisdiction**

Plaintiffs contend this Court has original jurisdiction over the RICO and Copyright Act claims under 28 U.S.C. § 1331 because these claims arise under the laws of the United States.

Plaintiffs contend this Court has original jurisdiction over the state-law claims under 28 U.S.C. § 1332 because each Plaintiff is a citizen of a different State from each Appearing Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Plaintiffs contend this Court also has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because those claims are so related to claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Appearing Defendants have not moved to dismiss Plaintiffs' claims on personal jurisdiction or venue grounds. The Advertiser Defendants have moved to dismiss Plaintiffs' RICO claims on the basis of standing.

**C.   Legal Issues**

Some of the legal issues discussed by the Parties to date include:

i.   Whether Plaintiffs have Article III and/or statutory standing to bring claims for any or certain of the Works;

ii. Whether the FAC adequately identifies the Works that are at issue in this litigation;

iii. Whether the FAC adequately alleges that the Identified Defendants committed direct and/or contributory copyright infringement with respect to the Works;

iv. Whether the FAC adequately alleges an enterprise, pattern of racketeering activity, and proximate cause under RICO;

v. Whether Plaintiff has Article III and/or statutory standing to bring the RICO claims;

vi. Whether the FAC adequately alleges claims under state law and whether Plaintiff's state law claims are preempted by the Copyright Act or prohibited by Section 230 of the Communications Decency Act;

vii. Whether the FAC seeks relief that is permissible under the federal- and state-law claims asserted, and whether Plaintiff is entitled to seek statutory damages under the Copyright Act; and

viii. Whether the FAC is properly an amended pleading, or whether it is a supplemental pleading that required leave of Court before filing.

**D. Parties, Evidence, Etc.**

*Plaintiffs' Statement*

At this time, subject to further discovery, Plaintiffs can tentatively identify the following parties, witnesses, and key documents.

i.   *Parties*: Deniece Waidhofer (Plaintiff); Margaret McGehee (Plaintiff); Ryuu Lavitz LLC (Plaintiff); Cloudflare, Inc. (Defendant); BangBros.Com, Inc. (Defendant); Sonesta Technologies, Inc. (Defendant); Multi Media LLC (Defendant); CrakMedia Inc. (Defendant)

ii.  *Percipient Witnesses*: Deniece Waidhofer; Margaret McGehee; Ryuu Lavitz; Damien Bell; Benjamin Brown; Conor McClelland; Benjamin Samaey; Michael Hughes; Linus Malmberg; Andrew Rubio; Francisco Dias; representatives and/or employees of the Defendants.

iii. *Key Documents*: Plaintiffs' copyright registration and application documents; copies of Plaintiffs' Works; screenshots and images from Thothub, the Thothub forums, whois.domaintools.com, crakrevenue.com, Cloudflare.com, and related webpages; Plaintiffs' financial records from the Licensed Sites, Storenvy, and LavitzNation.com; traffic reports and data regarding Thothub; records of payments to, from, or related to Thothub; contracts involving Defendants or their agents related to Thothub; communications regarding notices of infringement related to Thothub; Defendants' communications regarding Thothub, Plaintiffs, affiliate marketing, and affiliate management; documents referenced in the Complaint.

*Appearing Defendants' Statement*

At this time, subject to further discovery, Appearing Defendants can tentatively identify the following parties, witnesses, and key documents.

i.      *Parties:* Deniece Waidhofer (Plaintiff); Margaret McGehee (Plaintiff); Ryuu Lavitz LLC (Plaintiff); Cloudflare, Inc. (Defendant); Sonesta Technologies, Inc. (f/k/a BangBros.com Inc.) (Defendant); Multi Media, LLC (Defendant); CrakMedia Inc. (Defendant).

ii.     *Percipient Witnesses:* Deniece Waidhofer; Margaret McGehee; Ryuu Lavitz[2]; owners, members, agents, representatives and/or employees of the Plaintiffs; Matthew Cathey; Michael Tersigni; Jared Goodman; Jordan Siberry.

iii.    *Key Documents:* Plaintiffs' copyright registration and application documents; copies of Plaintiffs' alleged Works; documents concerning the creation, publication, and dissemination of Plaintiffs' alleged Works; documents concerning Plaintiffs' investigation of infringements of Plaintiffs' alleged Works; documents concerning Plaintiffs' allegations in the FAC; documents concerning Plaintiffs' websites (including without limitation lavitznation.com, ryuulavitz.com, omgcosplay.com, and niecewaidhofer.com) and related webpages; Plaintiffs' records, including financial records, concerning the use, dissemination, or exploitation of Plaintiffs' alleged works, including without limitation financial records concerning the Licensed Sites, Storenvy, and Plaintiffs' websites; documents referenced in the Complaint.

