CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT
(admitted *pro hac vice*)
mpequignot@pmiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: (202) 328-1200

Attorneys for Plaintiffs
CONOR WOULFE and PETER MICHAEL ROSZA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive,<br><br>　　　　　Defendant, | CASE NO.: 2:22-cv-00459-SVW-AGR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO RECONSIDER THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SPECIAL MOTION TO STRIKE DATED DECEMBER 20, 2022 [Dkt. 83]** |

## NOTICE OF MOTION AND MOTION

TO THE COURT AND TO DEFENDANT AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2023, at 1:30 p.m., or as soon thereafter as the matter be heard in the First Street Courthouse, located at 350 West 1st Street, Courtroom 10A, Los Angeles, California, before Honorable Stephen V. Wilson, Plaintiffs, CONOR WOULFE and PETER MICHAEL ROSZA, by their undersigned counsel, respectfully move the Court to reconsider its Order Granting In Part And Denying In Part Defendant's Special Motion To Strike [Dkt. 83] (hereafter "Order"), whereby the Court granted, in part, and denied, in part, the Special Motion to Strike Under Cal. Civ. Pro. Code § 425.16 and Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (6) [Dkt. 44] filed herein by Defendant, UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES ("Universal" or "Defendant").

As set forth more fully in the Memorandum of Points and Authorities, the basis of this motion is that the Court has made a clear or manifest error in the application of applicable law. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any papers filed in reply, all other papers and records on file in this matter, and any other materials or argument the Court may receive at or before the hearing on this Motion.

This Motion is made following the conference of counsel, pursuant to Civil L.R. 7-3, which took place on January 10, 2023.

Respectfully submitted,

Dated: January 17, 2023     By:    /s/ Matthew A. Pequignot

**LEJEUNE LAW, P.C.**
Cody R. LeJeune
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

**PEQUIGNOT + MYERS**
Matthew A. Pequignot (*pro hac vice*)
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: (202) 328-1200

**HARLLEE & BALD, P.A.**
Adam Mohammadbhoy (*pro hac vice*)
Brian L. Trimyer (*pro hac vice*)
202 Old Main Street
Bradenton, FL 34205
Telephone: (941) 744-5537

Attorneys for Plaintiffs
CONOR WOULFE and PETER MICHAEL ROSZA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

"A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (*quoting School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). This Court has held that reconsideration is appropriate based on "clear error." *See*, *Twyman v. New Hampshire Ball Bearings Inc.*, 2022 WL 17357771, *3 (C.D. Cal. Sept. 21, 2022) (Wilson, J.). Additionally, Local Rule 7-18 applies to motions for reconsideration and recognizes the right to request reconsideration on various grounds, including manifest showing of failure to consider material facts presented to the court.

Here, Plaintiffs respectfully submit that the Court has made a clear or manifest error, because the Court's holding that Defendant's acts of false advertising are *not* protected by the First Amendment irreconcilably conflicts with its findings that Defendant's acts were "in furtherance of the right…of free speech."

This motion is important and necessary because the Court's error in determining the applicability of California's anti-SLAPP motion procedure is akin to a decision that Plaintiffs' dismissed claims are a mere "masquerade" of a legitimate lawsuit which has been brought solely to chill Defendant's free speech and has subjected Plaintiffs to a motion for hundreds of thousands of dollars in attorney fees, for asserting meritorious claims for false advertising.[1] As relief requested, Plaintiffs merely ask that the Court vacate

---

[1] Order at PID 1620 ("The Ninth Circuit has explained that SLAPPs 'masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political

its holding that California's anti-SLAPP law applies in this case and deny Defendant's anti-SLAPP motion to strike as moot in view of the dismissal of Plaintiffs' CLRA and warranty claims under Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT

### A. The Anti-SLAPP Legal Standard

The plain wording of California's anti-SLAPP law explains that its remedies are only available when the gravamen of the complained about acts constitutes activity performed "in furtherance of" constitutionally protected "free speech." *See* Cal. Civ. Proc. Code § 425.16(b)(1) (A special motion may target "cause[s] of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue[.]"). Indeed, the California Supreme Court has recently explained this narrow applicability of the anti-SLAPP law in *Rand Resources*:

> But to prevail on an anti-SLAPP motion, a defendant must do more than identify some speech touching on a matter of public interest. As we have explained, "**'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.'**" (*Park*, ..., 2 Cal.5th at p. 1063, 217 Cal.Rptr.3d 130, 393 P.3d 905 [holding that in deciding whether the "arising from" requirement is met, "courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability"].) **In other words, a claim does not "arise from" protected activity simply because it was filed after, or because of, protected activity, or when protected activity merely provides evidentiary support or context for the claim. Rather, the protected activity must "supply elements of the challenged claim."** (*Id.* at p. 1064, 217 Cal.Rptr.3d 130, 393

---

or legal rights or to punish them for doing so.'" *citing Hilton v. Hallmark Cards*, 599 F.3d 894, 902 (9th Cir. 2010)).

P.3d 905.)

