Michael S. Elkin (*pro hac vice*)
melkin@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
tkearney@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400

*Attorneys for Defendant*
*CLOUDFLARE, INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION—LOS ANGELES

| | |
|---|---|
| DENIECE WAIDHOFER, an individual; MARGARET MCGEHEE, an individual; and RYUU LAVITZ, LLC, a Massachusetts limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; BANGBROS.COM, INC., a Florida corporation; SONESTA TECHNOLOGIES, INC., a Florida corporation; MULTI MEDIA LLC, a California limited liability company; CRAKMEDIA INC., a Canadian corporation; and JOHN DOES 1-21,<br><br>　　　　Defendants. | Case No. 2:20-cv-06979-FMO-AS<br><br>**STIPULATED PROTOCOL FOR PRODUCING DOCUMENTS AND ESI**<br><br>Judge:   Hon. Fernando M. Olguin |

# STIPULATED PROTOCOL FOR PRODUCING DOCUMENTS AND ESI

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiffs, Deniece Waidhofer ("Waidhofer"), Margaret McGehee ("McGehee"), and Ryuu Lavitz, LLC ("Lavitz") (collectively, "Plaintiffs"); Defendant Cloudflare, Inc. ("Cloudflare") and Defendants Multi Media, LLC ("Multi Media") and Sonesta Technologies, Inc. (f/k/a BangBros.com Inc.) ("Sonesta") (collectively, "Defendants"), by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Protocol for Producing Documents and ESI (the "ESI Protocol").

## I. Production Format

### A. Purpose

The ESI Protocol shall govern the production of documents and electronically stored information ("ESI") by the parties in the above captioned litigation. Nothing herein shall enlarge or affect the proper scope of discovery, nor shall anything herein imply that any documents or ESI collected or produced under the terms of this protocol are properly discoverable, relevant, or admissible in the litigation.

The ESI Protocol shall also govern productions made by any third party who is subpoenaed in this action unless otherwise agreed to by the party issuing the subpoena and the third party. Accordingly, the ESI Protocol shall be attached to any subpoena issued in this action after approval of the ESI Protocol.

### B. Definitions

As used herein, the following terms shall have the following meanings:

(1) The terms "Electronically Stored Information" and "ESI" as used herein have the same meaning as contemplated by the Federal Rules;

(2) "Native file format" means and refers to the format of ESI in which it was originally generated and/or normally kept by the producing party in the usual course of its business and in its regularly conducted activities;

(3) "Metadata" means and refers to information about information or data about data, and includes without limitation (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system;

(4) "Document" or "Documents" are used in their broadest sense, to the full extent permitted by Rules 26 and 34 of the Federal Rules.

### C. Paper Records

Paper records will be scanned or otherwise converted into electronic form from paper documents in the following format:

(1) TIFFs. All documents shall be scanned to single page Group 4, TIFF format, at least 300 dpi and 8.5 x 11 inch page size, except for documents requiring higher resolution or different page size. Each image file should have a unique file name which shall be the Bates number of the page.

(2) In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). The parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

(3) Objective Coding Fields. The following objective coding fields should be provided, if applicable and/or available: (1) beginning

Bates number; (2) ending Bates number; (3) beginning attachment Bates number; (4) ending attachment Bates number; and (5) source location/custodian.

**D.     Electronically Stored Information**

The parties will produce ESI in TIFF format according to the following specifications:

(1) All TIFF formatted documents will be single page, Group 4 TIFF at 300 X 300 dpi resolution and 8.5 X 11 inch page size, except for documents requiring different resolution or page size.

(2) An image load file, in standard Opticon format, showing the Bates number of each page and the appropriate unitization of the documents, will accompany all document images.

(3) Each imaged version of an electronic document will be created directly from the original electronic document.

(4) Color documents (e.g., color photographs or graphical representations in color) may be produced as black & white, single-page TIFF images in accordance with the technical specifications set forth herein. Upon a reasonable request by the receiving Party, the producing Party shall produce specifically identified documents in color. If color images are required to render the document legible and usable, the files shall be delivered in single page, JPEG format, accompanied by the requisite document level text file as specified herein.

