CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT (admitted *pro hac vice*)
mpequignot@pmiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: (202) 328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive,<br><br>　　　　　Defendant, | Case No.:  2:22-cv-00459-SVW-AGR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 425.16** |

# <u>TABLE OF CONTENTS</u>

**Page No.**

I.    INTRODUCTION    1

II.   ARGUMENT    3

    A.   Defendant Should Not be Conferred with Prevailing Party Status    3

    B.   Injunctive Relief is a Remedy (Not a Claim), Struck without Prejudice    6

    C.   The Court Did Not Strike VUDU Claims as Alleged    7

    D.   California's Legislature Elected to Only Award Fees to Defendants Under the CLRA if Bad Faith is Shown, Which is Not Alleged Here    8

    E.   Defendant's Request for Attorney's Fees Should be Denied or Drastically Reduced Because it is Unreasonably Inflated    10

    F.   Defendant Bears the Burden of Proof to Prove It is Entitled to Fees    10

III.  THE ATTORNEY'S FEE PENALTY CONTAINED IN CALIFORNIA'S ANTI-SLAPP STATUTE IS UNCONSTITUTIONAL, AT LEAST AS APPLIED TO THE FACTS IN THIS CASE    13

    A.   Legal Standard    13

    B.   Background of California's Anti-SLAPP Law    14

i

C.   Awarding Fees to Defendant Would Constitute Unconstitutional Content Based Regulation ............... 14

D.   Awarding Fees to Defendant Has and Will Chill Free Speech in Violation of the Noerr Pennington Doctrine ............... 19

E.   Awarding Attorney Fees to the Defendant Would Violate Equal Protection Clause of the U.S. Constitution as Well as the Provisions of the California Constitution Prohibiting the Special Treatment of Classes of Litigants ............... 21

F.   It is Improper to Subject Conor Woulfe, a Maryland Resident, to California's Anti-SLAPP Attorney's Fee Penalty When Maryland Chose to Exclude Such Penalty from its Anti-SLAPP Statute ............... 23

G.   The Court Should Deny or Stay this Motion Based on the Possibility of an Appeal ............... 24

IV.   CONCLUSION ............... 25

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328 (D.C. Cir. 2015) ..... 5

*Ashcroft v. ACLU*, 542 U.S. 656 (2004) ..... 23

*Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60 (1983) ..... 22

*Brown v. Electronic Arts, Inc.*, 2010 WL 2757774 (C.D.Cal. July 13, 2010) ..... 8

*Brown v. Stackler* 612 F.2d 1057 (7th Cir.1980) ..... 14

*Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272 (1987) ..... 5

*Cincinnati v. Discovery Network, Inc.,* 507 U.S. 410 (1993) ..... 22

*Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985) ..... 28

*CoreCivic Inc. v. Candide Grp. LLC*, 2021 WL 1267259 (N.D. Cal. Apr. 6, 2021) ..... 19

*Dufour v. Allen*, 2015 WL 12819170 (C.D. Cal. Jan. 26, 2015) ..... 32

*Farris v. Cox*, 508 F.Supp. 222 (N.D.Cal.1981) ..... 15

*Flores v. Emerich & Fike*, 2007 WL 963282 (E.D. Cal. Mar. 29, 2007) ..... 33

*Future Ads LLC v. Gillman*, 2013 WL 12306479 (C.D. Cal. Dec. 23, 2013) ..... 7

*Garrett v. Hine*, 2022 WL 2791236 (E.D. Cal. July 15, 2022) ..... 16, 17

iii

*Gritchen v. Collier*, 73 F. Supp.2d 1148 (1999) ............ 21

*Haddad v. Wall*, 107 F. Supp. 2d 1230 (C.D. Cal. 2000) ............ 21

*Harper v. Lugbauer*, 2012 WL 1499174 (N.D. Cal. Apr. 9, 2012) ............ 16

*Harrell v. George*, 2012 WL 5906659 (E.D. Cal. Nov. 26, 2012) ............ 33

*Holland-Hewitt v. Allstate Life Ins. Co.*, 2022 WL 16639114 (E.D. Cal. Nov. 2, 2022) ............ 9

*Home Ins. Co. v. Dick,* 281 U.S. 397 (1930) ............ 32

*Hubbard v. SoBreck, LLC*, 554 F.3d 742 (9th Cir. 2009) ............ 5

*Jones v. ConAgra Foods, Inc.*, 2013 WL 6623740 (N.D. Cal. Dec. 16, 2013) ............ 9

*Jordan v. United States Dept. of Justice*, 89 F.R.D. 537 (D.D.C.1981) revd. 691 F.2d 514 (1982) ............ 15

*La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020) ............ 19

*Lund v. Affleck*, 587 F.2d 75 (1st Cir.1978) ............ 14

*Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir. 2013) ............ 19, 33

*Manistee Town Ctr. V. City of Glendale*, 227 F.3d 1090 (9th Cir. 2000) ............ 27

*Marbury v. Madison*, 5 U.S. 137 (1803) ............ 18

*Martin v. Pierce County*, 34 F.4[th] 1125 (9th Cir. 2022) ............ 5, 6

*Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ............ 30, 31

*Miller v. Los Angeles County Bd. Of Educ.*, 827 F.2d 617 (9th Cir. 1987) — 18

*Mireskandari v. Associated Newspapers, Ltd.,* 665 Fed. Appx. 570 (9th Cir. 2016) — 7

*Mireskandari v. Daily Mail and Gen. Tr. PLC,* 2014 WL 12586434 (C.D. Cal. Nov. 7, 2014) — 7, 9

*NAACP v. Button,* 371 U.S. 415 (1963) — 24, 26

*Nordlinger v. Hahn,* 505 U.S. 1 (1992) — 29, 30

*O'Campo v. Chico Mall, LP,* 758 F. Supp. 2d 976 (E.D. Cal. 2010) — 5

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,* 31 F.4th 651 (9th Cir. 2022) — 31

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) — 32

*Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting,* 2021 WL 4051420 (N.D. Cal. Aug. 27, 2021) — 32

*R.A.V. v. City of St. Paul, Minnesota*, 505 U.S. 377 (1992) — 22, 24

*Reed v. Town of Gilbert*, 576 U.S. 155 (2015) — 24

*Reno v. American Civil Liberties Union*, 521 U.S. 844 (1997) — 18

*Scott v. Kelkris Associates, Inc*., 2012 WL 1131360 (E.D. Cal. Mar. 29, 2012) — 16

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) — 5, 6, 19, 33

*Singh v. Lenovo (United States), Inc.*, 510 F.Supp. 3d 310 (D. Md. 2021) — 9

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S

FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 425.16

*Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020) — 1, 2, 5, 29

*Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co.*, 2008 WL 5381813 (E.D. Cal. Dec. 23, 2008) — 33

*State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003) — 31

*Stutzman v. Armstrong,* 2013 WL 4853333 (E.D. Cal. Sept. 10, 2013) — 7, 8

*Thornbrough v. W. Placer Unified Sch. Dist.*, 2010 WL 3069321 (E.D.Cal. Aug. 3, 2010) — 8

*Turner Broad. Sys. v. FCC*, 512 U.S. 622 (1994) — 25

*United Mine Workers, Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217 (1967) — 24, 29

*United States v. O'Brien*, 391 U.S. 367 (1968) — 25

*United States v. Playboy Entm't Grp.*, 529 U.S. 803 (2000) — 23, 25, 29

*United States v. Treasury Employees*, 513 U.S. 454 (1995) — 18

*Verizon Del., Inc. v. Covad Commc'ns Co.,* 377 F.3d 1081 (9th Cir. 2004) — 7

*Vocca v. Playboy Hotel of Chicago, Inc.*, 519 F.Supp. 900 (N.D.Ill.1981) — 15

*Ward v. Rock Against Racism*, 491 U.S. 781 (1989) — 22

*Watts v. United States*, 394 U.S.705 (1969) — 23, 24

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) — 26, 27

vi

*Williams v. Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008)  6

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, *amended* 273 F.3d 1266 (9th Cir. 2001)  31

