KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 425.16**<br><br>**Filed Concurrently:  Supplemental Declaration of Kelly M. Klaus**<br><br>Date:    March 13, 2023<br>Time:    1:30 p.m.<br>Judge:  Hon. Stephen V. Wilson<br>Courtroom:  10A |

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................. 1

II.  ARGUMENT ...................................................................................... 1

A.   The Court Should Not Defer Decision on the Motion........................ 1

B.   Universal Seeks Fees Related to the Motion and, if the Court Denies Plaintiffs' Motion for Reconsideration, Fees Related to that Too .......................................................................................... 2

C.   Universal's Fee Request is Reasonable ........................................ 3

D.   The Anti-SLAPP Statute's Fees Provision Applies........................... 6

1.   Universal is a Prevailing Defendant ........................................... 6

(a)   Universal Prevailed on Most of the Monetary Claims................................................................................. 7

(b)   Universal Prevailed on the Injunction Request................ 7

(c)   Universal Prevailed on the VUDU-Based Allegations............................................................................ 8

2.   Anti-SLAPP Fees Apply to Stricken CLRA Claims ................. 10

3.   The Anti-SLAPP Statute is Constitutional ................................ 10

4.   The Anti-SLAPP Statute Applies to Woulfe's Claims ............. 12

III. CONCLUSION ................................................................................. 12

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**FEDERAL CASES**

*389 Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999) ................................................................. 12

*A.D. v. California Highway Patrol*,
712 F.3d 446 (9th Cir. 2013) .................................................................. 4

*Anderson v. Apple Inc.*,
500 F. Supp. 3d 993 (N.D. Cal. 2020) .................................................... 9

*Art of Living Found. v. Does 1-10*,
2012 WL 1565281 (N.D. Cal. May 1, 2012) .......................................... 8

*Bd. of Trustees v. Santa Cruz Underground & Paving, Inc.*,
2022 WL 6468639 (N.D. Cal. Oct. 10, 2022) ........................................ 4

*BE&K Constr. Co. v. N.L.R.B.*,
536 U.S. 516 (2002) ............................................................................. 11

*Blum v. Stenson*,
465 U.S. 886 (1984) ............................................................................... 3

*Blum v. Yaretsky*,
457 U.S. 991 (1982) ............................................................................... 9

*In re Ditropan XL Antitrust Litig.*,
529 F. Supp. 2d 1098 (N.D. Cal. 2007) .................................................. 9

*Easter v. Am. W. Fin.*,
381 F.3d 948 (9th Cir. 2004) .................................................................. 9

*Garrett v. Hine*,
2022 WL 2791236 (E.D. Cal. July 15, 2022) ......................................... 6

*Glavor v. Shearson Lehman Hutton, Inc.*,
879 F. Supp. 1028 (N.D. Cal. 1994), aff'd, 89 F.3d 845 (9th Cir.
1996) ..................................................................................................... 12

*Graham-Sult v. Clainos*,
756 F.3d 724 (9th Cir. 2014) .................................................................. 6

*Grant & Eisenhofer, P.A. v. Brown*,
2018 WL 4945303 (C.D. Cal. May 14, 2018) .................................... 1, 3

*Hyan v. Hummer*,
825 F.3d 1043 (9th Cir. 2016) ............................................................... 2

*Jones v. Hollenback*,
2008 WL 766887 (E.D. Cal. Mar. 20, 2008) .......................................... 6

*Kauhako v. Hawaii Bd. of Educ. Dep't of Educ.*,
  2016 WL 7365206 (D. Haw. Nov. 28, 2016) ........................................ 12

*Legal Aid Soc'y of Hawaii v. Legal Servs. Corp.*,
  961 F. Supp. 1402 (D. Haw. 1997) ...................................................... 11

*Linda R.S. v. Richard D.*,
  410 U.S. 614 (1973) ................................................................................ 9

*Lytle v. Carl*,
  382 F.3d 978 (9th Cir. 2004) ................................................................. 5

*Masalosalo by Masalosalo v. Stonewall Ins. Co.*,
  718 F.2d 955 (9th Cir. 1983) ................................................................. 2

*Metabolife Int'l, Inc. v. Wornick*,
  264 F.3d 832 (9th Cir. 2001) ............................................................... 11

*Minichino v. First Cal. Realty*,
  2012 WL 6554401 (N.D. Cal. Dec. 14, 2012) ...................................... 4

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
  2014 WL 12586434 (C.D. Cal. Nov. 7, 2014), aff'd 665 F. App'x
  570 (9th Cir. 2016) ................................................................................. 8

*Nickey Gregory Co., LLC v. Agricap, LLC*,
  2011 WL 4403355 (N.D. Cal. Sept. 1, 2011) ....................................... 5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014) ........................................................................ 11, 12

*Open Source Sec., Inc. v. Perens*,
  2018 WL 2762637 (N.D. Cal. June 9, 2018), aff'd, 803 F. App'x 73
  (9th Cir. 2020) ....................................................................................... 5

*Orthopaedic Hosp. v. Encore Med., L.P.*,
  2021 WL 5449041 (S.D. Cal. Nov. 19, 2021) ...................................... 3

*Peak Health Ctr. v. Dorfman*,
  2020 WL 3254337 (N.D. Cal. June 16, 2020) ...................................... 4

*Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*,
  814 F.2d 358 (7th Cir. 1987) ............................................................... 11

*Prison Legal News v. Schwarzenegger*,
  561 F. Supp. 2d 1095 (N.D. Cal. 2008) ................................................ 5

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*,
  2020 WL 8877818 (N.D. Cal. Apr. 22, 2020) ...................................... 5

*Smith v. Payne*,
  2013 WL 1615850 (N.D. Cal. Apr. 15, 2013) ...................................... 1

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ................................................................. 7

-iii-

*Sosa v. DIRECTV, Inc.,*
  437 F.3d 923 (9th Cir. 2006) ................................................................. 11

*Sparrow LLC v. Edwin Lora,*
  2015 WL 12778336 (C.D. Cal. Jan. 12, 2015) ....................................... 1

*Thomas v. Bible,*
  983 F.2d 152 (9th Cir. 1993) ................................................................. 10

*Trendsettah USA, Inc. v. Swisher Int'l Inc.,*
  2020 WL 11232926 (C.D. Cal. Dec. 2, 2020) .......................................... 1

*Vera v. FlexShopper, LLC,*
  2022 WL 4472069 (N.D. Cal. Sept. 26, 2022) ......................................... 4

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ............................................................... 10

*Winters v. Jordan,*
  2011 WL 1549391 (E.D. Cal. Apr. 21, 2011) .......................................... 3

*Zimmerman v. Bishop Est.,*
  25 F.3d 784 (9th Cir. 1994) .................................................................... 6

**STATE CASES**

*Bernardo v. Planned Parenthood Fed'n of Am.,*
  115 Cal. App. 4th 322 (2004) ............................................................... 11

*Brenton v. Metabolife Internat., Inc.,*
  116 Cal. App. 4th 679 (2004) ......................................................... 11, 12

*Christian Rsch. Inst. v. Alnor,*
  165 Cal. App. 4th 1315 (2008) ............................................................... 5

*Equilon Enter. v. Consumer Cause, Inc.,*
  29 Cal. 4th 53 (2002) ..................................................................... 11, 12

*Garcia v. McCutchen,*
  16 Cal. 4th 469 (1997) ......................................................................... 10

*Lunada Biomedical v. Nunez,*
  230 Cal. App. 4th 459 (2014) ............................................................... 10

*Mann v. Quality Old Time Serv., Inc.,*
  139 Cal. App. 4th 328 (2006) ..................................................... 1, 6, 7, 9

*Metcalf v. U-Haul Int'l, Inc.,*
  118 Cal. App. 4th 1261 (2004) ............................................................. 12

*Vargas v. City of Salinas,*
  200 Cal. App. 4th 1331 (2011) ............................................................. 11

**STATE STATUTES**

Cal. Civ. Proc. § 425.16.................................................................................10, 12

Cal. Civ. Proc. § 425.17.................................................................................11, 12

**RULES**

Civ. L.R. 7-18...............................................................................................10, 12

Fed. R. Civ. P. 12(b) ..........................................................................................4

Fed. R. Civ. P. 23(b)(2) .................................................................................1, 7

Fed. R. Evid. 408(a)...........................................................................................4

## I.   INTRODUCTION

"There is a 'strong presumption'" that "multiplying the number of hours the prevailing party reasonably expended . . . by a reasonable hourly rate" yields a "reasonable" fee award for a successful anti-SLAPP motion. *Grant & Eisenhofer, P.A. v. Brown*, 2018 WL 4945303, at *1 (C.D. Cal. May 14, 2018). Plaintiffs do not dispute the reasonableness of counsel's rates. Their half-hearted challenge to the number of hours ignores the complex history of Universal's motion (complexity Plaintiffs unnecessarily created), the tasks for which fees are properly recoverable, the authority approving recovery for the same types of work, and the time Universal already excluded from its fee request.

In the main, however, Plaintiffs do not challenge Universal's fee calculation. Instead they rehash arguments against applying the anti-SLAPP statute that this Court and others have rejected. *See, e.g.*, Dkt. 83 ("Order") at 5-7. Plaintiffs also overlook the multiple "practical benefit[s]" Universal achieved, *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006), including that Plaintiffs cannot certify a Rule 23(b)(2) class, obtain prospective relief, pursue claims under multiple statutes, or take this litigation on detours into platforms they did not use and statements they did not see.

## II.   ARGUMENT

### A.   The Court Should Not Defer Decision on the Motion

"[T]he weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Trendsettah USA, Inc. v. Swisher Int'l Inc.*, 2020 WL 11232926, at *2 (C.D. Cal. Dec. 2, 2020); *see, e.g.*, *Smith v. Payne*, 2013 WL 1615850, at *2 (N.D. Cal. Apr. 15, 2013) (refusing to defer anti-SLAPP fee award); *Sparrow LLC v. Edwin Lora*, 2015 WL 12778336, at *2 (C.D. Cal. Jan. 12, 2015) (same). Awarding fees right away "best serves the policy against piecemeal appeals," "prevent[s] hasty consideration of postjudgment fee motions," "prevent[s]

postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge," and "prevent[s] delay and duplication at the appellate level" so that if "the fee order is appealed, the appeals may be consolidated." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

Plaintiffs do not articulate a single benefit to deviating from this general rule. Opp. at 25. Plaintiffs cannot appeal the anti-SLAPP ruling until final judgment—if they ever appeal at all. *See Hyan v. Hummer*, 825 F.3d 1043, 1047 (9th Cir. 2016). Unlike the cases Plaintiffs cite (which all involved *live* appeals), deferring Universal's Motion pending a hypothetical future appeal would leave the fee request indefinitely in limbo for no good reason.

### B.    Universal Seeks Fees Related to the Motion and, if the Court Denies Plaintiffs' Motion for Reconsideration, Fees Related to that Too

In its Motion ("Mot."), Universal requested $200,298.25 in fees and $152.28 in costs incurred in connection with the two anti-SLAPP motions. Mot. at 16. In addition, as Universal previously explained—and as Plaintiffs do not dispute—it is entitled to "fees on fees, i.e., fees incurred in litigating the award of attorney fees" via the Motion. Mot. at 13; *see* Declaration of Kelly M. Klaus ("Klaus Decl."), Dkt. 88-2 at ¶ 2. Thus, with this Reply, Universal respectfully asks the Court to award it $121,199.30 in additional compensation for the 180 hours incurred in connection with the Motion, including drafting the moving papers and this Reply.[1] Supplemental Declaration of Kelly M. Klaus ("Supp. Klaus Decl.") at ¶¶ 3, 9-10, Ex. A.

For the reasons stated in the Motion, the rates for such work are reasonable. Mot. at 14-15; Klaus Decl. ¶¶ 13-19; Supp. Klaus Decl. ¶ 8; *see* Opp. at 10-13 (not challenging the reasonableness of the hourly rates). So, too, are the number of hours spent in connection with the Motion, which required counsel to, among other things,

---

[1] Universal has not incurred any recoverable costs beyond those stated in its moving papers. Supp. Klaus Decl. ¶ 13.

comprehensively research the scope of the anti-SLAPP statute's fees provision to a partially prevailing defendant; sift through hundreds of detailed time entries; and respond thoroughly to Plaintiffs' abounding arguments in this Reply. Supp. Klaus Decl., Ex. A.

Finally, Universal respectfully requests that, after the hearing on the Motion, the Court allow Universal to submit a second supplemental declaration detailing the fees and costs incurred after filing this Reply. Supp. Klaus Decl. ¶¶ 4, 11; *see Winters v. Jordan*, 2011 WL 1549391, at *8 (E.D. Cal. Apr. 21, 2011) (awarding fees for "preparing for . . . and attending the hearing on" the "motion for attorneys' fees"). In addition, if the Court denies Plaintiffs' pending motion to reconsider its anti-SLAPP ruling, *see* Dkts. 89, 94, then Universal respectfully requests that the Court allow it to submit a supplemental declaration detailing the fees and costs incurred in connection with that motion. Supp. Klaus Decl. ¶¶ 4, 12; *see Grant*, 2018 WL 4945303, at *1 ("the fee award can include briefing in response to a motion for reconsideration").

## C.    Universal's Fee Request is Reasonable

Plaintiffs do not dispute that Universal's counsel's hourly rates are reasonable. *See* Mot. 14-15. They also do not challenge Universal's costs. *See* Mot. at 15-16. The Court should accept those amounts in calculating an award. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984) (finding waiver where party opposing fees "failed to submit to the District Court any evidence challenging . . . the facts asserted in the affidavits submitted by respondents' counsel"); *Orthopaedic Hosp. v. Encore Med., L.P.*, 2021 WL 5449041, at *13–15 (S.D. Cal. Nov. 19, 2021) (approving rates up to $1,260/hour because "Plaintiff did not challenge the hourly rates set forth in Defendant's fee application in its briefing").

Plaintiffs' argument that the number of hours billed is "inflated" is unsupported rhetoric. Opp. at 10-12. First, Plaintiffs fault Universal for turning down their settlement overture, which they say would have "avoid[ed] these fees" altogether.

Opp. at 10. Apart from violating the Rules of Evidence,[2] the assertion is false. By May 5, 2022, when Plaintiffs' counsel vaguely asked Universal "what" it "would be willing to do to resolve this case," Pequignot Decl. ¶ 2, Universal had already incurred significant fees preparing an anti-SLAPP motion that was due *that day*. *See* Dkts. 5, 31-34. More critically, a fee award is not conditional on any party's willingness to settle. *See Bd. of Trustees v. Santa Cruz Underground & Paving, Inc.*, 2022 WL 6468639, at *8 (N.D. Cal. Oct. 10, 2022) (rejecting argument that "fees should be reduced . . . because VBI did not accept its settlement offer," noting the absence of "any authority that those fees should be denied based on an offer to settle the fee dispute prior to motion practice").

Second, it is equally irrelevant that Universal filed "a *combined* Motion to Strike/Motion to Dismiss." Opp. at 12 (emphasis in original). Whether or not combined, Universal would still be entitled to fees for work on the Rule 12(b) motions because that work was coextensive with the work on the anti-SLAPP motions. Mot. at 12-13; *see, e.g.*, *Peak Health Ctr. v. Dorfman*, 2020 WL 3254337, at *3 (N.D. Cal. June 16, 2020) (awarding fees for separately-filed motion to dismiss). And as the Court recognized, it was "perfectly logical" for Universal to file combined motions because "the same arguments" and "the same standard applies to both." Order at 6; *see, e.g.*, *Minichino v. First Cal. Realty*, 2012 WL 6554401, at *1, *4 (N.D. Cal. Dec. 14, 2012) (awarding fees for combined motions). Combining the motions to strike and dismiss thus *saved* time.

---

[2] The Court should strike Plaintiffs' reliance on settlement discussions. An offer to "compromise [a] claim" is "not admissible" when introduced "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). While the Court may consider "amounts discussed in settlement negotiations as evidence of the" defendant's "success," *A.D. v. California Highway Patrol*, 712 F.3d 446, 460–61 (9th Cir. 2013), that is not the purpose for which Plaintiffs are introducing settlement communications here. Opp. at 10, 16; Pequignot Decl. ¶¶ 2-4; *Vera v. FlexShopper, LLC*, 2022 WL 4472069, at *7 (N.D. Cal. Sept. 26, 2022) (excluding settlement offer).

Third, that many of Universal's time "entries include tasks that do not mention the motion to strike or anti-SLAPP statute" is beside the point. Opp. at 12; *see* LeJeune Decl., Ex. B (highlighting entries). Nearly all of those entries expressly reference the motions to dismiss (e.g., "motion to dismiss outline") or documents supporting the anti-SLAPP motions, all of which are permissible bases for fees. Mot. at 12-13; *supra* at 4. And the very few entries that do not expressly reference such filings are nevertheless clearly related to them. *See Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1103 (N.D. Cal. 2008) (upholding entries that "are readily understood when viewed in the context of the surrounding entries").

Fourth, Plaintiffs complain that "several of Defendant's entries were 'vaguely documented,'" but they point only to one: "Review legal research [memorandum] for motion," for a grand total of 0.4 hours. Opp. at 12; LeJeune Decl., Ex. B (entry from Mr. Klaus on 03/11/2022). That level of detail suffices. *See, e.g., Open Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *5 (N.D. Cal. June 9, 2018), *aff'd*, 803 F. App'x 73 (9th Cir. 2020) (upholding entry for "Conducting Legal Research"); *Nickey Gregory Co., LLC v. Agricap, LLC*, 2011 WL 4403355, at *4 (N.D. Cal. Sept. 1, 2011) (upholding entry for "Review legal research on attorneys' fees petitions"). Universal's counsel "is not required to record in great detail how each minute of [their] time was expended;" they "need only identify the general subject matter." *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004). Plaintiffs' only authority dealt with entries that are entirely unlike Universal's. *See Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008) (entries said "merely 'further handling'").

Fifth, Plaintiffs candidly acknowledge that the "complexity and expense [of] this litigation," Opp. at 10, was unusual, requiring *two* anti-SLAPP motions that dealt with a constantly changing complaint, multiple "corrected" oppositions by Plaintiffs, and many complex legal issues. Mot. at 3-5, 11. It was therefore reasonable for the anti-SLAPP motions to take the time they did. Mot. at 10-13; *see, e.g., Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 2020 WL 8877818, at *2-3 (N.D. Cal. Apr. 22, 2020)

1   (awarding $545,572.36 for over 1,400 compensable hours for "work performed on

2   the two SLAPP Motions"). That other defendants spent less time on their motions in

3   other cases, Opp. at 12-13, is irrelevant. *See Graham-Sult v. Clainos*, 756 F.3d 724,

4   752 (9th Cir. 2014) ("Defining what is reasonable by reference to other cases would

5   violate the principle that each fee application under the anti-SLAPP statute must be

6   assessed on its own merits." (internal quotation marks omitted)).

7       As for "the equities," Opp. at 13, Universal has requested compensation for

8   only half of the hours it billed in connection with the anti-SLAPP motions. Plaintiffs

9   do not dispute that a 50% reduction is reasonable and, in fact, *more* equitable to them

10  than the reductions in other cases. Mot. at 8-9, 9 n.3. Universal has also not requested

11  any fees for supplemental briefing on First Amendment issues; fees billed by counsel

12  who did not appear in this lawsuit; or fees unrelated to its response to Plaintiffs'

13  complaints. Mot. at 12. Plaintiffs' bald assertion that such a conservatively calculated

14  fee would cause them "financial ruin" rings hollow. Opp. at 13. "In opposing

15  Defendant's motion for attorneys' fees, Plaintiff[s] presented no evidence by way of

16  declaration or other documentary evidence establishing [their] inability to pay any

17  amount of attorney's fees." *Jones v. Hollenback*, 2008 WL 766887, at *36 (E.D. Cal.

18  Mar. 20, 2008); *compare* Opp. at 13 (citing *Garrett v. Hine*, 2022 WL 2791236, at *4

19  (E.D. Cal. July 15, 2022) (plaintiffs introduced income)). At any rate, "a district court

20  should not refuse to award attorney's fees solely on the ground of the plaintiff's

21  financial situation." *Zimmerman v. Bishop Est.*, 25 F.3d 784, 790 (9th Cir. 1994).

22  **D.**   **The Anti-SLAPP Statute's Fees Provision Applies**

23  **1.**   **Universal is a Prevailing Defendant**

24      "[A] party who partially prevails on an anti-SLAPP motion must generally be

25  considered a prevailing party unless the results of the motion were so insignificant

26  that the party did not achieve any practical benefit from bringing the motion." *Mann*,

27  139 Cal. App. 4th at 340. Universal obviously achieved not just one but multiple

28  "practical benefits" from the ruling, including "narrow[ing] the scope of the lawsuit,

limiting discovery, reducing potential recoverable damages, and altering the settlement posture of the case." *Id.*; *see* Mot. at 6-7. For example, Plaintiffs cannot certify classes under Federal Rule of Civil Procedure 23(b)(2), obtain prospective relief, premise liability or take discovery regarding VUDU or other platforms they did not use, represent a class based on statements they did not see, or pursue claims under a number of different statutes. Plaintiffs ignore these consequences of the Court's decision. *See* Opp. at 5-6.

### (a)    Universal Prevailed on Most of the Monetary Claims

Plaintiffs do not even mention that Universal prevailed on the majority of their asserted UCL predicates. Order at 20-23. Plaintiffs instead claim the Court's order striking their CLRA and warranty claims "is not a victory" because the dismissal was "preordained" under *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020). Plaintiffs say they pled those claims only to preserve an argument that movies may be "tangible chattels," Opp. at 1, 4, and that Plaintiffs cannot be penalized for using a "pleading strategy" allowed under the Federal Rules. *Id.* at 4-5.

This argument ignores what the Order did: it struck Plaintiffs' damages claims on the merits, not under *Sonner* or because they were pleaded in the alternative. Order at 23-26; *see id.* at 14-17 (*refusing* to dismiss under *Sonner*). And, while Plaintiffs now say the dismissal was preordained, their opposition argued *at length* that the claims survive. Dkt. 56 at 21-27, 21 n.12. Plaintiffs' appeal to a "circuit split" is illusory: they do not identify (and never have identified) one. *See* Dkt. 56 at 12, 18, 21. And any such split would not change the fact that Universal prevailed.

### (b)    Universal Prevailed on the Injunction Request

Although the Court struck Plaintiffs' claim for injunctive relief across the board, Order at 26-28, Plaintiffs argue this was not a win because Plaintiffs intend to move to amend. Opp. at 6. As an initial matter, the Court did not say Plaintiffs could amend their request for injunctive relief. *See* Order at 26-28. More importantly, Plaintiffs do not attempt to explain how they could plausibly remedy the deficiencies

the Court identified; when they intend do so; or why the Court should allow them to file a *fifth* unique complaint[3] at this late stage, almost ten weeks (and counting) since the Court's order, with discovery underway, and with class certification briefing roughly two weeks away. *See* Opp. at 6-7; LeJeune Decl. ¶ 2. The Order striking Plaintiffs' injunctive relief claim was a win, period. Mot. at 7 (citing cases awarding fees for striking injunctive relief); *see also, e.g.*, *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2014 WL 12586434, at *8 (C.D. Cal. Nov. 7, 2014) (defendant prevailed even though dismissal was without prejudice because "the fact that [plaintiff] did not replead the claims" suggests he "did not believe he could overcome the deficiencies the court noted in the claims"), *aff'd* 665 F. App'x 570 (9th Cir. 2016); *Art of Living Found. v. Does 1-10*, 2012 WL 1565281, at *24–25 (N.D. Cal. May 1, 2012) (defendant prevailed because plaintiff failed to "renew[] those claims," which "is tantamount to a voluntary dismissal").

Plaintiffs also suggest that, because Amazon allegedly replaced the trailer they viewed, Plaintiffs *achieved their objectives* in seeking injunctive relief. Opp. at 7. That is absurd. Plaintiffs sought far more than removing a single trailer from Amazon. They asked for a "corrective advertising campaign" and an order enjoining use of the trailer everywhere. *E.g.*, Dkt. 36 ("SAC") at ¶¶141, 148, Request for Relief ¶ C.[4]

### (c)   Universal Prevailed on the VUDU-Based Allegations

Apart from the trailer, Plaintiffs based their claims in large part on allegations that the VUDU streaming service at one time expressly listed de Armas as a cast

---

[3] Dkts. 1, 17, 28-3, 36.

[4] Plaintiffs also misstate the evidence. *See* Opp. at 7. The discovery response to which they cite admits merely that the trailer *currently* on Amazon is not the one they say they viewed; it does not admit that Amazon ever displayed the trailer Plaintiffs say they viewed, or that Amazon even replaced one trailer with another. LeJeune Decl., Ex. C at No. 15. In fact, Universal specifically denied instructing Amazon to replace the trailer because of Plaintiffs' lawsuit. *Id.* at No. 17.

1   member. SAC ¶¶ 23-31, 86. Though Plaintiffs strive mightily to avoid it, Opp. at 7-8,
2   this Court squarely struck those allegations, holding that "Plaintiffs do not have
3   standing to challenge the listing" because they "did not watch the movie . . . on the
4   basis of Vudu's listing." Order at 13 n.7; *see Anderson v. Apple Inc.*, 500 F. Supp. 3d
5   993, 1005 (N.D. Cal. 2020) ("In claims involving misrepresentations to consumers,
6   courts have often required that the consumers plausibly allege that they 'actually
7   relied' on an allegedly misleading statement to plead Article III standing.").

8       Striking Plaintiffs' individual VUDU-based allegations is alone a "practical
9   benefit" to Universal because it "narrow[s] the scope of the lawsuit, limit[s]
10  discovery" on their individual claims, and "alter[s] the settlement posture of the case."
11  *Mann*, 139 Cal. App. 4th at 340. But the benefit to Universal also extends more
12  broadly across the class. Since a claim cannot be asserted on behalf of a class unless
13  at least one named plaintiff has standing to bring it, *Blum v. Yaretsky*, 457 U.S. 991,
14  1001-02, 1001 n.13 (1982); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098,
15  1107 (N.D. Cal. 2007), the Court's order necessarily forecloses Plaintiffs from
16  representing a class on the basis of VUDU's listing—or, for that matter, on the basis
17  of any alleged misrepresentation Plaintiffs did not see. *See, e.g.*, Dkts. 98 (seeking
18  discovery about misrepresentations supposedly made on VUDU, IMDb, and other
19  platforms Plaintiffs did not see), 103 (order denying that discovery).

20      Plaintiffs ask the Court to ignore its ruling because, they argue, the Court
21  should have "analyzed" standing "at the class certification stage" as "an issue of
22  typicality and/or adequacy." Opp. at 8. Plaintiffs conflate their own standing with
23  unnamed class members'. Unlike the latter, the former is properly addressed before
24  class certification. *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004); *In re
25  Ditropan*, 529 F. Supp. 2d at 1107; *compare* Opp. at 8 (citing cases dealing with
26  unnamed class members' standing). Like any other litigant, Plaintiffs "must first
27  demonstrate that" they are "entitled to invoke the judicial process," a requirement they
28  cannot defer simply by denominating their case a class action. *Linda R.S. v. Richard*

1    *D.*, 410 U.S. 614, 616 (1973) (dismissing class action for lack of standing).

2                    **2.      Anti-SLAPP Fees Apply to Stricken CLRA Claims**

3          Plaintiffs are wrong that the CLRA fee provision trumps California Code of

4    Civil Procedure § 425.16(c)(1).[5] Opp. at 8-10. "[T]he principle that a specific statute

5    prevails over a general one applies only when the two sections cannot be reconciled."

6    *Garcia v. McCutchen*, 16 Cal. 4th 469, 478 (1997). "[W]hen there is no direct conflict

7    between the various laws, the principle on which [Plaintiffs] rely is entitled to little

8    weight." *Id.* (internal quotation marks omitted)

9          There is no direct conflict here, which is why courts routinely award anti-

10   SLAPP fees for stricken CLRA claims. *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317

11   F.3d 1097, 1100, 1110 (9th Cir. 2003); *Lunada Biomedical v. Nunez*, 230 Cal. App.

12   4th 459, 465–66 (2014). The CLRA's provision applies to CLRA claims generally;

13   but where a CLRA claim is stricken under the anti-SLAPP statute, § 425.16(c)(1)

14   applies because the claim is a "disturbing" attack on protected activity. § 425.16(a).

15   It was rational for the Legislature to set a higher standard for one than the other.

16                    **3.      The Anti-SLAPP Statute is Constitutional**

17         Plaintiffs repeat at length their meritless arguments against the anti-SLAPP

18   statute's constitutionality. Opp. at 14-23. The arguments are procedurally improper

19   and substantively baseless.

20         To begin, Plaintiffs already argued in their anti-SLAPP briefing that the statute

21   should not apply because it "quells Plaintiffs' free speech" and "violates the Noerr-

22   Pennington doctrine." Dkt. 56 at 11-12, 12 n.5. The Court necessarily rejected those

23   contentions, holding that "the anti-SLAPP motion may apply to the present case."

24   Order at 5-7; *see Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993) (court rejected

25   arguments by "necessary implication"). Plaintiffs did not move the Court to

26   reconsider on those grounds, Dkt. 89, and they cannot do so now. Civ. L.R. 7-18.

27   _____

28   [5] Unless otherwise noted, statutory cites are to the California Code of Civil Procedure.

1    At any rate, those constitutional arguments are frivolous. Section 425.17 does

2  not stifle protected speech. *See* Opp. at 15-18. "The purpose of the statute is to"

3  *prevent* "meritless, harassing lawsuits whose purpose is to chill protected expression."

4  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 837 n.7 (9th Cir. 2001). Because

5  meritless lawsuits that chill protected expression are not protected speech, "the

6  legislative determination to withdraw the benefits conferred by section 425.16" for

7  some lawsuits but not others "does not violate any protection embodied in the First

8  Amendment." *Brenton v. Metabolife Internat., Inc.*, 116 Cal. App. 4th 679, 691-92

9  (2004); *see Legal Aid Soc'y of Hawaii v. Legal Servs. Corp.*, 961 F. Supp. 1402, 1411

10  (D. Haw. 1997) (finding no "authority that fee-shifting provisions . . . implicate the

11  First Amendment").

12    Plaintiffs' appeal to *Noerr-Pennington* is equally "startling," *Premier Elec.*

13  *Constr. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, 814 F.2d 358, 373 (7th Cir. 1987),

14  given the Supreme Court's refusal to apply the doctrine to "statutory provisions that

15  merely authorize the imposition of attorney's fees on a losing plaintiff." *BE&K*

16  *Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 537 (2002); *see also, e.g.*, *Octane Fitness, LLC*

17  *v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555-56 (2014); *Premier Elec.*, 814 F.2d

18  at 373; *Equilon Enter. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 63-64 (2002); *Vargas*

19  *v. City of Salinas*, 200 Cal. App. 4th 1331, 1344 (2011); *Bernardo v. Planned*

20  *Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 361 (2004).

21    *Noerr-Pennington* immunizes those who petition the government "from

22  statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923,

23  929 (9th Cir. 2006). "[B]ut fee shifting is not civil liability within the meaning of the

24  *Noerr–Pennington* doctrine"; it "simply requires the party that creates the costs to

25  bear them." *Vargas*, 200 Cal. App. 4th at 1344. Plaintiffs' contrary logic "would deem

26  fee-shifting statutes unconstitutional unless the loser's position was a 'sham.'"

27  *Premier Elec.*, 814 F.2d at 373; *see* Opp. at 20-21 (arguing that "unless a lawsuit is

28  'objectively baseless,' there can be no" attorney's fees). The Supreme Court has

Case No. 2:22-cv-00459-SVW-AGR

1  rejected such a rule, *Octane Fitness*, 572 U.S. at 555-56, which would neuter
2  "[h]undreds of" statutes that "provide for an award of attorney fees to the prevailing
3  party," *Equilon*, 29 Cal. 4th at 62. In all events, the claims the Court struck were
4  shams within the meaning of the doctrine. *See* Order at 20-28.

5      Plaintiffs do make a new constitutional argument: equal protection. *See* Opp.
6  at 22-23. But they failed to make this argument in opposing the anti-SLAPP motion.
7  They cannot ask the Court to reconsider "simply" because they "inadvertently failed
8  to raise the arguments earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp.
9  1028, 1033 (N.D. Cal. 1994), *aff'd*, 89 F.3d 845 (9th Cir. 1996); *see 389 Orange St.
10  Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). In any case, for the same reason
11  the anti-SLAPP statute does not stifle protected speech, *supra* at 11, its distinction
12  between plaintiffs' and defendants' entitlement to fees, *see* § 425.16(c)(1), does not
13  "jeopardize[] the exercise of a fundamental right." Opp at 22-23. Nor does § 425.17
14  "create impermissible classifications" on the basis of a "suspect class." *Metcalf v. U-
15  Haul Int'l, Inc.*, 118 Cal. App. 4th 1261, 1266–67 (2004) (rejecting equal protection
16  challenge). "Rather, it creates classifications of litigants who can take advantage of
17  the anti-SLAPP statute." *Id.* at 1266; *see Brenton*, 116 Cal. App. 4th at 691-92. "It is
18  well-established that statutes which provide for fee-shifting under specific
19  circumstances do not violate the Equal Protection Clause." *Kauhako v. Hawaii Bd. of
20  Educ. Dep't of Educ.*, 2016 WL 7365206, at *4 (D. Haw. Nov. 28, 2016).

21          **4.    The Anti-SLAPP Statute Applies to Woulfe's Claims**

22      This Court has rejected the "argument that [California's] anti-SLAPP statute
23  should not be applied to Woulfe's Maryland claims." Order at 6; *see* Civ. L.R. 7-18.

24  **III.   CONCLUSION**

25      Under the mandatory provisions of § 425.16(c)(1), the Court should award
26  Universal $321,497.55 in attorney's fees and $152.28 in costs, plus any additional
27  fees and costs incurred (1) after filing this Reply and (2) in connection with Plaintiffs'
28  pending motion for reconsideration (Dkt. 89), if the Court denies it.

1    DATED: February 27, 2023          Respectfully submitted,

2

                                  MUNGER, TOLLES & OLSON LLP

3

4

5                            By: _____*/s/ Kelly M. Klaus*_____

6                                KELLY M. KLAUS

                              Attorneys for Defendant

7                              UNIVERSAL CITY STUDIOS LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:22-cv-00459-SVW-AGR
REPLY IN SUPPORT OF DEFENDANT'S MOT. FOR ATTORNEY'S FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 425.16