KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**SUPPLEMENTAL DECLARATION OF KELLY M. KLAUS IN SUPPORT IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 425.16**<br><br>**Filed Concurrently:  Reply in Support of Motion**<br><br>Date:   March 13, 2023<br>Time:   1:30 p.m.<br>Judge:  Hon. Stephen V. Wilson<br>Courtroom: 10A |

# SUPPLEMENTAL DECLARATION OF KELLY M. KLAUS

I, Kelly M. Klaus, hereby declare:

1. I am a lawyer in the law firm of Munger, Tolles & Olson LLP ("MTO"), counsel for Defendant Universal City Studios LLC ("Universal" or "Defendant") in the above-captioned matter. I am admitted to practice before all of the Federal and State courts in the State of California, including the United States District Court for the Central District of California. The facts set forth in this declaration are based on my personal knowledge. If called as a witness, I could and would testify competently to the contents of this declaration.

2. My initial declaration supporting Universal's Motion for Attorney's Fees and Costs under Cal. Civ. Proc. Code § 425.16 (the "Motion") set forth the fees and costs that Universal incurred in connection with its anti-SLAPP motions and that are the subject of the Motion. At the time of that declaration, Universal requested $200,298.25 in fees and $152.28 in costs for work in connection with its anti-SLAPP motions. Dkt. 88-2 at ¶ 2.

3. This supplemental declaration sets forth the fees and costs Universal has incurred in connection with the Motion itself (Dkt. 88), including responding to Plaintiffs' Opposition (Dkt. 102) with its Reply papers. As explained further below, Universal seeks $121,199.30 in fees for such work.

4. Thus, together with the amounts Universal sought in its opening papers, the amount of Universal's request now is $321,497.55 in fees and $152.28 in costs. Universal also respectfully requests that, after the Court holds the hearing on the Motion, Universal be allowed to submit another supplemental declaration, detailing fees and costs incurred by Universal (1) from the filing of the Reply through the hearing on this motion and (2) in connection with opposing Plaintiffs' pending motion for reconsideration of the anti-SLAPP motion (Dkt. 89), if the Court denies that motion for reconsideration.

**MTO's Team of Lawyers and Staff**

5. Universal seeks compensation for the work of three attorneys in connection with their work on the Motion: myself, Grace Davis Fisher, and Benjamin G. Barokh. All three of us worked on the anti-SLAPP motions as well. Dkt. 88-2 at ¶ 4. Our biographies are attached to my initial declaration. Dkt. 88-3. Universal does not seek compensation for other attorneys who worked on the Motion.

6. Universal also seeks compensation for the work of two paralegals who worked on this Motion: Jennifer Galindo and Nneka Umoh. They, too, worked on the anti-SLAPP motions. Dkt. 88-2 at ¶ 5.

**MTO Hourly Rates**

7. In my initial declaration, I set forth the 2022 market rates for the MTO attorneys and paralegals for whose work Universal seeks compensation. Dkt. 88-2 at ¶ 16. I also set forth the 2022 discounted rates MTO charged Universal for those attorneys and paralegals. Dkt. 88-2 at ¶ 16. Although the market rates I set forth have increased for 2023, the discounted rates MTO has charged Universal for its work through this Reply have not. Thus, Universal seeks compensation for work on the Motion at the same billing rates set forth in my initial declaration, regardless whether the work was done in 2022 or 2023. For reference, below are the discounted rates for the attorneys and paralegals who worked on the Motion and for whom Universal seeks compensation:

| **Timekeeper** | **Discounted Rate for this Matter (2022 & 2023)** |
|---|---|
| Kelly M. Klaus | $1,158 |
| Grace Davis Fisher | $676 |
| Benjamin G. Barokh | $676 |
| Jennifer Galindo | $374 |
| Nneka Umoh | $245 |

8. For the same reasons stated in my initial declaration, I believe the hourly rates for these attorneys and staff in this case are reasonable in light of each individual's experience and skill level. Dkt. 88-2 at ¶¶ 13-19. That is especially true now that the market rates for these individuals are higher in 2023 than they were in 2022.

**MTO Hours Expended**

9. Under my direction and supervision, Mr. Barokh compiled the time and fee entries in this matter from the contemporaneous records included in the bills that will be sent to Universal. After reviewing the compilation, Mr. Barokh took the following steps with the assistance of our document processing team, and under my supervision:

   a. Mr. Barokh removed all entries for work done before December 20, 2022, when the Court entered its order granting in part Universal's anti-SLAPP motion. *See* Dkt. 83.

   b. Mr. Barokh removed all entries submitted by attorneys and staff other than the three attorneys and two paralegals for whose work on this Motion Universal seeks compensation.

   c. Mr. Barokh, in conjunction with Ms. Umoh, deleted any remaining entries to the extent they reflected work done on tasks unrelated to the Motion.

10. Attached as **Exhibit A** is the detailed spreadsheet Mr. Barokh produced using the methodology just described. I have reviewed this spreadsheet and believe it is in order pursuant to the directions described above. The spreadsheet includes time spent on tasks directly related to the Motion, including, for example, drafting the Motion and the Reply in support thereof, plus other filings accompanying those documents. The spreadsheet does not, however, include all the time billed to Universal in this matter. Specifically, it excludes all time spent on non-Motion related activity. For example, the spreadsheet does not include time relating to general case

management; discovery; or any analyses of issues unrelated the Motion (e.g., class certification). The number of hours the MTO attorneys and paralegals have worked on Universal's Motion is reasonable based on my experience.

11. The spreadsheet does not include all the time MTO will bill to Universal in connection with the Motion. For example, it does not include time MTO will spend preparing for and attending the hearing on the Motion, currently set for March 13, 2023. For that reason, Universal respectfully requests that, once the hearing is complete, the Court allow Universal to submit a supplemental declaration with related fees it incurred after filing this Reply.

12. The spreadsheet also does not include any time MTO has spent on Plaintiffs' motion for reconsideration of the anti-SLAPP ruling. *See* Dkts. 89, 94. For that reason, Universal respectfully requests that, if the Court denies Plaintiffs' motion, the Court allow Universal to submit a supplemental declaration with fees it incurred in connection with that reconsideration motion.

**Costs**

13. As of now, Universal has not incurred any out-of-pocket costs in connection with the Motion. Thus, Universal seeks only the $152.28 in costs that I detailed in my initial declaration. *See* Dkt. 88-8.

14. However, as with fees (*see* ¶¶ 11-12 above), Universal respectfully requests the opportunity to submit a supplemental declaration detailing any related costs incurred (1) after filing this Reply and (2) in connection with Plaintiffs' pending motion for reconsideration, if the Court denies that motion for reconsideration.

**Totals**

15. Subject to any additional fees Universal seeks under ¶¶ 11-12, 14 above, a summary of total fees and costs sought for work done in connection with the anti-SLAPP motions and for this Motion is attached as **Exhibit B** to this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I executed this declaration this 27th day of February 2023, at San Francisco, California.

/s/ Kelly M. Klaus
Kelly M. Klaus