CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT (admitted *pro hac vice*)
mpequignot@pmiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: (202) 328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive,<br><br>  Defendant, | Case No.: 2:22-cv-00459-SVW-AGR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SPECIAL MOTION TO STRIKE DATED DECEMBER 20, 2022** |

## I. INTRODUCTION

Plaintiffs' motion seeks reconsideration of this Court's holding that Defendant's *unprotected* acts of false advertising were nevertheless "in furtherance of [a protected] right…of free speech." *See*, e.g., Mot. for Recons. at 1. Defendant's opposition contends that Plaintiffs ignored the requirements of LR 7-18 and that the motion is otherwise unsupported on the merits. Defendant is wrong.

Expressly citing LR 7-18 (Mot. for Recons. at 1), and this Court's interpretation of the local rule in *Twyman* (*Id.*), Plaintiffs identified multiple errors in this Court's Order Granting In Part And Denying In Part Defendant's Special Motion To Strike (Dkt. 83) (hereafter "Order").[1] According to Plaintiffs' Motion, the Order made the factual error of concluding that "the trailer furthers public discourse of De Armas by representing what her next role is." Mot. for Recons. at 5. The Order, moreover, misconstrued Plaintiffs' argument that the anti-SLAPP statute did not apply to conduct unprotected by the First Amendment as an argument asserting a "commercial speech exception." *Id.* at 8 (*Comparing* Order at PID 1621-1622 to Plaintiffs' Opp. Dkt. 50 at PID 745; Dkt. 71, PID 1264, 1268).[2] Based on the foundation of these factual errors, Plaintiffs assert that the Order made a clear legal error when it concluded that *unprotected* speech furthered Defendant's First Amendment rights, in contravention of the California Supreme Court's narrowing of the applicability of California's anti-SLAPP statute in *Rand Resources*. Mot. for Recons. at 4-6.

As the California Supreme Court explained in *Rand Resources*, "the defendant's act

---

[1] This Court held in the *Twyman* case that a finding of clear error of law is a valid basis upon which to grant a motion for reconsideration under Rule 59(e). *See Twyman v. New Hampshire Ball Bearings Inc.*, 2022 WL 17357771 (C.D. Cal. Sept. 21, 2022) (Wilson, J.).

[2] Defendant's opposition claims that the Court already rejected Plaintiffs' arguments, but Plaintiffs instead submit that the Court never considered them. Compare Opposition at 2 ("But Plaintiffs already made, and this Court already rejected, the arguments they assert in their motion for reconsideration.") to Mot. for Recons. at 8 ("Plaintiffs made no such argument[.]")

1

underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech" and "a claim does not 'arise from' protected activity simply because it was filed after, or because of, protected activity, or when protected activity merely provides evidentiary support or context for the claim. Rather, the protected activity must 'supply elements of the challenged claim." *Rand Res., LLC v. City of Carson*, 6 Cal.5th 610, 621 (Cal. 2019) (internal citations omitted). Here, the gravamen of the complaint supplies the 'elements of the challenged' claim. And, it was the gravamen of Plaintiffs' complaint that the Court decided was *un*protected speech. Mot. for Recons. at 5. It is on this foundation that Plaintiffs assert that - following the recent narrowing of anti-SLAPP applicability in *Rand Resources* - unprotected speech categorically cannot "itself [be] an act in furtherance of the right of petition or free speech." *Rand,* 6 Cal. 5th at 621.

For the reasons detailed in Plaintiffs' opening brief, and for any other just reason that may be applicable, Plaintiffs respectfully request this Honorable Court to reconsider the portions of its Order that hold Cal. Civ. Proc. Code § 425.16 applies in this case.

## II.  ARGUMENT

### A.  Plaintiffs' Motion is Properly Founded on Manifest Factual Errors Resulting in Clear Error in this Court's Order

Contrary to Defendant's allegations in its opposition, Plaintiffs' Motion correctly identifies "a manifest showing of a failure to consider material facts." *See* LR 7-18(c). *See, e.g.,* Section I *supra*, discussing the factual error, relied upon in the Order, that Defendant's "trailer furthers public discourse of De Armas by representing what her next role is." *See*, also, Mot. for Recons. at 8 (pointing out that the Court misconstrued Plaintiffs' opposition as arguing that a "commercial speech exception" applies).

Since Plaintiffs' claims 'arise from' allegations that Ms. de Armas is not in the movie *Yesterday*, the Order's conclusion that Defendant's trailer informs movie consumers about what Ms. de Armas will be in next is a manifest misapprehension of facts, which the Court relied on when deciding that Cal. Civ. Proc. Code 425.16 applies in this case. Order at PID

1625 ("[T]he trailer furthers public discourse of De Armas by representing what her next role is.") (finding that anti-SLAPP law applies).

Likewise, the commercial speech exception argument that the Order incorrectly states that Plaintiffs made is manifestly different than the argument Plaintiffs actually made in their opposition. The commercial speech exemption, referenced in this Court's Order, is grounded in Cal. Civ. Proc. Code Section 425.17(c), and concerns the speech of a party, "engaged in the business of selling or leasing goods or services" that "pertains to the business of the speaker or his or her competitors." *Muddy Waters, LLC v. Superior Ct.*, 62 Cal. App. 5th 905, 919 (2021), *reh'g denied* (Apr. 23, 2021), petition for review filed (May 18, 2021). In other words, the exception is limited to applying only to competitors and more specifically to comparative advertising. *Id.* at 919-20 ("["[T]he language of section 425.17, subdivision (c), and subsequent case law indicate that the provision exempts 'only a subset of commercial speech'—specifically, comparative advertising"].)"). Here, Plaintiffs are not competitors to Universal City Studios, and there is no comparative advertising at stake. Accordingly, Plaintiffs never made a commercial speech exception argument but instead argued that "Defendant's intentional false advertising cannot further its right of *protected free speech* as a matter of law." *See* Plaintiffs' Opp. Dkt. 50 at PID 745.

As a result of at least these two manifest misapprehensions of fact, which resulted in a misapplication of law, Plaintiffs' motion properly seeks reconsideration of what Plaintiffs contend is a clear error in this Court's Order. *See* LR 7-18(c). Although satisfying the requirements of the express language of this Court's Local Rules, Plaintiff's Motion nevertheless also satisfies this Court's liberal interpretation of LR 7-18, which has resulted in the grant of motions for reconsideration based on 'clear error.' *See Twyman*, 2022 WL 17357771, at *3. In *Twyman,* this Court found that, "[o]n the basis of clear error, the Court now grants Defendant's motion to reconsider." *Id*. Eliminating doubt about the interpretation of LR 7-18, this Court explained when granting the motion in *Twyman* that it had reconsidered the relevant precedent. *Id*. at *5. ("The Court's reexamination of relevant precedent suggests that our previous reliance on *Kelly v. Traylor* to support a finding of triable fact is inapposite."). Defendant's effort to distinguish *Twyman* is

3

misleading and relies on quotations from the 'legal standards' section of the opinion, rather than on this Court's application of the Local Rule to the specific facts in that case. *Compare* Opposition, at 7 to *Twyman,* 2022 WL 17357771, at *3.

In addition to this Court, numerous courts in this District have granted reconsideration motions – or at least considered whether to grant such motions – on the basis of a "clear error of law." *See Santos Elecs. Inc. v. Outlaw Audio, LLC*, 822CV00827JVSKESX, 2022 WL 18396275, at *4 (C.D. Cal. Dec. 12, 2022) ("the Court concludes that this matter for reconsideration involves a 'clear error of law,' which the Court is entitled to correct in its discretion."); *see also, AOP Ventures, Inc. v. Steam Distrib., LLC*, EDCV1501586VAPKKX, 2016 WL 10586307, at *4 (C.D. Cal. Dec. 27, 2016); s*ee Ellington v. H.,* 217CV07587SVWJDE, 2019 WL 7865184, at *2 (C.D. Cal. Sept. 27, 2019).

Indeed, courts in this District "have concluded that justice is best served by entertaining motions for reconsideration based on a perceived error in application of law to ensure that the court's prior order is not "infected with error."' *Classical Silk, Inc. v. Dolan Group, Inc*., CV1409224ABMRWX, 2016 WL 7637668, at *3 (C.D. Cal. Mar. 1, 2016); *citing In re Countrywide Fin. Corp. Mortgage–Backed Sec. Litig.*, 966 F. Supp. 2d at 1040; *see also In re Hewlett–Packard Co. Sec. Litig*., No. SACV 11–1404, 2013 WL 3582761, at *1 (C.D. Cal. June 17, 2013) ("Some courts considering such requests have also applied standards typically used for reconsideration motions made under Federal Rules of Civil Procedure 59(e) or 60(b).").

Defendant cites *Dharan Kumar* in opposition, but there the party's motion for reconsideration was "ill-formatted and almost incomprehensible." *Dharan Kumar v. Ally Financial Inc et al,* 222CV05184SVWMRW, 2022 WL 18228183, at *1 (C.D. Cal. Dec. 1, 2022) (stated basis for motion was that the Court did not properly interpret a contract, though no claim for breach of contract was alleged). In *Mull,* though the Court denied the plaintiffs' motion for reconsideration, it allowed plaintiffs to file a renewed reconsideration motion. *See Mull v. Mot. Picture Indus. Health Plan, LA* CV 12-06693-VBF, 2019 WL 6655389, at *2 (C.D. Cal. July 12, 2019). And, in *Mercuri,* although the motion for

4

reconsideration was denied, the analysis that the Court performed was whether it committed a "clear error of law or fact." *See Mercuri v. Occidental Tower Apartments*, 2:18-CV-09612-SVW-SS, 2019 WL 4316248, at *1 (C.D. Cal. July 18, 2019).

### B. Plaintiffs' Arguments are Novel and Not "Recycled"

Defendant's stated position that Plaintiffs' arguments in the Motion for Reconsideration are "recycled" is similarly erroneous.

The primary issue raised in the Motion for Reconsideration is the inconsistency between the Court's determination that Defendant's false advertising is not protected speech on the one hand, and the Court's holding that Defendant's activities were nevertheless "in furtherance of" its right to "free speech" on the other hand. That issue is not recycled and, indeed, it did not arise until the Court issued its Order (Dkt. 83) on December 20, 2022, in reliance on the misapprehensions of facts discussed *supra*.

Noticeably absent from Defendant's Opposition is any attempt to distinguish or refute the principles announced in the legal authorities supporting Plaintiffs' position that there is a logical inconsistency between finding the "gravamen" of the claim (i.e., falsely advertising Ms. de Armas is in the film) to be unprotected by the First Amendment and at the same time finding the conduct to be in furtherance of Defendant's free speech rights. Indeed, Defendant's Opposition fails to mention the California Supreme Court's *Rand Resources* decision at all.

Instead, Defendant offers arguments that the *Rand Resources* decision volitionally rejects – that anti-SLAPP applicability can be bootstrapped by broadly framing the argument around Defendant's movie, merely because the movie provides evidentiary support for Plaintiffs' claims. Opp. at 8 ("Plaintiffs insist that even though they filed their action "'after' or 'because of' the movie Yesterday or its trailer," the Court was required to ignore the movie[.]"). Rejecting this sort of bootstrapping, and intentionally narrowing the scope of California's anti-SLAPP statute to curtail historical confusion and its further abuse, the Supreme Court expressly explained that "the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." *Rand Resources*, 6 Cal.5th at 621.

5

Here, the acts underlying Plaintiffs' cause of action are Defendant's false representations that Ms. de Armas is in the *Yesterday* movie. Order at p. 7. These false representations "supply the elements of the challenged claim." *Id.; see Prata v. Super. Ct.*, 111 Cal. Rptr. 2d 296 (Cal. App. 2d Dist. 2001) (The "fraudulent" prong of the UCL prohibits conduct that is likely to deceive members of the public.); *see Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 323 (Cal. App. 2d Dist. 2012), as modified on denial of reh'g (Feb. 24, 2012) (An "unlawful" business act is an act that violates some other law or regulation.). *See, also,* Order at 10 (noting that the UCL, FAL, and CLRA are consistently analyzed together because of their similarities). Even to the extent that 'reliance' is an element of a CLRA claim, Plaintiffs in this case allege that they relied on Defendant's false representations (e.g., in the *omitted* scenes) about the content of the movie. *See True v. American Honda Motor Co., Inc.*, 520 F. Supp. 2d 1175, 1182 (C.D. Cal. 2007) ("California law clearly holds that causation, in the form of reliance, likewise is an essential element of such claims."). Conversely, Plaintiffs made no assertion that the *Yesterday* movie itself included false representations. Accordingly, Plaintiffs did not rely on the movie content to their detriment. Thus the movie is only evidence that Defendant's representations about Ms. de Armas were in fact false. *Id.* at 1182 (construing "reliance" as altering position to a party's detriment). Perhaps this is why Defendant does not address *Rand Resources* – because its pronouncements are clear that, "activity [which] merely provides evidentiary support or context for the claim" cannot be the basis for finding anti-SLAPP applicability. *Rand Resources*, 6 Cal.5th at 621. "To prevail on an anti-SLAPP motion, a defendant must do more than identify some speech touching on a matter of public interest." *Id.* at 621. This is because "[a]t a sufficiently high level of generalization, any conduct can appear rationally related to a broader issue of public importance." *Id.* at 625.[3]

---

[3] Defendant, likewise, did not acknowledge, let alone attempt to distinguish other pertinent case law, requiring that anti-SLAPP activity be identified with pinpoint focus, resorting instead to broad-brush assertions and sidestepping to avoid the actual issues raised. *See, Flo & Eddie, Inc. v. Pandora Media, Inc.*, 2020 WL 6336124, at *3 (C.D. Cal. Oct. 22, 2020) quoting *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1190 (9th Cir.

The *Langer* decision relied on by Defendant in its Opposition for the proposition that the anti-SLAPP statute allegedly encompasses independent conduct that furthers the actual free speech itself, is inapposite. Opp. at 7. *Langer* involved a claim by a paraplegic for violation of the Americans with Disabilities Act ("ADA") as a result of the defendant's failure to have van-accessible parking. The Ninth Circuit, finding that Langer met his threshold constitutional burden under the anti-SLAPP statute, explained that "[a]pproaching the [defendant's] property to assess ADA compliance was an act in furtherance of [plaintiff's] right to petition [the court for violation of the ADA] under the First Amendment." *Langer v. Kaiser*, 57 F.4th 1085, 1105 (9th Cir. 2023) (affirming denial of anti-SLAPP motion for other reasons).

In other words, the pre-suit investigation performed by *Langer* was deemed to be ***protected*** activity because it was part and parcel to the constitutionally protected ADA lawsuit itself. This is logical, given that a pre-suit investigation is required by Federal Rule 11, before any lawsuit is filed in Federal Court. *See* Fed. R. Civ. P. 11. Consequently, Defendant's argument that the pre-filing investigation was a separate act from the ADA suit is itself flawed. Moreover, in contrast to *Langer*, this Court has already determined that Defendant's acts of false advertising are not inextricably intertwined with any of Defendant's protected speech. Order at 30-31 ("Universal has pointed to no non-commercial speech that could be intertwined with the trailer and, the inextricably intertwined exception to the commercial speech doctrine does not apply."). Likewise, because the false advertising acts are not inextricably intertwined with protected speech, this Court was able to find that – unlike the acts in *Langer* – they were ***unprotected*** by the First Amendment. This distinction alone distinguishes *Langer*.

---

2017) (holding that the determination of whether a defendant's conduct is "in furtherance" of a free speech right "require[es] courts to pinpoint exactly the conduct at issue" and "the conduct from which the claim arises is the conduct that constitutes the specific act of wrongdoing challenged by the plaintiff").

Although the distinction discussed *supra* is enough, other decisions nevertheless recognize that protections of speech have limits. If *Langer* had taken the further unlawful step of burning down the building for lack of ADA compliance 'in protest,' for example, his actions would not have been found to be constitutionally protected. *See*, *Flatley v. Mauro*, 39 Cal.4th 299, 324 (Cal. 2006) ("Moreover, by its very terms, section 425.16 does not apply to activity that is not in furtherance of the constitutional rights of free speech or petition and this would necessarily include illegal activity that falls outside protected speech and petition rights. See *Wilcox*, at p. 820 [the anti-SLAPP statute would not apply to a defendant's act of burning down a developer's office as a political protest]").[4]

In principle, Defendant's conduct is hardly different than the aforementioned hypothetical. Defendant has already admitted that its unlawful representations about Ms. de Armas are false, and this Court has ***already*** decided that the precise activity in this action – Defendant's ***false*** advertising – is not constitutionally protected. *See* Defendant's Motion to Strike/Dismiss, Dkt. 44 at PID 613 and 617; Order at PID 1647-1648 (Defendant's false commercial speech is unprotected). Accordingly, unlike in *Langer v. Kaiser* where Langer approached a building for a lawful purpose (i.e., as part of a pre-filing investigation before petitioning the courts), Defendant's false advertising has already been adjudged as unprotected by the First Amendment, the false representations had no legitimate purpose, and the false advertising could not further discourse about Ms. de Armas' next film appearance, because she was not in the film.

## III. CONCLUSION

For the reasons explained in Plaintiffs' Motion to Reconsider the Court's Order Granting in Part and Denying in Part Defendant's Special Motion to Strike Dated December 20, 2022 (Dkt. 89) and as further addressed in this Reply, Plaintiffs respectfully request this Honorable Court to (i) vacate its conclusion in the Order that Cal. Civ. Proc.

---

[4] Although the principles of *Flatley* apply to this case, its precise holdings have typically been limited to criminal unlawfulness.

8

Code 425.16 applies in this case, (ii) deny Defendant's anti-SLAPP motion to strike outright or at least as moot in view of the dismissal of Plaintiffs' CLRA and warranty claims under Fed. R. Civ. P. 12(b)(6); and (iii) grant such other relief to Plaintiffs as the Court determines to be appropriate.

Respectfully submitted,

Dated: February 27, 2023  By: /s/Matthew A. Pequignot

**LEJEUNE LAW, P.C.**
Cody R. LeJeune
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

**PEQUIGNOT + MYERS**
Matthew A. Pequignot (*Pro Hac Vice*)
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual