# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | March 9, 2023 |
| Title | Conor Woulfe et al v. Universal City Studios LLC et al | | |

**Present: The Honorable** STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [89]

Before the Court is a motion for reconsideration filed by Plaintiffs, ECF No. 89, seeking reconsideration of the Court's partial grant of Defendant's anti-SLAPP motion. ECF No. 83 (the "Order"). For the foregoing reasons, Plaintiffs' motion is DENIED.

Determination of a party's motion for reconsideration rests within the Court's discretion. *See United States v. Brobst*, 558 F.3d 982, 994 (9th Cir. 2009); *see also United States v. Hobbs*, 31 F.3d 918, 923 (9th Cir. 1994). Under this district's Local Rules, the Court cannot reconsider a previous ruling unless the party requesting reconsideration meets the following standard:

A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion....

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | March 9, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

C.D. Cal. Local Rule 7-18; *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (motion for reconsideration is not a vehicle to reargue the motion, present arguments which could reasonably have been raised earlier, or present evidence which should have been raised before). A court may also grant reconsideration where it committed clear error. *Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). "Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citation omitted).

A court should not experience déjà vu when reviewing a motion for reconsideration. Here, Plaintiffs' motion attempts to recycle arguments that the Court already considered and rejected. This alone should be a basis for denying the motion. *See e.g. Tortilla Factory, LLC v. United Nat. Foods, Inc.*, No. CV177539FMOGJSX, 2019 WL 4451230, at *2 (C.D. Cal. July 22, 2019) ("Where a motion for reconsideration raises no new arguments, but instead relies on the same arguments made in the party's original opposition, the motion for reconsideration should be denied.") (citations and quotations omitted); *Gray v. Golden Gate National Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (motions for reconsideration not "to be used to ask the Court to rethink what it has already thought"). But even reviewing the merits of Plaintiffs' arguments, the Court does not find any clear error of law or a failure to consider material facts, which would warrant granting reconsideration.

Plaintiffs first contend that the Court's finding that the trailer was in furtherance of the right to free speech was inconsistent with the plain meaning of the anti-SLAPP statute. But a plain reading of the text does not support Plaintiffs' contention. The phrase "in furtherance" "[b]y its terms, […] includes not merely actual exercises of free speech rights but also conduct that furthers such rights." *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010) (citing Cal.Civ.Proc.Code § 425.16(e)(4)); *see also Langer v. Kiser*, 57 F.4th 1085, 1105 (9th Cir. 2023) ("The threshold showing encompasses 'not merely actual exercises of free speech rights,' such as the ADA action Langer later filed, but also 'conduct that furthers such rights,' such as entering the property and documenting ADA noncompliance.") (citations omitted); Order at 8 n.2. And here it is clear that conduct underlying

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | March 9, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

Plaintiffs' complaint, the advertisement of the movie, is an act in furtherance of Defendant's First Amendment rights – the creation and dissemination of a movie. Order at 8; *Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133, 143, 122 Cal. Rptr. 3d 264, 271 (2011) ("The creation of a television show is an exercise of free speech. […] Here, defendants' acts helped to advance or assist in the creation, casting, and broadcasting of an episode of a popular television show.") (citations and quotations omitted).

To contend that the anti-SLAPP statute does not apply, Plaintiffs cite to *Flatley v. Mauro*, 39 Cal.4th 299, 324 (Cal. 2006) for the proposition that illegal conduct that may technically be in furtherance of First Amendment activity, such as committing arson in protest, is outside of the ambit of the anti-SLAPP statute. Reply. at 8. Plaintiffs further argue that because Defendant's alleged false advertising is illegal activity, analogous to arson, Defendant's alleged false advertising falls outside the ambit of the anti-SLAPP statute. But Plaintiffs' reliance on *Flatley* is flawed for two reasons. First, *Flatley* stands for the proposition that in the "narrow circumstance, where either the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence, the [anti-SLAPP] motion must be denied." *Flatley*, 39 Cal. 4th at 316. Here, Plaintiffs have not established as a matter of law that Defendant's conduct was "illegal." Rather, the Court's order only determined that, applying the standards of Federal Rule of Civil Procedure 12(b)(6), Plaintiffs stated a plausible claim.

Second, and most critically, "'Illegal' in this context refers to criminal conduct[.]" *Aron v. WIB Holdings*, 21 Cal. App. 5th 1069, 1083, 231 Cal. Rptr. 3d 1, 13 (2018) (cleaned up and citations and quotations omitted); *see Mendoza v. ADP Screening & Selection Servs., Inc.*, 182 Cal. App. 4th 1644, 1654, 107 Cal. Rptr. 3d 294, 303 (2010) ("Our reading of *Flatley* leads us to conclude that the Supreme Court's use of the phrase "illegal" was intended to mean criminal, and not merely violative of a statute); *Flatley*, 39 Cal. 4th at 305 ("Mauro's communications constituted criminal extortion as a matter of law and, as such, were unprotected by constitutional guarantees of free speech or petition."). Thus, even if Plaintiffs could establish the "illegality" of Defendant's conduct as a matter of law, *Flatley* would still be inapplicable, because Plaintiffs have not asserted that Defendant's conduct was a violation of criminal law. Accordingly, the Court rejects these arguments.

Turning to Plaintiffs second argument, Plaintiffs rehash their arguments that the trailer was not in connection with a public issue. Primarily, Plaintiffs contend that the Court erred and "misse[d] the point of this case", Mot. at 8, by determining that the trailer advanced discourse regarding Ana de Armas,

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | March 9, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

when De Armas was not in the ultimate movie.  But it is puzzling how the Court has missed the point of this case, when Plaintiffs' claims are premised on the theory that consumers would believe that De Armas would be in the movie based on the trailer.  *See e.g.* Compl. at ¶¶ 88-89.  Regardless of whether De Armas was in the ultimate movie or not, the trailer would still advance public discourse regarding De Armas.  Order at 9.

As noted by the Defendant, Plaintiffs' motion for reconsideration is based on disagreement with the Court's Order[, which] is not a proper ground for seeking reconsideration pursuant to Local Rule 7-18(a).") *Rockefeller v. Perkins Coie LLP*, No. 209CV04675SVWFFM, 2019 WL 1034316, at *1 (C.D. Cal. Jan. 31, 2019) (citations omitted).  Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |