LEJEUNE LAW, P.C.
CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
445 S. Figueroa St Ste 3100
Los Angeles CA 90071
Tel. (985) 713-4964

SHEEHAN & ASSOCIATES, P.C.
SPENCER SHEEHAN*
spencer@spencersheehan.com
60 Cuttermill Rd, Suite 412
Great Neck NY 11021
Tel. (516) 2340-7800

PEQUIGNOT + MYERS
MATTHEW A. PEQUIGNOT*
mpequignot@pmiplaw.com
2585 Ala Namahana Pkwy #1007
Kilauea HI 96754
Tel. (202) 328-1200

* (admitted *Pro Hac Vice*)

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:  April 3, 2023<br>Time:  1:30 P.M.<br>Courtroom:  10A |

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................i

TABLE OF AUTHORITIES...........................................................................................ii

FACTUAL BACKGROUND...........................................................................................1

LEGAL STANDARDS ...................................................................................................1

ARGUMENT...................................................................................................................2

I.      REQUIREMENTS OF RULE 23(A) ARE SATISFIED ....................................2

        A.      Numerosity Met because Hundreds of Thousands of Persons Impacted ...............2

        B.      Common Questions Exist About *Yesterday*'s Promotions with De Armas...........2

        C.      Plaintiffs' Claims are Typical to Other Class Members' ........................................3

        D.      Plaintiffs Will Adequately Protect Interests of Class ...............................................3

II.     REQUIREMENTS OF RULE 23(B)(2) ARE SATISFIED.................................4

III.    REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED.................................4

        A.      Common Questions Predominate .........................................................................5

        B.      Class Treatment is Superior....................................................................................5

        C.      The Court Can Modify the Proposed Classes........................................................7

        D.      Damages Can Be Established Consistent With Plaintiffs' Theory of Liability .................9

                1.      "Full Refund" Model Consistent With Plaintiffs' Case Theory.................9

                2.      Class Members Can Show "Price Premium" Damages...........................12

IV.     REQUIREMENTS OF RULE 23(C)(4) ARE SATISFIED...............................14

CONCLUSION ...............................................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

i

# TABLE OF AUTHORITIES

**CASES**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)........................................................................................5, 6

*Bowerman v. Field Asset Servs., Inc.*,
  39 F.4th 652 (9th Cir. 2022) .................................................................................6

*Brazil v. Dole Packaged Foods, LLC*,
  No. 12-cv-1831, 2014 WL 2466559 (N.D. Cal. May 30, 2014)............................13

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) ..........................................................................6, 7

*Castillo v. Johnson*,
  853 F. App'x 125 (9th Cir. 2021) ..........................................................................9

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013)................................................................................................9

*D.C. v. Cty. of San Diego*,
  783 F. App'x 766 (9th Cir. 2019) ........................................................................14

*Davidson v. Apple, Inc.*,
  No. 16-cv-4942, 2018 WL 2325426 (N.D. Cal. May 8, 2018)..............................13

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ................................................................................4

*Hadley v. Kellogg Sales Co.*,
  324 F. Supp. 3d 1084 (N.D. Cal. 2018)............................................................5, 13

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..............................................................................3

*Hilsley v. Ocean Spray Cranberries, Inc.*,
  No. 17-cv-2335, 2019 WL 3006465 (S.D. Cal. July 10, 2019)............................13

*In re Deepwater Horizon*,
  739 F.3d 790 (5th Cir. 2014) ..............................................................................14

*In re Hyundai and Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019) ................................................................................5

*In re Northern Dist. of California, Dalkon Shield IUD Prods. Liab. Litig.*,

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

ii

693 F.2d 847 (9th Cir. 1982) ....................................................................14

*In re Vioxx Class Cases*,
103 Cal. Rptr. 3d 83 (2009) ....................................................................12

*In re Wells Fargo Home Mortg. Overtime Pay Lit.*,
571 F.3d 953 (9th Cir. 2009) ....................................................................5

*Just Film, Inc. v. Buono*,
847 F.3d 1108 (9th Cir. 2017) ....................................................................3

*Krommenhock v. Post Foods, LLC*,
334 F.R.D. 552 (N.D. Cal. 2020)....................................................................12

*Lambert v. Nutraceutical Corp.*,
870 F.3d 1170 (9th Cir. 2017) ....................................................................9

*Leyva v. Medline Industries Inc.*,
716 F.3d 510 (9th Cir. 2013) ....................................................................14

*Lilly v. Jamba Juice Co.*,
308 F.R.D. 231 (N.D. Cal. 2014) ....................................................................14

*LSIMC, LLC v. Am. Gen. Life Ins. Co.*,
No. 20-cv-11518, 2022 WL 4596597 (C.D. Cal. Aug. 4, 2022) ....................................14

*Martin v. Pac. Parking Sys. Inc.*,
583 F. App'x 803 (9th Cir. 2014) ....................................................................7

*Mazza v. Am. Honda Motor Co., Inc.*,
666 F.3d 581 (9th Cir. 2012) ....................................................................2

*Miller v. Fuhu Inc.*,
No. 14-cv-6119, 2015 WL 7776794 (C.D. Cal. Dec. 1, 2015)....................................13

*Molski v. Gleich*,
318 F.3d 937 (9th Cir. 2003) ....................................................................3

*Moorer v. StemGenex Med. Grp., Inc.*,
830 F. App'x 218 (9th Cir. 2020) ....................................................................9

*Probe v. State Teachers' Ret. Sys.*,
780 F.2d 776 (9th Cir. 1986) ....................................................................4

*ProtectMarriage.com v. Bowen*,
262 F.R.D. 504 (E.D. Cal. 2009) ....................................................................6

*Pulaski & Middleman, LLC v. Google, Inc.*,

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

iii

802 F.3d 979 (9th Cir. 2015) ...................................................................................9

*Radcliffe v. Experian Info. Solutions Inc.*,
  715 F.3d 1157 (9th Cir. 2013) ...............................................................................3

*Rahman v. Mott's LLP*,
  693 F. App'x 578 (9th Cir. 2017) ........................................................................14

*Rannis v. Recchia*,
  380 Fed. App'x 646 (9th Cir. 2010) .......................................................................2

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...................................................................................3

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ...................................................................................9

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ...................................................................................3

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011) ...............................................................................8

*Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016) ............................................................................5, 7

*Toyota Motor Corp. Hybrid Brake Mktg., Sales Pracs. & Prod. Liab. Litig.*,
  No. 10-md-2172, 2012 WL 4904412, at *1 (C.D. Cal. Sept. 20, 2012) ................13

*Valentino v. Carter-Wallace, Inc.*,
  97 F.3d 1227 (9th Cir. 1996) .................................................................................14

*Vaquero v. Ashley Furniture Indus., Inc.*,
  824 F.3d 1150 (9th Cir. 2016) ...............................................................................9

*Vinole v. Countrywide Home Loans, Inc.*,
  571 F.3d 935 (9th Cir. 2009) ...................................................................................6

*Walker v. Life Ins. Co. of the SW*,
  953 F.3d 624 (9th Cir. 2020) ...................................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ............................................................................................2, 4

*Wolin v. Jaguar Land Rover. N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010) ...............................................................................5

*Woulfe v. Universal City Studios LLC*,

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

iv

No. 22-cv-00459, 2022 WL 18216089 (C.D. Cal. Dec. 20, 2022)....................................1, 4, 9

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) .............................................................................................1, 6

**RULES**

Fed. R. Civ. P. 23(a) ...........................................................................................................1

Fed. R. Civ. P. 23(a)(1) .......................................................................................................2

Fed. R. Civ. P. 23(a)(2) .....................................................................................................2, 3

Fed. R. Civ. P. 23(a)(3) .......................................................................................................3

Fed. R. Civ. P. 23(a)(4) .......................................................................................................3

Fed. R. Civ. P. 23(b) ...........................................................................................................1

Fed. R. Civ. P. 23(b)(2) .......................................................................................................4

Fed. R. Civ. P. 23(b)(3) ..................................................................................................4, 5, 6

Fed. R. Civ. P. 23(b)(3)(A) .................................................................................................6

Fed. R. Civ. P. 23(b)(3)(B) .................................................................................................6

Fed. R. Civ. P. 23(b)(3)(C) .................................................................................................6

Fed. R. Civ. P. 23(b)(3)(D) .................................................................................................7

Fed. R. Civ. P. 23(c)(4) ......................................................................................................14

Fed. R. Civ. P. 23(g)(1)(A)(i) .............................................................................................4

Fed. R. Civ. P. 23(g)(1)(A)(ii) ............................................................................................4

Fed. R. Civ. P. 23(g)(1)(A)(iii) ...........................................................................................4

Fed. R. Civ. P. 23(g)(1)(A)(iv) ...........................................................................................4

Fed. R. Civ. P. 23(g)(2) .......................................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

v

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ......................................................................... 1

Cal. Bus. & Prof. Code § 17500 ......................................................................... 1

MD Comm. L. Code § 13-301 ............................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

vi

Plaintiffs Conor Woulfe and Peter Michael Rosza ("Plaintiffs") submit this Memorandum of Points and Authorities in Support of their Motion for Class Certification.

## FACTUAL BACKGROUND

Universal City Studios LLC ("Defendant" or "Universal") advertised the 2019 movie *Yesterday* "to prospective movie viewers that the world famous actress Ana De Armas has a substantial character role in the film," even though she is not present even for one scene. Complaint, ECF No. 1 at ¶¶ 3, 4.

Plaintiffs viewed *Yesterday* based on Universal's marketing, and seek relief based on the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq. and Maryland's Consumer Protection Act ("CPA"), MD Comm. L. Code § 13-301 et seq.

Following Defendant's Motion to Dismiss, the Court permitted Plaintiffs' FAL, UCL, CPA and unjust enrichment claims to proceed. ECF. No. 83; *Woulfe v. Universal City Studios LLC*, No. 22-cv-00459, 2022 WL 18216089, at *1 (C.D. Cal. Dec. 20, 2022).

## LEGAL STANDARDS

To obtain class certification, Plaintiffs "bear[s] the burden of demonstrating that [they] ha[ve] met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

That is, the class should be certified if the requirements of numerosity, commonality, typicality, and adequacy of representation are met (as well as one prong of Rule 23(b)). Mazza v. Am. Honda Motor Co., Inc., 666 F.3d 581, 588 (9th Cir. 2012). Fed. R. Civ. P. 23(a)

If all four prerequisites of Rule 23(a) are satisfied, Plaintiffs must also satisfy at least one of the three subsections of Rule 23(b).

A class should be certified under Rule 23(b)(3) if a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

1

The class certification analysis "may entail some overlap with the merits of the plaintiff's underlying claim." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465–66 (2013) Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen*, 568 U.S. at 466.

"Merits questions may be considered to the extent—but only to the extent—that they are relevant to determine whether the Rule 23 prerequisites for class certification are satisfied." If a court concludes that the moving party has met its burden of proof, then the court has broad discretion to certify the class. *Zinser*, 253 F.3d at 1186.

## ARGUMENT

## I.    REQUIREMENTS OF RULE 23(A) ARE SATISFIED

### A.    Numerosity Met because Hundreds of Thousands of Persons Impacted

Though "[t]he numerosity requirement is not tied to any fixed numerical threshold[,]" Defendant's failure to dispute that it "has sold at least hundreds of thousands of [*Yesterday*] tickets, or online or physical [] rentals or purchases" means that joinder of all viewers would be "impracticable." *Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010) (finding 40 members sufficient to satisfy Fed. R. Civ. P. 23(a)(1); SAC, ECF No. 36 at ¶ 120.

### B.    Common Questions Exist About *Yesterday*'s Promotions with De Armas

Commonality is satisfied because "class members' claims 'depend upon [the] common contention'" that De Armas' promotion in *Yesterday* misled movie viewers to expect she appeared in the film, and a "determination of its truth or falsity will resolve [the] issue that is central to the validity of each [claim] in one stroke." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588-89 (9th Cir. 2012) quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)  and Fed. R. Civ. P. 23(a)(2).

That Plaintiffs or class members may have had different expectations of whether De Armas would have a cameo or starring role in *Yesterday* is of no significance, as "[a]ll questions of fact and law need not be common [,] [as] [T]he existence of shared legal issues with divergent factual

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

2

1    predicates is sufficient." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) citing

2    Fed. R. Civ. P. 23(a)(2).

3        C.    Plaintiffs' Claims are Typical to Other Class Members'

4        Like for commonality, "[T]he [typicality] requirement is permissive, such that '[Plaintiffs']

5    claims['] are 'typical' [because] they are reasonably coextensive with those of absent class

6    members." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116-18 (9th Cir. 2017) citing Fed. R. Civ. P.

7    23(a)(3).

8        Whether Plaintiffs and class members were devotees or "super fans" of De Armas or

9    merely chose to watch a movie with "Hollywood's New It-Girl," "[S]ome degree of individuality

10   is to be expected [], but that specificity does not necessarily defeat typicality."[1] *Hanlon*, 150 F.3d

11   at 1020.

12

13       D.    Plaintiffs Will Adequately Protect Interests of Class

14       Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because "the[y] [] and their [C]ounsel [do not]

15   have any conflicts of interest with other class members, and and [] will [continue to] prosecute the

16   action vigorously on behalf of the [C]lass." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)

17   citing *Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir. 2003).

18       The relief sought by Plaintiffs is identical to what they seek for the Class, in contrast to

19   situations where "class representatives face[d] significantly different financial incentives" because

20   they "ha[d] an advance guarantee that a request for a relatively large incentive award w[ould] be

21   made." *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013); *Rodriguez*

22   *v. West Publ'g Corp.*, 563 F.3d 948, 960 (9th Cir. 2009).

23       Plaintiffs' Counsel seeks appointment as Class Counsel because they are qualified under

24   Fed. R. Civ. P. 23(g)(2). First, Plaintiffs' Counsel has "identif[ied] or investigat[ed] [the] potential

25   claims in th[is] [A]ction," which this Court described as a "novel application of false advertising

26   _____

27   [1] Por Pía Velasco, Ana de Armas: Hollywood's New It-Girl, *People en Espanol*, Aug. 27, 2016.

28   MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

3

1    laws to movie trailers." Fed. R. Civ. P. 23(g)(1)(A)(i); *Woulfe*, 2022 WL 18216089, at *1.

2          Second, Plaintiffs' Counsel has "experience in handling class actions, other complex

3    litigation, and the types of claims asserted [here]," indicated on their Firm Resumes. Exhibit "A,"

4    Firm Resumes. Fed. R. Civ. P. 23(g)(1)(A)(ii).

5          Third, Plaintiffs' Counsel's "knowledge of the applicable law" is unique and specialized,

6    not just from this litigation but from decades of collective experiences in their respective areas,

7    applied to these novel facts. Fed. R. Civ. P. 23(g)(1)(A)(iii).

8          Fourth, Plaintiffs' Counsel has sufficient "resources [to] commit to representing the

9    [C]lass," in terms of lawyers and administrative personnel, disseminating notice to the Class upon

10   certification, and retaining experts capable of calculating price premium damages. Fed. R. Civ. P.

11   23(g)(1)(A)(iv).

12   **II.     REQUIREMENTS OF RULE 23(B)(2) ARE SATISFIED**

13         Though the Court denied Plaintiffs' claim for injunctive relief, it should certify the Class

14   under Fed. R. Civ. P. 23(b)(2) because "[Defendant] has [] refused to act on grounds that apply

15   generally to the class," by committing to refrain from misleading movie promotion activities

16   beyond *Yesterday*, "s[uch] that [] declaratory relief is appropriate respecting the [C]lass as a

17   whole."

18         Though Defendant may contend "that this action may not proceed as a class action under

19   Rule 23(b)(2) because [P]laintiffs request damages," "this standard has been called into doubt by

20   the Supreme Court." *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986) *compare

21   with Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) quoting *Dukes*, 564 U.S.

22   at 366 ("not decid[ing] [] whether there are any forms of 'incidental' monetary relief that are

23   consistent with the interpretation of Rule 23(b)(2) we have announced and that comply with the

24   Due Process Clause.").

25   **III.    REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED**

26         The "predominance and superiority requirements" of Fed. R. Civ. P. 23(b)(3) are

27

28
MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

4

established because resolution of Plaintiffs' claims' "would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Wells Fargo Home Mortg. Overtime Pay Lit.*, 571 F.3d 953, 958 (9th Cir. 2009) quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citing Fed. R. Civ. P. 23(b)(3)).

### A.    Common Questions Predominate

Defendant may suggest that whether Plaintiffs and class members were misled "involve[s] inherently individualized determinations," based on where and how they learned of De Armas' was in *Yesterday*, i.e., a trailer online or in a theater and/or from other promotional efforts, and the extent of her role, i.e., did she sing or only have a cameo?, which would render "classwide litigation [] inefficient and unmanageable." *Wolin v. Jaguar Land Rover. N. Am., LLC*, 617 F.3d 1168, 1176 (9th Cir. 2010).

However, because "deception and materiality under the FAL [...] [,] UCL [and CPA] are objective questions," determining whether Universal's promotion of *Yesterday* with De Armas was misleading "will not require the [C]ourt to investigate class members' individual interaction with [its multifaceted] [marketing]." *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1115 (N.D. Cal. 2018).

Predominance "is 'readily met' in cases [like this] alleging consumer fraud" because this "cohesive group of individuals suffered the same harm in the same way," based on Universal's "mass marketing efforts, common to all consumers," and "[the] mo[st] important question[] apt to drive the resolution of the litigation" is their shared expectation that she appeared in the film. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 559 (9th Cir. 2019); *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).

### B.    Class Treatment is Superior

Plaintiffs' claims satisfy "[T]he superiority prong of Rule 23(b)(3)" because "a class action is superior to other available methods for fairly and efficiently adjudicating th[is] controversy" for

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

5

several reasons. *Zinser*, 253 F.3d at 1200; *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) quoting Fed. R. Civ. P. 23(b)(3).

First, there is no evidence that "[C]lass [M]embers' [have any] interest[s] in individually controlling the prosecution [] of separate actions," because it "involve[s] [a] low-cost product[s] [from a $3.99 rental to theater ticket upwards of $20 in big cities] and, as a result, [their] recoveries too small to incentivize individual litigation."[2] Fed. R. Civ. P. 23(b)(3)(A); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) citing *Amchem*, 521 U.S. at 617.

This is the type of scenario "the Advisory Committee [for Rule 23(b)(3)] had dominantly in mind [*viz.*,] vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652, 664 n.8 (9th Cir. 2022) quoting *Amchem*, 521 U.S. at 617.

Second, Fed. R. Civ. P. 23(b)(3)(B) weighs in Plaintiffs' favor because "[there is no other] litigation concerning the controversy already begun by [] [C]lass [M]embers," which means "[there is] [] [no] threat of multiplicity and a risk of inconsistent adjudications," because "[none] of the interested parties have decided that individual actions are an acceptable way to proceed." *Zinser*, 253 F.3d at 1191.

Third, "the desirability [] of concentrating the litigation of the[se] claims in th[is] [] forum" is supported, "considering the presence of Defendant[s] within th[is] [S]tate and the substance of the challenge [under] California law." *ProtectMarriage.com v. Bowen*, 262 F.R.D. 504, 509 (E.D. Cal. 2009) quoting Fed. R. Civ. P. 23(b)(3)(C).

Finally, while "Rule 23 does not impose a freestanding administrative feasibility prerequisite," "there is [an] administratively feasible manner to determine [the] central criterion of class membership," "by [the] objective criteria" of all purchasers of tickets or licenses for *Yesterday*, who either viewed a trailer with De Armas or were otherwise aware of her role based on the mass marketing by Universal. *Martin v. Pac. Parking Sys. Inc.*, 583 F. App'x 803, 804 n.3

---

[2] Fandango.com, checkout screen for Creed III (IMAX), San Francisco, CA, Mar. 3, 2023.

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

6

1   (9th Cir. 2014) citing Fed. R. Civ. P. 23(b)(3)(D) and *Briseno*, 844 F.3d at 1126.

2       This information can be determined with specificity, through the records of Defendant,

3   digital video distributors such as Amazon, Vudu and iTunes and brick-and-mortar cinemas such

4   as AMC. Further, this can provide data and identification of all persons who watched the trailer

5   with De Armas, which such persons being presumed to have purchased or licensed the film based

6   on her role.

7

        C.   The Court Can Modify the Proposed Classes
8
        Although the two proposed classes are suitable for certification, "the [] [C]ourt may elect
9
    to separate the class into subclasses, or adjust the scope of the class definition," as identified below.
10
    *Torres*, 835 F.3d at 1139.
11

12              Class I: All persons who were exposed to Defendant's advertising

13              representing that the actress Ana de Armas was in the movie

14              Yesterday, and who purchased, in California or Maryland, any

15              tickets for theater viewership or who rented or purchased physical

16              or electronic copies of the movie Yesterday, for personal use, within

17              the applicable statute of limitations, until the date notice is

18              disseminated.

19              Class II: All persons who rented or purchased physical or electronic

20              copies of the movie Yesterday in California or Maryland, for

21              personal use, from vendors that listed Ana de Armas as a cast

22              member, or which rented or purchased physical or electronic copies

23              of Yesterday, for personal use, after keyword searching for the

24              actress Ana de Armas on platforms which keyword linked Ana de

25              Armas' name to the movie Yesterday, within the applicable statute

26              of limitations, until the date notice is disseminated.

27   Although not believed to be necessary because of the widespread, long-term exposure of

28
MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

7

consumers to Defendant's advertising, alternative proposed Class I narrows the class to persons defined as expressly exposed to Defendant's advertising that Ana de Armas was in Yesterday. *Walker v. Life Ins. Co. of the SW*, 953 F.3d 624, 634 (9th Cir. 2020) ("Can a class definition, which extends membership only to those who were exposed to alleged misrepresentations, automatically trigger the presumption? We cannot think of any good reason why not[.]") (approving a class definition which yields a presumption of reliance).

Alternative proposed Class II is even more specific. Movie vendor platforms such as VUDU listed Ana de Armas as a *Yesterday* cast member in words, accompanied by her photograph, next to a "rent" and "buy" button. Sec. Am. Compl. ¶ 23.



Accordingly, it is self-evident that any person that rented or purchased *Yesterday* from sites such as VUDU were exposed to the uniform advertising messaging that de Armas was in the movie.  Likewise, there can be no doubt that anyone that searched for Ms. de Armas' name, and was sold the movie Yesterday as a result was both exposed to and relied upon the advertising. *Walker*, 953 F.3d at 634; *see also*, *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 n.13 (9th Cir. 2011) ("One might even say that, in effect, California has created what amounts to a conclusive presumption that when a defendant puts out tainted bait and a person sees it and bites, the defendant has caused an injury; restitution is the remedy.").

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

8

### D.     <u>Damages Can Be Established Consistent With Plaintiffs' Theory of Liability</u>

Though Defendant may assert that "predominance fails because damages cannot be measured on a classwide basis," "the need for individualized findings as to the amount of damages does not defeat class certification," "even after *Comcast*." *Moorer v. StemGenex Med. Grp., Inc.*, 830 F. App'x 218, 219-20 (9th Cir. 2020) citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 34-35 (2013); *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016).

Plaintiffs satisfy the requirements of *Comcast* because "[their] [two] method[s] for calculating damages on a class-wide basis [] [are] reasonably administrable and 'consistent with [their] liability case," because "[they] stemmed from the [D]efendant's actions" of promoting *Yesterday* with De Armas, which induced them and class members to pay for a movie they otherwise would not have. *Castillo v. Johnson*, 853 F. App'x 125, 126 (9th Cir. 2021) quoting *Comcast*, 569 U.S. at 35; *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 987-88 (9th Cir. 2015).

#### 1. "Full Refund" Model Consistent With Plaintiffs' Case Theory

Plaintiffs intend to "measur[e] class wide damages under the full refund model … on the basis that [their purchase of *Yesterday* without De Armas] ha[d] no or only a de minimis value," because "Defendant's false and misleading representations [about De Armas' role]" resulted in their paying for a movie "[which] effectively provided [them] with no value at all." *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1183 (9th Cir. 2017); *Woulfe*, 2022 WL 18216089, at *11 quoting Compl. ¶ 113.

This "full refund" approach is also consistent with *Sonner* and this Court's decision that "Plaintiffs have sufficiently alleged that they lack an adequate remedy at law." *Woulfe*, 2022 WL 18216089, at *10 citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

In the context of movies, trailers are "excerpts from the film [which] represent and promote its overall tone and genre, story and star(s) … enable[ing] the moviegoer to decide whether the

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

9

1  film is what they would want to watch."[3]

2  That Plaintiffs and class members paid to view *Yesterday* based on De Armas' believed

3  role is confirmed by Finsterwalder et al., who recognized that "[O]f all the stakeholders involved

4  in the production of a film, the actors are the face to the public." According to Ulker-Demirel et

5  al., "[T]he findings show that actors [] have an impact on audiences' preferences [and] can be

6  determinative in terms of movie expectations of audiences."[4]

7  In "the first rigorous exploration of the disparate range of audience perspectives on, and

8  responses to, the trailer," Johnson et al. surveyed over 500 viewers to determine "what specific

9  textual details audiences remember and why."[5] They determined "that predictable categories

10 dominate [such as] star (or cast) [and] recur across these responses, and appear to confirm

11 academic research."

12 Of the 280 respondents who identified three aspects of the sample trailer they viewed, 32%

13 referenced "Star/actor/cast (including specific reference to actor's body)," seven percent greater

14 than any other attribute, "an indication that stars remain a memorable sales message within the

15 film and trailer industry."

16 Karniouchina examined how, "even for poorly received films, the overall impact of star

17 buzz is positive because the initial revenue boost normally outweighs the later decline" as

18 "[V]arious events in stars' public and private lives generate consumer interest," measured "by the

19 intensity of Internet searches."[6]

20 Applying this principle to Google Trends, a publicly available tool to "[E]xplore what the

21 United States is [or was] searching for," it is apparent that De Armas' popularity surged

22

---

[3] Jörg Finsterwalder et al. "The effects of film trailers on shaping consumer expectations in the entertainment industry – A qualitative analysis." Journal of Retailing and Consumer Services 19.6 (2012): 589-595.

[4] Elif Ulker-Demirel et al., "Marketing and consumption of art products: The movie industry." Arts and the Market (2018).

[5] Keith M. Johnston et al., "Watching the trailer: Researching the film trailer audience." Participations 13.2 (2016): 56-85.

[6] Ekaterina V. Karniouchina, "Impact of star and movie buzz on motion picture distribution and box office revenue." International Journal of Research in Marketing 28.1 (2011): 62-74.

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

10

1  corresponding with *Yesterday*'s critical release at the Tribeca Film Festival on May 8, 2019 and

2  though her trend score could only decline from 100, it experienced a boost in late June 2019

3  corresponding with its domestic release.[7]



21  As in *Lambert*, Plaintiffs "present[] evidence that the [movie] at issue was valueless and

22  therefore amenable to full refund treatment." Lambert v. Nutraceutical Corp., 870 F.3d 1170, 1181

23  n.8 (9th Cir. 2017),*Lambert*, 870 F.3d at 1175.

25  Unlike situations where courts "found that a full refund model was inappropriate [] because

---

[7] Google Trends, Ana De Armas, April 1, 2019 to August 1, 2019.

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

11

1    there were potential class members who never [experienced the deficiencies of other class

2    members," all class members paid to watch a movie without its most recognizable star.  *Reitman*

3    *v. Champion Petfoods USA, Inc.*, 830 F. App'x 880, 882 (9th Cir. 2020) (declining to credit "full

4    refund" model where some buyers of dog food did not receive bags containing contaminant of

5    pentobarbital).

6        While "challenged products and practices in [] mislabeling and deceptive advertising cases

7    [typically] confer[s] some benefit on the [purchasers]," "[P]laintiffs [will] prove [*Yesterday*

8    without De Armas] ha[d] no value to them." *Kivett v. Flagstar Bank*, 506 F. Supp. 3d 749, 764

9    (N.D.. Cal. 2020); *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 795-96 (2015) citing *Ortega v.*

10   *Nat. Balance, Inc.*, 300 F.R.D. 422, 430 (C.D. Cal. 2014), *order reinstated sub nom*. *Lambert v.*

11   *Nutraceutical Corp.*, No. 13-cv-05942, 2020 WL 12012559, at *11 (C.D. Cal. Jan. 8, 2020)

12   (dietary supplement class certified where product "was valueless and therefore amenable to full

13   refund treatment."); *see also Makaeff v. Trump Univ.*, 309 F.R.D. 631, 639 (S.D. Cal. Sept. 18,

14   2015) (allowing full refund model where plaintiffs' theory of liability was that the students

15   "received none of the advertised benefits of [Trump University]");

16       Finally, Plaintiffs will go beyond "approximat[ing]" their damages under their "full

17   refund" model, because the precise number of tickets and licenses for *Yesterday*, and how much

18   each viewer paid, can be determined upon Defendant's satisfaction of its discovery obligations.

19   *Lambert*, 870 F.3d at 1183 (allowing "full refund" damages theory where plaintiffs had to

20   "approximate" average prices)

21           2.   Class Members Can Show "Price Premium" Damages

22       Plaintiffs can similarly demonstrate damages through a "price premium" model, by

23   applying "conjoint surveys and analyses" to determine how much they and class members paid to

24   view *Yesterday* based on the "false or misleading" representation De Armas was in the movie.

25   *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 575 (N.D. Cal. 2020)

26       This approach "[will] measure the 'difference between what the [P]laintiff[s] paid and the

27   value of what the[y] received." *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 96 (2009). This

28
MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

12

1  damages methodology is also consistent with Plaintiffs' theory of liability that "[they] paid for a

2  product that did not deliver the content promised by Defendant's advertising." Compl. ¶ 132.

3      Numerous courts within this Circuit have accepted "contingent valuation methodology"

4  and "choice-based conjoint analysis," which are "survey based method[s] of estimating the value

5  that a consumer places on an item by varying its features and having them directly report what

6  they are willing to pay for it." *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17-cv-2335, 2019

7  WL 3006465, at *3 (S.D. Cal. July 10, 2019) citing *Miller v. Fuhu Inc.*, No. 14-cv-6119, 2015 WL

8  7776794, at *21 (C.D. Cal. Dec. 1, 2015).

9      Plaintiffs' expert survey "[will] ask[] 'respondents to consider a hypothetical scenario

10 [about the movie *Yesterday*] and [] then [] consider new information to help them make a purchase

11 decision." *Hilsley*, 2019 WL 3006465, at *3. This information will isolate the role of De Armas in

12 *Yesterday*, while leaving other attributes – such as plot, period and other cast members –

13 unchanged.

14     Lest Defendant assert that this expert analysis would fail by not "account[ing] for the

15 supply side of the equation," "the prices in the survey[s] [will] reflect the actual market prices

16 during the class period," determined by records Plaintiffs are obtaining through discovery.

17 *Davidson v. Apple, Inc.*, No. 16-cv-4942, 2018 WL 2325426, at *22 (N.D. Cal. May 8, 2018)

18 *Hadley*, 324 F. Supp. 3d at 1105; see also *Toyota Motor Corp. Hybrid Brake Mktg., Sales Pracs.*

19 *& Prod. Liab. Litig.*, No. 10-md-2172-CJC, 2012 WL 4904412, at *1 (C.D. Cal. Sept. 20, 2012)

20 ("hedonic regression, contingent valuation, and discrete choice, are generally accepted, have been

21 tested, and are part of peer-reviewed studies").

22     These techniques do not require any individual inquiry and can produce class-wide results

23 using common evidence. Indeed, regression analysis has been found sufficient to satisfy Rule

24 23(b)(3) and *Comcast* in other cases involving false and deceptive claims. See *Brazil v. Dole*

25 *Packaged Foods, LLC*, No. 12-cv-1831, 2014 WL 2466559, at *17 (N.D. Cal. May 30, 2014)

26 (finding that the "Regression Model isolates the effect of the alleged misrepresentation by

27 controlling for all other factors that may affect the price" and thus satisfies Comcast).

28

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

13

## IV.  REQUIREMENTS OF RULE 23(C)(4) ARE SATISFIED

Although Plaintiffs have met the requirements for class certification under Rules 23(a) and (b), Rule 23(c)(4) "authorizes th[is] [] [C]ourt in appropriate cases to isolate the common issues [] and proceed with class treatment of these particular issues," such as whether promoting *Yesterday* with De Armas even though she had no role in the movie, was misleading. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1229 (9th Cir. 1996) citing Fed. R. Civ. P. 23(c)(4) and *In re Northern Dist. of California, Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 856 (9th Cir. 1982).

Resolving the question of whether Defendant misled reasonable movie viewers through promoting *Yesterday* with De Armas "would 'significantly advance the resolution of the underlying case, thereby achieving judicial economy and efficiency.'" *D.C. v. Cty. of San Diego*, 783 F. App'x 766, 767 (9th Cir. 2019).

Since this is an issue amenable to common proof, such as surveys of movie viewers and the general public, "the rule of *Comcast* is largely irrelevant '[because] determinations on liability and damages [can be] bifurcated' in accordance with Rule 23(c)(4)." *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 244 (N.D. Cal. 2014) quoting *In re Deepwater Horizon*, 739 F.3d 790, 817 (5th Cir. 2014).

Should the Court conclude that Plaintiffs are unable to "show that damages 'could feasibly and efficiently be calculated once the common liability questions are adjudicated[,]' [their] showing is more than sufficient to [] conclude that resolution of the common issues would materially advance this case's disposition as a whole." *LSIMC, LLC v. Am. Gen. Life Ins. Co.*, No. 20-cv-11518, 2022 WL 4596597, at *12-13 (C.D. Cal. Aug. 4, 2022) (certifying "liability-only" class) citing *Leyva v. Medline Industries Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) and *Rahman v. Mott's LLP*, 693 F. App'x 578, 580 (9th Cir. 2017).

Similar to *LSIMC*, "Defendant's liability for [misleading movie viewers] – based on [including de Armas in the trailer and promotions for *Yesterday*], the interpretation of the[se] [representations] within each of the identical [trailers], and the [actual movie cast] Defendant should have been crediting – is common across all [viewers]." *LSIMC*, 2022 WL 4596597, at *13.

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

14

1

**CONCLUSION**

2       For the foregoing reasons, the Court should grant Plaintiffs' Motion or permit the renewal

3  upon information the Court deems necessary.

4    Dated: March 15, 2023

SHEEHAN & ASSOCIATES, P.C.

/s/Spencer Sheehan
Spencer Sheehan*
spencer@spencersheehan.com
60 Cuttermill Rd. Suite 412
Great Neck NY 11021
(516) 234-7800

Matthew A. Pequignot*
mpequignot@pmiplaw.com
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy #1007
Kilauea HI 96754
(202) 328-1200

Cody R. Lejeune (CSB No. 249242)
cody@lejeunelawfirm.com
LEJEUNE LAW, P.C.
445 S. Figueroa St Ste 3100
Los Angeles CA 90071
(985) 713-4964

* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs and the Proposed Class*

---

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION
*Woulfe et al. v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR

16