CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT
(admitted *pro hac vice*)
mpequignot@pmiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: (202) 328-1200

Attorneys for Plaintiffs
CONOR WOULFE and PETER MICHAEL ROSZA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>            Plaintiffs,<br><br>   v.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive,<br><br>            Defendant, | Case No.:  2:22-cv-00459-SVW-AGR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

## NOTICE OF MOTION AND MOTION

TO THE COURT AND TO DEFENDANT AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 17, 2023, at 1:30 p.m., or as soon thereafter as the matter be heard in the First Street Courthouse, located at 350 West 1st Street, Courtroom 10A, Los Angeles, California, before Honorable Stephen V. Wilson, Plaintiffs, CONOR WOULFE and PETER MICHAEL ROSZA, by their undersigned counsel, respectfully move the Court for leave to file a third amended complaint.

As set forth more fully in the Memorandum of Points and Authorities, the basis of this motion is to allow Plaintiffs to file a third amended complaint to add the remedy of injunctive relief to their unfair competition claims. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any papers filed in reply, all other papers and records on file in this matter, and any other materials or argument the Court may receive at or before the hearing on this Motion.

This Motion is made following the conference of counsel, pursuant to Civil L.R. 7-3, which took place on January 10, 2023, and pursuant to the Court's Order Re Defendant's Motion for Attorney's Fees (Dkt. No. 107).

Respectfully submitted,

Dated: March 20, 2023          By:     /s/ Cody R. LeJeune

**LEJEUNE LAW, P.C.**
Cody R. LeJeune
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

**PEQUIGNOT + MYERS**
Matthew A. Pequignot (*pro hac vice*)
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: (202) 328-1200

**HARLLEE & BALD, P.A.**
Adam Mohammadbhoy (*pro hac vice*)
Brian L. Trimyer (*pro hac vice*)
202 Old Main Street
Bradenton, FL 34205
Telephone: (941) 744-5537

Attorneys for Plaintiffs
CONOR WOULFE and PETER MICHAEL
ROSZA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.   INTRODUCTION**

This Court's Order on Defendant's Motion to Dismiss and Motion to Strike [Dkt. No. 83] ("Order") upheld Plaintiffs' claims for violation of the UCL, FAL and unjust enrichment. *See* Order, Dkt. No. 83, at 32. However, the Court dismissed, without prejudice, Plaintiffs' injunctive relief remedy, available under the UCL. On March 9, 2023, the Court issued an Order [Dkt. No. 107], requiring Plaintiffs to file an amended complaint no later than March 20, 2023, so that the Court could evaluate the injunctive relief factor, in its determination of whether Defendant is entitled to anti-SLAPP attorney fees.

The Court originally dismissed Plaintiffs' injunctive relief remedy based on the conclusion that future harm was not concrete. According to the Order: "Plaintiffs' allegations that they would be 'interested' in watching a version of *Yesterday* with De Armas is not concrete enough to establish an intention to watch the movie again." Order, at 27. As now amended, however, Plaintiffs' Third Amended Complaint ("TAC") cures any deficiencies identified by the Court with regard to Plaintiffs' injunctive relief remedy. *See* Declaration of Cody R. LeJeune in Support of Plaintiffs' Motion for Leave to File Third Amended Complaint, Ex. A (redline version of TAC); Ex. B (clean version of TAC)[1].

Further, relying on Rule 15's liberal policy toward amendment, an analysis of the *Foman* factors weighs heavily in favor of allowing Plaintiffs' TAC.

The Court should grant this motion and permit Plaintiffs to file the TAC.

## **II.   LEGAL STANDARD**

Rule 15's liberal policy provides that the Court "should freely give leave when

---

[1] TAC and all paragraph references herein are made to the proposed Third Amended Complaint. *See* LeJeune Decl., Exs. A, B.

justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id*.

In exercising its discretion, the Court "must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Moreover, "[n]ot all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "It is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187; *see also Horton v. Calvary Portfolio Servs.*, LLC, 301 F.R.D. 547, 549 (S.D. Cal. 2014) ("Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted."). Absent prejudice, or a strong showing of any of other factors, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052; *see also, Shaw v. Burke*, No. 17-cv-2386, 2018 WL 2459720, at *3 (C.D. Cal. May 1, 2018) ("There is a presumption that leave to amend should be granted.").

## III.   ARGUMENT

### A.   The *Foman* Factors Heavily Favor Amendment

Leave may be denied only if the party seeking to amend has unduly delayed, acted in bad faith, or repeatedly failed to cure deficiencies in previous amendments, or the relief sought to be added would be futile, or if the adversary would be unduly prejudiced by the amendment. *Eminence Capital*, 316 F.3d at 1052 (*quoting Foman v. Davis*, 371 U.S. 178

(1962)). Here, consideration of the four relevant factors demonstrate that leave to amend is warranted to allow Plaintiffs to file the TAC.

First, there is no evidence or even suggestion of bad faith. Defendant has not raised bad faith, cannot point to bad faith, and Plaintiffs have not acted in bad faith.

Second, there has not been any undue delay. The Court's Order issued on December 20, 2022 and dismissed Plaintiffs' remedy for injunctive relief. Plaintiffs met and conferred with Defendant regarding Plaintiffs' proposed amendment on January 10, 2023, then had numerous briefs in this case to draft and file, and have been forced to pursue discovery disputes to compel Defendant to correct deficient discovery responses, document productions, and initial disclosures. *See* Dkt. Nos. 98, 100, 101, 102, 103. Moreover, Amazon.com only recently confirmed on March 7, 2023 that Defendant is directly responsible for all advertising, including trailer advertising, on Amazon Prime.[2] Plaintiffs also sought to avoid this motion by requesting that Defendant agree not to falsely advertise the content of the movie *Yesterday*, which Defendant refused. *See* TAC ¶144. Plaintiffs have in all respects acted with diligence.

Third, there will be no prejudice to Defendant from the amendment. This action is still in its infancy, and the Court has not yet set a trial date or a case schedule beyond class certification. Moreover, Defendant has taken no depositions, so duplication of depositions will not be necessary. Accordingly, there will be no prejudice to Defendants from granting leave to amend. *See Owens*, 244 F.3d at 712 (finding no prejudice where "[t]he amendment caused no delay in the proceedings and required no additional discovery").

Finally, the amendment is not futile. "A proposed amendment is futile only if no set

---

[2] Defendant itself refused to answer discovery relevant to these topics, or provided inaccurate discovery answers. *See* TAC ¶148.

of facts can be proved under the amendment that would constitute a valid claim." *Horton*, 301 F.R.D. at 549. Here, injunctive relief is a remedy allowed to Plaintiffs under the UCL. The relief sought is not futile as the UCL clearly provides for injunctive relief for violations of Cal. Bus. & Prof. Code §§ 17200, et seq. Further, in dismissing Plaintiffs' claim for injunctive relief, the Court noted that Plaintiffs did not "allege sufficient facts to show that they face an imminent or actual threat of future harm." Order at 27. As discussed below, the TAC cures this deficiency.

Specifically, the Ninth Circuit's decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), is controlling. In *Davidson*, the district court dismissed plaintiff's claim for injunctive relief, "finding that [plaintiff] lacked standing to seek injunctive relief because she was unlikely to purchase [defendant's] flushable wipes in the future." *Id*. at 963. The Ninth Circuit reversed. Resolving the split among district courts "in favor of plaintiffs seeking injunctive relief" (*id*. at 969), the Ninth Circuit in *Davidson* concluded that the plaintiff's allegations that she "continues to desire to purchase wipes that are suitable for disposal in a household toilet" and "would purchase truly flushable wipes manufactured by Kimberly-Clark if it were possible to determine prior to purchase if the wipes were suitable to be flushed" (*id*. at 962) were sufficient to allege standing to seek injunctive relief. *Id*. at 969-71. According to the court, "[a]t this motion to dismiss stage, based on [plaintiff's] allegations that she would purchase truly flushable wipes manufactured by [defendant] if it were possible, her injury is concrete — it is real and not merely abstract." *Id*. at 971. The *Davidson* court further explained:

> Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred

6

1    by false advertising or labeling, as she may reasonably, but incorrectly,
2    assume the product was improved.
     *Id.* at 969-70.

3        Even if a party ceases offending conduct, "there is no hard-and-fast rule that a party's
4    discontinuance of illegal behavior makes injunctive relief against him or her unavailable."
5    *Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 315, 209 Cal.Rptr.3d 81,
6    90.

7        The allegations in Paragraphs 145-151 of the TAC are even more sufficient than the
8    allegations at stake in *Davidson*. Instead of merely alleging that the plaintiff "continues to
9    desire" and will purchase *if* certain conditions exist,  like in *Davidson*, both Plaintiffs in
10   the TAC assert that they intend to and will pay to view *Yesterday* again, without
11   qualification. *See*, TAC at ¶¶ 145-151. Moreover, Plaintiff Woulfe has paid to rent
12   *Yesterday* for a second time on a different platform and has again been deceived, having
13   relied on the Google Play marketing material for the film expressly listing Ana de Armas
14   as a cast member. *See*, *id. See* screen print of the marketing below:



*Id.* He, likewise, intends to continue trying to pay for a version of *Yesterday* with Ana de

Armas, based on the reasonable presumption that a party would not continue to falsely advertise a product, after an adverse decision (finding the activity to be deceptive) was issued by a Court of law. *Id*. at ¶ 144.

Heightening the threat of future injury, Plaintiffs twice requested that Defendants agree to only truthfully advertise the movie *Yesterday* in the future. *Id*. at ¶¶145-151. Defendant declined the first inquiry, claiming that Plaintiffs had no standing to ask for such a voluntary agreement, and ignored the second. *Id*. Defendant's stated basis for refusing to agree to correct its advertising was that the Court had dismissed the injunctive relief remedy. The Court now has the opportunity to restore that remedy, by allowing the TAC, which would thus also provide Defendant with an impetus to stop its false advertising. Defendant's discovery misconduct pertaining to its advertising practices is another reason to grant Plaintiffs' leave, paired with Defendant's four years of continuous false advertising of *Yesterday*, and its false advertising of other movies during the last 30 years. *Id*. Granting leave for Plaintiffs to amend the complaint to seek an injunction will assist in "[eliminating] a practice that is now shrouded in uncertainty and plagued by a troubling past." *Robinson*, 4 Cal.App.5th at 317 (Cal. Ct. App. 2016).

Not allowing Plaintiffs to advance their remedy of injunctive relief, conversely, would result in the Court's acceptance of the suggestion that Plaintiffs' recognition of Defendant's misrepresentation operates to defeat standing for an injunction which means that injunctive relief would never be available in false advertising cases, a wholly unrealistic result. *See, e.g., Henderson v. Gruma Corp*., No. 10–04173, 2011 WL 1362188 at *7 (C.D. Cal. Apr. 11, 2011) ("If the Court were to construe Article III standing for FAL and UCL claims as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California consumer protection laws because a plaintiff who had been injured would always be deemed to avoid the cause of the injury thereafter ('once bitten, twice shy') and would never have Article III standing.").

Plaintiffs' allegations in the TAC are sufficient to advance their injunctive relief remedy under the UCL. *See Sharpe v. GT's Living Foods, LLC*, CV1910920FMOGJSX, 2021 WL 1035119, at *3 (C.D. Cal. Feb. 1, 2021) (holding that allegations that plaintiffs "continue[ ] to purchase kombucha products," and would "like to" purchase products "in the future" are "sufficient to allege a threat of future harm"); *see also, Tran v. Sioux Honey Association, Cooperative*, 2020 WL 905571, *8 (C.D. Cal. 2020) (finding plaintiff had standing despite allegation that "she ceased purchasing [defendant's] products because [defendant] was labeling [its] products as pure when it wasn't" since she also alleged that "she continues to purchase honey, but does not currently purchase [defendant's honey] and she plans to continue to purchase honey in the future" because "absent the injunctive relief sought, [plaintiff] will be unable to rely on [defendant's] advertising and labeling in the future") (internal quotation and alteration marks omitted).

### B.   Rule 15's Liberal Amendment Policy

Here, because Defendant's Motion challenged "the legal sufficiency of Plaintiffs' claims under Rule 12(b)(6)," Plaintiffs should be permitted leave to amend. Order, at 4; s*ee Future Ads, LLC v. Gillman,* SACV13905DOCJPRX, 2013 WL 12306479, at *3 (C.D. Cal. Dec. 23, 2013) ("As with Rule 12(b)(6) motions to dismiss, if the court grants an anti-SLAPP motion to strike based on a defect in the complaint, the plaintiff should be permitted leave to amend his complaint."); *see also*, *Verizon Del., Inc. v. Covad Communs*. Co., 377 F.3d 1081, 1091 (9th Cir. 2004) ("[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy of favoring liberal amendment."); *see also*, *Stutzman v. Armstrong*, 2:13-CV-00116-MCE, 2013 WL 4853333, at *21–22 (E.D. Cal. Sept. 10, 2013) (same); *Tensor L. P.C. v. Rubin*, 2:18-CV-01490-SVW-SK, 2019 WL

3249595, at *2 (C.D. Cal. Apr. 10, 2019) (same).

As the Ninth Circuit has made clear, disallowing Plaintiffs an opportunity to amend their claims because Defendant filed a motion to strike would directly conflict with Rule 15's liberal policy toward amendment. In addition, justice would not be served by denying Plaintiffs' the right amend. The Court did not dismiss Plaintiffs' injunctive relief remedy with prejudice. Thus, Rule 15's liberal standard should apply.

As set forth above, Plaintiffs have cured any legal deficiency identified by the Court regarding Plaintiffs' injunctive relief remedy. Plaintiffs have amended their allegations in the TAC such that they comply with Ninth Circuit standards regarding standing to pursue an injunctive relief remedy.

## IV.   CONCLUSION

Defendant will not be prejudiced by the amendment, nor can Defendant meet its burden of making a strong showing on any of the other factors. As a result, "there exists a presumption under Rule 15(a) in favor of granting leave to amend" and disallowing Plaintiffs leave to amend would collide with Rule 15. *See Eminence Capital*, 316 F.3d at 1052; *Future Ads LLC,* 2013 WL 12306479, at *3. Accordingly, the Court should grant Plaintiffs' motion and permit them to file the TAC attached as Exhibit B to the LeJeune Decl.

Respectfully submitted,

Dated: March 20, 2023

By:     /s/Cody R. LeJeune

**LEJEUNE LAW, P.C.**
Cody R. LeJeune
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

**PEQUIGNOT + MYERS**
Matthew A. Pequignot (*pro hac vice*)
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: (202) 328-1200

**HARLLEE & BALD, P.A.**
Adam Mohammadbhoy (*pro hac vice*)
Brian L. Trimyer (*pro hac vice*)
202 Old Main Street
Bradenton, FL 34205
Telephone: (941) 744-5537

Attorneys for Plaintiffs
CONOR WOULFE and PETER MICHAEL ROSZA

11