CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT (admitted *pro hac vice*)
mpequignot@pmiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive, <br><br> Defendant, | CASE NO.: 2:22-cv-00459-SVW-AGR <br><br> **PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR CLARIFICATION OF COURT'S ORDERS** |

**TO THE COURT AND TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Conor Woulfe and Peter Michael Rosza ("Plaintiffs"), hereby apply *ex parte* for the Court to clarify the Court's *Order Granting In Part And Denying In Part Defendant's Special Motion to Strike [Dkt. No. 44]*, and Plaintiffs also seek clarification regarding the scope of discovery.

*Ex parte* relief is warranted to clarify the Court's Order to eliminate existing and future disputes which are otherwise poised to burden the Court with further motion practice. As detailed in the memorandum in support, clarification of whether VUDU claims have already been dismissed from the case will eliminate the need for briefing on the issue, in connection with Plaintiffs' motion for leave to file the Third Amended Complaint ("TAC"). Dkt. No. 111. Should the Court clarify that the VUDU claims have already been dismissed from the case, Plaintiffs will remove the claims from the proposed TAC voluntarily. Clarification of the scope of discovery will likewise obviate future discovery motions pertaining to whether discovery is currently bifurcated.

This Application is based on this Notice of Application, the attached Memorandum of Points and Authorities, all other papers and records on file in this matter, and any other materials or argument the Court may receive.

Plaintiffs met and conferred with Defendant Universal City Studios LLC ("Defendant") regarding this Application through an email exchange on March 21-22, 2023. Defendant's counsel stated that Defendant will oppose this Application. *See* Civ. L.R. 7-19.1.

As required by Civ. L.R. 7-19, the names, addresses, telephone numbers, and e-mail addresses of counsel for Defendant are:

Kelly M. Klaus
kelly.klaus@mto.com
Stephanie Goldfarb Herrera
stephanie.herrera@mto.com
Virginia Grace Davis
grace.davisfisher@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000

Bethany W. Kristovich
bethany.kristovich@mto.com
Benjamin G. Barokh
benjamin.barokh@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs, respectfully request the Court to clarify the Court's *Order Granting In Part And Denying In Part Defendant's Special Motion to Strike [Dkt. No. 44]* ("Order"). Plaintiffs also seek clarification regarding the scope of discovery.

**Questions to be resolved:**

1) Did this Court's Order hold that Plaintiffs *only* have standing to seek class certification for Defendant Universal City Studios LLC's ("Defendant" of "Defendant's") false advertising on Amazon Prime? In other words, did this Court's Order hold – in footnote 7 – that Plaintiffs do not have standing to seek class certification encompassing Defendant's false advertising on platforms such as VUDU, Google Play, and others? *See* Order at pg. 13, n.7. Or, did footnote 7 merely explain that the Court would not consider false statements, on platforms such as VUDU, when evaluating whether Plaintiffs acted in reasonable reliance on Defendant's advertising representations about the content of the movie *Yesterday*?

2) Is discovery currently bifurcated between issues of class certification and liability?[1]

Clarification of the two identified issues is important because existing disputes about the meaning of the Court's Order, and the scope of discovery, are the focal point of many disagreements among the parties. Apart from obstructing the progress of the case, the existing disagreements are anticipated to soon result in unnecessary motion practice, which will burden both the parties and the Court. The background facts and existing disputes are explained more fully below:

---

[1] On November 2, 2022, Defendant filed an *ex parte* motion asking the Court to bifurcate discovery, which the Court effectively denied. *See* Dkt. Nos. 76 and 83.

**The Parties' Dispute About the Interpretation of the Order**

1. On June 6, 2022, Plaintiffs filed a class action complaint alleging that Defendant falsely advertised the movie *Yesterday* using deceptive movie trailers, such as on Amazon Prime. The complaint also alleges that Defendant expressly listed Ana de Armas as a *Yesterday* cast member, keyword linked her name to the movie *Yesterday*, and displayed scenes with Ana de Armas on promotional television appearances for *Yesterday*. Dkt. No. 36 at ¶¶ 23-31, 47-54, 101-115. Encompassing the issue now in dispute, the cast member listings, keyword linking, and television promotion happened on other vendor sites, or in other forums, and not on the Amazon Prime platform where Plaintiffs paid to see the movie. *Id*.

2. On July 15, 2022, Defendant filed a combined motion to dismiss and strike Plaintiffs' complaint. Dkt. No. 44. Defendant specifically asked the Court to dismiss Plaintiffs' claims pertaining to VUDU and other non-Amazon vendors on the alleged basis of lack of standing. *Id*. at 15-16. Plaintiffs, in response, contended that the issue raised by Defendant was not ripe for decision, but was more properly considered at the class certification stage. Dkt. No. 50 at p. 29-31. Plaintiffs also contended that because the products offered by Defendant were all the same, and that the character of all the advertising was the same, that Plaintiffs nevertheless had standing to represent a broadly defined class (including VUDU and other vendors). *Id*.

3. On December 20, 2022, this Court issued its Order dismissing Plaintiffs' CLRA and warranty claims, but allowing Plaintiffs' UCL, FAL, and unjust enrichment claims to proceed. The Order included footnote 7 which reads as follows:

> Plaintiffs include an additional allegation that Universal explicitly misrepresented that De Armas was in the trailer, because the streaming service VUDU listed De Armas as a cast member. The Court does not consider this allegation in its analysis. To the extent that Plaintiffs argue that the listing is

an explicit misrepresentation, Plaintiffs do not have standing to challenge the listing, since they did not watch the movie on Vudu, nor did they watch the movie on the basis of Vudu's listing. Moreover, to the extent that Plaintiffs use the listing as evidence to support their argument that reasonable consumers could be misled, the Court declines to draw that inference. Plaintiffs' contention that Vudu listed De Armas as a cast member because Vudu was deceived into believing De Armas was in the movie based on the trailer is too speculative. The Court is unaware of how Vudu determines cast members, and to infer that Vudu made this determination based off of watching the trailer would force the Court to engage in impermissible speculation.[2]

4. As a result of Defendant's interpretation of footnote 7, Defendant now contends that it prevailed in narrowing the class to Amazon Prime-only movie sales. This is the case even though footnote 7 only mentions VUDU and not other third-party vendors. As a result of Defendant's position, Defendant has effectively refused to answer any discovery related to VUDU or any other non-Amazon *Yesterday* movie vendor. As but one set of many examples, Defendant refuses to answer Plaintiff Woulfe's interrogatory numbers 6, 7, 8 and 9. *See*, Defendant's Responses and Objections to Plaintiff Conor Woulfe's Interrogatories attached as <u>Exhibit A</u>. Although Defendant's answers do not object on this basis, Defendant's letter dated March 21, 2023 (explaining why it will not

---

[2] Notably, VUDU or other non-Amazon claims are not listed as dismissed with the other dismissed claims on page 32 of the Order. Dkt. No. 83. But even if the VUDU claims were dismissed, discovery related to VUDU (and similar third-party vendors) would be pertinent to Universal's motive (or intent) and to issues such as Ana de Armas' materiality to movie sales/rentals.

answer the interrogatories) claims that, "Judge Wilson has ruled that Plaintiffs lack standing to pursue claims on these topics." Kelly Klaus letter dated March 21, 2023 (citing Dkt. 83 at 13 n.7 (referring to VUDU)).[3] In a similar vein (which is also not an exhaustive example), Defendant has refused to provide adequate answers to paragraphs 14, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 52, 66, 67, 86, 97, 98, 102, 110, 111 and 141 of the Second Amended Complaint. *See* Defendant's Answer to Second Amended Complaint, Dkt. No. 87.[4]

5. As a result of the dispute, it is also unclear whether Plaintiffs' Third Amended Complaint ("TAC"), which the Court ordered Plaintiffs to file by March 20, 2023 (Dkt. No. 107), includes claims which were already dismissed. *See* Dkt. No. 111. More specifically, Plaintiffs omitted the claims dismissed on page 32 of the Order, other than the injunction remedy which Plaintiffs' TAC seeks to reinstate, but retained VUDU (and similar) allegations. Although Plaintiffs requested that Defendant join Plaintiffs in seeking clarification of the Order, Defendant declined.[5] Defendant, instead, contends that the

---

[3] Defendant's objection to interrogatory no. 6, for example, is that Defendant does not understand the meaning of the words: "instructions", "guidelines", "requirements", "other information", or "third parties". Though Mr. Klaus's letter provides VUDU as a reason for Defendant's refusal to answer, interrogatory 6 nevertheless does not mention VUDU and includes Amazon within its scope.

[4] Throughout the Answer, Defendants do not address allegations regarding VUDU and instead make statements such as "Plaintiffs' allegations regarding VUDU require no response, because Plaintiffs do not have standing to assert any claim or seek any relief relating to VUDU. Dkt. 83 at 13 n.7."

[5] Plaintiff's counsel's email dated March 20, 2023 inquired, in relevant part: "Please let us know if Universal will enter some sort of stipulation that either 1) Universal will not seek to dismiss/strike on the above basis; or 2) Universal will jointly ask for clarification

VUDU and other non-Amazon claims were already dismissed; intends to burden the parties and Court by briefing the issues; and intends to seek an attorney fee award for their non-omission from the TAC. *See* Dkt. No. 112 at 1:12-16 ("Universal reserves its rights to seek attorney's fees and costs incurred in connection with its opposition to Plaintiffs' motion for leave to file the TAC as part of Universal's pending motion for attorney's fees[.]").[6] In short, Defendant prefers to play a game of 'gotcha' rather than seeking a less burdensome and amicable resolution from the Court. However, subjecting Plaintiffs to the risk of an attorney fee award, merely for misunderstanding the meaning or effect of footnote 7, would not be just. Indeed, if it were clear that VUDU claims were already dismissed, Plaintiffs would have omitted them from the TAC.

6. Based upon Defendant's refusal to answer any other discovery pertaining to non-Amazon movie sales (or rentals), Plaintiffs anticipate that Defendant will also instruct witnesses not to answer non-Amazon related questions in depositions. Defendant's stated position has been that Defendant is entitled to full discovery, but Plaintiffs are only entitled to limited discovery, even if that results in duplicate depositions. *See*, Dkt. No. 74-2.

**The Parties' Dispute About Whether Discovery is Bifurcated**

7. On November 2, 2022, Defendant filed an *Ex Parte* Application to Bifurcate Class Certification and Merits Discovery, asking for discovery to be restricted to only the

---

of the Order and then give Plaintiffs a fair number of days after the clarification to file their amended complaint."

[6] Email communications amongst the parties' counsel, which are not attached to this request, reflect the parties' discussions of these issues, and provide context for Defendant's statement in the stipulation that it will seek attorney fees.

issue of class certification and preventing Plaintiffs from obtaining discovery related to merits issues, such as liability. Dkt. No. 73.

8. Plaintiffs opposed the *ex parte* application, explaining that class certification issues and merits (including liability) issues are mixed more often than not. Dkt. No. 74 at p. 5-10. Moreover, the Ninth Circuit expressly allows issue-based class certification, including on issues such as liability. *See, e.g., Espinosa v. Ahearn (In re Hyundai & Kia Fuel Economy Litig.)*, 926 F.3d 539, 559 (9th Cir. 2019) ("We have held that these types of common issues, which turn on a common course of conduct by the defendant, can establish predominance in nationwide class actions."); and *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) ("Even if the common questions do not predominate over the individual questions so that class certification of the entire action is warranted, Rule 23 authorizes the district court in appropriate cases to isolate the common issues under Rule 23(c)(4)(A) and proceed with class treatment of these particular issues.")(reversing certification for other reasons).

9. The Court did not grant Defendant's request and, instead, "order[ed] that discovery be stayed pending resolution of the joint motion to strike and motion to dismiss." Dkt. No. 76. On December 20, 2022, the Court ordered that "the stay on discovery is lifted." Dkt. No. 84.

10. Despite Defendant's request for bifurcation not being granted, Defendant has conducted itself as if bifurcation is in place, blanketly refusing to answer discovery on issues it deems unrelated to class certification. For example, Defendant refuses to answer (*inter alia*) discovery pertaining to its advertising of *Yesterday* (including type and content and relative monetary spends) (touching at least on issues of messaging uniformity, and

value placed on advertising by Universal, and therefore 'typicality' and 'materiality')[7]; the amount of revenue collected for sales (or rentals) of *Yesterday* (related to 'numerosity' and restitution); its instructions to third parties pertaining how to advertise *Yesterday;* and pertaining to how Ana de Armas came to be listed as a cast member or keyword linked to the movie (both of the latter issues related, at least, to materiality and therefore to class certification of the issue of liability). At minimum, the topics Defendant refuses to address highlight the blurry line between class certification and non-class issues and has inserted – and will continue to insert – unnecessary controversy and burdens into this litigation. Regardless of the answer, clarification of the scope of discovery is necessary to at least eliminate this threshold point of contention from further discovery disputes.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request this Court to:

(a) Provide clarification of the Court's December 20, 2022 Order [Dkt. No. 83] as to whether any VUDU-related (or other non-Amazon.com) allegations were dismissed; and

(b) Clarify the current scope of discovery; and

(c) Provide such other clarification or relief that the Court determines is appropriate.

---

[7] *See*, e.g., *Walker v. Life Ins. Co. of Sw.*, 953 F.3d 624, 630 (9th Cir. 2020) ("We have repeatedly relied on *Tobacco II* in recognizing 'what amounts to a conclusive presumption' of reliance in UCL cases.").

Respectfully submitted,

Dated: March 24, 2023

By: /s/ Matthew A. Pequignot

**PEQUIGNOT + MYERS**
Matthew A. Pequignot (*pro hac vice*)
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

**LEJEUNE LAW, P.C.**
Cody R. LeJeune
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: 985-713-4964

**HARLLEE & BALD, P.A.**
Brian L. Trimyer (*pro hac vice*)
Adam Mohammadbhoy (*pro hac vice*)
202 Old Main Street
Bradenton, FL 34205
Telephone: 941-744-5537

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual