# Exhibit A

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
Stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CONOR WOULFE and PETER MICHAEL ROSZA,

Plaintiffs,

vs.

UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,

Defendant.

Case No. 2:22-cv-00459-SVW-AGR

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF CONOR WOULFE'S INTERROGATORIES**

PROPOUNDING PARTY: Plaintiff Conor Woulfe

RESPONDING PARTY: Defendant Universal City Studios LLC

SET NUMBER: One

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Universal City Studios LLC ("Defendant" or "Universal") responds and objects as follows to the First Set of Interrogatories propounded by Plaintiff Conor Woulfe ("Plaintiff").

## PRELIMINARY STATEMENT

1. By responding to Plaintiff's First Set of Interrogatories, Defendant does not waive any privilege or objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information sought by Plaintiff or provided in response to an Interrogatory; (b) the admissibility, relevance, or materiality of any of the information to any issue in this case; or (c) any demand for further responses involving or relating to the subject matter of any of the Interrogatories.

2. Defendant's responses are based on information reasonably available to Defendant as of the date of these responses. Defendant's investigation is continuing and ongoing. Subject to and without waiving any of its objections set forth herein, Defendant reserves the right to alter or to supplement these responses as additional information becomes known to it, but undertakes no obligation to do so beyond the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court.

3. This Preliminary Statement is incorporated into each response to each Interrogatory below.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each and every response to each and every specific Interrogatory, whether or not such General Objections are expressly incorporated by reference in such response.

1. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it attempts to impose obligations inconsistent with or in addition to those required by the Federal Rules of Civil Procedure, the Local Rules or Orders of this Court, or any other applicable authority.

2. Defendant objects to each and every Interrogatory, definition, and

instruction as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it is not reasonably limited in scope, seeks information neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence, or seeks information that would cause Defendant to incur a substantial expense that outweighs any likely benefit of the discovery, particularly given that no class has been certified.

3. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it seeks information already in the possession of or more readily available to Plaintiff, that is equally available to Plaintiff as it is to Defendant, or that could be derived or ascertained by Plaintiff with substantially the same effort that would be required of Defendant, including through publicly available sources.

4. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it lacks any reasonable time limitation, including but not limited to, because it (a) imposes an undue burden on Defendant since *Yesterday* was released in 2019, or (b) is vague and ambiguous in the absence of any temporal limit. Unless otherwise specified, Defendant will not search for or provide any information from before January 1, 2019.

5. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection, or doctrine. Defendant claims such privileges and protections to the extent implicated by each Interrogatory, and excludes privileged and protected information from its responses. Any production of privileged information by Defendant is unintentional, and any such inadvertent production shall not be construed as a waiver of any applicable objection or privilege. Plaintiff shall, upon the request of Defendant, immediately destroy any such information inadvertently disclosed. Further, upon Plaintiff's discovery of any apparently privileged information, Plaintiff should immediately inform Defendant of that fact in writing.

6. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it calls for a legal conclusion. Any response by Defendant shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiff's Interrogatories, definitions, or instructions.

7. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it seeks information not within Defendant's possession, custody, or control.

8. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it seeks any confidential, proprietary, or competitively sensitive information, trade secret information, financial information, or any other information that Defendant is not permitted to disclose pursuant to confidentiality or other legal obligations to third parties. Defendant will disclose such information only pursuant to a protective order.

9. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it calls for Defendant to form and then render an expert opinion.

10. Defendant objects to each and every Interrogatory, definition, and instruction to the extent that it is speculative, lacks foundation, or contains characterizations, definitions, or assumptions. Nothing contained in or absent from Defendant's responses or objections shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiff's characterizations, definitions, or assumptions are correct.

11. Defendant objects to each and every Interrogatory, definition, and instruction as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks information regarding Plaintiff's request for injunctive relief because the Court has held that Plaintiff does not have standing to seek injunctive relief. (ECF No. 83 at 26-28.)

**OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS**

1. Defendant's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Plaintiff seeks to impose.

2. Defendant objects to the defined terms "Defendant," "Universal," "you," and "your," and to each and every Interrogatory containing those terms, as vague, ambiguous, overbroad, and unduly burdensome, and to the extent each definition includes persons or entities other than Defendant and seeks information not within Defendant's possession, custody, or control.

3. Defendant objects to the defined terms "and" and "or," and to each and every Interrogatory containing those terms, as overbroad, vague, and ambiguous. Defendant construes "and" conjunctively and "or" disjunctively, consistent with the plain and ordinary meaning of these words.

4. Defendant objects to the defined term "Information," and to each and every Interrogatory containing that term, as overbroad, vague, and ambiguous. Unless otherwise specified, Defendant construes the term "Information" to refer to a document that refers to or discusses the particular subject of the "Information."

5. Defendant objects to the defined term "*Yesterday*," and to each and every Interrogatory containing that term, because it is vague and ambiguous as to which "publicly released" version of the movie *Yesterday* it refers. Unless otherwise stated, Defendant construes "publicly released" to mean all publicly released versions of the movie *Yesterday* in the United States, including the version released on DVD and online streaming platforms with bonus material included.

6. Defendant objects to Instruction 3[1] to the extent it seeks to impose obligations inconsistent with or in addition to those required by the Federal Rules of

[1] Universal identifies Plaintiff's instructions by their paragraph numbers in the "Instructions" section of Plaintiff's First Set of Interrogatories to Universal.

Civil Procedure, the Local Civil Rules of the United States District Court for the Central District of California, or any other applicable law or rule. Defendant further objects to Instruction 3 as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it purports to require Defendant to log privileged communications between Defendant and its outside counsel in this litigation, or any documents protected by the attorney-client privilege or work product doctrine that post-date the commencement of this litigation. All such communications or documents were intended to be confidential and privileged, and they have been treated as such. In light of the voluminous nature of such communications, including them in Defendant's privilege log would be unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, particularly given that no class has been certified. Defendant will not produce or log such communications or documents.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**INTERROGATORY NO. 1:**

Describe in detail any and all reasons that Defendant contends that it is not liable in this action, regardless of whether merits based or because Defendant contends that this case should not be certified as a class action. The scope of this interrogatory applies regardless of whether the reason is procedural, factual, or legal and should include an identification by bates number of any document(s) on which Defendant intends to rely to prove non-liability.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Interrogatory is premature, as discovery in its early stages and Plaintiffs did not start producing documents in response to Defendant's requests for production until January 30, 2022. *See, e.g.*, *Heredia v. Sunrise Senior Living LLC*, No. 8:18-cv-01974-JLS (JDEx), 2020 WL 12584277, at *4-5 (C.D. Cal.

July 20, 2020) (explaining that courts "generally disfavor contention interrogatories asked before discovery is undertaken" and that "a party seeking early answers" has the burden to "present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure" (quotation marks and citations omitted)). Defendant further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an accounting of "*any and all reasons* that Defendant contends that it is not liable in this action," including identification of all supporting documents (emphasis added), essentially a narrative account of Defendant's case. *Id.* at *5 (collecting cases finding such contention interrogatories unduly burdensome and not proportional to the needs of the case); *Hanford Exec. Mgmt. Emp. Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI, 2013 WL 5671460, at *8 (E.D. Cal. Oct. 17, 2013) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case." (quotation marks and citation omitted)). Defendant further objects to the extent this Interrogatory prematurely seeks Defendant's legal and factual responses to Plaintiff's forthcoming motion for class certification and improperly calls for attorney work product. *See, e.g.*, *Countryman v. Sherman*, C19-01767-JCC-SKV, 2021 WL 3288088, at *4 (W.D. Wash. Aug. 2, 2021) (sustaining objection that interrogatory seeking defendants' legal arguments was premature and improperly called for disclosure of attorney work product and noting that plaintiff would have opportunity to respond to such arguments in dispositive motion practice).

Subject to and without waiving the foregoing objections, Defendant responds to this Interrogatory as follows: Defendant is not liable in this action for multiple reasons, including because (1) the Court dismissed with prejudice Plaintiffs' express and implied warranty claims, Consumer Legal Remedies Act ("CLRA") claim, and claim for injunctive relief (Dkt. 83); (2) Plaintiffs' remaining claims fail as a matter of law, for reasons set forth at length in Defendant's motion to strike/motion to

dismiss Plaintiffs' Second Amended Complaint; (3) Plaintiffs cannot meet their burden to prove their remaining claims, including their burden to prove that Defendant made an actionable false or misleading statement or that they obtained less than the full value of what they paid for; and (4) Plaintiffs cannot meet their burden to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, and adequacy. Defendant's specific arguments regarding class certification will necessarily depend upon the arguments and evidence Plaintiffs offer in support of their forthcoming motion for class certification. Defendant will timely disclose any documents or witnesses on which it will rely, consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court, and Plaintiffs will have an opportunity to respond to Defendant's arguments and evidence in their reply brief in support of class certification.

**INTERROGATORY NO. 2:**

Describe in detail why a movie consumer that believes an actor is in a movie because the actor is shown in a movie trailer advertising the movie is not a reasonable consumer, including by identifying any documents or other evidence on which Defendant intends to rely in support of such contention. The requirement to identify documents in this interrogatory means to identify them by bates number.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Interrogatory is vague and ambiguous, including because it does not define the term "reasonable consumer." Defendant further objects that this Interrogatory assumes facts not in evidence, including that Defendant contends that a consumer could never reasonably believe that any actor who appears in any trailer for any movie would also appear in the movie.

Subject to and without waiving the foregoing objections, Defendant responds to this Interrogatory as follows: Plaintiffs cannot meet their burden to show that a "reasonable consumer" would have believed that the trailer in issue in this case made a factual representation that Ana de Armas or the "Something" joke scene necessarily would appear in the full-length version of the movie *Yesterday*, or that any such representation, even if a consumer could reasonably understand that such was made, would have been material to a reasonable consumer. Defendant's contentions regarding application of the "reasonable consumer" and "materiality" legal standards to the facts of this case will necessarily depend upon the arguments and evidence Plaintiffs offer in this case. Defendant will timely disclose any documents or witnesses on which it will rely, consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court, and Plaintiffs will have an opportunity to respond to Defendant's arguments and evidence in their reply brief in support of class certification.

A significant portion of the general consuming public, acting reasonably in the circumstances, would not believe that the trailer in issue in this case made a factual representation that Ana de Armas or the "Something" joke scene necessarily would appear in the full-length version of the movie *Yesterday*. Nor would any such representation, even if a consumer could reasonably understand that it was made, have been material to a reasonable consumer's decision whether to pay to see the movie. Ana de Armas was visible in the trailer for only a few seconds; she does not speak a word in the trailer; and her name is not listed in the trailer. Neither that appearance, nor the "Something" joke scene (which comprises less than 15 seconds of a 3-minute trailer) would not have been material to a reasonable consumer's decision whether to pay to see the movie.

Plaintiffs' claims to the contrary are inconsistent with the nature of trailers and the experience reasonable consumers have with them, namely, that they do not constitute a representation that everything in a trailer will be in the full-length motion

picture. For example, a six-minute theatrical trailer for Alfred Hitchcock's *Psycho* (1960), "contains no footage from the film at all," but instead shows Hitchcock giving a tour of the Bates Motel and the house overlooking it. (UNI000083.) Similarly, a trailer for Steven Spielberg's blockbuster film *Jurassic Park* (1993) consists entirely of archeologists excavating amber-frozen mosquitos and extracting dinosaur DNA—scenes that did not appear in the film. (UNI000103–UNI000105.) Trailers for many other movies, from *Frozen* to various installments in the *Spider-Man* and *Star Wars* franchises, contain scenes that the directors and producers did not ultimately include in the films. (UNI000008–UNI000063.)

**INTERROGATORY NO. 3:**

Describe in detail all of types of advertising used to advertise the movie Yesterday including by describing the format of the advertising, the proportional money spent on such advertising (by format) and by identifying whether Ana de Armas was a component of such advertising, such as (but not limited to) by her appearance in a movie trailer, cast listing, or keyword link to the movie Yesterday.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Interrogatory is vague and ambiguous, including because it does not define the term "advertising." Defendant further objects that Plaintiffs do not have standing to assert any claim or seek any relief relating to any advertisements for *Yesterday* that they did not see and on which they did not rely. (ECF No. 83 at 13 n.7 (holding that Plaintiffs do not have standing to challenge alleged misrepresentations they did not see and did not rely on).) Defendant further objects that this Interrogatory is unreasonably cumulative and duplicative, as Plaintiff previously requested that Defendant produce "[c]opies of all advertisements used to promote the movie *Yesterday*" and "[d]ocuments reflecting the monetary expenditures for all advertising types on an advertisement-by-advertisement basis,

used to promote the movie *Yesterday*." (*See* Plaintiff's Requests for Production of Documents, Set One, Nos. 5 and 6.)

Subject to and without waiving the foregoing objections, Defendant responds to this Interrogatory as follows: Defendant used multiple forms of advertising to promote *Yesterday*, of which the challenged trailer was only one component, including but not limited to other movie trailers (that did not include images of Ana de Armas or the "Something" joke scene), movie posters, press releases, social media campaigns, and other promotional events. Defendant has already agreed to produce a representative sample of non-privileged copies of advertisements Defendant used to promote *Yesterday*, if any, within Defendant's custody, possession, or control.

**INTERROGATORY NO. 4:**

Describe and identify any and all reasons and evidence that Defendant will rely on or consult (or has relied on or consulted) to contend that class certification (e.g., under Fed. R. Civ. P. 23 or California or Maryland state law) is not appropriate in this case, regardless of whether such contention is factually or legally based. Defendant's answer to this interrogatory should state the entire bases for any such contention(s), including all facts and the application of law to such facts, and should identify each witness and document or other information that Defendant intends to rely upon, or which Defendant reviews or consults in formulating such bases. The requirement to identify documents in this interrogatory means to identify them by bates number.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of Interrogatory No. 1. Defendant further objects that this Interrogatory is premature, as discovery in its early stages and Plaintiffs did not start producing documents in response to Defendant's requests for production until January

30, 2022. *See, e.g.*, *Heredia*, 2020 WL 12584277, at *4-5. Defendant further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an accounting of "*any and all reasons* that Defendant contends that it is not liable in this action," including identification of all supporting documents (emphasis added), essentially a narrative account of Defendant's case. *Id.* at *5 (collecting cases finding such contention interrogatories unduly burdensome and not proportional to the needs of the case); *City of Hanford*, 2013 WL 5671460, at *8 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case." (quotation marks and citation omitted)). Defendant further objects to the extent this Interrogatory prematurely seeks Defendant's legal and factual responses to Plaintiff's forthcoming motion for class certification and improperly calls for attorney work product. *See, e.g.*, *Countryman*, 2021 WL 3288088, at *4. Defendant further objects that this Interrogatory is vague and ambiguous, including because it does not define the term "information." Defendant further objects to the extent this Interrogatory calls for attorney work product or information or communications protected by the attorney-client privilege. Defendant further objects that Plaintiff has no claim under California law.

Subject to and without waiving the foregoing objections, Defendant responds to this Interrogatory as follows: Plaintiffs cannot meet their burden to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, and adequacy. Defendant's specific arguments regarding class certification will necessarily depend upon the arguments and evidence Plaintiffs offer in support of their forthcoming motion for class certification. Defendant will timely disclose any documents or witnesses on which it will rely, consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court, and Plaintiffs will have an opportunity to

respond to Defendant's arguments and evidence in their reply brief in support of class certification.

**INTERROGATORY NO. 5:**

Describe and identify any and all witnesses, documents, and/or information which contradict(s) or disprove(s) Defendant's contention(s) that it is not liable in this action, regardless of whether merits based or because Defendant contends that this case should not be certified as a class action. The scope of this interrogatory applies regardless of whether the reason is procedural, factual, or legal and should include an identification by bates number of any document(s) on which Defendant intends to rely to prove non-liability.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of Interrogatory Nos. 1 and 4. Defendant further objects that this Interrogatory is premature, as discovery in its early stages and Plaintiffs did not start producing documents in response to Defendant's requests for production until January 30, 2022. *See, e.g.*, *Heredia*, 2020 WL 12584277, at *4-5. Defendant further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an accounting of "*any and all reasons* that Defendant contends that it is not liable in this action," including identification of all supporting documents (emphasis added), essentially a narrative account of Defendant's case. *Id.* at *5 (collecting cases finding such contention interrogatories unduly burdensome and not proportional to the needs of the case); *City of Hanford*, 2013 WL 5671460, at *8 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case." (quotation marks and citation omitted)). Defendant further objects to the extent this Interrogatory prematurely seeks Defendant's legal and factual responses to Plaintiff's forthcoming

motion for class certification and improperly calls for attorney work product. *See, e.g.*, *Countryman*, 2021 WL 3288088, at *4. Defendant further objects that this Interrogatory is vague and ambiguous, including because it does not define the term "information." Defendant further objects to the extent this Interrogatory calls for attorney work product or information or communications protected by the attorney-client privilege.

Subject to and without waiving the foregoing objections, Defendant responds to this Interrogatory as follows: Defendant has identified witnesses, documents, and information regarding Plaintiffs' claims and Defendant's defenses in its Initial Disclosures. Defendant is continuing its investigation and will supplement its Initial Disclosures in connection with its investigation consistent with its obligations under Fed. R. Civ. P. 26. In addition, Defendant will timely disclose any documents or witnesses on which it will rely, consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court, and Plaintiffs will have an opportunity to respond to Defendant's arguments and evidence in their reply brief in support of class certification.

**INTERROGATORY NO. 6:**

Describe and identify all instructions, guidelines, requirements, and/or other information issued (or otherwise communicated) to third-parties pertaining to the advertising or promotion of the movie *Yesterday*, including the content and date of such instructions (or guidelines, requirements, or other information), the person(s) that drafted them, the person(s) that issued them, and the persons(s) that received them. The requirement to identify documents in this interrogatory means to identify them by bates number.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Interrogatory is too vague and ambiguous to

respond to, including because it does not define the terms and/or phrases "instructions," "guidelines," "requirements," "other information," and "third parties." Defendant further objects to the extent this Interrogatory calls for attorney work product or information or communications protected by the attorney-client privilege.

**INTERROGATORY NO. 7:**

Describe and identify all instructions, documents, guidelines, requirements, and/or other information issued (or otherwise communicated) to third parties pertaining to the software (or similar) encoding of Ana de Armas' name (or *Yesterday* character name "Roxanne") on electronic platforms, such that it is or was overtly or covertly displayed or associated (e.g., keyword linked or as a cast listing) with the movie *Yesterday*. The answer to this interrogatory should include the content and date of such instructions (or guidelines, requirements, or other information), the person(s) that authored them, the person(s) that issued them, and the persons(s) that received them. The requirement to identify documents in this interrogatory means to identify them by bates number. Any answer to this interrogatory should include any unintentional misspellings of "Ana de Armas" or abbreviations thereof. For sake of clarity, for the purposes of answering this interrogatory, Fandango Media, LLC and any operations under the brand VUDU is/are considered to be a third party (or third parties).

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Interrogatory is too vague and ambiguous to respond to, including because it includes the term "information" and does not define the terms and/or phrases "instructions," "guidelines," "requirements," "electronic platforms," and "pertaining to." Defendant further objects to the extent this Interrogatory calls for attorney work product or information or communications protected by the attorney-client privilege. Defendant further objects to this Interrogatory to the extent that it seeks information regarding Fandango, VUDU, or

other "electronic platforms" that Plaintiffs did not use to view any information about *Yesterday* or the movie itself. (ECF No. 83 at 13 n.7 (holding that Plaintiffs do not have standing to challenge alleged misrepresentations they did not see and did not rely on).)

**INTERROGATORY NO. 8:**

Explain in detail any and all reasons (regardless of whether factual or legal), and identify the persons who formulated such reasons, that Defendant did not stop using advertising which associated Ana de Armas with the movie *Yesterday* or which otherwise featured Ana de Armas in *Yesterday* promotions or advertisements, after Defendant became aware that Ana de Armas would not be in the movie *Yesterday*. For the purposes of this interrogatory, the terms "advertising" (or "advertisements") and promotion include (but are not limited to) cast listings, software encoding, or keyword linking.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Interrogatory is vague and ambiguous, including because it does not define the terms "advertising," "advertisements," and "promotions." Defendant further objects to the extent this Interrogatory calls for attorney work product or information or communications protected by the attorney-client privilege. Defendant further objects that this Interrogatory assumes facts not in evidence, including that Defendant made a decision not to "stop using advertising which associated Ana de Armas with the movie *Yesterday* or which otherwise featured Ana de Armas in *Yesterday* promotions or advertisements." Defendant further objects that Plaintiffs do not have standing to assert any claim or seek any relief relating to advertisements for *Yesterday* that they did not see and on which they did not rely. (ECF No. 83 at 13 n.7 (holding that Plaintiffs do not have standing to challenge alleged misrepresentations they did not see and did not rely on).)

**INTERROGATORY NO. 9:**

Explain in detail any and all reasons (regardless of whether factual or legal), and identify the persons who formulated such reasons, that Defendant selected or utilized a scene featuring Ana de Armas to be displayed, and which was displayed, to viewers on the television show CBS This Morning on or around June 25, 2019.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Interrogatory assumes facts not in evidence, including that Defendant selected or decided which clips from *Yesterday* would be shown during a television appearance by the director and an actor in the movie. Defendant further objects that Plaintiffs do not have standing to assert any claim or seek any relief relating to advertisements for *Yesterday* that they did not see and on which they did not rely. (ECF No. 83 at 13 n.7 (holding that Plaintiffs do not have standing to challenge alleged misrepresentations they did not see and did not rely on).)

DATED: February 6, 2023

MUNGER, TOLLES & OLSON LLP

By: */s/ Kelly M. Klaus*
KELLY M. KLAUS
Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the City and County of San Francisco, State of California. My business address is 560 Mission Street, 27th Floor, San Francisco, CA 94105.

On February 6, 2023, I served true copies of the foregoing document on the interested parties in this action as follows:

**** SEE ATTACHED SERVICE LIST ****

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from my e-mail address to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 6, 2023, at San Francisco, California.

*/s/ Virginia Grace Davis*
Virginia Grace Davis
*grace.davisfisher@mto.com*

**SERVICE LIST**

| | |
|---|---|
| Cody R. Lejeune<br>LEJEUNE LAW, P.C.<br>445 S. Figueroa Street, Suite 3100<br>Los Angeles, CA 90071<br>Email: cody@lejeunelawfirm.com | *Attorneys for Plaintiffs Conor Woulfe and Peter Rosza* |
| Matthew A. Pequignot<br>PEQUIGNOT + MYERS<br>2585 Ala Namahana Pkwy, #1007<br>Kilauea, HI 96754<br>Email: mpequignot@mpiplaw.com | *Attorneys for Plaintiffs Conor Woulfe and Peter Rosza* |
| Adam Mohammadbhoy<br>Brian L. Trimyer<br>HARLLEE & BALD, P.A.<br>202 Old Main Street<br>Bradenton, FL 34205<br>Email: am@harlleebald.com<br>blt@harlleebald.com | *Attorneys for Plaintiffs Conor Woulfe and Peter Rosza* |