# EXHIBIT K

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00459-SVW-AGR |
| UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Amazon.com, Inc., Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501 (Attn: Legal Department - Legal Process)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A (attached hereto)

| Place: U.S. Legal Support, 2401 Bristol Court Southwest #103, Olympia, WA 98502-6003 | Date and Time: 11/30/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/03/2022

| CLERK OF COURT | OR | /s/ Brian L. Trimyer, Esq. (pro hac vice) |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Conor Woulfe and Peter Michael Rosza , who issues or requests this subpoena, are:

Matthew Pequignot, Esq., Cody LeJeune, Esq., Brian Trimyer, Esq. and Adam Mohammadbhoy, Esq.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00459-SVW-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

 ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

 ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                 _____
                       *Server's signature*

                 _____
                       *Printed name and title*

                 _____
                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### PLAINTIFFS', CONOR WOULFE and PETER MICHAEL ROSZA, *SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION* TO AMAZON.COM, INC.

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs, Conor Woulfe and Peter Michael Rosza, request the production of the following documents, electronically stored information, and tangible things, at the place/location listed on the first page of this Subpoena or, alternatively, you may comply with this Subpoena by:

(i) providing a file sharing link or other electronic file containing the responsive documents and information to Brian L. Trimyer, Esquire at BLT@harlleebald.com (with a copy to mpequignot@pmiplaw.com, cody@lejeunelawfirm.com and AM@harlleebald.com); or

(ii) delivering a flash drive (or similar) containing the responsive documents and information to Brian L. Trimyer, Esquire, Harllee & Bald, P.A., 202 Old Main Street, Bradenton, Florida 34205.

This Subpoena must be read and interpreted in accordance with the Definitions and the Instructions provided below.

### DEFINITIONS AND INSTRUCTIONS

A. "You" or "your" means AMAZON.COM, INC. and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and its employees, agents, officers, directors, managers, members, representatives, contractors, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

B. "Platform" means any and all of your websites, streaming services, mobile apps, devices, and any other means by which you offer, sell and provide to consumers content such as movies, films, media, entertainment and other similar content, including without limitation Amazon.com, PrimeVideo.com, and Prime Video.

C. "Universal Pictures" means Defendant, UNIVERSAL CITY STUDIOS LLC, a California limited liability company, d.b.a. UNIVERSAL PICTURES, and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

1

D.  "*Yesterday*" means the motion picture *Yesterday*, which was released by Universal Pictures in the United States on or about June 28, 2019, and which features Himesh Patel and Lily James, regardless of format.

E.  The term "document" (or "documents") means any and all writings of any nature whatsoever, or other means by which information is retained in retrievable form, as well as drafts and all nonidentical copies thereof, including but not limited to memoranda, stenographic or handwritten notes, contracts, agreements, records, audio and video recordings, correspondence, communications, reports, studies, summaries, surveys, statistical compilations, minutes, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, facsimiles, e-mail, signage, certificates of registration, labels, specimens, writings, sketches, and computer disks, and any other documents as defined in Federal Rule of Civil Procedure 34. The term "document" (or "documents") refers to any document now or at any time in your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to obtain or secure the document or a copy thereof from any person or public or private entity. The term "document(s)" must be construed in the broadest sense possible under the Federal Rules of Civil Procedure, and must include any writing, original and duplicate, communications, written, printed, handwritten, typed, recorded, electronic or graphic material of any kind, however produced or reproduced, and regardless of where located.

F.  The term "communication" (or "communications") means any documents that are, or which relate to or refer to, correspondence, letters, notes, memoranda, telegrams, inquiries, discussions, conversations, translations, telephone conversations, facsimiles, electronic mail messages, instant messages, text messages, negotiations, agreements, meetings, and any other forms of written communication or documents that in any way refer to or relate to verbal or other communications.

G.  The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the document request all responses that might otherwise fall outside its scope.

H.  "Relating to," "relate to," "referring to" or "refer to" shall mean constituting, mentioning, containing, discussing, embodying, reflecting, identifying, stating, referring to or in any way relevant or pertinent.

I.  To the extent you withhold any responsive documents or communications based on an assertion of privilege or other immunity from disclosure, you must (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

J.  Unless otherwise stated, the time period applicable to the documents and information sought by this subpoena is from January 1, 2017 to the date you produce documents and information in response to this subpoena.

2

## DOCUMENTS TO BE PRODUCED

1. All documents and communications exchanged between you and Universal Pictures relating to *Yesterday*.

2. All documents and communications relating to the *Yesterday* trailer(s) used to promote and advertise the movie on your platform.

3. All documents and communications exchanged between you and Universal Pictures relating to the *Yesterday* trailer(s) used to promote and advertise the movie on your platform.

4. All contracts, agreements or the equivalent thereof, between you and Universal Pictures relating to *Yesterday*.

5. All contracts, agreements or the equivalent thereof, between you and Universal Pictures relating to the promotion and advertising of *Yesterday* on your platform.

6. All contracts, agreements or the equivalent thereof, between you and Universal Pictures relating to all versions of trailers for *Yesterday* appearing on your platform.

7. All contracts, agreements or the equivalent thereof, between you and Universal Pictures in existence prior to January 1, 2017 that govern and/or apply to the marketing and sale of *Yesterday* on your platform.

8. All documents and communications pertaining to any contracts, agreements or the equivalent thereof between you and Universal Pictures that relate to: (a) the movie *Yesterday*; and/or (b) trailers for *Yesterday* appearing on your platform.

9. All documents and communications relating to the use of any trailer(s) on your platform containing the actress Ana de Armas and other film content to advertise *Yesterday*.

10. All documents and communications relating to any decisions by you to: (a) change the *Yesterday* trailer(s) appearing on your platform; and/or (b) utilize different versions of trailers for *Yesterday* on your platform.

11. All documents and communications relating to all instructions you received from Universal Pictures regarding the *Yesterday* trailer(s) appearing on your platform.

12. All documents and communications relating to all instructions you received from Universal Pictures regarding any changes to the *Yesterday* trailer(s) appearing on your platform.

3

257

13. All documents and communications relating to the creation of your product detail page(s) for *Yesterday*, including without limitation all information utilized to create descriptions of the movie *Yesterday*, all trailers for *Yesterday*, all cast listings for *Yesterday*, and any other information appearing on and/or encoded on or in association with your product detail page(s) for *Yesterday*.

14. All documents and communications you received from Universal Pictures regarding information to be included on your product detail page(s) for *Yesterday*, including without limitation all descriptions of the movie *Yesterday*, all trailers for *Yesterday*, all cast listings for *Yesterday*, and any other information appearing on and/or encoded on or in association with your product detail page(s) for *Yesterday*.

15. All documents and communications relating to keyword linking for *Yesterday* on your platform.

16. All documents and communications relating to search filters for *Yesterday* on your platform.

17. All versions of trailers for *Yesterday* you received from Universal Pictures.

18. All versions of trailers for *Yesterday* appearing on your platform at any time.

19. All documents and communications relating to the reliance of consumers, in general, on trailers for making movie rental and purchase decisions on your platform.

20. All documents and communications relating to the reliance of consumers on *Yesterday* trailers appearing on your platform for making movie rental and purchase decisions on your platform.

21. All documents and communications relating to the number of views of the *Yesterday* trailer(s) on your platform.

22. All documents and communications relating to any correlation between trailer views to movie purchases and rentals on your platform.

23. All documents and communications relating to any correlation between trailer views of the *Yesterday* trailer(s) appearing on your platform to movie purchases and rentals of *Yesterday* on your platform.

24. All documents and communications relating to complaints you received from users of your platform that:

> (a) the content of the *Yesterday* trailer that appeared on your platform was different from the content of *Yesterday* (the movie);

4

(b) the actress Ana de Armas does not appear in *Yesterday* (the movie);

(c) Ana de Armas' character (Roxanne) does not appear in *Yesterday* (the movie); and/or

(d) The Beatles' song "Something" does not appear in *Yesterday* (the movie).

25. All communications regarding *Yesterday* by, between or among you and any of the following:

(a) Universal Pictures and/or any employees, officers, directors, agents, representatives or attorneys for Universal Pictures;

(b) Working Title Films and/or any employees, officers, directors, agents, representatives or attorneys for Working Title Films;

(c) Ana de Armas and/or any agents, representatives or attorneys for Ana de Armas;

(d) Danny Boyle and/or any agents, representatives or attorneys for Danny Boyle; and

(e) Richard Curtis and/or any agents, representatives or attorneys for Richard Curtis.

26. All documents and communications relating to revenue received by you for rentals and purchases of *Yesterday* on your platform in the United States:

(a) during the period of time that the version of the trailer for *Yesterday* which includes a scene with Ana de Armas and James Corden ("the Ana de Armas version") appeared on your platform; and

(b) during the period of time after the aforesaid Ana de Armas version of the trailer for *Yesterday* that appeared on your platform was removed and replaced with a different trailer.

27. All documents and communications relating to revenue received by you for rentals and purchases of *Yesterday* on your platform in the State of California:

(a) during the period of time that the version of the trailer for *Yesterday* which includes a scene with Ana de Armas and James Corden ("the Ana de Armas version") appeared on your platform; and

(b) during the period of time after the aforesaid Ana de Armas version of the trailer for *Yesterday* that appeared on your platform was removed and replaced with a different trailer.

5

259

28. All documents and communications relating to revenue received by you for rentals and purchases of *Yesterday* on your platform in the State of Maryland:

(a) during the period of time that the version of the trailer for *Yesterday* which includes a scene with Ana de Armas and James Corden ("the Ana de Armas version") appeared on your platform; and

(b) during the period of time after the aforesaid Ana de Armas version of the trailer for *Yesterday* that appeared on your platform was removed and replaced with a different trailer.

29. All documents and communications relating to royalty payments, revenue payments or other similar payments by you to Universal Pictures for rentals and purchases of *Yesterday* in the United States:

(a) during the period of time that the version of the trailer for *Yesterday* which includes a scene with Ana de Armas and James Corden ("the Ana de Armas version") appeared on your platform; and

(b) during the period of time after the aforesaid Ana de Armas version of the trailer for *Yesterday* that appeared on your platform was removed and replaced with a different trailer.

30. All documents and communications relating to royalty payments, revenue payments or other similar payments by you to Universal Pictures for rentals and purchases of *Yesterday* in the State of California:

(a) during the period of time that the version of the trailer for *Yesterday* which includes a scene with Ana de Armas and James Corden ("the Ana de Armas version") appeared on your platform; and

(b) during the period of time after the aforesaid Ana de Armas version of the trailer for *Yesterday* that appeared on your platform was removed and replaced with a different trailer.

31. All documents and communications relating to royalty payments, revenue payments or other similar payments by you to Universal Pictures for rentals and purchases of *Yesterday* in the State of Maryland:

(a) during the period of time that the version of the trailer for *Yesterday* which includes a scene with Ana de Armas and James Corden ("the Ana de Armas version") appeared on your platform; and

(b) during the period of time after the aforesaid Ana de Armas version of the trailer for *Yesterday* that appeared on your platform was removed and replaced with a different trailer.

32. All documents and communications relating to all instructions you received from Universal Pictures regarding advertising or promoting the movie *Yesterday* on your platform.

33. All communications between you and Universal Pictures regarding this lawsuit.

34. All documents exchanged between you and Universal Pictures regarding this lawsuit.

7

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS**

Pursuant to Federal Rules of Evidence 803(6) and 902(11)

I, _____ (name), attest under penalties of perjury that I am employed by _____ (business name) at _____ (business address) and that my official title is _____ (title).

I am a custodian of records for the aforementioned business entity. Each of the records attached hereto or produced herewith is the original record or a true duplicate of the original record in the custody of the aforementioned business entity. I further certify that all of the records attached hereto or produced with this certificate:

(a) Were made at or near the time of the occurrence of the matters set forth therein by – or from information transmitted by – a person with knowledge of those matters;

(b) Were kept in the course of a regularly conducted activity of the business entity; and

(c) Were made by the business entity as a regular practice in the course of the regularly conducted activity.

I certify and declare under penalty of perjury that the foregoing is true and correct.

Signed on this _____ day of _____, 2022.

_____
Signature

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged me before me, by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 2022 by _____, who is _____ personally known to me or who produced _____ as identification.

_____
Notary Public

_____
Typed or Printed Name of Notary

My Commission Expires: