KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**DEFENDANT'S APPLICATION TO FILE UNDER SEAL:**<br><br>**UNREDACTED VERSIONS OF EXHIBITS 1, 4-50, AND 74 TO DECLARATION OF MATTHEW APICE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:  April 17, 2023<br>Time: 1:30 p.m.<br>Judge:  Hon. Stephen V. Wilson |

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Central District of California Civil Local Rule 79-5.2.2(a) and the Stipulated Protective Order (Dkt. 99), Defendant Universal City Studios LLC ("Universal"), by and through its counsel of record, respectfully submits this Application to File Under Seal Unredacted Versions of Exhibits 1, 4-50, and 74 to the Declaration of Matthew Apice in Support of Universal's Opposition to Plaintiffs' Motion for Class Certification ("Apice Declaration").

As explained in the attached Declaration of Grace Davis Fisher in Support of Universal's Application to File Under Seal ("Davis Decl."), and in the concurrently filed Apice Declaration, there are "compelling reasons" to file Exhibits 1, 4-50, and 74 to the Apice Declaration under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016) (explaining "compelling reasons" and "good cause" standards for sealing judicial records); *Waldrup v. Countrywide Fin. Corp.*, No. 2:13-CV-08833-CAS-AGRx, 2018 WL 4586188, at *4 (C.D. Cal. Sept. 17, 2018) (holding that "compelling reasons" standard applies to materials filed in connection with class certification motions, and collecting cases holding same).

Exhibit 1 consists of competitively and commercially sensitive, non-public strategic and financial information concerning the media plan and strategy for the motion picture *Yesterday*. Davis Decl. ¶ 3; Apice Decl. ¶ 3 & n.1. And Exhibit 74 consists of competitively and commercially sensitive, non-public business and strategic insights based on proprietary exit polls. Davis Decl. ¶ 3; Apice Decl. ¶ 11 & n.3. Universal designated Exhibits 1 and 74 "Highly Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order upon producing them in discovery, and Plaintiffs have not objected to Universal's confidentiality designations. Davis Decl. ¶¶ 3-4, 8. It would create a substantial risk of serious harm to Universal's commercial and competitive interests if Universal's confidential budgetary information and marketing practices and strategies in Exhibit 1, and its confidential consumer research and performance data in Exhibit 74, were filed

publicly. Apice Decl. ¶ 3 & n.1, ¶ 11 & n.3. It is well established that such interests satisfy the "compelling reasons" standard. *See, e.g.*, *Baker v. SeaWorld Ent., Inc.*, No. 14-CV-2129-MMA (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (finding "compelling reasons" to seal materials "regarding SeaWorld's pricing and marketing strategies," as well as a "confidential consumer report" and a "performance summary"); *Bauer Bros. LLC v. Nike, Inc.*, No. 09-CV-500-WGH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (finding "compelling reasons" to seal "Nike's confidential business materials, including marketing strategies, sales and retailer data," and "business data").

Exhibits 4-50 consist of <u>non-public</u> copies of multi-media works that were used to promote *Yesterday* on network and cable television. Davis Decl. ¶ 5; Apice Decl. ¶ 6 & n.2. Universal has maintained these non-public copies internally, and they contain confidential business information that is generally unavailable to the public. Apice Decl. ¶ 6 & n.2. Universal designated Exhibits 4-50 "Confidential" pursuant to the Stipulated Protective Order upon producing them in discovery, and Plaintiffs have not objected to Universal's confidentiality designation. Davis Decl. ¶ 8. Because Exhibits 4-50 are multi-media files, redaction of only the non-public, confidential portions of these records is not practicable and would be unduly burdensome. *Id.* ¶¶ 6-7. Universal's interest in maintaining the confidentiality of business information that is not otherwise publicly available meets the "compelling reasons" standard. *See Upstrem, Inc. v. BHFO, Inc.*, No. 20-CV-2160 JLS (DEB), 2022 WL 2134599, at *3 (S.D. Cal. June 14 2022) (finding "compelling reasons" to seal information that is "confidential, proprietary, and/or commercially sensitive and not otherwise publicly available").

Universal also has a compelling interest in ensuring that Exhibits 4-50 are not made available to the public in a manner that allows for unrestricted copying and distribution, which risks harm to Universal's exclusive rights to copy and distribute these copyrighted works. Davis Decl. ¶¶ 6-7. Other courts have sealed copyrighted

materials in their entirety on this basis. *See Viable Sols., LLC v. Solace Consulting, LLC*, No. 3:09-CV-129-DCK, 2009 WL 2590284, at *2 (W.D.N.C. Aug. 17, 2009) (in copyright infringement action, granting plaintiff's motion to file copyrighted manuals under seal "to prevent possible unauthorized duplication and distribution of the manuals on the Internet, which would be detrimental to [plaintiff's] business").

Universal's compelling reasons to seal these exhibits outweigh the public's general interest in access to judicial documents, particularly in light of the narrowly tailored sealing order Universal seeks. Universal seeks to seal only the information necessary to protect its commercial and competitive interests—the non-public records themselves—not any portion of its Opposition or the supporting declaration of Universal witness Matthew Apice. This narrowly tailored approach "'balance[s] the competing interests of the public'" with the interests of Universal by ensuring unrestricted public access to Universal's Opposition and key supporting documents, thereby facilitating the public's understanding of the arguments for and against certification of the proposed classes in this action. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *J.N. v. Or. Dep't of Educ.*, No. 6:19-cv-00096-AA, 2020 WL 589534, at *2 (D. Or. Feb. 5, 2020) (finding requested redactions were "narrowly tailored to balance [the interests of the party seeking to seal records] and the public's access to judicial records" where the applicant sought to seal "only information necessary to" protect its interests and "left most of the [record] accessible to the public").

Pursuant to Local Rule 79-5.2.2(a), Defendant will publicly file, as attached to this Application, redacted versions of the documents proposed to be filed under seal herein: Apice Declaration and Exhibits 1, 4-50, and 74 thereto.

Pursuant to Local Rule 79-5.2.2(a) and the Stipulated Protective Order, Universal respectfully requests that the Court issue an Order allowing Universal to file the above-referenced document under seal.

| | | |
|---|---|---|
| 1 | DATED: April 4, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | MUNGER, TOLLES & OLSON LLP |
| 4 | | By: _____/s/ Bethany W. Kristovich_____ |
| 5 | | BETHANY W. KRISTOVICH |
| 6 | | Attorneys for Defendant<br>UNIVERSAL CITY STUDIOS LLC |

-5-   Case No. 2:22-cv-00459-SVW-AGR
DEFENDANT'S APPLICATION TO FILE UNDER SEAL