UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>             Plaintiffs,<br><br>    vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>             Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**ORDER**<br><br>**DEFENDANT'S APPLICATION TO FILE UNDER SEAL:**<br><br>**UNREDACTED VERSIONS OF EXHIBITS 1, 4-50, AND 75 TO DECLARATION OF MATTHEW APICE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:  April 17, 2023<br>Time: 1:30 p.m.<br>Judge:  Hon. Stephen V. Wilson |

Defendant Universal City Studios LLC ("Universal") has submitted an Application, pursuant to Local Rule 79-5.2.2(a), to File Under Seal Unredacted Versions of Exhibits 1, 4-50, and 74 to the Declaration of Matthew Apice in Support of Universal's Opposition to Plaintiffs' Motion for Class Certification ("Apice Declaration").

Based on Universal's Application and the Declarations of Grace Davis Fisher and Matthew Apice Filed in Support thereof, the Court finds "compelling reasons" to seal Exhibits 1, 4-50, and 74 to the Apice Declaration:

- Exhibits 1 and 74 consist of competitively and commercially sensitive, non-public marketing strategies and financial and business information, *see Baker v. SeaWorld Ent., Inc.*, No. 14-CV-2129-MMA (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (finding "compelling reasons" to seal materials "regarding SeaWorld's pricing and marketing strategies," as well as a "confidential consumer report" and a "performance summary"); *Bauer Bros. LLC v. Nike, Inc.*, No. 09-CV-500-WGH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (finding "compelling reasons" to seal "Nike's confidential business materials, including marketing strategies, sales and retailer data," and "business data"); and

- Exhibits 4-50 consist of <u>non-public</u> copies of multi-media works that contain confidential business information that is generally unavailable to the public, s*ee Upstrem, Inc. v. BHFO, Inc.*, No. 20-CV-2160 JLS (DEB), 2022 WL 2134599, at *3 (S.D. Cal. June 14 2022) (finding "compelling reasons" to seal information that is "confidential, proprietary, and/or commercially sensitive and not otherwise publicly available"). In addition, it would present a risk to Universal's copyrights in Exhibits 4-50 to file these copyrighted works on the public record, as anyone accessing the Court's records would be able to copy and distribute the works without Universal's authorization. *See Viable Sols., LLC v. Solace Consulting, LLC*, No. 3:09-CV-129-DCK, 2009 WL 2590284,

at *2 (W.D.N.C. Aug. 17, 2009) (in copyright infringement action, granting plaintiff's motion to file copyrighted manuals under seal "to prevent possible unauthorized duplication and distribution of the manuals on the Internet, which would be detrimental to [plaintiff's] business").

The Court further finds that the scope of Universal's requested sealing order appropriately "'balance[s] the competing interests of the public'" with the competing interests of Universal, because Universal seeks to seal only the sensitive records themselves and not any portions of its Opposition to Plaintiffs' Motion for Class Certification or the declarations filed in support thereof.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016).

The Court therefore GRANTS the Application and orders Universal to file the aforementioned materials under seal.

IT IS SO ORDERED.

Dated:  April 7, 2023

_____
Hon. Stephen V. Wilson
United States District Judge