LEJEUNE LAW, P.C.
CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
445 S Figueroa St Ste 3100
Los Angeles CA 90071
Tel. (985) 713-4964

PEQUIGNOT + MYERS
MATTHEW A. PEQUIGNOT*
mpequignot@pmiplaw.com
2585 Ala Namahana Pkwy #1007
Kilauea HI 96754
Tel. (202) 328-1200

SHEEHAN & ASSOCIATES, P.C.
SPENCER SHEEHAN*
spencer@spencersheehan.com
60 Cuttermill Rd, Ste 412
Great Neck NY 11021
Tel. (516) 268-7080

* (admitted *Pro Hac Vice*)

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CONOR WOULFE and PETER MICHAEL ROSZA, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

UNIVERSAL CITY STUDIOS LLC and DOES 1-20, inclusive,

Defendants.

Case No. 2:22-cv-00459-SVW-AGR

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Date: April 17, 2023
Time: 1:30 P.M.
Judge: Hon. Stephen V. Wilson

## TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

FACTUAL BACKGROUND ..... 1

LEGAL STANDARDS ..... 1

ARGUMENT ..... 1

I. REQUIREMENTS OF RULE 23(A) ARE SATISFIED ..... 1

A. Numerosity Established Despite Failure to Provide Responsive Documents ..... 1

B. Common Questions Exist About *Yesterday*'s Promotions with de Armas ..... 2

C. Plaintiffs' Claims are Typical to Other Class Members' ..... 3

D. Plaintiffs Will Adequately Protect Interests of Class ..... 4

II. REQUIREMENTS OF RULE 23(B)(2) ARE SATISFIED ..... 5

III. REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED ..... 5

A. Common Questions Predominate ..... 5

B. Plaintiffs' Standing is Sufficient ..... 6

C. The Proposed Alternative Classes Should be Certified ..... 7

D. Damages Models are Sufficient ..... 7

IV. RULE 23(C)(4) CLASS IS NOT "END-RUN" BUT SEPARATELY VIABLE ..... 8

CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**CASES**

*A.B. v. Hawaii State Dep't of Educ.*,
30 F.4th 828 (9th Cir. 2022)........................................................................................ 2

*Alcantar v. Hobart Servs.*,
800 F.3d 1047 (9th Cir. 2015)...................................................................................... 3

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ..................................................................................................... 6

*Anderson v. Cent. Refrigerated Serv., LLC*,
No. 14-cv-2062, 2017 WL 11635450 (C.D. Cal. July 6, 2017)................................... 1

*Bradach v. Pharmavite, LLC.*,
735 Fed. App'x 251 (9th Cir. 2018).............................................................................. 4

*Bruno v. Quten Rsch. Inst., LLC*,
280 F.R.D. 524 (C.D. Cal. 2011) ................................................................................. 3

*Castillo v. Bank of Am., N.A.*,
980 F.3d 723 (9th Cir. 2020)........................................................................................ 7

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013) ................................................................................................... 1, 7

*Ehret v. Uber Techs., Inc.*,
148 F. Supp. 3d 884 (N.D. Cal. 2015) ......................................................................... 4

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011)..................................................................................... 4, 5

*Garcia v. Wal-Mart Assocs., Inc.*,
No. 18-cv-00500, 2022 WL 2276908 (S.D. Cal. June 23, 2022)................................. 7

*Hadley v. Kellogg Sales Co.*,
324 F. Supp. 3d 1084 (N.D. Cal. 2018) ....................................................................... 6

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998)...................................................................................... 3

*In re Hyundai and Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019)........................................................................................ 6

*In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*,
609 F. Supp. 3d 942 (N.D. Cal. 2022) ..................................................................... 3, 6

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) .......... 4

*In re Vioxx Class Cases*,
103 Cal. Rptr. 3d 83 (2009) .......... 8

*Jordan v. Cty. of Los Angeles*,
669 F.2d 1311 (9th Cir. 1982).......... 2

*Kamm v. California City Dev. Co.*,
509 F.2d 205 (9th Cir. 1975).......... 2

*Keegan v. Am. Honda Motor Co.*,
284 F.R.D. 504 (C.D. Cal. 2012) .......... 2

*Kivett v. Flagstar Bank*,
506 F. Supp. 3d 749 (N.D.. Cal. 2020) .......... 7

*Krommenhock v. Post Foods, LLC*,
334 F.R.D. 552 (N.D. Cal. 2020) .......... 7

*Lambert v. Nutraceutical Corp.*,
870 F.3d 1170 (9th Cir. 2017).......... 4

*Leyva v. Medline Industries Inc.*,
716 F.3d 510 (9th Cir. 2013).......... 8

*LSIMC, LLC v. Am. Gen. Life Ins. Co.*,
No. 20-cv-11518, 2022 WL 4596597 (C.D. Cal. Aug. 4, 2022) .......... 8

*Mazza v. Am. Honda Motor Co., Inc.*,
666 F.3d 581 (9th Cir. 2012).......... 2, 3

*Miles v. Kirkland's Stores, Inc.*,
592 F. Supp. 3d 955 (C.D. Cal. 2022).......... 2

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022).......... 6

*Ortega v. Nat. Balance, Inc.*,
300 F.R.D. 422 (C.D. Cal. 2014), *order reinstated sub nom., Lambert v. Nutraceutical Corp.*,
No. 13-cv-05942, 2020 WL 12012559 (C.D. Cal. Jan. 8, 2020) .......... 7

*Stearns v. Ticketmaster Corp.*,
655 F.3d 1013 (9th Cir. 2011).......... 7

*Torres v. Mercer Canyons Inc.*,
835 F.3d 1125 (9th Cir. 2016).......... 6

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) .......... 6

*Turrey v. Vervent, Inc.*, No. 20-cv-0697, 2023 WL 163200 (S.D. Cal. Jan. 11, 2023) .......... 1, 2

*Victorino v. FCA US LLC*, No. 16-cv-1617, 2021 WL 4124245 (S.D. Cal. Sept. 9, 2021) .......... 6

*Walker v. Life Ins. Co. of the SW*, 953 F.3d 624 (9th Cir. 2020) .......... 4

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .......... 2, 3, 5

*Wheeler v. Estee Lauder Companies, Inc.*, No. 12-cv-882, 2013 WL 12121543 (C.D. Cal. Feb. 12, 2013) .......... 5

*Woulfe v. Universal City Studios LLC*, No. 22-cv-00459, ECF No. 103 (C.D. Cal. Feb. 15, 2023) .......... 2

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) .......... 1

**RULES**

Fed. R. Civ. P. 23(a) .......... 1

Fed. R. Civ. P. 23(a)(2) .......... 3

Fed. R. Civ. P. 23(a)(3) .......... 4

Fed. R. Civ. P. 23(a)(4) .......... 4

Fed. R. Civ. P. 23(b) .......... 1

Fed. R. Civ. P. 23(b)(2) .......... 5

Fed. R. Civ. P. 23(b)(3) .......... 3, 6

**FACTUAL BACKGROUND**

On March 15, 2023, Plaintiffs Conor Woulfe and Peter Michael Rosza ("Plaintiffs") filed their Motion and Memorandum of Points and Authorities in Support of Motion for Class Certification. ECF. No. 109 ("Class Cert. Mem."). In response, Defendant filed its Opposition on April 4, 2023. ECF. No. 116 ("Def. Mem.").

Defendant contends the Motion should be denied because it does not "'affirmatively demonstrate [Plaintiffs'] compliance' with Rule 23" by "*proving*, not merely *pleading*" the requirements of Rule 23(a) are met. Def. Mem. at 16 quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) and citing Fed. R. Civ. P. 23(a) (emphasis in original).

Though Defendant submits over seventy exhibits in opposition, the Court should grant Plaintiffs' Motion. *See* ECF No. 119, Declaration of Matthew Apice ("Apice Decl."). For the forgoing reasons, the Court should grant Plaintiffs' Motion.

**LEGAL STANDARDS**

To obtain class certification, Plaintiffs "bear[s] the burden of demonstrating that [they] ha[ve] met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

**ARGUMENT**

**I. REQUIREMENTS OF RULE 23(A) ARE SATISFIED**

A. Numerosity Established Despite Failure to Provide Responsive Documents

Defendant's contention that "Plaintiffs offer[ed] no evidence" to "address how many purchases occurred in California or Maryland" is "particularly disingenuous given their refusal to provide the class data that would have established the precise class numbers they now accuse [them] of not proving." Def. Mem. at 17 citing *Anderson v. Cent. Refrigerated Serv., LLC,* No. 14-cv-2062, 2017 WL 11635450, at *3 (C.D. Cal. July 6, 2017); *Turrey v. Vervent, Inc.*, No. 20-cv-0697, 2023 WL 163200, at *4 (S.D. Cal. Jan. 11, 2023) (citing plaintiff's declaration, where "unresolved discovery disputes [meant] [d]efendants [we]re the only party in possession of the records that could provide precise class estimates.")

Here, where Plaintiffs sought data on ticket sales and online rentals for *Yesterday* in California and Maryland, Defendant "object[ed] to this [discovery] Request as irrelevant." Def. Response to Plaintiffs' Request for Production, No. 36.

Though Plaintiffs included RFP No. 36 in the Joint Agenda For Telephonic Discovery Conference, the Court's denial of this Request appeared to acknowledge that "discovery [on this issue] is [not] necessary to determine the existence of a class or set of subclasses," because "[T]he evidence presently before the Court indicates that the proposed Class and subclasses will include thousands of individuals." *Woulfe v. Universal City Studios LLC*, No. 22-cv-00459, ECF No. 103 (C.D. Cal. Feb. 15, 2023) (Minute Entry) quoting *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975); *Turrey*, 2023 WL 163200, at *4.

This is confirmed because "*Yesterday* has thus far grossed approximately $150,000,000 (one hundred fifty million) United States dollars," at an average of $13 per ticket, translating to 1.5 million class members, far exceeding "[the] 40 or more [] [that] will generally satisfy the [numerosity] requirement." *Miles v. Kirkland's Stores, Inc.*, 592 F. Supp. 3d 955, 962 (C.D. Cal. 2022) citing Fed. R. Civ. P. 23(a)(1) and *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 522 (C.D. Cal. 2012).

Moreover, because "[the] class is large in numbers," coupled with "the relatively small size of each class member's claim and the probability that the[y] may be difficult to locate combine to make it impracticable for individual class members to join [] by instituting separate actions." *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1319-20 (9th Cir. 1982); *affirmed by A.B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 836-37 (9th Cir. 2022).

B. Common Questions Exist About *Yesterday*'s Promotions with de Armas

Commonality is satisfied because "class members' claims 'depend upon [the] common contention'" that de Armas' promotion in *Yesterday* misled movie viewers to expect she appeared in the film, and a "determination of its truth or falsity will resolve [the] issue that is central to the validity of each [claim] in one stroke." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588-89 (9th Cir. 2012) quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) and Fed. R.

Civ. P. 23(a)(2).

Though Defendant disputes that "there are questions of law or fact common to the class" because "it [is not] [] a given that every person who saw the Subject Trailer [] expected to see de Armas in [*Yesterday*]," Plaintiffs' "common contention need not be one that 'will be answered, on the merits, in [their] favor.'" Def. Mem. at 21-22 citing *Dukes*, 564 U.S. at 349-50; *Alcantar v. Hobart Servs.*, 800 F.3d 1047, 1053 (9th Cir. 2015) quoting *Dukes*, 564 U.S. at 350.

Defendant's assertion that "class members' expectations about de Armas' appearance in *Yesterday* will necessarily be individualized" is more aptly characterized as based on "predominance." Def. Mem. at 23 citing *Dukes*, 564 U.S. at 350 and Fed. R. Civ. P. 23(b)(3).

As commonality "only requires a single significant question of law or fact," and Plaintiffs "identif[ied] several [of these] questions [] that will be determined on a common basis based on classwide evidence and proof," including "[W]hether the representations [] Defendant made about Yesterday were or are true, misleading, or likely to deceive" and if "[C]lass members have been injured," Rule 23(a)(2) is met. *Mazza*, 666 F.3d at 588-89; *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*, 609 F. Supp. 3d 942, 960 (N.D. Cal. 2022); Sec. Am. Compl. ¶ 121. Fed. R. Civ. P. 23(a)(2).

That Plaintiffs or class members may have had different expectations of whether De Armas would have a cameo or starring role in *Yesterday* is of no significance, as "[a]ll questions of fact and law need not be common [,] [as] [T]he existence of shared legal issues with divergent factual predicates is sufficient." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) citing Fed. R. Civ. P. 23(a)(2).

### C. Plaintiffs' Claims are Typical to Other Class Members'

Defendant is incorrect to assert typicality is not established in the absence of proving "[A]ll class members knew who de Armas was or cared whether she was in [*Yesterday*]," because "[S]ome degree of individuality is to be expected [], but that specificity does not necessarily defeat typicality." Def. Mem. at 18 citing *Bruno v. Quten Rsch. Inst., LLC*, 280 F.R.D. 524, 534 (C.D. Cal. 2011); *Hanlon*, 150 F.3d at 1020.

Defendant's suggestion, that "[U]nsurprisingly, de Armas was not reported as a reason exiting movie-goers reported for seeing the movie," is self-serving, because it chose not to ask viewers of *Yesterday* this question, although a significant percentage cited the cast as motivating them to go see it. Def. Mem. at 20 citing Apice Decl. at Ex. 74 (UNI000742).

However, in assessing typicality "these distinctions are not relevant [because] [T]he issue is not Plaintiff[s'] individual experience[s] with [*Yesterday*], but the objective test of whether [Defendant] made material misrepresentations likely to deceive members of the public" "under the UCL." *Ehret v. Uber Techs., Inc.*, 148 F. Supp. 3d 884, 895 (N.D. Cal. 2015) citing Fed. R. Civ. P. 23(a)(3) and *In re Tobacco II Cases*, 46 Cal. 4th 298, 311 (2009).

For this reason, it is not relevant whether "reliance [on the misleading promotion of *Yesterday*] may be presumed," because "the standard in actions under . . . [the] UCL is whether members of the public are likely to be deceived." Def. Mem. at 20 citing *Walker v. Life Ins. Co. of the SW*, 953 F.3d 624, 630-31 (9th Cir. 2020); *Bradach v. Pharmavite, LLC.*, 735 Fed. App'x 251, 254 (9th Cir. 2018).

D. Plaintiffs Will Adequately Protect Interests of Class

Defendant's challenges to the adequacy of Plaintiffs and their Counsel are misplaced for multiple reasons. Def. Mem. at 23. First, Defendant has chosen not to expeditiously depose Plaintiffs, where they will testify that "[they] [] have [no] conflicts of interest with other class members" and that their objectives are "identical to what they seek for the Class." Def. Mem. at 23 quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011); Fed. R. Civ. P. 23(a)(4).

Second, Plaintiffs' Counsel expressed its intent to "measur[e] class wide damages under the full refund model … on the basis that [their purchase of *Yesterday* without De Armas] ha[d] no or only a de minimis value," because "Defendant's false and misleading representations [about De Armas' role]" resulted in their paying for a movie "[which] effectively provided [them] with no value at all." *Lambert v. Nutraceutical Corp.*, 870 F.3d. 1170, 1183 (9th Cir. 2017).

This was based on numerous academic studies demonstrating the primacy of central cast

members to inform decisions of the moviegoing public, which goes far beyond "rely[ing] on mere factual allegations from the [S]AC."[1] Def. Mem. at 23 quoting *Wheeler v. Estee Lauder Companies, Inc.*, No. 12-cv-882, 2013 WL 12121543, at *5 (C.D. Cal. Feb. 12, 2013).

## II. REQUIREMENTS OF RULE 23(B)(2) ARE SATISFIED

Defendant misconstrues Plaintiffs' request for injunctive relief under Rule 23(b)(2) as related to their "claimed intention to re-watch *Yesterday* over and over because [it] 'might' someday release a version with de Armas," even though the Motion was based on its "refus[al] to act on grounds that apply generally to the class," by committing to refrain from misleading movie promotion activities beyond Yesterday. Def. Mem. at 26; Fed. R. Civ. P. 23(b)(2).

Though "claims for monetary relief may [not] be certified under [Rule 23(b)(2)]," "this standard has been called into doubt by the Supreme Court." Def. Mem. at 26 quoting *Dukes*, 564 U.S. at 360 *compare with Ellis*, 657 F.3d at 986 quoting *Dukes*, 564 U.S. at 366 ("not decid[ing] [] whether there are any forms of 'incidental' monetary relief that are consistent with the interpretation of Rule 23(b)(2) we have announced and that comply with the Due Process Clause.").

## III. REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED

### A. Common Questions Predominate

Defendant's focus on what it describes as "[no] evidence of uniform exposure" "[G]iven the vast array of promotional material that did not include de Armas" to show the predominance requirement of Rule 23(b)(3) is not met overlooks that because "deception and materiality under

[1] *See* Jörg Finsterwalder et al. "The effects of film trailers on shaping consumer expectations in the entertainment industry – A qualitative analysis." Journal of Retailing and Consumer Services 19.6 (2012): 589-595; Elif Ulker-Demirel et al., "Marketing and consumption of art products: The movie industry." Arts and the Market (2018); Keith M. Johnston et al., "Watching the trailer: Researching the film trailer audience." Participations 13.2 (2016): 56-85; Ekaterina V. Karniouchina, "Impact of star and movie buzz on motion picture distribution and box office revenue." International Journal of Research in Marketing 28.1 (2011): 62-74; *see also* David Jerrick, "The effectiveness of film trailers: evidence from the college student market." UW-L Journal of Undergraduate Research 16 (2013): 1-13.

the FAL […] [,] UCL [and CPA] are objective questions." Def. Mem. at 26 citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) citing Fed. R. Civ. P. 23(b)(3); *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1115 (N.D. Cal. 2018). This means it is not necessary "to investigate class members' individual interaction with [Defendant's multifaceted] [marketing]." *Hadley*, 324 F. Supp. 3d at 1115.

B. Plaintiffs' Standing is Sufficient

Defendant's suggestion that "[I]ndividual questions of injury and standing [] preclude certification" based on *TransUnion* is mistaken. Def. Mem. at 27 citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).

First, "the [Supreme] Court addressed standing [in *TransUnion*] after a jury trial and not at [] [the] class certification stage," where Plaintiffs have already "demonstrated that common issues of fact and law predominate over individual ones." *Victorino v. FCA US LLC*, No. 16-cv-1617, 2021 WL 4124245, at *4 (S.D. Cal. Sept. 9, 2021).

Second, though "Rule 23 'requires a district court to determine whether individualized inquiries into [] [Article III] standing issue would predominate over common questions,' "[P]redominance is not a counting game." Def. Mem. at 27 quoting *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022); *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*, 609 F. Supp. 3d at 960.

Predominance "is 'readily met' in cases [like this] alleging consumer fraud" because this "cohesive group of individuals suffered the same harm in the same way," based on Universal's "mass marketing efforts, common to all consumers," and "[the] mo[st] important question[] apt to drive the resolution of the litigation" is their shared expectation that she appeared in the film. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 559 (9th Cir. 2019); *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).

That moviegoers "may consider many factors in determining whether to [watch a movie] does not mean that misrepresented or omitted information cannot be material." *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*, 609 F. Supp. 3d at 960.

The focus on "individualized proof" of which class member saw which preview and when "is a 'damages question' that does not overcome the predominance of the common question of law." *Garcia v. Wal-Mart Assocs., Inc.*, No. 18-cv-00500, 2022 WL 2276908, at *6 (S.D. Cal. June 23, 2022) quoting *Castillo v. Bank of Am., N.A.*, 980 F.3d 723, 730 (9th Cir. 2020).

C. The Proposed Alternative Classes Should be Certified

Plaintiffs' alternative classes should be certified because it cannot be credibly disputed that consumers who searched for de Armas and shortly thereafter paid to view *Yesterday* have established "a conclusive presumption that … [D]efendant has caused an injury [and] restitution is the remedy." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 n.13 (9th Cir. 2011).

D. Damages Models are Sufficient

Defendant's argument that Plaintiffs' "model purporting to serve as evidence of damages [fails because it does not] measure only those damages" they are entitled to disregards the relevant issues. Def. Mem. at 29 quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013).

In contrast to cases where "challenged products and practices in [] mislabeling and deceptive advertising cases [typically] confer[s] some benefit on the [purchasers]," "[P]laintiffs [will] prove [*Yesterday* without De Armas] ha[d] no value to them." *Kivett v. Flagstar Bank*, 506 F. Supp. 3d 749, 764 (N.D.. Cal. 2020); *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 795-96 (2015) citing *Ortega v. Nat. Balance, Inc.*, 300 F.R.D. 422, 430 (C.D. Cal. 2014), *order reinstated sub nom. Lambert v. Nutraceutical Corp.*, No. 13-cv-05942, 2020 WL 12012559, at *11 (C.D. Cal. Jan. 8, 2020) (dietary supplement class certified where product "was valueless and therefore amenable to full refund treatment.").

Plaintiffs will similarly demonstrate damages through a "price premium" model, by applying "conjoint surveys and analyses" to determine how much [more] they and class members paid to view *Yesterday* based on the "false or misleading" representation De Armas was in the movie. *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 575 (N.D. Cal. 2020)

This approach "[will] measure the 'difference between what the [P]laintiff[s] paid and the

value of what the[y] received." *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 96 (2009).

That "all movies (no matter their quality or star power) are typically priced at a standard rate (e.g., $3.99)" makes no difference in establishing the price premium Plaintiffs and class members paid, because they "paid for a product that did not deliver the content promised by Defendant's advertising." Def. Mem. at 31; Sec. Am. Compl. ¶ 132.

## IV. RULE 23(C)(4) CLASS IS NOT "END-RUN" BUT SEPARATELY VIABLE

To characterize Plaintiffs' request to certify an issue class under Rule 23(c)(4) "as an end-run around Rule 23(b)(3)'s predominance requirement" ignores that this Court may "isolate the common issues [] and proceed with [their] class treatment," such as whether promoting *Yesterday* with de Armas was misleading. Def. Mem. at 33; *LSIMC, LLC v. Am. Gen. Life Ins. Co.*, No. 20-cv-11518, 2022 WL 4596597, at *12-13 (C.D. Cal. Aug. 4, 2022) (certifying "liability-only" class) citing *Leyva v. Medline Industries Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion or permit the renewal upon information the Court deems necessary.

Dated: April 11, 2023

/s/ Spencer Sheehan*
SHEEHAN & ASSOCIATES, P.C.
spencer@spencersheehan.com
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080

Cody R. Lejeune (CSB No. 249242)
cody@lejeunelawfirm.com
LEJEUNE LAW, P.C.
445 S. Figueroa St Ste 3100
Los Angeles CA 90071
(985) 713-4964

Matthew A. Pequignot*
mpequignot@pmiplaw.com
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy #1007
Kilauea HI 96754
(202) 328-1200

* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs and the Proposed Class*

**Certificate of Compliance**

In accordance with L.R. 11-6.2, the undersigned, counsel of record for Plaintiffs, certifies that this brief contains [number of] words, which either:

☒ complies with the word limit of L.R. 11-6.1.
☐ complies with the word limit set by court order dated Click or tap to enter a date.

Dated: April 11, 2023

/s/ Spencer Sheehan
Spencer Sheehan