KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>              Plaintiffs,<br><br>        vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>              Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF [1] SPECIAL MOTION TO STRIKE UNDER CAL. CIV. PROC. CODE § 425.16 AND [2] MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), (6)**<br><br>**Filed Concurrently:  Notice of Motions and [1] Special Motion to Strike Under Cal. Civ. Proc. Code § 425.16; and [2] Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (6); Memorandum of Points and Authorities; [Proposed] Order**<br><br>Date: June 5, 2023<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A |

Defendant Universal City Studios LLC ("Universal" or "Defendant") respectfully submits this request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the YouTube video accessible via the link below and a screenshot of which appears in Exhibit 1 attached hereto; the content of the websites accessible via the links below and reprinted in Exhibits 2-3 attached hereto; and the DVD attached as Exhibit 4 hereto.  This Request for Judicial Notice is filed in support of Defendant's (1) Special Motion to Strike under Cal. Civ. Proc. Code § 425.16 and (2) Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (6).[1]

| EXHIBIT | DESCRIPTION |
| --- | --- |
| 1 | YouTube video entitled "Yesterday - In Theaters June 28 (HD)," posted on Feb. 12, 2019. <br><br> https://www.youtube.com/watch?v=qD6FDkUXSZQ (last visited Apr. 27, 2023) |
| 2 | *CinemaBlend* article entitled "Yesterday Cut an Entire Character from the Film that Would Have Changed the Plot," posted on June 26, 2019. <br><br> https://www.cinemablend.com/news/2475654/yesterday-cut-an-entire-character-from-the-film-that-would-have-changed-the-plot (last visited Apr. 27, 2023) |
| 3 | Google web page displaying search results for "yesterday movie." <br><br> https://www.google.com/search?q=yesterday+movie&rlz=1C1GCEA_enUS1018US1018&oq=yesterday+movie&aqs=chrome.0.0i271j46i131i433i512j69i59j0i131i433i512l2j69i60j69i65l2.2408j0j7&sourceid=chrome&ie=UTF-8 (last visited Apr. 27, 2023) |

[1] Although motions to strike under California's anti-SLAPP statute may rely on extrinsic evidence, Defendant's anti-SLAPP Motion, filed jointly with Defendant's Rule 12 Motion, does not do so and therefore is governed by Rule 12 standards. *Choyce v. SF Bay Area Indep. Media Ctr.*, 2013 WL 6234628, at *5 (N.D. Cal. Dec. 2, 2013); *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 980 (C.D. Cal. 1999); *see* Dkt. 83 at 5 (holding that Universal's anti-SLAPP motion to strike Plaintiffs' Second Amended Complaint "challenges the legal sufficiency of Plaintiffs' allegations," so "the Court is not required to … permit discovery before making its decision").

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 4 | Official DVD recording of *Yesterday*. |

Federal Rule of Evidence 201 provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  At the dismissal stage, a court may consider "materials incorporated into the complaint [and] matters of public record" without converting the motion into one for summary judgment.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## I.     THE CONTENTS OF THE WEBSITES IDENTIFIED IN EXHIBITS 1-3 ARE SUBJECT TO JUDICIAL NOTICE

Universal respectfully requests that the Court take judicial notice of the contents of the websites identified in Exhibits 1-3.  "[A] court may take judicial notice of publicly available … web pages that 'indicate what was in the public realm at the time, not whether the contents of those articles [or web pages] were in fact true.'"  *Tarantino v. Gawker Media, LLC*, 2014 WL 2434647, at *1 n.1 (C.D. Cal. Apr. 22, 2014) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)); *see O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *see also* Dkt. 83 at 2-3 n.1, 12 n.5 (taking judicial notice of publicly available web pages).

Universal does not ask the Court to take judicial notice of the truth of any statement in the Exhibits.  Rather, Universal respectfully requests that the Court take judicial notice that the content of the Exhibits "was in the public realm at the time" of the relevant events.  *Tarantino*, 2014 WL 2434647, at *1 n.1 (citation omitted). The contents of the websites and the public availability of this content on the internet are "not subject to reasonable dispute" because the Court can go to these

websites and readily determine the same.  *See* Fed. R. Evid. 201(b); *see, e.g.*, *Hendrickson v. eBay Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) ("[T]he Court takes judicial notice of www.eBay.com and the information contained therein pursuant to Federal Rule of Evidence 201.").

## A.  The YouTube Video Identified In Exhibit 1 Is Subject To Judicial Notice

Exhibit 1 consists of a trailer for the movie *Yesterday*, accessible via the link above and a screenshot of which is attached hereto.  As this Court has held, the YouTube video in Exhibit 1 is subject to judicial notice because "it is incorporated by reference in [Plaintiffs'] Complaint and there is no objection as to its authenticity."  Dkt. 83 at 2-3 n.1; *see* Third Amended Complaint ("TAC") ¶¶ 85-86 (incorporating screenshots from "Defendant's movie trailer for *Yesterday*," which was "published by Defendant on YouTube").  Courts regularly take judicial notice of such videos at the dismissal stage.  *See, e.g.*, *Jones v. Twentieth Century Studios, Inc.*, 2021 WL 6752228, at *3 (C.D. Cal. Dec. 7, 2021) (taking "judicial notice of a DVD of the film Ad Astra and two official Ad Astra trailers" because plaintiff's complaint "relies upon [their] contents"); *Deus ex Machina Motorcycles Pty. Ltd. v. Metro-Goldwyn-Mayer Inc.*, 2020 WL 6875178, at *4 (C.D. Cal. Oct. 23, 2020) (taking judicial notice of "[t]he Film [*The Sun Is Also A Star*] and [its] Trailer" because they "are specifically referenced in the Complaint [and] form the basis of plaintiff's causes of action"); *Fillmore v. Blumhouse Prods., LLC*, 2017 WL 4708018, at *3 (C.D. Cal. July 7, 2017) (taking judicial notice of DVD of film referenced in plaintiff's complaint), *aff'd*, 771 F. App'x 756 (9th Cir. 2019); *Lacoste v. Keem*, 2020 WL 5239110, at *3 n.3 (C.D. Cal. June 23, 2020) (taking judicial notice of YouTube video referenced in plaintiff's complaint); *City of Inglewood v. Teixeira*, 2015 WL 5025839, at *2 (C.D. Cal. Aug. 20, 2015) (taking judicial notice of six YouTube videos referenced in plaintiff's complaint).

Case No. 2:22-cv-00459-SVW-AGR

### B.      The Article Identified In Exhibit 2 Is Subject To Judicial Notice

Exhibit 2 consists of a June 26, 2019 *CinemaBlend* piece entitled "Yesterday Cut an Entire Character from the Film that Would Have Changed the Plot." https://www.cinemablend.com/news/2475654/yesterday-cut-an-entire-character-from-the-film-that-would-have-changed-the-plot (last visited Apr. 27, 2023). *CinemaBlend* describes itself as "a constantly updated hub for fans to explore and discuss movies, TV shows and the best streaming has to offer." https://www.cinemablend.com/about.html (last visited Apr. 27, 2023).  The article is subject to judicial notice because it is a "publicly available … web page[]" that is offered not for its truth, but to show that the content of the article "was in the public realm at the time" of the relevant events.  *Tarantino*, 2014 WL 2434647, at *1 n.1 (citation omitted); *United States v. Isaacs*, 359 F. App'x 875, 877 (9th Cir. 2009) (affirming district court order taking judicial notice of articles offered to show what was in public realm); Dkt. 83 at 12 n.5 (taking judicial notice of publicly available web pages).

In addition, Exhibit 2 is independently subject to judicial notice because Plaintiffs' TAC incorporates its content by reference.  Dkt. 83 at 2-3 n.1 ("Under the incorporation by reference doctrine, the court may also consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" (quoting *Casault v. Fed. Nat'l Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1120 (C.D. Cal. 2012))); TAC ¶¶ 43-44, 47, 56, 61 (allegations quoting from *CinemaBlend* article).  Courts routinely take judicial notice of news articles quoted in the complaint.  *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007); *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012).

### C. The Google Web Page Identified In Exhibit 3 Is Subject To Judicial Notice

Exhibit 3 consists of a web page on Google.com displaying Google search results for the phrase "yesterday movie."  https://www.google.com/search?q= yesterday+movie&rlz=1C1GCEA_enUS1018US1018&oq=yesterday+movie&aqs= chrome.0.0i271j46i131i433i512j69i59j0i131i433i512l2j69i60j69i65l2.2408j0j7&so urceid=chrome&ie=UTF-8 (last visited Apr. 27, 2023).

The Google web page is subject to judicial notice because it is a "publicly available … web page[]" that is offered not for its truth, but to show that the content of the web page "was in the public realm at the time" of the relevant events. *Tarantino*, 2014 WL 2434647, at *1 n.1 (citation omitted); *Isaacs*, 359 F. App'x at 877; Dkt. 83 at 12 n.5 (taking judicial notice of publicly available web pages).

In addition, Exhibit 3 is independently subject to judicial notice because the TAC incorporates its content by reference.  Dkt. 83 at 2-3 n.1; *Casault*, 915 F. Supp. 2d at 1120; TAC ¶ 145 (screenshot of web page identified in Exhibit 3); TAC ¶¶ 105, 145-147 (allegations regarding purported cast listings for *Yesterday* on Google).

## II. THE *YESTERDAY* DVD IDENTIFIED IN EXHIBIT 4 IS SUBJECT TO JUDICIAL NOTICE

Exhibit 4 consists of a DVD of the movie *Yesterday*, distributed by Universal Pictures Home Entertainment.  The DVD is subject to judicial notice because Plaintiffs' TAC incorporates its content by reference.  *Eisenberg*, 593 F.3d at 1038; TAC ¶¶ 4, 7, 10, 41-42, 49-53, 78-81 (allegations concerning content of *Yesterday*). Courts have repeatedly taken judicial notice of similar DVDs at the dismissal stage when, as here, the DVD's contents are at issue.  *See, e.g.*, *CI Games S.A. v. Destination Films*, 2016 WL 9185391, at *7 n.16 (C.D. Cal. Oct. 25, 2016) (Wilson, J.) ("As the Plaintiff clearly relies on the Defendants' movie in the Complaint, as it is the subject of the infringement action, the Court takes judicial notice of the DVD

1  cover and the movie itself."); *Jones*, 2021 WL 6752228, at *3 (taking "judicial

2  notice of a DVD of the film Ad Astra" because plaintiff's complaint "relies upon the

3  contents of the film"); *Griffin v. Peele*, 2018 WL 5117555, at *4 (C.D. Cal. Jan. 18,

4  2018) ("The Court takes judicial notice of … the DVD of the Film 'Get Out.'");

5  *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010)

6  (taking judicial notice of movie "Cars" where "Plaintiff refers to the contents of the

7  motion picture 'Cars' … in the Complaint but does not attach [it] as an exhibit").

8  **III.   CONCLUSION**

9      For the foregoing reasons, Defendant respectfully requests that the Court take

10  judicial notice of the contents of (1) the YouTube video identified in Exhibit 1;

11  (2) the *CinemaBlend* article identified in Exhibit 2; (3) the Google web page

12  identified in Exhibit 3; and (4) the *Yesterday* DVD identified in Exhibit 4.

13

14  DATED:  April 27, 2023          Respectfully submitted,

15                                  MUNGER, TOLLES & OLSON LLP

16

17

18                                  By: _____/s/ Kelly M. Klaus_____

19                                      KELLY M. KLAUS
                                        Attorneys for Defendant
20                                      UNIVERSAL CITY STUDIOS LLC

21

22

23

24

25

26

27

28