CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT (admitted *pro hac vice*)
mpequignot@pmiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive, <br><br> Defendant, | CASE NO.: 2:22-cv-00459-SVW-AGR <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE [DKT. 132]** |

## I. INTRODUCTION

Plaintiffs Conor Woulfe and Peter Michael Rosza hereby file their Opposition to the Request for Judicial Notice in Support of [1] Special Motion to Strike Under Cal. Civ. Pro. Code § 425.16 and [2] Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (6) [Dkt. 132] filed herein by Defendant, Universal City Studios LLC, and in support state:

Pursuant to Defendant's [1] Special Motion to Strike Under Cal. Civ. Pro. Code § 425.16 and [2] Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (6) [Dkt. 131] (hereinafter collectively "Motion to Dismiss"), Defendant seeks dismissal of Plaintiff's Third Amended Class Action Complaint [Dkt. 130] ("TAC") under Rule 12(b)(6), and Defendant further asks the Court to strike Plaintiff's TAC under California's anti-SLAPP statute. In support of its Motion to Dismiss, Defendant asks the Court to judicially notice four items referenced in its Request for Judicial Notice [Dkt. 132] (hereinafter "RJN").

The four items Defendant requests the Court to judicially notice include a YouTube video alleged to include a trailer for the subject movie *Yesterday*, *CinemaBlend* article, Google web page showing search results for *Yesterday*, as well as a DVD recording of *Yesterday*. Defendant has not specifically indicated, nor can Plaintiffs discern, what adjudicative facts Defendant purports to establish by judicial notice of the four items referenced in its RJN.

Defendant's RJN should be denied as explained herein because some of the materials to be judicially noticed (i) are not properly authenticated and Plaintiffs object to the authenticity of the videos and materials, (ii) contain inadmissible hearsay, (iii) are offered for the truth of the matters contained in the materials to be judicially noticed despite Defendant's statements otherwise, (iv) are not referenced nor "necessarily relied on" in Plaintiffs' TAC, (v) are unrelated and irrelevant to the Court's consideration of Defendant's Motion to Dismiss based on the sufficiency of the allegations in Plaintiffs' TAC, (vi) are improper and cannot be considered by the Court for purposes of Defendant's Motion to Dismiss under Rule 12(b)(6), and/or (vii) cannot be considered by the Court in connection with Defendant's Motion to Strike based on the anti-SLAPP law.

1

Defendant's RJN attempts to redirect attention from Defendant's conduct to extrinsic evidence and materials that are irrelevant and do not address the gravamen of the TAC, which is that Defendant sought to deceive consumers by falsely advertising the movie *Yesterday* as including the actress Ana de Armas and other omitted scene content.

Finally, Defendant's RJN is largely a repeat of the Request for Judicial Notice [Dkt. 45] it filed in connection with its first Motion to Dismiss [Dkt. 44]. Therefore, Plaintiffs hereby incorporate by reference their Opposition to Defendant's Request for Judicial Notice [Dkt. 49], which was previously filed by Plaintiffs

## II.    ARGUMENT

### A.    Rule 12 Motion to Dismiss

Defendant's RJN is submitted in support of its Motion to Dismiss the TAC under Rule 12(b)(6) and "when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint.'" *Lee v. City of L. A.*, 250 F.3d 668, 688 (9th Cir. 2001) overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002); quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis supplied). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee*, 250 F.3d at 688. When considering a Rule 12(b)(6) motion, the district court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). Thus, the issue for the Court at this stage is the legal sufficiency – not the factual sufficiency – of Plaintiffs' allegations in the TAC, which have to be construed favorably to Plaintiffs.

### B.    Anti-SLAPP Motion to Strike

Defendant's Motion to Dismiss also incorporates a motion to strike under California's anti-SLAPP statute (Cal. Civ. Proc. Code § 425.16). The Ninth Circuit has

explained that "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 834 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018). Defendant has acknowledged that its Motion to Dismiss "is governed by Rule 12 standards." (RJN, p.1 n.1). Defendant's RJN should be denied to the extent it improperly attempts to place extrinsic evidence before the Court in contravention of its own admission and applicable anti-SLAPP jurisprudence. *See*, *Planned Parenthood*, 890 F.3d at 834.

### C.  Consideration of Materials Outside the Four Corners of the TAC

A district court's consideration of extrinsic evidence ordinarily converts a Rule 12(b)(6) motion to dismiss into a summary judgment motion under Rule 56. However, there are two exceptions to the rule.

First, "a court may consider 'material which is properly submitted as part of the complaint'" which includes documents that are physically attached to the complaint as well as those that are not "if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them." *Lee*, 250 F.3d at 688 citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). A complaint "necessarily relies" on materials that are not attached to the complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) and *Lee*, 250 F.3d at 688.

Second, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. §201(b).

3

### D. Defendants' RJN

Based on the standards applicable to Rule 12(b)(6) motions, the Court cannot consider any materials external to the TAC unless the TAC "necessarily relies" on them and their authenticity is not questioned, or they are the proper subject of judicial notice under Federal Rule of Evidence 201. The Ninth Circuit has recognized that "[b]ecause the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be exercised in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) citing *Wright v. Brooke Group Ltd.*, 114 F.Supp.2d 797, 816 (N.D. Iowa 2000).

Defendant's primary argument for judicial notice of the YouTube video, the *CinemaBlend* website material and Google web page is that those materials were in the "public realm." Contrary to its claim the RJN does not request the Court to take judicial notice of the truth of the statements in the exhibits to the RJN (RJN 2:23), Defendant wants the Court to accept as true the statements and information in the exhibits to the RJN in the hopes it will impact the Court's determination as to the pleading sufficiency of the TAC. The Court should not rely on extrinsic RJN evidence concerning disputed factual issues, but instead focus on the allegations of the TAC and whether they sufficiently state claims for relief.

### E. Exhibits 1-4 to Defendants' RJN

#### 1. *Yesterday Yesterday* YouTube Video (RJN Ex. 1)

Plaintiffs recognize the Court previously determined it could review and consider the trailer because it concluded the trailer was incorporated by reference in the SAC. *See* Dkt. 83 at p. 2-3, n.1. Plaintiffs further recognize this Court has already found that Plaintiffs have "plausibly alleged that the trailer is false" and satisfied their burden to "plausibly allege that 'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled' that De Armas or the Segment would be in [*Yesterday*]." Dkt. 83 at p. 11 and 32. While the trailer Plaintiffs saw was

4

1  similar, the trailer that Defendant references in its RJN is not the trailer Plaintiffs watched,
2  which is an issue of fact. Because the *Yesterday* YouTube video cited by Defendant in the
3  RJN is not the same trailer Plaintiffs watched, the TAC does not necessarily rely on the
4  trailer and Plaintiffs object to the authenticity and relevance of the *Yesterday* YouTube
5  video offered by Defendant.

### 2. *CinemaBlend* Website Material (RJN Ex. 2)

7  While the *CinemaBlend* website material is evidence Defendant knew it was
8  deceiving consumers, it is not appropriate for judicial notice. Plaintiffs did not view the
9  *CinemaBlend* website material. Moreover, for the Court to consider extrinsic materials
10 such as the *CinemaBlend* website based on the incorporation doctrine, the TAC has to refer
11 to the document, the document must be central to Plaintiffs' claim and no party questions
12 its authenticity. *See, U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The
13 incorporation by reference doctrine is not satisfied in this instance because, among other
14 things, the *CinemaBlend* website material is in no way "central to" Plaintiffs' claim. What
15 is central to Plaintiffs' claim is Defendant's deceptive conduct in falsely advertising
16 *Yesterday* as including Ana de Armas by featuring her in trailer advertisements, listing her
17 as a cast member, keyword linking her to the movie, and the other conduct referenced in
18 the TAC.

19  Even if the Court judicially notices the website material, fact issues remain as to the
20 number of movie consumers exposed to the article vis-à-vis the tens of millions of people
21 that have viewed Defendant's false advertising (see, e.g., Defendant's YouTube trailer for
22 *Yesterday*). And, if viewership can be ascertained at all, how did this impact the perceptions
23 of a "reasonable consumer"?

24  Additionally, Defendant wants the Court to accept and believe its *CinemaBlend*
25 website material and give it greater weight than Plaintiffs' pleaded facts. It does this while
26 discounting the web postings reproduced in the four corners of the TAC (evincing that
27 movie consumers were actually deceived). Given the standards applicable to the Motion to
28 Dismiss, the *CinemaBlend* website material should not be judicially noticed.

### 3. Google Web Page for Yesterday (RJN Ex. 3)

Defendant contends the Google web page is subject to judicial notice because it is publicly available and the TAC incorporates it by reference. The TAC references the screenshot of the Google web page for *Yesterday*. *See* TAC ¶ 145. Defendant's arguments concerning Google searches and related issues are beyond the scope of the issues before the Court. The TAC does not reference Google searches and whether Plaintiffs searched and found particular web pages is a question of fact, not appropriate for a motion to dismiss, which is limited to a determination of the sufficiency of the allegations of the TAC.

### 4. DVD Recording of Yesterday (RJN Ex. 4)

Defendant requests judicial notice of a DVD of the movie *Yesterday* contending Plaintiffs' TAC incorporates its content by reference. The TAC does not rely on the DVD or incorporate any DVD by reference. A document can be incorporated by reference into a complaint in some circumstances, but "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Here, circumstances do not exist to incorporate the contents of the DVD by reference.

Defendant wants the Court to judicially notice the DVD because it ostensibly has bonus features that include Ana de Armas and the "Something" scene. However, Plaintiffs did not watch the DVD referenced by Defendant and it is a factual issue as to whether an ordinary or reasonable consumer would believe that providing a deleted scene on a DVD or website is a reasonable substitute for the scene being integrated into the actual movie as advertised. It is also an issue of fact whether all *Yesterday* DVDs have deleted scenes, as well as including when Defendant began including the scenes.

Defendant's reliance on the decisions in *CI Games*, *Jones*, *Griffin* and *Campbell* is misplaced, because each of these cases are infringement cases where the complaints necessarily rely upon the content of the material at issue. *See, CI Games S.A. v. Destination Films*, 2016 WL 9185391 (C.D. Cal. Oct. 25, 2016) (after taking judicial notice of DVD cover and movie, court denied motion to dismiss because plaintiff clearly relied on

defendant's movie in the complaint, as it was the subject of the trademark infringement action), *Jones v. Twentieth Century Studios, Inc.*, 2021 WL 6752228 (C.D. Cal. Dec. 7, 2021) (court took judicial notice because plaintiff claimed a movie contained copyrightable elements of his script, such as the storyline, characters, plot, mood, theme, specific scenes and more), *Griffin v. Peele*, 2018 WL 5117555 (C.D. Cal. Jan. 18, 2018) (court took judicial notice of manuscript and DVD after concluding it was appropriate to take judicial notice of the works at issue in a copyright infringement action), *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108 (N.D. Cal. 2010) (copyright infringement action where court took judicial notice of motion picture and written screenplay because contents of both were referenced in the complaint). This case is not an intellectual property infringement case. The DVD is irrelevant as Plaintiffs did not watch the DVD and it is undisputed that Ana de Armas and the "something" segment did not appear in the movie. Defendant's RJN should be denied.

## III. CONCLUSION

Plaintiffs respectfully request the Court to deny Defendant's RJN and to grant Plaintiffs such other relief the Court determines is appropriate.

Respectfully submitted,

Dated: May 15, 2023

By:   /s/ Cody R. LeJeune

**PEQUIGNOT + MYERS**
Matthew A. Pequignot (*Pro Hac Vice*)
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

**LEJEUNE LAW, P.C.**
Cody R. LeJeune
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964
Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual