KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>           Plaintiffs,<br><br>     vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>           Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**REPLY IN SUPPORT OF [1] SPECIAL MOTION TO STRIKE UNDER CAL. CIV. PROC. CODE § 425.16; AND [2] MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), (6), THIRD AMENDED COMPLAINT**<br><br>**Filed Concurrently:  Reply in Support of Request for Judicial Notice**<br><br>Date: June 5, 2023<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................. 1

II.   PLAINTIFFS' CLAIMS FAIL UNDER ANTI-SLAPP PRONG TWO
      AND RULE 12(b)(6) .......................................................................... 2

      A.    The Court Should Again Reject Plaintiffs' Allegations And
            Claims Based On Non-Trailer Statements, Which This Court Has
            Twice Held Plaintiffs Lack Standing To Challenge ............................. 2

            1.    Universal Did Not Waive Its Right To Challenge The
                  Non-Trailer Statements .................................................... 2

            2.    The Court Did Strike Claims And Allegations In The SAC ....... 3

            3.    The Court Should Again Reject Plaintiffs' Attempt To
                  Challenge Non-Trailer Statements .................................. 3

      B.    Plaintiff Woulfe Cannot Base His Claims On His Alleged
            "Recent" Purchase Of *Yesterday* On Google Play .................................. 4

            1.    The Google Search Result Is Another Non-Trailer
                  Statement, Which Woulfe Does Not Have Standing To
                  Complain About ............................................................. 4

            2.    Woulfe Lacks Standing To Base His Claims On The
                  Google Play Trailer ........................................................ 7

      C.    Plaintiff Rosza Cannot State A UCL Claim Based On Purported
            "Common Law" Violations ................................................................ 7

III.  PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF ........... 9

IV.   THE TAC SHOULD BE DISMISSED WITH PREJUDICE ........................ 11

V.    THE COURT SHOULD GRANT UNIVERSAL'S PENDING
      MOTION FOR ATTORNEY'S FEES ...................................................... 12

VI.   CONCLUSION ................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aliign Activation Wear, LLC v. lululemon athletica inc.*,
    2020 WL 5790418 (C.D. Cal. Aug. 24, 2020) ................................................. 6, 7

*Allen v. ConAgra Foods, Inc.*,
    2018 WL 6460451 (N.D. Cal. Dec. 10, 2018), *on reconsideration*,
    2019 WL 5191009 (N.D. Cal. Oct. 15, 2019) .................................................. 10

*Anderson v. Apple Inc.*,
    500 F. Supp. 3d 993 (N.D. Cal. 2020) ............................................................. 7

*Ascon Props., Inc. v. Mobil Oil Co.*,
    866 F.2d 1149 (9th Cir. 1989) ...................................................................... 11

*Christian v. Rancho Grande Manufactured Home Cmty.*,
    2022 WL 17101004 (N.D. Cal. Nov. 22, 2022) .............................................. 11

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ....................................................................................... 6

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ............................................................... 9, 10, 11

*Finato v. Keith A. Fink & Assocs.*,
    68 Cal. App. 5th 136 (2021) ........................................................................... 2

*Green v. Wells Fargo Bank, N.A.*,
    927 F. Supp. 2d 244 (D. Md. 2013), *aff'd*, 582 F. App'x 246 (4th
    Cir. 2014) ....................................................................................................... 5

*Henderson v. Gruma Corp.*,
    2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ........................................... 10, 11

*Hernandez v. Radio Sys. Corp.*,
    2023 WL 2629020 (C.D. Cal. Mar. 9, 2023) ................................................. 10

*Lilly v. Jamba Juice Co.*,
    2015 WL 1248027 (N.D. Cal. Mar. 18, 2015) ............................................... 10

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ...................................................................... 11

REPLY IN SUPPORT OF DEFENDANT'S SPECIAL MOT. TO STRIKE AND MOT. TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT

*National Rural Telecommunications Co-op. v. DIRECTV, Inc.*,
    319 F. Supp. 2d 1059 (C.D. Cal. 2003) .................................................... 8

*Radoff v. Elavon, Inc.*,
    2014 WL 12966424 (C.D. Cal. Sept. 24, 2014) ........................................ 8

*Red v. Gen. Mills, Inc.*,
    2015 WL 9484398 (C.D. Cal. Dec. 29, 2015) ........................................... 6

*Robinson v. J.M. Smucker Co.*,
    2019 WL 2029069 (N.D. Cal. May 8, 2019) ............................................ 10

*Schneider v. Cal. Dep't of Corr.*,
    151 F.3d 1194 (9th Cir. 1998) .................................................................. 7

*Sharpe v. GT's Living Foods, LLC*,
    2021 WL 1035119 (C.D. Cal. Feb. 1, 2021) ............................................ 10

*Shroyer v. New Cingular Wireless Servs., Inc.*,
    622 F.3d 1035 (9th Cir. 2010) .................................................................. 8

*Sinatro v. Barilla Am., Inc.*,
    2022 WL 10128276 (N.D. Cal. Oct. 17, 2022) ....................................... 10

*Smith v. Premiere Valet Servs., Inc.*,
    2020 WL 7034346 (C.D. Cal. Aug. 4, 2020) .......................................... 12

*Spaulding v. Wells Fargo Bank, N.A.*,
    714 F.3d 769 (4th Cir. 2013) ................................................................... 7

*Tran v. Sioux Honey Ass'n, Coop.*,
    2020 WL 905571 (C.D. Cal. Feb. 24, 2020) .......................................... 10

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................. 7

*Wisdom v. Easton Diamond Sports, LLC*,
    2019 WL 580670 (C.D. Cal. Feb. 11, 2019), *vacated and remanded*,
    824 F. App'x 537 (9th Cir. 2020) ........................................................... 10

## I.     INTRODUCTION

Plaintiffs' Opposition ("Opp."), like the Third Amended Complaint ("TAC") it tries to defend, refuses to accept this Court's prior rulings:

**Plaintiffs do not have standing to challenge statements other than those they allege they saw in the trailer on Amazon.**  Plaintiffs insist the Court did not mean what it said when it held that Plaintiffs lack standing to challenge non-trailer statements.  *See* Dkt. 83 at 13 n.7.  The Court's Order, however, was "clear on its face":  "if Plaintiffs did not view alleged false advertising on VUDU or other platforms, Plaintiffs do not have standing to pursue alleged false advertising occurring on those platforms."  Dkt. 115.  The Court should strike Plaintiffs' allegations and claims based on the non-trailer statements.

**Plaintiff Woulfe cannot assert claims based on his alleged "recent" Google Play purchase.**  Woulfe's eleventh-hour attempt to add a non-trailer statement in the form of a Google search result, Opp. at 11-12, remains unavailing. From his very first complaint in this case, Woulfe has admitted that he knows Ana de Armas "is not and was never in the publicly released version" of *Yesterday*.  Dkt. 1 ¶¶ 33-34; Dkt. 17 ¶¶ 33-34; Dkt. 28-1 ¶¶ 47-48; Dkt. 36 ¶¶ 47-48; Dkt. 111-3 ¶¶ 49-50; TAC ¶ 49.  Woulfe's assertion that, notwithstanding that knowledge, he will keep paying to watch *Yesterday*, is a transparent and improper attempt to manufacture standing to complain about alleged online statements that could not have affected his decision to pay to watch the movie.

**Plaintiffs lack standing to seek injunctive relief.**  Plaintiffs still cannot identify an "actual or imminent" injury that would create standing to seek injunctive relief.  Dkt. 83 at 26 (citation omitted) (dismissing Plaintiffs' request for injunctive relief for lack of standing).  The Court held that Plaintiffs' claim Universal *might* one day release an alternate version of the movie "invites the Court to engage in improper speculation," and provides no standing to seek an injunction.  *Id.*  The Opposition confirms nothing has changed.

Plaintiffs' intransigence once again has required the Court and Universal to spend significant time responding to arguments that Plaintiffs have raised and lost, in some cases repeatedly.  Universal respectfully requests that the Court grant this motion, with prejudice, and proceed to decision on Universal's pending fees motion.

## II. PLAINTIFFS' CLAIMS FAIL UNDER ANTI-SLAPP PRONG TWO AND RULE 12(b)(6)

Plaintiffs admit the Court held at step one of the anti-SLAPP analysis that the "[a]nti-SLAPP statute applies to Plaintiffs' claim[s].'"  Opp. at 6; *see* Dkt. 83 at 7-9. As explained below, Plaintiffs cannot satisfy their burden under step two of the anti-SLAPP analysis and Rule 12 to show they have stated a plausible claim for relief.

### A. The Court Should Again Reject Plaintiffs' Allegations And Claims Based On Non-Trailer Statements, Which This Court Has Twice Held Plaintiffs Lack Standing To Challenge

#### 1. Universal Did Not Waive Its Right To Challenge The Non-Trailer Statements

Plaintiffs are wrong that Universal "waived" its right to challenge the non-trailer statements in the TAC.  Opp. at 7-9.  Universal *timely moved* to strike and dismiss the *entire* Second Amended Complaint ("SAC"), including the allegations and claims regarding non-trailer statements.  Mot. to Strike and Dismiss SAC, Dkt. 44 at 34 (requesting that the Court "enter an Order striking the SAC in its entirety" under the anti-SLAPP statute).  Universal specifically argued that the Court should strike and dismiss the SAC because "Plaintiffs do not have Article III standing to assert claims based on alleged statements they did not see and on which they do not and cannot allege having relied"—i.e., the non-trailer statements.  *Id*. at 15.  The Court agreed.  Dkt. 83 at 13 n.7; Dkt. 115.

A "new anti-SLAPP motion is an appropriate method to attack an amended complaint asserting allegations struck by an earlier anti-SLAPP motion."  *Finato v. Keith A. Fink & Assocs.*, 68 Cal. App. 5th 136, 146 (2021).  Plaintiffs cannot

1    transform their refusal to comply with the Court's Orders into a waiver argument

2    when Universal has filed a motion to strike based on Plaintiffs' non-compliance.

3                    2.      The Court Did Strike Claims And Allegations In The SAC

4            Plaintiffs also are wrong that the Court's Order "Granting in Part and

5    Denying in Part Defendant's Special Motion to Strike," Dkt. 83 at 1, "did not strike

6    any of Plaintiffs' claims or causes of action."  Opp. at 9.  The Court's Order spent

7    five pages analyzing the "[a]pplicability of the [a]nti-SLAPP" statute before holding

8    that the anti-SLAPP statute applied to Plaintiffs' claims.  Dkt. 83 at 5-9.  "Having

9    established that" the anti-SLAPP statute applied, the Court then "move[d] on to step

10   two of the analysis."  Id. at 4, 9.  The Court held at step two that Plaintiffs had failed

11   to state a claim for violation of the Consumer Legal Remedies Act ("CLRA"),

12   breach of express and implied warranties, and injunctive relief, and therefore

13   "GRANT[ED] in part" the "anti-SLAPP motion" and struck and dismissed those

14   claims.  Id. 1, 32.

15           Plaintiffs themselves recognized the Court granted the motion to strike.  They

16   filed an unsuccessful reconsideration motion asking the Court to vacate its decision

17   that the anti-SLAPP statute applied and its grant of the motion to strike the CLRA

18   and warranty claims.  Dkt. 89 at 3-4; Dkt. 108 at 1.  Plaintiffs cannot override the

19   Court's denial of their motion for reconsideration by pretending the Court did not

20   strike multiple claims and allegations in the SAC.

21                   3.      The Court Should Again Reject Plaintiffs' Attempt To Challenge
                             Non-Trailer Statements
22

23           Plaintiffs also cannot avoid this Court's repeated Orders holding that

24   Plaintiffs lack standing to challenge non-trailer statements they did not see and on

25   which they did not rely.  Dkt. 83 at 13 n.7; Dkt. 115.  Plaintiffs attempt to recast the

26   Court's Orders as holding only that "Plaintiffs did not have standing to represent

27   class members unless they paid for movie views or purchases on Amazon Prime."

28   Opp. at 2.  But the Court's Orders were not so limited.  The Court made clear that

"if Plaintiffs did not view alleged false advertising on VUDU or other platforms, Plaintiffs do not have standing to pursue alleged false advertising occurring on those platforms."  Dkt. 115.

Plaintiffs cannot evade the Court's Orders by saying the allegations about the non-trailer statements are in the TAC just for "context."  Opp. at 8.  Plaintiffs admit on the same page they intend to use the statements to prove "materiality, liability, or similar issues," *id.*; *see* TAC ¶¶ 130, 154, 162, 170, all of which Plaintiffs say are central to their claims.  Mot. to Strike and Dismiss TAC ("Mot."), Dkt. 131 at 10.  The Opposition, moreover, explains how Plaintiffs intend to use the non-trailer allegations to prove their claims.  *See, e.g.*, Opp. at 8, 10.  The Court has said Plaintiffs do not have standing to pursue claims based on non-trailer statements, so Plaintiffs are simply refusing to accept the Court's Orders.  The allegations should be stricken.

**B.**  **Plaintiff Woulfe Cannot Base His Claims On His Alleged "Recent" Purchase Of *Yesterday* On Google Play**

1.  The Google Search Result Is Another Non-Trailer Statement, Which Woulfe Does Not Have Standing To Complain About

Woulfe does not dispute that the cast listing he allegedly saw before "recently" purchasing the right to view *Yesterday* on Google Play was not in fact a statement on Google Play.  *See* TAC ¶¶ 145-146; Opp. at 4 (stating that Woulfe viewed a screen that "*provided . . . a link* to Google Play" (emphasis added)).  And Woulfe does not and cannot deny the screenshot in the TAC is the result of a Google search.  Request for Judicial Notice, Dkt. 132-1, at 9.  Woulfe nevertheless insists the screenshot shows "a targeted advertisement," Opp. at 4, because Google's algorithm also generated links to places where *Yesterday* was available for viewing.  Plaintiffs' attempt to label Google's search results does not rebut the reasons why this fails to allege a claim as a matter of law:

REPLY IN SUPPORT OF DEFENDANT'S SPECIAL MOT. TO STRIKE AND MOT. TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

***Woulfe cannot plausibly allege that he relied on the Google cast listing.***
This Court has twice held that Plaintiffs have standing to base their claims only on alleged misrepresentations on which they plausibly relied.  Dkt. 115; Dkt. 83 at 13 n.7.[1]  Woulfe's allegation that he relied on the cast listing on the Google screen is not plausible.

First, Woulfe's allegation of reliance is implausible in light of his own factual representations and all that has transpired over more than a year of litigation.  For over a year, Woulfe has alleged through multiple versions of his complaint that de Armas "is not and was never in the publicly released version" of *Yesterday*.  TAC ¶ 49; *see also* Dkt. 1 ¶¶ 33-34; Dkt. 17 ¶¶ 33-34; Dkt. 28-1 ¶¶ 47-48; Dkt. 36 ¶¶ 47-48; Dkt. 111-3 ¶¶ 49-50; TAC ¶ 10.  He has also alleged for more than a year, since the first iteration of his SAC (May 4, 2022), that some websites have listed de Armas as a cast member even though she is not in the movie.  Dkt. 28-3 ¶¶ 29, 87; *see also, e.g.*, Dkt. 36 ¶ 52; TAC ¶¶ 77, 105.  And Woulfe does not point to anything that Universal has said or done in this litigation (or outside of the litigation) that could have led him to believe it had reversed course and released a new, full-length version of *Yesterday* with de Armas and the "Something"-joke scene.

Woulfe's "presumption" that Universal released a new version following this Court's opinion denying part of Universal's motion to strike is not reasonable or plausible.[2]  TAC ¶ 146.  On the contrary, it shows that Woulfe's claimed injury—

---

[1] The MCPA also requires reliance.  *Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 253 (D. Md. 2013), *aff'd*, 582 F. App'x 246 (4th Cir. 2014) ("In order to prevail" under the MCPA, plaintiffs "must show that they reasonably relied to their detriment on some promise or misrepresentation made by Wells Fargo.").

[2] Contrary to Woulfe's hyperbole, this Court has not determined the trailer is "false" or "unlawful."  TAC ¶ 146.  The Court actually held only that Woulfe's claims survived a pleading motion—and presented "a close question."  Dkt. 83 at 12.  *See* Opp. at 16 ("the Court held that Plaintiffs' misrepresentation claims are plausible," but "whether Defendant actually mis[re]presented" anything "cannot be decided at

-5-

Case No. 2:22-cv-00459-SVW-AGR

paying money to watch a movie that Woulfe had no reason to believe included the scene in question—was "self-inflicted" and "not fairly traceable to [Universal's] purported activities." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013); *see Red v. Gen. Mills, Inc.*, 2015 WL 9484398, at *5 (C.D. Cal. Dec. 29, 2015) (an injury was "self-inflicted" and "[did] not confer standing" where "Plaintiff knew that [ingredients] were unhealthy" but purchased them anyway). Contrary to Woulfe's protestation, this is exactly the type of attempt to "manufacture" an element of standing that the Supreme Court has not allowed. *Clapper*, 568 U.S. at 402.

***Woulfe does not and cannot plausibly allege that Universal controlled the Google search results.*** Even if Woulfe plausibly relied on Google's cast listing (and he did not), he still cannot allege that his injury is traceable to Universal because he does not and cannot allege that Universal controls the listing of a Google search result. And this Court has already refused "to engage in" Woulfe's "impermissible speculation" about how each streaming platform "determines cast members." Dkt. 83 at 13 n.7.

The TAC conclusorily asserts that Universal "controls or dictates the advertising of its movies" on "Google Play." TAC ¶ 23. But Woulfe concedes that the listing he supposedly relied on is not on Google Play. *Supra* at 4. In any event, this type of conclusory allegation does not rise above the level of pure speculation. *See Aliign Activation Wear, LLC v. lululemon athletica inc.*, 2020 WL 5790418, at *4 (C.D. Cal. Aug. 24, 2020) (Wilson, J.) (refusing to credit "conclusory" allegation

---

this stage"). And even if the Court had made such a determination, Woulfe has not pointed to anything that Universal has said or done that led him to believe it had released a new version of *Yesterday* with de Armas in the 3-month period between the Court's ruling on December 20, 2022 (Dkt. 83) and the submission of his proposed TAC on March 20, 2023, when he first alleged his Google Play purchase (Dkt. 111-3 ¶ 145).

that "lululemon has the right to control the conduct of [another] entity").

          2.    <u>Woulfe Lacks Standing To Base His Claims On The Google Play Trailer</u>

Woulfe suggests his Google Play claims can survive because the trailer available on that platform "also advertises that [de Armas] is in the movie." Opp. at 12; *see* Mot. at 12 n.9 (linking to Google Play listing for *Yesterday*). This allegation is not in the complaint, and so it must be disregarded. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). More important, Woulfe does not allege that *he* watched the trailer on Google Play, so he cannot point to that trailer to support his Google Play allegations. *See* Dkt. 115; Dkt. 83 at n.7; *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1005 (N.D. Cal. 2020).[3]

**C.    Plaintiff Rosza Cannot State A UCL Claim Based On Purported "Common Law" Violations**

Rosza argues that Universal did not previously move to strike the common-law allegations supporting his UCL claim in the SAC. Opp. at 18 (citing Dkt. 36 ¶ 130); *see* Opp. at 5 ("Defendant waived the right to strike" these allegations because it "did not seek to dismiss them in its original motion."). That assertion is

---

[3] Woulfe's Google allegations not only are implausible; they also fail to allege the "when and where" of the "specific misrepresentations," as Rule 9 requires. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003); *see Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (Rule 9 governs MCPA claims). Woulfe suggests Universal should parse "discovery answers . . . and the TAC" to deduce that he "purchased the rental from Google Play between" March 9 and April 14. Opp. at 12 n.8. But Rule 9 places the burden on Woulfe—the party "alleging fraud"—to plead the particulars of his claim, not on Universal to construct a five-week timeline. Fed. R. Civ. P. 9(b). And even if Woulfe's allegations were specific about when he watched *the movie* on Google Play, Woulfe still has not identified when he saw the *cast listing* on Google search. *See* Opp. at 12 n.8.

1  false.  In its motions to strike and dismiss the SAC, Universal argued:  "Rosza
2  appears to allege common law violations, SAC ¶ 130, but the common law cannot
3  supply a predicate violation."  Dkt. 44 at 16 n.11 (citing *Shroyer v. New Cingular*
4  *Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010)).  Rosza himself
5  addressed the point in opposition, arguing that "contrary to Defendant's motion,
6  claims can also be based on common law violations."  Dkt. 56 at 35.  And Universal
7  replied to the same.  Dkt. 57 at 9 ("the Ninth Circuit and this Court have rejected
8  Rosza's argument that common law claims may serve as predicate violations").[4]

9      On the merits, Rosza's UCL claim cannot survive to the extent it is based on
10  alleged violations of the common law.  The Ninth Circuit has clearly held that "a
11  common law violation . . . is insufficient" to predicate a claim on the UCL's
12  "unlawful" prong.  *Shroyer*, 622 F.3d at 1044.  This Court has held the same.
13  *Radoff v. Elavon, Inc.*, 2014 WL 12966424, at *5 (C.D. Cal. Sept. 24, 2014)
14  (Wilson, J.).

15      Plaintiff says that a case from a different court, *National Rural*
16  *Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059 (C.D. Cal.
17  2003), holds that common law predicates are brought "along with" a UCL claim that
18  has a statutory predicate.  Opp. at 19.  That case says that conduct that amounts to an
19  alleged common law violation can support a UCL claim only if the conduct also
20  violates a "particular law."  319 F. Supp. 2d at 1074-75 ("an 'unlawful' action"
21  cannot be "independent of any law").  *DIRECTV* does not authorize what Rosza
22  tries to do here, namely, to invoke "the common law" as an independently sufficient
23  basis for his UCL claim.  TAC ¶ 134.

[4] When the parties met and conferred to discuss this Motion, Universal's counsel twice pointed out that Universal had moved to strike and dismiss the UCL claim in the SAC on this ground.

REPLY IN SUPPORT OF DEFENDANT'S SPECIAL MOT. TO STRIKE AND MOT. TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

## III.   PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF

The Opposition confirms that after six complaints, Plaintiffs still cannot identify an "actual and imminent" injury that would create standing to seek injunctive relief.  Dkt. 83 at 26 (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018)).[5]

Plaintiffs repeat their failed argument that they have standing because Universal *might* someday release an alternative version of *Yesterday*, such as a director's cut.  Opp. at 14-15.  In so doing, Plaintiffs ignore this Court's holding that Plaintiffs' "director's cut" argument "invites the Court to engage in improper speculation."  Dkt. 83 at 27.  Plaintiffs claim that the existence of the "Something" scene as a bonus feature on the DVD copy of the movie "makes it plausible for Plaintiffs to expect a director's cut" with that scene at some unknown point in the future.  Opp. at 14.  But the fact that the "Something"-joke scene is available on the *Yesterday* DVD (as well as for free on YouTube, where Plaintiffs can watch it at any time) does not make it plausible to believe that Universal has released a director's cut of the movie with that scene in it—particularly when Plaintiffs do not (and cannot) allege any statement by Universal that it has released such a director's cut. *See id.*[6]

Plaintiffs also contend they have standing to seek an injunction based on the allegation that more than three years ago (before Plaintiffs ever watched the movie), an anonymous internet user ("KCDC") purportedly posted a comment on the internet saying they "*hoped* that an alternative version [of *Yesterday*] that included

---

[5] As explained above, Plaintiffs' claim that the Court issued "an adverse decision … finding the [trailer] to be deceptive," Opp. at 13, is not correct.  *See* n.3 *supra*.

[6] Plaintiffs' suggestion that Woulfe thought he would be viewing a "director's cut" of *Yesterday* when he allegedly paid to view the movie on Google Play, Opp. at 14, is similarly unavailing.  Woulfe does not plausibly allege that he had any reason to believe it might be different from the movie he had already watched.  *Supra* at 5-6.

the 'Something' scene would be released."  Opp. at 15 (emphasis added); TAC ¶ 148.  Plaintiffs cannot establish standing based on "hope"—whether their own or that of an anonymous internet user.  *See Sinatro v. Barilla Am., Inc.*, 2022 WL 10128276, at *10 (N.D. Cal. Oct. 17, 2022).

In an attempt to salvage their standing argument, Plaintiffs also rely on a number of inapposite consumer product labeling cases.  Opp. at 16-18.  But Plaintiffs do not identify, and Universal has not found, any case holding that a consumer can establish standing by paying for anything over and over again in the hopes the product will conform with the label.  *See id.*  On the contrary, the Ninth Circuit has made clear that to have standing to seek injunctive relief, a plaintiff must put forth "plausible allegations" that he intends to purchase the product in the future because he "reasonably, but incorrectly, assume[s] the product was improved." *Davidson*, 889 F.3d at 970.  Plaintiffs do not and cannot meet that standard.

In addition, each of the cases Plaintiffs cite involved discrete, individually packaged goods, like food items and pet products, that consumers could purchase over and over.  Opp. at 16-18.[7]  Individually packaged consumer goods can change over time:  a producer can change the alcohol level in a bottle of kombucha, for example, *see Sharpe*, 2021 WL 1035119, at *3, or alter the recipe for a can of bean

---

[7] *Davidson*, 889 F.3d at 961 (personal cleansing wipes); *Sharpe v. GT's Living Foods, LLC*, 2021 WL 1035119, at *3 (C.D. Cal. Feb. 1, 2021) (kombucha); *Tran v. Sioux Honey Ass'n, Coop.*, 2020 WL 905571, at *8 (C.D. Cal. Feb. 24, 2020) (honey); *Hernandez v. Radio Sys. Corp.*, 2023 WL 2629020, at *6 (C.D. Cal. Mar. 9, 2023) (dog collars); *Lilly v. Jamba Juice Co.*, 2015 WL 1248027, at *1 (N.D. Cal. Mar. 18, 2015) (smoothie kits); *Allen v. ConAgra Foods, Inc.*, 2018 WL 6460451, at *1 (N.D. Cal. Dec. 10, 2018), *on reconsideration*, 2019 WL 5191009 (N.D. Cal. Oct. 15, 2019) (butter alternative); *Wisdom v. Easton Diamond Sports, LLC*, 2019 WL 580670, at *1 (C.D. Cal. Feb. 11, 2019), *vacated and remanded*, 824 F. App'x 537 (9th Cir. 2020) (baseball bats); *Robinson v. J.M. Smucker Co.*, 2019 WL 2029069, at *1 (N.D. Cal. May 8, 2019) (olive oil); *Henderson v. Gruma Corp.*, 2011 WL 1362188, at *1 (C.D. Cal. Apr. 11, 2011) (guacamole and bean dip).

REPLY IN SUPPORT OF DEFENDANT'S SPECIAL MOT. TO STRIKE AND MOT. TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT

dip, *see Henderson*, 2011 WL 1362188, at *1.  But there is only one full-length version of *Yesterday* on the market; it is the same movie that has been available since 2019.  TAC ¶ 41.  Plaintiffs have consistently alleged that de Armas and the "Something"-joke scene are not in that movie.  Dkt. 1 ¶¶ 33-34; Dkt. 17 ¶¶ 33-34; Dkt. 28-1 ¶¶ 47-48; Dkt. 36 ¶¶ 47-48; Dkt. 111-3 ¶¶ 49-50; TAC ¶¶ 49-50.  Plaintiffs do not plead facts showing that they could "reasonably, but incorrectly, assume" that the movie they alleged did not include de Armas or the "Something" scene could somehow change to include that content.  *See Davidson*, 889 F.3d at 970.

Plaintiffs also repeat their arguments regarding Universal's discovery responses and refusal to stipulate to Plaintiffs' demanded injunction.  Opp. at 14.  Plaintiffs' arguments regarding Universal's alleged "discovery misconduct" are baseless:  Plaintiffs already sought to compel Universal to respond to their discovery requests regarding Universal's "advertising practices," and the Magistrate Judge denied Plaintiffs' motion.  *Id.*; Dkt. 98, 103.  In any event, neither Plaintiffs' unfounded discovery accusations nor their complaints about Universal's refusal to stipulate to an improper injunction cure Plaintiffs' failure to plead facts showing an "actual or imminent" injury here.  Dkt. 83 at 26 (citation omitted).

## IV.    THE TAC SHOULD BE DISMISSED WITH PREJUDICE

Plaintiffs ask for leave to file a *seventh* unique complaint, Opp. at 19, but "point[] to no additional facts that [they] might allege to cure these deficiencies." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008); *see Christian v. Rancho Grande Manufactured Home Cmty.*, 2022 WL 17101004, at *3 (N.D. Cal. Nov. 22, 2022) (a court is "not require[d]" to "dream up facts" for "the plaintiff").  Universal "has already incurred substantial litigation costs" over the last 16 months, and granting Plaintiffs leave yet again "would cause undue prejudice" by putting Universal "through the time and expense of continued litigation" on claims that clearly cannot survive.  *Ascon Props., Inc. v. Mobil Oil*

1   *Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989).

2   **V.    THE COURT SHOULD GRANT UNIVERSAL'S PENDING MOTION FOR ATTORNEY'S FEES**

3

4        The parties agree that the Court should decide Universal's pending motion for

5   attorney's fees (Dkt. 88), on which the Court previously deferred ruling (Dkt. 107).

6   Mot. at 19-20; Opp. at 20-21.

7        The Court should disregard Plaintiffs' attempts to relitigate Universal's fees

8   motion. *See* Opp. at 20-21.  Both sides have already briefed their respective

9   positions, Dkts. 88, 102, 104, and the instant Motions to Strike and Dismiss are no

10  place to do so anew. *See Smith v. Premiere Valet Servs., Inc.*, 2020 WL 7034346, at

11  *4 (C.D. Cal. Aug. 4, 2020) (disregarding arguments "not relevant to the Motion" at

12  issue).  For the reasons stated in Universal's briefing, Plaintiffs' arguments are

13  unavailing, and the Court should grant Universal's fee request.  Dkt. 104 at 1-12.[8]

14  **VI.    CONCLUSION**

15       Universal respectfully requests that the Court grant both of its Motions.

16

17  DATED:  May 22, 2023              Respectfully submitted,

18                                    MUNGER, TOLLES & OLSON LLP

19

20

21                                    By:    */s/ Kelly M. Klaus*

22                                           KELLY M. KLAUS
                                      Attorneys for Defendant
23                                    UNIVERSAL CITY STUDIOS LLC

24

25

26  _____
[8] As noted, Universal reserves the right to seek additional fees incurred in
27  connection with these Motions, Mot. at 19-20, and with Plaintiffs' failed motion for
    reconsideration of the Order striking the SAC, Dkt. 104 at 3; Dkt. 108.
28