KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF [1] SPECIAL MOTION TO STRIKE UNDER CAL. CIV. PROC. CODE § 425.16 AND [2] MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), (6)**<br><br>**Filed Concurrently: Reply in Support of [1] Special Motion to Strike Under Cal. Civ. Proc. Code § 425.16; and [2] Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (6)**<br><br>Date: June 5, 2023<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A |

Case No. 2:22-cv-00459-SVW-AGR

DEFENDANT'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Plaintiffs' Opposition to Defendant's Request for Judicial Notice ("Opp. RJN") professes to dispute Exhibits whose authenticity is not only indisputable but not actually disputed by Plaintiffs; or Exhibits that are incorporated by reference in Plaintiffs' Third Amended Complaint ("TAC") and therefore properly noticeable. Plaintiffs' other arguments against judicially noticing the Exhibits are likewise unavailing. Universal respectfully requests that the Court grant its Request for Judicial Notice.

## II. PLAINTIFFS' OPPOSITION CONFIRMS THAT EXHIBITS 1-3 ARE SUBJECT TO JUDICIAL NOTICE

### A. The *Yesterday* Trailer (Exhibit 1) Is Subject To Judicial Notice

The *Yesterday* trailer is subject to judicial notice for two independent reasons.

First, this Court has already held that the *Yesterday* trailer is subject to judicial notice because "it is incorporated by reference in [Plaintiffs'] Complaint and there is no objection as to its authenticity." Dkt. 83 at 2-3 n.1; *see* TAC ¶¶ 85-86 (incorporating screenshots from "Defendant's movie trailer for *Yesterday*," which was "published by Defendant on YouTube"); *Jones v. Twentieth Century Studios, Inc.*, 2021 WL 6752228, at *3 (C.D. Cal. Dec. 7, 2021) (taking "judicial notice of a DVD of the film Ad Astra and two official Ad Astra trailers" because plaintiff's complaint "relies upon [their] contents"). Plaintiffs claim to "object to the authenticity" of the *Yesterday* trailer, Opp. RJN at 5, but Plaintiffs do not say anything about what it is they dispute. Plaintiffs offer no reason to believe that the *Yesterday* trailer in Exhibit 1 is not what it purports to be. *See* Fed. R. Evid. 201(b) (authenticity must be subject to "*reasonable* dispute" to preclude judicial notice (emphasis added)).

Second, Plaintiffs do not dispute that the trailer, in all material respects, "indicate[s] what was in the public realm at the time" of the alleged events. *Tarantino v. Gawker Media, LLC*, 2014 WL 2434647, at *1 n.1 (C.D. Cal. Apr. 22,

2014) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)).  Plaintiffs' assertion that they watched a "similar" but different trailer than the one at Exhibit 1 is a red herring.  Opp. RJN at 4-5.  The trailer at Exhibit 1 and the trailer the TAC purports to challenge have both been viewed "more than 32.6 million times," and the trailer in Exhibit 1 matches the TAC's "true and accurate screen shots from Defendant's movie trailer for *Yesterday*."  TAC ¶¶ 85-86.  Notably, Plaintiffs do not say how the trailer they purportedly watched is different in any way than the trailer at Exhibit 1.  In particular, Plaintiffs do not say the trailer at Exhibit 1 is different than the trailer they purportedly watched with respect to Ana de Armas or the "Something" joke-scene.

**B.    The *CinemaBlend* Article (Exhibit 2) Is Subject To Judicial Notice**

Plaintiffs appear to concede that the *CinemaBlend* article at Exhibit 2 reflects what was in the "public realm" during the relevant period, and that its content and public availability are "not subject to reasonable dispute."  Opp. RJN at 5; Fed. R. Evid. 201(b).  The article is subject to judicial notice on that basis alone.

The article also is subject to judicial notice because the TAC incorporates it by reference.  Indeed, the TAC quotes from the article verbatim in several different paragraphs.  TAC ¶¶ 43-44, 47.  Plaintiffs cannot evade judicial notice by claiming the article was not sufficiently "central to" their claims.  *See* Opp. RJN at 5.  Courts routinely take judicial notice of articles like these that a plaintiff quotes in the complaint.  *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007); *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012).

**C.    The Google Web Page (Exhibit 3) Is Subject To Judicial Notice**

Plaintiffs do not dispute that the Google web page identified in Exhibit 3 reflects what "was in the public realm at the time" of the relevant events, and that its content and public availability are "not subject to reasonable dispute."  Opp. RJN at 6; *Tarantino*, 2014 WL 2434647, at *1 n.1; Fed. R. Evid. 201(b).  The Google web

page is subject to judicial notice for that reason alone.  Dkt. 83 at 12 n.5 (taking judicial notice of publicly available web pages); *United States v. Isaacs*, 359 F. App'x 875, 877 (9th Cir. 2009) (affirming district court order taking judicial notice of articles offered to show what was in the public realm); *Tarantino*, 2014 WL 2434647, at *1 n.1.

Plaintiffs also do not and cannot dispute that the TAC incorporates the Google web page by reference.  Opp. RJN at 6; *see* TAC ¶ 145 (screenshot of web page identified in Exhibit 3); TAC ¶¶ 105, 145-147 (allegations regarding purported cast listings for *Yesterday* on Google).  The Google web page is thus independently subject to judicial notice on this basis.  Dkt. 83 at 2-3 n.1; *Casault v. Fed. Nat'l Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1120 (C.D. Cal. 2012).

### III. THE *YESTERDAY* DVD IDENTIFIED IN EXHIBIT 4 IS SUBJECT TO JUDICIAL NOTICE

Plaintiffs cannot sidestep judicial notice of the *Yesterday* DVD by pretending the TAC does not incorporate its content by reference.  *See* Opp. RJN at 6-7.  Plaintiffs' lawsuit is premised on their allegation that the *Yesterday* trailer's content differs from the content of *Yesterday* itself.  *See, e.g.*, TAC ¶¶ 4, 7, 10, 41-42, 49-53, 78-81, 99 (allegations concerning content of *Yesterday*, including content of *Yesterday* DVD).

### IV. CONCLUSION

For the reasons stated above and in their Request, Defendant respectfully ask that the Court grant their Request and take judicial notice of Exhibits 1-4.

| | |
|---|---|
| DATED:  May 22, 2023 | Respectfully submitted,<br><br>MUNGER, TOLLES & OLSON LLP<br><br><br>By:      */s/ Kelly M. Klaus*<br>       KELLY M. KLAUS<br>Attorneys for Defendant<br>UNIVERSAL CITY STUDIOS LLC |