UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING DEFEDNANT'S COMBINED ANTI-SLAPP MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT [131]

### I.   Introduction

Before the Court is a combined anti-SLAPP motion and motion to dismiss Plaintiffs' Third Amended Complaint ("TAC") filed by Defendant. ECF No. 131. For the reasons asserted, the motion is GRANTED.

### II.   Background

#### a.   Factual Background

The present case arises from alleged false advertisements contained in a movie trailer. Defendant created the movie *Yesterday*. *Yesterday* is a film about a failed musician who hits his head during a black-out, and wakes up to a world that does not know the The Beatles. ECF No. 130 ("TAC") ¶ 41. Taking this opportunity, the protagonist adopts The Beatles' songs as his own, becoming famous. *Id.*

The trailer for the movie featured Ana De Armas ("De Armas") in a scene that was not included

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
|---|---|---|---|
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

in the theatrical release of the film ("the Segment") and forms the basis of the present action. *Id.* at ¶ 42. In the Segment, the protagonist is featured on a talk show and is prompted to write a song about "something." *Id.* In response, the protagonist plays The Beatles' song *Something* seated next to and gazing at De Armas' character. *Id.* De Armas' character appears to be charmed by the protagonist and embraces him at the end of the song. *Id.* The film's female lead witnesses this scene from home and appears to be visibly upset at the embrace. *Id.* The scene comprises fifteen seconds of the about the three-and-a-half-minute trailer and De Armas does not utter any dialogue in the Segment. RJN Ex. 1.[1]

Plaintiffs claim to have watched the trailer on Amazon's internet movie streaming service. *Id.* at ¶¶ 7,10. Persuaded by the movie trailer, Plaintiffs rented the movie on Amazon, expecting De Armas to appear in the movie, and were disappointed to discover that De Armas and the Segment were not in the movie. *Id.* Plaintiffs allege that they would not have rented the movie had they known that Ana De Armas would not appear in the actual movie. *Id.* at ¶ 12. Plaintiffs further allege that they had never seen a trailer that featured an actor or actress that didn't also appear in the film being advertised. *Id.* ¶¶ 7,10.

Based upon these allegations, as amended, Plaintiffs brings the following claims: (1) a violation of the California Unfair Competition Law ("UCL"), (2) a violation of the California False Advertising Law ("FAL"), (3) Unjust Enrichment, and (4) Violation of Maryland's Consumer Protection Act. *Id.* at ¶¶ 129-190.

### b. Procedural Background

Plaintiffs filed their initial complaint on January 21, 2022. ECF No.1. Since then, Plaintiffs amended their complaint several times on, March 24, 2022, and June 6, 2022. ECF Nos. 17, 26. On July 15, 2022, Defendant filed a Special Motion to Strike and Motion to Dismiss. ECF No. 44. The

---

[1] The Court may review and consider the trailer since it is incorporated by reference in the Complaint and there is no objection as to its authenticity. Compl. at ¶¶ 40, 53, 83; *Casault v. Fed. Nat. Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1120 (C.D. Cal. 2012) ("Under the incorporation by reference doctrine, the court may also consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'"); *see Jones v. Twentieth Century Studios, Inc.*, No. CV 21-5890 PA (SKX), 2021 WL 6752228, at *3 (C.D. Cal. Dec. 7, 2021) (taking judicial notice of the film and trailers).

| | Initials of Preparer | PMC |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

Court granted this motion in part and denied it in part on December 20, 2022. ECF No. 83. In that order the Court made the following rulings: 1) held that Plaintiffs lacked standing to pursue false advertising on other online platforms, which Plaintiffs did not view; 2) held that Plaintiffs had failed to allege sufficient facts to support several "predicate" legal violations, which Plaintiffs attempted to premise their UCL "unlawful" claim on; 3) the Court dismissed with prejudice Plaintiffs' CLRA and warranty claims; and 4) the Court dismissed without prejudice Plaintiffs' ability to seek injunctive relief. ECF No. 83.

On January 17, 2023, Defendant filed a motion for attorney's fees, and Plaintiffs filed a motion for reconsideration. ECF Nos. 88, 89. On March 9, 2023, the Court issued an order deferring ruling on attorney's fees and allowing Plaintiffs to file a proposed amended complaint, and denied Plaintiffs' motion for reconsideration. ECF Nos. 107, 108.

On March 15, Plaintiffs filed the instant motion for class certification. ECF No. 109. On April 13, 2023. The Court issued an order clarifying its order regarding Defendant's Special Motion to Strike and Motion to Dismiss, noting that Plaintiffs' lack standing to pursue false advertising which they did not view. ECF No. 115.

On April 27, 2023, Defendant filed a Special Motion to Strike and Motion to Dismiss the Third Amended Complaint. ECF No. 131.

    c. **New Allegations of the Third Amended Complaint**

The TAC largely repeats the allegations of the SAC. However, Plaintiffs include new allegations that Plaintiff Woulfe had recently paid to watch *Yesterday* on Google Play. TAC at ¶ 146. Plaintiff Woulfe alleges that Google search results listed De Armas as a cast member. *Id.* And based upon of this information, Plaintiff Woulfe believed that De Armas would be in the movie and paid again to watch *Yesterday*. De Armas was not featured in the movie. *Id.* Thus, Plaintiff claims to have been deceived again. *Id.*

    **III.**    **Legal Standard**

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

California has a statute designed to discourage "strategic lawsuits against public participation" ("SLAPPs"). The Ninth Circuit has explained that SLAPPs "masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Hilton v. Hallmark Cards*, 599 F.3d 894, 902 (9th Cir. 2010). California's anti-SLAPP statute is codified under Cal. Civ. Proc. Code § 425.16(a).

Under the statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(a).

In the Ninth Circuit, courts evaluate anti-SLAPP motions in two steps. "The defendant must first make a prima facie showing that the plaintiff's suit arises from an act by the defendant made in connection with a public issue in furtherance of the defendant's right to free speech under the United States or California Constitution." *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (internal quotations omitted). Second, if the defendant meets their burden, the plaintiff must demonstrate that their complaint is nevertheless "legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Hilton*, 599 F.3d at 903.

In evaluating the second step, Anti-SLAPP motions in federal court fall into two categories: "motions that challenge the legal sufficiency of complaints and motions that challenge the factual sufficiency of complaints." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021). The former motions are evaluated under a Rule 12 motion to dismiss framework; the latter are evaluated under a Rule 56 motion for summary judgment framework. *Id.* Here, Defendant challenges the legal sufficiency of Plaintiffs' claims under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
|---|---|---|---|
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### IV. Discussion[2]

#### a. Non-Trailer Allegations

First, First, Defendant moves to strike several allegations in the TAC which refer to non-trailer statements. Defendant notes that this Court has already determined that Plaintiffs lack standing to pursue alleged misrepresentations which they did not rely on. ECF No. 83 at n.7; ECF No. 115. And based upon this ruling, Defendant contends that the Court necessarily struck those allegations referring to non-trailer statements and that the Court should strike new allegations of non-trailer statements. In response, Plaintiffs "unequivocally acknowledge" that these allegations do not "support a claim for recovery" and that they are included to relate to "background facts, materiality, and similar issues only." ECF No. 136 at 10; ECF No. 130 TAC at ¶¶ 130, 154, 162 170. Accordingly, the Court will strike these allegations. Accordingly, the Court STRIKES these allegations.

---

[2] The Court has already determined that the anti-SLAPP statute may apply under these circumstances. ECF No. 83. Accordingly, the Court's order will focus on step 2 of the anti-SLAPP analysis, whether Plaintiffs have failed to state a claim.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
|---|---|---|---|
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

### b. UCL Claim

Next, Defendant moves to strike common-law allegations supporting Plaintiffs' UCL claim under the unlawful prong. The relevant paragraph in Plaintiffs' complaint states:

> In the course of conducting business, Defendant committed unlawful, unfair and fraudulent business practices by, among other things, making the representations (which also constitutes advertising within the meaning of § 17200) and omissions of material facts, as set forth more fully herein, and violating as well as Civil Code §§ 1709, and Business & Professions Code §§ 17200, et seq., 17500, et seq. ("False Advertising Law"), *and the common law*. Additionally, Defendant Universal's false statements, comprising false commercial advertising pertaining to the contents of the movie Yesterday, constitute fraud, fraud in contract, common law fraud, and breach of Defendant's covenant of good faith and fair dealing, thus violating California Civil Code §§ 1709.

TAC at ¶ 134 (emphasis added).

The parties do not dispute that common law violations cannot act as a predicate violation for a UCL claim. *See Shroyer v. New Cingular Wireless Servs.*, Inc., 622 F.3d 1035, 1044 (9th Cir. 2010) ("Because Shroyer does not go beyond alleging a violation of common law, he fails to state a claim under the unlawful prong of § 17200."); ECF No. 135 at 19 (citing *Shroyer*). Accordingly, the Court will STRIKE Plaintiffs' reference to the common law.[3]

### c. Standing

Next, Defendants challenge Plaintiffs' standing to maintain claims regarding alleged

---

[3] Plaintiffs additionally argue that Defendant waived this challenge by not previously raising it. However, as Defendant points out, this argument was raised and responded to in the prior set of briefing and Plaintiffs responded to this argument. ECF No. 44 at 16 n.11; ECF No. 56 at 35. Accordingly, Defendant did not waive this argument; rather, the Court did not rule on this issue in its prior order. Furthermore, the Court notes that it is unclear how striking this ground for Plaintiffs' UCL claim would materially affect the litigation, since Plaintiffs' may still premise their UCL "unlawful" claim on violations of other parts of the UCL, and on violations of the FAL. *See* ECF No. 83 at 20-23.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
|---|---|---|---|
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

misrepresentations involving Google and Google play, and Plaintiffs' ability to seek injunctive relief. The Court will address each in turn.

### i. Google Play Allegations

In the TAC, Plaintiffs include new allegations regarding alleged misrepresentations on Google. Specifically, Plaintiff includes allegations that Google shows, as a result of a Google search, that De Armas is listed as a cast member in Yesterday. TAC at ¶ 145. And based on this representation Plaintiff Woulfe rented *Yesterday* after the start of the litigation, sometime between March 9, 2023 and April 14, 2023, again believing that De Armas was in the movie. *Id.* at ¶ 146; ECF No. 136 at 12 n.8.

In response, Defendant contends that Plaintiff Woulfe lacks standing to bring a cause of action based on the Google search results, because his injury is "self-inflicted." "To the extent that an injury is self-inflicted or due to the plaintiff's own fault, the causal chain is broken and standing will not be established." *Makaryan v. Volkswagen Grp. of Am.*, Inc., No. CV 17-5086 PA (KSX), 2017 WL 6888254, at *6 (C.D. Cal. Oct. 13, 2017) (citing *John & Vincent Arduini Inc. v. NYNEX*, 129 F. Supp. 2d 162, 168 (S.D.N.Y. 2001)); *see Mendia v. Garcia*, 768 F.3d 1009, 1013 n.1 (9th Cir. 2014) (explaining that immigration detainee lacked standing to seek damages for a portion of his pre-trial detention because "the loss of liberty he experienced after being granted release on his own recognizance is ... a self-inflicted injury") (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 415-18, 133 S. Ct. 1138, 1151-52, 185 L.Ed. 2d 264 (2013))); *Nat'l Family Planning & Reproductive Health Ass'n v. Gonzales*, 468 F.3d 826, 831 (D.C.Cir.2006) ("We have consistently held that self-inflicted harm doesn't satisfy the basic requirements for standing. Such harm does not amount to an 'injury' cognizable under Article III. Furthermore, even if self-inflicted harm qualified as an injury it would not be fairly traceable to the defendant's challenged conduct." (citations omitted)).

Here, Defendant points out that Plaintiff Woulfe's second purchase of *Yesterday* was a self-inflicted injury, because it is not plausible that Plaintiff Woulfe reasonably relied on any misrepresentation. The Court agrees, throughout multiple versions of their complaint, Plaintiffs have expressly stated that de Armas "is not and was never in the publicly released version" of Yesterday. TAC at ¶ 49; ECF No. 36 at ¶ 47; ECF No. 17 at ¶ 33; ECF No. 1 at ¶ 33. Furthermore, Plaintiffs' Second Amended complaint, which was proposed on May 4, 2022, recognized that some websites listed

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

de Armas as a cast member even though she was not in a publicly released version of the movie. ECF No. 28-3 ¶¶ 29, 87; ECF No. 36 at ¶ 52. In light of the above, the Court finds that Plaintiff Woulfe's "injury" was self-inflicted. *See Red v. Gen. Mills, Inc.*, No. 215CV02232ODWJPR, 2015 WL 9484398, at *5 (C.D. Cal. Dec. 29, 2015) ("the allegations made by Plaintiff in the three other trans-fat lawsuits shows that Plaintiff knew that PHOs were unhealthy, knew that food products sold in California contain PHOs, and knew that she could (or should be able to) look at the ingredients on the label to determine whether or not that particular product contained PHOs. In light of this, Plaintiff cannot reasonably claim that she sought to purchase PHO-free food unless she alleges that the label on the products at issue did not list PHOs as an ingredient (thereby inducing her to unwittingly purchase products with PHOs in them").

Indeed, Plaintiff Woulfe has offered no explanation as to why he believed that version of *Yesterday* they accessed on Google Play would be a different version of the movie they accessed on Amazon. Accordingly, these allegations are STRICKEN.[4]

### ii. Injunctive Relief

Turning to injunctive relief, Plaintiffs contend that they face a risk of being deceived again. It appears to the Court that it is Plaintiff's contention that it is commonplace for alternative versions of movies to be released, most commonly "Director's cuts", Plaintiffs have a reasonable belief that there could be another version of Yesterday containing De Armas. ECF No. 136 at 14. Plaintiff then asserts that "Defendant could release that version with advertising that includes the scene with or without

---

[4] Furthermore, even if it was plausible that Plaintiff Woulfe's injury was not self-inflicted to manufacture standing, Plaintiffs have not plausibly alleged that the cast listing is attributed to Defendant. Plaintiffs' only response is a reference to an allegation in their complaint stating that "Defendant uploads movie versions and trailer version using a platform termed 'Aspera.'" ECF No. 136 at 15 (citing TAC at 150). However, this allegation only relates to "movie versions and trailer versions" and says absolutely nothing with respect Defendant's alleged control over Google's search results or listing of cast members. Plaintiffs offer no plausible allegations demonstrating that Defendant dictates what appears on Google search results or the resulting casting list generated by Google. Rather, "judicial experience and common sense" suggests the opposite: the party in control of Google's search results or platform is Google. *Cf. Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 803 (9th Cir. 2007) (noting "Google's ability to control its own index, search results, and webpages"). Thus, for this additional reason, Plaintiff lacks standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

advertising at all" and because Plaintiffs have no way of knowing, they could be deceived again. *Id.* Furthermore, Plaintiff contends that a Director's cut "could be released to add scenes which don't include [De Armas]" and that Plaintiffs are likely to be deceived again based on Defendant's refusal to stop advertising that De Armas is in the movie. *Id.* at 15. However, Plaintiffs' arguments are too speculative to support injunctive relief. Accordingly, Plaintiffs have not plausibly alleged that they have standing to seek injunctive relief and injunctive relief is DISMISSED.

### d. Dismissal is Without Leave to Amend

In each prior dismissal, the Court has clearly delineated the pitfalls of the complaint and allowed successive amendments. However, it now appears to the Court that further amendments would be a futility. Accordingly, dismissal is without leave to amend. This is the third time that Plaintiff has amended their complaint, and it shall be the last. *See Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) ("Although a district court should freely give leave to amend when justice so requires,[…] the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint") (cleaned up and citations and quotations omitted).

### V. Conclusion

For the aforementioned reasons, the motion is GRANTED.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |