UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [109]

　　　Plaintiffs' motion for class certification is patently inadequate.  Rule 23 "does not set forth a mere pleading standard." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 1432, 185 L. Ed. 2d 515 (2013).  Rather, the party seeking certification must affirmatively prove that they comply with the requirements of Rule 23.  *Id.*  Lest there be any doubt, "plaintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3),' and must carry their burden of proof 'before class certification.'" *Olean Wholesale Grocery Coop.*, Inc., 31 F.4th at 664 (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275–76, 134 S.Ct. 2398, 189 L.Ed.2d 339 (2014)) (alteration omitted and emphasis in original.)  This burden is by the preponderance of the evidence.  *Id.* at 664-665.

　　　The only evidence submitted by Plaintiffs are: 1) the resumes and backgrounds of their attorneys; 2) several academic articles that assert that movie trailers shape consumer expectations and that cast members and movie stars impact the value of the movies; and 3) a screenshot of Google Trends suggesting that De Armas' popularity surged around the time that *Yesterday* was domestically released.  However, this evidence is clearly insufficient to carry Plaintiffs' burden of demonstrating compliance with Rule 23's requirements.  Aside from the aforementioned evidence, Plaintiffs offer nothing else, not

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00459-SVW-AGR | Date | August 28, 2023 |
| Title | *Conor Woulfe et al v. Universal City Studios LLC et al* | | |

even an expert declaration or a declaration from themselves.

This plainly inadequate evidentiary showing, severely undermines Plaintiffs' ability to meet their burden on class certification, including at a minimum their burden to "provid[e] a damages model showing that 'damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3).'" *Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2018 WL 2325426, at *21 (N.D. Cal. May 8, 2018) (citing *Comcast*, 569 U.S. at 35). Rather than provide actual evidence, Plaintiff only asserts that they will demonstrate damages at some unknown later date. However, promises of what Plaintiffs would like to prove cannot act as a substitute for actual evidence to meet Plaintiffs' burden. *See Astiana v. Ben & Jerry's Homemade, Inc.*, No. C 10-4387 PJH, 2014 WL 60097, at *12 (N.D. Cal. Jan. 7, 2014) (denying class certification where the plaintiff failed to offered any expert testimony to support their theory of recovery); *Spangler v. Nat'l Coll. of Tech. Instruction*, No. 14-CV-3005 DMS (RBB), 2016 WL 11772282, at *11 (S.D. Cal. May 19, 2016) (same). Accordingly, the motion is DENIED.[1]

**IT IS SO ORDERED.**

---

[1] Plaintiff sought certification of a 23(b)(2) injunctive relief class. However, because Plaintiffs lack standing for injunctive relief, Plaintiffs may not seek a 23(b)(2) class. Furthermore, Plaintiffs seek to certify a class relating to alleged misrepresentations contained on VUDU. However, because Plaintiffs lack standing to go after those alleged misrepresentations, Plaintiffs may not certify a class seeking to incur liability on those alleged misrepresentations. Finally, Plaintiffs request certification under Rule 23(c)(4). However, the Court finds that certification under such a thin evidentiary showing would be inappropriate.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |