CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive,<br><br>　　　　　Defendant, | Case No.:  2:22-cv-00459-SVW-AGR<br><br>**PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S REQUEST FOR DECISION UNDER LOCAL RULE 83-9** |

0

Plaintiffs Conor Woulfe and Peter Michael Rosza submit this Response to Defendant's Request for Decision Under Local Rule 83-9 (Dkt. No. 190). Plaintiffs' position is that a decision on the Motion should be delayed until post-judgment[1]. Plaintiffs are actively conducting limited discovery concerning the details and circumstances regarding the fact that the original trailer for the movie *Yesterday,* that contained Ana de Armas and was relied on by Plaintiffs, is no longer publicly visible on the *Yesterday* movie page on the Amazon Prime website. As a result, and because Plaintiffs still have pending causes of action, the case is still pending, and as set forth below, Defendant's Motion and any decision by the Court regarding the Motion would be premature.

### A. Defendant's Motion and the Court's Consideration of Attorneys' Fees is Premature Until a Final Judgment is Entered

"Federal Rule of Civil Procedure Rule 54(d) provides a motion for attorneys' fees must, unless otherwise noted, "be filed no later than 14 days after the entry of judgment ...." *The Better Meat Co. v. Emergy, Inc*., No. 221CV02338KJMCKD, 2023 WL 5638266, at *4 (E.D. Cal. Aug. 31, 2023), quoting Rule 54(d). Thus, this court must first establish if its order granting Defendant's motion to strike is a final judgment. Here, the Court denied Defendant's motion as it related to Plaintiffs' claims for unfair competition, false advertising and unjust enrichment, holding that Plaintiffs "plausibly allege[d] that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled that De Armas or the Segment would be in the movie." Motion to Dismiss Order (Dkt. No. 83), at 32. Even if it had not done so, the Ninth Circuit has expressly held that an order granting a defendant's anti-SLAPP motion on plaintiff's state law claims "is not final" under Rule 54. *Better Meat,* 2023 WL 5638266, at *4, citing *Hyan v. Hummer*, 825 F.3d 1046 (9th Cir. 2016); Fed. R. Civ. P. 54(b).

---

[1] Plaintiffs attempted several times to present their position in a short summary to be submitted with Defendant's Request, but Defendant refused and chose to proceed with its filing unilaterally.

In *Better Meat,* the court recently (on August 31, 2023) held that "the question of when a court may grant a motion for fees is procedural in the first instance, so the court must follow the Federal Rules of Civil Procedure." *Better Meat,* 2023 WL 5638266, at *4, *citing In re Cnty. of Orange*, 784 F.3d 520 (9th Cir. 2015) ("When confronted with an Erie question, we first ask whether a Federal Rule of Civil Procedure or a federal law governs. If so, we will apply that rule ....") (internal citations omitted).

In so doing, *Better Meat* found that Rule 54 applies to state statutes – specifically, the anti-SLAPP statute – as well as federal statutes. *Id.* As a result, it denied defendant's request for attorneys' fees as premature because the motion was filed prior to entry of a final judgment. *Id.*

The Court here must also follow Rule 54 by denying or delaying a decision regarding Defendant's Motion as it was premature because it was brought before entry of a final judgment.

### B.   The Court Should Defer Ruling on Attorneys' Fees Based on the Possibility of an Appeal

"Courts also have broad discretion to defer ruling on attorney's fees motions pending an appeal on the merits." *Salveson v. Kessler*, SACV2200310CJCADSX, 2022 WL 3013207, at *2 (C.D. Cal. June 14, 2022); *citing Freeman Inv. Mgmt. Co. v. Frank Russell Co.*, 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9, 2017). When, as here, "the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58, Advisory Committee's Note to 1993 Amendment (emphasis added). The Court in *Salveson* found that "it would be rather inefficient for it to rule on a fees motion that is intertwined with the merits of the same anti-SLAPP motion whose merits the Ninth Circuit will soon evaluate, especially when the remainder of the proceedings beyond the fees motion must be stayed." *Salveson*, 2022 WL 3013207, at *2.

Numerous courts in this and other nearby districts have reached the same conclusion. *See Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting,* 17-CV-03695-MMC, 2021

WL 4051420, at *2 (N.D. Cal. Aug. 27, 2021) (the Court deferred ruling on the attorneys' fee motion where, among other issues, there was "no suggestion that any party would be harmed by a delay in resolving the instant [attorneys' fee] motion" in light of a potential appeal decision from the Ninth Circuit); s*ee also, e.g., Dufour v. Allen*, Case No. 2:14–cv–5616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) (finding that "the best course of action is to defer ruling on the [motions for attorney's fees] until the resolution of [the plaintiff's] appeal"); *Harrell v. George*, No. 2:11–cv–00253–MCE–DAD–PS, 2012 WL 5906659, at *1 (E.D. Cal. Nov. 26, 2012) (deferring attorney's fees motion by defendant who prevailed on successful motion to strike pending appeal before the Ninth Circuit); *Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co*., No. 2:05–cv–00389–MCE–DAD, 2008 WL 5381813, at *1 (E.D. Cal. Dec. 23, 2008) (denying motion for attorney's fees without prejudice to renewal following disposition of the matter on appeal); *Flores v. Emerich & Fike*, No. 1:05–CV–0291 OWW DLB, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007) (same).

The Court should exercise its discretion to delay ruling on the Motion based on the possibility of an appeal.

| | |
|---|---|
| | Respectfully submitted,<br>**LEJEUNE LAW, P.C.** |
| Dated: February 5, 2024 | By:   /*s*/ Cody R. LeJeune<br>Cody R. LeJeune<br>445 S. Figueroa St.<br>Suite 3100<br>Los Angeles, California 90071<br>Telephone: (985) 713-4964<br><br>Attorneys for Plaintiffs<br>CONOR WOULFE, an individual, and<br>PETER MICHAEL ROSZA, an individual |