UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings:   ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES [88, 163] AND GRANTING DEFENDANT'S EX PARTE APPLICATION TO STRIKE [168]

## I.   Introduction

Before the Court are two motions for attorney's fees filed by Defendant. ECF No. 88, 163. For the foregoing reasons, the motions are GRANTED in part.

### A.  Factual and Procedural Background

The facts underlying the present case are outlined in the Court's Order Granting in Part and Denying in Part Defendant's Special Mot. to Strike 1–3, ECF No. 83. Here, the Court will only provide a summary to orient readers.

Plaintiff Peter Michael Rosza is a citizen of California. *Id.* at 2. Plaintiff Connor Woulfe is a citizen of Maryland. *Id.* Both individuals (collectively, "Plaintiffs") rented and watched ("streamed") the movie *Yesterday* through Amazon.com's ("Amazon") online streaming service for $3.99. *Id.*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

Defendant Universal ("Defendant") is a limited liability company with its principal place of business in California. *Id.* Defendant acquired rights to the movie *Yesterday* and thereafter marketed, advertised, screened, promoted, distributed, licensed, rented, and sold the movie nationally. *Id.*

The subject of the dispute is that Plaintiffs allegedly watched a trailer for *Yesterday* on Amazon's streaming service and were persuaded by that trailer to rent the film. *Id.* at 3. That trailer was approximately three-and-a-half minutes in length. *Id.* at 2. Crucially, the trailer contained a roughly fifteen second portion ("the Segment") which features the popular and critically acclaimed actress Ana de Armas ("de Armas"). *Id.* The Segment was ultimately removed from the final cut of the movie before its release. *Id.* at 3. De Armas is not featured at all in the film's final cut. *Id.* Plaintiffs allege that they would not have rented *Yesterday* had they known that de Armas would not appear in the actual movie. *Id.*

On January 21, 2022, Plaintiffs filed a complaint alleging a "blunderbuss of false advertising, fraud, and misrepresentations claims." *Id.* at 1. Defendant filed a joint motion to dismiss and special motion to strike under the California anti-SLAPP statute. *Id.* The Court granted in part and denied in part that joint motion. *Id.* at 32. Specifically, the Court dismissed the following: (1) Plaintiffs' CLRA Claim with prejudice, (2) Plaintiff's Express Warranty Claim with prejudice, (3) Plaintiff's Implied Warranty Claim with prejudice, and (4) Plaintiffs' request for injunctive relief. *Id.* The following claims were not dismissed: (1) Plaintiff's FAL Claim, (2) Plaintiff's UCL Claim, and (3) Plaintiff's Unjust Enrichment Claim. *Id.*

### 1. Attorney's Fees Motion 1 (Second Amended Complaint)

On January 17, 2023, Defendant submitted a motion for attorney's fees and costs. ECF No. 88. The parties fully briefed the Court on this motion. On March 9, 2023, the Court deferred ruling on Defendant's motion for attorney's fees because Plaintiffs indicated that they intended to file an amended complaint related to their request for injunctive relief (which the Court had dismissed without prejudice).

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

ECF No. 107. Other aspects of the case continued while this motion was pending.[1]

On June 14, 2023, the Court issued an order for supplemental briefing regarding a First Amendment argument that Plaintiffs made in their opposition to Defendant's motion for attorney's fees.

On August 28, 2023, the Court issued an order indicating that Defendant was a prevailing party. ECF No. 146. However, Defendant had submitted insufficient information for the Court to determine the appropriate award of fees. Therefore, the Court ordered Defendant to file affidavits with additional information. Those affidavits were submitted on September 7, 2023. ECF No. 153–156. Plaintiffs objected to those affidavits on September 15, 2023. ECF No. 160. Defendant submitted an ex parte application to strike those objections on September 29, 2023. ECF No. 168. As Defendant rightly points out, "[t]he Objection does not 'object' to the affidavits, but instead seeks to *relitigate* Universal's Motion for Fees." Def.'s Ex Parte Application 2, ECF No. 168; *see W. Watersheds Project v. Sec'y of United States DOI*, No. 2:21-cv-297-HL, 2023 U.S. Dist. LEXIS 214949, at *6 (D. Or. Dec. 4, 2023) (citing *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004)) ("It is within this Court's discretion whether to accept new evidence or argument submitted with objections."). Plaintiff's objections are really arguments for why the Court should either deny Defendant's motion for attorney's fees or reduce the amount awarded. Pls.' Objs. to Def.'s Affidavits 1–5, ECF No. 160. This order engages extensively with those arguments as they were raised in the proper vessel for doing so, i.e., Plaintiffs' opposition to Defendant's motion for attorney's fees. For these reasons, Defendant's ex parte application to strike Plaintiffs' objections is hereby GRANTED.

## 2. Attorney's Fees Motion 2 (Third Amended Complaint)

On April 14, 2023, Plaintiffs submitted their third amended complaint. ECF No. 130. On April 27,

---

[1] Also on January 17, 2023, Plaintiffs filed a motion for reconsideration. ECF No. 89. The Court denied that motion on March 9, 2023. ECF No. 108. On March 15, 2023, Plaintiffs filed a motion to certify a class. The Court denied that motion on August 28, 2023. ECF No. 148.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

2023, Defendant submitted a joint motion to dismiss and motion to strike parts of Plaintiff's third amended complaint. The Court granted Defendant's combined anti-SLAPP motion and motion to dismiss parts of Plaintiff's third amended complaint on August 28, 2023. ECF No. 147.

On September 25, 2023, Defendant submitted a motion for attorney's fees and costs incurred on its motion to strike Plaintiff's third amended complaint. ECF No. 163.

## II.     Legal Standard

### A.  Award of Attorney's Fees on a Successful Anti-SLAPP Motion to Strike

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c); *see also Tracy Anderson Mind & Body, LLC v. Roup*, No. 2:22-cv-04735 PSG (Ex), 2023 U.S. Dist. LEXIS 189055, 2023 WL 6890744, at *4 (C.D. Cal. Sep. 11, 2023). "[I]t is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory." *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008) (citing *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001)). "The California anti-SLAPP statute should be applied in federal court as it is in state court." *Metabolife Int'l., Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002) (citing *United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999)). "The prevailing party 'bears the burden of submitting detailed time records justifying the hours claimed to have been expended.'" *Id.* (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)).

### B.  Prevailing Party

Attorneys' fees generally may be awarded to a defendant even if it did not prevail on "the whole of its anti-SLAPP motion." *Mireskandari v. Associated Newspapers, Ltd.*, 665 Fed. App'x 570, 572 (2016). "The term 'prevailing party' must be 'interpreted broadly to favor an award of attorney fees to a partially successful defendant.'" *Lin v. City of Pleasanton*, 96 Cal. Rptr. 3d 730, (2009), *review denied*,

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

No. S175754 (Cal. Oct. 14, 2009) (quoting *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 338 [42 Cal. Rptr. 3d 607] (Cal. 4th App. Dist. 2006)). "[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion." *Mann*, 42 Cal. Rptr. at 139 Cal. App. 4th at 614. "The determination whether a party prevailed on an anti-SLAPP motion lies within the broad discretion of a trial court." *Id.* This rule reflects "the express legislative preference for awarding fees to successful anti-SLAPP defendants." *Id.* at 614.

In making this inquiry, "[t]he crucial question is one of practicality; did anything of substance (technical victories notwithstanding) change in the posture of the case and the claims being lodged against the defendant after it brought the special motion to strike than were in existence beforehand." *Brown v. Elec. Arts, Inc.,* 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010). "In particular, a court considers whether the motion changed the plaintiff's possible recovery or factual allegations." *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. SACV1502034JVSJCGX, 2016 WL 11520758, at *3 (C.D. Cal. Oct. 25, 2016). "This analysis includes factors such as the extent to which the defendant's litigation posture was advanced by the motion, whether the same factual allegations remain to be litigated, whether discovery and motion practice have been narrowed, and the extent to which future litigation expenses and strategy were impacted by the motion." *Mann*, 42 Cal. Rptr. at 618-19. "The court should also consider any other applicable relevant factors, such as the experience and abilities of the attorney and the novelty and difficulty of the issues, to adjust the lodestar amount as appropriate." *Id.* at 619.

**III.    Discussion**

**A. Defendant is Entitled to Attorney's Fees for Its Anti-SLAPP Motion to Strike the Second Amended Complaint**

Plaintiffs advance several arguments as to why Defendant is not entitled to an award of attorney's fees. First, they contend that Defendant is not a prevailing party. Pl.'s Opp. to Def.'s Mot. for Att'y's Fees

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

3–8, ECF No. 102. Second, they contend that Defendant is not entitled to an award of attorney's fees for striking their CLRA claims. *Id.* at 8–10. Third, they contend that Defendant's requested fee is unreasonably inflated. *Id.* at 10. And finally, they contend that the attorney's fee penalty contained in California's anti-SLAPP statute is unconstitutional as applied in this case. *Id.* at 13–24. None of these arguments are persuasive.

### 1. Defendant is a Prevailing Party

Plaintiffs contest whether Defendant is a prevailing party. Defendant contends that the Court's Order provided practical benefits by striking the following claims: 1) Plaintiffs' CLRA claims for damages; 2) Plaintiffs' claim for injunctive relief across the board; and 3) Plaintiffs' VUDU-based allegations.

In response, Plaintiff contends that Defendant's litigation posture was not advanced by the motion, because the gravamen of Plaintiffs' case (that Defendant allegedly misled consumers about the content of *Yesterday*) remains. Furthermore, Plaintiffs assert that the court should give "little weight" to the striking of injunctive relief, because dismissal without prejudice does not by itself confer prevailing status and that Plaintiff's objective has already been achieved, since the trailer in question is no longer on Amazon. Finally, Plaintiff argues that Defendant misinterpreted the Court's footnote stating that Plaintiffs lacked standing to assert alleged misrepresentations on VUDU.

While claims remain,[2] Defendant's motion resulted in dismissal of three claims with prejudice and narrowed the predicate legal violations which Plaintiffs could premise their UCL "unlawful" prong claim on. Furthermore, the Court has clarified that Plaintiffs' interpretation of the Court's footnote regarding standing was incorrect. ECF No. 115 ("Plaintiffs do not have standing to pursue claims challenging alleged false advertising on platforms which Plaintiffs did not use to view the movie."). Thus, the anti-SLAPP

---

[2] The Court denied Defendant's motion to dismiss Plaintiffs' FAL claim, Plaintiffs' UCL claim, and Plaintiffs' unjust enrichment claim.

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

motion had the additional benefit of limiting this case only to alleged misrepresentations contained in the trailer. It cannot be said that Defendant only derived a technical benefit. *See Maleti v. Wickers*, 298 Cal. Rptr. 3d 284, 327 (2022) (reversing district court's denial of an award of attorney's fees to defendants who struck one of two causes of action raised against them in an anti-SLAPP motion); *Arkley v. Aon Risk Servs. Cos.*, No. CV 12-1966 DSF (RZx), 2012 U.S. Dist. LEXIS 96328, 2012 WL 2674980, at *18 (C.D. Cal. June 13, 2012) (partially awarding attorney's fees to a defendant that narrowed the factual bases on which claims could be asserted via anti-SLAPP motion); *Ana v. City of Santa Ana*, No. 30-2021-01230129-CU-OE-CJC, 2023 Cal. Super. LEXIS 8083, at *3 (Cal. Super. Ct. Feb. 23, 2023) ("[T]he City's success had the practical benefit of narrowing the litigation by eliminating two major factual bases giving rise to three separate claims, thus impacting discovery, motion practice, and trial preparation."); *Li v. Liu*, No. 30-2022-01245822-CU-BC-CJC, 2023 Cal. Super. LEXIS 92796, at *3 (Cal. Super. Ct. Nov. 22, 2023) ("[E]liminating the sixth cause of action has the potential to narrow the issues and limit discovery, and that is sufficient to permit an award of prevailing party attorney's fees.").

The principal case in which a defendant was found not to have prevailed for achieving only minimal success on an anti-SLAPP motion is *Moran v. Endres*, 37 Cal. Rptr. 3d 786 (Cal. 2d App. Dist. 2006). In *Moran*, defendants moved via anti-SLAPP motion to strike the entirety of a complaint which alleged the following: defamation, placing in a false light, intrusion upon seclusion, assault, battery, civil conspiracy, and intentional infliction of emotional distress.[3] *Id.* at 787. The lower court struck only a single cause of action—civil conspiracy. *Id.* The appellate court found that defendants' anti-SLAPP motion achieved "only the most illusory victory," and defendants were therefore not entitled to attorney's fees, for two reasons. First, "[t]he factual allegations defendants faced were not changed when the cause of action for conspiracy was stricken." *Id.* at 787–88. And second, because "as a legal matter, the cause of action for conspiracy added little or nothing to plaintiff's case" because California law holds that conspiracy cannot be alleged as a tort separate from the underlying wrong it is organized to achieve; "[t]hus, both before and after the special motion to strike, these plaintiffs had to prove commission of the

---

[3] A separate cause of action titled "making private facts public" was asserted against a singular defendant in the case, Bernard Endres. 37 Cal. Rptr. 3d at 787.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

torts they alleged, and defendants had to defend that case." *Id.* at 788.

The present case is distinguishable from *Moran*. Here, Defendant successfully narrowed the factual bases of Plaintiff's case to alleged misrepresentations made on platforms which Plaintiff actually used to view the movie. Moreover, Defendant defeated Plaintiff's attempt to secure injunctive relief. Lastly, Defendant secured the dismissal with prejudice of Plaintiff's CLRA claims and express and implied warranty claims. While these claims were, in many ways, factually duplicative to the claims Plaintiffs did not dismiss, Defendant won by narrowing the case to Plaintiffs' purchase of a temporary license to view the movie and not the purchase of a physical, movable good. *See Sparling v. Bank of Am. Bus. Lending Servs.*, No. 2:17-cv-08370-AB (PLAx), 2018 U.S. Dist. LEXIS 226087, at *5 (C.D. Cal. June 12, 2018) ("Like the defendants in *Mann* and unlike the defendants in *Moran*, Defendant is the prevailing party because it clearly accomplished something and received practical benefit from bringing its motion.").

Accordingly, Defendant is a prevailing party within the meaning of the anti-SLAPP statute.

2. **Attorney's Fees Can Be Awarded for the Dismissal of Plaintiffs' CLRA Claims**

Plaintiffs contend that the Court should not premise any fee award based on the dismissal of the CLRA claims. Specifically, Plaintiffs invoke California statutory construction rules contending that because the attorney's fees provisions of the CLRA and the anti-SLAPP statutes irreconcilably conflict, and because the CLRA is a more "specific" statute than the anti-SLAPP statute, the CLRA's attorney's fees provision essentially preempts the application of the anti-SLAPP statute. ECF No. 102, at 8–10.

The anti-SLAPP statutes requires attorney's fees to be awarded to a prevailing defendant upon a showing of that the suit is based on conduct in furtherance of a defendant's first amendment rights and that there is no probability of prevailing by the Plaintiff. Cal. Civ. Proc. Code § 425.16; *see also* Section

| | | : |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

II-a *supra*. The CLRA permits the imposition of attorney's fees to a prevailing defendant upon a showing of bad faith. Cal. Civ. Code § 1780.

Nothing in the CLRA's language "forecloses a successful anti-SLAPP defendant from obtaining the attorney fees to which it 'shall' be entitled under section 425.16." *See Richmond Compassionate Care Collective v. 7 Stars Holistic Found.*, 33 Cal. App. 5th 38, 47, 244 Cal. Rptr. 3d 636, 642 (Cal. 1st App. Dist. 2019) (declining to find a contradiction between the attorney's fees provision of the Cartwright Act and the anti-SLAPP statute). Imposition of attorney's fees under either statute does not undermine the public policy of either. *See id.* ("[A] defendant who receives attorney fees for a special motion to strike a Cartwright claim has stricken a claim that lacks merit and such a claim or allegations could not be used by a plaintiff to prevail in a Cartwright claim."). Accordingly, the Court rejects Plaintiffs' argument.

### 3. None of Plaintiffs' Constitutional Challenges Have Merit

#### a. First Amendment

Next, Plaintiffs contend that the anti-SLAPP statute should not be applied under these circumstances, because application of the anti-SLAPP statute would violate the First Amendment. This argument fails because fee-shifting statutes targeting frivolous litigation, like the anti-SLAPP statute here, do not implicate the First Amendment.

Defendant primarily points to *Premier Elec. Const. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, to contend that fee-shifting statutes, like the anti-SLAPP statute, generally do not implicate the First Amendment. 814 F.2d 358, 373 (7th Cir. 1987). In *Premier*, the Seventh Circuit stated the following:

[T]he proposition that the first amendment, or any other part of the Constitution, prohibits or even has anything to say about fee-shifting statutes in litigation seems too farfetched to require extended analysis. Fee shifting requires the party that creates the costs to bear them. This is no more a violation of the first amendment than is a requirement that a person who wants to publish a

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

newspaper pay for the ink, the paper, and the press. Similarly, whoever wants to read the New York Times must buy a copy. The exercise of rights may be costly, and the first amendment does not prevent the government from requiring a person to pay the costs incurred in exercising a right.

*Id.* (footnotes and citations omitted); *see also Equilon Enterprises v. Consumer Cause, Inc.*, 52 P.3d 685, 691 (2002) (citing *Premier* and noting that "[h]undreds of California statute provide for an award of attorney's fees to the prevailing party).

Moreover, the anti-SLAPP statute's purpose is to *further* the exercise of free speech rights in the state of California. "[B]aseless litigation is not immunized by the First Amendment right to petition." *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 743 (1983). Thus, the activity that the anti-SLAPP statute applies to (i.e., nonmeritorious claims that were stricken from the case) do not enjoy First Amendment protections. *See Khan v. Orbis Bus. Intel. Ltd.*, 292 A.3d 244, 256 (D.C. 2023) ("Section 16-5504(a) [(Washington D.C.'s anti-SLAPP statute)] cannot be said to infringe the Petition Clause, on its face or as applied, merely on account of the burden it imposes on the assertion of claims that are outside the protection of the Petition Clause. Nor does a fee-shifting statute like § 16-5504(a) deprive any would-be plaintiff of the right to file suit or erect a barrier (such as a filing fee or other precondition) that might prevent a claimant from filing as a practical matter.").

Plaintiffs' argument that the statute is a content-based regulation on speech warranting strict scrutiny relies on a host of cases that are distinguishable because those statutes were direct regulations on speech. *See Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 207 L. Ed. 2d 784, 140 S. Ct. 2335 (2020) (invalidating a government debt collection exception to the Telephone Protection Consumer Act under the First Amendment, which prohibited robocalls to cellphones); *Watts v. United States*, 394 U.S. 705, 707 (1969) (addressing constitutionality of 18 U.S.C. § 871, which makes it a crime to threaten to kill or inflict bodily harm on the President, the President-elect, the Vice President or other officer next in succession to the office of President, or the Vice President-elect); *Walker v. Kiousis*, 93 Cal. App. 4th 1432, 1448 (2001) (analyzing First Amendment challenge to Cal. Civ. Code § 47.5, which regulates defamatory speech

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

against police officers); *Haddad v. Wall*, 107 F. Supp. 2d 1230, 1234 (C.D. Cal. 2000), *vacated*, 48 F. App'x 279 (9th Cir. 2002) (same); and *Gritchen v. Collier*, 73 F. Supp. 2d 1148, 1152-53 (C.D. Cal. 1999), *rev'd*, 254 F.3d 807 (9th Cir. 2001) (same).

Lastly, Plaintiff's argument rests on a fundamental mischaracterization of the statute. Plaintiff argues that Cal. Code Civ. P. § 425.17(d)(2) provides "special privileges to movie studios." Pls.' Opp. to Def.'s Mot. for Att'y's Fees 15, ECF No. 102. It does not. The statute declines to exempt certain lawsuits from being subject to the anti-SLAPP statute's fee-shifting provision. *See Major v. Silna*, 36 Cal. Rptr. 3d 875, 879 (Cal. 2nd App. Dist. 2005). Those lawsuits are described as follows: "**Any action against any person or entity based upon** the creation, dissemination, exhibition, advertisement, or other similar promotion of **any dramatic, literary, musical, political, or artistic work**, including, but not limited to, a motion picture or television program, or an article published in a newspaper or magazine of general circulation." Cal. Code Civ. P. § 425.17(d)(2). That statute applies to a broad spectrum of artistic and political creative expression. By applying the anti-SLAPP statute to suits against the creators and distributors of expressive works, § 425.17(d)(2) furthers the creation of such expressive works—thereby furthering one of the First Amendment's goals.

### b. *Noerr-Pennington* Doctrine

Plaintiff next contends that awarding fees would violate the *Noerr-Pennington* doctrine. "Under the *Noerr–Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Plaintiffs believe that the *Noerr-Pennington* doctrine is implicated because the imposition of attorney's fees would create liability on the basis of their petitioning activity, i.e., filing a lawsuit.

"But unlike imposing liability based on prelitigation demands or lawsuits, fee shifting does not punish or make a party liable for (allegedly) illegal conduct. It merely requires non-prevailing parties to

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

bear litigation costs." *Garcia v. Alcocer*, No. 22-55183, 2022 WL 17538751, at *2 (9th Cir. Dec. 8, 2022). Indeed, numerous courts have held that "fee shifting is not civil liability within the meaning of the *Noerr–Pennington* doctrine." *Vargas v. City of Salinas*, 134 Cal. Rptr. 3d 244, 254 (2011); *Premier Elec. Const. Co.*, 814 F.2d at 373. Accordingly, this argument is rejected.

### c.  Equal Protection

Plaintiffs make equal protection arguments under the U.S. Constitution and the California Constitution. Specifically, Plaintiffs argue for the imposition of strict scrutiny on the anti-SLAPP statute's fee shifting provision on the basis that it favors movie studios. Pls.' Opp. to Def.'s Mot. for Att'y's Fees 22–23, ECF No. 102. This argument is duplicative of the First Amendment arguments that the Court rejected in Section III-A-3-a.

Even if it were not, strict scrutiny plainly does not apply here. The classes which implicate strict scrutiny are "drawn from a familiar list — race, gender, alienage, national origin." *Short v. Brown*, 893 F.3d 671, 678–79 (9th Cir. 2018). Plaintiffs' identified class distinction, between movie studios and entities that are not movie studios, plainly does implicate a strict scrutiny analysis.

### 4.  Amount and Reasonableness of the Fees Requested in Attorney's Fees Motion 1, ECF No. 88

"Although an award of attorney['s] fees is mandatory under the anti-SLAPP statute, the amount of such fees is discretionary." *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008) (citing *Metabolife*, 213 F. Supp. 2d at 1222). "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." *Wilkerson v. Sullivan*, 121 Cal. Rptr. 2d 275, 279 (Cal. 4th App. Dist. 2002). "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Ketchum v. Moses*, 17 P.3d 735, 745 (Cal. 2001).

Initials of Preparer        :
PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-00459-SVW-AGR | | Date | February 8, 2024 |
|---|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | | |

"The customary method of determining reasonable attorneys' fees, including fee awards on anti-SLAPP motions to strike, is known as the 'lodestar' method." *Tracy Anderson Mind & Body*, 2023 U.S. Dist. LEXIS 189055, at *5 (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). "The 'lodestar' method involves 'multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.* (citing *Morales*, 96 F.3d at 363). "The resulting 'lodestar' figure is presumptively reasonable." *Id.* (citing *Morales*, 96 F.3d at 363 n.8).

Once the lodestar has been calculated, "the Court must determine whether to further reduce Defendant's attorneys' fees award because it only partially succeeded on its motion." *Sparling*, No. 2:17-cv-08370-AB (PLAx), 2018 U.S. Dist. LEXIS 226087, at *8 (C.D. Cal. June 12, 2018). "Because it is often impossible to allot particular hours to particular claims, courts should consider 'the extent [to which] the motion changed the character of the lawsuit in a practical way' in deciding how much to reduce a fee award." *Id.* (quoting *Safari Club Int'l v. Rudolph*, No. SACV 13-1989 JVS (ANx), 2014 WL 12577409, at *3 (C.D. Cal. July 21, 2014)).

### a. Fees Requested

Defendant states that its total fees incurred are $400,901.06. Def.'s Mot. for Att'y's Fees 8, ECF No. 88. However, Defendant is only seeking half of that amount in its motion: $200,450.53. *Id.* According to Defendant, this is "a very conservative estimate—i.e., generous to Plaintiffs—of the proportion of fees and costs reasonably attributable to the successful share of its anti-SLAPP motion." *Id.* at 8–9. Defendant provides the following chart detailing lodestar calculations for each attorney and paralegal involved.

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Kelly M. Klaus | 116 | $1,158 | $134,328 |
| Bethany W. Kristovich | 4.5 | $988 | $4,446 |
| Grace Davis Fisher | 162.5 | $676 | $109,850 |
| Benjamin G. Barokh | 211.9 | $676 | $143,244.4 |

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

| Paralegal | Hours | Rate | Lodestar |
|---|---|---|---|
| Jennifer Galindo | 15.4 | $374 | $5,759.60 |
| Martha Larraondo-Klipper | 2.5 | $374 | $935.00 |
| Nneka Umoh | 8.3 | $245 | $2,033.50 |

| | |
|---|---|
| **Total Anti-SLAPP Fees** | $400,596.50 |
| **Total Anti-SLAPP Costs** | $304.56 |
| **Total Amount Requested (50% of Fees + Costs)** | $200,450.53 |

Defendant also requests fees for the preparation of the attorney's fees motion ("fees on fees") as outlined below, based on 180 hours billed:

| | |
|---|---|
| **Total Fees** | $121,199.30 |
| **Total Costs** | $152.28 |

**b.      Plaintiffs' Response**

In response, Plaintiffs contend that the fees should be lower. First, Plaintiffs contend that the request is inflated, because Defendant is seeking fees for a combined motion to strike/motion to dismiss. Federal courts treat anti-SLAPP motions as, essentially, a motion to dismiss with the extra step of determining whether the action relates to the furtherance of First Amendment rights. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018) (stating that a special motion to strike based on alleged deficiencies in the plaintiff's complaint is akin to a motion under Rule 12(b)(6), except that the attorney's fee provision of § 425.16(c) applies) (citing *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999)); *Anthony v. Buena Vista Home Ent. Inc.*, 2016 WL 6836950, at *9-10 (C.D. Cal. Sept. 28, 2016) (granting an anti-SLAPP motion and motion to dismiss in the same order). "On a motion to dismiss and strike, only

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | | Date | February 8, 2024 |
|----------|----------------------|---|------|------------------|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | | |

'[w]ork that is inextricably intertwined with an anti-SLAPP motion is compensable.'" *Tracy Anderson Mind & Body*, 2023 U.S. Dist. LEXIS 189055, at *11 (quoting *Resolute Forest Prods. Inc. v. Greenpeace Int'l*, No. CV 17-02824 JST, 2019 U.S. Dist. LEXIS 230211, 2019 WL 8377690, at *4 (N.D. Cal. Sept. 24, 2019)). Here, "[t]he Court . . . finds that the two motions were inextricably intertwined, and that [Defendant] may recover for time spent in connection with the motion to dismiss and the motion to strike." *Peak Health Ctr. v. Dorfman*, No. 19-CV-04145-VKD, 2020 WL 3254337, 2020 U.S. Dist. LEXIS 106145, at *5 (N.D. Cal. June 16, 2020).

Second, Plaintiffs contend that approximately $215,596.70 of Defendant's entries include tasks that do not mention the motion to strike or the anti-SLAPP statute. These include entries that state "Prepare motion to dismiss outline", refer to "brief" or "motion", or discuss preparations of stipulations or conferences. *See generally* ECF No. 102-3. However, viewed in context, these entries clearly relate to the combined anti-SLAPP and motion to dismiss. *See Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1103 (N.D. Cal. 2008) (upholding entries that "are readily understood when viewed in the context of the surrounding entries").

Third, Plaintiffs contend that Defendant overbilled for preparing an outline and a stipulation regarding an extension to respond to the complaint. With respect to outlining, the Court recognizes that the case raised a variety of issues, some of which were novel and complex. Under such circumstances, extensive outlining may be reasonable. With respect to the stipulation, Defendant spent approximately 16.9 hours preparing three different joint stipulations, which were relatively detailed. Accordingly, the Court does not find that excessive hours were spent on these tasks.

Fourth, Plaintiffs contend that some of the entries in Defendant's entries were vaguely documented. However, Courts have accepted less detailed descriptions. *See, e.g.*, *Open Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *5 (N.D. Cal. June 9, 2018), aff'd, 803 F. App'x 73 (9th Cir. 2020) (upholding entry for "Conducting Legal Research"); *Nickey Gregory Co., LLC v. Agricap*, LLC, 2011 WL 4403355, at *4 (N.D. Cal. Sept. 1, 2011) (upholding entry for "Review legal research on attorneys' fees

| | | : |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | | Date | February 8, 2024 |
|---|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | | |

petitions").

Finally, Plaintiffs contend that the total number of hours spent (521.1 hours) spent was unreasonable, citing to cases where amounts lower than that were held to be unreasonable by other courts. The Court agrees that the number of hours billed is excessive; appropriate reductions are applied and explained in Section III-A-4-c-i *infra*.

### c. Reductions

#### i. The Number of Hours Expended is Excessive

"A district court may reduce hours by either conducting an hour-by-hour analysis or by making an across-the-board percentage cut." *Tracy Anderson Mind & Body*, 2023 U.S. Dist. LEXIS 189055, at *9 (citing *United States v. $28,000.00 in United States Currency*, 802 F.3d 1100, 1108 (9th Cir. 2015)); *see also Mann*, 42 Cal. Rptr. at 343 (stating that a district court can reduce an award of attorney's fees by a reasonable amount to account for the success obtained by either identifying specific billed hours to eliminate or by simply reducing the overall award). It is "appropriate" for a district court to exercise discretion in the awarding of attorney's fees "in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In making these reductions, a district court should consider "the significance of the overall relief obtained by defendants in relation to the hours reasonably expended on the litigation and whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Mann*, 42 Cal. Rptr. 3d at 619.

Here, Defendant has presented an excessive number of hours expended on its anti-SLAPP motion to strike. The Court acknowledges that Defendant's motion dealt with a variety of issues, spanning from the applicability of the anti-SLAPP statute to the present case, to numerous arguments challenging the

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

sufficiency of Plaintiff's complaint.[4] But the Court's experience with litigation of this type compels it to conclude that the issues involved did not require this many hours.[5] Largely, the disputes in this case were primarily about legal questions; intensive factual review and analysis were not necessary. *Cf. Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000) (sustaining number of hours billed in attorney's fees request because "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail"). And many of these legal questions were not particularly complex. For example, dismissal of Plaintiff's CLRA claims on the basis that Plaintiffs did not purchase a tangible good was straightforward. The same is true for dismissing Plaintiffs implied and express warranty claims for failure to allege a transaction of goods. Lastly, dismissing Plaintiffs' request for injunctive relief on the grounds that Plaintiffs had not alleged sufficient facts to show an imminent or actual threat of harm was similarly simple. The most legally complex question raised in the anti-SLAPP motion was one on which Defendant lost: whether the trailer was entitled to First Amendment protection as protected speech. The Court found that the trailer was commercial speech. *See* ECF No. 83 at 28–32. Additionally, the Court found that Plaintiffs had adequately alleged that the trailer contained a misrepresentation; for that reason, Plaintiffs' claims did not

---

[4] These challenges included the following arguments: 1) that there was no actionable misrepresentation, 2) that there was no claim for monetary restitution, 3) that Plaintiffs failed to allege other legal violations to support their UCL "unlawful" claim; 4) that the CLRA did not apply; 5) that Plaintiffs express and implied warranty claims failed for a several reasons; 6) that Plaintiffs lacked standing for injunctive relief; and 7) that the First Amendment rendered the trailer immune from liability.

[5] The Court has also considered the hours billed in other anti-SLAPP cases in the Central District of California and its neighboring districts. Admittedly, every case is different, and some are more complex than others. But those that the Court reviewed still involved significantly fewer hours billed. *See Reade v. N.Y. Times Co.*, No. 2:22-cv-00543 WBS KJN, 2023 U.S. Dist. LEXIS 48590, at *3 (E.D. Cal. Mar. 21, 2023) (cataloguing cases finding 275.3 hours, 335 hours, and 384.28 hours to be reasonable numbers of hours worked on anti-SLAPP motions); *Peak Health Ctr.*, 2020 WL 3254337, at *6 ("The Court finds the 85.2 hours Mr. Cate spent and the 4.9 hours Mr. Relyea spent in connection with the motion to dismiss the SAC and the anti-SLAPP motion to be reasonable."); *Tracy Anderson Mind & Body*, 2023 U.S. Dist. LEXIS 189055, at *9 (Defendants seek attorneys' fees for 275.8 hours of work); Pasadena Tournament of Roses Ass'n v. City of Pasadena, No. 2:21-cv-01051-AB (JEMx), 2022 U.S. Dist. LEXIS 109557, 2022 WL 2189523, at *23 (C.D. Cal. Mar. 17, 2022) (Defendant's requested [137.7] hours under § 425.16 are reasonable); *Loop AI Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG, 2016 U.S. Dist. LEXIS 61874, at *8 (N.D. Cal. May 9, 2016) ("In especially complex cases, courts have upheld attorney['s] fees for prosecuting anti-SLAPP motions, finding 200 expended hours reasonable under the circumstances.").

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

offend the First Amendment. *Id.* at 32.

Defendant's counsel holds itself out as premier legal experts in this field. Munger, Tolles & Olson LLP ("MTO") touts its recognition as one of "the top 20 of the nation's most elite law firms." Mot. for Att'y's Fees, Klaus Decl. ¶ 3, ECF No. 163-1. MTO's media and entertainment litigation division was named one of *Law360*'s "Media & Entertainment Groups of the Year." *Id.* Attorney Kelly Klaus ("Klaus") has "more than 20 years of experience litigating entertainment-related and other cases." Mot. for Att'y's Fees, Klaus Decl. ¶ 24, ECF No. 88-2. More specifically, he has "extensive experience in litigating motions under California Code of Civil Procedure § 425.16 (the "anti-SLAPP" statute), the First Amendment, and consumer class actions." *Id.* ¶ 6. While the legal issues here were numerous, they should have been issues with which Defendant's counsel was familiar.

Based on the reasons outlined above and the Court's extensive litigation experience, the Court imposes an across-the-board reduction of 20% of hours worked. *See Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, No. CV 11-303 PSG (PLAx), 2012 U.S. Dist. LEXIS 195227, at *11-12 (C.D. Cal. June 12, 2012) (reducing hours billed by 75% due to excessive billing and duplicative work).

The Court bases its reductions on Defendant's total bill—i.e., the 100% number offered by Defendant prior to its own reductions. This amount is $400,596.50. Mot. for Att'y's Fees 10, ECF No. 88. A 20% reduction from this amount results in an award of $320,477.20. However, further reductions are necessary to achieve an award that can be deemed reasonable.

**ii.     The *Kerr* Factors Support a Further Reduction**

Defendant preemptively reduced its requested award by 50% to reflect that its anti-SLAPP motion was only partially successful. Mot. for Att'y's Fees 8–9. In the Court's experience, modern law firms are neither eleemosynary nor altruistic. The Court's review of the *Kerr* factors suggests that even this self-

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

imposed reduction is insufficient.[6] A reduction of 80% more appropriately captures Defendant's degree of success (the most important *Kerr* factor). Although Defendant's motion raised a variety of issues and Defendant achieved some practical victories, the issues that Defendant prevailed on were easily disposed of. *See* Section III-A-4-c-i *supra*. By contrast, Defendant lost on some of the more difficult issues raised by the anti-SLAPP motion, including whether there was an actionable misrepresentation and whether the First Amendment rendered the trailer immune from suit. Given this mixed result, the Court finds that an award of 20% balances the practical victories achieved by Defendant's anti-SLAPP motion with the substantive legal losses that Defendant sustained as a result of the Court's order. Reducing $320,477.20 (the amount calculated after the Court's reduction in hours billed) by 80% results in an award of $64,095.44. *See Sparling*, 2018 U.S. Dist. LEXIS 226087 at *8–9 (reducing attorney's fee award on anti-SLAPP motion in two steps, i.e., first reducing hours worked to a reasonable amount as part of lodestar calculation and then reducing that already-reduced amount further based on partial success achieved); *Bishop v. Forte*, 2023 Cal. Super. LEXIS 79016, at *6–9 (Cal. Super. Ct. Oct. 6, 2023) (first reducing hours worked as part of lodestar calculation and then adjusting that new lodestar further downwards based on partial success); *Harman v. City & Cty. of S.F.*, 69 Cal. Rptr. 3d 750, 767 (2007) (explaining that, per *Hensley*, it is in the district court's discretion whether to account for partial success of anti-SLAPP motion by reducing lodestar amount or by engaging in a second round of reductions after lodestar amount has already been reduced); *but see In re Santa Clarita, LLC*, No. 2:22-cv-04261-JLS, 2023 U.S. Dist. LEXIS 229690, at *11 (C.D. Cal. Nov. 20, 2023) (reducing hours billed to account for partial success, i.e., doing all reductions in one step).

---

[6] The *Kerr* factors include: "'(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 n.11 (9th Cir. 2012) (*quoting Morales v. City of San Rafael*, 96 F.3d 359, 363-64 n.8 (9th Cir. 1996)). The most important Kerr factor is "the degree of success obtained." *Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003) (degree of success is "most critical factor" in determining reasonableness of award).

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | | Date | February 8, 2024 |
|---|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | | |

### iii.    Reductions in Award for "Fees on Fees"

With respect to the fees incurred by preparation of the fees motion, the Court will reduce the fees on fees to 20%. A district court may base a 'fees on fees' reduction on the same rationale it used to reduce the requested merits fees. *See Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) ("[A] district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award."); *Nat.-Immunogenics Corp.*, 2016 WL 11520758, at *5 (awarding 16.4 percent of both requested fees and fees on fees for prevailing Anti-SLAPP party); *Hirsch v. Compton Unified Sch. Dist.*, No. CV 12-01269 RSWL MRW, 2013 WL 1898553, at *6 (C.D. Cal. May 3, 2013) (awarding the same share of the fees on fees as the requesting party received on its merits fees); *Harris v. McCarthy*, 790 F.2d 753, 759 (9th Cir. 1986) (because plaintiffs received only 11.5% of the merits fees they sought, court properly awarded 11.5% of plaintiffs' requested fees-on-fees). Accordingly, the Court will award $24,239.86.

### 5.    Total Amount of Fees and Costs

As a result of the foregoing, Defendant may receive (1) $64,095.44 for its work on the anti-SLAPP motion to strike plus $304.56 in associated costs, and (2) $24,239.86 as "fees on fees" plus $152.28 in associated costs. In sum, this amount is $88,792.14.

### B.    Defendant Is Entitled to Attorney's Fees for Its Anti-SLAPP Motion to Strike the Third Amended Complaint

Plaintiffs' third amended complaint failed to rectify any of the deficiencies outlined in the Court's order dismissing portions of Plaintiffs' second complaint. Order 9, ECF No. 147. Moreover, it added patently implausible allegations that Plaintiff Woulfe was once again misled into re-renting and rewatching *Yesterday* on another streaming platform in the hope that de Armas might be in that version of the film. *Id.* at 7. The Court dismissed these portions of Plaintiffs' complaint without leave to amend because it was convinced that future amendments would be futile.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

## 1. Fees Requested

Defendant has submitted the following chart summarizing the expenses it incurred while moving to dismiss Plaintiffs' third amended complaint:

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Kelly M. Klaus | 13.4 | $1,158 | $15,517.20 |
| Bethany W. Kristovich | 0.4 | $988 | $395.20 |
| Stephanie Goldfarb Herrera | 1.6 | $750 | $1,200.00 |
| Grace Davis Fisher | 66.6 | $750 | $49,950.00 |
| Benjamin G. Barokh | 29.6 | $750 | $22,200.00 |

| Paralegal | Hours | Rate | Lodestar |
|---|---|---|---|
| Jennifer Galindo | 10.4 | $374 | $3,889.60 |
| Patrick Odell | 0.7 | $344 | $240.80 |

| Total Anti-SLAPP Fees | $93,392.80 |
|---|---|
| Total Anti-SLAPP Costs | $153.51 |

Defendant also requests fees for the preparation of the attorney's fees motion ("fees on fees") as outlined below, based on 73.6 hours billed:

| Total Fees | $57,032.40 |
|---|---|
| Total Costs | $153.51 |

## 2. The Parties' Arguments Are Largely Duplicative

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

The parties' briefs regarding Defendant's motion for attorney's fees in connection with its motion to strike portions of Plaintiff's third amended complaint largely recycle the same arguments discussed in Section III-A *supra*. Defendant remains a prevailing party. The fee-shifting provision of California's anti-SLAPP statute remains constitutional.

Plaintiffs' only new argument is that their status as individuals should prompt the Court to reduce the fee awarded to avoid subjecting them to financial ruin. Pls.' Opp. to Defs.' Mot. for Att'y's Fees 9, ECF No. 174. This argument is unpersuasive in light of the purpose and function of the anti-SLAPP statute; moreover, the Court's other fee adjustments keep the fee award in a manageable range.

Lastly, Plaintiffs argue that this Court should defer ruling on the present motion for attorney's fees for two reasons: (1) a final judgment has not yet been entered in the case, and (2) there is a possibility of appeal.

In its argument that the Court should defer ruling until a final judgment has been entered, Plaintiffs cite *Better Meat Co. v. Emergy, Inc.*, No. 2:21-cv-02338-KJM-CKD, 2023 U.S. Dist. LEXIS 154497, 2023 WL 5638266 (E.D. Cal. Aug. 30, 2023). In that case, a district court in the Eastern District of California elected to defer ruling on an attorney's fees motion until a final judgment had been filed in the case. The court based its decision on Fed. R. Civ. P. 54(d)(2)(B)(i), which in relevant part states the following: "Unless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment . . . ." Because the *Better Meat* court found that question of when to grant a motion for fees was procedural, it applied the *Erie* doctrine and Rule 54. Interpreting that rule, the court found that only a federal statute could authorize the granting of an attorney's fees motion prior to entry of a final judgment.

First, the Court notes that *Better Meat* is not binding precedent. Second, the Court is not persuaded by the interpretation of Rule 54(d)(2)(B) reached in *Better Meat*; reading in the word "federal" from Rule 54(d)(1) into 54(d)(2)(B), where that word does not appear, would render its inclusion in Rule 54(d)(1)

| | : |
|---|---|
| Initials of Preparer | PMC |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

superfluous. *See Tulelake Irrigation Dist. v. United States Fish & Wildlife Serv.*, 40 F.4th 930, 936 (9th Cir. 2022) (explaining the canon against superfluity in statutory interpretation). Finally, the Court agrees with Defendant's contention that "[c]ourts throughout the Ninth Circuit regularly issue orders granting anti-SLAPP fee awards well before final judgment is entered, and the Ninth Circuit regularly affirms such orders." Def.'s Mot. for Att'y's Fees 12, ECF No. 163. See, e.g., *Khai v. Cnty. of Los Angeles*, 730 F. App'x 408, 411 (9th Cir. 2018) (affirming order granting motion for anti-SLAPP attorney's fees approximately two years before entry of judgment); *Harper v. Lugbauer*, 709 F. App'x 849 (9th Cir. 2017) (same); *Manufactured Home Cmtys., Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011) (similar); *see also Sparrow LLC v. Lora*, 2015 WL 12778336, 2015 U.S. Dist. LEXIS 186524, at *2 (C.D. Cal. Jan. 12, 2015) (declining to defer anti-SLAPP fee award until entry of final judgment); *New Show Studios LLC v. Needle*, No. 2:14-CV-01250-CAS, 2015 WL 1296094, 2015 U.S. Dist. LEXIS 36237, at *2 (C.D. Cal. Mar. 20, 2015) (awarding fees prior to final judgment). For these reasons, the Court grants this award without entry of a final judgment.

The Court also rejects Plaintiffs' argument that it should defer ruling on the present motion because Plaintiffs may appeal. Defendant helpfully cited numerous cases establishing that "the weight of authority is that the usual course is for the Court to consider attorney['s] fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Trendsettah United States v. Swisher Int'l*, No. SACV 14-1664 JVS (DFIVx), 2020 U.S. Dist. LEXIS 258497, at *5 (C.D. Cal. Dec. 2, 2020) (quoting *Sport Dimension, Inc. v. Coleman Co.*, 2015 U.S. Dist. LEXIS 176119, 2015 WL 10013784, at *4 n.1 (C.D. Cal. June 4, 2015)); *see also Smith v. Payne*, 2013 WL 1615850, 2013 U.S. Dist. LEXIS 53641, at *2 (N.D. Cal. Apr. 15, 2013) ("[R]uling on the motion now, prior to the Ninth Circuit's determination of Plaintiffs' appeal, promotes judicial economy by allowing any appeal of the fee award to be consolidated with Plaintiffs' merits appeal.") (internal quotations and alterations omitted).

### 3. Reductions

#### a. The Number of Hours Expended is Excessive

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

Defendant expended 122.7 hours to prepare its joint special motion to strike and motion to dismiss Plaintiffs' third amended complaint. Given the extensive redundancy between Plaintiffs' second amended complaint and Plaintiffs' third amended complaint, this number is excessive. *See* Order 3 ("The TAC largely repeats the allegations of the SAC."). Once again, the Court notes that Defendant's counsel holds itself out to be an expert in litigation related to this field. *See* Section III-A-4-c-i *supra*. For these reasons, the hours billed must be reduced. *See Burgos v. Sunvalleytek Int'l*, No. 18-cv-06910-HSG, 2021 U.S. Dist. LEXIS 132931, at *17 (N.D. Cal. May 10, 2021) (reducing fee award when complaint was largely duplicative of other complaints filed against other defendants because legal work must have been overlapping); *Walker v. Gateway Plaza LLC*, No. CV 21-255-GW-SKx, 2021 U.S. Dist. LEXIS 246754, 2021 WL 6103372, at *7 (C.D. Cal. Oct. 13, 2021) (reducing hours billed in fee award for plaintiff's counsel who frequently files identical complaints). Accordingly, the Court reduces the hours billed by Defendant's counsel by 75%. A 75% reduction from Defendant's requested $93,392.80 results in an award of $23,348.20.

Because the Court granted Defendant's motion to strike Plaintiffs' third amended complaint in full, a further reduction is not warranted. This motion resulted in a complete success, even though claims remain in the case.

### b. The Above Analysis Also Applies to Defendant's Fees on Fees Request

Defendant expended 73.6 hours on preparing its motion for attorney's fees in connection with its motion for attorney's fees for its joint motion to strike and dismiss Plaintiffs' third amended complaint and the associated reply in support of that motion. Once again, the Court notes that this motion, and Plaintiffs' arguments in opposition to it, were largely duplicative of the arguments made regarding the motion for attorney's fees for Defendant's joint motion to strike and dismiss Plaintiffs' second amended complaint. It was not reasonable to expend close to two 40-hour work weeks to prepare a similar motion and to respond to similar arguments opposing that motion. Accordingly, the Court once again reduces the number of hours billed by 75%. A 75% reduction from Defendant's requested $57,032.40 results in an

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

award of $14,258.10.

### 4. Total Amount of Fees and Costs

Defendant is awarded (1) $23,348.20 in attorney's fees plus $153.51 in costs for its joint motion to strike and dismiss Plaintiff's third amended complaint, and (2) $14,258.10 in fees on fees plus $153.51 in costs. In sum, this award is worth $37,913.32.

### IV.    Conclusion

The Court GRANTS IN PART Defendant's motion for attorney's fees and costs related to its motion to strike Plaintiffs' second amended complaint, with the amounts specified as follows:

- $64,095.44 for the anti-SLAPP motion to strike,
- $304.56 in associated costs,
- $24,239.86 as "fees on fees," and
- $152.28 in associated costs.

The Court GRANTS IN PART Defendant's motion for attorney's fees and costs related to its motion to strike Plaintiffs' third amended complaint, with the amounts specified as follows:

- $23,348.20 for the anti-SLAPP motion to strike,
- $153.51 in associated costs,
- $14,258.10 as "fees on fees," and
- $153.51 in associated costs.

In sum, both awards are worth a combined $126,705.46.

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00459-SVW-AGR | Date | February 8, 2024 |
|----------|----------------------|------|------------------|
| Title | *Conor Woulfe et al. v. Universal City Studios LLC et al.* | | |

**IT IS SO ORDERED.**

Initials of Preparer          :

PMC