CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

Attorneys for Plaintiffs
CONOR WOULFE and PETER MICHAEL ROSZA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA<br><br>         Plaintiffs,<br><br>   v.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive,<br><br>         Defendant. | Case No.:  2:22-cv-00459-SVW-AGR<br><br>**JOINT AGENDA FOR TELEPHONIC DISCOVERY CONFERENCE**<br><br>Date:  February 22, 2024<br>Time:  1:30 p.m.<br><br>Hon. Alicia G. Rosenberg |

Pursuant to Judge Rosenberg's Chamber Rules and the Court's Scheduling Notice (Dkt. No. 193), Plaintiffs, Conor Woulfe and Peter Michael Rosza, and Defendant, Universal City Studios LLC ("Defendant" or "Universal"), by and through their undersigned counsel, submit this Joint Agenda in advance of the telephonic discovery conference set for February 22, 2024.

Plaintiffs requested this discovery conference to discuss the items listed below. In addition, to facilitate the parties' discussion with the Court, attached hereto are:

- Plaintiffs' 12/19/2023 Second Set of Requests for Production of Documents (Ex. A) and Defendant's 1/18/2024 Responses and Objections thereto (Ex. B)
- Plaintiffs' 12/19/2023 Notice of Taking of Rule 30(b)(6) Deposition of Defendant Universal City Studios LLC (Ex. C) and Defendant's 1/8/2024 Responses and Objections thereto (Ex. D)
- Plaintiffs' 8/3/2023 Second Set of Requests for Admission (Ex. E) and Defendant's 9/5/2023 Responses and Objections thereto (Ex. F)
- The parties' email correspondence ending 2/9/24 (Ex. G) and Universal's 2/16/2024 letter regarding Plaintiffs' request for supplemental responses to the above (Ex. H)

Universal has requested to address at the same discovery conference its anticipated motion for attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(B) based on the Court's November 20, 2023 Order. (Dkt. No. 185)

## **ISSUES FOR DISCUSSION**

1.      Plaintiffs seek to compel production of documents responsive to its Requests for Production (Ex. A), including documents from related Universal entities.

2.      Plaintiffs seek to compel Defendant's Rule 30(b)(6) deposition pursuant to the topics listed in Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition of Defendant Universal City Studios LLC (Ex. C), including regarding knowledge of related Universal

1  entities.

2       3.    Plaintiffs seek to compel Defendant to include related Universal entities in its

3  definition of "You" or "Universal" and provide amended responses to Plaintiff's Second

4  Set of Requests for Admission (Ex. E).

5       4.    Universal's anticipated motion for attorney's fees under Federal Rule of Civil

6  Procedure 37(a)(5)(B) based on the Court's November 20, 2023 Order.

7

8                                        Respectfully submitted,

9

10  Dated: February 21, 2024            By:    /s/ Cody R. LeJeune

11

12                                      **LEJEUNE LAW, P.C.**
                                        Cody R. LeJeune
13                                      445 S. Figueroa St., Suite 3100
                                        Los Angeles, CA 90071
14                                      Telephone: (985) 713-4964

15

16

17                                      Attorneys for Plaintiffs
18                                      CONOR WOULFE and PETER MICHAEL
19                                      ROSZA

20

21

22

23

24

25

26

27

28

1    Respectfully submitted,

2

3  Dated: February 21, 2024           By:    /s/Stephanie Herrera

4                                      **MUNGER, TOLLES & OLSON, LLP**
                                       Kelly M. Klaus
5                                      Stephanie G. Herrera
                                       Virginia Grace Davis
6                                      560 Mission Street, 27th Floor
                                       San Francisco, CA  94105-2907
7                                      kelly.klaus@mto.com
                                       stephanie.herrera@mto.com
8                                      grace.davisfisher@mto.com
                                       Telephone: 415-512-4000
9

10

11                                     Bethany W. Kristovich
                                       Benjamin G. Barokh
12                                     350 South Grand Avenue, 50th Floor
                                       Los Angeles, CA  90071-3426
13                                     bethany.kristovich@mto.com
                                       benjamin.barokh@mto.com
14                                     Telephone: 213-683-9100

15

16                                     Attorneys for Defendant
                                       UNIVERSAL CITY STUDIOS LLC
17

18

19

20

21

22

23

24

25

26

27

28

# <u>Exhibit A</u>

CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964


Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual, | Case No.:  2:22-cv-00459-SVW-AGR |
| Plaintiff, | **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive, | |
| Defendant, | |

2:22-cv-00459-SVW-AGR

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Conor Woulfe hereby requests that Defendant Universal City Studios LLC (hereinafter, "Universal" or "Defendant"), by its undersigned counsel, produce to Plaintiffs' attorneys the items described hereafter, within thirty (30) days after the service hereof. These document requests are intended to be continuing in nature and shall include documents which are discovered subsequent to any initial compliance herewith

## Definitions and Instructions

A.     "Defendant," "Universal," "you," or "your" means Defendant Universal City Studios LLC and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period. This includes NBCUniversal Media, LLC.

B.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the document request all responses that might otherwise fall outside its scope.

C.     A masculine, feminine or neutral pronoun shall not exclude the other genders.

D.     The term "document" (or "documents") means any and all writings of any nature whatsoever or other means by which information is retained in retrievable form, as well as drafts and all nonidentical copies thereof, including but not limited to memoranda, stenographic or handwritten notes, contracts, agreements, records, audio and video recordings, correspondence, communications, reports, studies, summaries, surveys, statistical compilations, minutes, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, facsimiles, e-mail, signage, certificates of registration, labels, specimens, writings, sketches, and computer disks, and any other documents as defined in

1

Rule 34 of the Federal Rules of Civil Procedure. The term "document" (or "documents") refers to any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to obtain or secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

E.      "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

F.      "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

G.      "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmission.

H.      The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the document request all responses that might otherwise fall outside its scope.

I.      The terms "all," "any," or "each" encompass any and all of the matter discussed.

J.      "Including" means including, but not limited to.

K.      The use of singular form includes plural and vice versa.

L.      The use of present tense includes past tense and vice versa.

M.      "*Yesterday*" shall mean the publicly released movie *Yesterday*, regardless of format, as identified in the Second Amended Complaint. *See* Dkt. No. 36.

## <u>REQUESTS FOR PRODUCTION</u>

**DOCUMENT REQUEST NO. 1:**     All contracts, agreements, or the equivalent thereof, between You and any third party, concerning the third party posting, replacing, editing or removing trailers to/from Amazon for Your movies, including for the movie *Yesterday.*

**DOCUMENT REQUEST NO. 2:**     All contracts, agreements, or the equivalent thereof, between You and Deluxe Media, Inc.

**DOCUMENT REQUEST NO. 3:**     All documents and communications exchanged between You and Deluxe Media, Inc. relating to the *Yesterday* trailer(s) on Amazon.

**DOCUMENT REQUEST NO. 4:**     All documents and communications relating to all instructions You provided to Deluxe Media, Inc. regarding the *Yesterday* trailer(s) appearing on Amazon.

Respectfully submitted,
**LEJEUNE LAW, P.C.**

Dated: December 19, 2023

By:   /s/ Cody R. LeJeune

Cody R. LeJeune
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual

3

PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS

2:22-cv-00459-SVW-AGR

1
2
3
## <u>CERTIFICATE OF SERVICE</u>

4
5   I hereby certify that on December 19, 2023, I caused a copy of the foregoing

6   **PLAINTIFFS' SECOND SET**
   **OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
7   and attachments thereto to be served *via* electronic mail to counsel of record for all parties.

8   I declare under penalty of perjury under the laws of the United States of America
9   that the foregoing is true and correct.

10
11                                          Respectfully submitted,
                                          **LEJEUNE LAW, P.C.**
12
13   Dated: December 19, 2023      By:   */s/* Cody R. LeJeune
                                          Cody R. LeJeune
14                                          445 S. Figueroa St.
                                          Suite 3100
15                                          Los Angeles, CA 90071
                                          Telephone: (985) 713-4964
16
17
18
19                                          Attorneys for Plaintiff
                                          CONOR WOULFE, an individual, and
20                                          PETER MICHAEL ROSZA, an individual
21
22
23
24
25
26                                          4
27                          PLAINTIFFS' SECOND SET
                    OF REQUESTS FOR PRODUCTION OF DOCUMENTS
28                                                      2:22-cv-00459-SVW-AGR

# Exhibit B

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE GOLDFARB HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>                Plaintiffs,<br><br>        vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>                Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    Plaintiff Conor Woulfe

RESPONDING PARTY:     Defendant Universal City Studios LLC

SET NUMBER:               Two

Pursuant to Federal Rules of Civil Procedure 26 and 34 *et seq.*, Defendant Universal City Studios LLC ("Defendant" or "Universal") hereby objects and responds to Plaintiff Conor Woulfe's ("Plaintiff") Second Set of Requests for Production of Documents ("Second Set of Requests" or "Requests").

## PRELIMINARY STATEMENT

The Second Set of Requests continue Plaintiffs' pattern of harassing Universal and third parties with irrelevant, overbroad, and unreasonably cumulative and duplicative discovery requests that have nothing to do with any claim in this litigation or any relief any Plaintiff has standing to seek. Here, Plaintiff continues to seek discovery regarding the alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video. The Court denied further discovery on that topic as unreasonably cumulative or duplicative on November 20, 2023. Dkt. 185 ("November 20 Order"). The Court's denial was without prejudice to Plaintiff serving discovery regarding a narrow topic, "the agreement between Universal and Deluxe Media as applicable to the removal or replacement of the trailer for *Yesterday* on Amazon Prime Video after January 21, 2022," but the Court "again urged [Plaintiffs] to focus any discovery in light of the proportionality factors in Rule 26(b)(1)-(2)." Plaintiff has ignored this admonition, as Plaintiff has ignored others from the Court, regarding the permissible scope of discovery.

Document Request No. 2 is the only Request that arguably seeks discovery within the narrow topic referred to in the November 20 Order, though the Request sweeps even more broadly. Universal responds to that Request below.

The other Document Requests, however, are on their face overbroad and excessively disproportionate. They seek discovery regarding third parties other than Deluxe Media, Universal movies other than *Yesterday*, agreements with Deluxe Media that have nothing to do with *Yesterday*, and "instructions" Universal has already said do not exist (Dkt. 182-2 at 7-8). To the extent these Requests seek documents relating to or discussing or instructing the alleged removal or replacement

of the trailer for *Yesterday* on Amazon Prime Video, they are unreasonably cumulative and duplicative of requests Universal has already responded to completely, are inconsistent with the Court's November 20 Order, and are being interposed for improper purposes. To the extent these requests sweep more broadly, they are irrelevant, overbroad, and disproportionate even to Plaintiffs' purported motion for "catalyst" attorney's fees, a topic that is itself not a proper subject of discovery for the reasons set forth in Dkt. 182.

Universal therefore objects and responds as follows, without prejudice to and expressly reserving its right to seek all appropriate remedies for Plaintiff's continued unreasonable and vexatious discovery conduct, including pursuant to Federal Rules of Civil Procedure 26(g) and 37 and 28 U.S.C. § 1927.

## **GENERAL OBJECTIONS**

The following General Objections apply to and are hereby incorporated in each and every response to each and every specific Request, regardless of whether such General Objections are expressly incorporated by reference in such response.

1.      Defendant objects to each and every Request, definition, and instruction on the grounds that the discovery sought is not relevant to Plaintiff's remaining individual claims for damages and that the discovery sought is unreasonably burdensome and disproportionate to the needs of a case in which class certification has been denied and the maximum possible recovery is $7.98. *See* Dkt. 148.

2.      Defendant objects to each and every Request, definition, and instruction on the ground that Plaintiff lacks standing to seek any relief related to the alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video. Plaintiff lacks standing to seek injunctive relief of any kind and therefore could not have sought or obtained the removal and/or replacement of the trailer from Amazon Prime Video (or anywhere else) through this action. *See* Dkt. 83 at 26-28; Dkt. 147 at 8-9.

3.      Defendant objects to each and every Request, definition, and instruction to the extent that it is unreasonably cumulative and duplicative of Plaintiff's

September 2022 Request for Production No. 22, which sought "[a]ll documents relating to or discussing or instructing Amazon.com's (a.k.a. Amazon Prime Video's) replacement of the *Yesterday* movie trailer subsequent to January 21, 2022," and to which Universal has already completely responded. *See* Dkt. 182-2 at 7-8 (Def.'s Supp. Response to Pl.'s Request for Production No. 22 ("Defendant has conducted a good-faith, reasonably diligent search, and has identified no responsive documents."); Dkt. 185 (denying motion to compel further responses to Request No. 22 because "Universal's position is abundantly clear, and asking the same or substantially identical questions would not likely produce different answers.").

4.      Defendant objects to each and every Request, definition, and instruction as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it is not reasonably limited in scope, or seeks information neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that compliance would force Defendant to incur a substantial expense that outweighs any likely benefit of the discovery.

5.      Defendant objects to each and every Request, definition, and instruction to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection, or doctrine. Defendant claims such privileges and protections to the extent implicated by each Request, and excludes privileged and protected information from its responses. The production of any privileged information or document by Defendant is unintentional, and any such inadvertent production shall not be construed as a waiver of any applicable objection or privilege. Plaintiff shall, upon the request of Defendant, immediately return or destroy any such documents inadvertently produced. Further, upon Plaintiff's discovery of what it thinks may be a privileged document in Defendant's production, Plaintiff should immediately inform Defendant of that fact in writing.

6.      Defendant objects to each and every Request, definition, and instruction

to the extent that it seeks any confidential, proprietary, or trade secret information, or any other information or documents that Defendant is not permitted to disclose pursuant to confidentiality or other legal obligations to third parties.

7.     Defendant objects to each and every Request, definition, and instruction to the extent that it attempts to impose any burdens inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Central District of California, or any other applicable statute, rule, or court order.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Defendant objects to the definition of "DOCUMENT" to the extent it purports to impose on Defendant any obligation beyond that required under the Federal Rules of Civil Procedure.  Defendant construes this term consistent with the Federal Rules of Civil Procedure to mean those document(s) that can be identified after a reasonably diligent search and that can be produced or retrieved without undue burden or cost.

2.     Defendant objects to the definition of "DEFENDANT," "UNIVERSAL," "YOU" and "YOUR" as vague, overly broad, and unduly burdensome in that it purports to cover Defendant in addition to "its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period." Defendant construes "DEFENDANT," "UNIVERSAL," "YOU" and "YOUR" to mean Defendant.

3.     Defendant objects to the instruction that the terms "and" and "or" are to be construed either conjunctively or disjunctively as vague.  Defendant construes "and" to mean "and" and "or" to mean "or."

4.     Defendant objects to the definition of "COMMUNICATION" to the

extent it purports to impose on Defendant any obligation beyond that required under the Federal Rules of Civil Procedure.  Defendant construes this term consistent with the Federal Rules of Civil Procedure to mean those communication(s) that can be identified after a reasonably diligent search and that can be produced or retrieved without undue burden or cost.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## DOCUMENT REQUEST NO. 1:

All contracts, agreements, or the equivalent thereof, between You and any third party, concerning the third party posting, replacing, editing or removing trailers to/from Amazon for Your movies, including for the movie *Yesterday*.

## RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Request is not relevant to Plaintiff's remaining claims or to any relief Plaintiff possesses standing to seek.  Defendant further objects that this Request is unreasonably cumulative and duplicative of Document Request No. 2 *infra*, requests for production that Universal is informed and believes have been served on and responded to by third parties, and Plaintiff's previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiff's requests were "unreasonably cumulative or duplicative").  Defendant further objects to this Request as irrelevant, overbroad, and unduly burdensome insofar as it seeks information regarding third parties other than Deluxe Media, movies other than *Yesterday*, and subject matters and time periods other than "the removal or replacement of the trailer for *Yesterday* on Amazon Prime

Video after January 21, 2022." Dkt. 185 at 3. Defendant further objects to this Request to the extent that it seeks proprietary or confidential business information, trade secrets, or competitively sensitive information of Defendant and a third party that is not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 2:**

All contracts, agreements, or the equivalent thereof, between You and Deluxe Media, Inc.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Request is not relevant to Plaintiff's remaining claims or to any relief Plaintiff possesses standing to seek. Defendant further objects that this Request is unreasonably cumulative and duplicative of requests for production that Universal is informed and believes have been served on and responded to by third parties. Defendant further objects to this Request as irrelevant, overbroad, and unduly burdensome to the extent it seeks contracts or agreements not "applicable to the removal or replacement of the trailer for *Yesterday* on Amazon Prime Video after January 21, 2022." Dkt. 185 at 3. Defendant further objects to this Request to the extent that it seeks proprietary or confidential business information, trade secrets, or competitively sensitive information of Defendant and a third party that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Defendant responds to this Request as follows: Defendant is willing to meet and confer about why Plaintiff believes this Request is relevant to Plaintiff's remaining claims in this case and less burdensome means of providing relevant information (if any).

**DOCUMENT REQUEST NO. 3:**

All documents and communications exchanged between You and Deluxe Media, Inc. relating to the *Yesterday* trailer(s) on Amazon.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Request is not relevant to Plaintiff's remaining claims or to any relief Plaintiff possesses standing to seek. Defendant further objects that this Request is unreasonably cumulative and duplicative of requests for production that Universal is informed and believes have been served on and responded to by third parties, and Plaintiff's previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiff's requests were "unreasonably cumulative or duplicative"). Defendant further objects to this Request to the extent that it seeks proprietary or confidential business information, trade secrets, or competitively sensitive information of Defendant and a third party that is not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 4:**

All documents and communications relating to all instructions You provided to Deluxe Media, Inc. regarding the *Yesterday* trailer(s) appearing on Amazon.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects that this Request is not relevant to Plaintiff's remaining claims or to any relief Plaintiff possesses standing to seek. Defendant further objects that this Request is unreasonably cumulative and duplicative of requests for production that Universal is informed and believes have been served on and

responded to by third parties, and Plaintiff's previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiff's requests were "unreasonably cumulative or duplicative"). Defendant further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges.  Defendant further objects to this Request to the extent that it seeks proprietary or confidential business information, trade secrets, or competitively sensitive information of Defendant and a third party that is not proportional to the needs of the case.

DATED:  January 18, 2024            MUNGER, TOLLES & OLSON LLP


                                    By:    */s/ Kelly M. Klaus*
                                           _____
                                           KELLY M. KLAUS
                                           Attorneys for Defendant
                                           UNIVERSAL CITY STUDIOS LLC

1

## **PROOF OF SERVICE**

2

3       At the time of service, I was over 18 years of age and **not a party to this**
**action**.  I am employed in the City and County of San Francisco, State of California.

4  My business address is 560 Mission Street, 27th Floor, San Francisco, CA 94105.

5       On January 18, 2024, I served true copies of the foregoing document on the
interested parties in this action as follows:

6

7                      **\*\* SEE ATTACHED SERVICE LIST \*\***

8   ☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of

9       the document(s) to be sent from my e-mail address to the persons at the e-mail
addresses listed in the Service List.  I did not receive, within a reasonable time

10      after the transmission, any electronic message or other indication that the
transmission was unsuccessful.

11

12      I declare under penalty of perjury under the laws of the United States of

13  America that the foregoing is true and correct.

14      Executed on January 18, 2024, at San Francisco, California.

15

16                                      */s/ Grace Davis Fisher*

17                                      Grace Davis Fisher
                                        *grace.davisfisher@mto.com*

18

19

20

21

22

23

24

25

26

27

28

DEF.'S RESPONSES TO PL.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## **<u>SERVICE LIST</u>**

Cody R. Lejeune                                    *Attorneys for Plaintiffs Conor Woulfe*
LEJEUNE LAW, P.C.                                  *and Peter Rosza*
445 S. Figueroa Street, Suite 3100
Los Angeles, CA  90071
Email:  cody@lejeunelawfirm.com


Spencer Sheehan                                    *Attorneys for Plaintiffs Conor Woulfe*
SHEEN AND ASSOCIATES P.C.                          *and Peter Rosza*
60 Cuttermill Road, Suite 412
Great Neck, NY 11021
Email: spencer@spencersheehan.com

# Exhibit C

CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964


Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive, <br><br> Defendant, | Case No.:  2:22-cv-00459-SVW-AGR <br><br> **PLAINTIFFS' NOTICE OF TAKING OF RULE 30(b)(6) DEPOSITION OF DEFENDANT UNIVERSAL CITY STUDIOS LLC** |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Conor Woulfe and Peter Michael Rosza, by their attorneys, will take the deposition of Defendant Universal City Studios LLC's ("Defendant" or "Universal") through one (or more) of its representatives offered to testify for Defendant who is (or are) most knowledgeable with respect to the deposition topics set forth in the attached Schedule A.

The deposition will occur remotely, via Zoom, on Wednesday, January 10, 2023 at 9:00 a.m. Pacific Time or at another mutually agreed-upon time.  The deposition will be taken before a notary public or some other officer qualified to administer oaths pursuant to Fed. R. Civ. P. 28(a), will be recorded by a stenographer, and a videographer and Live Note may be used. You are invited to attend and cross-examine. The deposition will continue from day to day, excluding Sundays and holidays, until the examination is completed.  The deposition will be taken for the purpose of discovery, for use at the trial in this matter, and for any other purpose permitted by applicable rules.

At least two (2) weeks in advance of the date of deposition, Defendant should: (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify; and (2) produce, pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except that documents produced in response to any of Plaintiff's discovery requests may be identified by production number and bates range.

## INSTRUCTIONS AND DEFINITIONS

1. The term "Person" means a natural person, corporate or other business, governmental, organizational, or legal entity, unincorporated association, joint venture, sole proprietorship or any other organization, association or individual.  The acts of a person are defined to include the acts of a director, officer, owner, member, Employee, agent or attorney acting on the person's behalf.

2. The terms "Related," "Relating To," "Related To," and "Regarding" mean concerning, referring to, describing, summarizing, evidencing, constituting, containing, discussing, identifying or otherwise prepared in connection with the matter.

1

3.     The term "Communication" means and recording of any transfer of information, ideas, opinions, or thoughts made by any means, at any time or place, under any circumstances.  Communication is not limited to direct transfers between Persons, but includes other transfers and memorializations, such as records, memoranda to file, electronic or magnetic transfer of computer files, facsimile transmissions and teletype transmissions.  Communication may be embodied in any means or media, including, but not limited to:  writing, electronic or magnetic storage of computer files, e-mail, voice mail, answering machine, digital recording, sound recording and facsimile transmission.

4.     The term "Document(s)" has the meaning ascribed in Federal Rule of Civil Procedure 34(a) and includes the meaning given the terms "writing" and "recordings" in Federal Rule of Evidence 1001.  The term also includes, but is not limited to:  handwritings, memo pads, typewritings, paintings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, electronic documents, electronic images, tape recordings, filming and every other form of recording upon any tangible thing; any form of Communication or representation including, but not limited to: letters, words, numbers, symbols, pictures, sounds or combinations thereof; any stored information or databases, including, but not limited to:  information stored in personal information software, risk management information systems, databases, flow charts, word processing software, desktop publishing software and spreadsheets, whether maintained on paper, floppy disks, zip disks, CD-ROMs, DVD-ROMs, hard drives, tapes or other magnetic or electronic media or computer storage, or by any other manner; and any electronic hardware storing such information, including, but not limited to:  individual computers, networked computer systems, personal information managers, cellular telephones and other handheld Communication devices. The terms include the originals, or if the originals are unavailable, duplicates from which information can be obtained or translated.  Any copy containing or having attached any alterations, notes, comments or other materials which are not included in the original, or other copies, shall be deemed separate.  Any prototype of, modification of, or change to a tangible thing shall be deemed a separate thing.

5.     The terms "Defendant," "You," and "Your" mean:  Defendant Universal City

2

Studios LLC. and any past or present related company, division, subsidiary, parent, affiliate, joint venture, predecessor, successor or assign, whether U.S. or foreign, whether incorporated or not, and all past or present directors, officers, Employees, accountants, consultants, experts, investigators, advisors, representatives, agents and attorneys thereof, and any other Person acting on their behalf.  Discovery requests directed to you properly extend to all information available to you and all Documents within your possession, custody or control, including, but not limited to, those to which you have a legal or contractual right to access and information contained therein.

6.     The term "replacement" should be interpreted broadly to include (but not be limited to) the retainment of a trailer that does not feature Ana de Armas, when another trailer featuring Ana de Armas was hidden or removed.

7.     The term "Response to RFA No. 10" means Universal's Response to Request for Admission No. 10 dated September 5, 2023, attached hereto as Exhibit A.

8.     The term "Response to RFA No. 15" means Universal's Supplemental Response to Request for Admission No. 15 dated February 9, 2023, attached hereto as Exhibit B.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,
**LEJEUNE LAW, P.C.**

Dated: December 19, 2023          By:     /s/ Cody R. LeJeune
                                          Cody R. LeJeune
                                          445 S. Figueroa St.
                                          Suite 3100
                                          Los Angeles, California 90071
                                          Telephone: (985) 713-4964


                                          Attorneys for Plaintiff
                                          CONOR WOULFE, an individual, and
                                          PETER MICHAEL ROSZA, an individual

**SCHEDULE A**

**TOPICS OF DEPOSITION**

1.     The agreement(s) between You and Deluxe Media, Inc. Related To Deluxe Media, Inc.'s posting, removing or replacement of trailers on Amazon, including the trailer(s) for *Yesterday*.

2.     Your relationship to Deluxe Media, Inc., including (but not limited to) whether Deluxe Media is employed by, acts as an agent of, acts under the direction of, or is otherwise affiliated with You.

3.     Communications between You and Deluxe Media, Inc. Related To posting, removing or replacement of the original *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is used in Your Response to RFA No. 10).

4.     The posting, removing or replacement of the original *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is used in Your Response to RFA No. 10) from the *Yesterday* product page on Amazon Prime Video website.

5.     The Person(s) or entity(ies) responsible for the content (including trailers and movies) for *Yesterday* on the Amazon Prime Video website.

6.     The Person(s) or entity(ies) responsible for removing or replacement of the original *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is used in Your Response to RFA No. 10).

7.     The Person(s) or entity(ies) responsible for the fact that the original *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is used in Your Response to RFA No. 10) no longer appears on the *Yesterday* product page on the Amazon Prime Video website.

8.     Communications Related To removing or replacement of the original *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is used in Your Response to RFA No. 10).

9.      The identity of the person or entity that instructed, or made the decision, to remove or replace the Yesterday trailer featuring Ana de Armas from the Amazon Prime movie platform.

10.      Any communications pertaining to the removal or replacement of the *Yesterday* trailer featuring Ana de Armas from the Amazon Prime movie platform. This topic includes communications which occurred both before and after the removal or replacement of the *Yesterday* trailer.

11.      The identity of the person or entity that instructed, or made the decision, or took action to feature the trailer which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in.

12.      Knowledge of whether the person or entity referred to in Topic No. 11 was employed by, affiliated with, acting as an agent for, or otherwise acting on behalf of You when the trailer, which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15, became the trailer on Amazon Prime which is available to view prior to consumers purchasing or renting the movie *Yesterday*.

13.      The veracity of Your responses to Request For Admission Nos. 6-16 in Exhibit A and Request For Admission Nos. 15 in Exhibit B.

14.      The circumstances, including persons and entities involved, pertaining to the appearance of a trailer on Amazon Prime for the movie *Yesterday*, which does not feature Ana de Armas, including on or after the filing date of this lawsuit. By "not feature" Ana de Armas, it is meant that the approximately 15 second appearance of Ana de Armas in other *Yesterday* trailers is no longer included.

15.      The circumstances, including persons and entities involved, pertaining to the appearance of the trailer on Amazon Prime for the movie *Yesterday*, which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15.

6

16.     Whether You consented to the use of the trailer on Amazon Prime for the movie *Yesterday*, which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15.

17.     Whether You knew about the use of the trailer on Amazon Prime for the movie *Yesterday*, which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15.

18.     Whether You allowed the trailer on Amazon Prime for the movie *Yesterday*, which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15, to remain as the trailer available to consumers before such consumers rent or purchase the movie *Yesterday*.

19.     Whether You have control or authority over trailers for the movie *Yesterday* which are available for viewing on Amazon Prime.

20.     Whether You have control or authority to remove the trailer on Amazon Prime for the movie *Yesterday*, which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15.

21.     Whether the trailer which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15, was made available to consumers on Amazon Prime, associated with the movie *Yesterday*, without Your consent.

22.     Documents Related To the Topics in this Notice.

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, I caused a copy of:

**PLAINTIFFS' NOTICE OF TAKING OF RULE 30(b)(6) DEPOSITION OF**

**DEFENDANT UNIVERSAL CITY STUDIOS LLC**

to be served *via* electronic mail to counsel of record for all parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

**LEJEUNE LAW, P.C.**

Dated: December 19, 2023          By:   */s/* Cody R. LeJeune

Cody R. LeJeune
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

Attorneys for Plaintiff
CONOR WOULFE, an individual, and
PETER MICHAEL ROSZA, an individual

8

# Exhibit D

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE GOLDFARB HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA,<br><br>             Plaintiffs,<br><br>      vs.<br><br>UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES,<br><br>             Defendant. | Case No. 2:22-cv-00459-SVW-AGR<br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING OF RULE 30(b)(6) DEPOSITION** |

Defendant Universal City Studios LLC ("Defendant" or "Universal") hereby objects and responds to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition served on December 19, 2023 ("Second 30(b)(6) Notice" or "Notice") .

### **PRELIMINARY STATEMENT**

Plaintiffs' Second 30(b)(6) Notice largely seeks the same irrelevant, disproportional, unreasonably cumulative and duplicative discovery the Court denied on November 20, 2023.  Dkt. 185  ("November 20 Order").  The only topics that are in any respect "new"—Nos. 1-3—are unreasonably cumulative and duplicative of Requests for Production of Documents Plaintiff Conor Woulfe served on Universal the same day.  To the extent Plaintiffs again seek information concerning the alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video, seeking such discovery is inconsistent with the Court's November 20 Order and is being interposed for improper purposes.  Serving requests for the same information over and over and forcing Universal to reassert previously sustained objections is harassing and needlessly increases Universal's litigation costs.

Moreover, Universal's proportionality concerns are unchanged:  The Court has already struck the majority of Plaintiffs' claims, Dkt. 147; denied Plaintiffs' "patently inadequate" motion for class certification, leaving Plaintiffs with a maximum total recovery of $7.98, Dkt. 148; and indicated it will award anti-SLAPP fees and costs to Universal, Dkt. 146.  Preparing and producing a 30(b)(6) designee on 22 topics would be excessively disproportionate to the needs of this case given the issues and amount remaining in controversy and the comparative burdens and benefits of the discovery sought.  Fed. R. Civ. P. 26(b)(1).

Universal therefore objects as follows, without prejudice to and expressly reserving its right to seek all appropriate remedies for Plaintiffs' unreasonable and vexatious discovery conduct, including pursuant to Federal Rules of Civil Procedure 11 and 37 and 28 U.S.C. § 1927.

## **GENERAL OBJECTIONS**

The following General Objections apply to and are hereby incorporated in each and every response to each and every specific topic, regardless of whether such General Objections are expressly incorporated by reference in such response.

1.      Defendant objects to the date and location of the deposition as listed in the Notice. Any deposition will take place at a mutually agreeable date, time, and place that is convenient for the designated witness or witnesses.  If Plaintiffs choose to proceed on the date listed in the Notice having been forewarned that Defendant will not appear on that date, Plaintiffs shall be solely liable for all resulting expenses.

2.      Defendant objects to the Notice and the topics delineated therein on the grounds that the discovery sought is not relevant to Plaintiffs' remaining individual claims for damages and that a Rule 30(b)(6) deposition is unreasonably burdensome and excessively disproportionate to the needs of a case in which class certification has been denied and the maximum possible recovery is $7.98.  *See* Dkt. 148.

3.      Defendant objects to the Notice and the topics delineated therein on the grounds that Plaintiffs lack standing to seek any relief related to the alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video.  Plaintiffs lack standing to seek injunctive relief of any kind and therefore could not have sought or obtained the removal and/or replacement of the trailer from Amazon Prime Video (or anywhere else) through this action.  *See* Dkt. 83 at 26-28; Dkt. 147 at 8-9.

4.      Defendant objects to the Notice and the topics delineated therein on the grounds that the discovery sought is cumulative, duplicative, or otherwise more easily or equally available through other, less burdensome or more efficient means, including without limitation Defendant's responses to Plaintiffs' requests for admission, interrogatories, and document requests.

5.      Defendant objects to the Notice and the topics delineated therein to the extent they call for information that is not known or not reasonably available to Defendant or that is equally or more available to Plaintiffs from third parties.

6. Defendant objects to the Notice on the ground that the demand for Defendant to "produce, pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition" is improper. Rule 30 does not compel party deponents to produce documents; if Plaintiffs wish to serve document requests on Defendant, they must do so under Rule 34. Fed. R. Civ. P. 30(b)(2). Defendant further objects that this demand on its face calls for information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

7. Defendant objects to the Notice, including each purported definition and instruction, to the extent it calls for any information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or doctrine immunizing information from discovery. To the extent that responsive information is covered by any of these privileges or any other protection from discovery, or any duty of confidentiality that precludes or limits disclosure of information, Defendant will not intentionally produce such testimony in response to the Notice, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

8. Defendant objects to each and every topic, definition, and instruction to the extent that it attempts to impose any burdens inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Central District of California, or any other applicable statute, rule, or court order.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendant objects to the definitions of "DEFENDANT," "YOU," and "YOUR" as vague, overly broad, and unduly burdensome in that they purport to cover Defendant in addition to "any past or present related company, division, subsidiary, parent, affiliate, joint venture, predecessor, successor or assign, whether U.S. or foreign, whether incorporated or not, and all past or present directors, officers, Employees, accountants, consultants, experts, investigators, advisors, representatives,

agents and attorneys thereof, and any other Person acting on their behalf." Defendant construes "DEFENDANT," "YOU," and "YOUR" to mean Defendant.

## SPECIFIC RESPONSES AND OBJECTIONS TO TOPICS

### TOPIC NO. 1:

The agreement(s) between You and Deluxe Media, Inc. Related To Deluxe Media, Inc.'s posting, removing or replacement of trailers on Amazon, including the trailer(s) for *Yesterday*.

### RESPONSE TO TOPIC NO. 1:

Defendant incorporates by reference its General Objections. Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek. Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' Second Set of Requests for Production served on December 19, 2023 (the "December 2023 RFPs"), which seek the same information. *See* December 2023 RFP No. 2 (seeking "[a]ll contracts, agreements, or the equivalent thereof, between [Defendant] and Deluxe Media, Inc"). Defendant further objects that this topic is premature, as Defendant's responses to the December 2023 RFPs are not due until January 18, 2024—over a week after the deposition date listed in the Notice. *See* Notice at 1 (noticing deposition for January 10, 2023); *see also* December 2023 RFPs at 1 (requesting response "within thirty (30) days" of December 19, 2023). Defendant further objects to this topic to the extent that it seeks proprietary or confidential business information, trade secrets, or competitively sensitive information of Defendant and a third party that is not proportional to the needs of the case. Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic. Defendant is willing to meet and confer about

1  why Plaintiffs believe this topic is relevant to their remaining claims in this case and

2  less burdensome means of providing relevant information (if any).

3  **TOPIC NO. 2:**

4       Your relationship to Deluxe Media, Inc., including (but not limited to)

5  whether Deluxe Media is employed by, acts as an agent of, acts under the direction

6  of, or is otherwise affiliated with You.

7  **RESPONSE TO TOPIC NO. 2:**

8       Defendant incorporates by reference its General Objections.  Defendant further

9  objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief

10  Plaintiffs possess standing to seek.  Defendant further objects that this topic is

11  unreasonably cumulative and duplicative of Plaintiffs' December 2023 RFPs, which

12  seek the same information.  *See* December 2023 RFP No. 2 (seeking "[a]ll contracts,

13  agreements, or the equivalent thereof, between [Defendant] and Deluxe Media, Inc");

14  *id.* No. 3 (seeking "[a]ll documents and communications exchanged between

15  [Defendant] and Deluxe Media, Inc. relating to the *Yesterday* trailer(s) on Amazon");

16  *id.* No. 4 (seeking "[a]ll documents and communications relating to all instructions

17  [Defendant] provided to Deluxe Media, Inc. regarding the *Yesterday* trailer(s)

18  appearing on Amazon").  Defendant further objects that this topic is premature, as

19  Defendant's responses to the December 2023 RFPs are not due until January 18,

20  2024—over a week after the deposition date listed in the Notice.  *See* Notice at 1

21  (noticing deposition for January 10, 2023); *see also* December 2023 RFPs at 1

22  (requesting response "within thirty (30) days" of December 19, 2023).  Defendant

23  further objects to this topic to the extent that it seeks proprietary or confidential

24  business information, trade secrets, or competitively sensitive information of

25  Defendant and a third party that is not proportional to the needs of the case.  Defendant

26  further objects that it would be unreasonably burdensome and expensive and

27  excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to

28  testify about this topic.  Defendant further objects to this topic to the extent it calls for

a legal conclusion, seeks to compel Defendant to declare legal rights or obligations, or asks Defendant to opine regarding conclusions of law.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic. Defendant is willing to meet and confer about why Plaintiffs believe this topic is relevant to their remaining claims in this case and less burdensome means of providing relevant information (if any).

**TOPIC NO. 3:**

Communications between You and Deluxe Media, Inc. Related To posting, removing or replacement of the original *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is used in Your Response to RFA No. 10).

**RESPONSE TO TOPIC NO. 3:**

Defendant incorporates by reference its General Objections. Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek. Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' December 2023 RFPs, which seek the same information. *See* December 2023 RFP No. 3 (seeking "[a]ll documents and communications exchanged between [Defendant] and Deluxe Media, Inc. relating to the *Yesterday* trailer(s) on Amazon"); *id.* No. 4 (seeking "[a]ll documents and communications relating to all instructions [Defendant] provided to Deluxe Media, Inc. regarding the *Yesterday* trailer(s) appearing on Amazon"). Defendant further objects that this topic is premature, as Defendant's responses to the December 2023 RFPs are not due until January 18, 2024—over a week after the deposition date listed in the Notice. *See* Notice at 1 (noticing deposition for January 10, 2023); *see also* December 2023 RFPs at 1 (requesting response "within thirty (30) days" of December 19, 2023). Defendant further objects to this topic to the extent that it seeks proprietary or confidential business information, trade secrets, or competitively sensitive information of Defendant and a third party that is not proportional to the needs of the

1  case.   Defendant further objects that it would be unreasonably burdensome and

2  expensive and excessively disproportionate to the needs of this case to produce a

3  30(b)(6) witness to testify about this topic.

4         On the basis of the foregoing general and specific objections, Defendant will

5  not designate a witness on this topic.  Defendant is willing to meet and confer about

6  why Plaintiffs believe this topic is relevant to their remaining claims in this case and

7  less burdensome means of providing relevant information (if any).

8  **TOPIC NO. 4:**

9         The posting, removing or replacement of the original *Yesterday* trailer (i.e.,

10 the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is

11 used in Your Response to RFA No. 10) from the *Yesterday* product page on

12 Amazon Prime Video website.

13 **RESPONSE TO TOPIC NO. 4:**

14        Defendant incorporates by reference its General Objections.  Defendant further

15 objects that this topic is unreasonably cumulative and duplicative of Plaintiffs'

16 previous discovery requests regarding Defendant's "alleged removal or replacement

17 of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not

18 the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to

19 compel Rule 30(b)(6) deposition and further responses to interrogatories and requests

20 for production regarding the "alleged removal or replacement of the trailer for

21 *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were

22 "unreasonably cumulative or duplicative").  Defendant further objects that this topic

23 is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess

24 standing to seek.  Defendant further objects that it would be unreasonably burdensome

25 and expensive and excessively disproportionate to the needs of this case to produce a

26 30(b)(6) witness to testify about this topic.

27        On the basis of the foregoing general and specific objections, Defendant will

28 not designate a witness on this topic.

**TOPIC NO. 5:**

The Person(s) or entity(ies) responsible for the content (including trailers and movies) for *Yesterday* on the Amazon Prime Video website.

**RESPONSE TO TOPIC NO. 5:**

Defendant incorporates by reference its General Objections. Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative"). Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek. Defendant further objects to this topic as irrelevant, overbroad, and vague insofar as it includes the undefined terms "responsible for" and "content." Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 6:**

The Person(s) or entity(ies) responsible for removing or replacement of the original *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is used in Your Response to RFA No. 10).

**RESPONSE TO TOPIC NO. 6:**

Defendant incorporates by reference its General Objections. Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs'

previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative"). Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek. Defendant further objects to this topic as irrelevant, overbroad, and vague insofar as it includes the undefined term "responsible for." Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 7:**

The Person(s) or entity(ies) responsible for the fact that the original *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term "original *Yesterday* trailer" is used in Your Response to RFA No. 10) no longer appears on the *Yesterday* product page on the Amazon Prime Video website.

**RESPONSE TO TOPIC NO. 7:**

Defendant incorporates by reference its General Objections. Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for

1 *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were

2 "unreasonably cumulative or duplicative"). Defendant further objects that this topic

3 is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess

4 standing to seek. Defendant further objects to this topic as irrelevant, overbroad, and

5 vague insofar as it includes the undefined term "responsible for." Defendant further

6 objects that it would be unreasonably burdensome and expensive and excessively

7 disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about

8 this topic.

9      On the basis of the foregoing general and specific objections, Defendant will

10 not designate a witness on this topic.

11 **TOPIC NO. 8:**

12     Communications Related To removing or replacement of the original

13 *Yesterday* trailer (i.e., the trailer that contains Ana de Armas, and as the term

14 "original *Yesterday* trailer" is used in Your Response to RFA No. 10).

15 **RESPONSE TO TOPIC NO. 8:**

16     Defendant incorporates by reference its General Objections. Defendant further

17 objects that this topic is unreasonably cumulative and duplicative of Plaintiff

18 Woulfe's First Set of Requests for Production served on September 23, 2022 (the

19 "September 2022 RFPs"), which sought the same communications, and in response

20 to which Defendant confirmed that it had identified none. *See* September 2022 RFP

21 No. 22 (seeking "[a]ll documents relating to or discussing or instructing

22 Amazon.com's (a.k.a. Amazon Prime Video's) replacement of the *Yesterday* movie

23 trailer subsequent to January 21, 2022"); *see also* Def.'s Supp. Resp. to September

24 2022 RFP No. 22 ("Defendant has conducted a good-faith, reasonably diligent search,

25 and has identified no responsive documents."). Defendant further objects that this

26 topic is unreasonably cumulative and duplicative of Plaintiffs' other previous

27 discovery requests regarding Defendant's "alleged removal or replacement of the

28 trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the

proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative").  Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek.  Defendant further objects to this topic to the extent it calls for communications or other information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 9:**

The identity of the person or entity that instructed, or made the decision, to remove or replace the *Yesterday* trailer featuring Ana de Armas from the Amazon Prime movie platform.

**RESPONSE TO TOPIC NO. 9:**

Defendant incorporates by reference its General Objections.  Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative").  Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess

1  standing to seek.  Defendant further objects that it would be unreasonably burdensome

2  and expensive and excessively disproportionate to the needs of this case to produce a

3  30(b)(6) witness to testify about this topic.

4         On the basis of the foregoing general and specific objections, Defendant will

5  not designate a witness on this topic.

6  **TOPIC NO. 10:**

7         Any communications pertaining to the removal or replacement of the

8  *Yesterday* trailer featuring Ana de Armas from the Amazon Prime movie platform.

9  This topic includes communications which occurred both before and after the

10  removal or replacement of the *Yesterday* trailer.

11  **RESPONSE TO TOPIC NO. 10:**

12         Defendant incorporates by reference its General Objections.  Defendant further

13  objects that this topic is unreasonably cumulative and duplicative of Plaintiff

14  Woulfe's September 2022 RFPs, which sought the same communications, and in

15  response to which Defendant confirmed that it had identified none.  *See* September

16  2022 RFP No. 22 (seeking "[a]ll documents relating to or discussing or instructing

17  Amazon.com's (a.k.a. Amazon Prime Video's) replacement of the *Yesterday* movie

18  trailer subsequent to January 21, 2022"); *see also* Def.'s Supp. Resp. to September

19  2022 RFP No. 22 ("Defendant has conducted a good-faith, reasonably diligent search,

20  and has identified no responsive documents.").  Defendant further objects that this

21  topic is unreasonably cumulative and duplicative of Plaintiffs' other previous

22  discovery requests regarding Defendant's "alleged removal or replacement of the

23  trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the

24  proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to compel

25  Rule 30(b)(6) deposition and further responses to interrogatories and requests for

26  production regarding the "alleged removal or replacement of the trailer for *Yesterday*

27  on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably

28  cumulative or duplicative").  Defendant further objects that this topic is not relevant

to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek. Defendant further objects to this topic to the extent it calls for communications or other information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 11:**

The identity of the person or entity that instructed, or made the decision, or took action to feature the trailer which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in.

**RESPONSE TO TOPIC NO. 11:**

Defendant incorporates by reference its General Objections. Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative"). Defendant further objects to this Request on the ground that it assumes facts not in evidence, specifically, that a "person or entity … instructed, or made the decision, or took action to feature the trailer" that was "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie." Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess

1   standing to seek.  Defendant further objects that it would be unreasonably burdensome

2   and expensive and excessively disproportionate to the needs of this case to produce a

3   30(b)(6) witness to testify about this topic.

4        On the basis of the foregoing general and specific objections, Defendant will

5   not designate a witness on this topic.

6   **TOPIC NO. 12:**

7        Knowledge of whether the person or entity referred to in Topic No. 11 was

8   employed by, affiliated with, acting as an agent for, or otherwise acting on behalf of

9   You when the trailer, which You identify as, "not the same trailer that Plaintiffs

10  claim to have viewed on Amazon Prime Video before allegedly paying to view the

11  movie" in Your Response to RFA No. 15, became the trailer on Amazon Prime

12  which is available to view prior to consumers purchasing or renting the movie

13  *Yesterday*.

14  **RESPONSE TO TOPIC NO. 12:**

15       Defendant incorporates by reference its General Objections.  Defendant further

16  objects that this topic is unreasonably cumulative and duplicative of Plaintiffs'

17  previous discovery requests regarding Defendant's "alleged removal or replacement

18  of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not

19  the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to

20  compel Rule 30(b)(6) deposition and further responses to interrogatories and requests

21  for production regarding the "alleged removal or replacement of the trailer for

22  *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were

23  "unreasonably cumulative or duplicative").  Defendant further objects to this Request

24  on the ground that it assumes facts not in evidence, specifically, that a "person or

25  entity … instructed, or made the decision, or took action to feature the trailer" that

26  was "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video

27  before allegedly paying to view the movie."  Defendant further objects to this topic to

28  the extent it calls for a legal conclusion, seeks to compel Defendant to declare legal

rights or obligations, or asks Defendant to opine regarding conclusions of law. Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek. Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 13:**

The veracity of Your responses to Request For Admission Nos. 6-16 in Exhibit A and Request For Admission Nos. 15 in Exhibit B.

**RESPONSE TO TOPIC NO. 13:**

Defendant incorporates by reference its General Objections.

Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative"). Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 14:**

The circumstances, including persons and entities involved, pertaining to the appearance of a trailer on Amazon Prime for the movie *Yesterday*, which does not

feature Ana de Armas, including on or after the filing date of this lawsuit.  By "not

feature" Ana de Armas, it is meant that the approximately 15 second appearance of

Ana de Armas in other *Yesterday* trailers is no longer included.

**RESPONSE TO TOPIC NO. 14:**

Defendant incorporates by reference its General Objections.  Defendant further

objects that this topic is unreasonably cumulative and duplicative of Plaintiffs'

previous discovery requests regarding Defendant's "alleged removal or replacement

of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not

the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to

compel Rule 30(b)(6) deposition and further responses to interrogatories and requests

for production regarding the "alleged removal or replacement of the trailer for

*Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were

"unreasonably cumulative or duplicative").  Defendant further objects that this topic

is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess

standing to seek.  Defendant further objects that it would be unreasonably burdensome

and expensive and excessively disproportionate to the needs of this case to produce a

30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will

not designate a witness on this topic.

**TOPIC NO. 15:**

The circumstances, including persons and entities involved, pertaining to the

appearance of the trailer on Amazon Prime for the movie *Yesterday*, which You

identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime

Video before allegedly paying to view the movie" in Your Response to RFA No. 15.

**RESPONSE TO TOPIC NO. 15:**

Defendant incorporates by reference its General Objections.  Defendant further

objects that this topic is unreasonably cumulative and duplicative of Plaintiffs'

previous discovery requests regarding Defendant's "alleged removal or replacement

of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative"). Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek. Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 16:**

Whether You consented to the use of the trailer on Amazon Prime for the movie *Yesterday*, which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15.

**RESPONSE TO TOPIC NO. 16:**

Defendant incorporates by reference its General Objections. Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery. *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative"). Defendant further objects to this topic to the extent it calls for a legal conclusion, seeks to compel Defendant to declare legal

rights or obligations, or asks Defendant to opine regarding conclusions of law. Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek.  Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 17:**

Whether You knew about the use of the trailer on Amazon Prime for the movie *Yesterday*, which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15.

**RESPONSE TO TOPIC NO. 17:**

Defendant incorporates by reference its General Objections.  Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative").  Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek. Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

Case No. 2:22-cv-00459-SVW-AGR
DEF.'S RESPONSES AND OBJECTIONS TO PLS.' NOTICE OF TAKING OF RULE 30(b)(6) DEPOSITION

1   **TOPIC NO. 18**:

2      Whether You allowed the trailer on Amazon Prime for the movie *Yesterday*,

3   which You identify as, "not the same trailer that Plaintiffs claim to have viewed on

4   Amazon Prime Video before allegedly paying to view the movie" in Your Response

5   to RFA No. 15, to remain as the trailer available to consumers before such

6   consumers rent or purchase the movie *Yesterday*.

7   **RESPONSE TO TOPIC NO. 18**:

8      Defendant incorporates by reference its General Objections.  Defendant further

9   objects that this topic is unreasonably cumulative and duplicative of Plaintiffs'

10  previous discovery requests regarding Defendant's "alleged removal or replacement

11  of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not

12  the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to

13  compel Rule 30(b)(6) deposition and further responses to interrogatories and requests

14  for production regarding the "alleged removal or replacement of the trailer for

15  *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were

16  "unreasonably cumulative or duplicative").  Defendant further objects that this topic

17  is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess

18  standing to seek.  Defendant further objects that it would be unreasonably burdensome

19  and expensive and excessively disproportionate to the needs of this case to produce a

20  30(b)(6) witness to testify about this topic.

21     On the basis of the foregoing general and specific objections, Defendant will

22  not designate a witness on this topic.

23  **TOPIC NO. 19**:

24     Whether You have control or authority over trailers for the movie *Yesterday*

25  which are available for viewing on Amazon Prime.

26  **RESPONSE TO TOPIC NO. 19**:

27     Defendant incorporates by reference its General Objections.  Defendant further

28  objects that this topic is unreasonably cumulative and duplicative of Plaintiffs'

previous discovery requests regarding Defendant's "alleged removal or replacement
of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not
the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to
compel Rule 30(b)(6) deposition and further responses to interrogatories and requests
for production regarding the "alleged removal or replacement of the trailer for
*Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were
"unreasonably cumulative or duplicative").  Defendant further objects to this topic to
the extent it calls for a legal conclusion, seeks to compel Defendant to declare legal
rights or obligations, or asks Defendant to opine regarding conclusions of law.
Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims
or to any relief Plaintiffs possess standing to seek.  Defendant further objects that it
would be unreasonably burdensome and expensive and excessively disproportionate
to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will
not designate a witness on this topic.

**TOPIC NO. 20:**

Whether You have control or authority to remove the trailer on Amazon
Prime for the movie *Yesterday*, which You identify as, "not the same trailer that
Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to
view the movie" in Your Response to RFA No. 15.

**RESPONSE TO TOPIC NO. 20:**

Defendant incorporates by reference its General Objections.  Defendant further
objects that this topic is unreasonably cumulative and duplicative of Plaintiffs'
previous discovery requests regarding Defendant's "alleged removal or replacement
of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not
the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to
compel Rule 30(b)(6) deposition and further responses to interrogatories and requests
for production regarding the "alleged removal or replacement of the trailer for

*Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative").  Defendant further objects to this topic to the extent it calls for a legal conclusion, seeks to compel Defendant to declare legal rights or obligations, or asks Defendant to opine regarding conclusions of law. Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims or to any relief Plaintiffs possess standing to seek.  Defendant further objects that it would be unreasonably burdensome and expensive and excessively disproportionate to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

On the basis of the foregoing general and specific objections, Defendant will not designate a witness on this topic.

**TOPIC NO. 21:**

Whether the trailer which You identify as, "not the same trailer that Plaintiffs claim to have viewed on Amazon Prime Video before allegedly paying to view the movie" in Your Response to RFA No. 15, was made available to consumers on Amazon Prime, associated with the movie *Yesterday*, without Your consent.

**RESPONSE TO TOPIC NO. 21:**

Defendant incorporates by reference its General Objections.  Defendant further objects that this topic is unreasonably cumulative and duplicative of Plaintiffs' previous discovery requests regarding Defendant's "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video," which the Court held were not the proper subject of additional discovery.  *See* Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further responses to interrogatories and requests for production regarding the "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative").  Defendant further objects to this topic to the extent it calls for a legal conclusion, seeks to compel Defendant to declare legal rights or obligations, or asks Defendant to opine regarding conclusions of law. Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims

1   or to any relief Plaintiffs possess standing to seek.  Defendant further objects that it
2   would be unreasonably burdensome and expensive and excessively disproportionate
3   to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

4        On the basis of the foregoing general and specific objections, Defendant will
5   not designate a witness on this topic.

6   **TOPIC NO. 22:**

7        Documents Related To the Topics in this Notice.

8   **RESPONSE TO TOPIC NO. 22:**

9        Defendant incorporates by reference its General Objections.  Defendant further
10  objects to this topic to the extent that it is unreasonably cumulative and duplicative of
11  Plaintiffs' December 2023 RFPs and each of the preceding topics in this Notice.
12  Defendant further objects to this topic to the extent that it is unreasonably cumulative
13  and duplicative of Plaintiffs' previous discovery requests regarding Defendant's
14  "alleged removal or replacement of the trailer for *Yesterday* on Amazon Prime
15  Video," which the Court held were not the proper subject of additional discovery.  *See*
16  Dkt. 185 at 2 (denying motion to compel Rule 30(b)(6) deposition and further
17  responses to interrogatories and requests for production regarding the "alleged
18  removal or replacement of the trailer for *Yesterday* on Amazon Prime Video" on the
19  grounds that Plaintiffs' requests were "unreasonably cumulative or duplicative").
20  Defendant further objects that this topic is not relevant to Plaintiffs' remaining claims
21  or to any relief Plaintiffs possess standing to seek.  Defendant further objects that it
22  would be unreasonably burdensome and expensive and excessively disproportionate
23  to the needs of this case to produce a 30(b)(6) witness to testify about this topic.

24       On the basis of the foregoing general and specific objections, Defendant will
25  not designate a witness on this topic.

26
27
28

DATED:  January 8, 2024                     MUNGER, TOLLES & OLSON LLP


                                            By:    /s/ Kelly M. Klaus
                                                   KELLY M. KLAUS
                                            Attorneys for Defendant
                                            UNIVERSAL CITY STUDIOS LLC

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the City and County of San Francisco, State of California. My business address is 560 Mission Street, 27th Floor, San Francisco, CA 94105.

On January 8, 2024, I served true copies of the foregoing document on the interested parties in this action as follows:

## ** SEE ATTACHED SERVICE LIST **

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from my e-mail address to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 8, 2024, at San Francisco, California.


*/s/ Grace Davis Fisher*
Grace Davis Fisher
*grace.davisfisher@mto.com*

DEF.'S RESPONSES AND OBJECTIONS TO PLS.' NOTICE OF TAKING OF RULE 30(b)(6) DEPOSITION

## **SERVICE LIST**

Cody R. Lejeune                              *Attorneys for Plaintiffs Conor Woulfe*
LEJEUNE LAW, P.C.                            *and Peter Rosza*
445 S. Figueroa Street, Suite 3100
Los Angeles, CA  90071
Email:  cody@lejeunelawfirm.com

Spencer Sheehan                              *Attorneys for Plaintiffs Conor Woulfe*
SHEEN AND ASSOCIATES P.C.                    *and Peter Rosza*
60 Cuttermill Road, Suite 412
Great Neck, NY 11021
Email: spencer@spencersheehan.com

# **Exhibit E**

CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

MATTHEW A. PEQUIGNOT (admitted pro hac vice)
mpequignot@pmiplaw.com
**PEQUIGNOT + MYERS**
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE, an individual, and PETER MICHAEL ROSZA, an individual, | Case No.:  2:22-cv-00459-SVW-AGR |
| Plaintiff, | **PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION** |
| v. | |
| UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, a California limited liability company; and DOES 1-20, inclusive, | |
| Defendant, | |

# PLAINTIFF'S SECOND SET
## OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Conor Woulfe hereby requests that Defendant Universal City Studios LLC (hereinafter, "Universal" or "Defendant"), admit or deny the following statements, in writing under oath within thirty (30) days after the service hereof. These requests for admission are continuing in nature and the answers hereto are to be supplemented promptly upon Defendant's acquisition of additional information.

## Definitions and Instructions

A.     "Defendant", "Universal", "you", or "your" means Defendant Universal City Studios LLC and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

B.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the document request all responses that might otherwise fall outside its scope.

C.     A masculine, feminine or neutral pronoun shall not exclude the other genders.

D.     "*Yesterday*" shall mean the publicly released movie *Yesterday*, regardless of format, as identified in the Third Amended Complaint. *See* Dkt. No. 130.

E.     The term "original trailer" shall mean "the particular trailer for *Yesterday* that is the basis for, and referred to in, the Second Amended Complaint" appearing on the Amazon Prime Video website as referenced and defined by you in Defendant's Supplemental Response to Plaintiffs' Request for Admission Nos. 15, 16 and 17.

F.      The term "replaced" shall mean "removed and replaced with another" as referenced and defined by you in Defendant's Supplemental Response to Plaintiffs' Request for Admission Nos. 15, 16 and 17.

G.      The term "substitute trailer" shall mean "a trailer that is not the particular trailer that is the basis for, and referred to in, the Second Amended Complaint" appearing on the Amazon Prime Video website as referenced and defined by you in Defendant's Supplemental Response to Plaintiffs' Request for Admission Nos. 15, 16 and 17.

H.      The term "product page for *Yesterday*" shall mean the Amazon Prime Video webpage displayed below and all prior versions of the page:



## **REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure 36, admit the truth of the following:

1.     For the period of time from January 1, 2019 forward, Universal used Amazon's Prime Video Direct service.

2.     For the period of time from January 1, 2019 forward, Universal used Amazon's Prime Video Direct service to make *Yesterday* available to purchase or rent on the Amazon Prime Video website.

3.     For the period of time from January 1, 2019 forward, Universal used Amazon's Prime Video Direct service to manage the promotion of *Yesterday* on the Amazon Prime Video website.

4.     For the period of time from January 1, 2019 forward, Universal used Amazon's Prime Video Direct service to incorporate trailers to the product page for *Yesterday* on the Amazon Prime Video website.

5.     For the period of time from January 1, 2019 forward, Universal used Amazon's Prime Video Direct service to control the content of the product page for *Yesterday* on the Amazon Prime Video website.

6.     For the period of time from January 1, 2019 forward, Universal directly added all trailers for *Yesterday* that appeared on the product page for *Yesterday* on the Amazon Prime Video website.

7.     For the period of time from January 1, 2019 forward, Universal directly controlled the trailers for *Yesterday* that appeared on the product page for *Yesterday* on the Amazon Prime Video website.

8.     Universal added the original trailer for *Yesterday* to the product page for *Yesterday* on the Amazon Prime Video website.

PLAINTIFF'S SECOND SET
OF REQUESTS FOR ADMISSION

2:22-cv-00459-SVW-AGR

9.     The original trailer on the product page for *Yesterday* on the Amazon Prime Video website contained a segment that included the actor Ana de Armas.

10.     The original trailer is not currently on the product page for *Yesterday* on the Amazon Prime Video website.

11.     Universal removed the original trailer from the product page for *Yesterday* on the Amazon Prime Video website after January 21, 2022.

12.     Universal caused the original trailer to be removed from the product page for *Yesterday* on the Amazon Prime Video website after January 21, 2022.

13.     Universal removed the original trailer from the product page for *Yesterday* on the Amazon Prime Video website after January 21, 2022 because of the filing of this lawsuit.

14.     Universal caused the original trailer to be removed from the product page for *Yesterday* on the Amazon Prime Video website after January 21, 2022 because of the filing of this lawsuit.

15.     Subsequent to January 21, 2022, Universal replaced the original trailer with a subsitute trailer on the product page for *Yesterday* on the Amazon Prime Video website, which substitute trailer did not include the actor Ana de Armas.

16.      Subsequent to January 21, 2022, Universal replaced the original trailer with a subsitute trailer on the product page for *Yesterday* on the Amazon Prime Video website because of the filing of this lawsuit.

PLAINTIFF'S SECOND SET
OF REQUESTS FOR ADMISSION

2:22-cv-00459-SVW-AGR

1
2
3    Dated: August 3, 2023
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,
**LEJEUNE LAW, P.C.**

By:    /s/ Cody R. LeJeune
Cody R. LeJeune
445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071
Telephone: (985) 713-4964

**PEQUIGNOT + MYERS**
Matthew A. Pequignot
PEQUIGNOT + MYERS
2585 Ala Namahana Pkwy, #1007
Kilauea, HI 96754
Telephone: 202-328-1200

Attorneys for Plaintiffs
CONOR WOULFE, an individual, and PETER
MICHAEL ROSZA, an individual

PLAINTIFF'S SECOND SET
OF REQUESTS FOR ADMISSION

2:22-cv-00459-SVW-AGR

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2023, I caused a copy of the foregoing

### PLAINTIFF'S SECOND SET
### OF REQUESTS FOR ADMISSION

and any attachments thereto to be served *via* electronic mail to counsel of record for all parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,
**LEJEUNE LAW, P.C.**

Dated: August 3, 2023          By:    /s/ Cody R. LeJeune
                                      Cody R. LeJeune
                                      445 S. Figueroa St.
                                      Suite 3100
                                      Los Angeles, CA 90071
                                      Telephone: (985) 713-4964


                                      Attorneys for Plaintiff
                                      CONOR WOULFE, an individual, and
                                      PETER MICHAEL ROSZA, an individual

# **Exhibit F**

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
STEPHANIE GOLDFARB HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
BENJAMIN G. BAROKH (State Bar No. 318629)
benjamin.barokh@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR WOULFE and PETER MICHAEL ROSZA, <br><br> Plaintiffs, <br><br> vs. <br><br> UNIVERSAL CITY STUDIOS LLC, d.b.a., UNIVERSAL PICTURES, <br><br> Defendant. | Case No. 2:22-cv-00459-SVW-AGR <br><br> **DEFENDANT'S RESPONSES TO PLAINTIFF CONOR WOULFE'S SECOND SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:     Plaintiff Conor Woulfe

RESPONDING PARTY:     Defendant Universal City Studios LLC

SET NUMBER:     Two

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Universal City Studios LLC ("Defendant" or "Universal") hereby objects and responds to Plaintiff Conor Woulfe's ("Plaintiff") Second Set of Requests for Admission ("Requests") as follows.

**PRELIMINARY STATEMENT**

By responding to Plaintiff's Requests, Defendant does not waive its right to object to the use of the following responses at any time, on any ground, in this or any other proceeding.  Further, Defendant has not completed its investigation relating to this action and has not completed discovery in this action.  The following responses are based on Defendant's knowledge, information, and belief at this time. Accordingly, should Defendant at any time in the future discover further or differing information from that which is set forth herein, Defendant reserves the right to supplement its responses or to utilize such further or differing information to the same extent that it utilizes the information contained herein, including objections. However, Defendant undertakes no obligation to supplement any of its responses. Defendant also reserves the right to modify these responses in the event any information was inadvertently omitted or contains errors.  In addition, no incidental or implied admissions are intended by the responses herein.  The fact that Defendant has answered or objected to any Request should not be taken as a representation by Defendant as to the existence or non-existence of the information requested by Plaintiff. This preliminary statement is incorporated into each response to each Request below.

**GENERAL OBJECTIONS**

The following General Objections apply to and are hereby incorporated in each and every response to each and every specific Request, regardless of whether such General Objections are expressly incorporated by reference in such response.

1.     Defendant objects to each and every Request, definition, and instruction to the extent that it attempts to impose any burdens inconsistent with or in addition to

1   the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules

2   of the United States District Court for the Central District of California, or any other

3   applicable statute, rule, or court order.

4          2.      Defendant objects to each and every Request, definition, and instruction

5   as irrelevant, overly broad, and not proportional to the needs of this case, particularly

6   given that class certification has been denied.  Dkt. 148.

7          3.      Defendant objects to each and every Request, definition, and instruction

8   as irrelevant and overly broad.  In addition, Defendant objects that each and every

9   Request, definition, and instruction is not proportional to the needs of this case to the

10   extent that it is not reasonably limited in scope, or seeks information neither relevant

11   to any issue in this case nor reasonably calculated to lead to the discovery of

12   admissible evidence, particularly to the extent that compliance would force Defendant

13   to incur a substantial expense that outweighs any likely benefit of the discovery.

14          4.      Defendant objects to each and every Request, definition, and instruction

15   to the extent that it seeks information protected by the attorney-client privilege, work

16   product doctrine, or any other applicable law, privilege, immunity, protection, or

17   doctrine.  Defendant claims such privileges and protections to the extent implicated

18   by each Request, and excludes privileged and protected information from its

19   responses.   The production of any privileged information by Defendant is

20   unintentional, and any such inadvertent production shall not be construed as a waiver

21   of any applicable objection or privilege.   Plaintiff shall, upon the request of

22   Defendant, immediately destroy any such information inadvertently disclosed.

23   Further, upon Plaintiff's discovery of what it thinks may be privileged information,

24   Plaintiff should immediately inform Defendant of that fact in writing.

25          5.      Defendant objects to each and every Request, definition, and instruction

26   to the extent that it calls for a legal conclusion.  Any response by Defendant shall not

27   be construed as providing a legal conclusion regarding the meaning or application of

28

any terms or phrases used in Plaintiff's Requests, definitions, or instructions.

6.     Defendant objects to each and every Request, definition, and instruction to the extent that it seeks information already known to or more readily available to Plaintiff, that is equally available to Plaintiff as it is to Defendant, or that could be derived or ascertained by Plaintiff with substantially the same effort that would be required of Defendant.

7.     Defendant objects to each and every Request, definition, and instruction to the extent that it seeks information not within Defendant's possession, custody, or control.

8.     Defendant objects to each and every Request, definition, and instruction to the extent that it is unreasonably cumulative or duplicative.

9.     Defendant objects to each and every Request, definition, and instruction to the extent that it seeks any confidential, proprietary, or trade secret information, or any other information that Defendant is not permitted to disclose pursuant to confidentiality or other legal obligations to third parties.  Defendant will disclose such information only pursuant to a protective order.

10.     Defendant objects to each and every Request, definition, and instruction to the extent that it is argumentative.

11.     Defendant objects to each and every Request, definition, and instruction to the extent that it contains subparts or a compound, conjunctive, or disjunctive request.

12.     Defendant objects to each and every Request, definition, and instruction to the extent that it is speculative, lacks foundation, or contains characterizations, definitions, or assumptions. Nothing contained in or absent from Defendant's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiff's characterizations, definitions, or assumptions are correct.

**<u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>**

1.      Defendant objects to the definitions of "DEFENDANT," "UNIVERSAL," "YOU," and "YOUR" as vague, overly broad, and unduly burdensome in that they purport to cover Defendant in addition to "its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period." Defendant construes "DEFENDANT," "UNIVERSAL," "YOU," and "YOUR" to mean Defendant.

2.      Defendant objects to the instruction that the terms "and" and "or" are to be construed either conjunctively or disjunctively as vague.  Defendant construes "and" to mean "and" and "or" to mean "or."

3.      Defendant objects to the definition of "*Yesterday*" on the ground that it is vague and ambiguous as to which "publicly released" version of the movie *Yesterday* it refers. Unless otherwise stated, Defendant construes "publicly released" to mean all publicly released versions of the movie *Yesterday* in the United States, including the version released on DVD and online streaming platforms with bonus material included.  Defendant further objects that this definition is overbroad and unduly burdensome as used in the context of these Requests, since this action solely concerns a trailer for *Yesterday* that the two individual Plaintiffs, and only those individuals, claim to have viewed on the Amazon Prime Video streaming service at some time before filing this lawsuit.

4.      Defendant objects to the definition of "original trailer" on the ground that it is vague, ambiguous, and misleading because it incorrectly implies that the particular trailer for *Yesterday* that is the basis for, and referred to in, the Second Amended Complaint was the first or principal trailer for the movie, or a trailer that Defendant replaced or revised because of Plaintiff's lawsuit.  Defendant does not

admit, concede, or agree that this defined term is correct by using it in these Responses.

## RESPONSES TO REQUESTS FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 1:

For the period of time from January 1, 2019 forward, Universal used Amazon's Prime Video Direct service.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Request as irrelevant, overbroad, and vague insofar as it includes the undefined terms "used" and "Amazon's Prime Video Direct service." Defendant construes the term "used" to mean utilized the subject service for the purpose of disseminating *Yesterday* or a trailer for *Yesterday* to the public, and "Amazon's Prime Video Direct service" to mean the service described at the following webpage:  https://videodirect.amazon.com/home/landing.

Subject to and without waiving any objections, Defendant responds to this Request, as interpreted, as follows:  Denied.

## REQUEST FOR ADMISSION NO. 2:

For the period of time from January 1, 2019 forward, Universal used Amazon's Prime Video Direct service to make *Yesterday* available to purchase or rent on the Amazon Prime Video website.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Request as irrelevant, overbroad, and vague insofar as it includes the undefined term "Amazon's Prime Video Direct service." Defendant construes "Amazon's Prime Video Direct service" to mean the service described at the following webpage:  https://videodirect.amazon.com/home/landing.

1    Subject to and without waiving any objections, Defendant responds to this

2    Request, as interpreted, as follows:  Denied.

3    **REQUEST FOR ADMISSION NO. 3:**

4    For the period of time from January 1, 2019 forward, Universal used Amazon's

5    Prime Video Direct service to manage the promotion of *Yesterday* on the Amazon

6    Prime Video website.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

8    Defendant incorporates its Preliminary Statement, General Objections, and

9    Objections to Definitions and Instructions as if all were fully set forth herein.

10   Defendant further objects to this Request as irrelevant, overbroad, and vague insofar

11   as it includes the undefined term "Amazon's Prime Video Direct service."  Defendant

12   construes "Amazon's Prime Video Direct service" to mean the service described at

13   the following webpage:  https://videodirect.amazon.com/home/landing.

14   Subject to and without waiving any objections, Defendant responds to this

15   Request, as interpreted, as follows:  Denied.

16   **REQUEST FOR ADMISSION NO. 4:**

17   For the period of time from January 1, 2019 forward, Universal used Amazon's

18   Prime Video Direct service to incorporate trailers to the product page for *Yesterday*

19   on the Amazon Prime Video website.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

21   Defendant incorporates its Preliminary Statement, General Objections, and

22   Objections to Definitions and Instructions as if all were fully set forth herein.

23   Defendant further objects to this Request as irrelevant, overbroad, and vague insofar

24   as it includes the undefined term "Amazon's Prime Video Direct Service."  Defendant

25   construes "Amazon's Prime Video Direct service" to mean the service described at

26   the following webpage:  https://videodirect.amazon.com/home/landing.

27   Subject to and without waiving any objections, Defendant responds to this

28   Request, as interpreted, as follows:  Denied.

1   **REQUEST FOR ADMISSION NO. 5:**

2       For the period of time from January 1, 2019 forward, Universal used

3   Amazon's Prime Video Direct service to control the content of the product page for

4   *Yesterday* on the Amazon Prime Video website.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

6       Defendant incorporates its Preliminary Statement, General Objections, and

7   Objections to Definitions and Instructions as if all were fully set forth herein.

8   Defendant further objects to this Request as irrelevant, overbroad, and vague insofar

9   as it includes the undefined term "Amazon's Prime Video Direct service."  Defendant

10  construes "Amazon's Prime Video Direct service" to mean the service described at

11  the following webpage: https://videodirect.amazon.com/home/landing.   Defendant

12  further objects to this Request because it calls for a legal conclusion.

13      Subject to and without waiving any objections, Defendant responds to this

14  Request, as interpreted, as follows:  Denied.

15  **REQUEST FOR ADMISSION NO. 6:**

16      For the period of time from January 1, 2019 forward, Universal directly added

17  all trailers for *Yesterday* that appeared on the product page for *Yesterday* on the

18  Amazon Prime Video website.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

20      Defendant incorporates its Preliminary Statement, General Objections, and

21  Objections to Definitions and Instructions as if all were fully set forth herein.

22  Defendant further objects to this Request as overbroad and vague insofar as it includes

23  the undefined term "directly added."  Defendant construes "directly added" to mean

24  that Universal itself uploaded all trailers for *Yesterday* that appeared on the Amazon

25  Prime Video product page for *Yesterday* to the Amazon Prime Video website.

26      Subject to and without waiving any objections, Defendant responds to this

27  Request, as interpreted, as follows:  Denied.

28

**REQUEST FOR ADMISSION NO. 7:**

For the period of time from January 1, 2019 forward, Universal directly controlled the trailers for *Yesterday* that appeared on the product page for *Yesterday* on the Amazon Prime Video website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Request as irrelevant, overbroad, and vague insofar as it includes the undefined term "directly controlled."  Defendant construes the term "directly controlled" to mean Universal itself maintained control over all trailers for *Yesterday* that appeared on the Amazon Prime Video product page for *Yesterday* to the Amazon Prime Video website.

Subject to and without waiving any objections, Defendant responds to this Request, as interpreted, as follows:  Denied.

**REQUEST FOR ADMISSION NO. 8:**

Universal added the original trailer for *Yesterday* to the product page for *Yesterday* on the Amazon Prime Video website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Request as irrelevant, overbroad, and vague insofar as it includes the undefined term "added."  Defendant construes the term "added" to mean that Universal itself uploaded the original trailer for *Yesterday* to the product page for *Yesterday* on the Amazon Prime Video website.

Subject to and without waiving any objections, Defendant responds to this Request, as interpreted, as follows:  Denied.

**REQUEST FOR ADMISSION NO. 9:**

The original trailer on the product page for *Yesterday* on the Amazon Prime Video website contained a segment that included the actor Ana de Armas.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Request as irrelevant, overbroad, and vague insofar as it includes the undefined term "included the actor Ana de Armas." Defendant construes the term "included the actor Ana de Armas" to mean that the trailer included at least one image (regardless of duration) of the actor Ana de Armas. Defendant further objects to this Request as irrelevant, overbroad, and vague as to the relevant time period.

Subject to and without waiving any objections, Defendant responds to this Request, as interpreted, as follows:  Defendant admits that at some point in time, a trailer on the product page for *Yesterday* on the Amazon Prime Video website included less than 15 seconds of images of the actor Ana de Armas in which de Armas had no lines of dialogue.  Except as specifically admitted herein, Defendant denies the Request.

**REQUEST FOR ADMISSION NO. 10:**

The original trailer is not currently on the product page for *Yesterday* on the Amazon Prime Video website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Request as irrelevant, overbroad, and vague insofar as it includes the undefined term "currently."   Defendant construes the term "currently" to mean as of the date of service of these responses, September 5, 2023.

Subject to and without waiving any objections, Defendant responds to this Request, as interpreted, as follows:  Defendant admits that the original trailer is not on the product page for *Yesterday* on the Amazon Prime Video website as of the date of service of these responses, September 5, 2023.

**REQUEST FOR ADMISSION NO. 11:**

Universal removed the original trailer from the product page for *Yesterday* on the Amazon Prime Video website after January 21, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Request as irrelevant, overbroad, and vague insofar as it includes the undefined term "removed."  Defendant construes the term "removed" to mean Universal itself removed what the Requests define as the "original trailer" from the product page for *Yesterday* on the Amazon Prime Video website. Defendant further objects to this Request on the ground that it assumes facts not in evidence, specifically, that the original trailer for *Yesterday* was removed from the product page for *Yesterday* on the Amazon Prime Video website after January 21, 2022.

Subject to and without waiving any objections, Defendant responds to this Request, as interpreted, as follows:  Denied.

**REQUEST FOR ADMISSION NO. 12:**

Universal caused the original trailer to be removed from the product page for *Yesterday* on the Amazon Prime Video website after January 21, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Request as irrelevant, overbroad, and vague insofar as it includes the undefined terms "caused" and "removed."  Defendant further

objects to this Request on the ground that it assumes facts not in evidence,
specifically, that the original trailer for *Yesterday* was removed from the product
page for *Yesterday* on the Amazon Prime Video website after January 21, 2022.

Subject to and without waiving any objections, Defendant responds to this
Request, as interpreted, as follows:  Denied.

**REQUEST FOR ADMISSION NO. 13:**

Universal removed the original trailer from the product page for *Yesterday* on
the Amazon Prime Video website after January 21, 2022 because of the filing of this
lawsuit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant incorporates its Preliminary Statement, General Objections, and
Objections to Definitions and Instructions as if all were fully set forth herein.
Defendant further objects to this Request on the ground that it assumes facts not in
evidence, specifically, that the original trailer for *Yesterday* was removed from the
product page for *Yesterday* on the Amazon Prime Video website after January 21,
2022.

Subject to and without waiving any objections, Defendant responds to this
Request, as interpreted, as follows:  Denied.

**REQUEST FOR ADMISSION NO. 14**

Universal caused the original trailer to be removed from the product page for
*Yesterday* on the Amazon Prime Video website after January 21, 2022 because of the
filing of this lawsuit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant incorporates its Preliminary Statement, General Objections, and
Objections to Definitions and Instructions as if all were fully set forth herein.
Defendant further objects to this Request on the ground that it assumes facts not in
evidence, specifically, that the original trailer for *Yesterday* was removed from the

1  product page for *Yesterday* on the Amazon Prime Video website after January 21,

2  2022, and that Universal caused the original trailer to be so removed.

3       Subject to and without waiving any objections, Defendant responds to this

4  Request, as interpreted, as follows:  Denied.

5  **REQUEST FOR ADMISSION NO. 15:**

6       Subsequent to January 21, 2022, Universal replaced the original trailer with a

7  substitute trailer on the product page for *Yesterday* on the Amazon Prime Video

8  website, which substitute trailer did not include the actor Ana de Armas.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

10      Defendant incorporates its Preliminary Statement, General Objections, and

11  Objections to Definitions and Instructions as if all were fully set forth herein.

12  Defendant further objects to this Request on the ground that it assumes facts not in

13  evidence, specifically, that the original trailer for *Yesterday* was removed from the

14  product page for *Yesterday* on the Amazon Prime Video website after January 21,

15  2022.

16      Subject to and without waiving any objections, Defendant responds to this

17  Request, as interpreted, as follows:  Denied.

18  **REQUEST FOR ADMISSION NO. 16:**

19      Subsequent to January 21, 2022, Universal replaced the original trailer with a

20  substitute trailer on the product page for *Yesterday* on the Amazon Prime Video

21  website because of the filing of this lawsuit.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

23      Defendant incorporates its Preliminary Statement, General Objections, and

24  Objections to Definitions and Instructions as if all were fully set forth herein.

25  Defendant further objects to this Request on the ground that it assumes facts not in

26  evidence, specifically, that the original trailer for *Yesterday* was removed from the

27  product page for *Yesterday* on the Amazon Prime Video website after January 21,

28  2022.

1    Subject to and without waiving any objections, Defendant responds to this

2    Request, as interpreted, as follows:  Denied.

3

4    DATED:  September 5, 2023            MUNGER, TOLLES & OLSON LLP

5

6

7                                        By:    /s/ Kelly M. Klaus
                                                KELLY M. KLAUS
8                                        Attorneys for Defendant
                                         UNIVERSAL CITY STUDIOS LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>PROOF OF SERVICE</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the City and County of San Francisco, State of California.  My business address is 560 Mission Street, 27th Floor, San Francisco, CA 94105.

On September 5, 2023, I served true copies of the foregoing document on the interested parties in this action as follows:

### ** SEE ATTACHED SERVICE LIST **

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from my e-mail address to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 5, 2023, at San Francisco, California.


*/s/ Grace Davis Fisher*
Grace Davis Fisher
*grace.davisfisher@mto.com*

DEF.'S RESPONSES AND OBJECTIONS TO PL.'S SECOND SET OF REQUESTS FOR ADMISSION

## <u>SERVICE LIST</u>

1

2

3   Cody R. Lejeune                         *Attorneys for Plaintiffs Conor Woulfe*
    LEJEUNE LAW, P.C.                       *and Peter Rosza*
4   445 S. Figueroa Street, Suite 3100
    Los Angeles, CA  90071
5   Email:  cody@lejeunelawfirm.com

6

7   Matthew A. Pequignot                    *Attorneys for Plaintiffs Conor Woulfe*
    PEQUIGNOT + MYERS                       *and Peter Rosza*
8   2585 Ala Namahana Pkwy, #1007
    Kilauea, HI  96754
9   Email:  mpequignot@mpiplaw.com

10

11  Adam Mohammadbhoy                       *Attorneys for Plaintiffs Conor Woulfe*
    Brian L. Trimyer                        *and Peter Rosza*
12  HARLLEE & BALD, P.A.
    202 Old Main Street
13  Bradenton, FL  34205
14  Email:  am@harlleebald.com
                blt@harlleebald.com
15

16  Spencer Sheehan                         *Attorneys for Plaintiffs Conor Woulfe*
    SHEEN AND ASSOCIATES P.C.               *and Peter Rosza*
17  60 Cuttermill Road, Suite 412
    Great Neck, NY 11021
18  Email: spencer@spencersheehan.com
19

20

21

22

23

24

25

26

27

28

# Exhibit G

| **Subject:** | Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition |
|---|---|
| **Date:** | Friday, February 9, 2024 at 9:53:51 AM Pacific Standard Time |
| **From:** | Cody LeJeune |
| **To:** | Herrera, Stephanie, spencer@spencersheehan.com |
| **CC:** | Klaus, Kelly, Kristovich, Bethany, Davis Fisher, Grace, Barokh, Benjamin |
| **Attachments:** | image001.png, image002.png |

Stephanie –

Let's talk at 10:30am Monday. We can use the following dial-in:
Dial-in number: 425-436-6399
Access code: 109509

Regarding your questions, Plaintiffs have provided detailed factual and legal support for their right to seek this limited discovery in the prior motion to compel briefing. See Dkt. Nos. 178, 183. Judge Rosenberg agreed that plaintiffs could seek this discovery and held that Plaintiffs could propound discovery "regarding the agreement between Universal and Deluxe Media as applicable to the removal or replacement of the trailer for Yesterday on Amazon Prime Video after January 21, 2022." Again, and as stated in my email yesterday, Plaintiffs have since learned, via third-party discovery, that another Universal entity directly controlled the version of the Yesterday trailer publicly visible on Amazon by supplying Deluxe Media with the trailer. Neither Plaintiffs nor Judge Rosenberg was aware of this fact at the time of her Order.

As a result, Plaintiffs are entitled to discovery from Defendant regarding the role that NBCU and NBCU TD played in the fact that the original trailer featuring Ana de Armas is no longer publicly visible on Amazon.

Best,

Cody R. LeJeune



985.713.4964
www.LeJeune.law

402 W. Broadway
Suite 400
San Diego, CA 92101

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071

This email constitutes an electronic communication protected by state and federal laws. This communication m
the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the emo
communication. Thank you.

---

**From:** Herrera, Stephanie <Stephanie.Herrera@mto.com>
**Date:** Thursday, February 8, 2024 at 5:16 PM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>, spencer@spencersheehan.com
<spencer@spencersheehan.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>, Kristovich, Bethany <Bethany.Kristovich@mto.com>, Davis
Fisher, Grace <Grace.DavisFisher@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** RE: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)
(6) Deposition

Cody,

It is not reasonable to demand a meet-and-confer on 24 hours' notice and the time you propose is not
convenient for us.  As I said in my last email, we are happy to meet and confer with you within the time
permitted under Local Rule 37-1.  We are available to speak with you Monday between 10:30 and 12 or 1:30
and 3:30.  Please let us know if there is a convenient time for you in those windows.

If you can please address before or during our meet-and-confer: (1) what claim asserted by Plaintiffs in this
lawsuit the discovery you are seeking is relevant to; (2) why you believe Plaintiffs have standing to seek this
discovery in light of the Court's holding that Plaintiffs lack standing to pursue injunctive relief; and (3) why
you believe the discovery you are seeking is not foreclosed by Judge Rosenberg's ruling that additional
discovery on "the issue of Universal's alleged removal or replacement of the trailer for *Yesterday* on Amazon
Prime Video" would be "unreasonably cumulative or duplicative."  Dkt. 185.  Answers to these questions we
have been asking would help move the ball forward.

Best,
Stephanie

**Stephanie Goldfarb Herrera | Munger, Tolles & Olson LLP**
Pronouns: **She/Hers**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4063 | stephanie.herrera@mto.com | www.mto.com

---

**From:** Cody LeJeune <cody@lejeunelawfirm.com>
**Sent:** Thursday, February 08, 2024 9:45 AM
**To:** Herrera, Stephanie <Stephanie.Herrera@mto.com>; spencer@spencersheehan.com
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Davis Fisher,
Grace <Grace.DavisFisher@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6)
Deposition

Stephanie –

Local Rule 37-1 requires the identity of each issue and/or request in dispute.  Plaintiffs have repeatedly
identified the issue in dispute: that defendant has improperly objected to plaintiffs' definition of "Defendant,"
"you," and "your" in plaintiffs' 30(b)(6) notice, 2nd set of RFAs (responses dated September 5), and Document
Requests 1-4 (Responses dated January 18, 2024) to include only defendant, which would exclude NBCUniversal

Television Distribution ("NBCU TD") and NBCUniversal Media ("NBCU").

Deluxe Media's recent production shows that it received the Yesterday trailer and instructions from NBCU TD to upload that trailer onto Amazon. This is new information that Plaintiffs have discovered since Judge Rosenberg's order. Since that entity was responsible for the instructions to Deluxe Media and providing the trailer to Deluxe Media (who did not change the content of the trailer), it is likely that NBCU TD directly controlled which Yesterday trailer was publicly available on Amazon.

All parties, including defendant, have conceded that the original trailer featuring Ana de Armas that was present on amazon prior to the lawsuit is not publicly visible on amazon currently. I explained this in my February 6 email.

As a result, Plaintiffs request that defendant remove the objection to plaintiffs' definition of "Defendant," "you," and "your," or include at least NBCU TD, NBCU and the entity(ies) that signed the agreement with Deluxe Media as part of that definition for plaintiffs' 30(b)(6) notice, 2nd set of RFAs (responses dated September 5), and Document Requests 1-4 (Responses dated January 18, 2024) and amend its responses and objections to the requests. All requests concern the Yesterday trailer on Amazon. In addition, we request that defendant produce documents responsive to RFPs 1-4 and produce a 30(b)(6) witness.

We have met and conferred via email and on the phone concerning this disputed issue, satisfying the local rules. I am available Friday at 10am to discuss on the phone once again if you have specific questions. Let me know.


Cody R. LeJeune




985.713.4964
www.LeJeune.law

402 W. Broadway
Suite 400
San Diego, CA 92101

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071

This email constitutes an electronic communication protected by state and federal laws. This communication m the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the emu communication. Thank you.

**From:** Herrera, Stephanie <Stephanie.Herrera@mto.com>
**Date:** Wednesday, February 7, 2024 at 1:45 PM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>, spencer@spencersheehan.com <spencer@spencersheehan.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>, Kristovich, Bethany <Bethany.Kristovich@mto.com>, Davis Fisher, Grace <Grace.DavisFisher@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** RE: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Cody,

Thanks for your response, but this does not answer our questions.  We again point you to Local Rule 37-1, which sets forth the local requirements for discovery meet-and-confers.  You have not satisfied those requirements, but as a courtesy and without waiving any rights, we will agree to meet and confer with you on the below issues within the timeline provided under Local Rule 37-1.  We will get back to you shortly with our availability in that timeframe.  If you can please answer our questions, or at a minimum provide the information required under Local Rule 37-1 in the meantime, that would help facilitate a more productive meet and confer.  Specifically, if you can please identify each request at issue and your concern about each, it will help us come prepared to address those specific concerns.

It is premature to request a discovery conference under Local Rule 37-1 and Judge Rosenberg's procedures.  If you request a conference in violation of the rules, we will inform the Court that you have not complied and that we have agreed to meet and confer within the allotted timeframe, we will request that a conference not be scheduled, and we will reserve our right to seek all appropriate relief against you and your clients.

Best,
Stephanie

**Stephanie Goldfarb Herrera | Munger, Tolles & Olson LLP**
Pronouns: **She/Hers**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4063 | stephanie.herrera@mto.com | www.mto.com

**From:** Cody LeJeune <cody@lejeunelawfirm.com>
**Sent:** Tuesday, February 06, 2024 11:03 AM
**To:** Herrera, Stephanie <Stephanie.Herrera@mto.com>; spencer@spencersheehan.com
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Stephanie –

Discovery from Deluxe Media has recently shown that  NBCUniversal International Television Distribution and/or NBCUniversal Media, LLC controlled the Yesterday trailer publicly visible on the Yesterday Amazon Prime page by sending the trailer to Deluxe Media, who then uploaded it to Amazon. So when Universal denies RFA No. 7 ("For the period of time from January 1, 2019 forward, Universal directly controlled the trailers for Yesterday that appeared on the product page for Yesterday on the Amazon Prime Video website."), either (a) defendant's investigation did not include sources within NBCUniversal International Television Distribution and/or NBCUniversal Media, LLC; or (b) defendant's response is not truthful. The same goes for the remainder of the RFAs, document requests and 30(b)(6) notice topics.

As a result, we again request that defendant remove the objection to plaintiffs' definition of "Defendant," "you," and "your," or include at least NBCUniversal Television Distribution, NBCUniversal Media and the entity(ies) that signed the agreement with Deluxe Media as part of that definition.

Further, the agreement between Universal and Deluxe Media, as well as documents and communications concerning the agreement, is relevant to the trailer's presence on Amazon, including its placement there (i.e., uploading) and the fact that the original trailer is no longer publicly visible.

Regarding the 30(b)(6), defendant has a duty to investigate information that is reasonably available to it. This would include representatives from both NBCUniversal Media and NBCUniversal International Television Distribution. As proposed, we are willing to limit the scope of the deposition to any activities taken by Universal entities that resulted in the original trailer with Ana de Armas being no longer visible to the public on the Yesterday Amazon website.

As you know, these requests are all relevant to plaintiffs' motion for catalyst fees, specifically the fact that the original Yesterday trailer featuring Ana de Armas is no longer visible to the public on Amazon's Yesterday page. Defendant admits the trailer was changed. Deluxe Media says it wasn't Deluxe Media. Amazon says it wasn't Amazon, and that Universal caused the change to the trailer. Further, Universal owns copyright in the trailer and sent the original trailer with a copyright authorization letter on NBCUniversal letterhead to Deluxe Media. As a result, neither Amazon nor Deluxe Media could add a new trailer without Universal's/NBCUniversal's permission.

Plaintiffs will contact Judge Rosenberg for a discovery conference if defendant does not agree by tomorrow to (1) produce the agreement and corresponding communications with Deluxe Media, (2) provide a date and produce a 30(b)(6) witness on the limited scope set forth above, and (3) remove the objection to the definition of "Defendant," "you," and "your," to plaintiffs' RFAs, document requests and 30(b)(6) notice.


Cody R. LeJeune



985.713.4964
www.LeJeune.law

402 W. Broadway
Suite 400
San Diego, CA 92101

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071

This email constitutes an electronic communication protected by state and federal laws. This communication m the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the ema

communication. Thank you.

---

**From:** Herrera, Stephanie <Stephanie.Herrera@mto.com>
**Date:** Thursday, February 1, 2024 at 9:07 PM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>, spencer@spencersheehan.com <spencer@spencersheehan.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>, Kristovich, Bethany <Bethany.Kristovich@mto.com>, Davis Fisher, Grace <Grace.DavisFisher@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** RE: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Cody,

Your email misrepresents our meet-and-confer call.  It is not accurate that we "would not specify the entities or the details regarding the investigation."  You never asked for that information on our call.  Had you done so, I would have declined to reveal "the details regarding the investigation," which is work product.  But I would have confirmed, and now confirm, that our good-faith reasonable investigation for information responsive to Plaintiffs' requests related to the *Yesterday* trailer on Amazon Prime Video included sources within NBCUniversal International Television Distribution and NBCUniversal Media, LLC.

Your request that we "amend" Defendant's objections to Plaintiffs' 30(b)(6) notice does not make sense.  You served a notice of deposition on Defendant Universal City Studios LLC, and we objected on behalf of that entity.  There is no reason, and we decline, to object on behalf of entities that were not noticed.

Regarding your other requests, you still have not responded to our questions (1) why any of the discovery requests at issue are relevant to Plaintiffs' remaining claims in this litigation or to relief Plaintiffs have standing to seek, or (2) why you believe further discovery on these irrelevant topics would yield or new different information in light of our and Deluxe's discovery responses.  Your responses will inform our position on your requests.

Best,

Stephanie Goldfarb Herrera **|** Munger, Tolles & Olson LLP
Pronouns: **She/Hers**
560 Mission Street **|** San Francisco, CA 94105
Tel:  415.512.4063 **|** stephanie.herrera@mto.com **|** www.mto.com

---

**From:** Cody LeJeune <cody@lejeunelawfirm.com>
**Sent:** Wednesday, January 31, 2024 6:47 PM
**To:** Herrera, Stephanie <Stephanie.Herrera@mto.com>; spencer@spencersheehan.com
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Stephanie –

As stated during the meet and confer call today, defendant conducted an investigation with other entities when providing discovery responses, but you would not specify the entities or the details regarding the investigation. Did defendant confirm its answers the discovery responses above with both NBCUniversal entities listed below?

Plaintiffs reiterate their request that defendant amend its responses to plaintiffs' 30(b)(6) notice, 2nd set of

RFAs (responses dated September 5), and Document Requests 1-4 (Responses dated January 18, 2024) to include at least NBCUniversal Television Distribution (the entity listed in D00001 of Deluxe Media's production) and NBCUniversal Media, LLC in plaintiffs' definition of "Defendant," "you," and "your." At least NBCUniversal Television Distribution, NBCUniversal Media and the entity(ies) that signed the agreement with Deluxe Media should be included.

In addition, we request the agreement with Deluxe Media and all communications concerning that agreement.

We request a response to both issues by Friday, February 2. If defendant will not comply with both requests above, please provide your availability for a meet and confer next week.

Best,

Cody R. LeJeune



985.713.4964
www.LeJeune.law

402 W. Broadway
Suite 400
San Diego, CA 92101

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071

This email constitutes an electronic communication protected by state and federal laws. This communication m the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the em communication. Thank you.

**From:** Cody LeJeune <cody@lejeunelawfirm.com>
**Date:** Tuesday, January 30, 2024 at 9:51 PM
**To:** Herrera, Stephanie <Stephanie.Herrera@mto.com>, spencer@spencersheehan.com <spencer@spencersheehan.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>, Kristovich, Bethany <Bethany.Kristovich@mto.com>, Davis Fisher, Grace <Grace.DavisFisher@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Stephanie –

As my previous email stated, Defendant's discovery responses improperly limited "Defendant," "you," and "your" to only Defendant Universal City Studios LLC dba Universal Pictures.

Specifically, Deluxe Media's production shows that NBCUniversal Television Distribution was responsible for providing at least one Yesterday trailer to Deluxe Media, who then uploaded the trailer to Amazon.

As a result, plaintiffs request that defendant amend its responses to plaintiffs' 30(b)(6) notice, 2nd set of RFAs (responses dated September 5), and Document Requests 1-4 (Responses dated January 18, 2024) to include at least NBCUniversal Television Distribution (the entity listed in D00001 of Deluxe Media's production) and NBCUniversal Media, LLC in plaintiffs' definition of "Defendant," "you," and "your."

Best,

Cody R. LeJeune



985.713.4964
www.LeJeune.law

402 W. Broadway
Suite 400
San Diego, CA 92101

445 S. Figueroa St.

Suite 3100

Los Angeles, CA 90071


This email constitutes an electronic communication protected by state and federal laws. This communication m
the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the em
communication. Thank you.

---

**From:** Herrera, Stephanie <Stephanie.Herrera@mto.com>
**Date:** Tuesday, January 30, 2024 at 5:50 PM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>, spencer@spencersheehan.com
<spencer@spencersheehan.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>, Kristovich, Bethany <Bethany.Kristovich@mto.com>, Davis
Fisher, Grace <Grace.DavisFisher@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** RE: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)
(6) Deposition

Cody,

Your 1/10 email did not ask us to meet and confer.  We responded to your 1/23 email within less time than
L.R. 37-1 provides, even though you still have not satisfied the rule's requirements.  We will join a call at
10:30 a.m. tomorrow as a courtesy, but to be clear, you have not satisfied the meet-and-confer requirements
and we will assert your continued lack of compliance with the federal and local discovery rules in any court
proceedings you attempt to initiate.

Your proposed "limit" on a 30(b)(6) deposition is not responsive to, and does not resolve, our objections.
Defendant has repeatedly denied any involvement, directly or indirectly, with the removal and/or
replacement of the original *Yesterday* trailer on Amazon Prime Video.  Judge Rosenberg has already denied
further discovery on this topic ("the issue of Universal's alleged removal or replacement of the trailer for
*Yesterday* on Amazon Prime Video") as "unreasonably cumulative and duplicative."  Dkt. 185 at 2.  As Judge
Rosenberg explained:  "Universal's position is abundantly clear, and asking the same or substantially identical
questions would not likely produce different answers."  *Id.*  We stand on our already sustained objections.  If
you again raise this issue with the Court, after the Court has already this exact discovery, we will seek
sanctions.

We objected to the definitions of "DEFENDANT," "YOU," or "YOUR" in Plaintiff Woulfe's discovery requests
because they are facially overbroad, unduly burdensome, and vastly disproportionate.  You appear to be
extrapolating from that objection a "refus[al] to produce discovery from NBCUniversal," but that is not our
position.  We don't even know what entity, specifically, you are referring to.  Again, our position regarding the

removal and/or replacement of the trailer is abundantly clear and you have now received information from *two* third parties that is consistent with our discovery responses.  We know you believe there is some "there" here, but as you have now heard from parties and non-parties alike, there is not.

Best,
Stephanie

**Stephanie Goldfarb Herrera** | **Munger, Tolles & Olson LLP**
Pronouns: **She/Hers**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4063 | stephanie.herrera@mto.com | www.mto.com

---

**From:** Cody LeJeune <cody@lejeunelawfirm.com>
**Sent:** Tuesday, January 30, 2024 1:12 PM
**To:** Herrera, Stephanie <Stephanie.Herrera@mto.com>; spencer@spencersheehan.com
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Stephanie –

In an attempt to resolve the dispute, I sent multiple emails over the past two weeks requesting to meet and confer that Universal has ignored until now. Nonetheless, I am available to discuss Wednesday at 10:30am (Dial-in number: 425-436-6399
Access code: 109509).

Regarding a deposition, as my January 10 email stated, we are willing to limit the scope of the deposition to ascertain the identity of the person or entity responsible for the trailer change on Amazon.com, which would include exploration of whether Universal or NBCUniversal (or any affiliated companies or agents) were responsible for directing (or otherwise effecting) that change. In other words, did Universal/NBCUniversal or their agents or affiliate company (or companies) make the decision to change the trailer?

Further, in the responses and objections to plaintiffs' 30(b)(6) notice, 2nd set of RFAs (responses dated September 5), and Document Requests 1-4 (Responses dated January 18, 2024), under Universal's Objections to Definitions and Instructions, its Objection No. 1 states that it is answering only on behalf of Universal City Studios LLC dba Universal Pictures. Plaintiffs request that Universal respond to the 30(b)(6) notice, document requests and RFAs on behalf of any affiliated companies or agents, including NBCUniversal. More specifically, Plaintiffs request that its definition of "you" or "Universal" or "defendant" include any affiliated companies or agents, including NBCUniversal. Yet your email states that Universal did not respond based on a corporate distinction. Can you clarify?

Best,


Cody R. LeJeune

985.713.4964

www.LeJeune.law

402 W. Broadway
Suite 400
San Diego, CA 92101

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071

This email constitutes an electronic communication protected by state and federal laws. This communication m
the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the emo
communication. Thank you.

---

**From:** Herrera, Stephanie <Stephanie.Herrera@mto.com>
**Date:** Tuesday, January 30, 2024 at 8:47 AM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>, spencer@spencersheehan.com
<spencer@spencersheehan.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>, Kristovich, Bethany <Bethany.Kristovich@mto.com>, Davis
Fisher, Grace <Grace.DavisFisher@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** RE: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)
(6) Deposition

Cody,

Following up on the below, we do not see any inconsistencies between Deluxe Media's production and Defendant's discovery responses.  Can you please identify the specific response(s) you are raising and explain what the issue or question is about each?  This will facilitate a more productive meet and confer and is mandatory before requesting a meet and confer under Local Rule 37-1 (among other requirements).

The rest of your email reflects a misunderstanding:  The substance of Defendant's responses relating to the removal and/or replacement of the *Yesterday* trailer on Amazon Prime Video were not dependent on the corporate distinction you are hypothesizing and nothing in Deluxe Media's document production suggests otherwise.  To the contrary, Deluxe Media's response confirms that it uploaded the original trailer to Amazon Prime Video in 2019 (which is also consistent with the information you have received from Amazon itself) and "took no actions whatsoever" thereafter.  Indeed, Deluxe Media expressly told you it "was never asked to edit or change the actual content of the trailer," and "never received any instructions, from Universal or any other party, to edit, remove, or replace the trailer."

We hope this clears up any confusion and concludes your inquiries relating to Deluxe Media and the Amazon Prime Video

trailer.  Again, we're happy to confer, but the assumption articulated in your email is not correct.  We don't otherwise understand what the issue is, so would ask you first to clarify what requests are on the table and what the specific issues are, as the rules require.

Best,
Stephanie

**Stephanie Goldfarb Herrera | Munger, Tolles & Olson LLP**
Pronouns: **She/Hers**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4063 | stephanie.herrera@mto.com | www.mto.com

---

**From:** Herrera, Stephanie
**Sent:** Monday, January 29, 2024 9:10 PM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>; spencer@spencersheehan.com
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Davis Fisher, Grace <Grace.DavisFisher@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** RE: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Cody,

It is premature to request a discovery conference.  Judge Rosenberg's rules require you to make a good faith effort to <u>resolve</u> a dispute before requesting a conference.  You have not even met and conferred with us yet – a requirement under both the Federal and Local Rules.  You have not satisfied the requirements to request a meet and confer under Local Rule 37-1; but even if you had, we would have had 10 days to respond.  You are rushing to gin up another (non-)dispute in violation of the rules.

We will respond to your email tomorrow; we think it is premature to meet and confer before you have considered our response and when there are no pending deadlines.  If you think otherwise, we are available 3-4:30 pm tomorrow or 10:30 am or 12:30 pm on Wednesday.  Note that we expect a substantive meet and confer in which you identify each discovery response at issue, your position, and any supporting authority, as the Local Rules require, <u>before</u> asking the Court to expend resources on this matter.

Best,
Stephanie

**Stephanie Goldfarb Herrera | Munger, Tolles & Olson LLP**
Pronouns: **She/Hers**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4063 | stephanie.herrera@mto.com | www.mto.com

---

**From:** Cody LeJeune <cody@lejeunelawfirm.com>
**Sent:** Monday, January 29, 2024 7:47 PM
**To:** Davis Fisher, Grace <Grace.DavisFisher@mto.com>; spencer@spencersheehan.com
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>; Kristovich, Bethany <Bethany.Kristovich@mto.com>; Herrera, Stephanie <Stephanie.Herrera@mto.com>; Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Counsel –

I will contact Judge Rosenberg's clerk tomorrow via email to request a discovery conference to address the dispute regarding NBCUniversal.

Best,

Cody R. LeJeune

<u>&lt;image001.png&gt;</u>

985.713.4964
<u>www.LeJeune.law</u>

402 W. Broadway
Suite 400
San Diego, CA 92101

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071

This email constitutes an electronic communication protected by state and federal laws. This communication m
the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the emo
communication. Thank you.

---

**From:** Cody LeJeune <<u>cody@lejeunelawfirm.com</u>>
**Date:** Tuesday, January 23, 2024 at 9:48 PM
**To:** Davis Fisher, Grace <<u>Grace.DavisFisher@mto.com</u>>, <u>spencer@spencersheehan.com</u>
<<u>spencer@spencersheehan.com</u>>
**Cc:** Klaus, Kelly <<u>Kelly.Klaus@mto.com</u>>, Kristovich, Bethany <<u>Bethany.Kristovich@mto.com</u>>, Herrera,
Stephanie <<u>Stephanie.Herrera@mto.com</u>>, Barokh, Benjamin <<u>Benjamin.Barokh@mto.com</u>>
**Subject:** Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)
(6) Deposition

Grace & Kelly –

I am following up on my email below regarding Universal's refusal to provide a Rule 30(b)(6) deponent, in
addition to writing to meet and confer regarding Universal's refusal to produce documents in response to
Plaintiffs' document requests regarding Deluxe Media.

Deluxe Media's recent document production in response to Plaintiffs' subpoena has revealed that NBCUniversal
was responsible for directing Deluxe Media to upload the Yesterday trailer(s) to Amazon. This fact is particularly
concerning considering Universal's denials to Plaintiffs' 2nd Set of RFAs. As a result, and based on Universal's
objections to Plaintiffs' RFAs, document requests and 30(b)(6) notice, it is clear that Universal has refused to
produce discovery from NBCUniversal.

While this fact is indeed concerning in a vacuum, that concern is magnified considering Universal's refusal to
make such distinction between itself and NBCUniversal when Universal claimed that its speech (i.e., it was the

speaker) was at issue in its anti-SLAPP motions.

To summarize, and based on Universal's actions in this case, the common control shared between Universal and NBCUniversal (TAC, para. 23), and Deluxe Media's recent document production, Plaintiffs request that Universal answer Plaintiffs' discovery requests on behalf of NBCUniversal – including Plaintiffs' 2nd Set of RFAs. More specifically, Plaintiffs request that its definition of "you" or "Universal" or "defendant" should include NBCUniversal, as that term is defined in Plaintiffs' recent document requests.

I am available to meet and confer regarding these issues Wednesday from 10am-12:30pm and 2pm-3:30pm, Thursday from 9-10:30am, and Friday from 9am-12pm. Please let me know your availability during those times.

Best,


Cody R. LeJeune

<image001.png>



985.713.4964
www.LeJeune.law

402 W. Broadway
Suite 400
San Diego, CA 92101

445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071


This email constitutes an electronic communication protected by state and federal laws. This communication m
the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the em
communication. Thank you.

---

**From:** Cody LeJeune <cody@lejeunelawfirm.com>
**Date:** Wednesday, January 10, 2024 at 11:26 AM
**To:** Davis Fisher, Grace <Grace.DavisFisher@mto.com>, spencer@spencersheehan.com <spencer@spencersheehan.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>, Kristovich, Bethany <Bethany.Kristovich@mto.com>, Herrera, Stephanie <Stephanie.Herrera@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Re: Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Grace and Kelly –

As Universal is quite aware, and as Magistrate Rosenberg recognized, plaintiffs are entitled to discovery to ascertain the responsible party for the removal/replacement of the trailer featuring ADA on the Amazon.com platform.

Currently the only 'fault' for the number of topics, or any perceived verbosity, lies with Universal. Specifically, the current form of the topics (and other requests) has been necessitated by Universal's intentionally evasive discovery answers which are obstructing the progress of this case. Universal's obstruction is exemplified (for example) by its counsels' allegations that it doesn't understand ordinary English language words, and by its impermissible self-help narrowing of plaintiffs' discovery requests (to have meanings not intended by plaintiffs) to serve Universal's apparent goal of avoiding providing the requested, relevant discovery.

To be clear, plaintiffs are willing to limit the scope of the deposition to ascertain the identity of the person or entity responsible for the trailer change on Amazon.com, which would include exploration of whether Universal (or its affiliated companies or agents) were responsible for directing (or otherwise effecting) that change. In other words, did Universal or its agents or affiliate company (or companies) make the decision to change the trailer?

Given the simplicity of these issues, we believe it would only irritate the Court to burden it with yet another discovery dispute. Accordingly, please let us know if this scope is agreeable, or if not, why. If you don't understand anything with respect to the proposed scope, now is the time to ask for additional explanation. In any event, plaintiffs currently intend to go forward with the noticed deposition. Universal has failed to obtain a protective order or to otherwise provide a lawful reason why it cannot attend.

Finally, as for any amounts in dispute, the suggestion in your objections that only $7.98 is at stake is incorrect. We believe that the amount that will be sought under a catalyst fee theory exceeds seven figures.

Best,


Cody R. LeJeune

985.713.4964
www.LeJeune.law

402 W. Broadway
Suite 400
San Diego, CA 92101


445 S. Figueroa St.
Suite 3100
Los Angeles, CA 90071


This email constitutes an electronic communication protected by state and federal laws. This communication m

the intended recipient. If you are not the intended recipient please notify the sender, do not disseminate the email communication. Thank you.

---

**From:** Davis Fisher, Grace <Grace.DavisFisher@mto.com>
**Date:** Monday, January 8, 2024 at 6:33 PM
**To:** Cody LeJeune <cody@lejeunelawfirm.com>, spencer@spencersheehan.com <spencer@spencersheehan.com>
**Cc:** Klaus, Kelly <Kelly.Klaus@mto.com>, Kristovich, Bethany <Bethany.Kristovich@mto.com>, Herrera, Stephanie <Stephanie.Herrera@mto.com>, Barokh, Benjamin <Benjamin.Barokh@mto.com>
**Subject:** Woulfe v. Universal - Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition

Counsel:

Attached please find Universal's Responses and Objections to Plaintiffs' Notice of Taking of Rule 30(b)(6) Deposition.

Best,

**Grace Davis Fisher (she/her) | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4083 | Grace.DavisFisher@mto.coml www.mto.com

*\*\*\*NOTICE\*\*\**
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it.  Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected.  Thank you.*

# Exhibit H

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.
STEVEN M. PERRY
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
KATHLEEN M. M'DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
STUART N. SENATOR
MARTIN D. BERN
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
BRETT J. RODDA P.C.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.
GINGER D. ANDERS P.C.
MARGARET G. MARASCHINO

JOHN M. GILDERSLEEVE
ADAM B. WEISS
KELLY L. C. KRIEBS
JEREMY A. LAWRENCE
ACHYUT J. PHADKE
ZACHARY M. BRIERS
JENNIFER M. BRODER
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS P.C.
JOHN L. SCHWAB
EMILY C. CURRAN-HUBERTY
MATTHEW S. SCHONHOLZ
L. ASHLEY AULL
WESLEY T. L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
TYLER HILTON
VINCENT LING
LAUREN BELL P.C.
VICTORIA A. DEGTYAREVA
JOHN B. MAJOR
RACHEL G. MILLER-ZIEGLER P.C.
FAYE PAUL TELLER
NIKOLE KITSA ZOUMBERAKIS
STEPHANIE G. HERRERA
JULIANA M. YEE
LAUREN C. BARNETT
NICK R. SIDNEY
SKYLAR B. GROVE
JALEH H. LOPEZ
COLIN A. DEVINE
DANE P. SHIKMAN
MAGGIE THOMPSON
ALLISON M. DAY
GIOVANNI S. SAARMAN GONZÁLEZ
SARA A. MCDERMOTT
J. MAX ROSEN
ANNE K. CONLEY
DAVID W. MORESHEAD
ROWLEY J. RICE
USHA CHILUKURI VANCE
ZARA BARI
LAUREN E. ROSS
BENJAMIN G. BAROKH
ABE DYK
MEGAN MCCREADIE

RAQUEL E. DOMINGUEZ
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
XIAONAN APRIL HU
NATALIE KAMEL
ERIMMA E. MAN
CARRIE C. LITTEN
JAMES R. SALZMANN
ROBIN GRAY SCHWEITZER
JOSEPH MOSES
MICHAEL I. SELVIN
NATHANIEL F. SUSSMAN
OLIVER BROWN
ANDRA LIM
REBECCA L. SCIARRINO
CORY H. BATZA
BRIAN R. BOESSENECKER
ROBERT E. BOWEN
RICHARD T. JOHNSON
GRACE DAVIS FISHER
LAUREN H. BECK
CALEB W. PEIFFER
GREGORY T. S. BISCHOPING
JAMIE LUGURI
STEVEN B. R. LELAND
JANELLE KRUMMEN
MICHAEL J. ORR
GABRIEL M. BRONSHTEYN
JING JIN
ALEX C. WERNER
ROSIO FLORES ARRIAGA
JESSICA O. LAIRD
ERICA C. TOOCH
SARAH E. WEINER
LEONARDO MANGAT
EVAN MANN
ANDREW T. NGUYEN
NATALIE G. MOYCE
RACHEL M. SCHIFF
MIRANDA E. RENAUT
TIANA S. BAHERI
STEPHANY REAVES
LAUREN E. KUHN
J. KAIN DAY
GARRETT SOLBERG
TED KANG
ADAM W. KWON
JOSEPH N. GLYNN
SIMON K. ZHEN
CARSON J. SCOTT
ELISSA WALTER
CHRISTOPHER B. CRUZ

JARED T. KOCH
MATTHEW W. LINSLEY
BRIANNE HOLLAND-STERGAR
NICHOLAS NEUTEUFEL
JIMMY BIBLARZ
ADEEL MOHAMMADI
TAYLOR L. BENNINGER
LORRAINE L. ABDULAHAD
CLARE KANE
SIDNEY MOSKOWITZ
HELEN ELIZABETH WHITE
KATHLEEN FOLEY
ALISON A. DOYLE
FELIPE DE JESÚS HERNÁNDEZ
PHILLIP H.C. WILKINSON
JACOB D. WEISS
HENRY D. SHREFFLER
MILES W. UNTERREINER
MARIAH MASTRODIMOS
LYNDSEY FRANKLIN
ANDREW DELAPLANE
ARIELLA PARK
LAURA P. PERRY
NATASHA GEILING
JOSEPH MANTEGANI
GRAHAM J. WYATT
WESLEY P. DEVOLL
LAUREN A. BILOW
ROMAN LEAL
KAYSIE GONZALEZ
AMANDA HARRIS
ASHLEY KIM
ALEXIS D. CAMPBELL
KYRA E. SCHOONOVER
WENDY Q. XIAO
DANIEL KANE
ADITI NARESH GHATLIA

OF COUNSEL
ROBERT K. JOHNSON
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
BRADLEY R. SCHNEIDER
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
ADAM R. LAWTON
MICHAEL E. GREANEY
SARAH J. COLE

SEE MTO.COM FOR
JURISDICTIONS OF ADMISSION

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

———

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

———

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

February 16, 2024

Writer's Direct Contact
(415) 512-4063
Stephanie.Herrera@mto.com

**VIA E-MAIL**

Cody R. LeJeune
LEJEUNE LAW, P.C.
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071
E-Mail: cody@lejeunelawfirm.com

Re:     *Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR (C.D. Cal.)

Dear Cody:

We write regarding your request that Defendant University City Studios LLC "amend" its responses to Plaintiff Conor Woulfe's Second Set of Requests for Admission (served August 3, 2023), and Second Set of Requests for Production of Documents (served December 19, 2023) to respond on behalf of "NBCUniversal International Television Distribution" and NBCUniversal Media, LLC, which are neither subsidiaries of Defendant nor parties to this litigation. We decline to do so for the following reasons, which we have repeatedly explained in emails and calls with you. We hope this letter resolves any outstanding confusion and ends this inquiry.

*Defendant has already inquired of affiliates for responsive information.* Plaintiffs' demand is improper for multiple procedural and jurisdictional reasons detailed below. But let me start with the fundamental practical defect: It is unnecessary to "amend" Defendant's responses, because as we have repeatedly told you, the existing responses were based on a search for information that includes the very non-parties you now insist must serve their own amended responses and objections. As I represented by email of February 1, and again during our meet-and-confer call of February 12, Defendant's good-faith, reasonable search for information responsive to Plaintiffs' requests related to the *Yesterday* trailer on Amazon's platform included

MUNGER, TOLLES & OLSON LLP

Cody R. LeJeune
February 16, 2024
Page 2

sources within both NBCUniversal Media, LLC and relevant distribution affiliates.[1]  You have
not explained why, in light of this representation, it is necessary or proportional to put Defendant
through the paces of "amending" multiple sets of discovery responses or why you think the
substantial burden and expense of that exercise would outweigh the non-existent benefit.  This is
another instance of Plaintiffs trying to drive up Defendant's costs unnecessarily in a case where
Plaintiffs' maximum damages are less than $8.

     *The requests at issue are not relevant to Plaintiffs' claims in this lawsuit.*  The requests
at issue all relate to the removal and/or replacement of the *Yesterday* trailer that Plaintiffs claim
to have watched on Amazon Prime Video.  We have repeatedly asked, and you have been unable
to answer, how these requests relate to Plaintiffs' remaining claims.  The central issue for those
claims is whether a reasonable consumer in Plaintiffs' position would have been misled by the
trailer Plaintiffs claim to have watched before paying to watch *Yesterday* on Amazon Prime
Video.  *See* ECF No. 83 at 10.  What happened to the trailer *after* Plaintiffs saw it has nothing to
do with that question or any other claim or defense in the case.

     You have said this discovery might support Plaintiffs' threatened motion for attorney's
fees under Cal. Code Civ. Proc. § 1021.5.  We have repeatedly explained that Rule 26(b) allows
a party to seek discovery regarding any nonprivileged matter that is *relevant to any party's claim
or defense,*" not to an unrelated motion for fees.  Fed. R. Civ. P. 26(b) (emphasis added).  You
have not cited any contrary authority.[2]

     *Plaintiffs have no claim for fees under section 1021.5.*  Even if Plaintiffs could seek
discovery for the sole purpose of trying to support a section 1021.5 motion, we have repeatedly
explained the reasons such a motion would be futile,[3] including that Plaintiffs did not obtain the
"primary relief sought" in this lawsuit, as they must seek fees under section 1021.5.  *Graham
v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 567 (2004).  We appear to be talking past each other
on this point, so we will again explain why:  Your theory is that this lawsuit caused Defendant to
remove the trailer at issue from Amazon's platform.  That theory is flatly contradicted by all

---

[1] "NBCUniversal International Television Distribution" is not an official legal entity.  Defendant
has inquired of individuals and sources of information that were involved with distributing the
movie *Yesterday* and marketing materials for the movie, including trailers, some of whom do
business under that or similar names.  As I have told you, Defendant did not limit the scope of its
inquiry for potentially responsive information based on formal legal entity distinctions.

[2] You cited *McIntosh v. McAfee, Inc.*, 2008 WL 4078408 (N.D. Cal. Aug. 29, 2008), in briefing
your (unsuccessful) motion to compel.  But the discovery sought in that case involved issues that
related to *both* the merits and section 1021.5 relief.  *Id.* at *2-3.  That decision does not hold that
a party may seek discovery that is *unrelated* to the merits for the sole purpose of supporting a
potential fees motion.  You have cited no such authority.

[3] Other deficiencies are described in our motion to compel opposition.  ECF No. 182 at 5-6.

MUNGER, TOLLES & OLSON LLP

Cody R. LeJeune
February 16, 2024
Page 3

record evidence and all written discovery responses in this litigation (from Defendant, Deluxe Media, and Amazon).  But even if your theory did have a factual basis, Plaintiffs still would not be entitled to section 1021.5 fees because removal of the trailer from Amazon is not the primary relief Plaintiffs seek in this lawsuit.

This is an issue of Article III standing that the Court has conclusively (and repeatedly) resolved against Plaintiffs.  Plaintiffs initially sought injunctive relief that would have included removal of the trailer at issue from Amazon Prime Video.  But the Court has held that Plaintiffs lack Article III standing to seek injunctive relief of any kind.  *See* ECF No. 83 at 26-28; ECF No. 147 at 8-9.  Plaintiffs cannot seek attorney's fees for supposedly obtaining relief they never had standing to seek in the first place.  During our February 12 meet and confer, you asserted that Plaintiffs can pursue catalyst fees for causing the removal of the trailer even though Plaintiffs never had standing to seek its removal.  That is wrong.  *Henderson v. J.M. Smucker Co.*, 2013 WL 3146774, at *3 (C.D. Cal. June 19, 2013) ("plaintiffs who never had standing to bring an action in the first place cannot recover attorneys' fees" under § 1021.5); *cf. Californians for Population Stabilization v. Hewlett-Packard Co.*, 58 Cal. App. 4th 273, 296 (1997) ("It is illogical to claim that a party is entitled to attorney's fees pursuant to a statutory scheme wherein it has no standing to bring an action.").

***Non-parties have no obligation to answer discovery requests to Defendant.***  You have asked Defendant to "amend" its responses, but what you are actually asking is for other entities that are not Defendant's subsidiaries and are not parties to this litigation to respond to discovery requests Plaintiffs served only on Defendant.  We are not aware of any authority imposing such obligations on non-parties.  When we asked you to provide such authority during our February 12 meet-and-confer call, you cited none; you still have not provided us with any such authority.

In short, Defendant will not "amend" its responses to answer on behalf of separate, non-party entities whose (irrelevant) information is already reflected in the existing responses.  We have repeatedly explained why your request is legally and factually baseless.  We reserve all rights to seek appropriate relief, including attorney's fees, if you continue pressing this matter.

Sincerely,

*Stephanie G. Herrera*

Stephanie G. Herrera

cc:     Spencer Sheehan