**E.     Insurance**

Plaintiffs are not aware of any insurance coverage applicable to this dispute. Cloudflare has insurance coverage applicable to this dispute.

Defendant Multi Media will submit to Plaintiffs a copy of its insurance policy for management liability coverage. Defendant Sonesta is not aware of any insurance policy applicable in this matter as of this time, but reserves the right to supplement this information should it conclude otherwise as a result of its ongoing investigation.

1

**F.      Magistrate Judge**

2

The Parties do <u>not</u> consent to a magistrate judge presiding over this action for

3

all purposes, including trial.

4

**G.      Discovery and Case Schedule**

5

The Court ordered that discovery would open on the date that Appearing

6

Defendants filed motions to dismiss, which was October 14. As noted above,

7

Identified Defendants reserve the right to seek a stay of discovery based on their

8

respective motions to dismiss all claims against them and what they claim are

9

abundant infirmities with the FAC (Plaintiffs disagree with these characterizations

10

of the FAC). Appearing Defendants will meet and confer with Plaintiffs prior to

11

filing any such motion as required under the Local Rules and the Court's Orders.

12

The Parties do not propose any changes to the disclosures under Rule 26(a).

13

The Parties do not propose phasing discovery.

14

The Parties are currently negotiating a protective order to govern discovery so

15

that, if appropriate, the Parties may designate any materials produced in discovery

16

as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," with appropriate

17

protections for such materials. The Parties anticipate submitting a Stipulated

18

Protective Order to the Court in due course.

19

Counsel for the Parties discussed the following tentative timeline for

20

discovery and other proceedings in this case, subject to each reserving the right to

21

request a different schedule after conferring with their respective clients.

22

23

---

[2] To date, Plaintiffs have not adequately identified the owner of Plaintiff Ryuu Lavitz

24

LLC, since the FAC alleges that "Ryuu Lavitz" is a pseudonym for the LLC's owner,
but Plaintiffs' Notice of Interested Parties (Dkt. No. 69) states that "Ryuu Lavitz" is

25

the "sole member of Ryuu Lavitz LLC." For purposes of this Report, Appearing

26

Defendants assume that person's true name is Ryuu Lavitz. Plaintiffs have explained
that the owner of Ryuu Lavitz LLC has gone by the name "Ryuu Lavitz" publicly

27

for many years and, for privacy and security reasons related to her celebrity, is

28

currently in the process of seeking a legal name change in Massachusetts court.

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Fact discovery begins | October 14, 2020 | [Oct. 14, 2020 pending motions to stay] |
| Fact discovery closes | October 30, 2021 | June 10, 2021 |
| Initial expert designations | November 2, 2021 | June 14, 2021 |
| Initial expert reports due | November 23, 2021 | July 1, 2021 |
| Expert discovery opens | November 23, 2021 | July 1, 2021 |
| Expert counter-designations | December 15, 2021 | July 31, 2021 |
| Expert rebuttal reports due | January 15, 2022 | August 26, 2021 |
| Expert discovery closes | February 5, 2022 | Sept. 17, 2021 |
| Dispositive motions due | February 19, 2022 | Oct. 14, 2021 (opening briefs) |
| Trial begins | June 14, 2022 | Feb. 24, 2022 |

*Plaintiffs' Statement*

Plaintiffs' proposed schedule is based on several considerations. First, given the ongoing pandemic, it will be difficult to complete fact discovery in the period allotted under the Appearing Defendants' proposal. Second, this case will likely require potentially time-consuming international discovery because BangBros's and Multi Media's owners are believed to be overseas; Defendant CrakMedia, who served as Advertisers' advertising agent and allegedly engaged in so-called "affiliate management" with respect to Thothub, is located in Canada; and some of the Operators may reside overseas. Third, Plaintiff's proposed schedule is consistent with the average approximately 22-month timeframe from complaint to trial for civil cases in this District, according to Federal Court Management Statistics. Fourth, Plaintiff's lead counsel Brett Rosenthal's wife is pregnant with their second child and due to give birth on December 17, 2020, thus making it difficult for Plaintiff to undertake discovery during the early part of the year.

1  *Appearing Defendants' Statement*

2      Appearing Defendants believe their proposed schedule is reasonable in light

3  of Plaintiff's claims, and that Plaintiff's arguments to the contrary are unpersuasive.

4  First, the ongoing pandemic is unlikely to delay discovery: the situation is no longer

5  emergent, and law firms have had ample time to adjust to any necessary limitations.

6  If anything, conducting discovery remotely is likely to streamline the discovery

7  process to the extent it will be unnecessary to travel for depositions, hearings, or

8  other purposes. Second, Appearing Defendants believe it is premature to expand the

9  schedule based the mere "potential[]" for "time-consuming international discovery."

10  Appearing Defendants are prepared to meet and confer with Plaintiffs in good faith

11  to adjust the discovery schedule, should any need actually arise. In addition, the need

12  to conduct discovery remotely is likely to streamline any international discovery that

13  may be necessary, for the reasons already discussed. Third, the *average* time to trial

14  of other, unrelated litigation in the Central District does not govern in this particular

15  case. Fourth, and finally, Appearing Defendants believe their proposed schedule—

16  which sets the close of fact discovery nearly six months after the mid-December due

17  date of Mr. Rosenthal's child—is reasonable. Among other things, Plaintiffs

18  currently have six attorneys appearing in this case, including four from Mr.

19  Rosenthal's firm.

20      **H. Motions**

21      Appearing Defendants have filed motions to dismiss all of Plaintiffs' claims

22  against them in the FAC. Appearing Defendants have also reserved the right to seek

23  a stay of discovery. The Parties will confer about a motion to stay in the event that

24  any of the Appearing Defendants decides to bring such motion. Cloudflare intends

25  to file summary judgment with respect to any of Plaintiffs' claims that survive

26  Cloudflare's motion(s) to dismiss. The Advertisers similarly intend to file a motion

27  for summary judgment with respect to any of Plaintiffs' claims that survive their

28  motion(s) to dismiss.

Plaintiffs do not currently anticipate filing any motions but reserve the right to do so. As noted above, the Complaint adds two additional defendants—Sonesta and CrakMedia—that are associated with the Advertisers, as well as two additional Plaintiffs (McGehee and Lavitz). Plaintiffs do not currently expect additional parties to be joined to the suit. However, Plaintiffs reserve the right to seek leave to add additional parties, if new information comes to light. The Appearing Defendants reserve the right to object to any such joinder of additional parties.

## I.    Dispositive Motions

As noted above, Appearing Defendants have filed motions to dismiss and intend to file motions for summary judgment with respect to any claims against them that may survive motions to dismiss. The Parties have proposed February 19, 2022 (Plaintiffs' proposal) and October 14, 2021 (Appearing Defendants' proposal), respectively, as the deadline for filing dispositive motions. Appearing Defendants believe the following issues or claims may be determined by such motions: whether Plaintiffs have Article III standing and/or statutory standing to bring copyright claims for alleged works, including whether Plaintiffs actually own or have properly registered alleged works; whether Plaintiffs are entitled to statutory damages for alleged works; whether Cloudflare committed direct infringement of alleged works; whether Appearing Defendants are liable for contributory infringement of alleged works; whether Cloudflare is immune from liability for copyright infringement pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512; whether the Plaintiffs were directly injured by the use or investment of alleged racketeering income; whether the Plaintiffs can show any purported conspiracy in violation of the RICO statute; and, whether the unfair competition common law and state law claims are preempted by the federal Copyright Act, among other legal defects.

Appearing Defendants have not yet answered the FAC and may state additional defenses, to the extent Plaintiffs' claims survive Appearing Defendants'

motions to dismiss. Appearing Defendants anticipate that dispositive motions may resolve questions or law or fact with respect to such additional defenses, if any.

### J.      Settlement/Alternative Dispute Resolution (ADR)

The Parties have not yet had any substantive conversations about potential settlement but have stated they are open to discussing settlement at an appropriate juncture. The Parties tentatively agreed that a settlement conference before a federal magistrate judge would be preferable to other alternatives.

### K.      Pretrial Conference and Trial

The Parties have proposed June 14, 2022 (Plaintiffs' proposal) and February 24, 2022 (Appearing Defendants' proposal), respectively, as the date when trial would begin. Plaintiffs propose that the pretrial conference would take place about two weeks before the trial date on a date suitable for the Court. Appearing Defendants propose that the pretrial conference would take place approximately two weeks prior to trial.

### L.      Trial Estimate

Plaintiffs currently anticipate a two- to three-week jury trial (assuming full days reserved for trial), subject to revision based on the outcome of motions to dismiss and dispositive motions. Cloudflare anticipates a one or two week jury trial, depending on what claims survive Cloudflare's motion to dismiss and anticipated summary judgment motion. The Advertisers also anticipate a one or two week jury trial, depending on what claims survive motion practice.

### M.      Trial Counsel

Trial counsel for Plaintiffs and the Appearing Defendants, respectively, in this matter are expected to consist of the undersigned counsel.

**N.     Independent Expert or Master**

The Parties do not currently believe that this case requires appointment of a special master or independent scientific expert. Each party reserves the right to make such request in the future, if necessary and appropriate.

**O.     Other Discovery Issues**

Plaintiffs and the Appearing Defendants exchanged initial disclosures under Federal Rule of Civil Procedure 26(a) on November 13, 2020. Plaintiff served an initial set of discovery on the Appearing Defendants on October 15, 2020, and Appearing Defendants timely served written responses on November 16, 2020. The Appearing Defendants have not yet served written discovery. The Advertisers requested depositions of each of the Plaintiffs on November 4, and Plaintiffs have offered dates for these depositions. Plaintiffs have requested depositions of four witnesses who are believed to be the Advertisers' employees.

The Parties discussed the following information that they request be preserved in relation to this litigation:

i.  Plaintiff's Preservation Requests to Appearing Defendants[3]

    a)  All server logs for U.S. servers used to store, transmit, or distribute data related to Thothub (Cloudflare);

    b)  All copies of Thothub-related files from U.S. servers (Cloudflare);

    c)  All communications related to Thothub or involving any of the following persons: (i) any person identified in communications using one of the pseudonyms for the Operators (see Complaint ¶¶ 23, 151); (ii) Benjamin (aka "Jelle") Samaey; (iii)_ Michael Hughes; (iv) Linus Malmberg; (v) Andrew Rubio); or (vi) Francisco Dias or his company Frantech Solutions;

---

[3] Requests that relate only to particular defendants are noted in parentheses after the line item.

d) All communications related to Thothub, affiliate marketing, or affiliate management with CrakRevenue or CrakMedia (BangBros and Multi Media);

e) All agreements or draft agreements with Thothub or John Does 1-21;

f) All agreements or draft agreements with CrakRevenue or CrakMedia (BangBros and Multi Media);

g) Copies of all advertisements that appeared on Thothub (BangBros and Multi Media);

h) All documents preserved pursuant to Plaintiff's litigation hold letter dated and delivered to Cloudflare in July 2020 (Cloudflare);

i) All web traffic reports regarding Thothub or traffic from Thothub;

j) All documents regarding sales made off user traffic derived from Thothub (BangBros and Multi Media);

k) All financial records showing payments made or received related to Thothub and/or involving any of the persons listed in item (c) above, including any payments made to or from these persons via CrakRevenue or CrakMedia;

l) All communications regarding alleged copyright infringement on Thothub, including all DMCA or copyright-infringement notices and responses related to Thothub;

m) All communications between any Appearing Defendant and any other person regarding Plaintiffs or this lawsuit;

n) All written policies regarding copyright-infringement/DMCA notices and/or regarding termination of alleged repeat infringers (Cloudflare); and

o) All documents that include the term "Thothub," "Thot Hub," or "Thothub.tv."

ii. Cloudflare and the Advertiser Defendants believe that at least some of Plaintiffs' preservation requests are overbroad, and disagree that the requests are reasonably tailored or proportional to the needs of this case. Both counsel for Cloudflare and the Advertiser Defendants will meet and confer with Plaintiffs' counsel with respect to the scope of the preservation requests. Specifically, the Advertiser Defendants believe Plaintiffs' requests for categories relating CrakRevenue or CrakMedia untethered to Plaintiffs or their claims are likely overbroad and include materials not relevant to the case. Plaintiffs disagree with these characterizations of the requests.

iii. Appearing Defendants' Preservation Requests to Plaintiffs:

a) All documents related to copyright registration of the Works;

b) All documents regarding creation of the Works;

c) All documents regarding publication of the Works;

d) Documents sufficient to show any reproduction, distribution, or display of the Works, including any unpublished Works, by Plaintiffs or any third party;

e) All documents regarding the value of the Works or similar works owned by Plaintiffs, whether or not asserted in this litigation, including any licensing or sales agreements or proposals, and financial records;

f) All documents regarding the value of Plaintiffs' names, reputations, and/or likenesses, including any modeling contracts, licensing or sales agreements or proposals, and financial records;

g) All documents regarding Plaintiffs' alleged injuries;

h) All documents regarding Plaintiffs' efforts to investigate alleged infringement or unauthorized use of Plaintiff's Works;

i) All documents regarding Plaintiffs' efforts to prevent or limit infringement of the Works;

06917-00008/12434388.1     - 17 -
JOINT RULE 26(f) REPORT
*Waidhofer v. Cloudflare, Inc., et. al.*, Case No. 2:20-cv-06979

j) All documents referenced in or relied upon by the Complaint, or that Plaintiffs otherwise contend support their claims;

k) All documents regarding Plaintiffs' relationship to any third party to which Plaintiffs' Works have been licensed, whether by express license, implied license, or otherwise; and

l) All communications with third parties regarding any private distribution of any of Plaintiffs' Works.

*Plaintiffs' Statement*

Plaintiffs understand that the Advertisers have objected to the date range requested for document preservation. Plaintiffs assert that the time period for which information should be preserved by Appearing Defendants runs from the beginning of May 2018 to the present. The relevant date (May 2018) for Plaintiffs' requested document preservation is based on the date when Thothub apparently began its piracy operations. This date is relevant, among other reasons, because Plaintiffs' claims turn in part on Defendants' knowledge or awareness of the Thothub Enterprise's alleged RICO and copyright-infringing activities.

*Appearing Defendants' Statement*

The Appearing Defendants disagree Plaintiffs have adequately justified the date from which the Appearing Defendants' documents should be preserved and intend to further meet and confer with Plaintiffs' counsel in an effort to resolve that issue if possible. Plaintiffs bear the burden of explaining their selected date and indeed were obligated to properly investigate their claims before bringing them. Plaintiffs instead offer the date of the supposed start of thothub.tv – a third-party site not owned or controlled by the Appearing Defendants. But that date is irrelevant because Plaintiffs have no evidence or other basis for asserting any of their claimed works were infringed, directly or indirectly, by any of the Appearing Defendants as of that time. In contrast, the time period for which information should be preserved by Plaintiffs runs from the earlier of (1) the earliest date Plaintiffs

1   created their Patreon, Onlyfans, or StorEnvy accounts, or (2) the creation of the
2   earliest-created of the alleged copyrighted works, since Plaintiffs have purported to
3   put those directly at issue.

4        **P.**     **Complexity of the Case**

5        The Parties discussed the complexity of the incident case. At this time, the
6   Parties do not believe it is necessary to utilize the procedures of the Manual for
7   Complex Litigation (current edition).

8        **Q.**     **Timetable for Further Case Management Reports**

9        The Parties propose to provide the Court an updated proposed timetable after
10  the Court's ruling on motions to dismiss. At that time, the Parties will also provide
11  proposals for additional pretrial deadlines, such as exchange of pretrial exhibits and
12  witness lists, *Daubert* motions, and motions *in limine*. All suggested dates are
13  subject to the Court's availability and confirmation from the respective clients.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>SIGNATURE ATTESTATION</u>

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

Respectfully submitted on November 19, 2020.

By:   _*Brett S. Rosenthal*_____

Brett S. Rosenthal *(pro hac vice)*
Sean F. Gallagher *(pro hac vice)*
Joel W. Reese *(pro hac vice)*
Joshua M. Russ *(pro hac vice)*
Reese Marketos LLP
750 N. Saint Paul Street, Suite 600
Dallas, Texas 75201-3202
Telephone: (214) 382-9810
Fax: (214) 501-0731

Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
Reiter Gruber LLP
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799

***ATTORNEYS FOR PLAINTIFFS***

By:   __[with authorization}_____

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
 (212) 294-6700 (telephone)
melkin@winston.com

Jennifer A. Golinveaux
Thomas J. Kearney

1   WINSTON & STRAWN LLP
2   101 California Street, 35th Floor
    San Francisco, CA 94111-5840
3   (415) 591-1000 (telephone)
    jgolinveaux@winston.com
4   tkearney@winston.com
5
6   Erin R. Ranahan
    WINSTON & STRAWN LLP
7   333 S. Grand Avenue
8   Los Angeles, CA 90071
    (213) 615-1700 (telephone)
9   eranahan@winston.com
10
11  Attorneys for Defendant
    CLOUDFLARE, INC
12
13  By:    __[with authorization}____
14
15  Michael T. Zeller
    QUINN EMANUEL URQUHART &
16  SULLIVAN, LLP
    865 South Figueroa Street, 10th Floor
17  Los Angeles, CA 90017-2543
    (213) 443-3000 (telephone)
18  michaelzeller@quinnemanuel.com
19
20  Attorneys for Defendants
    Multi Media, LLC and Sonesta
21  Technologies, Inc. (f/k/a BangBros.com
    Inc.)
22
23
24
25
26
27
28

- 21 -
JOINT RULE 26(f) REPORT
*Waidhofer v. Cloudflare, Inc., et. al.*, Case No. 2:20-cv-06979

# CERTIFICATE OF SERVICE

The undersigned certifies that this joint report was filed with consent of all parties. It will be served on all counsel of record via the Court's ECF system.


___*Brett S. Rosenthal*_____

Brett S. Rosenthal