*Rand Res., LLC v. City of Carson*, 6 Cal.5th 610, 621 (Cal. 2019) (quoting *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063, 217 Cal.Rptr.3d 130, 393 P.3d 905) (emphasis added).

### B. The Manifest Errors in the Order

Following the guidance of this Court's decision in *Flo & Eddie*, this Court's December 20th Order correctly identifies the gravamen of Plaintiffs' claims as Defendant's false representations that Ana de Armas would be in the movie *Yesterday*. *See* Order at PID 1623. ("The 'gravamen or principal thrust' of the complaint is that Defendant included a scene in the trailer, which they ultimately did not include in the movie, and such acts constitute a misrepresentation.").

Thereafter, in the same Order, having considered the parties' supplemental briefing pertaining to whether Defendant's non-commercial speech was inextricably intertwined with commercial speech, the Court correctly determined that Defendant's false representations, even though communicated in a movie trailer, were unprotected by the First Amendment. *See* Order at PID 1647 ("First, Plaintiffs have alleged the speech is false commercial speech, bringing it outside of this principle."); *Id.* at PID 1648 ("Thus, because Plaintiffs have plausibly alleged that the trailer is false, commercial speech, Plaintiffs may proceed with their claims without offending the First Amendment.")

But inconsistent with the Order's ultimate holding that Defendant's false advertising is not First Amendment protected speech, the Order, as a threshold matter, held that California's anti-SLAPP law applies because Defendant's "creation and release of Yesterday" is free speech and that "the trailer furthers this exercise of free speech by increasing public engagement[.]" *Id.* at PID 1624. It also held *inter alia* that "***the trailer furthers public discourse of De Armas by representing what her next role is***." *Id.* at PID

5

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO RECONSIDER THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SPECIAL MOTION TO STRIKE DATED DECEMBER 20, 2022 [Dkt. 83]

2:22-cv-00459-SVW-AGR

1625.

This portion of the Order finding that Section 425.16 applies is respectfully submitted to be a clear error. It is logically inconsistent with the plain meaning of the California statute to find that the activities constituting the "gravamen" of the case are unprotected by the First Amendment, but that Defendant's activities were nevertheless "in furtherance of" its right to "free speech." Cal. Civ. Proc. Code § 425.16(a)-(b) (describing the disturbing increase in lawsuits brought primarily to chill *valid* constitutional rights; explaining the requirement that conduct be "in furtherance" of *Constitutionally protected free speech*). Confirming that the Court's determination of the gravamen of Plaintiffs' case was correct, the Supreme Court in *Rand Resources* explained that "in deciding whether the 'arising from' requirement is met, 'courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.'" *Rand Resources*, 6 Cal.5th at 621. Looking at which elements supply the basis of Defendant's alleged liability, those elements boil down to Defendant's inclusion of Ana de Armas in the *Yesterday* movie trailer when she was not in the actual film. *See* Order at PID 1623.

Having correctly identified the gravamen, the Court, according to the guidelines explained in *Pandora*, should have used the gravamen as the lens through which to evaluate Defendant's conduct for anti-SLAPP applicability. Indeed, courts are required "to pinpoint exactly the conduct at issue in the case and determine 'whether the cause of action is based on the defendant's protected free speech or petitioning activity.'" *Flo & Eddie, Inc. v. Pandora Media, Inc.*, 2020 WL 6336124, at *3 (C.D. Cal. Oct. 22, 2020) *citing Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1190 (9th Cir. 2017) *quoting Naveliier v. Sletten*, 29 Cal. 4th 82, 89 (2002) ("[T]he conduct from which the claim arises is the conduct that constitutes the specific act of wrongdoing challenged by the plaintiff."). That

is, the Court should have evaluated *only* the "specific act" of including Ana de Armas in the trailer. *Id.* Instead, and constituting clear or manifest error, the Order ignored the gravamen and determined that the movie itself, and the trailer in general, were enough to bring this case within the purview of Section 425.16. *See* Order at PID 1625 (holding that the movie and trailer furthered defendant's free speech). Confirming this to be error, the California Supreme Court in *Rand Resources* explained "a claim does not 'arise from' protected activity simply because it was filed after, or because of, protected activity, or when protected activity merely provides evidentiary support or context for the claim." *Rand Resources*, 6 Cal.5th at 621. In other words, even though Plaintiffs' complaint was filed "after" or "because of" the movie *Yesterday* or its trailer, and even though the trailer provides "evidentiary support" and "context" for Plaintiffs' claims, the correct inquiry is whether Defendant's false advertisements themselves were protected activity, and not whether its other conduct generally might be protected. *Id.*

This motion for reconsideration is also consistent with the reasoning of the California Court of Appeals in *Dyer v. Childress* which specifically rejected the contention "that motion pictures are more deserving of protection" and that "425.17, subdivision (d)(2)" eliminates *"the need to show significant public interest in the conduct at the heart of the plaintiff's complaint* or expand[s] the scope of the anti-SLAPP law to provide protection to motion picture defendants in every context." *Dyer v. Childress* (2007) 147 Cal. App.4th 1273, 1284. The existing contrary holding in this case effectively (and wrongly) would give anti-SLAPP protection to any claim involving any motion picture, because any motion picture will – by its very nature – be at least tenuously connected to the "public interest" because it is publicly released. And it is this precise bootstrapping of cases into the scope of section 425.16 that the California Supreme Court has rejected. *Rand Resources* 6 Cal 5th 610, 625 (2019) (To prevail on an anti-SLAPP motion, a defendant

must do more than identify some speech touching on a matter of public interest," because "[a]t a sufficiently high level of generalization, any conduct can appear rationally related to a broader issue of public importance.").

Plaintiffs also assert that it was error to conclude that the gravamen of this case – Defendant's inclusion of Ana de Armas in the trailer – furthered any public discourse about Ana de Armas. *See* Order at PID 1625. Specifically, the Order found that, "the trailer furthers public discourse of De Armas by representing what her next role is." *Id.* However, this portion of the holding misses the point of this case: Ana de Armas isn't actually in *Yesterday*, and therefore the trailer does not advise the public about her future roles. Defendant's false representations otherwise are unprotected by the First Amendment.

Though the Order also finds that the trailer advances "public discourse" about the Beatles (*Id.*), any general discourse pertaining to the "notoriety" of the Beatles is unrelated to the gravamen of Plaintiffs' complaint, and - in order for the anti-SLAPP procedure to apply - it is the gravamen which must be determined to be furtherance of Defendant's rights of free speech. *Flo & Eddie, Inc. v. Pandora Media, Inc*., 2020 WL 6336124, at *3 (the court must "pinpoint exactly the conduct at issue in the case and determine 'whether the cause of action is based on the defendant's protected free speech or petitioning activity.'); *see*, also, *Rand Res., LLC v. City of Carson* at 621.

Moreover, the Court appears to have misinterpreted Plaintiffs' arguments in its opposition to Defendant's motion to strike as asserting a "commercial speech exception" to the statute. Order at PID 1621-1622. However, Plaintiffs made no such argument but instead argued that intentionally *false* speech was inherently unprotectible and therefore that the anti-SLAPP statute could not apply. *See* Plaintiffs' Opp. Dkt. 50 at PID 745 (arguing that, "Defendant's intentional false advertising cannot further its right of *protected free speech* as a matter of law[.]"); *see*, also, Dkt. 71, PID 1264, 1268 (intentionally false

advertising is never protected). The Order's footnote 2 misses a similar distinction, when it concludes that no contradiction exists with its decision and the commercial speech exemption and that Section 425.17(d)(2) provides an exemption to the exemption. However, the issue is not whether the trailer is commercial speech but whether the gravamen of the case – Defendant's *false* advertising – is inherently protected by the First Amendment. *See* discussion of *Rand, Flo & Eddie, Inc. and Dyer supra*. And, as this Court has already determined, Defendant's false speech – which is the gravamen of this case – enjoys no free speech protections. Order at PID 1648.

Defendant admitted that Ana de Armas was never in *Yesterday* (*see* Defendant's Motion to Strike/Dismiss, Dkt. 44 at PID 613 and 617), and the advertising trailer which included Ms. de Armas was judicially noticed by the Court. In short, Defendant admitted the factual predicate of its unlawful conduct and this Court decided, after reviewing Defendant's submitted trailer evidence, that Defendant's false commercial speech in this case is not protected by the First Amendment. Accordingly, it is clear or manifest error to find that Defendant's false advertising activities are protected by Cal. Civ. Proc. Code § 425.16, in direct conflict with the plain meaning of the statute and its legislative history.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court 1) vacate its holding in the Order that Cal. Civ. Proc. Code § 425.16 applies in this case, and 2) deny Defendant's anti-SLAPP motion to strike as moot in view of the dismissal of Plaintiffs' CLRA and warranty claims under Fed. R. Civ. P. 12(b)(6). Vacating the portions of the Order incorrectly finding that Defendant's false advertising furthered its right to free speech will secure the Court's desired ultimate result while avoiding the Constitutional implications of subjecting Plaintiffs to an anti-SLAPP fee motion, for asserting their

otherwise meritorious claims.²

Respectfully submitted,

Dated: January 17, 2023         By:    /s/ Matthew A. Pequignot

**LEJEUNE LAW, P.C.**
Cody R. LeJeune
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

**PEQUIGNOT + MYERS**
Matthew A. Pequignot (*pro hac vice*)
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: (202) 328-1200

**HARLLEE & BALD, P.A.**
Adam Mohammadbhoy (*pro hac vice*)
Brian L. Trimyer (*pro hac vice*)
202 Old Main Street
Bradenton, FL 34205
Telephone: (941) 744-5537

Attorneys for Plaintiffs
CONOR WOULFE and PETER MICHAEL ROSZA

---

² Plaintiffs plan to assert various constitutionality defenses to Defendant's Motion for Attorney's Fees and Costs. *See* Dkt. No. 88.