(5) Full extracted text will be provided in the format of a single *.txt file for each file (i.e. not one *.txt per *.tif image). Where ESI contains text that has been redacted under assertion of privilege or other protection from disclosure, the redacted *.tif image will be OCR'd and file-level OCR text will be produced in lieu of extracted text.

Searchable text will be produced as file-level multi-page UTF-8 text files with the text file named to match the beginning production number of the file. The full path of the text file must be provided in the *.dat data load file.

(6) There will be two Load/Unitization files accompanying all productions. One will be the Image load file and the other will be the Metadata load file.

**(i)  Image Load File.**

- The name of the image load file shall mirror the name of the delivery volume, and should have a .lfp, .opt or .dii* extension (e.g., ABCOOl.lfp). The volume names shall be consecutive (i.e., ABC001, ABC002, et. seq.) *If .dii file is produced, the accompanying metadata load file shall be separate from the .dii file and not contained within the .dii file.*

- The image load file shall contain one row per TIFF image.

- Every image in the delivery volume shall be referenced in the image load file.

- The image key shall be named the same as the Bates number of the page. Load files shall not span across media (e.g., CDs, DVDs, Hard Drives, etc.). A separate volume shall be created for each piece of media delivered.

- Emails will be produced with the CC and BCC line displayed in the image.

**(ii)  Metadata Load File.**

The following metadata fields associated with each electronic document will be produced, to the extent they are available.

| Field Name | Field Description | Required for Email | Required for Non-E-mail ESI |
|---|---|---|---|
| Custodian | Name of custodian(s) of email(s) or file(s) produced (Last Name, First Name format) as available | X | X |
| AllCustodians[1] | Name of all custodians who had a copy of a document. | X | X |
| BegBates | Beginning Bates# (including Prefix) | X | X |
| EndBates | Ending Bates# (including Prefix) | X | X |
| BegAttach | Beginning Bates number of the first document in an attachment range (only in emails with attachments) | X | |
| EndAttach | Ending Bates number of the last document in attachment range (only in emails with attachments) | X | |
| AttachCount | Number of attachments to an email | X | |
| AttachName | Name of each individual attachment | X | |
| From | From field extracted from an email message | X | |
| Author | Author field extracted from the metadata of a non-email document | | X |
| To | To or Recipient field extracted from an email message | X | |
| Cc | Carbon Copy ("Cc") field | X | |

---

[1] Parties will provide AllCustodians field based on documents received at the time of the production. When the parties' productions are completed, the producing party will provide an overlay for previously produced documents containing all additional custodians whose documents have been added after the time of the initial production.

| Field Name | Field Description | Required for Email | Required for Non-E-mail ESI |
|---|---|---|---|
| | extracted from an email message | | |
| Bcc | Blind Carbon Copy ("Bcc") field extracted from an email message | X | |
| Email Subject | Subject line extracted from an email message | X | |
| Filename | File name — Original name of file as appeared in original location | | X |
| Title | Title field extracted from the metadata of a non-email document | | X |
| DateSent | Sent date of an email message (mm/dd/yyyy format) (a given email will have either a DateSent or Date Recvd, but not both) | X | |
| DateRcvd | Received date of an email message (mm/dd/yyyy format) (a given email will have either a DateSent or Date Recvd, but not both) | X | |
| DateCreated | Date that a non-email file was created (mm/dd/yyyy format) | | X |
| DateMod | The application recorded time on which the document was last modified | | X |
| TimeSent | Time e-mail was sent (hh:mm:ss format) (a given email will have either a TimeSent or Time Recvd, but not both) | X | |
| TimeRcvd | Time e-mail was received (hh:mm:ss format) (a given | X | |

| Field Name | Field Description | Required for Email | Required for Non-E-mail ESI |
|---|---|---|---|
| | email will have either a TimeSent or Time Recvd, but not both) | | |
| NativeLink (if natives are exchanged) | Relative path to any files produced in native format | X | X |
| TextLink (if text is exchanged) | Relative path to any OCR/extracted text files in the production set | X | X |
| Confidential | Confidentiality Designation | x | x |
| Redacted | Descriptor for documents that have been redacted. "Yes" for redacted documents; "No" for unredacted documents. | x | x |
| HashValue | MD5 or SHA-1 hash value used to deduplicate the data | X | X |
| FileExtension | File extension of native file | X | X |

(7) The parties will produce the following ESI types in native file format:

- Excel spreadsheets
- Audio/video files

The Parties will meet and confer regarding any good faith request for the production of PowerPoint files in native file format.

(8) Any document produced in native format will be produced according to the following specifications, to the extent practical and available:

(a) A unique document number shall be used as the file name. The original file name and extension shall be preserved in the

               corresponding load file. An example of this convention would be: "CHOOOOOOO1.xlsx" with metadata in the load file listing the original filename and extension as "Copyright data.xlsx."

    (b)    Any file produced in native format need not be imaged. Instead, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number of the corresponding file and, where pertinent, the confidentiality designation.

### E. Resolution of Technical/Logistical Issues

Documents that present imaging or format production problems shall be promptly identified and disclosed to the requesting party; the parties shall then meet and confer to attempt to resolve the problems.

If a producing party asserts that certain ESI is inaccessible or cannot be produced in an appropriate format, or if the requesting party asserts that, following production, certain ESI is not reasonably usable, the parties shall meet and confer with their respective technology experts to discuss resolving such assertions. If the parties cannot resolve any such disputes after such a meet and confer has taken place, the issue shall be presented to the Court for resolution.

### F. Redacted Files

The producing Party may redact from any TIFF image, metadata field, or native file material that is protected from disclosure by applicable privilege or immunity, or that is governed by other applicable privacy law or regulation. Original extracted text will not be provided for electronic documents that have been redacted. Instead, for documents with redacted images, a separate OCR text file should be created for each redacted document that displays only the unredacted text. Any such redactions shall be clearly marked on the document (e.g., with a solid, black box). For documents redacted natively the producing party will provide OCR or extracted text after the redactions

have been applied. The foregoing does not affect the Parties' obligations under FRCP Rule 26(b)(5).

### G. Data Load Files/Cross-Reference Files

Fielded data should be exchanged via a document-level-database load file in standard Concordance (DAT) format . All image data should be delivered with a corresponding image load file in one of three formats: standard IPro (LFP), Opticon (OPT) or Summation (DII).

### H. Deduping Documents

The parties shall dedupe globally (i.e., across all custodians). This will result in the Producing Party needing to produce only a single copy of responsive Duplicate ESI. The parties shall de-duplicate stand-alone documents against stand-alone documents and shall de-duplicate top-level email documents against top-level email documents. De-duplication shall not break apart families. Where a stand-alone document or top-level email is found in more than one custodian's files, the metadata load file shall list all such custodians, even though the document or email is being produced only once.

## II. Scope of Discovery

The parties agree to meet and confer in an attempt to reach an agreement on the scope of relevant and proportional discovery within the meaning of Rule 26(b)(1), including:

- Data sources;
- Date ranges;
- File types;
- Custodians;
- Search terms;
- Non-custodial sources of ESI; and/or
- Information located in applications or databases.

Any remaining disputes on the scope of discovery shall promptly be presented to the Court for resolution.

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

Respectfully submitted on December 11, 2020.

By: */s/ Brett S. Rosenthal*
Brett S. Rosenthal *(pro hac vice)*
Sean F. Gallagher *(pro hac vice)*
Joel W. Reese *(pro hac vice)*
Joshua M. Russ *(pro hac vice)*
Reese Marketos LLP
750 N. Saint Paul Street, Suite 600
Dallas, Texas 75201-3202
Telephone: (214) 382-9810
Fax: (214) 501-0731
Charles Reiter (SBN 306381)
Robert Gruber (SBN 301620)
Reiter Gruber LLP
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401-3602
Telephone: (310) 496-7799

*ATTORNEYS FOR PLAINTIFFS*

By: */s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux
Thomas J. Kearney
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1000 (telephone)
jgolinveaux@winston.com
tkearney@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue

Los Angeles, CA 90071
(213) 615-1700 (telephone)
eranahan@winston.com

*Attorneys for Defendant*
*CLOUDFLARE, INC*

By: */s/ Michael T. Zeller*
Michael T. Zeller
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000 (telephone)
michaelzeller@quinnemanuel.com

Attorneys for Defendants
Multi Media, LLC and Sonesta Technologies, Inc. (f/k/a BangBros.com Inc.)