**<u>STATE CASES</u>**

*569 E. County Blvd. LLC v. Backcountry Against the Dump, Inc.*, 212 Cal. Rptr. 3d 304 (Cal. App. 4th Dist. 2016)  14

*Bernardo v. Planned Parenthood Fedn. of Am.,* 9 Cal. Rptr. 3d 197 (Cal. App. 4th Dist. 2004)  27, 28

*S.B. Beach Properties v. Berti,* 39 Cal.4th 374 (Cal. 2006)  14

*Board of Supervisors v. Local Agency Formation Com.*, 3 Cal.4th 903 (Cal. 1992)  28

*Christian Research Inst. v. Alnor,* 81 Cal. Rptr. 3d 866 (Cal. App. 4th Dist. 2008)  14, 15, 16, 17

*Davis v. Cox*, 351 P.3d 862 (Wash. 2015)  20

*Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53 (Cal. 2002)  22

*Graham v. Kirkwood Meadows Pub. Util. Dist.*, 21 Cal.App.4th 1631 (1994)  29

*Jackson v. Yarbray*, 101 Cal. Rptr. 3d 303 (Cal. App. 2d Dist. 2009)  14

*Lafayette Morehouse Inc. v. Chronicle Publishing Company*, 39 Cal.App.4th 1379, 46 Cal.Rptr.2d 542 (Cal. App. 1st Dist. 1995)  14

*Mann v. Quality Old Time Service, Inc.,* 42 Cal. Rptr. 3d 607 (Cal. App. 4th Dist. 2006)  4, 5

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 425.16

2:22-cv-00459-SVW-AGR

*McCann v. Foster Wheeler LLC,* 48 Cal.4th 68 (Cal. 2010) ......... 31

*Moran v. Endres,* 37 Cal. Rptr. 3d 786 (Cal. App. 2d Dist. 2006) ......... 7

*Nejad v. Abernathy*, 2021 WL 5049091 (Cal. App. 2d Dist. Nov. 1, 2021), review denied (Feb. 9, 2022) ......... 14

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal. 5th 637, 413 P.3d 650 (2018) ......... 3

*Serrano v. Unruh*, 652 P.2d 985 (Cal. 1982) ......... 14

*Shisler v. Sanfer Sports Cars, Inc*., 167 Cal.App. 4th 1 (2008) ......... 9

*State Dept. of Pub. Health v. Super. Ct*., 342 P.3d 1217 (Cal. 2015) ......... 10, 11

*Tamarack Sci. Co., Inc. v. Ultratech, Inc*., 2008 WL 2721281 (Cal. App. 4th Dist. July 11, 2008) ......... 4

*Walker v. Kiousis*, 93 Cal.App.4th 1432 (Cal. Ct. App. 2001) ......... 21, 22, 23, 24

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 425.16

2:22-cv-00459-SVW-AGR

## FEDERAL STATUTES

None

## CALIFORNIA STATUTES

| | |
|---|---|
| California Constitution, Article I, Section 3 | 26 |
| Cal. Civ. Proc. Code §425.16 | 2, 4, 7, 19, 20, 21, 27, 28 |
| Cal. Civ. Proc. Code §425.16(a) | 10, 16 |
| Cal. Civ. Proc. Code §425.16(c) | 32 |
| Cal. Civ. Proc. Code §425.16(c)(1) | 10 |
| Cal. Civ. Proc. Code §425.17 | 25 |
| Cal. Civ. Proc. Code §425.17(a) | 20 |
| Cal. Civ. Proc. Code §425.17(c)(2) | 25 |
| Cal. Civ. Proc. Code §425.17(d)(2) | 20, 25 |
| Cal. Civ. Proc. Code §1780(e) | 10 |

## OTHER STATE STATUTES

| | |
|---|---|
| Md. Code Ann., Cts. & Jud. Proc. § 5-807 | 30 |

## FEDERAL RULES

| | |
|---|---|
| Fed. R. Civ. P. 8 | 1, 6, 7 |
| Fed R. Civ. P. 8(d) | 7 |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S

FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 425.16

Fed. R. Civ. P. 8(d)(2)                                          1, 5, 6

Fed. R. Civ. P. 8(e)                                            6

Fed. R. Civ. P. 12(b)                                          2

Fed. R. Civ. P. 12(b)(6)                                       27, 28

Fed. R. Civ. P. 15(a)                                          8

**LOCAL RULES**

Local Rule 7-3                                                 12, 13

**LEGISLATIVE MATERIALS**

http://www.leginfo.ca.gov/pub/11-12/bill/asm/ab_1101-         9, 11
1150/ab_1108_cfa_20110404_122337_asm_comm.html

## I.      INTRODUCTION

On June 6, 2022, Plaintiffs Conor Woulfe and Peter Michael Rosza filed their Second Amended Complaint ("SAC") for false advertising of the movie *Yesterday*. Dkt. 36. Faced with a split in the circuit pertaining to whether movies are goods (or services) under the Consumer Legal Remedies Act ("CLRA"), Plaintiffs pled their claims - *in the alternative* - in conformance with Fed. R. Civ. P. 8. (SAC at ¶¶ 127, 143, 151, 157, 171, 192 and 198).

Apart from Federal Rule 8 expressly allowing this pleading strategy, the Ninth Circuit's *Sonner* decision required it by mandating that Plaintiffs establish that there was no adequate legal remedy under the CLRA before seeking restitution under California's Unfair Competition Law ("UCL") or False Advertising Law ("FAL"). Order at PID 1631 ("The Ninth Circuit [held] that the plaintiff 'must establish that she lacks an adequate remedy at law before seeming equitable restitution for past harm under the UCL and CLRA.'"). *See* Fed. R. Civ. P. 8(d)(2) ("*Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. ***If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient***.") (emphasis added). In other words, because of the circuit split, had Plaintiffs pleaded CLRA claims only, they would have been at a 50/50 risk of an anti-SLAPP attorney fee award if their entire complaint was struck if Defendant's movies were found not to be goods (or services). Conversely, if Plaintiffs pleaded restitution claims only, Plaintiffs would have been at equal risk under California's anti-SLAPP statute for failing to first demonstrate that damages remedies were not available under the CLRA. Simply put, it was impossible to know – because of the circuit split – whether this Court would construe movies as goods (or services), which therefore required alternative pleadings, otherwise Plaintiffs risked being punished with anti-SLAPP penalties for wrongly guessing how the split would be resolved.

In response, Defendant moved to dismiss or strike Plaintiffs' SAC with a combined motion to dismiss and to strike made under Rule 12(b) and Cal. Civ Proc. Code 425.16.

Dkt. 44. Specifically, Defendant asked this Court to dismiss *all* of Plaintiffs' claims, arguing that Plaintiffs' strategy of pleading in the alternative was forbidden by *Sonner*. Defendant also alleged that its false advertising was fully protected by the First Amendment and that, in any event, no reasonable consumer would be deceived by its misleading advertising trailers. Dkt. 44, PIDs 620-23, 625-27 and 643-46.

This Court summarily rejected the lion's share of Defendant's arguments, holding that the trailer is not constitutionally shielded because it "constitutes commercial speech" and Plaintiffs have plausibly alleged "the trailer is false" and "a significant portion of the general consuming public or of targeted consumers … could be misled." Dkt. 83, PIDs 1627, 1645, 1648. In fact, Defendant's principal success was based on the Court's determination that movies were not goods (or services). Dkt. 83, PIDs 1639-40. But that issue itself was necessarily conceded by Plaintiffs' own pleadings which made clear that the CLRA (and similar claims) would only apply if the Court determined a particular movie format was a tangible chattel (or service). Conversely, if the Court determined that the movie formats were not goods, the UCL (or FAL) would apply. *See, e.g.*, SAC at ¶157; 198 ("There is no adequate remedy at law for any unlawful, unfair, or fraudulent advertising, for any *Yesterday* movie sale, movie display, rental, or viewership right sold which the Court determines is not a good or service for which remedies are available under California Consumers Legal Remedies Act. For these acts for which there is no adequate remedy at law, Plaintiff Rosza brings this claim individually and/or on behalf of the California Class. Accordingly, this claim is pleaded in the alternative to the other claims set forth herein.").

Instructively, had Defendant not sought to dismiss the CLRA (or other legal remedy) claims at this stage, Plaintiffs would have been required to demonstrate their entitlement to only damages or restitution *anyway*, effectively nullifying any claim of 'victory' that Defendant now asserts here. Although Defendant also boasts to have prevailed by striking injunctive relief, an injunction is a remedy and not a claim and injunctive relief was not stricken. Instead, the Court indicated the facts as alleged did not confer standing to

Plaintiffs and dismissed the request for injunctive relief *without* prejudice. (Motion at 7). *See* SAC, Dkt. 36 at ¶¶ 141, 148; Dkt. 83 at 32. Likewise, its claim that the VUDU related claims were stricken is plainly wrong (see discussion in Section II(C) *infra*; Motion at 7. For all of the above reasons, Defendant's motion for *any* fees based upon an allegation of prevailing is surprising, but its request for $200,000 premised on this Court's resolution of the circuit split that Plaintiffs' own pleadings acknowledged shocks the conscience.

If Defendant's motion for fees is not denied for achieving no substantial benefit, it should be denied because awarding fees – in the specific facts of this case - would violate numerous California and United States' constitutional principles. *See* Section III *infra*. Awarding fees against Plaintiff Woulfe, a Maryland citizen, would likewise violate Federalism and full faith and credit principles given that Maryland omitted financial penalties in its own anti-SLAPP statute. Attorney's fees should also be denied because the CLRA only allows defendants to obtain attorney fee awards in instances of 'bad faith,' a burden which Defendant cannot meet and did not assert here. Alternatively, any fees awarded to Defendant should be drastically reduced as also explained below, because this Court has already held that Plaintiffs' claims are not meritless (Dkt. 83 at PID1648). *See e.g.*, *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal. 5th 637, 642 (2018) (the purpose of 425.16 is to eliminate "meritless claims" at an early stage).

## II.   ARGUMENT
### A.   Defendant Should Not be Conferred with Prevailing Party Status

Contrary to Defendant's allegations in its motion, an attorney fee award in this case is not mandatory. Defendant did not succeed in demonstrating that Plaintiffs' false advertising claims are meritless. Indeed, they survived Defendant's combined motion to dismiss and strike, and this case is proceeding to class certification. Order at PID1648. Accordingly, a different test applies. *Tamarack Sci. Co., Inc. v. Ultratech, Inc.*, E042626, 2008 WL 2721281, at *13 (Cal. App. 4th Dist. July 11, 2008) ("When a defendant is only partially successful in bringing a special motion to strike, a different rule obtains.") (citing *Mann v. Quality Old Time Service, Inc.*, 42 Cal. Rptr. 3d 607, 618 (Cal. App. 4th Dist.

2006)); *Moran v. Endres,* 37 Cal. Rptr. 3d 786, 789 (Cal. App. 2d Dist. 2006), as modified (Jan. 27, 2006) ("[W]hen a defendant cannot in any realistic sense be said to have been successful [on an anti-SLAPP motion], fees need not be awarded."). Instead, determining whether to award fees to "a partially prevailing defendant 'involves competing public policies: (1) the public policy to discourage meritless SLAPP claims by compelling a SLAPP plaintiff to bear a defendant's litigation costs incurred to eliminate the claim from the lawsuit; and (2) the public policy to provide a plaintiff who has facially valid claims to exercise his or her constitutional petition rights by filing a complaint and litigating those claims in court." *Id.*

The relevant factors to consider include the "extent to which the defendant's litigation posture was advanced by the motion, whether the same factual allegations remain to be litigated, whether discovery and motion practice have been narrowed, and the extent to which future litigation expenses and strategy were impacted by the motion." *Mann*, 42 Cal. Rptr. 3d at 618–19. An analysis of all of these factors warrants that Defendant's motion should be denied.

The dismissal of either Plaintiffs' restitution *or* damages claims was preordained. Under *Sonner*, it is not possible to obtain restitution if legal remedies are available, and if legal remedies are available, restitution claims cannot proceed. *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020). Because of this rule, interpreted in the context of the circuit split pertaining to whether movies are construed as tangible chattels (or services), Plaintiffs pleaded their damages and restitution claims in the alternative, knowing that only one or the other could survive. However, the dismissal of such alternatively pleaded claims is not a victory as Defendant claims. It is the result of the use of pleading strategy which Federal Rule 8 expressly explains is sufficient if any one of the pleaded claims is sufficient. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. ***If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient***.") (emphasis added). Accordingly, conferring prevailing party status on

Defendant merely because Plaintiffs' alternatively pleaded CLRA (and warranty) claims were dismissed would place the anti-SLAPP statute in direct, impermissible conflict with Fed. R. Civ. P. 8, in violation of Supreme Court and Ninth Circuit precedent. *See O'Campo v. Chico Mall, LP,* 758 F. Supp. 2d 976, 984-85 (E.D. Cal. 2010), *citing Hubbard v. SoBreck, LLC*, 554 F.3d 742 (9th Cir. 2009); *Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 280-81 (1987) ("The Ninth Circuit has held that, '[F]or federal law to preempt state law, it is not necessary that a federal statute expressly state that it preempts state law.'"); *Martin v. Pierce County*, 34 F.4th 1125, 1130 (9th Cir. 2022) (where conflict exists between state law and federal rule, state law yields to federal law).

It is well-established that when state law conflicts with federal law, a federal court should not apply the state law or rule if "a Federal Rule of Civil Procedure 'answer[s] the same question'" as the state law or rule. *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1335 (D.C. Cir. 2015) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010)). If the result is in the affirmative, then the Federal Rule governs. *Id*. The question is "not whether the federal and state rules share a purpose but whether the Federal Rules 'answer[] the question in dispute.'" *Martin*, 34 F.4th at 1130 (quoting *Shady Grove*, 559 U.S. 398) ("[b]ecause Rule 8 answers the question in dispute, it displaces [the state rule] in federal court"). In the facts of this case, the question proposed by the conflict is whether dismissing claims which were pleaded in the alternative confers prevailing party status on Defendant. Rule 8 answers this question in the negative by expressly stating that, "[a] pleading is sufficient if any one of them is sufficient." *See* Fed. R. Civ. P. 8(d)(2). Defendant's contrary assertions would nullify Rule 8's use of the term "sufficient" and would otherwise violate Rule 8(e)'s mandate that "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(e).

Warranting the same result, Defendant's litigation posture was also not advanced by the motion. The gravamen of Plaintiffs' SAC was that Defendant misled consumers about the content of the movie *Yesterday*, and all of the facts related to such allegations remain in this litigation for purposes of discovery, class certification, and determination of liability

on the merits.  Likewise, the facts will be applied to very similar law. *See* Order, Dkt. 83 at 10 ("the UCL, FAL and CLRA are consistently analyzed together."). This factor weighs heavily in favor of Plaintiffs. Demonstrating that discovery has not been narrowed, none of Defendant's discovery answers contain objections pertaining to the dismissal of the CLRA (and related) claims, and none of Plaintiffs' discovery requests were directed only to those specific claims. Dkt. Nos. 98-2, 98-3. Similarly, the same depositions of Defendant's representatives (or any third parties) will be taken, because the same false advertising case remains. *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Instructively, Defendant has thus far refused to identify even a single witness, accordingly it is too late for it to argue that its witness lists will change. Dkt. No. 98-1.

### B. Injunctive Relief is a Remedy (Not a Claim), Struck without Prejudice

Little weight should be given to Defendant's argument that dismissal of injunctive relief warrants fees. First, injunctive relief is not a true cause of action but is merely a remedy, available even under the UCL and FAL claims which remain in this case. *See Moran,* 37 Cal. Rptr. 3d at 788 (giving little weight to the Court striking plaintiff's conspiracy claim because it "is not a cause of action."). Further, unlike in *Mireskandari* (relied on by Defendant's motion), Plaintiffs' request for injunctive relief was dismissed without prejudice. See Order, at 32. *Compare* to *Mireskandari v. Daily Mail and Gen. Tr. PLC,* CV1202943MMMFFMX, 2014 WL 12586434, at *11 (C.D. Cal. Nov. 7, 2014) *aff'd sub nom. Mireskandari v. Associated Newspapers, Ltd.,* 665 Fed. Appx. 570 (9th Cir. 2016) (unpublished). Indeed, Plaintiffs intend to move the Court for leave to amend the SAC to cure the alleged deficiency regarding their injunctive relief remedy. LeJeune Decl., ¶2. This right, conferred by Federal Rule 15(a) is a reason that a dismissal without prejudice is not considered a final decision which is ripe for appeal. Fed. R. Civ. P. 15(a); *See Future Ads LLC v. Gillman*, SACV13905DOCJPRX, 2013 WL 12306479, at *3 (C.D. Cal. Dec. 23, 2013) ("[I]f the court grants an anti-SLAPP motion to strike based on a defect in the complaint, the plaintiff should be permitted leave to amend his complaint."); *Greensprings Baptist Christian Fellowship Trust v. Cilley* (9th Cir. 2010) 629 F.3d 1064, 1068-1069.

Accordingly, dismissal of injunctive relief without prejudice does not, by itself, confer prevailing party status and should not even factor into overarching evaluation. *See Stutzman,* 2013 WL 4853333, at *21–22 ("when a plaintiff is granted leave to amend the complaint, a defendant whose anti-SLAPP motion is granted is not a "prevailing party" for purposes of the anti-SLAPP statutory framework"); *see also, Thornbrough v. W. Placer Unified Sch. Dist.*, 2:09–CV–02613–GEB, 2010 WL 3069321 (E.D.Cal. Aug. 3, 2010) (*citing Brown v. Electronic Arts, Inc.*, 2010 WL 2757774, at *6–8 (C.D.Cal. July 13, 2010) (defendant not a prevailing party where anti-SLAPP motion was granted but plaintiff provided leave to amend complaint). As in *Stutzman,* the Court should deny Defendant's request for attorneys' fees.

Further warranting denial, it would be improper to consider the dismissal of Plaintiffs' injunctive relief claims as a 'victory,' given that the trailer featuring Ana de Armas on Amazon Prime Video has already been replaced, and Plaintiffs were seeking this remedy with an injunction. LeJeune Decl., Ex. C at No. 15 ("Defendant admits that…it appears that at some point after this lawsuit was filed, Amazon…included on its website a trailer for…*Yesterday* that is not the same trailer that Plaintiffs claim to have viewed."); SAC, Dkt. 36, at ¶¶141, 148. Defendant cannot claim that it is no longer burdened with the prospect of a Court order requiring it to remove the misleading trailer, when it has already been removed.   Such a claim is also in conflict with catalyst theory case law which interprets Defendant's 'voluntary' removal of the false advertising as a success, warranting an attorney fee award to counsel for Plaintiffs. *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 564 (Cal. 2004) ("DaimlerChrysler should pay plaintiffs attorneys fees in the interest of justice.").

### C. The Court Did Not Strike VUDU Claims as Alleged

Defendant also incorrectly claims that the Court struck Plaintiffs' VUDU-based allegations. Motion, at 5. But Defendant misinterprets a footnote in the Court's Order. The Court did not strike Plaintiffs' VUDU allegations, nor did it hold that Plaintiffs do not have Article III standing to represent individuals that were misled by the VUDU advertisement

7

and/or watched *Yesterday* on VUDU. The Court simply noted that, in analyzing whether Defendant's advertisement of de Armas was a misrepresentation, it would not consider the VUDU keyword linking or cast listing and photograph. *See* Order, at n.7. Indeed, the issue of whether Plaintiffs can represent a class that includes consumers that relied on the VUDU advertisement or watched *Yesterday* on VUDU is an issue of typicality and/or adequacy that will be analyzed at the class certification stage. *See Holland-Hewitt v. Allstate Life Ins. Co.* 120CV00652ADASAB, 2022 WL 16639114, at *30 (E.D. Cal. Nov. 2, 2022) (whether Plaintiff may represent others who have similar, but not identical, interests is a class certification issue); *see also, Singh v. Lenovo (United States) Inc.*, 510 F. Supp. 3d 310, 320 (D. Md. 2021) (finding standing, explaining that defendant's motion raised a class certification issue).

### D.  California's Legislature Elected to Only Award Fees to Defendants Under the CLRA if Bad Faith is Shown, Which is Not Alleged Here

Balancing the desire to encourage use of the CLRA by plaintiffs to curtail false advertising within the state, against the need to prevent objectively meritless litigation, the California legislature specifically chose to only award attorney fees to CLRA defendants if 'bad faith' is shown. *See,* e.g., http://www.leginfo.ca.gov/pub/11-12/bill/asm/ab_1101-1150/ab_1108_cfa_20110404_122337_asm_comm.html (last accessed February 13, 2023) (acknowledging plaintiffs' fee provision as tailored to encourage use of the CLRA, but declining to delete the 'bad faith' requirement for defendants to seek fees). *Jones v. ConAgra Foods, Inc.*, C 12-01633 CRB, 2013 WL 6623740, at *4 (N.D. Cal. Dec. 16, 2013) ("[T]he CLRA fee-shifting 'statutory provision requires the trial court to find that the plaintiff proceeded in subjective bad faith before it may award fees to a prevailing defendant.'"), *citing Shisler v. Sanfer Sports Cars, Inc.*, 167 Cal.App. 4th 1, 9 (2008); Cal. Civ. Code §1780(e). Defendant's motion seeks to disrupt this balancing of the legislature, by asking the Court to ignore the CLRA's express statutory wording, even though it was CLRA claims that were dismissed from this case. Motion at 5 (seeking fees for merely allegedly prevailing in striking CLRA claims). Specifically, Defendant claims that attorney

fees are 'mandatory' and it has made no attempt to establish bad faith. *See* Motion generally (citing Cal. Civ. Proc. Code §425.16(C)(1), which does not require bad faith).

However, the anti-SLAPP statute is a law of general applicability, applying broadly to a nearly unlimited category of conduct construed as within the "public interest". Cal. Civ. Proc. Code §425.16(a) ("shall be construed broadly"). Consequently, because the CLRA is a specific statute, tailored to address only *false* and misleading advertising, and because it was also the precise basis for the lion's share of dismissed claims, the conflict which Defendant's motion raises by its motion must be resolved in favor of the application of the more specific CLRA provision, to comply with conflict of law principles.[1] *See State Dept. of Pub. Health v. Super Ct.,* 342 P. 3d 1217, 1225-26 (Cal. 2015) ("But when these two rules are in conflict, the rule that specific provisions take precedence over more general ones trumps the rule that later enacted statutes have precedence.").

Applying the harmonization rule, the conflicting provisions cannot be reconciled here, because the provisions of both laws apply to the 'when' of when fees are awarded, the burdens themselves cannot be reconciled (i.e., mandatory vis-à-vis 'bad faith'), and it is not permitted to substantively re-write the statutes to arrive at such harmony. *See State Dept. of Pub. Health v. Super. Ct.*, 342 P.3d 1217, 1225–26 (Cal. 2015) ("[t]his canon of construction, like all such canons, does not authorize courts to rewrite statutes."). Doing so would 'write' the words "bad faith" out of the CLRA entirely, against the choice of the California legislature. *Id.* Indeed, California considered whether to eliminate the "bad faith" requirement for a defendant's attorney fees but declined to do so, evincing the clear intent of the legislature for it to continue to apply. *See http://www.leginfo.ca.gov/pub/11-12/bill/asm/ab_1101-1150/ab_1108_cfa_20110404_122337_asm_comm.html*

Awarding fees for the dismissal of defendant's CLRA claims would go against the legislative choices made by the state of California, in violation of conflict of law rules. It

---

[1] *Compare* to 425.16, addressing *all* advertising and not merely *false* advertising. But see Plaintiffs' Motion at 11, seeking to construe Section 425.16 as only applying to false advertising to avoid constitutional conflict.

would also discourage, rather than encourage, prospective plaintiffs from enforcing consumer protection laws in the future, undermining the precise purpose for which the CLRA exists. *Id.* ("The legislative history of the current prevailing plaintiff attorney's fee rule indicates that the rule has been felt on a bipartisan basis to further the purpose of the Act to provide an inducement for consumers to enforce their rights."). For all of the foregoing reasons, Defendant's motion - to the extent it relies on CLRA claims being struck - should be denied. Moreover, if any fee award is ordered in this case for other reasons, any of Defendant's billing entries for CLRA related claims should be omitted from consideration and the fee award reduced accordingly. *See*, also Section II(F), *infra*.

**E. Defendant's Request for Attorneys' Fees Should be Denied or Drastically Reduced Because It is Unreasonably Inflated**

Seeking to justify an attorney fee award for rates of up to an astonishing $1158 per hour, Defendant's motion tries to paint Plaintiffs as the parties that introduced undue complexity and expense to this litigation, focusing largely on various amendments to the complaint and the number of claims presented therein. *See* Motion at 11. The actual facts tell a different story and are largely summarized in Plaintiffs' opposition to Defendant's motion to strike the SAC. *See* Dkt. No. 38 (explaining *inter alia* original complaint filed but not served; SAC filed after a LR 7-3 conference and Defendant's refusal to consent; Defendant's motion raising issues not identified in LR 7-3 conference). *See* Dkt. 17, 21; *see*, also, Dkt. No 28; Klaus Declaration, Dkt. 21-1, at ¶3 (reflecting Plaintiffs' amicable agreement to extend deadlines); *also, compare,* L.R. 7-3 Email exchange (Dkt. 28-2) with Dkt. 31; and *see* LeJeune Decl., Ex. A. Further, Defendant reluctantly admits that its first motion was nearly identical to the second motion. Motion at 12; Compare Dkt. No. 31 to Dkt. No. 44.

Although seeking its fees now, after losing its motions to dismiss and strike, Defendant effectively turned down an offer to avoid these fees entirely before it even filed its joint motion. Pequignot Decl. ¶¶ 2-4. Forced to dig in and maintain Plaintiffs' claims,

this litigation marched on, and Defendant's efforts to dismiss Plaintiffs' false advertising claims ultimately failed.

### F. Defendant Bears the Burden of Proof to Prove It is Entitled to Fees

"As the moving party, [the party] seeking fees and costs bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Christian Research Inst. v. Alnor,* 81 Cal. Rptr. 3d 866, 870 (Cal. App. 4th Dist. 2008). A prevailing party can only "recover attorney fees and costs incurred in moving to strike the claims on which they prevailed, but not fees and costs incurred in moving to strike the remaining claims." *Jackson v. Yarbray*, 101 Cal. Rptr. 3d 303, 309 (Cal. App. 2d Dist. 2009). Also, "a fee award under the anti-SLAPP statute may not include matters unrelated to the anti-SLAPP motion, such as ... 'attending the trial court's mandatory case management conference[,]' because such fees 'would have been incurred whether or not [the defendant] filed the motion to strike.'" *Nejad v. Abernathy*, B304481, 2021 WL 5049091, at *13 (Cal. App. 2d Dist. Nov. 1, 2021), review denied (Feb. 9, 2022), citing *569 E. County Blvd. LLC v. Backcountry Against the Dump, Inc*., 212 Cal. Rptr. 3d 304, 310 (Cal. App. 4th Dist. 2016), as modified on denial of reh'g (Dec. 29, 2016); *see also, Christian Research Inst. v. Alnor*, 81 Cal. Rptr. 3d 866, 874 (Cal. App. 4th Dist. 2008), citing Berti, 39 Cal.4th at p. 381, 46 Cal.Rptr.3d 380, 138 P.3d 713; *Lafayette Morehouse*, 39 Cal.App.4th at p. 1383, 46 Cal.Rptr.2d 542 ("It is well-established, however, that the anti-SLAPP statute's fee provision 'applies only to the motion to strike, and not to the entire action.'").

Further, "[i]nflated fee requests constitute a special circumstance…permitting the trial court to reduce the award or deny one altogether." *Id.* at 871. Indeed, "[i]f ... the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked in the first place. To discourage such greed, a severer reaction is needful...." *Christian Research Inst. v. Alnor*, 81 Cal. Rptr. 3d 866, 871–72 (Cal. App.

4th Dist. 2008), *citing Serrano v. Unruh*, 652 P.2d 985, 988 (Cal. 1982), quoting *Brown v. Stackler* (7th Cir.1980) 612 F.2d 1057, 1059.)

Defendant's request for fees represents a textbook case of an inflated fee request. First, Defendant inherently inflated its fees by filing a *combined* Motion to Strike/Motion to Dismiss. *See* Dkt. 44. Second, approximately $215,596.70 of Defendant's entries include tasks that do not mention the motion to strike or anti-SLAPP statute. See LeJeune Decl., Ex. B, generally (Defendant's counsel's invoice with highlighted time entries that do not mention the motion to strike or anti-SLAPP statute). In *Christian Research*, the Court found the requesting party's fee request to be unreasonably inflated where "more than one-third of the billing entries submitted for counsel's trial-level work made no reference at all to the motion to strike or otherwise designated the hours expended as anti-SLAPP work." *See also*, *Christian Research,* 81 Cal. Rptr. 3d at 872 ("counsel inflated the fee claim with a multitude of time entries devoted to matters other than the motion to strike, thereby undermining the credibility of counsel's other entries.")

Defendant billed over $53,000 to prepare an "outline" for the motion and $11,000 to prepare a stipulation regarding an extension to respond to the complaint. See LeJeune Decl., Ex. B, generally.[2] Further, several of Defendant's entries were "vaguely documented," "a risky choice since the burden of proving entitlement to fees rests on the moving party." *Christian Research,* 81 Cal. Rptr. 3d at 874. See, e.g., See LeJeune Decl., Ex. B, generally (E.g., "Review legal research for motion." by Counsel Klaus on 3/11/22.).

Indeed, the sheer number of hours requested by Defendant is unusual by itself. Defendant claims to have spent a total of 521.1 hours on tasks that it feels it should be compensated. *See* Motion at 9-10. Even reduced by half, this is unreasonable for case that is proceeding to class certification, where Defendant's principal purported victory was dismissing claims pled in the alternative. *See Garrett v. Hine*, 1:21-CV-0845-DAD-BAK, 2022 WL 2791236, at *5 (E.D. Cal. July 15, 2022) ("the court finds that the nearly 150

---

[2] Defendant's request for an extension to respond was also contrary to the purpose of the anti-SLAPP statute, which is to minimize the fees and burden to a Defendant.

total hours billed by defendants with regard to their anti-SLAPP motion appears to be a somewhat bloated number of attorney hours devoted to that task."); *see also, Scott v. Kelkris Associates, Inc.*, No. 2:10-cv-1654-WBS-DAD, 2012 WL 1131360, at *6 (E.D. Cal. Mar. 29, 2012) (finding 34.6 hours to be a reasonable amount of time expended on an anti-SLAPP motion); *Harper v. Lugbauer*, No. 11-cv-01306-JW, 2012 WL 1499174, at *3 (N.D. Cal. Apr. 9, 2012) (finding 26 hours to be a reasonable amount of time expended on an anti-SLAPP motion).

Though courts consider a number of the *Kerr* factors to determine reasonableness of attorneys' fees, most courts "focus solely on the 'results obtained' factor." *Garrett,* 2022 WL 2791236, at *6. Here, Defendant sought to dismiss the case. It failed. Moreover, for any CLRA claims, the CLRA statute itself requires 'bad faith' before awarding fees (something not asserted in Defendant's motion). Additionally, the Court must balance the equities and consider that Plaintiffs are individuals seeking 3.99 each for themselves, while Universal is one of the largest movie studios and companies in the world. The Court's reasoning in *Garrett*, a recent case from a local district court, is instructive here. *Garrett,* 2022 WL 2791236, at *6 ("The Court also recognizes that the plaintiffs in this case are individuals and a court "should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant ... when the fee request against an individual plaintiff is as sizable as the one involved here.") (citing *Miller*, 827 F.2d at 621). "While an award of attorney's fees for a frivolous lawsuit may be necessary" to fulfill the deterrent purposes of California's anti-SLAPP statute, "the award should not subject the plaintiff to financial ruin." *Id*.

As a result of Defendant's unreasonably inflated billing, the Court should deny its request altogether. Alternatively, at the very least, the Court should drastically reduce the award to an amount that does not result in a windfall for Universal Studios.

**III.   THE ATTORNEYS' FEE PENALTY CONTAINED IN CALIFORNIA'S ANTI-SLAPP STATUTE IS UNCONSTITUTIONAL, AT LEAST AS APPLIED TO THE FACTS IN THIS CASE**

### A. Legal Standard

"A law repugnant to the Constitution is void." *Marbury v. Madison*, 5 U.S. 137, 180 (1803). A party seeking to challenge a statute as unconstitutional can advance a "facial challenge" or an "as-applied" challenge. Facial challenges seek to have a statute declared unconstitutional "on its face." *See Reno v. American Civil Liberties Union*, 521 U.S. 844, 883 (1997) (finding challenged provisions were both vague and "substantially overbroad.") As-applied challenges are more favored and allege that a statute or regulation is unconstitutional in a specific context. A plaintiff in an as-applied challenge is not arguing that the entire statute is unconstitutional, but instead that it is being applied in an unconstitutional manner. *See United States v. Treasury Employees*, 513 U.S. 454, 477-78 (1995).

### B. Background of California's Anti-SLAPP Law

California's anti-SLAPP law was enacted with good intentions – to prevent well-funded corporate-type entities from chilling the free speech rights of individuals, by using the legal system to inflict financial harm. Cal. Civ. Proc. Code §425.16(a) ("The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process."). Since its enactment, however, the statute itself was widely abused – as Defendant is abusing it now – by wealthy corporate defendants wielding the financial threat of automatic attorney fee awards against plaintiffs unable to bear the costs. Consequently, and expressly citing these abuses as the reason, California's legislature admitted its mistakes and narrowed the applicability of the statute. Cal. Civ. Proc. Code §425.17(a) ("The Legislature finds and declares that there has been a disturbing abuse of…the California Anti-SLAPP Law, which has undermined the exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16.").

The legislature nevertheless added in 'special exceptions' to the statute's narrowing for movie studios like Defendant Universal. Cal. Civ. Proc. Code § 425.17(d)(2). But it is because of these unjustified special privileges which also constitute impermissible content

based regulation, and for other reasons explained below, that the fee penalty provision of California's anti-SLAPP law should be found unconstitutional.

### C. Awarding Fees to Defendant Would Constitute Unconstitutional Content Based Regulation of Speech

California's anti-SLAPP exception to the exception, expressed in California Code, Code of Civil Procedure § 425.17(d)(2) - providing special privileges to movie studios - is a content-based regulation of speech. Illustrating the point, hypothetical plaintiffs bringing an ultimately meritless false advertising claim against a computer company, for misrepresenting the character of a computer product in a television commercial, would not be subjected to the abusive and free-speech chilling effects of California's anti-SLAPP statute.[3] *See* Cal. Civ. Proc. Code §425.17(a) ("The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law[.]"); *see*, also, § 425.17(d)(2) (not exempting computer companies). Conversely, the plaintiffs in this case, seeking $3.99 each for themselves individually, in a case already judged to have merit, have been threatened with monetary sanctions for the work of attorneys that charge well over one-thousand dollar per hour.

Under the facts of this case, it serves no purpose to say that California's anti-SLAPP law only punishes frivolous litigation, because this Court has already decided that Plaintiffs' have pleaded plausible, meritorious claims. Order at 9-23. Instead, if Defendant's interpretation of the anti-SLAPP statute is accepted, Plaintiffs will be penalized for pleading in the alternative as ordinarily permitted by Federal Rule 8 (*see* Section II.A. supra), in a case where the Court has already decided that Defendant's own false commercial speech is not constitutionally protected. Order at 28-32. In short, at least in the specific facts of this case, California's anti-SLAPP law targets and restricts free speech – Plaintiffs' right to petition the courts – so long as 'spoken' against movie (and similar) companies, while leaving all other forms of similar speech free from the anti-SLAPP provisions which California's legislature has already conceded have been widely

---

[3] This would be the case so long as the case was not "objectively baseless" or brought in "bad faith."

15

abused. This, definitionally, is content based regulation, and is unconstitutional content-based regulation in this case. *See Walker v. Kiousis*, 93 Cal.App.4th 1432, 1448 (Cal. Ct. App. 2001) ("As the federal district courts in *Gritchen* and *Haddad* noted, section 47.5 restricts defamatory speech against one group of public officials, peace officers, while leaving intact the privilege under section 47 for defamatory speech against all other public officials. (*Gritchen*, *supra*, 73 F. Supp.2d 1148, 1152; *Haddad*, *supra*, 107 F. Supp.2d 1230, 1234.) Whether the speech is actionable depends solely on its content."). *Id.* at 1447 ("Thus, 'the government may proscribe libel; but it may not make the further content discrimination of proscribing *only* libel critical of the government.'")*; and see*, also, *Haddad v. Wall*, 107 F. Supp. 2d 1230, 1234 (C.D. Cal. 2000) ("However, by providing a privilege for statements made against public officials generally and then creating an exception to such privilege for complaints filed against peace officers, California treats defamatory statements made against peace officers differently than all other public officials.").

Demonstrating that Plaintiffs' speech has already been chilled, Plaintiffs offered to dismiss the claims against Universal - before this case had barely begun - for fear of the attorney fees sanctions. Pequignot Decl. ¶¶ 2-3. Likewise, Universal has sought to extort a dismissal *with prejudice* of Plaintiffs' meritorious claims, in exchange for an agreement not to pursue the hundreds of thousands of dollars it now seeks with this motion. *Id*. And, of course, if fees are awarded against the Plaintiffs here – *despite having prevailed* with meritorious claims – it is unlikely that any plaintiff will sue a movie company in California ever again, particularly in light of the existing circuit split, making it unpredictable, and effectively luck of the draw, whether a movie will be treated as a good (or a service). *See* II(A), *supra*. Indeed, Plaintiffs' counsel is aware of other individual plaintiffs (not yet identified in this case), which were deceived in other states, that will likely never seek to assert their own rights for these very reasons.

According to California and Supreme Court law, content-based regulations are presumptively invalid and subject to a strict scrutiny standard of judicial review. *Walker*

*at* 1447 (citing *R.A.V. v. City of St. Paul, Minnesota* (1992) 505 U.S. 377, 382 [ 112 S.Ct. 2538, 2542, 120 L.Ed.2d 305] ( *R.A.V.*).)"); Reed v. Town of Gilbert, 576 U.S. 155, 163 (2015) ("Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests.").[4] *Id.* at 165 (2015) ("A law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech.") (citing *Cincinnati v. Discovery Network, Inc.,* 507 U.S. 410, 429, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993)). This is a difficult test to satisfy. *See Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 65 (1983) (With respect to noncommercial speech, this Court has sustained content-based restrictions only in the most extraordinary circumstances.).

Under strict scrutiny, the government must show that its law serves a compelling governmental interest *and* is narrowly tailored to advance that interest. *See United States v. Playboy Entm't Grp.*, 529 U.S. 803, 813 (2000) ("If a statute regulates speech based on its content, it must be narrowly tailored to promote a compelling Government interest."). Narrow tailoring in this context typically means that "[i]f a less restrictive alternative would serve the [g]overnment's purpose, the legislature must use that alternative." *Id.* Moreover, the government bears the burden of proving that any proposed alternatives are less effective than the challenged law. *Ashcroft v. ACLU*, 542 U.S. 656, 665 (2004)

Evaluating these exceptions, the California Court of Appeals in *Walker* analyzed the Supreme Court's decision in *Watts v. United States* in which the constitutionality of "Title 18 United States Code section 871, which makes it a crime to threaten to kill or inflict bodily harm on the President of the United States", was upheld. *Walker at* 1452 (Cal. Ct. App. 2001). In *Watts*, the Supreme Court found that even though Section 1871 presented constitutional issues for reason that it provided special treatment to the President,

---

[4] *Id*. at 164 (explaining that facially content neutral laws can also be categorized as content-based regulations).

"[t]he Nation undoubtedly has a valid, even an overwhelming, interest in protecting the safety of its Chief Executive and in allowing him to perform his duties without interference from threats of physical violence." *Id.* (citing *Watts*, *supra*, 394 U.S. at p. 707.). But, declining to attribute the same importance to police officers as the President of the United States, over and above the importance of politicians and physicians and the like, the *Walker* court declined to save the constitutionality of the statute based on any analogous compelling interest. *Walker* at 1452 ("[I] n view of the fact no other state in the union affords special treatment for defamation of police officers, it is doubtful such a compelling interest exists."). *Id.* at 1453 ("Consequently, section 47.5 cannot be supported under the exception recognized in *R.A.V.*"). Like the facts in *Walker,* Defendant cannot demonstrate any reason that a movie company carries the same relative importance as the President, or that movie companies are demonstrably more valuable to the country than any other company offering consumer products for purchase (or rent).

Although Defendant will likely contend that the compelling government interest in this case is the protection of free speech, that purpose does not eliminate the threat to prospective plaintiffs' free speech rights to petition the government. *Reed v. Town of Gilbert*, 576 U.S. 155, 167 (2015) ("Innocent motives do not eliminate the danger of censorship presented by a facially content-based statute, as future government officials may one day wield such statutes to suppress disfavored speech."). *Id.* ("'[I]t is no answer ... to say ... that the purpose of these regulations was merely to insure high professional standards and not to curtail free expression.'" (discussing *NAACP v. Button,* 371 U.S. 415)). Moreover, at least in the facts of this case, the Court has already decided that Defendant's activity is unprotected speech. Order at PID 1647 ("First, Plaintiffs have alleged the speech is false commercial speech, bringing it outside of this principle."); *Id.* at PID 1648 ("Thus, because Plaintiffs have plausibly alleged that the trailer is false, commercial speech, Plaintiffs may proceed with their claims without offending the First Amendment.").[5] Thus, at least under the facts of this case, there is no compelling interest

---

[5] *See* Dkt. 83 at PID 1623. ("The 'gravamen or principal thrust' of the complaint is that

being achieved. Meanwhile, Plaintiffs' valuable rights to petition the government are being trampled upon. *United Mine Workers, Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967) ("The right to petition for redress of grievances is among the most precious of the liberties safeguarded by the Bill of Rights…[It is] intimately connected, both in origin and in purpose, with the other First Amendment rights of free speech and free press").

California's anti-SLAPP law should also be held invalid because less restrictive alternatives which punished only 'objectively baseless' litigation, or which did not give special privileges to movie companies, would serve the government's purpose at least as well or better. Likewise, Section 425.17 could have been narrowly tailored to only protect "truthful" advertising, rather than Defendant's false advertising as is being addressed in this motion. *See* Section 425.17(d)(2) (exempting "[a]ny action against any person or entity based upon the creation, dissemination, exhibition, advertisement, or other similar promotion of any…motion picture[.]" (without distinguishing between truthful or false advertising). Indeed, Section 425 already requires that courts evaluate the underlying merits of a case, so it is no greater burden for the court to distinguish between true and false advertising statements. *See* Section 425.17(c)(2). Given this available, less restrictive alternative, awarding attorney fees to Defendant under the facts of this case would be unconstitutional. *See United States v. Playboy Entm't Grp.* at 813 (2000) ("If a less restrictive alternative would serve the [g]overnment's purpose, the legislature must use that alternative."); *Turner Broad. Sys. v. FCC*, 512 U.S. 622, 662 (1994) ("[T]he incidental restriction on alleged First Amendment freedoms [must be] no greater than is essential to the furtherance of that interest.") (*quoting United States v. O'Brien*, 391 U.S. 367, 376 (1968).

### D. Awarding Fees to Defendant Has and Will Chill Free Speech in Violation of the Noerr Pennington Doctrine

Awarding attorney fees to Defendant – under the facts of this case – would also be unconstitutional because it would chill Plaintiffs' free speech rights, as well as the rights

---

Defendant included a scene in the trailer, which they ultimately did not include in the movie, and such acts constitute a misrepresentation.").

of future plaintiffs considering whether it is safe to petition the courts to vindicate their legitimate interests. It would also undermine the legislative purpose of California's consumer protection laws which exist to encourage enforcement for the benefit of the public good.

The right to petition the government for redress of grievances is protected by both the federal and state constitutions. As guaranteed by the First Amendment, the petition right encompasses not just the act of filing a lawsuit to obtain monetary compensation for individualized wrongs. In *NAACP v. Button*, the U.S. Supreme Court explained that public-interest litigation "is a means for achieving lawful objectives . . . by all government, federal, state and local . . . It is thus a form of political expression." 371 U.S. 415, 429 (1963). These freedoms, the Court continued, "are delicate and vulnerable, as well as supremely precious in our society. The *threat of sanctions* may deter their exercise almost as potently as the actual application of sanctions." *Id*. The petition right protected by the California Constitution, Article I, Section 3, is at least as broad as the First Amendment right of petition.

Embracing these principles, the Noerr Pennington Doctrine has long guaranteed that, unless a lawsuit is "objectively baseless", there can be no civil liability for seeking redress within the courts. *White v. Lee*, 227 F.3d 1214, 1231-32 (9th Cir. 2000) ("The Noerr-Pennington doctrine ensures that those who petition the government for redress of grievances remain immune from liability for statutory violations, ***notwithstanding the fact that their activity might otherwise be proscribed by the statute involved***.") (emphasis added). As the Ninth Circuit in in *White v. Lee* more expressly explained, "Noerr-Pennington is a label for a form of First Amendment protection; to say that one does not have Noerr-Pennington immunity is to conclude that one's petitioning activity is unprotected by the First Amendment." *White v. Lee,* 227 F.3d 1214, 1231 (9th Cir. 2000) (also explaining that Noerr-Pennington doctrine applies equally to litigations).

Applying the Noerr-Pennington doctrine, had Defendant filed a counterclaim, or initiated a separate action, seeking to collect attorney fees because Plaintiffs' CLRA claims

and injunction remedy were dismissed, Defendant's claims would summarily fail, because – as this Court has already decided – Plaintiffs' claims are not objectively baseless. *See* Order at PID 1648; *see*, also, *White*, 227 F.3d at 1231 (liability only if lawsuit is a sham). The result should be no different here, merely because Defendant seeks its attorney fees by motion, instead of counter-claim. Indeed, at least under the facts of this case, Plaintiffs' CLRA and similar claims were only dismissed because of 'a technicality' – because the circuit split in the Ninth Circuit (pertaining to whether a movie is a tangible chattel (or service)) required CLRA claims to be pled in the alternative.

While at least one court has rejected a similar challenge to California's anti-SLAPP statute, that court's decision is wrong, not binding on this Court, and is nevertheless distinguishable. *See Bernardo v. Planned Parenthood Fedn. of Am*., 9 Cal. Rptr. 3d 197, 230 (Cal. App. 4th Dist. 2004). Using mental gymnastics to save the anti-SLAPP statute, the California Court of Appeals held that Section 425.16 was not penalizing parties, but was merely shifting fees. *Id*. But even if that semantic difference is accepted for that case, *under the facts of this case*, Defendant lost the lion's share of its anti-SLAPP motion (*see* Section II, supra); it combined the motion with a 12(b)(6) motion to dismiss; and it otherwise expressly admits that its requested attorney fees are "estimates" rather than a concrete calculation of fees incurred only for the portions of the motion it purportedly "won." *See* Motion, at 2. Given the extraordinary amount being sought for a single motion, and the implausibility that Defendant could ever accurately determine which fees applied to which won or lost issue, it is inescapable that Defendant is seeking an award for portions of the motion that Plaintiff won (or for its 12(b)(6) motion to which the anti-SLAPP fee award provision does not apply).

Consequently, even if the *Bernardo* court was right in the facts of *that* case, in *this* case, Defendant is seeking more than fee shifting. Its motion requests a penalty award against Plaintiffs, by tacitly admitting that it is asking for fees even for the failed portions of its motion. Defendant's fees should be denied under Noerr-Pennington even if Defendant succeeded entirely with its motion, but because it did not, penalizing Plaintiffs

in this case with a fee award is even more offensive to the constitution. For all of these reasons, Defendant's motion should be denied in its entirety as unconstitutional.

### E. Awarding Attorney Fees to the Defendant Would Violate Equal Protection Clause of the U.S. Constitution as Well as the Provisions of the California Constitution Prohibiting the Special Treatment of Classes of Litigants

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc*., 473 U.S. 432, 439 (1985). The equal protection clause of the California Constitution similarly states that a person "may not be denied equal protection of laws" (Cal. Const., art. I, § 7), and statutory classifications challenged thereunder are analyzed by the same rules applicable to challenges to the Fourteenth Amendment. *See Board of Supervisors v. Local Agency Formation Com*. (1992) 3 Cal.4th 903, 913 (Board); *Graham v. Kirkwood Meadows Pub. Util. Dist*. (1994) 21 Cal.App.4th 1631, 1642.

A classification which jeopardizes the exercise of a fundamental right subjects the statute to the heightened review employed in strict scrutiny test. *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Like the analysis required for content-based regulations, under a strict scrutiny test, the government must show that its law serves a compelling governmental interest *and* is narrowly tailored to advance that interest. *United States v. Playboy Entm't Grp*., 529 U.S. 803, 813 (2000).

Here, under the facts of this case, Plaintiffs have prevailed because their false advertising claims survived Defendant's motion to strike. Order at PID1648. Although Defendant's motion resulted in the dismissal of the CLRA claims (and other claims requiring movies to be goods), this dismissal was necessarily urged by Plaintiffs' own pleadings which pled the violations – in the alternative - under the different statutory schemes to comply with *Sonner*. *See* Section II(C), supra. Yet, despite this substantive victory for Plaintiffs, California's anti-SLAPP statute – according to Defendant's motion – 'guarantees' that Plaintiffs must pay Defendant's attorney fees for effectively losing. *See*

22

Motion, at 2. Conversely, for Plaintiffs to seek fees for winning by surviving the motion to strike, Plaintiffs must meet the high standard of proving that Defendant's motion was frivolous or intended solely to delay. Cal. Civ. Proc. Code § 425.16(c)(1). Moreover, constituting a "special privilege," only certain classifications of companies – movie companies in this instance – are permitted to wield an anti-SLAPP motion against false advertising claims. *See* Cal. Civ Proc. Code §425.17.

These unequal protections and special privileges given to Defendant violate both the U.S. and California constitutions. Under the facts of this case, if Defendant's attorney fees are 'guaranteed' but Plaintiffs must prove frivolousness, Plaintiffs are unequivocally disadvantaged relative to Defendant and such inequality has chilled and will prospectively chill the constitutionally protected right to petition the government for redress. *United Mine Workers, Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967) ("The right to petition for redress of grievances is among the most precious of the liberties safeguarded by the Bill of Rights[.]"). These unequal protections, like the special privileges also provided to Defendant, cannot survive even a rational basis analysis let alone the strict scrutiny required under these circumstances.

Imposing monetary penalties on Plaintiffs for winning a motion in a case where they were exercising their constitutionally protected right to petition is not rationally related to any legitimate state interest particularly where, under the facts of this case, the Court has already decided that Defendant's false commercial claims are not constitutionally protected. Order at PID 1648. Nevertheless it is the strict scrutiny analysis which controls here, and as already established in Section III(C) *supra* (discussing content based regulations), California's anti-SLAPP statute is not narrowly tailored to serve a compelling state interest, and less restrictive alternatives which punished only 'objectively baseless' litigation, or which did not give special privileges to movie companies, or which only protected "truthful" advertising, would serve the government's purpose at least as well or better.

**F. It is Improper to Subject Conor Woulfe, a Maryland Resident, to California's Anti-SLAPP Attorney's Fee Penalty**

Plaintiff, Conor Woulfe, is a resident of the State of Maryland and is only in this Court because of diversity jurisdiction. When Maryland's legislature weighed policy principles when enacting its own anti-SLAPP statute, Maryland chose a balance which omitted an attorney fee provision . *See*, Md. Code Ann., Cts. & Jud. Proc. § 5-807.  Seeking to disrupt the balance that Maryland chose for its citizens, Defendant's motion seeks to punish Mr. Woulfe with California's anti-SLAPP fee provision, in violation of federalism and full faith and credit principles. *See*, e.g., *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012) ("It is a principle of federalism that "each State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders.") (citing *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 422, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), overruled on other grounds by *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022); *Id.* at 591-92 ("[E]very state has an interest in having its law applied to its resident claimants.") (citing *Zinser* [*v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187, *amended* 273 F.3d 1266 9th Cir. 2001]). Applying these principles in a consumer class action like this one, the Ninth Circuit held in *Mazza* that, "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Id.* at 594. Like the Ninth Circuit's decision reasoned in *Mazza*, this Court should defer to the state Maryland, which made its own policy decisions when balancing the importance of rights to petition vis-à-vis deterring SLAPP lawsuits and decline to apply California's anti-SLAPP penalty fee provision to Mr. Woulfe.  *Id.* at 592 ("Getting the optimal balance between protecting consumers and attracting foreign businesses…is a decision properly to be made by the legislatures and courts of each state.").

Consideration of the Full Faith and Credit Clause of the United States Constitution warrants the same result here. As the Supreme Court has explained, a state may not "'may not abrogate the rights of parties beyond its borders having no relation to anything done or to be done within them.'" *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 822 (1985) (quoting *Home Ins. Co. v. Dick,* 281 U.S. 397, 410 (1930)).

### G. The Court Should Deny or Stay this Motion Based on the Possibility of an Appeal

If Defendant's Motion is not denied, it should at least be stayed, because Plaintiffs still possess the ability to appeal the Court's motion to strike decision. *See Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting,* 17-CV-03695-MMC, 2021 WL 4051420, at *2 (N.D. Cal. Aug. 27, 2021) (the Court deferred ruling on the attorneys' fee motion where, among other issues, there was "no suggestion that any party would be harmed by a delay in resolving the instant [attorneys' fee] motion" in light of a potential appeal decision from the Ninth Circuit); s*ee also, e.g., Dufour v. Allen*, Case No. 2:14–cv–5616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) (finding that "the best course of action is to defer ruling on the [motions for attorney's fees] until the resolution of [the plaintiff's] appeal"); *Harrell v. George*, No. 2:11–cv–00253–MCE–DAD–PS, 2012 WL 5906659, at *1 (E.D. Cal. Nov. 26, 2012) (deferring attorney's fees motion by defendant who prevailed on successful motion to strike pending appeal before the Ninth Circuit); *Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co*., No. 2:05–cv–00389–MCE–DAD, 2008 WL 5381813, at *1 (E.D. Cal. Dec. 23, 2008) (denying motion for attorney's fees without prejudice to renewal following disposition of the matter on appeal); *Flores v. Emerich & Fike*, No. 1:05–CV–0291 OWW DLB, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007) (same).

## IV.    CONCLUSION

This Court should deny Defendant's motion in its entirety to avoid chilling the rights of citizens to petition the courts. In the alternative, Defendant's motion should be stayed or any fee award dramatically reduced in light of the unconscionable fee amount requested by the Defendant.

Respectfully submitted,

Dated: February 13, 2023

By:    /s/Matthew A. Pequignot

**PEQUIGNOT + MYERS**
Matthew A. Pequignot (*Pro Hac Vice*)
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

**LEJEUNE LAW, P.C.**
Cody R. LeJeune
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual